**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
_____(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Express, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **26-2828128** |

4. **Debtor's address**

**Principal place of business**

**One Express Drive**
Number          Street

**Columbus     Ohio     43230**
City                State    Zip Code

**Franklin County**
County

Mailing address, if different from principal place of business

Number          Street

P.O. Box

City                State    Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                State    Zip Code

5. **Debtor's website** (URL)       **https://www.express.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Express, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4481 (Clothing Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | | | | MM/DD/YYYY | | |
| | District | | When | | Case number | |
| | | | | MM/DD/YYYY | | |

| Debtor | **Express, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **4/22/2024** |
| | Case number, if known | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | | |
|---|---|---|
| | Number | Street |
| | | |
| | City | State      Zip Code |

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | **Express, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **4/22/2024**
                MM/ DD / YYYY

✗  **/s/ Stewart Glendinning**          **Stewart Glendinning**
   Signature of authorized representative of debtor    Printed name

   Title   **Chief Executive Officer**

**18. Signature of attorney**

✗  **/s/ Domenic E. Pacitti**          Date   **4/22/2024**
   Signature of attorney for debtor                MM/DD/YYYY

**Domenic E. Pacitti**
Printed name

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Firm name

**919 North Market Street, Suite 1000**
Number                Street

**Wilmington**                    **DE**        **19801**
City

**(302) 426-1189**              **dpacitti@klehr.com**
Contact phone                  Email address

**3989**                    **Delaware**
Bar number                  State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Express, Inc.

Express, Inc.

Express BNBS Fashion, LLC

Express Fashion Digital Services Costa Rica, S.R.L.

Express Fashion Investments, LLC

Express Fashion Logistics, LLC

Express Fashion Operations, LLC

Express Finance Corp.

Express GC, LLC

Express Holding, LLC

Express Topco LLC

Express, LLC

UW, LLC

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., | ) | Case No. 24-_____(_____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **001-34742**

2.   The following financial data is the latest available information and refers to the debtor's condition on **March 2, 2024**

(a)   Total assets                                                      $   **1,298,055,000**

(b)   Total debts (including debts listed in 2.c., below)   $   **1,199,781,226**

(c)   Debt securities held by more than 500 holders          **N/A**

Approximate number of holders:

| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

(d)   Number of shares of preferred stock                         **N/A**

(e)   Number of shares of common stock                           **3,746,725**

Comments, if any:     **The number of outstanding shares of common stock is current as of March 2, 2024. The list of names who owns, controls, or hold more than 5% of voting securities is current as of September 30, 2023 except for Royce Investment Partners who filed a 13G on 1/23/24.**

3.   Brief description of debtor's business:     **Express, Inc., together with its subsidiaries ("Express") is a multi-brand fashion retailer. Express operates an omnichannel platform, including both physical and online stores.**

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**EXWHP, LLC; Royce Investment Partners; Gerard Guez.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., | ) Case No. 24-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder[2] | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case. By the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File A Consolidated List of Creditors in Lieu of Submitting A Separate Mailing Matrix for Each Debtor, (B) File A Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) Serve Certain Parties in Interest by Email, and (D) Redact Certain Personally Identifiable Information of Natural Persons; (II) Approving the Form and Manner of Service of the Notice of Commencement; (III) Waiving the Requirement to File A List Of Equity Security Holders; and (IV) Granting Related Relief* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

[2] Outstanding warrants are not reflected in ownership.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., | ) ) | Case No. 24-_____(___) |
| Debtor. | ) ) ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

| Corporation Owning 10% or More of Any Class of Equity | Address of Corporation | Percentage of Equity Held |
|---|---|---|
| N/A | N/A | N/A |

**Fill in this information to identify the case:**

Debtor name: **Express Inc., et al.**

United States Bankruptcy Court for the **District of Delaware**
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LI&FUNG(TRADING) LIMITED 5TH FLOOR, LIFUNG TOWER, 888 CHEUNG SHA WAN ROAD, KOWLOON | Rohan Sood RohanSood@lfsourcing.com 852-2300-5000<br><br>Winnie Chan WinnieChanPY@LFSourcing.com | Trade Payable | | | | $36,572,074 |
| 2 | NEWTIMES DEVELOPMENT LIMITED AYAZAGA MAH. MIMAR SINAN SOK., NO:21 B/34 SARIYER, ISTANBUL | Sue Lee Suelee@newtimesgroup.com 852-2711-1111<br><br>Eunice Kim EuniceKim@newtimesgroup.com | Trade Payable | | | | $9,182,274 |
| 3 | MANCHU TIMES FASHION LTD PARK-IN COMMERCIAL BLDG, RM 1316, 56 DUNDAS STREET, KOWLOON | Michael Li MichaelLi@manchutimesfashion.com<br><br>Olivia Luk, Director, Cross Functional Teams OliviaLuk@manchutimesfashion.com 852-23888373 | Trade Payable | | | | $8,902,887 |
| 4 | Chacon 1875 Century Park East, Suite 1000 Los Angeles, CA 90067<br><br>2 Venture Parkway, Ste. 240 Irvine, CA 92618<br><br>8889 West Olympic Blvd., #200 Beverly Hills, CA 90211<br><br>18250 Ventura Blvd. Tarzana, CA 91356 | Raul Perez 310-556-4881 Raul.perez@capstonelawyers.com<br><br>Armond M. Jackson 949-281-6857 ajackson@jacksonapc.com<br><br>Joseph Lavi 310-362-2016<br><br>Sahag Majarian 944-978-2683 | Legal Services | | | | $7,750,000 |

---

[1]    On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | PACIFIC BUYING AND MARKETING SERVICE LTD 22/F, TAI, YAU BLDG, 181 JOHNSON RD, WAI CHAI | Carol Hong, Managing Director carolhong@pbms.biz 82-2-748-9203 | Trade Payable | | | | $7,218,028 |
| 6 | RADIAL INC PO BOX 204113, DALLAS, TX 75320-4114 | Kat Gibson, VP Client Account Management gibsonk@radial.com 423.432.7464<br><br>Emily Jones, Assistant General Counsel ejones@radial.com (610) 491 – 7124 | Trade Payable | | | | $7,114,394 |
| 7 | LEVER STYLE LTD. WING TAI CENTRE ROOM 76 FLAT A 7TH FLOOR 12 HING YIP STREET KWUN TONG, KOWLOON HONG KONG | Eddie Chan, CEO eddie.chan@leverstyle.com 852-9034-7713<br><br>William Tan, COO william.tan@leverstyle.com<br><br>Derek Lee, CFO derek.lee@leverstyle.com<br><br>Winnie Man winnie.man@leverstyle.com | Trade Payable | | | | $5,945,516 |
| 8 | COMMISSION JUNCTION LLC #774140, 4140 SOLUTIONS CENTER, CHICAGO, IL 60677-4001 | Camelia Gehrke, VP Corporate Development camelia.gehrke@cj.com 415-471-3867 | Trade Payable | | | | $4,731,288 |
| 9 | Alvarez & Marsal 600 MADISON AVE; 8th FLOOR NEW YORK, NY 10022 | Patricia Hong, Managing Director phong@alvarezandmarsal.com<br><br>Sanjay Srikanth, Managing Director Sanjay.Srikanth@alvarezandmarsal.com | Professional Services | | | | $3,500,000 |
| 10 | MOTIVES 499TH AVENUE 19TH FLOOR, NEW YORK, NY 10018 | Corey Baggett, CEO corey@motivesny.com 212-265-2885 | Trade Payable | | | | $3,177,573 |
| 11 | TOTE FASHION SOURCING LIMITED 5F-7, NO. 1, FU HSING NORTH ROAD, TAIPEI TAIWAN, ROC105 | Keven Lin, Merchandise Director keven@totefashion.com.tw 886-2-27775974 | Trade Payable | | | | $2,929,814 |
| 12 | RR DONNELLEY 7810 SOLUTION CENTER, CHICAGO, IL 60677-7008 | Todd Fallon, Strategic Sales Executive Todd.fallon@rrd.com 614-985-2124 | Trade Payable | | | | $2,417,521 |
| 13 | URBAN CROWN LIMITED 1101 WEST TOWER,EXCHANGE, RD, ORTIGAS CTR, PASIG CITY, 1605 | Kevin Moylan, President kevin@crownsmart.com 632-687-0741 | Trade Payable | | | | $1,900,628 |
| 14 | 1552 BROADWAY RETAIL OWNER LLC PO BOX 417368, BOSTON, MA 02241-7368 | Brett Herschenfeld 212-216-1670 brett.herschenfeld@slgreen.com | Landlord Claim | | | | $1,779,867 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | FORTUNE FOOTWEAR INC 174 HUDSON STREET, 3RD FLOOR, NEW YORK, NY 10013 | Thomas Paccione, CFO tpaccione@fortunefootwear.com 212-431-6480 | Trade Payable | | | | $1,705,548 |
| 16 | BERNARDO MANUFACTURING 54 TAYLOR DR, EAST PROVIDENCE, RI 02916 | Gregg Castelluci, Customer Service Manager 401-272-2885 | Trade Payable | | | | $1,664,304 |
| 17 | CFL DISTRIBUTION INC HORE DE MACAU LIMITADA, AVENIDA DA PRAIA GRANDE, 665, EDIF GREAT WILL | Lynda Wong, CMO Lynda_wong@cflhk.com 853-2897 3743 | Trade Payable | | | | $1,551,243 |
| 18 | BRIERLEY & PARTNERS, INC. PO BOX 847439, DALLAS, TX 75284 | Elizabeth Keller, elisabeth.keller@capillarytech.com 214-743-5415<br><br>Sridhar Bollam, Chief Customer Officer sridhar.bollam@capillarytech.com | Trade Payable | | | | $1,508,810 |
| 19 | PANDERA SYSTEMS, LLC 189 S ORANGE AVE STE 1250, ORLANDO, FL 32801 | Steve Jones, Managing Partner, Account Executive steve.jones@66degrees.com 240-660-8425 | Professional Services | | | | $1,347,164 |
| 20 | SILVER CREST CLOTHING PVT LTD - UNIT III PLOT NO. 4E1 & E2, KIADB INDUSTRIAL AREA, ATTIBELE, KA 562107 | Gautam Golchha gautam@silvercrest.in +91 9886745888 | Trade Payable | | | | $1,279,792 |
| 21 | MONUMENT CONSULTING LLC 1800 SUMMIT AVE, RICHMOND, VA 23230 | Allison Hutchcroft, Lead Account Manager Allison.Hutchcroft@MonumentConsulting.com 804-405-2943 | Professional Services | | | | $1,274,569 |
| 22 | CRESCENT BAHUMAN LIMITED 45-A OFF ZAFAR ALI RD, GOLBERG V, LAHORE, 54660 | Abdul Mateen Khan, Brand Manager amateen@crescentbahuman.com 92 345 767 6994 | Trade Payable | | | | $1,242,980 |
| 23 | MACERICH CERRITOS LLC PO BOX 849445, LOS ANGELES, CA 90084-9445 | Doug Healey 585-249-4401 Doug.Healey@macerich.com | Landlord Claim | | | | $1,087,129 |
| 24 | GGP COLUMBIA MALL ROUSE FASHION PLACE, SDS-12-2780  PO BOX 86, MINNEAPOLIS, MN 55486-2780 | Troy Benson 312-960-5796 Troy.Benson@bpretail.com | Landlord Claim | | | | $1,085,579 |
| 25 | SALESFORCE  INC PO BOX 203141 DALLAS, TX 75320-3141 | Michael Lipton, Tech Support mlipton@salesforce.com 612-283-3976 | Trade Payable | | | | $1,060,018 |
| 26 | ADOBE SYSTEMS, INC. 75 REMITTANCE DR, #1025, CHICAGO, IL 60675-1025 | Scott Burns 630-262-6202 sburns@adobe.com | Trade Payable | | | | $1,026,831 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | QUEENS CENTER SPE, LLC PO BOX 849433, LOS ANGELES, CA 90084-9433 | Doug Healey 585-249-4401 Doug.Healey@macerich.com | Landlord Claim | | | | $997,837 |
| 28 | BLUECORE INC 124 RIVINGTON ST, NEW YORK, NY 10002 | Liz Madsen liz.madsen@bluecore.com 512-554-6565 | Trade Payable | | | | $921,113 |
| 29 | SIMON CAPITAL GP 867925 RELIABLE PKWY, CHICAGO, IL 60686-0079 | Jon Murphy jonmurphy@simon.com 347-260-0628 | Landlord Claim | | | | $914,038 |
| 30 | TANGER PROPERTIES LIMITED PARTNERSHIP PO BOX 414225, BOSTON, MA 02241-4225 | Justin Stein 862-352-0444 js@tanger.com | Landlord Claim | | | | $879,345 |

Fill in this information to identify the case and this filing:

Debtor Name          Express, Inc.

United States Bankruptcy Court for the:          **District of Delaware**
                                                                                        (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 4/22/2024 | ☒ /s/ *Stewart Glendinning* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Stewart Glendinning** |
| | | Printed name |
| | | **Chief Executive Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNANIMOUS WRITTEN CONSENT IN LIEU
OF A SPECIAL MEETING OF THE BOARD OR
SOLE MEMBER OF EXPRESS, INC., EXPRESS FINANCE
CORP., EXPRESS, LLC, EXPRESS HOLDING, LLC, EXPRESS
TOPCO LLC, EXPRESS GC, LLC, EXPRESS FASHION LOGISTICS,
LLC, EXPRESS FASHION OPERATIONS, LLC, EXPRESS FASHION
INVESTMENTS, LLC, UW, LLC, EXPRESS BNBS FASHION, LLC,
AND EXPRESS FASHION DIGITAL SERVICES COSTA RICA, S.R.L.**

April 21, 2024

The undersigned, being all of the members of the respective board of directors, board of managers, or sole member, as applicable (collectively, the "Board"), of Express, Inc., Express Finance Corp., Express, LLC, Express Holding, LLC, Express Topco LLC, Express GC, LLC, Express Fashion Logistics, LLC, Express Fashion Operations, LLC, Express Fashion Investments, LLC, UW, LLC, Express BNBS Fashion, LLC, and Express Fashion Digital Services Costa Rica, S.R.L. (each a "Company" and, collectively, the "Companies"), in lieu of holding a special meeting of the Board, hereby take the following actions and adopt the following resolutions, by unanimous written consent, pursuant to each of the Companies' by-laws, articles of incorporation, operating agreement, limited liability company or equivalent governing document, as applicable (the "Governing Document"), and the applicable laws of the jurisdiction in which such Company is organized.

**WHEREAS**, the Board, having reviewed and considered (i) the filing of a voluntary petition for relief for each Company under the provisions of chapter 11 and title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") pursuant to applicable law and in accordance with the requirements of each Company's Governing Documents and applicable law (the "Restructuring Matters"); and (ii) to the extent applicable, authorizing entry into and performance under the DIP Facility Documents as defined herein,

**WHEREAS**, the Board, having reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company,

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the applicable Governing Documents of each Company, the undersigned to hereby adopt the following resolutions:

## I.   Chapter 11 Filing

**RESOLVED**, in the business judgment of the Board, it is desirable and in the best interest of each Company, the stakeholders, the creditors, and other parties in interest, that each Company files or causes to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and

**RESOLVED FURTHER**, any director, manager, or other duly appointed officer of each Company (collectively, the "Authorized Persons") shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons and/or officers delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company or any of its subsidiaries' businesses.

## II.   Withdrawal of Registration of Express, Inc.

**RESOLVED FURTHER**, that the Chief Executive Officer and the Chief Legal Officer and Corporate Secretary (collectively, the "Authorized Officers") be, and each hereby is, authorized, on behalf of and in the name of Express, Inc. ("Express"), to take all actions and do all things necessary, proper or advisable to cause the deregistration of Express's common stock, including without limitation, filing any post-effective amendments to registration statements (including any registration statements on Form S-8) and Form 15 with the Securities and Exchange Commission ("SEC") to deregister any unsold securities and to suspend the Company's reporting obligations pursuant to SEC Rule 15d-6; and

**RESOLVED FURTHER**, that each of the Authorized Officers of Express be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, Express to take all such further actions, including, without limitation, to execute and deliver all such further agreements, instruments, documents or certificates, in the name and on behalf of Express, and to pay all such fees and expenses incurred by or on behalf of Express, which shall in their sole judgment be necessary, appropriate, or desirable to implement the actions authorized by the foregoing resolutions.

### III.      Retention of Professionals

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to employ on behalf of each Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as bankruptcy counsel; (ii) the law firm of Klehr Harrison Harvey Branzburg LLP as local bankruptcy counsel; (iii) Moelis & Company LLC as investment banker; (iv) M3 Advisory Partners, LP as restructuring advisor; (v) Stretto, Inc. as claims and noticing agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are, authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**RESOLVED FURTHER**, each of the Authorized Persons, be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### IV.      Use of Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

**RESOLVED FURTHER,** to the extent applicable to each Company, in the business judgment of the Authorized Persons, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral"), which is security for certain of each Company's prepetition secured lenders (the "Prepetition Secured Lenders") under certain credit facilities by and among each Company, the guarantors party thereto, and the lenders party thereto; and (ii) the incurrence of debtor-in-possession financing obligations ("DIP Financing") by entering into that certain Senior Secured Super-Priority Priming Debtor-In-Possession Asset-Based Loan Credit Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "ABL DIP Credit Agreement") and that certain Senior Secured Super-Priority Priming Debtor-In-Possession Asset-Based Term Loan Agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "Term Loan DIP Credit Agreement" and together with the ABL DIP Credit Agreement, the "DIP Credit Agreements" and each, a "DIP Credit Agreement") by and among each Company, the financial institutions from time to time party thereto and their successors and assigns (with respect to ABL DIP Credit Agreement, the "ABL DIP Lenders" and with respect to the Term Loan DIP Credit Agreement, the "Term Loan DIP Lenders" and together with the ABL DIP Lenders, collectively, the "DIP Lenders")), and (x) with respect to the ABL DIP Credit Agreement, Wells Fargo Bank, National Association, in its capacity as administrative agent and collateral agent for the ABL DIP

Lenders (in such capacity and together with any successor or assigns, the "ABL DIP Agent") and (y) with respect to the Term Loan DIP Credit Agreement, ReStore, in its capacity as administrative agent and collateral agent for the Term Loan DIP Lenders (in such capacity and together with any successor or assigns, the "Term Loan DIP Agent" and together with the ABL DIP Agent, collectively, the "DIP Agents" and each, a "DIP Agent"), in each case, on the terms set forth therein;

RESOLVED FURTHER, in order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Lenders (the "Adequate Protection Obligations") as documented in the proposed interim and final orders (collectively, the "DIP Orders") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Lenders to enter into any of the DIP Facility Documents (as defined herein), such consent has been (or will be) obtained from the Prepetition Secured Lenders (as defined in the DIP Credit Agreements);

RESOLVED FURTHER, in the business judgment of the Authorized Persons, the form, terms, and provisions of the DIP Credit Agreements and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction considered by the DIP Orders (collectively, the "DIP Facility Documents"), substantially in the forms circulated to the Authorized Persons, and each Company's execution, delivery, and performance of their obligations under the DIP Facility Documents, including, without limitation, the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved;

RESOLVED FURTHER, each Company will obtain benefits from the incurrence of the borrowings under the DIP Credit Agreements and the other obligations under the DIP Credit Agreements and the other Loan Documents (as defined in the DIP Credit Agreements) which are necessary and convenient to the conduct, promotion, and attainment of the business of each Company;

RESOLVED FURTHER, to the extent applicable, each Company shall be, and are hereby, authorized to enter into the DIP Facility Documents and incur the obligations thereunder (the "DIP Obligations"), including the borrowing of the loans under the DIP Credit Agreements, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the DIP Credit Agreements), to the DIP Agent, and each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute, deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of each Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED FURTHER, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such

further actions to be taken, and to execute and deliver all such further agreements, documents, instruments, certificates, recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder, and to guarantee the payment and performance of the DIP Obligations of each Company and any other guarantor thereunder;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the DIP Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, directed, and empowered, in the name of, and on behalf of, each Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Company are or will be party or any order entered into in connection with the chapter 11 cases (together with the DIP Facility Documents and the DIP Orders, the "DIP Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve;

**RESOLVED FURTHER**, the Companies, as debtors and debtors in possession under the Bankruptcy Code, be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on its assets to secure such obligations; and

**RESOLVED FURTHER**, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Financing Documents or to do such other things which shall in his or her or their sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

## V.    Further Actions and Prior Actions

**RESOLVED FURTHER**, each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance thereof, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including, without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of each Company relating to the Restructuring Matters;

**RESOLVED FURTHER**, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**RESOLVED FURTHER**, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such

act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

**RESOLVED FURTHER**, any Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with their Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.  This consent may be executed in as many counterparts as may be required and all counterparts shall collectively constitute one and the same consent;

**RESOLVED FURTHER**, that this consent may be executed in multiple counterparts or copies, each of which shall be deemed an original for all purposes.  One or more counterparts or copies of this consent, or signature pages hereto, may be executed by one or more of the undersigned, and some different counterparts, copies, or signature pages executed by one or more of the other undersigned.  Each counterpart or copy hereof so executed by any of the undersigned shall be binding upon the undersigned executing the same even though other of the undersigned may execute one or more different counterparts, copies, or signature pages, and all counterparts or copies hereof (including any such signature pages) so executed shall constitute one and the same consent.  Each member of the Board, by execution of one or more counterparts or copies hereof or signature pages hereto, expressly authorizes and directs the secretary or any assistant secretary of each Company, or counsel to each Company, to affix the signature pages executed by the authorizing director to one or more other counterparts or copies hereof so that upon execution of multiple counterparts or copies hereof or signature pages hereto by all of the undersigned, there shall be one or more counterparts or copies hereof to which is (are) attached signature pages containing signatures of all of the undersigned;

**RESOLVED FURTHER**, that this consent and signature pages hereto may be executed and delivered by electronic means (including electronic image, facsimile, ".pdf," ".tif," and ".jpeg"), and thereupon shall be treated in each case and in all manner and respects and for all purposes as an original and shall be considered to have the same binding legal effect as if it were an original manually-signed counterpart hereof delivered in person; and

**RESOLVED FURTHER**, that this consent shall become effective as of the date first set forth above upon each Company's receipt of the executed counterpart signature pages from all of the members of the Board.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Board, duly called and constituted, pursuant to the applicable laws of the jurisdiction in which each Company is organized.

\* \* \* \* \* \*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:  Mylle Mangum

By: _____
Name:  Stewart Glendinning

By: _____
Name:  Michael G. Archbold

By: _____
Name:  Terry Davenport

By: _____
Name:  Karen Leever

By: _____
Name:  Patricia E. Lopez

By: _____
Name:  Satish Mehta

By: _____
Name:  Peter Swinburn

By: _____
Name:  William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:  Mylle Mangum

By: _____
Name:  Stewart Glendinning

By: _____
Name:  Michael G. Archbold

By: _____
Name:  Terry Davenport

By: _____
Name:  Karen Leever

By: _____
Name:  Patricia E. Lopez

By: _____
Name:  Satish Mehta

By: _____
Name:  Peter Swinburn

By: _____
Name:  William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:   Mylle Mangum


By: _____
Name:   Stewart Glendinning


By: _____
Name:   Michael G. Archbold


By: _____
Name:   Terry Davenport


By: _____
Name:   Karen Leever


By: _____
Name:   Patricia E. Lopez


By: _____
Name:   Satish Mehta


By: _____
Name:   Peter Swinburn


By: _____
Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:   Mylle Mangum


By: _____
Name:   Stewart Glendinning


By: _____
Name:   Michael G. Archbold


By: _____
Name:   Terry Davenport


By: _____
Name:   Karen Leever


By: _____
Name:   Patricia E. Lopez


By: _____
Name:   Satish Mehta


By: _____
Name:   Peter Swinburn


By: _____
Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of

Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:   Mylle Mangum

By: _____
Name:   Stewart Glendinning

By: _____
Name:   Michael G. Archbold

By: _____
Name:   Terry Davenport

By: _____
Name:   Karen Leever

By: _____
Name:   Patricia E. Lopez

By: _____
Name:   Satish Mehta

By: _____
Name:   Peter Swinburn

By: _____
Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of

Express, Inc., have executed this consent as of the date first written above.

By: _____

Name:   Mylle Mangum

By: _____

Name:   Stewart Glendinning

By: _____

Name:   Michael G. Archbold

By: _____

Name:   Terry Davenport

By: _____

Name:   Karen Leever

DocuSigned by:

*Patricia Lopez*

1688ACDF5A484DC...

By: _____

Name:   Patricia E. Lopez

By: _____

Name:   Satish Mehta

By: _____

Name:   Peter Swinburn

By: _____

Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:  Mylle Mangum

By: _____
Name:  Stewart Glendinning

By: _____
Name:  Michael G. Archbold

By: _____
Name:  Terry Davenport

By: _____
Name:  Karen Leever

By: _____
Name:  Patricia E. Lopez

By: _____ *Satish Mehta* _____
Name:  Satish Mehta

By: _____
Name:  Peter Swinburn

By: _____
Name:  William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:   Mylle Mangum


By: _____
Name:   Stewart Glendinning


By: _____
Name:   Michael G. Archbold


By: _____
Name:   Terry Davenport


By: _____
Name:   Karen Leever


By: _____
Name:   Patricia E. Lopez


By: _____
Name:   Satish Mehta

DocuSigned by:
*Peter Swinburn*
EDE71CDB6F734E5
By: _____
Name:   Peter Swinburn


By: _____
Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of

Express, Inc., have executed this consent as of the date first written above.

By: _____
Name:   Mylle Mangum

By: _____
Name:   Stewart Glendinning

By: _____
Name:   Michael G. Archbold

By: _____
Name:   Terry Davenport

By: _____
Name:   Karen Leever

By: _____
Name:   Patricia E. Lopez

By: _____
Name:   Satish Mehta

By: _____
Name:   Peter Swinburn

By: _____
Name:   William Transier

**IN WITNESS WHEREOF**, the undersigned, being the sole director of the Board of Express Finance Corp., have executed this consent as of the date first written above.

By: _____

Name:  Stewart Glendinning

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

DocuSigned by:

*Stewart Glendinning*

By: _____
36178060C265487...

Name:  Stewart Glendinning

**Being the sole member of the Board of:**
-- EXPRESS, LLC
-- EXPRESS HOLDING, LLC
-- EXPRESS TOPCO LLC
-- EXPRESS GC, LLC
-- EXPRESS FASHION LOGISTICS, LLC
-- EXPRESS FASHION OPERATIONS, LLC

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first

written above.

EXPRESS, LLC, as sole member of:
-- Express Fashion Investments, LLC

By: _____

Name:    Stewart Glendinning

Title:    Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

EXPRESS FASHION OPERATIONS, LLC,
as sole member of:
-- UW, LLC
-- Express BNBS Fashion, LLC

By: _____
Name:   Stewart Glendinning
Title:    Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the date first written above.

**EXPRESS, LLC**, as sole member of:
-- Express Fashion Digital Services Costa Rica
S.R.L

By: _____
Name:    Stewart Glendinning
Title:    Chief Executive Officer