**EXHIBIT B**

**REDLINED Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Joint Administration Requested) |
|  | ) ) | Re:  Docket No. ~~5~~ 5 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004,and Local Rue 9013-1, (a) authorizing the Debtors to (i) pay all prepetition wages, salaries, other compensation, and Reimbursable Expenses on account of the Compensation and Benefits and (ii) continue to administer the Compensation and Benefits in the ordinary course of business, including payment of prepetition obligations related thereto; and (b) granting related relief, in each case in the ordinary course of business, including payment of certain undisputed prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and ~~no other~~ in accordance with the Bankruptcy Rules and Local Rules, and it appearing that no other or further notice need be provided; and following an interim hearing on the Motion having been held, the Court having entered an Interim Order granting the Motion on an interim basis; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a final hearing before this Court (the "Final Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Final Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to: (a) continue, modify, change, and discontinue the Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law, and (b) pay and honor prepetition amounts outstanding under or related to the Compensation and Benefits in the ordinary course of business~~, including, for the avoidance of doubt,~~; *provided, however,* that the Debtors may pay any prepetition Compensation and Benefits obligations~~, if~~

~~any,~~ that exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code upon advance written notice (email being sufficient) to the official committee of unsecured creditors (the "Committee").

3.    ~~1.~~ Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program in the ordinary course.  This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.  The Debtors shall exhaust all funds available first from Travelers and then from the letter of credit to pay claims or obligations under the Workers' Compensation Program, if any, before funding such claims or obligations from other available sources.

4.    ~~2.~~ The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business.

5.    ~~3.~~ The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, all administrative and processing costs in connection therewith.

6.    The Debtors shall provide five (5) business days' notice (email being sufficient) to the Committee before making any material modifications to any of the programs, policies, or practices related to any of the Compensation and Benefits or otherwise referred to in Paragraphs 2-5 of this Order.

7.    4. Nothing herein shall be deemed to authorize the payment of any amounts that violates or implicates section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

8.    5. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

9.    6. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, extent, perfection, allowability, enforceability, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party in interest's right to dispute the amount of, basis for, or validity of any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

10.    7. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

4

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. ~~8.~~ Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12. The Debtors shall maintain a matrix/schedule of amounts paid pursuant to this Order, subject to the terms and conditions of this Order, including the following information: (a) the title of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant to date; (d) the payment date; and (e) the purpose of such payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and the Creditors' Committee monthly on the thirtieth (30th) day after (or the next business day if such day is not a business day) the last day of the month.

13. ~~9.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. ~~10.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. ~~11.~~ The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. ~~12.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.