**EXHIBIT A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) Case No. 24-10831 (KBO) |
| Debtors. | ) ) (Jointly Administered) |
|  | ) ) Re: Docket No. 6 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO
PAY PREPETITION CLAIMS OF (A) CERTAIN CRITICAL
VENDORS, (B) CERTAIN FOREIGN VENDORS, (C) CERTAIN
LIEN CLAIMANTS, (D) 503(B)(9) CLAIMANTS, AND (E) PACA
CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY
OF CRITICAL OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay, in the ordinary course of business, prepetition amounts owing on account of (i) certain Critical Vendors, (ii) certain Foreign Vendors, (iii) certain Lien Claimants, (iv) 503(b)(9) Claimants, and (v) PACA Claimants; (b) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the date hereof that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations in the ordinary course of business; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, upon advanced notice and consultation with the DIP Agents (which may be through counsel), the Critical Vendor Claims and Foreign Vendor Claims in an aggregate amount not to exceed $46,650,331 on a final basis, absent further order of the Court; *provided*, for the avoidance of doubt, no affiliate or insider (as those terms are defined in section 101 of the Bankruptcy Code) of a Debtor may be considered a Critical Vendor.

3.     The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, upon advanced notice and consultation with the DIP Agents (which may be

through counsel), the Lien Claims as they arise in the ordinary course of business, absent further order of the Court.

4. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, upon advanced notice and consultation with the DIP Agents (which may be through counsel), the 503(b)(9) Claims in an aggregate amount not to exceed $32,740,399 on a final basis, absent further order of the Court.

5. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the PACA Claims as they arise in the ordinary course of business, absent further order of the Court.

6. For every proposed payment pursuant to this Final Order (each, a "Proposed Payment"):

    a. the Debtors shall provide advance notice to the Official Committee of Unsecured Creditors (the "Committee") professionals on a professional's-eyes-only basis, two business days prior to disbursing any such Proposed Payment (the "Payment Review Period"); and

    b. if the Committee timely notifies the Debtors of any issues ("Issues") with respect to the Proposed Payment (thereafter, a "Questioned Payment") prior to the expiration of the Payment Review Period, then the Debtors shall not make the Proposed Payment, and the Debtors and the Committee shall attempt to resolve the Issues surrounding such Questioned Payment consensually. If no consensual resolution is reached by the date that is two business days following delivery of notice of Proposed Payment (the "Resolution Date"), the Committee may file a formal objection on the

     docket (under seal or in redacted form) and any such objection shall be resolved by the Court at a hearing to be scheduled at the Court's earliest convenience. If the Committee, in advance of the Resolution Date, fails to (a) object; or (b) notify the Debtors of its plan to object, the Debtors shall be authorized to make the Proposed Payment without further Court Order.

7. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code without the need for filing any formal request for payment or proof of claim.

8. The Debtors are authorized, but not directed, upon advanced notice and consultation with the DIP Agents and Committee (which may be through counsel), to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

9. As a condition to receiving payment hereunder, the Debtors at their discretion may require, by written agreement, such parties to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) consistent with the parties' ordinary course practice (collectively, the "<u>Customary Trade Terms</u>"). The Debtors reserve the right to require more favorable trade terms with any party as a condition to payment of any prepetition claim.

10. The form of Agreement, substantially in the form attached to the Motion as **Exhibit C**, is approved in its entirety, and the Debtors are authorized, but not directed, to negotiate, modify, or amend the Agreement in their reasonable business judgment. Notwithstanding anything to the contrary in any Agreement, a Critical Vendor or Foreign Vendor shall have no

obligation to continue to provide goods or services to the Debtors following the earliest to occur of: (a) the effective date of a chapter 11 plan in the Debtors' chapter 11 cases; (b) the conversion of the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code; (c) the closing of a sale of all or a material portion of the Debtors' assets pursuant to section 363 of the Bankruptcy Code resulting in a cessation of the Debtors' business operations; (d) the completion of a liquidation of the Debtors or a cessation of the Debtors' business operations; or (e) a default under any of the Debtors' debtor in possession financing facilities that results in the Debtors losing access to funds available under any such facility; *provided* that the Parties' and the Official Committee of Unsecured Creditors rights are reserved with respect to the continuing supply of goods and services in the event that of an (x) announcement that the Debtors are no longer pursuing the sale of the business as a going concern or pursuing a plan of reorganization; or (y) the announcement of a liquidation of the Debtors or cessation of the Debtors' business operations.

11. In the event the Debtors fail to pay for goods or services delivered postpetition in accordance with any Agreement, and the Debtors fail to cure such default within ten days after receiving notice of such default, the relevant vendor or supplier shall have the right to terminate its Agreement, in which even such vendor or supplier (a) shall have no obligation to continue to provide goods or services to the Debtors; and (b) reserves its rights to file a proof of claim for any alleged unpaid amounts.

12. Regardless of whether an agreement has been executed, if any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and,

5

therefore, immediately recoverable in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise; *provided*, that nothing in this Final Order shall prevent or restrict a party from challenging the Debtors' determination with respect to such payment and any dispute between the Debtors and such party with respect to such payment shall be resolved by the Bankruptcy Court on an expedited basis.

13. Any Critical Vendor, Foreign Vendor, Lien Claimant, 503(b)(9) Claimant, or PACA Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. The Debtors shall provide a copy of this Final Order to any Critical Vendor, Foreign Vendor, Lien Claimant, 503(b)(9) Claimant, or PACA Claimant to whom a payment is made pursuant to this Final Order, and the Debtors shall provide the Committee professionals, DIP Agents, and DIP Lenders with a bi-weekly report of (i) all payments made to Critical Vendors, Foreign Vendors, Lien Claimants, 503(b)(9) Claimants, and PACA Claimants, and (ii) copies of all Agreements executed in such week.

14. Nothing herein shall impair or prejudice the Debtors' or any party's ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor, Foreign Vendor, Lien Claimant, 503(b)(9) Claimant, or PACA Claimant.  The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

15. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

16. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

17. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

18. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

19. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

23. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.