**EXHIBIT B**

**REDLINED Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (——KBO) |
| Debtors. | ) (Joint<u>ly</u> Administ<u>er</u><s>ationed</s> <s>Requested</s>) |
|  | ) Re:  Docket No.  <s>——</s> <u>11, 90</u> |

**FINAL ORDER
(I) AUTHORIZING THE
DEBTORS TO (A) MAINTAIN
INSURANCE COVERAGE ENTERED INTO
PREPETITION AND PAY RELATED PREPETITION
OBLIGATIONS, (B) CONTINUE TO PAY BROKERAGE
FEES, (C)  RENEW, SUPPLEMENT, MODIFY, OR PURCHASE
INSURANCE COVERAGE, D MAINTAIN, RENEW, OR SUPPLEMENT
THE CUSTOMS SURETY BONDS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of this final order (this "<u>Final Order</u>"), (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the Insurance Policies and pay related obligations and (ii) renew, supplement, modify, or purchase insurance coverage in the ordinary course and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier listed in Exhibit C attached to the Motion within two business days after entry of this Final Order.

3. The Debtors are authorized, but not directed, to: (a) continue and maintain the Insurance Policies[3] and Surety Bonds and pay and/or honor any related prepetition or postpetition

---

[3] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies (including those providing workers' compensation coverage) issued or providing coverage at any time to the Debtors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C to the Motion.

amounts or obligations, including any amounts or obligations that may be owed to the Brokers; and (b) renew, amend, supplement, extend, or purchase iInsurance pPolicies, in each case, to the extent that the Debtors determine that such action is in the best interest of their estates., *provided further* that the Debtors shall obtain the consent of the Official Committee of Unsecured Creditors (the "Committee") or further Court Order for (i) a renewal of or entry into any insurance policy or surety bond program where the annual premium on such policy or surety bond is 5% greater than the annual premium on the existing Insurance Policy or Surety Bond or (ii) any material modification to any Insurance Policies or Surety Bond that is outside of the ordinary course of the Debtors' business and not consistent with past practices.

4.  The Debtors will provide the Committee, by and through their advisors, a monthly report of all payments made on or after the Petition Date pursuant to this Order. Such report shall be due on the 20th day after (or the next business day if such day is not a business day) the last day of the month.

5.  4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.  Nothing in the Interim Order, this Final Order or the Motion (a) alters, amends or modifies the terms and conditions of the Insurance Policies; (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance Carrier[4] or third party administrator; (d) precludes or limits, in any way, the

---

[4] For the avoidance of doubt, the term Insurance Carrier shall include all insurance carriers and third party administrators that issued or entered into the Insurance Policies, whether or not such insurance carriers and third

rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Insurance Policies; or (e) waives any Insurance Carrier's or third party administrator's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such Insurance Carrier or third party administrator (whether under the Insurance Policies or otherwise).

7. The Debtors are authorized, but not directed, to maintain their Surety Bond program without interruption, including paying any prepetition or postpetition premiums and other obligations (including, without limitation, those obligations with respect to which letters of credit have been issued), providing collateral, renewing or obtaining new Surety Bonds, and executing other agreements in connection with the Surety Bond program, in each case in the ordinary course of business, provided, however, that no collateral may be increased on account of any current or future surety bond without prior consultation with the Committee. Provided that the Debtors maintain their Surety Bond program in the ordinary course, including paying premiums, and are not in default with respect to any such Surety Bond or have promptly upon demand cured any default thereunder within five days of such demand, surety Liberty Mutual Insurance Company ("Liberty Mutual"), shall not seek relief from the automatic stay, or take any other action, to cancel any outstanding Surety Bond; *provided*, however, that nothing herein shall preclude Liberty Mutual from either (i) declining to renew any existing Surety Bond, (ii) declining to extend any existing Surety Bond beyond its term, (iii) declining to provide consent to, or otherwise exercising any rights in response to, the proposed assumption and/or assignment of any existing Surety Bond, any indemnity agreements between Liberty Mutual and any

---

administrators that issued or entered into the Insurance Policies, whether or not such insurance carriers and third party administrators are identified on Exhibit C to the Motion.

Debtor(s) or other indemnitor, and/or any underlying bonded contract, whether pursuant to a sale, plan or other process, or from exercising any other or further rights with respect to a sale, plan or similar process; (iv) declining to issue any new or additional Surety Bond; or (v) cancelling any Surety Bonds at the request of the Debtors.  Any claim asserted by Liberty Mutual for indemnification under any indemnity agreement, related to or arising out of any actual, potential, or asserted liability of Liberty Mutual to any beneficiary or obligee under any Surety Bond shall be treated as a postpetition claim to the extent that the actual, potential, or asserted liability of the Debtors to any beneficiary or obligee under the applicable bond arises out of a postpetition breach of such bond or related bonded obligation.

8. To the extent that any Surety Bond was issued or renewed as part of the Surety Bond program and is subject to a prepetition indemnity agreement, the Debtors' indemnification obligations under such prepetition indemnity agreement arising on account of such Surety Bond (including any reasonable fees and expenses of counsel as provided for in such indemnity agreement) shall be deemed to be postpetition obligations of the Debtors.

9. ~~5.~~ Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

10.    ~~6.~~ The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11.    ~~7.~~ Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12.    ~~8.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.    ~~9.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.    ~~10.~~ The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.    ~~11.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.4.0.111 Document comparison done on 5/13/2024 10:32:34 PM** ||
| **Style name:** Color (Kirkland Default) ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://dms.kirkland.com/LEGAL/107965234/1 ||
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/107965234/7 ||
| **Changes:** ||
| Add | 33 |
| Delete | 15 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 48 |