**EXHIBIT B**

**REDLINED Revised Proposed Order**

10973481.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. —150** |

**ORDER (I) AUTHORIZING AND**
**ESTABLISHING PROCEDURES FOR THE COMPROMISE AND**
**SETTLEMENT OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND**
**MANNER OF NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the procedures for compromise and settlement of certain claims, cross-claims, litigation, and causes of action (collectively, the "De Minimis Claims"), without further Court approval; (b) approving the proposed form and manner of notice that will be provided to the affected creditors (the "Settlement Notice"), substantially in the form attached hereto as **Exhibit 1**; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

3. The Debtors are authorized to enter into Settlements in accordance with the following Settlement Procedures:

   a. No Settlement will be effective unless it is executed by an authorized representative of the Debtors;

   b. A full release of the Debtors and/or the settling party may be included in the Settlement;

   c. With regard to any Settlement in an amount equal to or less than $150,000 for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

      i. The affected Debtor or Debtors are authorized to settle, upon advance notice and consultation of the DIP Agents, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon

consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

ii.   Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it or its estate without notice by such Debtor to any third party or further action by this Court.

d.   With regard to any Settlement that is in an amount greater than $150,000 but does not exceed $1 million, for: (i) the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate:

i.   A Debtor is authorized to settle, upon advanced notice and consultation with the DIP Agents, such De Minimis Claim or De Minimis Claims (including for the avoidance of doubt, any related cross-claims) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of: (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue, subject only to the noticing and objection procedures set forth herein.

ii.   Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to: (i) the U.S. Trustee for the District of Delaware, (ii) counsel to any statutory committee appointed in these chapter 11 cases, (iii) the agents under the Debtors' prepetition secured facilities and counsel thereto, (iv) the DIP Agents and counsel thereto, (v) any party to the Settlement; and (vi) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party" and collectively, the "Notice Parties").

iii.   Such notice will be in substantially the form of the settlement notice attached hereto as <u>Exhibit 1</u> to **Exhibit A** (the "<u>Settlement Notice</u>") and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iv.   The Notice Parties may object to a proposed Settlement by filing such objection with the Court by no later than 4:00 p.m., prevailing Eastern Time, seven (7) calendar days after delivery of a Settlement Notice ("the <u>Objection Deadline</u>"), and serving such objection on: (i) the Debtors, One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (ii) proposed counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; and (c) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, (d) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn: Morton R. Branzburg; (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne; (iv) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors, (a) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein, Dimitri G. Karcazes, Keith G. Radner, and Eva D. Gadzheva and (b) Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn: John H. Knight, Paul N. Heath, and Alexander R. Steiger; (v) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors (a) Ropes and Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo and (b) Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware, 19801, Attn: Mark L. Desgrosseilliers; ~~and~~ (vi) ~~any~~proposed counsel to the Official Committee of Unsecured Creditors, (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com) and (b) proposed co-counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com) and Turner Falk

(turner.falk@saul.com); and (vii) any other statutory committee appointed in these chapter 11 cases.

v.    The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing by no later than the Objection Deadline and serve such request on counsel to the Debtors.  If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may make only one request for additional time per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

vi.    If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vii.    If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

viii.    Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

ix.    All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

e.    Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.     On a monthly basis, beginning 30 days after entry of an Order granting this Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures.  Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

g.     With respect to any and all De Minimis Claims asserted *by* the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought *by* the Debtors against a non-Debtor third party:

      i.    A Debtor is authorized to settle, upon advance notice and consultation with the DIP Agents, such De Minimis Claim(s) if the terms of the Settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the difficulty in collecting any judgment; (C) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (D) other factors relevant to assessing the wisdom of the Settlement; and (E) the fairness of the Settlement to such Debtor's estate, creditors and shareholders, taking into account the prepetition or postpetition nature of the De Minimis Claim or De Minimis Claims in issue; and

      ii.    Before entering into any such Settlement, the Debtors shall give not fewer than seven (7) calendar days' advance written notice, by email or facsimile, if available, or overnight courier if email or facsimile are not available, of such proposed Settlement, on a confidential, professionals' eyes only basis, to the Notice Parties.

      iii.    Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, and (iii) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

      iv.    The Notice Parties may object to a proposed Settlement by filing such objection with the Court by the Objection Deadline and serving such objection on:  (i) the Debtors, One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (ii) proposed counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; and (c) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington,

Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, (d) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn: Morton R. Branzburg; (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne; (iv) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors, (a) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein, Dimitri G. Karcazes, Keith G. Radner, and Eva D. Gadzheva and (b) Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn: John H. Knight, Paul N. Heath, and Alexander R. Steiger; (v) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors (a) Ropes and Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn:  Stephen L. Iacovo and (b) Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware, 19801, Attn:   Mark L. Desgrosseilliers; ~~and~~ (vi) ~~any~~proposed counsel to the Official Committee of Unsecured Creditors, (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com) and (b) proposed co-counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com) and Turner Falk (turner.falk@saul.com); and (vii) any other statutory committee appointed in these chapter 11 cases.

v.   If no written objection from any Notice Party is properly filed and served by the Objection Deadline, such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

vi.   If any of the Notice Parties properly and timely object to any Settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the settling party, the execution of the Settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

vii.    Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.    All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

4.    Notwithstanding anything herein to the contrary, the Settlement Procedures shall not apply to (a) claims asserted against the Debtors by any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, and (b) claims asserted by the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively.

5.    Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

6.    Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

7.    The Debtors are authorized to compromise and settle De Minimis Claims in accordance with the Settlement Procedures.

8.    The Debtors are authorized to resolve all of the De Minimis Claims of a single party in a single settlement agreement.

9.    The Debtors shall provide written notice to Stretto, Inc. ("Stretto"), the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these

Settlement Procedures; *provided* that, if applicable, Stretto is authorized and directed to amend the claims register accordingly without further order of the Court.

10.     Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period, the settlement agreement shall be deemed to be a final order of this Court for all purposes, including for purposes of any appeal.

11.     In the event there is an inconsistency between the Motion and this Order, this Order shall control.

12.     This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order, or any Settlement.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.     Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

16.     Nothing in this Order, the Settlement Procedures, any Settlement Notice, or any other notice issued in connection with the foregoing (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to the Debtors and any related agreements (collectively, the "Insurance Policies"), including the right, if any, of any insurer to control the settlement of claims; or (ii) either the duty or right, if any, under the Insurance Policies or applicable non-bankruptcy law, of insurers to pay claims covered by the Insurance Policies and seek payment or reimbursement from the insured therefor pursuant to the terms of

the Insurance Policies; (b) creates or permits a direct right of action against any of the Debtors' insurers; (c) obligates an insurer to be bound by any Settlement; or (d) requires an insurer to pay, in whole or in part, any Settlement.  For the avoidance of doubt, the claims of the Debtors' insurers shall not be subject to the Settlement  Procedures.

17.    ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

18.    ~~17.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.    ~~18.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Proposed Settlement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF SETTLEMENT**

      **PLEASE TAKE NOTICE** that on April 22, 2024, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

      **PLEASE TAKE FURTHER NOTICE** that, on [_____], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of Notice of Settlement, and (III) Granting Related Relief* [Docket No. [●]] (the "Settlement Procedures Order"), whereby the Court authorized the Debtors to settle certain prepetition or postpetition claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (collectively, the "De Minimis Claims").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Procedures Order, any recipient of this notice may object to the proposed settlement within seven (7) calendar days of service of this notice. Objections must: (1) **be in writing**; (2) **be received within seven (7) calendar days of service of this notice** (the "Objection Deadline"); and (3) be submitted by mail, email, or facsimile to: (i) the Debtors, One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (ii) proposed counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; and (c) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, (d) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

Morton R. Branzburg; (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne; (iv) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors, (a) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein, Dimitri G. Karcazes, Keith G. Radner, and Eva D. Gadzheva and (b) Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn: John H. Knight, Paul N. Heath, and Alexander R. Steiger; (v) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors (a) Ropes and Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn:  Stephen L. Iacovo and (b) Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware, 19801, Attn:  Mark L. Desgrosseilliers; and (vi) anyproposed counsel to the Official Committee of Unsecured Creditors, (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com) and (b) proposed co-counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com) and Turner Falk (turner.falk@saul.com); and (vii) any other statutory committee appointed in these chapter 11 cases.  **If you file a written objection with the Court by the Objection Deadline, the Debtors may only settle the De Minimis Claim(s) upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the settlement of such De Minimis Claim(s)**.