## **EXHIBIT B**

**REDLINED Revised Proposed Order**

10973955.v1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. —152** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, and (d) approving the form and manner of notice of the Bar Dates all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Motion is granted as set forth herein.

## I.      The Proof of Claim Form

2.   The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is approved. The Debtors may accept the Proof of Claim Form or Official Form 410 via either hardcopy or the Online Portal, subject only to limitations set forth in this Order.

## II.      The Bar Dates and Procedures for Filing Proofs of Claim

3.    Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

a.    Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are ***actually received*** on or before ***July 1, 2024 at 11:59 p.m.***, prevailing Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

b.    All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are ***actually received*** on or before ***October 22, 2024 at 11:59 p.m.***, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by:  (a) visiting Stretto's secure online portal at https://cases.stretto.com/Express; (b) calling the Debtors' restructuring hotline at:  855.337.3537 (Toll-Free) (U.S. & Canada) or 949.617.1363 (International); or (c) writing (i) via first class mail, to Express, Inc., et al., Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or (ii) via email to: ExpressInquiries@stretto.com with a reference to "Express" in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

c.  If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

d.  Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to executory contracts and unexpired leases shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

4.  All proofs of claim must be filed so as to be actually received by Stretto, Inc. ("Stretto"), the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein).  If proofs of claim are not received by Stretto on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**III.    Parties Required to File Proofs of Claim**

5.  Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date are required to file proofs of claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.    Parties Exempted from the Bar Date

6.   The following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.      any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

5

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

h.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by a proof of claim on or prior to the General Bar Date; and

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 85] and any final order authorizing the use of cash collateral (collectively, the "DIP Orders"); *provided* that, for the avoidance of doubt, the Prepetition Secured Parties shall not be required to file proofs of claim on account of any Prepetition Secured Obligations, DIP Obligations, or Adequate Protection Obligations (each as defined in the DIP Orders) *provided further* that if the Prepetition Secured Parties elect to file a proof of claim, the agent under each respective facility is authorized to file one

---

[5]    The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

master proof of claim with respect to all of the obligations under the applicable facility.

## V. Substantive Requirements of Proofs of Claim

7.  The following requirements shall apply with respect to filing and preparing each proof of claim:

   a.   <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   b.   <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

   c.   <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://cases.stretto.com/Express) will be deemed acceptable for purposes of claims administration.[6]  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

   d.   <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Express, Inc.

   e.   <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

---

[6]   Proofs of claim submitted by hard copy may not be electronically signed unless otherwise agreed to in advance by the Debtors.

f.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.      <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Stretto on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal at https://cases.stretto.com/Express by clicking on "File a Claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If by Overnight Courier or Hand Delivery:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.      <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

i.      <u>The Chubb Companies</u>.  Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, Proof of Claim Form or any Bar Date Notice, ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, and solely in their capacity as insurers, the "<u>Chubb Companies</u>"), may file a single consolidated proof of claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements

8

related thereto (the "Consolidated Chubb Proof of Claim") in the chapter 11 case of Express, Inc., Case No. 24-10831 (the "Lead Case"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (b) as the documents supporting the Consolidated Chubb Proof of Claim are voluminous and contain confidential information, the documents supporting the Consolidated Chubb Proof of Claim will not need to be filed with the Consolidated Chubb Proof of Claim. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Chubb Proof of Claim is asserted, or (c) amend the amount or nature of the Consolidated Chubb Proof of Claim; provided, however, that the Consolidated Chubb Proof of Claim shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Chubb Proof of Claim is filed (i) only in the Lead Case and only against Express, Inc. (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies); provided further, however, that to the extent that the Chubb Companies elect to vote and/or opt-in (or opt-out) of any releases in connection with any chapter 11 plan filed by the Debtors, ACE American Insurance Company, on its own behalf and on behalf of all of the Chubb Companies, may submit a single consolidated ballot, and the elections such consolidated ballot shall be deemed to apply to each of the Chubb Companies.

## VI.    Identification of Known Creditors

8.   The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date

### A.    Mailing of Bar Date Notices

9.   The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** is approved.

10. No later than five (5) business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar

Date Notice and the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be mailed via

first class mail to the following entities:

a.    the U.S. Trustee;

b.    the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis);

c.    counsel to the ~~any~~ statutory committee appointed in these chapter 11 cases;

d.    the DIP Agent and counsel thereto;

e.    the Administrative Agent and counsel thereto;

f.    the FILO Agent and counsel thereto;

g.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

h.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

i.    all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

j.    all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

k.    all entities that are party to executory contracts and unexpired leases with the Debtors;

l.    all entities that are party to litigation with the Debtors;

m.    all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

n.    the U.S. Attorney's Office for the District of Delaware;

o.    the office of the attorney general for each state in which the Debtors maintain or conduct business;

p.    the Internal Revenue Service;

q.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

r.      the U.S. Securities and Exchange Commission.

11. The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion and after consultation with the Committee, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

B.      **Publication of Bar Date Notice**

13. The Publication Notice, substantially in the form attached hereto as **Exhibit 3**, is approved.

14. The Debtors shall cause the Publication Notice to be published on one occasion in *New York Times* (National Edition), on or before twenty-one days before the General Bar Date. The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.  For the avoidance of doubt, the Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

15. The Publication Notice shall satisfy the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

**VIII.  Consequences of Failure to File a Proof of Claim**

16. Any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases and participating in any distribution in these chapter 11 cases on account of such claim.

17. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to

known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IX.    Miscellaneous

18. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## **EXHIBIT 1**

**Proof of Claim Form**

**<u>EXHIBIT 2</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. __ |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,**
**INCLUDING PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF**
**THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Express, Inc. | 24-10831 |
| Express Topco LLC | 24-10832 |
| Express Holding, LLC | 24-10833 |
| Express Finance Corp. | 24-10834 |
| Express, LLC | 24-10835 |
| Express Fashion Investments, LLC | 24-10836 |
| Express Fashion Logistics, LLC | 24-10837 |
| Express Fashion Operations, LLC | 24-10838 |
| Express GC, LLC | 24-10839 |
| Express BNBS Fashion, LLC | 24-10840 |
| UW, LLC | 24-10841 |
| Express Fashion Digital Services Costa Rica, S.R.L. | 24-10842 |

**PLEASE TAKE NOTICE THAT:**

On [April 2~~12~~], 2024 (the "Petition Date"), Express, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

voluntary petitions for relief under chapter 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

On [_____], 2024 the Court entered an order [Docket No. [__]] the ("<u>Bar Date Order</u>") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "<u>Bar Date Notice</u>") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "<u>Schedules</u>"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

a.    ***The General Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Stretto, Inc. ("<u>Stretto</u>") by the General Bar Date, (i.e., by *July 1, 2024 at 11:59 p.m.*, prevailing Eastern Time)**. The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection

damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.  ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by *October 22, 2024 at 11:59 p.m.*, prevailing Eastern Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Stretto by the Governmental Bar Date.

c.  ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.  ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order. All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Stretto by the applicable Rejection Damages Bar Date. For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to executory contracts and unexpired leases shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date **_must_** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.    any entity whose claim against a Debtor is **_not_** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need **_not_** file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is **_not_** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

h.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to the*

---

[2]    The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

*Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 85] and any final order authorizing the use of cash collateral (collectively, the "<u>DIP Orders</u>"); *provided* that, for the avoidance of doubt, the Prepetition Secured Parties shall not be required to file proofs of claim on account of any Prepetition Secured Obligations, DIP Obligations, or Adequate Protection Obligations (each as defined in the DIP Orders) *provided further* that if the Prepetition Secured Parties elect to file a proof of claim, the agent under each respective facility is authorized to file one master proof of claim with respect to all of the obligations under the applicable facility.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.   <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.   <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

c.   <u>Original Signatures Required</u>. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://cases.stretto.com/Express) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.   <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Express, Inc.

e.   <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.

To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.  <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Stretto on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal at https://cases.stretto.com/Express by clicking on "File a Claim," or (ii) U.S. Mail, overnight mail, or other hand delivery system at the following address:

**By First Class Mail to:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If by Overnight Courier or Hand Delivery:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.  <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

**V.      CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM**

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.      YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS.

**VI.      RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**VII.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**VIII.      ADDITIONAL INFORMATION**

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Stretto's website at

https://cases.stretto.com/Express.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, Inc., by calling the Debtors' restructuring hotline at: (855) 337-3537 (Toll-Free) (U.S. & Canada) or (949) 617-1363 (International), or writing (i) via first class mail, to Express, Inc., et al., Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or (ii) via email to:  ExpressInquiries@stretto.com with a reference to "Express" in the subject line.

| |
|---|
| **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.** |

*[Remainder of page intentionally left blank]*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,**
**INCLUDING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS JULY 1, 2024 AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE GOVERNMENTAL BAR DATE IS OCTOBER 22, 2024 AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Deadlines for Filing Proofs of Claim**. On [_____] 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [____]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

| DEBTOR | CASE NO. |
|---|---|
| Express, Inc. | 24-10831 |
| Express Topco LLC | 24-10832 |
| Express Holding, LLC | 24-10833 |
| Express Finance Corp. | 24-10834 |
| Express, LLC | 24-10835 |
| Express Fashion Investments, LLC | 24-10836 |
| Express Fashion Logistics, LLC | 24-10837 |
| Express Fashion Operations, LLC | 24-10838 |
| Express GC, LLC | 24-10839 |
| Express BNBS Fashion, LLC | 24-10840 |
| UW, LLC | 24-10841 |
| Express Fashion Digital Services Costa Rica, S.R.L. | 24-10842 |

**The Bar Dates**.  Pursuant to the Bar Date Order, **_all_** entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before April 22, 2024 (the "Petition Date"), no matter how remote or contingent such right to payment or equitable remedy may be, **_including_** requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **_July 1, 2024 at 11:59 p.m._**, prevailing Eastern Time (the "General Bar Date"). Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **_October 22, 2024 at 11:59 p.m._**, prevailing Eastern Time (the "Governmental Bar Date").  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment (the "Amended Schedules Bar Date").  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date, (ii) thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Claim Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**.  Each proof of claim must be filed, including supporting documentation, so as to be **_actually received_** by the Debtors' notice and claims agent, Stretto, on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at

https://cases.stretto.com/Express by clicking on "File a Claim" or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If by Overnight Courier or Hand Delivery:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**Contents of Proofs of Claim**.   Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based.  **_Please note_** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Express, Inc.

**Section 503(b)(9) Requests for Payment**.  Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted.

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, by calling the Debtors' restructuring hotline at:   (855) 337-3537 (Toll-Free) (U.S. & Canada) or (949) 617-1363 (International), or writing (i) via first class mail, to Express, Inc., et al., Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or (ii) via email to: ExpressInquiries@stretto.com with a reference to "Express" in the subject line.  **_Please note_** that Stretto, Inc. **_cannot_** offer legal advice or advise whether you should file a proof of claim.

3

[*Remainder of page intentionally left blank*]