## **EXHIBIT A**

**Revised Proposed Order**

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 12** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) PERFORM INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to (i) continue to operate their Cash Management System and maintain their existing Bank Accounts, (ii) honor certain prepetition or postpetition obligations related thereto, (iii) maintain existing Business Forms in the ordinary course of business, and (iv) continue to perform the Intercompany Transactions consistent with past practice, and (b) granting related relief, all as more fully set forth in the Motion; and upon the Frist Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to:  (a) continue operating the Cash Management System, substantially as identified on **Exhibit 1** attached hereto and as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, *provided* that once the Debtors' stock of Business Forms have been used, the Debtors shall, when reordering (or with respect to checks or other Business Forms the Debtors or their agents print themselves) require or print, as applicable, the "Debtor in Possession" legend and corresponding bankruptcy case number on all such items; (d) continue to perform Intercompany Transactions, except with respect to non-Debtor affiliates; (e)  continue to

use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit 2** attached hereto; (f) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (g) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; and (h) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that in the case of each of (a) through (h), such action is taken in the ordinary course of business and consistent with past practice.

3.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order; *provided* that, subject to paragraph 4 below, the Debtors shall only instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an order of the Court.

4.      The Cash Management Banks are authorized to debit the Bank Accounts in the ordinary course of business, consistent with past practice, without the need for further order of this Court, for:  (a) all checks drawn on the Bank Accounts that are cashed at such Cash Management

KL2 3391754.2

Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks, automated clearing house entries, and other items deposited or credited to one of the Bank Accounts with such Cash Management Bank prior to the Petition Date that have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

5.      Any existing deposit agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights and remedies afforded under such agreements, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, pursuant to the terms of those existing deposit agreements, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Final Order; *provided*, *however*, that the Debtors shall provide the official committee of unsecured creditors (the "Committee") with at least two (2) business days' advanced notice of such changes.

6.      Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with past practice and in consultation with the First Lien DIP ABL Administrative Agent, to open any new bank account or close any existing Bank Account

(provided that a prompt notice of such opening or closure of each bank account is provided to Wells Fargo Bank, National Association, as postpetition agent for certain postpetition lenders of the Debtors (in such capacity, the "First Lien DIP ABL Administrative Agent")) and the Committee, and enter into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; *provided* that the Debtors shall open any such new Bank Account only at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or at such banks that are willing to immediately execute such an agreement.

7.      For the banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement, the Debtors shall as soon as possible (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 cases and instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

8.      For any banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good faith efforts to cause the Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Final Order and the U.S. Trustee's right to seek further relief from this Court if the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee is fully reserved.  The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account,

and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank, in each case, pursuant to this Final Order.

9.      To the extent any of the Debtor Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is forty-five days from the Petition Date, without prejudice to seek an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the forty-five-day period referenced above by written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

10.     All banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Bank Accounts.

11.     The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with past practice.

12.     The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were

6

deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

13.    Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

14.    Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15.    The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions in connection with the Cash Management System in the ordinary course of business, consistent with past practice; *provided*, *however*, that the Debtors are not authorized to engage in any Intercompany Transaction to a non-Debtor.  The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions, including Intercompany Transactions and the

7

payment of Intercompany Claims, may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  All postpetition payments from a Debtor to another Debtor under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.  The Committee's rights to challenge the Debtors' calculations of prepetition Intercompany Balances and pre- and postpetition intercompany transfers are preserved.

16.    In connection with the ongoing use of their Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash, including but not limited to, intercompany transfers, so that all transaction may be readily ascertained, traced, recorded properly, and distinguished including those between prepetition and post-petition transactions.

17.    The Debtors shall provide to the Committee, the U.S. Trustee, the DIP Agents, and DIP Lenders on a bi-weekly basis reporting of cash balances by each individual bank account (including legal entity name, bank name, account number, pledged/unpledged status, account type, and country).  The Debtors shall also provide to the Committee, the U.S. Trustee, the DIP agents, and the DIP Lenders monthly on the thirtieth (30th) day after (or the next business day if such day is not a business day) the last day of the month, an intercompany matrix that summarizes, on a net basis, the prepetition and postpetition Intercompany Balances for each.

18.    The Debtors are authorized, but not directed, to continue using the Credit Cards and the Corporate Credit Card Program in the ordinary course of business and consistent with prepetition practices, including by paying prepetition and postpetition obligations outstanding with respect thereto, subject to the limitations of this Final Order and any other applicable interim and/or

8

final orders of this Court.  The Debtors are further authorized to continue to use the Credit Cards and the Corporate Credit Card Program subject to the terms of any applicable debtor-in-possession financing orders and related loan documents pursuant to which the obligations in respect of the Credit Cards and the Corporate Credit Card Program are included as obligations thereunder.  Any Cash Management Bank may rely on the representations of the Debtors with respect to its use of the Credit Cards and the Corporate Credit Card Program, and such Cash Management Bank shall not have any liability to any party for relying on such representations by a Debtor as provided for herein.

19.    Any existing agreements between or among the Debtors and any bank in respect of the Credit Cards and the Corporate Card Program shall continue to govern the postpetition relationship between the Debtors and such bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, rights, benefits, offset rights and remedies afforded under such agreements, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and such bank may, without further order of this Court, agree to and implement changes related to the Credit Cards or the Credit Card Program in the ordinary course of business, pursuant to the terms of those existing agreements.

20.    Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

21.    Nothing contained herein shall permit the Cash Management Banks to terminate any cash management services without thirty-days prior written notice (or such other period as

KL2 3391754.2

may be specified in any agreement between the Debtors and such Cash Management Bank which period shall control and govern termination of such cash management services notwithstanding anything herein to the contrary) to the Debtors, the U.S. Trustee, and the Committee.

22.     Despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor shall make such disbursements.

23.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

24.     Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

25.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

26.     Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

27.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

28.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

29.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

30.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

KL2 3391754.2

## Exhibit 1

**Cash Management System Schematic**

# Overview of Bank Accounts – Cash Management System Schematic

Manual Transaction
Automatic Transaction
Express, LLC
Express, Inc.
Express Fashion Operations, LLC
Express Fashion Logistics, LLC
UW, LLC
Express BNBS Fashion, LLC

M3 PARTNERS | EXPRESS

*Source: Company Files (Bank Account, Current Bank Accounts)*

*Note: Light blue shaded Master accounts constitute "bank cash" and can be used to paydown the revolver*

*(1) Not a Master account*

## <u>Exhibit 2</u>

**Bank Accounts**

| Ref. | Legal Entity | Bank Name | Last Four Digits of Account No. | Account Type |
|---|---|---|---|---|
| 1 | Express, LLC | Banco Popular | 2711 | Master Account |
| 2 | Express, LLC | Banco Popular | 2754 | Payroll Account |
| 3 | Express, LLC | Banco Popular | 2746 | Store Deposit Account |
| 4 | Express Fashion Operations, LLC | Fifth Third | 6750 | Cash Vault Account |
| 5 | Express Fashion Operations, LLC | Fifth Third | 3404 | Cash Vault Account |
| 6 | Express Fashion Operations, LLC | Fifth Third | 0409 | Puerto Rico Stores Credit Card Deposit Account |
| 7 | Express, LLC | Wells Fargo | 3744 | Adequate Assurance Deposit Account |
| 8 | Express, LLC | Wells Fargo | 4734 | Professional Fees Account |
| 9 | Express, LLC | Wells Fargo | 2187 | Securities Account |
| 10 | Express Fashion Operations, LLC | Wells Fargo | 2876 | Securities Account |
| 11 | Express, LLC | Wells Fargo | 4120 | Master Collection Account |
| 12 | Express, LLC | Wells Fargo | 6017 | Master Operating Account |
| 13 | Express, Inc. | Wells Fargo | 9955 | Deposit Account |
| 14 | Express Fashion Operations, LLC | Wells Fargo | 5171 | Concentration Account |
| 15 | Express, LLC | Wells Fargo | 6537 | Franchise Receipt Account |
| 16 | Express Fashion Logistics, LLC | Wells Fargo | 9092 | Zero Balance Fees Account |
| 17 | Express Fashion Operations, LLC | Wells Fargo | 6799 | Store Concentration Account |
| 18 | Express Fashion Operations, LLC | Wells Fargo | 6020 | Credit Card Collections |
| 19 | Express, LLC | Wells Fargo | 9453 | Payroll |
| 20 | Express, LLC | Wells Fargo | 2508 | Accounts Payable |
| 21 | Express, LLC | Wells Fargo | 6815 | Payroll Tax |
| 22 | Express, LLC | Wells Fargo | 3125 | Sales Tax |
| 23 | UW, LLC | Wells Fargo | 2548 | Operating Account |
| 24 | UW, LLC | Wells Fargo | 5013 | Expense |
| 25 | Express BNBS Fashion, LLC | Wells Fargo | 1192 | Master Account |
| 26 | Express BNBS Fashion, LLC | Wells Fargo | 1200 | Deposits |
| 27 | Express BNBS Fashion, LLC | Wells Fargo | 1218 | Payments/ Disbursements |