**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY
OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST
RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors' Professionals (as defined herein) to redact and file under seal the names of certain Confidential Parties (as defined below) in connection with the Debtors' third-party marketing process, and granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

**Background**

5. The Debtors are an omnichannel fashion retail company whose business operates under a multi-banner portfolio comprised of Express, UpWest, and Bonobos. Grounded in a belief that style, quality and value should all be found in one place, Express is a brand with a purpose. The Debtors offer their merchandise through approximately 600 stores throughout the United States and Puerto Rico—located primarily in high-traffic shopping malls, lifestyle centers, and outlets—as well as online through their U.S. e-commerce websites. Headquartered in Columbus,

Ohio, Express, Inc. is a publicly traded company that currently employs approximately 9,300 employees, of whom approximately 2,800 are full time.

6. The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders. The Debtors anticipate right-sizing their retail footprint, winding down brick-and-mortar locations that are not part of their go-forward business plan. The Debtors are seeking to implement a value-maximizing going-concern transaction for their remaining operations.

7. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 3, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 154].

8. Contemporaneously herewith, the Debtors have filed several applications (the "Applications") to retain certain professionals (the "Professionals"):

- An application to retain Kirkland & Ellis LLP ("Kirkland") as counsel to the Debtors, together with an accompanying declaration from Joshua A. Sussberg, a partner of Kirkland (the "Kirkland Declaration");

- An application to retain Klehr Harrison Harvey Branzburg LLP ("Klehr") as co-counsel to the Debtors, together with an accompanying declaration from Domenic E. Pacitti, a partner of Klehr (the "Pacitti Declaration");

- An application to retain Stretto, Inc. ("Stretto") as administrative advisor to the Debtors, together with an accompanying declaration from Sheryl Betance, a senior managing director of Stretto (the "Stretto Declaration");

- An application to retain Moelis & Company LLC ("Moelis") as investment banker, financial advisor, and placement agent to the Debtors, together with an accompanying declaration from Adam Kiel, a managing director of Moelis (the "Moelis Declaration");

- An application to retain RCS Real Estate Advisors ("RCS") as real estate advisor to the Debtors, together with an accompanying declaration from Ivan L. Friedman, president and chief executive officer of RCS (the "RCS Declaration");

- An application to retain PricewaterhouseCoopers LLP ("PwC") as audit services provider to the Debtors, together with an accompanying declaration from Nicholas Doland, partner of PwC (the "PwC Declaration");

- An application to retain M3 Advisory Partners, LP ("M3") as financial advisor to the Debtors, together with an accompanying declaration from Kunal S. Kamlani, a senior managing director of M3 (the "M3 Declaration"); and

- An application to retain Ernst & Young LLP as tax services provider to the Debtors, together with an accompanying declaration from Molly Ericson, a managing director of EY (the "EY Declaration").

9. The Debtors seek entry of an order authorizing the Debtors, on behalf of each of the Professionals, to file the names of certain of the potential M&A counterparties in the Debtors' marketing process (the "Confidential Parties") for the sale of their assets under seal, as further described in the bidding procedures motion [Docket No. 41], under seal in any contemporaneously filed or future filed Professional Declarations to protect the Debtors' commercially sensitive information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules

10. The sealing of the identities of the Confidential Parties will prevent harm to the Debtors, bolster the Debtors' ongoing marketing process, and will help foster goodwill, trust, and ultimately create value in future negotiations. To foster competitive tensions and ensure that the marketing and sale process is fair and yields a value-maximizing result, the identities of the Confidential Parties need to be kept in strictest confidence at this time. Such anonymity is important in incentivizing the Confidential Parties to participate in the Debtors' marketing process

as it ensures that parties will not be dissuaded from participating in the process because they know the identities of their competitors and also lessens the likelihood of any collusion among potential bidders.

11. Importantly, the Professionals have not represented and will not represent the Confidential Parties in connection with any matter in these chapter 11 cases. The Professionals' representations of the Confidential Parties, if any, do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code, as disclosed in their respective retention applications.

**Basis for Relief**

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or ***commercial information*** . . . .

11 U.S.C. § 107(b) (emphasis added).

13. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i).

14. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("if it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

15. Confidential commercial information "is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures Corp.*, 21 F.3d at 27-28). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Altegrity, Inc.*,

2015 WL 10963572, at *3 ("Such information, however, need not rise to the level of a 'trade secret.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

16. Here, the Confidential Parties are participants in the Debtors' efforts to solicit and negotiate a sale for the benefit of all their stakeholders. The Debtors have entered into non-disclosure agreements with the Confidential Parties and are engaging with such Confidential Parties as part of the marketing process. Due to the inherently competitive nature of such transactions, it is imperative that the identities of the Confidential Parties remain confidential, or parties will be discouraged from participating in future transactions with the Debtors.

17. The Professionals will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases. Accordingly, the Debtors and the Professionals do not believe that the Professionals' representations of the Confidential Parties in matters unrelated to the Debtors preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.

18. The Professionals have recognized (and been responsive to) their disclosure obligations under the Bankruptcy Code, and have narrowly tailored the request set forth in this motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. Indeed, the Professionals have disclosed hundreds of connections to Potential Parties in Interest and request authority to maintain the confidentiality of a limited number of Confidential Parties at this time.

19. As a result, the Debtors believe that, in addition to all that has been disclosed in the Professional Declarations, authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

20. The Debtors request authority for the Debtors and the Professionals to file redacted versions of the names of the Confidential Parties in the Professional Declarations. The Debtors will provide the Court, the Committee, and the U.S. Trustee with unredacted versions of the Professional Declarations.

21. This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these chapter 11 cases while still maintaining confidentiality of "commercial information" where truly necessary.

**Certification Pursuant to Local Rule 9018-1(d)**

22. To the best of the knowledge, information and belief of the undersigned proposed counsel to the Debtors, this motion does not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

**Notice**

23. The Debtors will provide notice of this motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsel thereto; (i) the ABL Lenders and counsel thereto; (j) the FILO Agent and counsel thereto; and (k) any party that has requested notice pursuant to Bankruptcy

Rule 2002 (the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  May 16, 2024
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone:  (302) 426-1189 | New York, New York 10022 |
| Facsimile:  (302) 426-9193 | Telephone:  (212) 446-4800 |
| Email:  dpacitti@klehr.com | Facsimile:  (212) 446-4900 |
|   myurkewicz@klehr.com | Email:  joshua.sussberg@kirkland.com |
|   aradvanovich@klehr.com |   emily.geier@kirkland.com |
|  |   nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone:  (215) 569-3007 | Telephone:  (312) 862-2000 |
| Facsimile:  (215) 568-6603 | Facsimile:  (312) 862-2200 |
| Email:  mbranzburg@klehr.com | Email:  charles.sterrett@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |