**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' APPLICATION SEEKING AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON
HARVEY BRANZBURG LLP AS CO-COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as co-counsel to the Debtors effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Domenic E. Pacitti, a partner at Klehr Harrison (the "Pacitti Declaration"), which is attached hereto as **Exhibit B** and the declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., which is attached as **Exhibit C** (the "Declaration"). In further support of this Application, the Debtors respectfully state as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

10936959.v4

**BACKGROUND**

1. On April 22, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

2. The United States Trustee for the District of Delaware (the "U.S. Trustee") has not yet appointed an official committee of unsecured creditors (the "Committee") in these chapter 11 cases.

3. A description of the Debtors' business and the reasons for commencing the chapter 11 cases are set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc. in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"), which is incorporated herein by reference.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

10936959.v4

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## RELIEF REQUESTED

7. By this Application, the Debtors seek the entry of the Order authorizing the retention and employment of Klehr Harrison as counsel to the Debtors in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Klehr Harrison dated March 27, 2024 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference. A separate application has been filed seeking an order authorizing the retention and employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E") as lead counsel to the Debtors.

## KLEHR HARRISON'S QUALIFICATIONS

8. The Debtors seek to retain Klehr Harrison because of Klehr Harrison's recognized expertise and extensive experience and knowledge in the field of debtors' protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

9. Klehr Harrison has been actively involved in major chapter 11 cases and has represented debtors in many cases including, among others, the following recent cases: *PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. June 4, 2023); *Performance Powersports Group Investor, LLC*, Case No. 23-10047 (LSS) (Bankr. D. Del. Jan. 16, 2023); *Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 22, 2022); *A and A Shareholding Co., LLC*, Case No. 21-10917 (CTG) (Bankr. D. Del. Sept. 22, 2021); *APC*

3

*Automotive Technologies Intermediate Holdings, LLC*, Case No. 20-11466 (CSS) (Bankr. D. Del. June 3, 2020); *Sustainable Restaurant Holdings, Inc.*, Case No. 20-11087 (JTD) (Bankr. D. Del. May 12, 2020); *BL Restaurants Holding, LLC*, Case No. 20-10156 (MFW) (Bankr. D. Del. Jan. 27, 2020); *In re Clover Technologies Group, LLC,* Case No. 19-12680 (KBO) (Bankr. D. Del. Dec. 16, 2019); *In re Anna Holdings LLC*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 1, 2019); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019); *In re RUI Holding Corp.,* Case No. 19-11509 (JTD) (Bankr. Del. July 7, 2019); and *In re 1515-GEEnergy Holding Co. LLC, et al*., No. 19-10303 (LSS) (Bankr. D. Del. Feb. 14, 2019).[2]

10.     In preparing for its representation of the Debtors in these chapter 11 cases, Klehr Harrison has become familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of these chapter 11 cases. The Debtors believe that Klehr Harrison is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

## SERVICES TO BE PROVIDED

11.     Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of Klehr Harrison to render the following legal services, among others, as directed by the Debtors and in support of K&E and on discreet matters assigned directly to Klehr Harrison by the Debtors and K&E:

> (a)     providing legal advice regarding the Local Rules, practices, precedent, regulations, and procedures and providing substantive and strategic advice on how to accomplish the Debtor's goals in connection with the prosecution of these cases, bearing in mind that the Court relies on co-counsel such as Klehr Harrison to be involved in all aspects of each bankruptcy proceeding;

---

[2] Because of the voluminous nature of the orders cited in this Application, they are not attached to this Application. Copies of these orders are available upon request to Debtors' proposed counsel.

4

10936959.v4

(b)      appearing in Court, depositions, and at any meeting with the United States Trustee for the District of Delaware (the "U.S. Trustee") and any meeting of creditors at any given time on behalf of the Debtors as their co-counsel;

(c)      attending meetings and negotiating with representatives of creditors and other parties in interest, in its capacity as co-counsel with K&E;

(d)      reviewing, commenting and/or preparing drafts of documents and discovery materials, and ensuring compliance with the Local Rules, to be filed with the Court as co-counsel to the Debtors and/or served on parties or third parties in these chapter 11 cases;

(e)      advising and assisting the Debtors with respect to the reporting requirements of the U.S. Trustee;

(f)      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

(g)      performing various services in connection with the administration of these cases, including, without limitation, (i) preparing certificates of no objection, certifications of counsel, notices of fee applications and hearings, agendas, and hearing binders of documents and pleadings, (ii) monitoring the docket for filings and coordinating with K&E on pending matters that need responses, (iii) preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates and other matters and the deadlines associated with the same, (iv) generally prepare and/or assist in preparation, and file on behalf of the Debtors all necessary motions, notices, applications, answers, orders, reports and papers in support of positions taken by the Debtors, and (v) handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these cases and coordinating with K&E on any necessary responses; and

(h)      performing various services in which it is determined that K&E may have a conflict in handling on behalf of the Debtors; and

(i)      performing all other services assigned by the Debtors, in consultation with K&E, to Klehr Harrison as co-counsel to the Debtors, and to the extent that Klehr Harrison determines that such services fall outside of the scope of services historically or generally

5

performed by Klehr Harrison as co-counsel in a bankruptcy proceeding, Klehr Harrison will file a supplemental declaration.

12. Klehr Harrison will seek to fulfill its role as co-counsel to the Debtors in the manner that is expected of all counsel practicing before the Courts of the State of Delaware and the federal courts in the District of Delaware, including the United States Bankruptcy Court for the District of Delaware.

## PROFESSIONAL COMPENSATION

13. Klehr Harrison intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Klehr Harrison will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Klehr Harrison uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

14. Klehr Harrison's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $550.00 to $1,100.00 |
| Counsel | $475.00 to $605.00 |
| Associates | $360.00 to $560.00 |
| Paralegals | $305.00 to $375.00 |

10936959.v4

15. Klehr Harrison's hourly rates are set at a level designed to compensate Klehr Harrison fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[3]

16. Klehr Harrison represented the Debtors during the month before the Petition Date using the hourly rates effective January 1, 2024. Commensurate with the annual rate increases of Klehr Harrison, effective January 1, 2024 Klehr Harrison represented the Debtors using the rates listed above. Moreover, these hourly rates are consistent with the rates that Klehr Harrison charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

17. The rate structure provided by Klehr Harrison is appropriate and not significantly different from (a) the rates that Klehr Harrison charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Klehr Harrison will perform in these chapter 11 cases.

18. Consistent with the Engagement Letter, it is Klehr Harrison's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Klehr Harrison's policy to charge its clients only the amount actually incurred by Klehr Harrison in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

---

[3] As set forth in the Order, Klehr Harrison will provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file such notice with the Court.

19. To ensure compliance with all applicable deadlines in these chapter 11 cases, from time-to-time Klehr Harrison utilizes the services of overtime secretaries. Klehr Harrison charges fees for these services pursuant to the Engagement Letter, which permits Klehr Harrison to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, Klehr Harrison professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

20. Klehr Harrison currently charges the Debtors $0.15 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules, Klehr Harrison will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Klehr Harrison does not charge its clients for incoming facsimile transmissions. Klehr Harrison has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost-effective than using traditional (non-computer-assisted legal research) techniques.

**COMPENSATION RECEIVED BY KLEHR HARRISON FROM THE DEBTORS**

21. In connection with these cases, the Debtors paid classic retainers to Klehr Harrison as follows: $150,000.00 on April 5, 2024 and $30,000.00 on April 19, 2024 which, as stated in the Engagement Letter, constituted a "classic retainer" as defined in *In re Production Associates, Ltd.,* 264 B.R. 180, 184-85 (Bankr. N.D. Ill. 2001), and *In re McDonald Bros. Construction, Inc.,* 114 B.R. 989, 997-99 (Bankr. N.D. Ill. 1990). As stated in the Engagement Letter, the classic retainers are property of Klehr Harrison, are not held in a separate account, and were earned upon receipt, and, consequently, Klehr Harrison placed the amounts into its general cash account. The amounts Klehr Harrison has invoiced the Debtors against the classic retainer for professional services and

for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth in the Pacitti Declaration.

22. Pursuant to Bankruptcy Rule 2016(b), Klehr Harrison has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Klehr Harrison or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors did not owe Klehr Harrison any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred but not yet applied to Klehr Harrison's classic retainers, Klehr Harrison's total retainers always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

## **KLEHR HARRISON DISINTERESTEDNESS**

23. To the best of the Debtors' knowledge and as disclosed herein and in the Pacitti Declaration, (a) Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Pacitti Declaration.

24. Klehr Harrison will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Klehr Harrison will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10936959.v4

**SUPPORTING AUTHORITY**

25. The Debtors seek retention of Klehr Harrison as co-counsel to the Debtors' attorneys pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26. Section 328(a) of the Bankruptcy Code provides that a debtor, subject to Court approval, "may employ . . . a professional person . . . on any reasonable terms of employment." Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr P 2014.

27. The Debtors submit that for all the reasons stated above and in the Pacitti Declaration, the retention and employment of Klehr Harrison as co-counsel to the Debtors is warranted. Further, as stated in the Pacitti Declaration, Klehr Harrison is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Pacitti Declaration.

**NOTICE**

28.     The Debtors will provide notice of this motion to (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the official committee of unsecured creditors; (c) the DIP Agents and counsel thereto; (d) the ABL Lenders and counsel thereto; (e) the FILO Agent and counsel thereto; and (f) any party that request service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.  A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Express. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

**NO PRIOR REQUEST**

29.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Respectfully Submitted,

**EXPRESS, INC.**
(for itself and on behalf of its affiliated debtors and debtors in possession)

Dated: May 16, 2023            */s/ Stewart Glendinning*
                        Name:  Stewart Glendinning
                        Title:   Chief Executive Officer

10936959.v4