# **EXHIBIT C**

**Glendinning Declaration**

10936959.v4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF STEWART GLENDINNING IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION**

I, Stewart Glendinning, being duly sworn, state the following:

1. I am the Chief Executive Officer of Express, Inc. and certain of its affiliated Debtors.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Klehr Harrison Harvey Branzburg LLP as Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**THE DEBTORS' SELECTION OF COUNSEL**

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

10936959.v4

the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4. To that end, the review process utilized by the Debtors here selected counsel based on their expertise in the relevant legal issues and in similar proceedings. The Debtors interviewed only Klehr Harrison to represent the Debtors in these chapter 11 cases. The Debtors retained Klehr Harrison because of its extensive experience in large and complex corporate restructurings, both out of court and in chapter 11. Klehr Harrison has become familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these chapter 11 cases. I believe that Klehr Harrison is both well qualified and uniquely able to represent the Debtor in these chapter 11 cases in an efficient and timely manner.

## RATE STRUCTURE

5. In my capacity as the Chief Executive Officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. Klehr Harrison has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Klehr Harrison charges for non-bankruptcy representations. As discussed below, I am also responsible for reviewing the invoices regularly submitted by Klehr Harrison and can confirm that the rates Klehr Harrison charged the Debtors in the prepetition period are the same as the rates Klehr Harrison will charge the Debtors in the postpetition period.

## COST SUPERVISION

6. The Debtors have approved the prospective budget and staffing plan as reflected in the budget attached as Exhibit 1 to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the*

10936959.v4

*Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [Docket No. 85], recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Klehr Harrison. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue to review the invoices that Klehr Harrison regularly submits, and, together with Klehr Harrison, amend the budget and staffing plans periodically, as the case develops.

7. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

                                                  **EXPRESS, INC.**
(for itself and on behalf of its affiliated debtors and debtors in possession)

Dated: May 16, 2024          */s/ Stewart Glendinning*
                                        Name: Stewart Glendinning
                                        Title: Chief Executive Officer