## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) <u>**Hearing Date**</u>: |
| | ) **June 6, 2024 at 9:30 a.m. (ET)** |
| | ) <u>**Objection Deadline**</u>: |
| | ) **May 30, 2024 at 4:00 p.m. (ET)** |
| | ) |

### APPLICATION OF DEBTORS FOR APPOINTMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this application:[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u> (the "<u>Order</u>"), appointing Stretto, Inc. ("<u>Stretto</u>") as administrative advisor (the "<u>Administrative Advisor</u>") in the Debtors' chapter 11 cases effective as of the Petition Date (as defined below).

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Expess GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., In Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on April 22, 2024 (the "<u>Petition Date</u>"). Capitalized terms used but not otherwise defined in this Application shall have the meanings given to them in the First Day Declaration.

2.      On the Petition Date, the Debtors filed an application (the "Section 156(c) Application") for an order appointing Stretto as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(f).  The Debtors believe that administration of these chapter 11 cases will require Stretto to perform duties outside the scope of services authorized to be provided to the Debtors by Stretto pursuant to the order approving the Section 156(c) Application.

3.      In support of this application, the Debtors submit the *Declaration of Sheryl Betance in Support of Application of Debtors for Appointment of Stretto as Administrative Advisor Effective as of the Petition Date* (the "Betance Declaration"), attached hereto as **Exhibit B.**

### Jurisdiction and Venue

4.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The bases for the relief requested herein are sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 2014(a) and 2016, and Local Rule 2014-1.

## Background

7.     The Debtors are an omnichannel fashion retail company whose business operates under a multi-banner portfolio comprised of Express, UpWest, and Bonobos.  Grounded in a belief that style, quality and value should all be found in one place, Express is a brand with a purpose. The Debtors offer their merchandise through approximately 600 stores throughout the United States and Puerto Rico—located primarily in high-traffic shopping malls, lifestyle centers, and outlets—as well as online through their U.S. e-commerce websites.  Headquartered in Columbus, Ohio, Express, Inc. is a publicly traded company that currently employs approximately 9,300 employees, of whom approximately 2,800 are full time.

8.     The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders.  The Debtors anticipate right-sizing their retail footprint and winding down brick-and-mortar locations that are not part of their go-forward business plan.  The Debtors will seek to implement a value-maximizing going-concern transaction for their remaining operations.

9.     On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this application, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On May 3, 2024, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 154]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### Stretto's Qualifications

10.    Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto has substantial experience in matters of this size and complexity, and has acted as the official administrative advisor in many large bankruptcy cases pending in this District, including: *In re Millennial Benefit Mgmt. Corp.*, Case No. 23-12083 (TMH) (Bankr. D. Del. Feb. 21, 2024); *In re Potrero Med., Inc.*, Case No. 23-11900 (LSS) (Bankr. D. Del. Jan. 19, 2024); *In re Smart Earth Techs. LLC*, Case No. 23-11866 (KBO) (Bankr. D. Del. Dec. 27, 2023); *In re MVK FarmCo LLC*, Case No. 23-11721 (LSS) (Bankr. D. Del. Dec. 7, 2023); *In re Water Gremlin Co.*, Case No. 23-11775 (LSS) (Bankr. D. Del. Nov. 27, 2023); *In re Unconditional Love Inc.*, Case No. 23-11759 (MFW) (Bankr. D. Del. Nov. 18, 2023); *In re IronNet, Inc.*, Case No. 23-11710 (BLS) (Bankr. D. Del. Nov. 9, 2023); *In re High Valley Invs., LLC*, Case No. 23-11616 (TMH) (Bankr. D. Del. Nov. 1, 2023); *In re Infinity Pharms., Inc.*, Case No. 23-11640 (BLS) (Bankr. D. Del. Oct. 23, 2023); and *In re Off Lease Only LLC*, Case No. 23-11388 (CTG) (Bankr. D. Del. Oct. 20, 2023).

**Services to be Provided**

11.     Pursuant to the Engagement Agreement (the "Engagement Agreement"), the

Debtors seek to retain Stretto to provide, among other things, the following bankruptcy solicitation

and administration services, if and to the extent requested:

   (a)     Assist with, among other things, solicitation, balloting, and tabulation of
           votes; prepare any related reports, as required in support of confirmation of
           a chapter 11 plan;

   (b)     Prepare an official ballot certification and, if necessary, testify in support of
           the ballot tabulation results;

   (c)     Assist with the preparation of the Debtors' schedules of assets and liabilities
           and statements of financial affairs and gather data in conjunction therewith;

   (d)     Provide a confidential data room;

   (e)     Manage and coordinate any distributions pursuant to a chapter 11 plan if
           designated as distribution agent under such plan; and

   (f)     Provide such other solicitation, balloting and other administrative services
           described in the Engagement Agreement, but not included in the Section
           156(c) Application, as may be requested from time to time by the Debtors,
           the Court, or the Office of the Clerk of the Bankruptcy Court.

12.     Stretto's appointment as Administrative Advisor will provide the Debtors with

experienced professionals and services that are essential to a successful reorganization.  Stretto

will coordinate with the Debtors' other retained professionals in these cases to avoid any

unnecessary duplication of services.  Accordingly, the relief requested in this application is in the

best interests of the Debtors' estates and all parties in interest.

**Professional Compensation**

13.     The fees Stretto will charge in connection with providing services to the Debtors

are set forth in the Engagement Agreement.  The Debtors submit that Stretto's rates are competitive

and comparable to the rates its competitors charge for similar services.  Indeed, the Debtors

conducted a review and competitive comparison of other firms and reviewed the rates of other

firms before selecting Stretto as Administrative Advisor.  The Debtors believe Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise.  Additionally, Stretto will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

14.     Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $50,000.  Pursuant to the Order Authorizing Retention and Appointment of Stretto as Claims and Noticing Agent [Docket No. 80] (the "Section 156(c) Order"), Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and to hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.  However, Stretto will not apply the advance to any fees and expenses incurred as Administrative Advisor to the Debtors unless and until such fees and expenses have been approved by the Court in accordance with the proposed order granting this application.

15.     Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

16.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely

from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

### Disinterestedness

17.     Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

18.     Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

19.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional

> services to be rendered, and proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [firm's] connections with
> the debtor, creditors, any other party in interest, their respective attorneys
> and accountants, the U.S. Trustee, or any person employed in the office of
> the U.S. Trustee.

Fed. R. Bankr. P. 2014.

21.     In light of the size and complexity of these chapter 11 cases, the Debtors submit that retaining and employing Stretto pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.  The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

22.     The Debtors believe that administration of these chapter 11 cases will require Stretto to perform duties outside of the scope authorized in the Section 156(c) Order.  Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors request the Court enter an order appointing Stretto as the Administrative Advisor in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

### Notice

23.     The Debtors will provide notice of this motion to:  (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsel thereto; (j) the ABL Lenders and counsel thereto; (k) the FILO

Agent and counsel thereto; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

24.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully Submitted,

**EXPRESS, INC.**
(for itself and on behalf of its affiliated debtors and debtors in possession)

Dated: May 16, 2024                    */s/  Stewart Glendinning*
                                            Name:  Stewart Glendinning
                                            Title:   Chief Executive Officer