**Exhibit B**

**Betance Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date:** |
| | ) **June 6, 2024 at 9:30 a.m. (ET)** |
| | ) **Objection Deadline:** |
| | ) **May 30, 2024 at 4:00 p.m. (ET)** |

**DECLARATION OF SHERYL BETANCE IN SUPPORT
OF APPLICATION OF DEBTORS FOR APPOINTMENT OF STRETTO, INC.
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

I, Sheryl Betance, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Managing Director of Corporate Restructuring at Stretto, Inc. ("Stretto"), a chapter 11 administrative services firm with offices at 410 Exchange, Ste. 100, Irvine, CA 92602. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration is made in support of the above-captioned debtors' (collectively, the "Debtors") *Application of Debtors for Appointment of Stretto, Inc. as Administrative Advisor*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

*Effective as of the Petition Date*, which was filed contemporaneously herewith (the "<u>Application</u>").[2]

## Qualifications

3.  Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto has substantial experience in matters of this size and complexity, and has acted as the official administrative advisor in many large bankruptcy cases in this District, including: *In re Millennial Benefit Mgmt. Corp.*, Case No. 23-12083 (TMH) (Bankr. D. Del. Feb. 21, 2024); *In re Potrero Med., Inc.*, Case No. 23-11900 (LSS) (Bankr. D. Del. Jan. 19, 2024); *In re Smart Earth Techs. LLC*, Case No. 23-11866 (KBO) (Bankr. D. Del. Dec. 27, 2023); *In re MVK FarmCo LLC*, Case No. 23-11721 (LSS) (Bankr. D. Del. Dec. 7, 2023); *In re Water Gremlin Co.*, Case No. 23-11775 (LSS) (Bankr. D. Del. Nov. 27, 2023); *In re Unconditional Love Inc.*, Case No. 23-11759 (MFW) (Bankr. D. Del. Nov. 18, 2023); *In re IronNet, Inc.*, Case No. 23-11710 (BLS) (Bankr. D. Del. Nov. 9, 2023); *In re High Valley Invs., LLC*, Case No. 23-11616 (TMH) (Bankr. D. Del. Nov. 1, 2023); *In re Infinity Pharms., Inc.*, Case No. 23-11640 (BLS) (Bankr. D. Del. Oct. 23, 2023); and *In re Off Lease Only LLC*, Case No. 23-11388 (CTG) (Bankr. D. Del. Oct. 20, 2023).

4.  As Administrative Advisor, Stretto will perform the bankruptcy administration services specified in the Application and the Engagement Agreement. In performing such services,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Stretto will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as **Exhibit 1** of the Order.

5.      Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Stretto and its professional personnel:

    (a)     are not creditors, equity security holders, or insiders of the Debtors;

    (b)     are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and

    (c)     do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6.      I caused to be submitted for review by our conflicts system the names of potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases.  A list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' largest unsecured creditors on a consolidated basis, the United States Trustee and persons employed in the office of the United States Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries.  Stretto's internal database also includes Stone Point Capital LLC ("Stone Point"), its funds, and each such fund's respective portfolio companies as set forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "Stone Point Searched Parties").  The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision.  At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts or

connections bearing on the matters described herein during the period of retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Stretto, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Stretto has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, in matters unrelated to these chapter 11 cases, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors. Based upon a review of the Potential Parties in Interest:

- Alvarez & Marsal has been identified as a Potential Party in Interest. Richard Newman, an employee of Alvarez & Marsal, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- The list of Potential Parties in Interest also identifies M3 Partners, the Debtors' proposed financial advisor. M3 Advisory Partners, L.P. is liquidating trustee to the SRZ Liquidating Trust. Stretto provides preference action recovery and analysis services to the SRZ Liquidating Trust. Such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- The list of Potential Parties in Interest includes entities, as set forth on Annex 1 attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

8. To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, or any attorney known

by Stretto to be employed in the Office of the United States Trustee serving the District of Delaware. The list of Potential Parties in Interest identifies the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware. Denise Kaloudis, a Managing Director at Stretto, formerly worked as a law clerk to the Honorable Mary F. Walrath. I have been advised that Denise Kaloudis did not work on matters involving the Debtors while employed as a law clerk to the Honorable Mary F. Walrath.

9. Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these cases. Except as disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in these chapter 11 cases.

10. Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in these chapter 11 cases.

11. In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point. Stone Point is a financial services-focused private equity firm based in

Greenwich, Connecticut. The firm has raised and managed nine private equity funds—the Trident Funds—with aggregate committed capital of approximately $40 billion. Stone Point targets investments in the global financial services industry and related sectors.

12. The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules. Stretto has searched the names of the Debtors and the names of the Potential Parties in Interest against the Stone Point Searched Parties. In addition, following the Petition Date, Stretto provided Stone Point with the names of the Debtors, any non-debtor affiliates and the Debtors' significant equity holders, and Stone Point searched such names against its investments to confirm whether Stone Point has any relationship to such entities.

13. Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in these chapter 11 cases as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure. To the extent Stretto learns of any material connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtors, Stretto will promptly file a supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtors with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

14. From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (the "Investment Funds"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their

affiliates, often without Stretto's or its personnel's knowledge. Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell or vote any particular security. Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

15. From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is a Debtor or of any of its affiliates.

16. To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtors' estates; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors, and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtors, its creditors,

any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated:  May 16, 2024　　　　　　　　　　/s/ *Sheryl Betance*
　　　　　　　　　　　　　　　　　　　　Sheryl Betance
　　　　　　　　　　　　　　　　　　　　Senior Managing Director
　　　　　　　　　　　　　　　　　　　　Stretto, Inc.
　　　　　　　　　　　　　　　　　　　　410 Exchange, Ste. 100
　　　　　　　　　　　　　　　　　　　　Irvine, CA 92602

**Annex 1**

A&G Realty Partners, LLC
Arizona Department of Revenue
Bank of America, N.A.
Calcasieu Parish
City of Baton Rouge
City of Lakewood
Coral-CS LTD Assoc.
CSC
Delaware Secretary of State
Delta Dental
Great American Merchandise
Greene Town Center LLC
Illinois Department of Revenue
JDA Software, Inc.
Jefferson County Treasurer
Jefferson Parish Sherriff's Office
Joele Frank, Wilkinson Brimmer Katcher
Kansas Department of Revenue
Kentucky Department of Revenue
Lafayette Parish School System
Mall at Northshore LLC
Maricopa County
Mayflower Cape Cod LLC
Microsoft
Minnesota Revenue
New Mexico Taxation and Revenue Department
Nevada Department of Taxation
New York State Department of Taxation and Finance
Pacific Gas & Electric Company
PR Plymouth Meeting LP
Salesforce.com, Inc.
Southern California Edison
St. Tammany Parish Tax Collector
U.S. Customs & Border Protection
Utah State Tax Commission
Wells Fargo
Wisconsin Department of Revenue