IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:** |
| | ) June 6, 2024 at 9:30 a.m. (ET) |
| | ) **Objection Deadline:** |
| | ) May 30, 2024 at 4:00 p.m. (ET) |

**APPLICATION OF THE
DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND APPROVING THE EMPLOYMENT
AND RETENTION OF PRICEWATERHOUSECOOPERS
LLP AS AUDIT SERVICES PROVIDER TO THE DEBTORS
AND DEBTORS IN POSSESSION EFFECTIVE AS OF APRIL 22, 2024**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application (this "Application"):[2]

**Relief Requested**

1. By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016- 1 of the Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Debtors hereby seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ PricewaterhouseCoopers LLP ("PwC LLP") as their audit services provider, effective as of April 22, 2024 (the "Petition Date"), in accordance with the terms and conditions of the Engagement Letter (as defined below).  In support of this Application, the Debtors submit the *Declaration of Nicholas Doland in Support of Application of the Debtors for Entry of an Order Authorizing and Approving the Employment and Retention of PricewaterhouseCoopers LLP as Audit Services Provider to the Debtors and Debtors in Possession Effective as of April 22, 2024* (the "Doland Declaration"), a copy of which is attached hereto as **Exhibit B** and incorporated herein.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to rule 9013 1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, rules 2014(a) and 2016 of the Bankruptcy Rules, and rules 2014-1 and 2016-1 of the Local Rules.

**Background**

5. The Debtors are an omnichannel fashion retail company whose business operates under a multi-banner portfolio comprised of Express, UpWest, and Bonobos. Grounded in a belief that style, quality and value should all be found in one place, Express is a brand with a purpose. The Debtors offer their merchandise through approximately 600 stores throughout the United States and Puerto Rico—located primarily in high-traffic shopping malls, lifestyle centers, and outlets—as well as online through their U.S. e-commerce websites. Headquartered in Columbus, Ohio, Express, Inc. is a publicly traded company that currently employs approximately 9,300 employees, of whom approximately 2,800 are full time.

6. The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders. The Debtors anticipate right sizing their retail footprint and winding down brick-and-mortar locations that are not part of their go-forward business plan. The Debtors are seeking to implement a value maximizing going concern transaction for their remaining operations.

7. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 23, 2024, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 67]. No request for the appointment of a trustee or examiner has been made in these

chapter 11 cases. On May 3, 2024, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") [Docket No. 154].

### PwC LLP's Qualifications

8. The Debtors seek to employ PwC LLP to provide audit services to the Debtors because, among other things, PwC LLP is a leading assurance firm. PwC LLP has considerable experience providing assurance services, including to businesses in a chapter 11 environment and PwC LLP has been employed in numerous cases under the Bankruptcy Code. Accordingly, the Debtors believe that PwC LLP is qualified to provide the Professional Services (as defined below) during these chapter 11 cases in an efficient and timely manner.

9. As set forth in the Doland Declaration, the Debtors engaged PwC LLP as their audit services provider pursuant to the terms and conditions in the following engagement letter, as amended (collectively the "Engagement Letter").[3]

    a. the May 8, 2023, engagement letter attached as **Exhibit C** (the "2023 Audit Engagement Letter");

    b. the March 14, 2024, amendment to the 2023 Audit Engagement Letter, attached as **Exhibit D** (the "2023 Audit Amendment No. 1"); and

    c. the April 30, 2024, amendment to the 2023 Audit Engagement Letter, attached as **Exhibit E** (the "2023 Audit Amendment No. 2")

10. PwC LLP has indicated a desire and willingness to act in these chapter 11 cases to render the Professional Services on the terms set forth in the Engagement Letter, as the same may be modified by the Order. Pursuant to the Engagement Letter and subject to the Court's entry of the Order, all services that PwC LLP provides to the Debtors will be: (a) at the request

---

[3] All summaries herein are provided for convenience only and are qualified by reference to the Engagement Letter. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control. Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in the Engagement Letter.

of the Debtors; and (b) appropriately directed by the Debtors so as to avoid unnecessary duplication of efforts among the Debtors' other professionals retained in these chapter 11 cases.

### Services to Be Provided

11. As requested by the Debtors, and consistent with the terms of the Engagement Letter, PwC LLP will provide the following audit services (collectively, the "Professional Services"):

    a. **2023 Audit Engagement Letter**:

        i. PwC LLP will perform an integrated audit of the consolidated financial statements of Express, Inc. ("Express") at February 3, 2024 and for the year then ending and of the effectiveness of Express's internal control over financial reporting as of February 3, 2024. PwC LLP will provide Express, upon completion of its work, with a report on the audit work referred to above. The integrated audit will be conducted in accordance with the standards of the Public Company Accounting Oversight Board (the "PCAOB").

        ii. In conjunction with the annual financial statement audit, PwC LLP will perform reviews of Express's unaudited consolidated quarterly financial information for each of the first three quarters in the year ending February 3, 2024, before the Form 10-Q is filed. These reviews will be conducted in accordance with the standards established by the PCAOB.

        iii. As is customary, as part of its engagement, PwC LLP may provide various types of insights whether oral, written, or visual.

    b. **2023 Audit Amendment No. 1**: The 2023 Audit Amendment No. 1 amends the 2023 Audit Engagement Letter to provide for the payment by Express of a retainer to PwC LLP. Such retainer was to pay for incremental audit services not originally anticipated under the original 2023 Audit Engagement Letter.

    c. **2023 Audit Amendment No. 2**: PwC LLP will perform the following incremental audit services that are necessary for the audit but not originally anticipated. Such incremental audit services might include incremental audit procedures related to adopting ASC 852, Reorganizations as a result of Express's bankruptcy proceedings, providing general accounting advice around accounting while in bankruptcy and the adoption of fresh start accounting, if applicable, capital

markets transactions, liquidity assessments, or other technical accounting matters involving consultations, and trigger based impairment assessments.

12. Should the Debtors request PwC LLP perform additional services not contemplated by the Engagement Letter, the Debtors and PwC LLP will mutually agree upon such services and fees in writing in advance to the provision of such services. In the event the additional services require an amendment to or statement of work with respect to the Engagement Letter or entry into a separate engagement letter, the Debtors shall file notice of such documents with the Court, in accordance with the Court's approval procedures and the terms of the Order. Provided no objection is timely filed to the proposed services and agreements, PwC LLP will continue to provide the requested services subject to any prior order entered by the Court on PwC LLP's retention.

**Professional Compensation**

13. Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, in consideration for the services to be rendered by PwC LLP in these chapter 11 cases, the contracted for Professional Services are provided under a fixed and hourly fee arrangement pursuant to the Engagement Letter. The following outlines the proposed compensation structure that is set forth in the Engagement Letter (collectively, the "Fee and Expense Structure"):[4]

    a. <u>2023 Audit Engagement Letter</u>. The 2023 Audit Engagement Letter is a fixed fee arrangement whereby PwC LLP agreed to be paid $1,368,000, exclusive of expenses, to provide the agreed-upon services. Prepetition, PwC LLP was paid $1,368,000 of such fixed fee amount, of which $0.00 remains to be applied against approved postpetition fees for such postpetition audit services.

---

[4] In connection with the Debtors' use of certain PwC proprietary licensed products, the Debtors pay a small amount to PwC Product Sales LLC for annual licensing fees.

b. <u>2023 Audit Amendment No. 1</u>: The 2023 Audit Amendment No. 1 is an amendment which provides that Express will pay PwC LLP a retainer. Prior to the Petition Date, Express paid PwC LLP a retainer of $200,000, of which $0.00 remains to be applied against approved postpetition fees.

c. <u>2023 Audit Amendment No. 2</u>: The 2023 Audit Amendment No. 2 is an hourly fee arrangement. The hourly rates are set forth below, exclusive of expenses.

| Specialists (CMAAS, Valuation and National Office) | | |
|---|---|---|
| Staff Class | Rate per hour (CMAAS and National Office) | Rate per hour (Valuation) |
| Partner | $1,270 | $1,270 |
| Managing Director | $1,202 | $1,142 |
| Director | $1,086 | $1,039 |
| Senior Manager | $961 | $917 |
| Manager | $842 | $796 |
| Senior Associate | $693 | $663 |
| Associate | $603 | $559 |

| Core Audit Team | | |
|---|---|---|
| Staff Class | Rate per hour (Assurance) | Rate per hour (Tax) |
| Partner | $1,070 | $773 |
| Managing Director | $804 | $659 |
| Director | $563 | $587 |
| Senior Manager | $466 | $548 |
| Manager | $461 | $477 |
| Senior Associate | $425 | $433 |
| Associate | $275 | $336 |

14. PwC LLP will invoice the Debtors for PwC LLP's actual, reasonable, and necessary expenses during these chapter 11 cases, including travel (and internal per-ticket charges), delivery services, applicable sales, use, excise or value-added tax, the fees and expenses of outside counsel to the extent applicable, and other expenses incurred in providing the Professional Services.

15. As set forth in the Doland Declaration, the Debtors understand that PwC LLP will apply to the Court for allowances of compensation and reimbursement of expenses for all work performed under the Engagement Letter in accordance with applicable *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (collectively, the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court, and in accordance with the terms and conditions of the Engagement Letter.

16. The Debtors are advised that it is not the practice of PwC LLP's professionals to keep detailed time records in one-tenth-of-an-hour (0.10) increments as customarily kept by attorneys who are compensated subject to Court-approval. Instead, the customary practice of PwC LLP's professionals is to keep reasonably detailed records of services rendered during an engagement in half-hour (0.50) increments. The Debtors request that the Court allow PwC LLP's professionals to provide the following in its monthly, interim and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

17. Given the nature of the services to be provided by PwC LLP, the Debtors submit that such billing format and associated time details will be sufficient for parties-in-interest to make informed judgments regarding the nature and appropriateness of PwC LLP's services and

fees. Accordingly, to the extent necessary, based on the foregoing, the Debtors respectfully seek a waiver of the information requirements set forth in the compensation procedures.

18. Except as set forth in the Doland Declaration, PwC LLP has not shared or agreed to share any compensation to be paid by the Debtors with any non-affiliated or unrelated entity, in accordance with section 504 of the Bankruptcy Code.

## Retroactive Retention

19. At the Debtors' request, beginning after the Petition Date, PwC LLP was providing the requested services to the Debtors in anticipation that its requested retention would be approved effective as of Petition Date. With that understanding, PwC LLP has provided, and will continue to provide, valuable services to the Debtors. Concurrently, PwC LLP has worked diligently to complete its relationship search process in support of this Application. Upon completion of the relationship search process, PwC LLP promptly took all necessary actions to prepare and file this Application. Accordingly, the Debtors respectfully request that PwC LLP's retention be made effective retroactive to the Petition Date, so that PwC LLP may be compensated for the services it has provided prior to the hearing and approval of this Application.

## PwC LLP's Disinterestedness

20. In reliance on the Doland Declaration, the Debtors believe that, except as set forth in the Doland Declaration, PwC LLP: (a) has no connection with the Debtors and the parties identified in that certain Parties in Interest list; (b) does not hold any interest adverse to the Debtors or the Debtors' estates; and (c) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code.

21. As of the Petition Date, PwC LLP was not owed any money by the Debtors on account of prepetition services performed by PwC LLP. In the 90 days prior to the Petition Date, PwC LLP was paid $1,031,875, of which $200,000 was on account of prepetition retainers.

22. The Debtors' knowledge, information, and belief regarding certain of the matters set forth in this Application, including, without limitation PwC LLP's disinterestedness, are based on, and are made in reliance upon, the Doland Declaration.

23. The Debtors have been informed that PwC LLP will conduct a periodic review of its files to ensure that no disqualifying circumstances arise. To the extent any information PwC LLP disclosed requires amendment, modification or supplementation as additional information becomes available, PwC LLP will submit a supplemental declaration to the Court.

### Basis for Relief

**A.    The Debtors' Retention and Employment of PwC LLP Is Appropriate Pursuant to Sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.**

24. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

25. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . . or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been

> improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

26. Bankruptcy Rule 2014 provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

27. As set forth above, the Debtors have selected PwC LLP to provide the Professional Services set forth in the Engagement Letter and described herein because PwC LLP is a well-respected and experienced professional services firm. PwC LLP possesses extensive experience in the area of audit services that will be useful to the Debtors and PwC LLP has indicated a desire and willingness to act in these chapter 11 cases and to render the necessary and contracted for Professional Services to the Debtors.

28. The Debtors believe that the Fee and Expense Structure appropriately reflect the nature of the services to be provided by PwC LLP in connection with these chapter 11 cases, and is consistent with, and typical of, arrangements entered into by PwC LLP and other firms that provide audit services with respect to rendering comparable services for clients similar to the Debtors, both in and out of chapter 11. PwC LLP and the Debtors also believe that the Fee and Expense Structure are reasonable and at market rates. The Fee and Expense Structure are reasonable terms and conditions of employment and should be approved by the Court under section 328(a) of the Bankruptcy Code in light of: (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; (c) PwC LLP's substantial experience with respect to the Professional Services; and (d) the nature and scope of work to be performed by PwC LLP in connection with these chapter 11 cases.

29. Furthermore, not granting the relief requested herein would deprive the Debtors of the assistance of a highly qualified professional audit services provider, which would disadvantage the Debtors and all parties in interest in these chapter 11 cases. The Debtors would be potentially forced to engage a new audit services provider. Engaging a new audit services provider to replace PwC LLP would necessarily require the Debtors to needlessly expend additional time and resources at a critical stage of these chapter 11 cases. Accordingly, the Debtors submit that the services provided by PwC LLP are critical to the success of these chapter 11 cases.

**B.      Retroactive Relief is Warranted.**

30. The Debtors believe that employment of PwC LLP, effective as of the Petition Date, is warranted under the circumstances of these chapter 11 cases so that PwC LLP may be compensated for its services rendered prior to entry of the Order. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive employment because PwC LLP has provided, and will continue to provide, valuable services to the Debtors' estates.

31. Courts in this district routinely approve retroactive employment similar to that requested herein.

<u>**Notice**</u>

32. The Debtors will provide notice of this motion to (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the official committee of unsecured creditors; (c) the DIP Agents and counsel thereto; (d) the ABL Lenders and counsel thereto; (e) the FILO Agent and counsel thereto; and (f) any party that request service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given. A copy of this Application is also available on the website of the

Debtors' notice and claims agent at https://cases.stretto.com/Express.

## No Prior Request

33.     No prior request for the relief sought in this application has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: May 16, 2024  
Columbus, Ohio

*/s/ Stewart Glendinning*  
Stewart Glendinning  
Express, Inc.  
Chief Executive Officer