## Exhibit D

**First Amendment to the Second Lien DIP Term Credit Agreement**

# FIRST AMENDMENT

THIS FIRST AMENDMENT (this "**Amendment**") is entered into as of May 22, 2024, by and among EXPRESS, LLC, a Delaware limited liability company (the "**Borrower**"), each undersigned lender party hereto (which for the purposes of this Amendment constitute the Required Lenders) and RESTORE CAPITAL, LLC, as collateral agent (the "**Collateral Agent**") for the Secured Parties and as administrative agent (the "**Administrative Agent**" and, together with the Collateral Agent, the "**Agents**").

## R E C I T A L S

WHEREAS, the Borrower, the Lenders party thereto and the Agents, among others, are parties to that certain Senior Secured Super-Priority Priming Debtor-In-Possession Asset-Based Term Loan Agreement, dated as of April 24, 2024 (as amended, renewed, extended, amended or restated, supplemented, or otherwise modified from time to time prior to the date hereof, the "**Credit Agreement**" and, the Credit Agreement as modified by this Amendment, the "**Amended Credit Agreement**").

WHEREAS, the Borrower, Agents and the Required Lenders desire to amend the Credit Agreement as described herein, subject to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the covenants and agreements contained herein, as well as for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

Section 1.      <u>Same Terms</u>.  All terms used herein which are defined in the Amended Credit Agreement shall have the same meanings when used herein, unless the context hereof otherwise requires or provides.

Section 2.      <u>Amendments to Credit Agreement</u>.  The Borrower, the Required Lenders and the Agents agree that on the First Amendment Effective Date (as defined below), Schedule 5.01(r) to the Credit Agreement shall be amended and restated in its entirety into the form set forth in <u>Annex A</u> hereto.

Section 3.      <u>Conditions Precedent</u>.  The effectiveness of this Amendment (including the amendments contained in <u>Section 2</u>) is subject to the receipt by the Agents' of executed counterparts of this Amendment from the Borrower and the Lenders constituting the Required Lenders (the time at which such condition is so satisfied is referred to herein as the "**First Amendment Effective Date**").

Section 4.      <u>No Further Amendments</u>.  Except as modified hereby, the Credit Agreement shall remain unchanged and all provisions shall remain fully effective between the parties.

Section 5.      <u>Limitation on Agreements</u>.  The modifications set forth herein are limited precisely as written and shall not be deemed (a) to be a consent under or a waiver of or an amendment to any other term or condition in the Credit Agreement or any of the other Loan Documents, or (b) to prejudice any other right or rights that the Agent or any other Lender now has or may have in the future under or in connection with the Credit Agreement and the other Loan Documents or any of the other documents referred to herein or therein.  Neither the Lenders nor the Agent shall be obligated to grant any other future waivers, consents or amendments with respect to any provision of the Credit Agreement or of any other Loan Document.  The Borrower hereby agree and acknowledge that other than the amendments described in this Amendment, no course of dealing and no delay in exercising any right, power or remedy conferred on the Agent or any Lender in the Credit Agreement or in any other Loan Document or now or hereafter existing at law, in equity, by statute or otherwise shall operate as a waiver of or otherwise prejudice any such right, power or remedy.  This Amendment shall constitute a Loan Document for all purposes.

144082864_2

Section 6.      Counterparts.  This Amendment may be executed in any number of counterparts, each of which when executed and delivered shall be deemed an original, but all of which constitute one instrument.  In making proof of this Amendment, it shall not be necessary to produce or account for more than one counterpart thereof signed by each of the parties hereto.  Delivery of an executed counterpart of this Amendment by facsimile or other electronic means shall be deemed effective as delivery of a manually executed counterpart of this Amendment.  The words "execution", "execute", "signed", "signature", and words of like import in or related to any document to be signed in connection with this Amendment and the transactions contemplated hereby shall be deemed to include electronic signatures, the electronic matching of assignment terms and contract formations on electronic platforms approved by the Agent, or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper-based recordkeeping system, as the case may be, to the extent and as provided for in any applicable Law, including the Federal Electronic Signatures in Global and National Commerce Act, the New York State Electronic Signatures and Records Act, or any other similar state laws based on the Uniform Electronic Transactions Act.

Section 7.      Incorporation of Certain Provisions by Reference.  The provisions of Sections 9.15 and 9.16 of the Amended Credit Agreement are incorporated herein by reference for all purposes.

Section 8.      Entirety, Etc.  This Amendment, any other documents executed in connection herewith and all of the other Loan Documents embody the entire agreement between the parties.  THIS AMENDMENT, ANY OTHER DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND ALL OF THE OTHER LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES.

*[Remainder of page intentionally left blank.  Signature pages follow.]*

144082864_2

DocuSign Envelope ID: A32A5DF2-FB14-4C55-B84C-A9E8DB794535

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by their respective officers thereunto duly authorized, as of the date first above written.

**EXPRESS, LLC**, as Borrower

By: _____
Name:  Mark Still
Title:   Senior Vice President and Chief
Financial Officer

**EXPRESS, INC.**, as Holdings and a Guarantor

By: _____
Name:  Mark Still
Title:   Senior Vice President and Chief
Financial Officer

**EXPRESS TOPCO LLC**, as Intermediate Holdings and a Guarantor

By: _____
Name:  Mark Still
Title:   Senior Vice President and Chief
Financial Officer

**EXPRESS HOLDING, LLC**, as Parent and a Guarantor

By: _____
Name:  Mark Still
Title:   Senior Vice President and Chief
Financial Officer

**EXPRESS FASHION LOGISTICS, LLC,**
**EXPRESS FASHION OPERATIONS, LLC,**
**EXPRESS FINANCE CORP.,**
**EXPRESS GC, LLC,**
**UW, LLC,**
**EXPRESS FASHION INVESTMENTS, LLC,**
**EXPRESS BNBS FASHION, LLC,**
Each as a Subsidiary Guarantor

By: _____
Name:  Mark Still
Title:  Senior Vice President and Chief
Financial Officer

**RESTORE CAPITAL, LLC**,
as the Administrative Agent and Collateral Agent

By: _____
Name: Ian Fredericks
Title: President

**RESTORE CAPITAL (EXPRS II), LLC**, as a Lender

By: _____
Name:  Ian Fredericks
Title:    President

**FIRST EAGLE DIRECT LENDING V-A, LLC** as a Lender

By: First Eagle Alternative Credit, LLC
Its: Manager

By: _____
Name: Michelle Handy
Title: Senior Managing Director

**FIRST EAGLE DIRECT LENDING V-B SPV, LLC** as a Lender

By: First Eagle Direct Lending V-B, LLC
Its: Designated Manager

By: First Eagle Alternative Credit, LLC
Its: Manager

By: _____
Name: Michelle Handy
Title: Senior Managing Director

**FIRST EAGLE DIRECT LENDING V-C SCSP** as a Lender

By: First Eagle Alternative Credit, LLC
Its: Portfolio Manager

By: _____
Name:  Michelle Handy
Title: Senior Managing Director

**FIRST EAGLE PEI FUND (BLOCKER), LLC**

By: First Eagle PEI Fund (Blocked), LP
Its: Sole Member

By: First Eagle Alternative Credit, LLC
Its: Investment Adviser

By: _____
Name:  Michelle Handy
Title: Senior Managing Director

*[Express – Signature Page to DIP Asset-Based Term Loan Agreement]*

**1903 PARTNERS, LLC**

By: _Patricia Parent_ _____
Name: Patricia Parent
Title: Vice President and Treasurer


**GB FUNDING, LLC**

By: _____
Name: Kyle C. Shonak
Title: Manager

[*Express – Signature Page to DIP Asset-Based Term Loan Agreement*]

**Annex A**

**Schedule 5.01(r)**

(see attached)

**Schedule 5.01(r)**
**Milestones**

| Event | Date |
|---|---|
| File motion to approve Specified Liquidation Agreement with respect to 95 Stores of the Debtors (such motion, the "Store Closing Sales Motion") acceptable to the Lenders. | Petition Date + 1 day |
| File Bidding Procedures Motion acceptable to the Lenders, which shall contemplate a going concern sale of all or substantially all of the remaining Stores (the "Going Concern Sale") and, in the alternative, (ii) orderly liquidation of all of the Company's assets, including (without limitation) an entire chain liquidation of all stores and all the assets relating thereto (the "Liquidation"). | Petition Date + 1 day |
| Entry of Store Closing Interim Order acceptable to the Lenders, which shall include approval for the Specified Liquidation Agents to act as the liquidation agents pursuant to the Specified Liquidation Agreement for any stores not included in the Going Concern Sale on the terms and conditions contained in the Specified Liquidation Agreement. | Petition Date + 3 days |
| Entry of Interim Order acceptable to the Lenders | Petition Date + 3 days |
| Either:<br><br>(i)    Entry into a "stalking horse" purchase agreement for a Going Concern Sale that has no financing or due diligence outs and is otherwise in accordance with these milestones (a "GC Purchase Agreement"); or<br><br>(ii)    Entry into a "stalking horse" agreement in the form of an agreement (the "Liquidation Agreement") for a Liquidation (either pursuant to a fee deal or equity deal). | May 24, 2024 |
| Entry of Final Order acceptable to the Lenders | June 3, 2024 |
| Entry of order approving Bidding Procedures Motion acceptable to the Lenders | June 3, 2024 |
| If GC Purchase Agreement is entered into by May 22, 2024, then the following additional milestones shall apply: | |
| File GC Purchase Agreement with the Bankruptcy Court | May 24, 2024 |
| Bid Deadline for Going Concern Sale | June 3, 2024 |
| Final Store List delivered to Lenders and Debtors for Going Concern Sale | June 3, 2024 |
| Auction Date for Going Concern Sale | June 5, 2024 |
| Entry of Sale Order approving the Going Concern Sale | June 14, 2024 |
| Closing of Going Concern Sale | June 18, 2024 |

| If Liquidation Agreement is entered into by May 22, 2024, then the following additional milestones shall apply: | |
|---|---|
| Bid Deadline for Liquidation | June 3, 2024 |
| Auction Date for Liquidation | June 5, 2024 |
| Entry of Order approving Liquidation Bid | June 6, 2024 |
| Commencement of Liquidation | June 7, 2024 |