**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.*, [1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR EXPRESS HOLDING, LLC (CASE NO. 24-10833)

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

### General

Express, Inc. ("Express") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), are filing their respective *Schedules of Assets and Liabilities* (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" or "SOFA" and, collectively, the "Statements" or "SOFAs") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors prepared a Global Notes with respect to any of the individual Debtor's Schedules and Statement and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Mark Still, Senior Vice President and Chief Financial Officer of the Debtors, and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Still has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, Mr. Still has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; provided, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

**Global Notes and Overview of Methodology**

1. **Description of the Cases.**  The Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on April 22, 2024 (the "Petition Date").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 23, 2024, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 67].  On May 3, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "UCC") [Docket No. 154].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of April 6, 2024, the date of the Debtors' month end closure to their balance sheet, and the liability data of the Debtors is as of the close of business on the Petition Date.  No trustee or examiner has been appointed in these chapter 11 cases.

2. **Global Notes Control.**  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights.**  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any Debtors, any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements accordingly.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed,"

"contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

c. **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

d. **Classifications.** The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as either "priority," or "unsecured priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e. **Estimates and Assumptions.** To prepare these Schedules and Statements and report information on a legal entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities as of the Petition Date. The reported amounts of revenues are as of the latest prepetition month end close, which is April 6, 2024. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f. **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any

kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at Law, in equity, or otherwise. Causes of action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (b) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (c) the right to object to or otherwise contest claims or interests; (d) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (e) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (f) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g. **Intellectual Property Rights.** Exclusion of certain intellectual property on the Statements and Schedules shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property on the Statements and Schedules shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h. **Insiders.** The Debtors have attempted to include all payments made on or within twelve months before the Petition Date to any individual (and their relatives) or entity who, in the Debtors' good faith belief, may be deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets. The Debtors have also considered the requirements of GAAP and Securities and Exchange Commission (the "SEC") reporting standards and their public disclosures with respect to designating certain individuals and entities as "insider" herein.

The listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be nor should be

construed as an admission that those parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution. The Debtors reserve all rights with respect thereto.

**4. <u>Methodology</u>**

a. **<u>Basis of Presentation.</u>** For financial reporting purposes, the Debtors generally prepare consolidated financial statements, but provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within Debtors' accounting systems, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b. **Reporting Date.** Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records as of April 6, 2024, which follows the Debtors' fiscal calendar.

c. **Confidentiality or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses). The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party. The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d. **Consolidated Entity Accounts Payable and Disbursement Systems.** Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records. As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 12] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately twenty-seven (27) bank accounts, all of which are owned and controlled by the Debtors.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims"). The Debtors maintain records of the Intercompany Claims and Intercompany Transactions. Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Continue*

---

[3] Such as the Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors In Lieu of Submitting a Separate Mailing Matrix for each Debtor, (B) File a Consolidated List of the Debtors Thirty Largest Unsecured Creditors, (C) Serve Certain Parties In Interest by Email, and (D) Redact Certain Personally Identifiable Information of Natural Persons; (II) Approving the Form and Manner of Service of the Notice of Commencement; (III) Waiving the Requirement to File a List of Equity Holders; and (IV) Granting Related Relief [Docket No.87].

*to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 235] (the "<u>Final Cash Management Order</u>"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein.  Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

In addition, certain of the Debtors act on behalf of other Debtors.  Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.  **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.  **Net Book Value of Assets.**  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values as of April 6, 2024, the date of the Debtors' month end closure to their balance sheet, are presented for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g.  **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

h. **Payment of Prepetition Claims Pursuant to First Day Orders.**  Following the Petition Date, the Court entered various orders authorizing the Debtors to, among other things, pay certain prepetition:  (i)  service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) customer program obligations; (v)  customer program obligations; and (vi) critical vendor obligations (collectively, the "First Day Orders").  As such, outstanding liabilities may have been reduced by any Court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i. **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j. **Setoffs.**  The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors.  In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k. **Leases.**  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business.  Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G.  Nothing in the Schedules and Statements is, or shall be construed to be,

9

an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

l. **Liens.** The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).

m. **Allocation of Liabilities.** The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

n. **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

o. **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

p. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

q. **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors

have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

**Specific Schedules Disclosures.**

**Part 1 – Cash and Cash Equivalents**

(a) **Schedule A/B-2 – Cash on Hand.**  Schedule A/B 2 lists cash on hand in store registers as of the Petition Date.

(b) **Schedule A/B-3 – Checking, Savings, or Other Financial Accounts, CDs, etc.** Schedule A/B 3 lists bank account balances as of closing on the Petition Date.  Further details with respect to the Debtors' cash management system and bank accounts are also provided in the Cash Management Motion and the Final Cash Management Order.

(c) **Schedule A/B-4 – Other Cash Equivalents.**  The Debtors estimated the amount of insurance claims related to workers' compensation and general liability and cash "in-transit" as of the Petition Date.  Cash in-transit represents credit card transmissions made by Express before month-end but are not settled until the next fiscal month. Insurance-related cash equivalents are bank balances required to be maintained by a third-party vendor which handles workers' compensation and general ledger claims in order to pay those claims after their settlement.  Store depository balances represent cash pending settlement at banks and are physically in transit to the bank.  The Debtors provided store depository balances as of April 6, 2024, as this was the latest comprehensive reconciliation conducted prior to the Petition Date. Store depository balances are dependent on in-store cash purchase volume and the timing of cash movement from the store to the bank.

**Part 2 – Deposits and Prepayments**

(a) **Schedule A/B-7 – Deposits.**  The Debtors maintain certain deposits in the ordinary course of their business operations.  These deposits are included in the Schedules for the appropriate legal entity as of April 6, 2024.  The Debtors have exercised reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.  Certain prepaid or amortized assets are not listed in Part 2 in accordance with the Debtors' accounting policies.  The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize.

(b) **Schedule A/B-8 – Prepayments.**  The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business.  The Debtors have exercised reasonable efforts to report the current value of any prepayments as of the Petition Date.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

## Part 3 – Accounts Receivable

(a) **Schedule A/B-11 – Accounts Receivable.** Schedule A/B 11 includes accounts receivable as of the Petition Date. Accounts receivable include amounts held by the Debtors' credit card processors as a reserve. The Debtors record credit card reserves as 90+ days for aging purposes in their books and records. Any intercompany receivables are excluded in Schedule A/B 11, but are included in Schedule A/B 77.

## Part 4 – Investments

(a) **Schedule A/B-15 – Stock and Interests in Incorporated and Unincorporated Businesses.** Schedule A/B 15 includes the Debtors' wholly-owned subsidiary entities and minority equity interests in a non-controlled subsidiary.

## Part 5 – Inventory, excluding Agricultural Assets

(a) **Schedule A/B-19 – Raw Materials.** Raw materials include fabric, trim, and label inventory valued as of the Petition Date.

(b) **Schedule A/B-21 – Finished Goods, including Goods Held for Resale.** Inventory is valued as of the Petition Date and includes merchandise in Debtors' possession, merchandise in transit and not yet received in the Debtors' facilities, and capitalized freight. Inventory is shown net of reserves for shrink and topside adjustments.

(c) **Schedule A/B-22 – Other Inventory and Supplier.** Schedule A/B 22 captures inventory on hand for store supplies at third-party warehouse distribution centers as of the Petition Date. This balance is net of reserves for obsolete store supply inventory balances.

(d) **Schedule A/B-25 – Goods Purchased within 20 Days Prior to Filing Date.** The Debtors have made a good faith effort to quantify the value of goods received within 20 days prior to the Petition Date but reserve the right to revise this amount as they continue to review their books and records. This balance is not adjusted for any postpetition payments that may have been made with a vendor that delivered goods within 20 days prior to filing and also is not adjusted for any amounts of a 503(b)(9) claim waived by a vendor that delivered goods within 20 days prior to filing.

## Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles

(a) **Schedules A/B-39 – Office Furniture, A/B-40 – Office Fixtures, A/B-41 – Office Equipment.** The Debtors do not have a clear way of separating furniture and fixtures, hardware (store POS equipment, servers, networks), and software that are capitalized. Accordingly, the values of items that fall under Schedules A/B 39, 40, and 41 are consolidated within Schedule A/B 39 as of April 6, 2024. Dollar amounts are presented net of accumulated depreciation and other adjustments.

**Part 8 – Machinery, Equipment, and Vehicles**

**Schedules A/B-50 – Other Machinery, Fixtures, and Equipment.** The Debtors listed the value of their buildings and improvements, leasehold improvements, asset retirement obligations, and construction in progress as of April 6, 2024. These values are net of accumulated depreciation. Actual realizable values of the assets identified may vary significantly relative to net book values listed here.

**Part 9 – Real Property**

The Debtors do not own any real property. Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors listed each agreement on Schedule G. The consolidated lease right of use value is as of April 6, 2024, and is net of accumulated depreciation. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 10 – Intangibles and Intellectual Property**

The Debtors review intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of such assets might exceed their current fair values. An impairment test has not been conducted for the preparation of the Schedules and Statements, and therefore, the Debtors' intangible asset values are listed as undetermined. Additionally, the net book values of the Debtors' intangible assets may differ materially from fair market values. The Debtors historically reported the net book value of the Bonobos License Agreement and Express Intellectual Property License Agreement.

**Part 11 – All Other Assets**

Dollar amounts are presented net of impairments and other adjustments as of April 6, 2024. Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B.

On April 15, 2024, the Debtors received a $49 million tax refund from the U.S. Treasury under the authority of the Coronavirus Aid, Relief, and Economic Security Act. This tax refund is listed in Express, LLC's Schedule A/B Part 11, as $45 million receivable as of April 6, 2024, which is the amount the Debtors expected at that time. The final refund received amounted to $4 million greater than the $45 million receivable listed on the books as of April 6, 2024. For tax purposes, all tax refunds and income tax receivables are recorded at Debtor entities: Express, LLC and Express Fashion Operations, LLC.

The Debtors' insurance policies apply to each Debtor entity, but in an effort to reduce the volume of the disclosures that would otherwise be applicable, the Debtors are only disclosing their insurance policies on Express, LLC's Schedule A/B Part 11.

In addition, the Debtors attempted to list known causes of actions and other claims as of the Petition Date.  Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B Part 11.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors are continuing to review potential causes of action, and accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

## Specific Notes Regarding Schedule D

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

Although there are multiple parties that hold portions of the debt included in the Debtors' prepetition asset-based loan credit agreement and second-priority asset-based term loan agreement, only the administrative agents have been listed for purposes of Schedule D.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Schedule D does not include beneficiaries of letters of credit.  Although the claims of certain parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.  The Debtors have not listed any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.

**Specific Notes Regarding Schedule E/F**

(a) **Part 1 – Creditors with Priority Unsecured Claims.**  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or priority status of any claim on any basis at any time.

Certain tax claims owing to various taxing authorities may be subject to on-going audits. The Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the tax claims listed on Schedule E/F, Part 1.  Therefore, the Debtors have listed all such claims as undetermined in amount, pending resolution of on-going audits or other outstanding issues.

Pursuant to the *Order (Interim and Final) (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 81 and Docket No. 224] (the "Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including, without limitation, obligations related to employee wages and other employee benefits, in the ordinary course of business. Accordingly, the Debtors have not listed on Schedule E/F, Part 1 any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

(b) **Part 2 – Creditors with Nonpriority Unsecured Claims.**  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may have been or may be rejected, to the extent such damage claims exist.

Schedule E/F includes various claims attributable to Macerich Vintage Fair LTD and its affiliates (collectively, "Macerich"). Two Macerich entities were not listed on Schedule E/F as they have negative claims balances. Given the negative claims balances were not

included in Schedule E/F, the aggregate claim by the Macerich entities in Schedule E/F is overstated. Accordingly, the Macerich entities' claims against the Debtors have been marked as subject to offset.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules.

The Debtors have not listed demand letters in Schedule E/F, as these demand letters are accounted for in the Statement of Financial Affairs, Question 7.  Information regarding pending litigation involving the Debtors is listed as undetermined and is marked as contingent, unliquidated, and disputed.

Trade payables listed on Schedule E/F, Part 2 contain the prepetition liability information available to the Debtors as of the Petition Date. Schedule E/F, Part 2 is inclusive of certain prepetition balances that were paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Order (Interim and Final) (I) Authorizing Debtors to Pay Prepetition Claims of (A) Certain Critical Vendors, (B) Certain Foreign Vendors, (C) Certain Lien Claimants, and (D) PACA Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* [Docket No. 82 and Docket No. 221] (the "Vendor Order").

## Specific Notes Regarding Schedule G

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or to supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such

agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement, and where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In some cases, the Debtors may have inadvertently listed the incorrect Debtor party. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements and non-disclosure agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G. To the extent that any confidentiality agreements are listed individually on Schedule G, such confidentiality agreements do not constitute executory contracts to which the Debtors are bound to.

The Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases. The Debtors will continue to compile addresses to send the notice of the bar date for the filing of proofs of claims in these chapter 11 cases.

## Specific Notes Regarding Schedule H

**Co-Debtors.** In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

## Specific Statements Disclosures

(a) **Question 1 – Income from Operations.** The values reflected in Part 1, Question 1 are presented on an accrual basis and not on a cash basis.

(b) **Question 2 – Non-Business Revenue.** Non-business revenue includes such items as JV dividend income, interest income, insurance proceeds, gain on sale of intellectual property, and other income. This is reflected on an accrual basis and not a cash basis.

(c) **Question 3 –Payments or Transfers to Creditors.** The Debtors omitted various credits shown as negative disbursements, as these are not representative of the actual cash disbursements made by the Debtors. These credit amounts arise from invoicing processes related to contractual changes and various real estate lease amendments and updates. As a result, the total payments and/or transfers over the 90-day period prior to the Petition Date may be overstated. The Debtors also omitted payments made to T. Rowe Price, as these payments are attributable to employee withholdings for employee 401(k) retirement plans, which includes Debtors' matching contribution. With respect to Debtor Express BNBS Fashion, LLC's payment on March 1, 2024, for $713,536 to WH Borrower LLC, the actual payment and cash related to this transaction amounts to $356,768. The remainder of the $356,768 was mistakenly sent to an unrelated third-party which later returned the full amount of the funds to the Company, net of bank transaction fees. As presented in Question 3, the Debtors elected to mark this payment with the full outflow of $713,536.

(d) **Question 4 – Payments or Transfers to Insiders.** The information reported on Question 4 is representative of the total payments made to insiders on behalf of multiple Debtor entities during the one year prior to the Petition Date. For the avoidance of doubt, Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company.

(e) **Question 9 – Gifts or Charitable Contributions.** The contributions made to The Columbus Foundation are attributed to Debtor entity UW, LLC. However, the payments were effectuated by Express, LLC. Consequently, the contributions have been recorded under Express, LLC. The Debtors historically collected donations on behalf of Big Brother Big Sisters of America. The full amount of these donations was passed through to Big Brothers Big Sisters of America with the use of the Debtors' cash management systems. The Debtors are not including collections for Big Brothers Big Sisters of America in Question 9.

(f) **Question 10 – Certain Losses.**  Given the scale of the Debtors' store footprint as of the Petition Date, certain losses cannot be tracked by the Debtors with complete accuracy and, accordingly, such losses are accounted for elsewhere on the Debtors' Schedules based on general ledger accounts that capture items such as inventory shrink.

(g) **Question 16 – Customer PII.**  The Debtors collect a limited amount of information about customers and their representatives in the ordinary course.  Examples of the types of information collected by the Debtors include, among other things, customer names, billing addresses, mailing addresses, telephone numbers, and e-mail addresses.

(h) **Question 20 – Off-Premises Storage.**  The Debtors are not including any owned in-transit inventory.  The collection of this specific information would be a time-consuming exercise, as the in-transit inventory may be handled by different shipping vendors at any given point in time.  Further, such in-transit inventory is accounted for on the Debtors' Schedule of Assets in Schedule A/B 21 Merchandise Inventory (net).  The Debtors are also not including data storage providers such as Google Cloud or Amazon Web Services.

(i) **Question 17 – Employee Benefit Plans.**  Express, LLC and Express Fashion Operations, LLC are the Debtor entities that provide the 401(k) program.  However, employees of UW, LLC and Express BNBS Fashion, LLC are also covered under this program.

(j) **Question 27 – Inventories of the Debtors' Property.**  Physical inventories are taken periodically by the company.  During the last two years prior to the Petition Date, the Debtors conducted three inventories at all Express locations and two inventories at Bonobos Guideshop locations.  In an effort to reduce the volume of disclosures that would otherwise be applicable, the Debtors have omitted such inventory counts conducted by the stores. Further information regarding the Debtors' inventories is available upon request.

(k) **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Refer to the Methodology section regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:** $0.00
    Copy line 88 from Schedule A/B

1b. **Total personal property:** $0.00
    Copy line 91A from Schedule A/B

1c. **Total of all property:** $0.00
    Copy line 92 from Schedule A/B

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)     $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:** $0.00
    Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. **Total amount of claims of nonpriority amount of unsecured claims:** $0.00
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

**4. Total Liabilities**     $0.00
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ **Check if this is an amended filing**

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | | $0.00 |
|---|---|---|

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    | $0.00 |

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | Current value of debtor's interest |
|---|---|

7.1 _____    $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____    $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.    $0.00

## Part 3:   Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | | |
|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ − _____ | = ........ ➔ | $0.00 |
| | | face amount    doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | _____ − _____ | = ........ ➔ | $0.00 |
| | | face amount    doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $0.00

## Part 4:   Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| | | |
|---|---|---|
| 14.1 | None | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:      % of ownership:

| | | | |
|---|---|---|---|
| 15.1 | Express Finance Corp. | 100% | N/A | Undetermined |

15.2

| Express, LLC | 100% | N/A | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

16.1

| None | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| Undetermined |

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| 21.2 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $0.00 |

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes      Book value _____      Valuation method _____      Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**   **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

39.1

| | | | $0.00 |

**40. Office fixtures**

40.1

| | | | $0.00 |

**41. Office equipment, including all computer equipment and communication systems equipment and software**

41.1

| | | | $0.00 |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

42.1

| | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:**   **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1

| | | | $0.00 |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1

| | | | $0.00 |

**49. Aircraft and accessories**

49.1 _____ _____ _____ _____    $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____ _____ _____ _____    $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 9:    Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 10:    Intangibles and intellectual property**

---

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:**   **All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

_____  _____  −  _____  =  ➡  _____ $0.00
                 total face amount        doubtful or uncollectible
                                          amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

_____  Tax year _____  _____ $0.00

**73. Interests in insurance policies or annuities**

73.1

_____  _____ $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____  _____ $0.00

Nature of Claim  _____

Amount requested  _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____  _____ $0.00

Nature of Claim  _____

Amount requested  _____

**76. Trusts, equitable or future interests in property**

76.1

_____  _____ $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____  _____ $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

_____ $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 12: | Summary |
|---|---|

   **In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                                    $0.00

**83. Investments.** Copy line 17, Part 4.                        Undetermined

**84. Inventory.** Copy line 23, Part 5.                                            $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                   $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy            $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                   $0.00

**88. Real property. Copy line 56, Part 9.**                              ➔         $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.              $0.00

**90. All other assets.** Copy line 78, Part 11.                                    $0.00

**91. Total. Add lines 80 through 90 for each column**     91a.        $0.00    91b.        $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                            $0.00

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ **Check if this is an amended filing**

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**  **List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

2.1

| | | |
|---|---|---|
| **Date debt was incurred?** | **Describe debtor's property that is subject to the lien:** | $0.00 |
| **Last 4 digits of account number** | **Describe the lien** | |
| **Do multiple creditors have an interest in the same property?** ☐ No ☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **Is the creditor an insider or related party?** ☐ No ☐ Yes **Is anyone else liable on this claim?** ☐ No ☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H) **As of the petition filing date, the claim is:** Check all that apply. ☐ Contingent ☐ Unliquidated ☐ Disputed | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                                        $0.00

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **3.1** Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street,Suite 5400,Wilmington,DE,19801 | | |
| **3.2** Goldberg Kohn Ltd., 55 E. Monroe Street,Suite 3300,Chicago,IL, 60603 | | |
| **3.3** Richards Layton & Finger, 920 North King Street,Wilmington,DE,19801 | | |
| **3.4** Ropes and Gray LLP, 191 North Wacker Drive,32nd Fl,Chicago,IL,60606 | | |

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:**  **List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

_____

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____

Priority amount: $0.00

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:**    $0.00

*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 _____ | Line _____ | _____ |
| | ☐ Not listed. Explain _____ | |

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:** **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | Fee Letter: Asset-Based Loan Credit | Wells Fargo Bank, National Association<br>2450 Colorado Ave<br>Suite 3000 West<br>Santa Monica, CA 90404 |
|---|---|---|---|
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |

| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | Master Service Agreement: Sales and Use Tax Compliance Outsourcing Services | Jefferson Wells International, LLC |
|---|---|---|---|
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |

| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | Terms of Retention: Unclaimed funds | Bailey Cavalieri LLC |
|---|---|---|---|
| | **State the term remaining** | N/A | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ **Check if this is an amended filing**

## Official Form 206H

## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | See Schedule H Attachment | | ☐ D ☐ E/F ☐ G |

**SCHEDULE H ATTACHMENT**

Codebtors

| ID | Codebtor Name | Codebtor Address | Creditor's Name | Creditor's Address | D | E/F | G |
|---|---|---|---|---|---|---|---|
| 2.1 | Express BNBS Fashion, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.2 | Express BNBS Fashion, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.3 | Express Fashion Investments, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.4 | Express Fashion Investments, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.5 | Express Fashion Logistics, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.6 | Express Fashion Logistics, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.7 | Express Fashion Logistics, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank, National Association | 2450 Colorado Ave, Suite 3000 West, Santa Monica, CA 90404 | | | x |
| 2.8 | Express Fashion Operations LLC | 1 Express Drive, Columbus, OH 43230 | City of Columbus | | | | x |
| 2.9 | Express Fashion Operations, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.10 | Express Fashion Operations, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.11 | Express Fashion Operations, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank, National Association | 2450 Colorado Ave, Suite 3000 West, Santa Monica, CA 90404 | | | x |
| 2.12 | Express Finance Corp. | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.13 | Express Finance Corp. | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.14 | Express Finance Corp. | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank, National Association | 2450 Colorado Ave, Suite 3000 West, Santa Monica, CA 90404 | | | x |
| 2.15 | Express GC, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.16 | Express GC, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.17 | Express GC, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank, National Association | 2450 Colorado Ave, Suite 3000 West, Santa Monica, CA 90404 | | | x |
| 2.18 | Express Topco LLC | 1 Express Drive, Columbus, OH 43230 | City of Columbus | | | | x |
| 2.19 | Express Topco LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.20 | Express Topco LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.21 | Express, Inc. | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.22 | Express, Inc. | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.23 | Express, Inc. | 1 Express Drive, Columbus, OH 43230 | City of Columbus | | | | x |
| 2.24 | Express, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.25 | Express, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |
| 2.26 | Express, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank, National Association | 2450 Colorado Ave, Suite 3000 West, Santa Monica, CA 90404 | | | x |
| 2.27 | Express, LLC | 1 Express Drive, Columbus, OH 43230 | City of Columbus | | | | x |
| 2.28 | UW, LLC | 1 Express Drive, Columbus, OH 43230 | ReStore Capital, LLC | 5 Revere Drive, Suite 206 Northbrook, IL 60062 | x | | |
| 2.29 | UW, LLC | 1 Express Drive, Columbus, OH 43230 | Wells Fargo Bank | 1156 Avenue of the Americas, New York, NY 10036 | x | | |

**Fill in this information to identify the case:**

Debtor name: Express Holding, LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 24-10833

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____

declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 05/30/2024 | /s/ Mark Still |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | Mark Still |
| | Printed name |
| | Chief Financial Officer |
| | Position or relationship to debtor |