**Exhibit C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS TO
RETAIN AND EMPLOY KPMG LLP TO PROVIDE TAX COMPLIANCE
AND TAX CONSULTING SERVICES EFFECTIVE AS OF APRIL 22, 2024, AND
(II) WAIVING THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(d)**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), (I) authorizing the Debtors to retain and employ KPMG LLP ("KPMG") effective as of the April 22, 2024, (II) waiving the information requirements of Local Rule 2016-2(d) pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and upon the Declaration of Brian C. Campbell, a Certified Public Accountant and partner at KPMG (the "Declaration") in support thereof; and the Court being satisfied based on the representations made in the Application and in the Declaration that KPMG represents no interest adverse to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Agreements are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as modified herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014, the Debtors are authorized to retain and employ KPMG to provide tax compliance and tax consulting services to the Debtors on the terms set forth in the Application and the Agreements, as modified by this Order.

3. KPMG shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, the Interim Compensation Order and any other applicable orders of this Court. KPMG intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "Fee Guidelines").

4. The Debtors are authorized to pay KPMG's fees and to reimburse KPMG for its

actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Agreements as modified by this Order and consistent with the proposed compensation set forth in the Agreements.

5. The terms and conditions of the Agreements, as modified by this Order, are approved.

6. KPMG will file monthly, interim and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Agreements, as modified by this Order, provided that the requirements of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-2(d), and the Fee Guidelines are hereby modified such that, with respect to the Tax Compliance Fixed Fee Services, KPMG's professionals shall only be required to maintain reasonably detailed time records in one-half hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered, and will identify each professional rendering the services, and the total amount of compensation sought by KPMG. Further, with respect to KPMG's hourly fees, KPMG shall keep reasonably detailed time records in one tenth (1/10) hour increments in accordance with the Fee Guidelines and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by KPMG.

7. To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Court and serve such

engagement letter(s) upon the U.S. Trustee, the Committee, and other parties required to be served under the applicable rules. To the extent any of such parties object, within ten (10) days of such new engagement letter(s) being filed and served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

8. The following terms apply during the pendency of the Debtors' chapter 11 cases:

    (a) KPMG shall not be entitled to indemnification, contribution or reimbursement for services other than those described in the Agreements and the Application, unless such services and indemnification therefor are approved by the Court; provided, that to the extent additional engagement letter(s) are filed with the Court and no parties object to such engagement letter(s) in accordance with the procedures described in the immediately preceding Ordered paragraph, such engagement letter(s) shall be deemed approved by the Court;

    (b) The Debtors shall have no obligation to indemnify KPMG, or provide contribution or reimbursement to KPMG, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from KPMG's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence or willful misconduct; or (ii) for a contractual dispute in which the Debtors allege the breach of KPMG's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which KPMG is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Agreements as modified by this Order; and

    (c) If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal); and (ii) the entry of an order closing these chapter 11 cases, KPMG believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreements (as modified by this Order) and Application, including without limitation the advancement of defense costs, KPMG must file an application therefor in this Court, and the Debtors may not pay any such amounts to KPMG before the entry of

    an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KPMG for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KPMG. All parties in interest shall retain the right to object to any demand by KPMG for indemnification, contribution or reimbursement.

9. During the pendency of these chapter 11 cases, any limitation of liability provisions in the Agreements are hereby deemed null and void.

10. Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, the Committee, and other parties required to be served undr the applicable rules. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

11. Notwithstanding anything in the Application or the Agreements to the contrary, KPMG shall: (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "<u>Contractors</u>") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for KPMG; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

12. KPMG shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

13. The Debtors shall comply with the notice requirement set forth in paragraph 4(c) of the MSA and paragraph 4(c) of KPMG's Standard Terms and Conditions for Advisory and Tax Services (the "Standard Terms and Conditions"), including providing the written notice required prior to disseminating or advancing any of KPMG's advice, recommendations, information, or work product to third parties.

14. During the pendency of the chapter 11 cases, paragraph 6 of the Standard Terms and Conditions and paragraph 8 of the MSA are deleted.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. The Debtors and KPMG LLP are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. To the extent the Application, the Declaration, or the Agreements are inconsistent with this Order, the terms of this Order shall govern.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. Notwithstanding anything in the Application or the Agreements to the contrary, during the pendency of the chapter 11 cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

20. During the pendency of the chapter 11 cases, this Court shall retain jurisdiction

with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.