# EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
|   | ) **Re: Docket No. 265** |

# ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS AUDIT SERVICES PROVIDER TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF APRIL 22, 2024

Upon the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order (the "Order") authorizing the Debtors to employ and retain PricewaterhouseCoopers LLP ("PwC LLP") as audit services provider to the Debtors, effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications provided for herein; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Application is in the best interests

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings given to them in the Application.

10996439.v1

of the Debtors, their estates, their creditors and other parties in interest; and it appearing that PwC LLP does not hold or represent an interest adverse to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon the record of the hearing (if any held) to consider the relief requested in the Application, the Doland Declaration, filed contemporaneously with the Application, and all proceedings had before this Court; and that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors, as debtors in possession, are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-1, to employ and retain PwC LLP as audit services provider to the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, as limited and modified by this Order.

3. The terms and conditions of PwC LLP's employment as provided in the Engagement Letter are reasonable and are hereby approved as set forth herein. Further, the Fee and Expense Structure, as set forth in the Engagement Letter, is approved and PwC LLP shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, subject to Court approval.

4. PwC LLP may file monthly and interim fee applications, and shall file a final fee application for allowance of its compensation and reimbursement of its expenses with respect to

services rendered in these chapter 11 cases with this Court in accordance with the Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, and, solely as to a fixed fee portion of engagements, PwC LLP shall be excused from keeping time records for services rendered in one-tenth (0.10) of an hour increments.

5. PwC LLP shall include in its fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

6. Solely as to any fixed fee compensation requests: (i) PwC LLP shall be excused from keeping time records in tenth of an hour (0.10) increments; and (ii) any objections related thereto shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to the standard of review in section 330 of the Bankruptcy Code or any other standard of review, *provided, however*, the U.S. Trustee retains all rights to respond or object to PwC LLP's fee applications for compensation and requests for reimbursement of out-of-pocket expenses on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

7. In the event, during the pendency of these cases, PwC LLP seeks reimbursement pursuant to the Engagement Letter for attorneys' fees and expenses related to the production (as authorized by the Debtors or required by government regulation, subpoena or other legal process)

of PwC's working papers and/or its personnel as witnesses with respect to PwC's engagement for the Debtor.  The invoices and supporting time records from such attorney shall be included in PwC LLP's fee application and such invoices and time records shall be in compliance with the Local Rules and shall be subject to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  PwC LLP shall not seek reimbursement from Debtors' estates for any of PwC LLP's fee applications in these bankruptcy cases.

8. If the Debtors request and PwC LLP agrees to provide additional services, PwC LLP and the Debtors may enter into additional agreements, statements of work or amendments with respect to the Engagement Letter.  Any additional agreements, statements of work or amendments will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within 14 days after the filing and service of such supplemental declaration, PwC LLP's employment and retention, including as to the additional agreements, statements of work, amendments and/or services, shall continue as authorized pursuant to this Order.

9. Prior to any increases in PwC LLP's rates for any individual retained by PwC LLP and providing services in these cases, PwC LLP shall file a supplemental declaration with this Court and provide ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any statutory committee appointed in these chapter 11 cases.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S.

Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

10. PwC LLP shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

11. To the extent that the provisions of this Order are inconsistent with the provisions of the Application, the Engagement Letter or the Doland Declaration, the provisions of this Order shall govern.

12. The Debtors and PwC LLP are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10996439.v1

15. Notwithstanding any provision to the contrary in the Application, the Engagement Letter or the Doland Declaration, the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.  For the avoidance of doubt, during the pendency of the Debtors' bankruptcy cases, any provision of the unmodified Engagement Letter that provides for mediation or arbitration shall not be applicable unless this Court lacks or declines to exercise jurisdiction.