**EXHIBIT B**

**REDLINED Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. —259 |

**ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ERNST & YOUNG LLP AS TAX SERVICES PROVIDER
EFFECTIVE AS OF APRIL 22, 2024, AND (II) GRATING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to employ and retain Ernst & Young LLP ("EY LLP") effective as of the Petition Date, under the terms of the Engagement Letters attached to the Ericson Declaration as Exhibit 1 through Exhibit 2, and (b) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are hereby authorized to employ and retain EY LLP in accordance with the terms and conditions set forth in the Engagement Letters, effective as of the Petition Date, and to pay fees and reimburse expenses to EY LLP on the terms specified in the Engagement Letters.

3. EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

4. The terms of the Engagement Letters, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved.

5. EY LLP shall file a~~a~~monthly, interim and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these chapter 11 cases with this Court, in accordance with sections 330 and 331 of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any interim or final compensation procedures established by order of the Court. In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Engagement Letters, the invoices and supporting time records for the attorneys' fees and expenses shall be included in EY LLP's own applications for compensation, and such invoices and time records shall be in compliance with the Local Rules and shall be subject to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. EY LLP shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of EY LLP's applications for allowance of compensation and reimbursement of expenses.

6. EY LLP's hourly fees pursuant to the Engagement Letters (and any supplemental engagement agreements or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code. EY LLP shall keep reasonably detailed time records in one tenth (1/10) hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by EY LLP.

7. To the extent the Debtors and EY LLP enter into any additional engagement letters or statements of work, the Debtors will file such engagement letters or statements of work

3

with the Court and serve such engagement letters or statements of work upon the U.S. Trustee, the Committee, and other parties required to be served under the applicable rules.  If the U.S. Trustee or any other party objects to the additional services to be provided by EY LLP within 14 days of such new engagement letters or statements of work being served, the Debtors will promptly schedule a hearing before the Court.  To the extent no related timely objections are filed, such additional engagement letters or statements of work shall be deemed approved pursuant to this Order.  All additional services will be subject to the provisions of this Order.

8. Notwithstanding anything to the contrary in the Engagement Letters, the Indemnification Provisions are hereby modified as follows:

(a) EY LLP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) the Debtors shall have no obligation to indemnify EY LLP, or provide contribution or reimbursement to EY LLP, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from EY LLP's gross negligence, willful misconduct, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of EY LLP's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which EY LLP should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters, as modified by this Order; and

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation, the advancement of defense costs, EY LLP must file an application therefor in this Court, and the Debtors may not pay any such amounts

4

        to EY LLP before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by EY LLP for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, EY LLP.  All parties in interest shall retain the right to object to any demand by EY LLP for indemnification, contribution, and/or reimbursement.

9. Notwithstanding anything in the Application to the contrary, to the extent that EY LLP uses the services of independent contractors or subcontractors, except the EY Support Firms and Subcontracting EYGL Member Firms as defined in the Ericson Declaration (collectively, "<u>Contractors</u>") in these cases, EY LLP shall:  (i) pass through the cost of such Contractors to the Debtors at the same rate that EY LLP pays the Contractors; and (ii) seek reimbursement only for actual costs of the Contractors.  Contractors from whom EY LLP seeks to pass through hourly-based fees or costs to the Debtors shall be subject to the same conflict checks as required for EY LLP, and such Contractors shall file with the Court such disclosures as required by Bankruptcy Rule 2014.

10. <u>EY LLP shall use its reasonable best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.</u>

11. <u>Paragraphs 13 through 15 of the Master Service Agreement (D.I. 259-3) shall not apply during these chapter 11 cases, provided that paragraph 15 shall continue to remain in full force and effect solely with respect to EY LLP's use of EY Support Firms in connection with EY LLP's fixed fee service agreement.</u>

12. ~~10.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5

13. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. ~~12.~~ The Debtors and EY LLP are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15. ~~13.~~ To the extent that the express terms of this Order are inconsistent with the Engagement Letters, the express terms of this Order shall govern.

16. ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.