## EXHIBIT B

## REDLINED Revised Proposed Order

10995521.v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 156** |

## ORDER (I) AUTHORIZING THE DEBTORS TO
## RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
## ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2**, in the ordinary course of business pursuant to the following OCP Procedures:

a.  Within thirty days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (b) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Emily E. Geier, P.C. (emily.geier@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com), (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, IL 60654, Attn.: Charles B. Sterett (charles.sterett@kirkland.com), (iii) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com), Michael W. Yurkewicz (myurkewicz@klehr.com), and Alyssa M. Radovanovich (aradovanovich@klehr.com), and (iv) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn.: Morton R. Branzburg (mbranzburg@klehr.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801, Attn.: John Schanne (John.Schanne@usdoj.gov); (d) Ropes and Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo as counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors; (e) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein, Dimitri G. Karczazes, Keith G. Radner, and Eva D. Gadzheva, as counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors; and (f) any statutory committee appointed in these chapter 11 cases (collectively, the "<u>Notice Parties</u>").

b. The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "<u>Objection Deadline</u>") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

d. The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on <u>Exhibit 2</u> attached to the Order, excluding costs and disbursements, may not exceed $50,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "<u>OCP Monthly Cap</u>"); *provided, further*, that the total amount disbursed per quarter, for each OCP set forth on <u>Exhibit 2</u>, does not exceed $150,000 per OCP (the "<u>OCP Quarterly Cap</u>", and together with the OCP Monthly Cap, the "<u>OCP Caps</u>"). The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, the DIP Agents, and the Committee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.  To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "<u>Fee Application</u>") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the United States Trustee agrees otherwise.

f.  Beginning on the quarter ending June 30, 2024, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "<u>Quarterly Statement</u>").  Each Quarterly Statement shall include:  (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g.  The Debtors reserve the right to retain, in consultation with the Committee, additional OCPs from time to time during these chapter 11 cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

3.      The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time and after consultation with the Committee, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps.  The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.  <u>Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination</u>

from the Court requiring an Ordinary Course Professional to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b)  a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.        Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

8.        Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.        Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

10.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.        This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

## Form of Declaration of Disinterestedness

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | )  Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | )  (Jointly Administered) |
| | ) |
| | )  **Re: Docket No. 156** |

**DECLARATION OF DISINTERESTEDNESS**
**OF [ENTITY] PURSUANT TO THE ORDER**
**AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      Express, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.      [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.]  [For Non-Legal Services Firms Only: The Firm has agreed to waive all unpaid amounts for prepetition services.]

8.      As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2024

_____
**[DECLARANT'S NAME]**

**Exhibit 2**

**OCP List**

| Name | Address | Service |
|---|---|---|
| Dinsmore | 1001 LAKESIDE AVENUE SUITE 990 CLEVELAND, OH 44114 | Legal Advisor |
| Womble | ONE WEST 4TH STREET WINSTON-SALEM, NC 27101 | Legal Advisor |
| Greenburg Traurig | 6135 PARK SOUTH DR SUITE 500 CHARLOTTE, NC 28210 | Legal Advisor |
| Ogletree | 225 SOUTH SIXTH STREET SUITE 1800 MINNEAPOLIS, MN 55402 | Legal Advisor |
| Dentons Munoz | CENTRO EMPRESARIAL FORUM I, BUILDING C, OFFICE 1C1, SANTA ANA, SAN JOSÉ | Costa Rica Counsel |
| Benesch | 127 PUBLIC SQUARE SUITE 4900 CLEVELAND, OH 44114 | Legal Advisor |
| BakerHostetler | 127 PUBLIC SQUARE #2000 CLEVELAND, OH 44114 | Cybersecurity Counsel |
| ~~KPMG LLP~~ | ~~DEPT 0522, PO BOX 120522 DALLAS, TX 75312~~ | ~~Accounting (Tax)~~ |