IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | **Re: Docket Nos. 181 and 364** |

**RESTORE CAPITAL, LLC'S JOINDER TO OMNIBUS REPLY
OF DEBTORS (I) IN SUPPORT OF FIRST DAY MOTIONS AND (II) IN
OPPOSITION TO (A) MOTION OF MR. KURZON FOR APPOINTMENT OF
A SHAREHOLDERS' COMMITTEE AND (B) GRANTING RELATED RELIEF**

ReStore Capital, LLC, as the Second Lien Prepetition Term Agent and the Second Lien DIP Term Agent (the "2L Agent"), by and through its undersigned counsel, hereby respectfully submits this joinder (the "Joinder") to the *Omnibus Reply of Debtors (I) In Support of First Day Motions and (II) In Opposition to (A) Motion of Mr. Kurzon for Appointment of a Shareholders' Committee and (B) Granting Related Relief* [Docket No. 364] (incorporated herein by reference, the "Reply")[2] to the *Pro Se Shareholder (1) Omnibus Initial Objections to Debtor's First Day Motions and Opposition to Motion Waiving the Requirement to File a List of Equity Security Holders and (2) Motion for Shareholder's Committee and Request for Other Emergency Relief to Prevent Further Damage to the Debtors* [Docket No. 181] (the "Omnibus Initial Objections") filed by Jeffrey M. Kurzon. Pursuant to its Joinder, the 2L Agent adopts and incorporates by reference

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Reply.

the arguments set forth in the Reply, and in support of the Reply the 2L Agent respectfully states as follows:

## JOINDER

1. The 2L Agent has reviewed the Initial Omnibus Objections and corresponding Reply filed by the Debtors and hereby joins and adopts the arguments set forth by the Debtors in the Reply except with respect to the reservations of rights set forth below. In particular, the 2L Agent agrees that equity holders fall hundreds of millions of dollars short of being entitled to any recovery in these chapter 11 cases, and that Mr. Kurzon has failed to establish any prospect of a meaningful recovery that warrants the appointment of an equity committee. As such, appointing an equity committee will harm the Debtors' in-the-money stakeholders by potentially delaying the Debtors' emergence from chapter 11, imposing burdensome administrative expenses, and deterring potential purchasers of the Debtors. These consequences will also harm equity holders by further diminishing any chance of recovery in these chapter 11 cases.

## RESERVATION OF RIGHTS

2. Notwithstanding this Joinder, the 2L Agent expressly reserves all rights in connection with the Omnibus Initial Objections, the Reply, or any other matter before the Court to raise and prosecute any argument that (a) WHP Global is an affiliate or insider of the Debtors and (b) the bid submitted by Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC for substantially all of the assets of the Debtors in the amount of $261.3 million, which allocated $25 million for the Debtors' 40% equity interest in EXP Topco LLC, and the balance for the Debtors' other assets, including inventory, furniture, fixtures, and designation rights with respect to the Debtors leases and executory contracts, is the highest or otherwise best bid for the Debtors' assets.

4883-3541-3189, v. 2

3. The 2L Agent also expressly reserves all rights to raise any other objections at the hearing on the Omnibus Initial Objections and the Reply, to amend, modify, or supplement this Joinder, and to participate in any hearing on the Omnibus Initial Objections, including to make argument and examine witnesses. The 2L Agent further reserves the right to prosecute its own objection, independent of the Debtors' Reply, if the Debtors withdraw, settle, or otherwise resolve their Reply to the Omnibus Initial Objections.

[*Remainder of page intentionally left blank.*]

**CONCLUSION**

WHEREFORE, for the reasons set forth herein and in the Reply, the 2L Agent respectfully requests that the Court (i) overrule the objections and deny the relief requested in the Omnibus Initial Objections and (ii) grant such other and further relief as the Court deems appropriate and consistent with this Joinder.

Dated: June 3, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: desgross@chipmanbrown.com

-and-

**ROPES & GRAY LLP**

Gregg M. Galardi (No. 2991)
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Email: gregg.galardi@ropesgray.com

Stephen L. Iacovo (admitted *pro hac vice*)
Eric P. Schriesheim (admitted *pro hac vice*)
191 North Wacker Drive
Chicago, Illinois 60606-4302
Telephone: (312) 845-1327
              (312) 845-1208
Email: stephen.iacovo@ropesgray.com
          eric.schriesheim@ropesgray.com

*Counsel to ReStore Capital, LLC*

4883-3541-3189, v. 2