IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) Related to Docket Nos. 181 and 364 |

**MOTION OF DEBTORS SEEKING
ENTRY OF AN ORDER WAIVING LOCAL RULE
7007-2 TO PERMIT THE DEBTORS TO EXCEED THE
PAGE LIMIT REQUIREMENT FOR THE DEBTORS' OMNIBUS
REPLY OF DEBTORS (I) IN SUPPORT OF FIRST DAY MOTIONS AND
(II) IN OPPOSITION TO (A) MOTION OF MR. KURZON FOR APPOINTMENT
OF A SHAREHOLDERS' COMMITTEE AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), waiving Rule 7007-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit the Debtors to exceed the page limit requirement for the Debtors' *Omnibus Reply of Debtors (I) In Support of First Day Motions*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

*and (II) In Opposition to (a) Motion of Mr Kurzon for Appointment of a Shareholders' Committee and (b) Granting Related Relief* (the "Reply Brief").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Local Rules 7007-2 and 1001-1(c).

## Background

5. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 23, 2024, the Court entered an order granting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 3] (the "Joint Administration Order"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 3, 2024, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee"). See Notice of Appointment of Committee of Unsecured Creditors [Docket No. 154].

6.	On May 9, 2024, the pro se shareholder, objector, and movant, Jeffrey M. Kurzon (the "<u>Objector</u>") filed the *Pro Se Shareholder (1) Omnibus Initial Objections to Debtor's First Day Motions and Opposition to Motion Waiving the Requirement to File a List of Equity Security Holders and (2) Motion for a Shareholder's Committee and Request for Other Emergency Relief to Prevent Further Damage to the Debtors* [Docket No. 181] (the "<u>Omnibus Objection</u>").

7.	The Debtors plan to file the Reply Brief. The Debtors' Reply Brief exceeds the amount of pages allowed by the Local Rules by approximately eleven pages. See Del Bankr. L.R. 7007-2. As such, the Debtors seek leave of this Court for additional pages.

## **Basis for Relief**

8.	The Debtors seek entry of an order waiving the requirements of Local Rule 7007-2 to permit them to exceed the page limit requirement with respect to the Reply Brief.

9.	Local Rule 7007-2 provides that in adversary proceedings no reply brief shall exceed fifteen pages in length. Del. Bankr. L.R. 7007-2. A brief, however, may exceed fifteen pages exclusive of any table of content and citations with leave of the Court. *Id.* Further, Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L. R. 1001-1(c).

10.	The Debtors respectfully submit in an abundance of caution, that authority to exceed the page limitations prescribed by Local Rule 7002-2 with respect to the Reply Brief is reasonable and appropriate under the circumstances. The Reply Brief, as currently drafted, is approximately twenty-six pages in length. The Reply Brief presents the Debtors' comprehensive arguments in reply to the Omnibus Objection that covers a variety of topics and filed pleadings as well as asserts claims and positions that require a fulsome response. In order to respond fully to these numerous arguments presented by the Omnibus Objection, the Reply Brief exceeds the page limit in Local Rule 7007-2.

11.     Given the background and legal analysis required for the Debtors to adequately respond to the several arguments made in the Omnibus Objection the Debtors respectfully submit that it is appropriate for the Court to waive the requirements of Local Rule 7007-2 and to permit the Debtors to file the Reply Brief of approximately twenty-six pages.

## Notice

12.     The Debtors will provide notice of this motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsels thereto; (j) the ABL Lenders and counsel thereto; (k) the FILO Agent and counsel thereto; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: June 3, 2024
Wilmington, Delaware

/s/ Domenic E. Pacitti

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone: (302) 426-1189 | New York, New York 10022 |
| Facsimile: (302) 426-9193 | Telephone: (212) 446-4800 |
| Email: dpacitti@klehr.com | Facsimile: (212) 446-4900 |
| myurkewicz@klehr.com | Email: joshua.sussberg@kirkland.com |
| aradvanovich@klehr.com | emily.geier@kirkland.com |
| | nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (*pro hac vice* pending) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone: (215) 569-3007 | Telephone: (312) 862-2000 |
| Facsimile: (215) 568-6603 | Facsimile: (312) 862-2200 |
| Email: mbranzburg@klehr.com | Email: charles.sterrett@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |