# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br>**Re: Docket Nos. 181 and 364** |

**LIMITED JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE OMNIBUS REPLY OF DEBTORS (I) IN SUPPORT OF FIRST DAY MOTIONS AND (II) IN OPPOSITION TO (A) MOTION OF MR. KURZON FOR APPOINTMENT OF A SHAREHOLDERS' COMMITTEE AND (B) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") of Express Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), by and through its undersigned proposed counsel, hereby submits this limited joinder (the "**Joinder**") to the *Omnibus Reply of Debtors (I) in Support of First Day Motions and (II) in Opposition to (A) Motion of Mr. Kurzon for Appointment of a Shareholders' Committee and (B) Granting Related Relief* [D.I. 364] (the "**Reply**").[2]  In support of the Joinder, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      On June 3, 2024, the Debtors filed their Reply to a variety of issues and objections raised by Mr. Kurzon to various relief sought by the Debtors, including the (i) proposed DIP financing, (ii) proposed sale process, and (iii) NOL motion.  In addition, Mr. Kurzon made a

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Reply.

52392310.2

request for the formation of an equity committee. The Committee files this limited Joinder only as to the Debtors' opposition to the appointment of an equity committee.[3] The arguments put forward by the Debtors in their Reply on the request for an equity committee are well-taken. The Debtors appear insolvent and a return to equity is highly unlikely. The Committee will diligently seek to investigate potential value and maximize the return to unsecured creditors, who must be paid in full before equity may see any return. In this way, the Committee's interests and duties are aligned with the interests of equity holders by maximizing the value of the estates. Unless and until investigation or negotiation reveals a meaningful chance that the Committee's constituents will receive full payment, the appointment of an equity committee only increases the administrative expenses of the estates, to the detriment of all parties in interest. The Court should not appoint an equity committee.

## BACKGROUND

2. On April 22, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These cases are being jointly administered (the "**Chapter 11 Cases**") [Dkt. No. 67].

3. On May 3, 2024, the United States Trustee for Region 3 appointed the Committee [Dkt. No. 154].

4. On May 9, 2024, purported shareholder Jeffrey M. Kurzon filed his *Omnibus Objection to Debtor's First Day Motions & Opposition to Motion Waiving the Requirement to File List of Equity Security Holders and (2) Motion for Shareholder's Committee and Request for Other Emergency Relief to Prevent Further Damage* (the "**Equity Objection**") [Dkt. No. 181].

---

[3] The Committee takes no position on other statements and arguments made by the Debtors in their Reply and reserves all rights with respect thereto.

52392310.2

5.  The Equity Objection alleges improprieties regarding the prepetition treatment of equity and alleges that the appointment of an official committee of equity holders is necessary. The Court has chosen to treat the Equity Objection, in part, as a request for the appointment of an official committee of equity holders. See [Dkt. No. 351].

6.  On June 3, the Debtors filed the Reply in opposition to the Equity Objection. By this Joinder, the Committee joins the Debtors' arguments in the Reply opposing the appointment of an equity committee.

## ARGUMENT

7.  Appointment of an equity committee is proper only where such a committee is necessary to assure adequate representation of equity. 11 U.S.C. § 1102(a)(2). Appointment of an equity committee "should be the rare exception." *In re Williams Communications Group, Inc.*, 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002). An additional committee imposes an additional administrative expense burden on a debtor's estate, so one should only be appointed where "(i) there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule and (ii) they are unable to represent their interests in the bankruptcy case without an official committee." Id.

8.  Because "creditor and shareholder interests are generally aligned" the appointment of an equity committee is strongly disfavored in cases where there is no evidence that "equity is likely to receive a meaningful distribution." *In re Eastman Kodak Co.*, 2012 WL 2501071, at *3-4 (Bankr. S.D.N.Y. June 28, 2012).

9.  The propriety of an equity committee appointment depends upon the potential for recovery; if the debtor is insolvent no equity committee should be appointed. *Exide Techs. v. State of Wis. Inv. Bd.*, 2002 WL 32332000, at *1 (D. Del. Dec. 23, 2002). If and only if the debtor is potentially solvent, the court may consider additional factors including, "[w]hether the shares are

3

widely held and publicly traded; [t]he size and complexity of the Chapter 11 case; and [t]he timing of the motion relative to the status of the Chapter 11 case." *Exide Techs. v. State of Wisconsin Inv.. Bd.*, 2002 WL 32332000, at *2 *citing Matter of Kalvar Microfilm, Inc.,* 195 B.R. 599, 600 (Bankr. D. Del. 1996).

10. These factors all counsel against appointing an equity committee in this case.

11. The Committee is currently engaged in evaluation and negotiations regarding a value-maximizing going-concern sale. This market test is the most effective manner to gauge the value of the Debtors' enterprise. The current terms of the sale suggest no meaningful chance for a return to equity, demonstrating that the Debtors are not solvent.

12. The Debtors' enterprise is large and complex, and the sale process is already advanced. Recoveries for the estates based upon the ongoing marketing of their assets and businesses, including as a going concern, will be known in short order. It is implausible to suppose that an equity committee can somehow unlock sufficient additional value such that unsecured creditors would be paid in full and that equity would see a meaningful return to the sale process already underway.

13. The far likelier outcome is that the equity committee would incur extensive administrative expenses duplicating the work of the Committee, enriching the equity committee's counsel to the detriment of the unsecured creditors and the Debtors' estates.

14. The Reply correctly notes that the Equity Objection does not provide evidentiary backing for its allegations of impropriety or alleged solvency. Crucially, the Equity Objection does not explain how these allegations, even if true, provide a path for a potential return to equity, and why the Committee's involvement in the sale process is not aligned to a value-maximizing transaction for all stakeholders.

52392310.2

15. The Committee is engaged in a fulsome investigation of all relevant materials that may lead to the recovery of value for unsecured creditors; it will test the representations made by the Debtors, and those in the Equity Objection.

16. Based on the current factual situation in this case, the request for an equity committee will serve only to drive up administrative expenses and harm all interested parties.

[*The remainder of this page is left intentionally blank.*]

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Court should deny the request to appoint an equity committee.

Dated: June 4, 2024
Wilmington, DE                    **SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
Nicholas Smargiassi (DE Bar No. 7265)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
luke.murley@saul.com
nicholas.smargiassi@saul.com

-and-

Turner N. Falk (*pro hac vice* forthcoming)
Center Square West 1500 Market Street, 38th Floor
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone: (215) 972-8415
turner.falk@saul.com

-and-

Adam C. Rogoff (admitted *pro hac vice*)
Robert T. Schmidt (admitted *pro hac vice*)
Nathaniel Allard (admitted *pro hac vice*)
**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
arogoff@kramerlevin.com
rschmidt@kramerlevin.com
nallard@kramerlevin.com

52392310.2