**EXHIBIT B**

**REDLINED Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 263** |

**ORDER AUTHORIZING AND
APPROVING THE EMPLOYMENT AND RETENTION
OF MOELIS & COMPANY LLC AS INVESTMENT BANKER,
FINANCIAL ADVISOR, AND PLACEMENT AGENT FOR THE
DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE
APRIL 22, 2024, AND MODIFYING CERTAIN TIMEKEEPING REQUIREMENTS**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases for the entry of an order (the "Order"): (a) authorizing the employment and retention of Moelis & Company LLC ("Moelis") to serve as the Debtors' investment banker, financial advisor and placement agent effective as of the Petition Date pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"); (b) approving the provisions of the engagement letter between Moelis and the Debtors, dated as of March 11, 2024 (the "Engagement Letter"), attached hereto as Exhibit 1, including the compensation arrangements and indemnification, contribution and reimbursement provisions set forth therein;

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Application.

(c) modifying certain timekeeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2, and the guidelines of the United States Trustee for the District of Delaware (the "Trustee Guidelines"), and any other applicable procedures and orders of the Court in connection with Moelis' engagement; and (d) granting such other relief as is just and proper; and this Court finding that it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being adequate and appropriate under the particular circumstances; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon consideration of the Application, the Keil Declaration and the First Day Declaration; and upon the record of all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application and the Keil Declaration establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Keil Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

    1.    The Application is granted as set forth herein.

    2.    Pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized

to employ and retain Moelis as their investment banker, financial advisor, and placement agent, effective as of the Petition Date, on the terms set forth in the Engagement Letter (and all attachments thereto).

3. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, the Debtors are authorized to employ and retain Moelis as their exclusive investment banker, financial advisor and placement agent in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein, effective as of the Petition Date.

4. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee and the Restructuring Fee, shall be subject to section 328(a) of the Bankruptcy Code, except as set forth herein.

5. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the Trustee Guidelines and any other procedures or orders of the Court; *provided, however*, the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation (including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale

Transaction Fee and the Restructuring Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fee pursuant to section 330 of the Bankruptcy Code; and *provided, further*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.

6. Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Trustee Guidelines and any other procedures or orders of the Court are hereby modified such that Moelis restructuring professionals shall be required only to keep summary time records in ~~hourly~~half-hour (0.5) increments, Moelis' non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis and Moelis shall not be required to provide or conform to any schedule of hourly rates.

7. In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the

Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Moelis in retention and fee application matters. For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in <u>Annex A</u> to the Engagement Letter with respect to indemnification. <u>Notwithstanding anything contained or set forth in the Application or the Engagement Letter, Moelis shall not seek reimbursement of any fees or costs incurred defending any of Moelis' fee applications in these cases.</u>

   8.  The indemnification, exculpation, contribution, and reimbursement provisions included in <u>Annex A</u> to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

  a. ~~Subject to the provisions of subparagraphs (b), (c), and (d) below, the Debtors are authorized to indemnify, and shall indemnify, the Moelis Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with Moelis' performance of the services described in the Engagement Letter;~~

  b. ~~All requests by Moelis Persons for the payment of indemnification as set forth in the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter; *provided*, *however*, that in no event shall any Moelis Person be indemnified to the extent that a court determines by final order that such person acted in its own bad faith, self dealing to which the Debtor has not consented, gross negligence, or willful misconduct;~~

  c. ~~In no event shall any Moelis Person be indemnified to the extent the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Moelis Person's own bad faith, self dealing to which the Debtor has not consented, gross negligence, or willful misconduct; and~~

  <u>a.</u> ~~d. If Moelis or any~~<u>No</u> Moelis Person ~~seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with~~<u>(as that term is defined in</u> the Engagement Letter~~, the invoices and supporting time records from such attorneys shall be included in Moelis' own applications, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard~~

~~to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.~~) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than services set forth in the Engagement Letter, unless such additional services and the indemnification, contribution or reimbursement are approved by this Court;

b. The Debtors shall have no obligation to indemnify any Moelis Person, or provide contribution or reimbursement to any Moelis Person, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Moelis Person's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of Moelis' contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) ; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which the Moelis Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 cases, a Moelis Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Moelis Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Moelis Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Moelis Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, any Moelis Person. All parties in interest shall retain the right to object to any demand for indemnification, contribution and/or reimbursement.

9. Any limitation on amounts to be contributed by the parties to the Engagement Letter shall be eliminated. The Moelis Persons shall retain any rights they may have to contribution at common law.

10. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Moelis shall, (i) to the extent that Moelis uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Moelis pays the Contractors; and (ii) seek reimbursement for actual costs only. The Debtors shall ensure that any such Contractors are subject to the same conflict checks as required for Moelis and that they shall file with this Court such disclosures as required by Bankruptcy Rule 2014.

11. 9. Moelis shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12. Moelis shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

13. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these chapter 11 cases, Moelis shall have the fiduciary duties (if any) imposed upon it by applicable law.

14. 10. Such services other than set forth in the Application that the Debtors may request that Moelis provide during the course of these chapter 11 cases, and as agreed to by Moelis, shall be subject to separate application and order of this Court.

15. ~~11.~~ The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order in accordance with the Application.

16. ~~12.~~ Notice of the Application as provided is deemed to be good and sufficient notice of such Application and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

17. ~~13.~~ To the extent that there may be any inconsistency between the terms of the Application, the Keil Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

18. ~~14.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. ~~15.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.