**EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 261 |

**ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION
OF RCS REAL ESTATE ADVISORS AS REAL ESTATE ADVISOR TO
THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF APRIL 26, 2024**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (a) authorizing the employment and retention of Retail Consulting Services, Inc. d/b/a RCS Real Estate Advisors ("RCS"), as real estate advisor to the Debtors, on the terms set forth in the Engagement Letter; (b) approving the terms of the Engagement Letter (as modified by this Order); (c) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (d) granting related relief, all as more fully set forth in the Application; and the declaration of Ivan L. Friedman (the "Friedman Declaration") filed in support

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Application.

of the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth in this Order.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to retain and employ RCS in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective as of April 26, 2024.

3. The Engagement Letter, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, fees connected with the Monetary Lease Modifications, the Non-Monetary Lease Modifications, the Early Termination Rights, the

Lease Sales, and the Landlord Consents (each as defined in the Application and described in the Engagement Letter), as modified by this Order, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4. Notwithstanding anything herein to the contrary, RCS shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code, and all fees and out-of-pocket expense reimbursements to be paid to RCS shall be subject to review pursuant only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, however,* notwithstanding anything in this Order, or in the Engagement Letter, to the contrary, the U.S. Trustee, and solely the U.S Trustee, shall retain all rights to object to RCS's fees based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. The Debtors are authorized to pay RCS's fees and to reimburse RCS for its costs and expenses in accordance with, and at the times provided by, the Engagement Letter as modified by this Order, and none of the fees payable to RCS shall constitute a "bonus" or fee enhancement under applicable law.

6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by RCS and the structure of RCS's compensation pursuant to the Engagement Letter, RCS and its professionals shall be excused from maintaining and filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, the fee guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter.

7. Notwithstanding anything to the contrary set forth in the Engagement Letter, or in any other order entered by the Bankruptcy Court setting procedures for the allowance and payment of professional fees, the payment of all fees to RCS under Engagement Letter is as follows. The payment to RCS of fees on account of Lease Sales ("Lease Sales") shall be due and payable upon the closing of the applicable sale. Except for payments on account of Lease Sales as provided for above, the Company shall pay all fees to RCS within ten (10) business days of the Company's receipt of an invoice. In the event of any dispute of an invoice or any portion of an invoice, the parties shall work in good faith to resolve the dispute, and in the event the parties are not able to resolve such dispute, such dispute may be submitted to the Bankruptcy Court for resolution. RCS may, but shall not be required to, file interim fee applications; *provided, however,* RCS shall file a final fee application with all payments made to RCS by the Debtors in these chapter 11 cases to remain subject to the filing of a final fee application and approval by the Court. Such final fee application shall include a summary statement of all compensation and reimbursements for which payment or reimbursement is sought or was already paid by Debtors, including a list of the leases for which a fee was paid and the manner in which the fee was calculated. RCS shall be reimbursed for only its actual and necessary expenses, and RCS's request for reimbursement of expenses in its final fee application shall include the detail required by Local Rule 2016-2(e). To the extent any funds received by RCS are not approved by the Court, RCS shall promptly return such funds to the Debtors' estates.

8. To the extent that this Order is inconsistent with the Engagement Letter, the Application, or the Friedman Declaration with respect to the terms and conditions of RCS's retention and employment by the Debtors in these chapter 11 cases, the terms of this Order shall govern.

9. The indemnification provisions set forth in the Engagement Letter are approved, and shall survive in effect notwithstanding the expiration or termination of the RCS engagement, subject during the pendency of these cases to the following:

   a. subject to the provisions of subparagraphs (b) and (c), infra, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Application) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

   b. notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify RCS or provide contribution or reimbursement to RCS (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from RCS's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of RCS's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), infra, to be a claim or expense for which RCS should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these cases, RCS believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, as modified by this Order, RCS must file an application therefor in this Court, and the Debtors may not pay any such amounts to RCS before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request by RCS for compensation and expenses by RCS for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

10. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these chapter 11 cases, RCS shall have the fiduciary duties (if any) imposed upon it by applicable law.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. Notwithstanding anything to the contrary in the Engagement Letter, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14. The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted pursuant to this Order.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.