IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related to Docket No. 254 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KLEHR HARRISON HARVEY BRANZBURG LLP AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as Counsel for the Debtors effective as of the Petition Date, pursuant to sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Domenic E. Pacitti, a partner at Klehr Harrison (the "Pacitti Declaration"), and the declaration of Chad Wallace, the Chief Executive Officer and President of PGX Holdings, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

10936959.v4

and certain of its affiliated Debtor](the "Wallace Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Debtors having confirmed their consent to entry of final orders or judgment by this Court pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Pacitti Declaration that (a) Klehr Harrison does not hold or represent an interest adverse to the Debtors' estates and (b) Klehr Harrison is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, to retain and employ Klehr Harrison as counsel to for the Debtors effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

10936959.v4

3. Klehr Harrison is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4. Klehr Harrison shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Klehr Harrison also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by Klehr Harrison in these chapter 11 cases.

5. Notwithstanding anything in the Engagement Letter to the contrary, Klehr Harrison shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Klehr Harrison. Klehr Harrison is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Klehr Harrison for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6. Klehr Harrison shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Klehr Harrison to provide services to the Debtors and shall

ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Klehr Harrison's fee applications under the Bankruptcy Code are not approved.

8. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, any provisions regarding the ability of the Debtors to object to fees and expenses of Klehr Harrison previously paid by the Debtors and as provided under the Engagement Letter are not approved.

9. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Klehr Harrison, Klehr Harrison shall not seek reimbursement of expenses for office supplies.

10. Klehr Harrison shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. Klehr Harrison shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

10936959.v4

12. The Debtors and Klehr Harrison are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. To the extent the Application, the Pacitti Declaration, the Vanden Berg Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. Notwithstanding anything to the contrary in the Application or the Engagement Letter, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 4th, 2024
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

10936959.v4