IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 246 |

### ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors' Professionals to redact and file under seal the names of the Confidential Parties consistent with the Debtors' obligations under certain confidentiality agreements executed in connection with the Debtors' third-party marketing process, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, except that "Professional Declarations" shall mean, collectively, the Kirkland Declaration, the Pacitti Declaration, the Stretto Declaration, the Moelis Declaration, the RCS Declaration, the PwC Declaration, the EY Declaration, and any declarations to be filed by the Professionals or the Committee in the future in support of their Applications.

having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors and the Committee are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, (a) to file the Professional Declarations and any documents related thereto with the names of the Confidential Parties under seal, and to (b) file the unredacted versions of such Professional Declarations under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The names of the Confidential Parties shall remain confidential, shall remain under seal, and shall not be made available to anyone except that the Debtors and the Committee are authorized to cause the unredacted versions of the Professional Declarations and any documents related thereto to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; and, to the extent the names of any of the Confidential Parties become public

knowledge, the Debtors and the Committee will file subsequent supplemental declaration(s) disclosing the Professionals' connections to such publicly-known parties..

4. The Professionals and any party authorized to receive the unredacted versions of the Professional Declarations shall be authorized and directed, subject to Local Rule 9018-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

5. Any party who receives the identities of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity.

6. The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 4th, 2024  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**