IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 16, 2024 at 10:30 a.m. (ET)**<br>**Objection Deadline: June 19, 2024 at 4:00 p.m. (ET)** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 6, 2024**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned proceedings (the "**Chapter 11 Cases**") of Express, Inc., *et al.*, the debtors and debtors in possession (collectively, the "**Debtors**"), hereby submits its application (the "**Application**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and approving the employment and retention of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**" or the "**Firm**") as co-counsel effective as of May 6, 2024.  In support of this Application, the Committee submits (i) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

Declaration of Adam C. Rogoff, a partner at Kramer Levin, attached hereto as **Exhibit B** (the "**Rogoff] Declaration**") and (ii) the Declaration of Michael Durbin, the Committee's Co-Chair, attached hereto as **Exhibit C** (the "**Client Declaration**"). In further support of this Application, the Committee respectfully represents as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Committee confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## Relief Requested

4. By this Application, the Committee seeks entry of the Proposed Order authorizing the retention and employment of Kramer Levin as its co-counsel in these Chapter 11 Cases effective as of May 6, 2024. The Committee requests that the Court approve the retention of Kramer Levin in accordance with the terms and conditions set forth herein and in the Rogoff Declaration.

## Relevant Background

5. On April 22, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized

to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. On May 3, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of Title 11 of the Bankruptcy Code, appointed the Committee. The members of the Committee are: (i) Li & Fung (Trading) Limited, (ii) Manchu Times Fashion Limited, (iii) Jorge Chacon, (iv) Pacific Buying & Marketing Service, Ltd., (v) Radial, Inc., (vi) Motives International (Hong Kong) Limited and Motives International Limited, and (vii) The Macerich Company [Dkt. No. 154].

8. At a meeting held on May 6, 2024, the Committee, among other things, voted to retain Kramer Levin as its co-counsel, subject to Court approval. On May 7, 2024, the Committee selected Saul Ewing LLP ("**Saul Ewing**") as co-counsel and Province, LLC ("**Province**") as financial advisor.

9. The Committee seeks to retain Kramer Levin, effective as of May 6, 2024, as the Firm began providing legal services to the Committee as of such date, and the Firm has been actively advising the Committee since that date.

**Kramer Levin's Qualifications**

10. The Committee has selected Kramer Levin to perform all of the services necessary and desirable in these Chapter 11 Cases on behalf of the Committee. The Committee selected Kramer Levin primarily because Kramer Levin's corporate restructuring and bankruptcy department has extensive experience in the fields of bankruptcy and creditors' rights and, in particular, has represented official creditors' committees in some of the largest and most complex

chapter 11 bankruptcy cases of recent years, including, among others: *Rite Aid Corporation, Genesis Care Pty Limited, Endo International plc, Brazos Electric Power Cooperative, EHT US1, Inc., Gulfport Energy Corporation, Stanadyne LLC, RTI Holding Company, Inc., California Pizza Kitchen, Inc., California Resources Corporation, The Hertz Corporation, Frontier Communications Corp., Boy Scouts of America, Forever 21, Inc., RAIT Funding, LLC, Bristow Group, Inc., Aegerion Pharmaceuticals, Inc., Hexion TopCo, LLC, Toys "R" Us, Inc., Seadrill Limited, CHC Group Ltd., Arch Coal, Inc., NII Holdings, Inc., Residential Capital, L.L.C., Patriot Coal Corporation, Hostess Brands, Inc., WP Steel Venture, L.L.C., AES Eastern Energy, L.P., Evergreen Solar, Inc., Chrysler LLC (n/k/a Old Carco LLC), General Motors Corporation (n/k/a Motors Liquidation Company), Dura Automotive Systems, Inc., Capmark Financial Group, Inc., Magna Entertainment Corporation, Smurfit-Stone Container Corporation* and *Dana Corporation*.

11. Furthermore, Kramer Levin's broad-based practice, which includes expertise in the areas of corporate and commercial law, real estate, litigation, intellectual property and tax, will enable it to represent fully the interests of the Committee in an efficient and effective manner.

## Scope of Services to be Provided

12. Kramer Levin is expected to render legal services that the Committee may request in order to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these Chapter 11 Cases. It is expected that Kramer Levin's services will include, without limitation, assisting, advising and representing the Committee with respect to the following matters:

(a) The administration of these cases and the exercise of oversight with respect to the Debtors' affairs, including all issues in connection with the Debtors, the Committee and/or these Chapter 11 Cases;

(b) The preparation on behalf of the Committee of necessary applications, motions, objections, memoranda, orders, reports and other legal papers;

    (c)    Appearances in Court, participation in litigation as a party-in-interest and participation at statutory meetings of creditors to represent the interests of the Committee;

    (d)    The negotiation and evaluation of the use of cash collateral, debtor-in-possession financing and any other potential financing alternatives;

    (e)    The negotiation, formulation, drafting and confirmation of a chapter 11 plan of reorganization or liquidation, as appropriate, and matters related thereto;

    (f)    Investigation, directed by the Committee, of among other things, unencumbered assets, liabilities, financial condition of the Debtors, prior transactions and operational issues concerning the Debtors that may be relevant to these Chapter 11 Cases;

    (g)    The negotiation of bidding procedures and formulation of any proposed sale of any of the Debtors' assets, including pursuant to section 363 of the Bankruptcy Code;

    (h)    Evaluating and negotiating modifications to the Debtors' proposed second-day relief, and at the direction of the Committee, responding to the Debtors' proposed second day relief;

    (i)    Communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

    (j)    The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

13.    As noted above, the Committee selected Kramer Levin as its proposed co-counsel on May 6, 2024, and requested that Kramer Levin immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' Chapter 11 Cases prior to submission and approval of the Application. Since its retention date, Kramer Levin, on behalf of the Committee, has been focused on, among other things: (a) conducting diligence on the Debtors' business operations; (b) reviewing the relief sought in the various "first day" and "second day" motions filed by the Debtors; and (c) engaging immediately with the Debtors on the pending sale process. Accordingly, the Committee requests approval of the Application effective as of May 6, 2024, the date that Kramer Levin was retained.

**Retroactive Approval**

14. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Due to the status of pending matters already underway in the Debtors' Chapter 11 Cases, it was necessary for Kramer Levin to immediately begin providing services to the Committee. Upon information and belief, no party-in-interest will be prejudiced by the granting of the relief requested herein on a retroactive basis, effective as of May 6, 2024. Accordingly, the Committee requests approval of the Application effective as of May 6, 2024, the date that Kramer Levin was retained.

**Statement Regarding Revised Guidelines**

15. As this Court is aware, on June 11, 2013, the Executive Office of the United States Trustees (the "**EOUST**") adopted Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**Revised Guidelines**").[2]

16. Among other things, the Revised Guidelines require attorneys in certain larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 1103 and compensation under section 330 of the Bankruptcy Code. The Committee and Kramer Levin understand that the Revised Guidelines are applicable in these Chapter 11 Cases and intend to make a reasonable effort to comply with the Revised Guidelines both in connection with this Application and the interim and final fee applications to be filed by Kramer Levin in these Chapter 11 Cases.

---

[2] By their terms, the Revised Guidelines "apply to the [U.S. Trustee's] review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines adopted by the EOUST in 1996.

**Professional Compensation**

17. As further described in the Rogoff Declaration, Kramer Levin intends to seek compensation for professional services rendered on an hourly basis and reimbursement of actual, necessary expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any procedures and orders of the Court as are applicable to these Chapter 11 Cases.

18. Kramer Levin's billing practices and rates are summarized below and are consistent with those generally governing the Firm's representation of its other clients.

19. Kramer Levin's current hourly billing rates, which are charged the same for both bankruptcy and non-bankruptcy clients, are as follows:[3]

| Partners | $1,400-$2,000 |
|---|---|
| Counsel | $1,325-$1,915 |
| Special Counsel | $1,205-$1,550 |
| Associates | $780-$1,380 |
| Paraprofessionals | $350-$650 |

20. Kramer Levin's billing rates are designed to compensate Kramer Levin fairly for the work of its professionals. The hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of similar scope and complexity to these Chapter 11 Cases.

21. Kramer Levin's hourly billing rates are subject to periodic review and adjustments to reflect, among other things, changes in responsibilities and increased experience. Kramer Levin

---

[3] Kramer Levin's rates are adjusted annually starting with January 1 of each calendar year. The above listed billing rates are in effect until January 1, 2025.

will file a supplemental affidavit with the Court describing any increase in its billing rates and provide reasonable notice of such increases to the Debtors, the Committee and the U.S. Trustee.[4]

22. Kramer Levin's hourly billing rates for professionals are not intended to, and do not, cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, Kramer Levin regularly charges its clients for the actual, necessary expenses and disbursements incurred in connection with the client's case, including, *inter alia*, telephone charges, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for working meals and computer-aided research. Kramer Levin intends to seek reimbursement for expenses incurred in connection with its representation of the Committee in accordance with Kramer Levin's normal reimbursement policies, subject to any modifications as are required to make to comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2014-1 and any procedures or other orders of the Court as are applicable to these Chapter 11 Cases.

### **Kramer Levin's Disinterestedness**

23. Kramer Levin has informed the Committee that in its view it:

  (a) does not hold or represent an interest adverse to the Committee, the Debtors, or the estates in the Chapter 11 Cases;

  (b) is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; and

  (c) has no connection with the Committee, the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in these Chapter 11 Cases, except as may be disclosed in the Rogoff Declaration.

---

[4] Each September, there is a step-up of associate class to reflect an increase in each associate's class seniority. This annual step-up is not considered a "rate increase" as the billing rate among the applicable associate class does not change.

24. Kramer Levin has fully informed the Committee of its ongoing representations as described in the Rogoff Declaration and the Committee has consented to Kramer Levin's continued representation of such entities in matters unrelated to these proceedings.

25. Kramer Levin has informed the Committee that Kramer Levin will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise in these Chapter 11 Cases. If any new relevant facts or relationships are discovered or arise, Kramer Levin will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

26. Based on the foregoing and the Rogoff Declaration, Kramer Levin is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

## Employment of Saul Ewing LLP

27. By separate application, the Committee is also seeking authority to employ Saul Ewing to serve as co-counsel in these Chapter 11 Cases. The Committee has carefully considered this matter and determined that representation of the Committee by both Kramer Levin and Saul Ewing is necessary, advisable and in the best interests of the Committee and the Debtors' estates. Kramer Levin and Saul Ewing will coordinate responsibilities and services rendered to the Committee to avoid any unnecessary duplication and inefficiencies. In addition, Kramer Levin and Saul Ewing intend to work together to provide an overall cost-effective representation of the Committee through a coordination of resources.

## Supporting Authority

28. The Committee seeks to appoint Kramer Levin as its co-counsel in accordance with sections 328(a) and 1103 of the Bankruptcy Code. Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ a "professional person under section 327 or 1103 of this title, as the case may be, on any reasonable

terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Section 1103, in turn, requires that an attorney employed to represent a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103.

29. The Committee submits that for all the reasons stated above and in the Rogoff Declaration, the retention and employment of Kramer Levin as co-counsel to the Committee is warranted under sections 328(a) and 1103.  Further, as described in the Rogoff Declaration, Kramer Levin does not represent any entity in connection with the Debtors' cases other than the Committee, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the Debtors' estates with respect to the matters for which it is to be employed.

## Notice

30. The Committee has provided notice of this Application to the following parties or their respective counsel: (a) the U.S. Trustee, (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsel thereto; (i) the ABL Lenders and counsel thereto; (j) the FILO Agent and counsel thereto; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Express.  In light of the nature of the relief requested, the Committee submits that no other or further notice is required.

**No Previous Request**

31. No previous request for the relief sought herein has been made by the Committee to this or any other court.

WHEREFORE the Committee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 5, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXPRESS, INC.,** *et al.*

By: */s/ Michael Durbin*
Michael Durbin on behalf of Manchu Times Fashion Limited in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Express, Inc., *et al.*

- 11 -