**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*, [1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: July 16, 2024 at 10:30 a.m. (ET)** |
|  | ) | **Objection Deadline: June 19, 2024 at 4:00 p.m. (ET)** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE**
**EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF MAY 7, 2024**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors") hereby files this application (the

"Application") for an order, substantially in the form attached hereto as **Exhibit A**, pursuant to

sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") authorizing and approving the employment of Province,

LLC ("Province") as financial advisor to the Committee in connection with the Debtors' chapter

11 cases, effective as of May 7, 2024.  In support of the Application, the Committee also files the

*Declaration of Michael Robinson* (the "Robinson Declaration"), attached hereto as **Exhibit B** and

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

incorporated herein by reference.  In support of the Application, the Committee respectfully represents as follows:

## BACKGROUND

1.      On April 22, 2024 (the "Petition Date"), the Debtors each filed their voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108(a) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

2.      On May 3, 2024, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for Region 3, District of Delaware (the "U.S. Trustee"), appointed the Committee. The following are the current members of the Committee: (i) Li & Fang (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Services, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

3.      On May 7, 2024, the Committee selected Province as its proposed financial advisor.

4.      Province has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as (i) financial advisor to the official committees of unsecured creditors of A.B.C. Carpet, AgileThought, Alex and Ani, Armstrong Flooring, Aruze Gaming, Ascena Group, Avadim Health, Barretts Minerals, Benitago, BL Restaurants Holding, Carbonlite Holdings, Cherry Man Industries, Cyprus Mines, David's Bridal, DCL Holdings (USA), Destination Maternity, DirectBuy Home Improvement, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo International, Francesca's Holding Corporation, Honx, Insys Therapeutics, Independent Pet

Partners, Invacare, J Crew, Lucky's Market, L'Occitane, Mallinckrodt, Mountain Express Oil Company, Nielsen & Bainbridge (NBD Home), Neopharma, Noble House, One Web, Papyrus, Path Medical, Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Prime Core Technologies, Restoration Forest Products Group, LLC, Reverse Mortgage, Revlon, Sientra, SiO2 Medical Products, Stimwave Technologies, Surgalign, TECT Aerospace Group, The Rockport Company, True Religion Apparel, Tuesday Morning, Virgin Orbit, Water Gremlin, Wesco Aircraft, White Stallion Energy, Whittaker, Clark & Daniels, and Winsor Terrace; (ii) financial advisor to the debtors 4E Brands, Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences, Coin Cloud, Frontsight Management, Penthouse Global Media, Superior Linen, True Religion Apparel, WeWork and Woodbridge Group of Companies; and (iii) trustee or trustee advisor in Aegean Marine Petroleum, Advance Watch, American Apparel, Aruze, Borden Dairy, CS Mining, Cycle Force, DCL, EBH Topco, Eclipse Berry Farms, Energy & Exploration (ENXP), Fieldwood, Gump's, Invacare, La Paloma Generating Company, Limitree Bay Services, Invacare, Mallinckrodt, Maxus Energy, Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, RadioShack Corporation, RMIT (Reverse Mortgage), Samson Resources, SiO2, Stimwave Technologies, and Vesta Holdings, among others.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider and grant the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is section 1103(a)

of the Bankruptcy Code.  Relief is also proper pursuant to Bankruptcy Rule 2014 and the Local

Rules.[2]  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## RELIEF REQUESTED

6.     By this Application, the Committee respectfully requests that the Court enter an

order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a) and

1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the

Committee to employ and retain Province as its financial advisor in these chapter 11 cases.  The

Committee selected Province in furtherance of the efficient administration of the estates on behalf

of the Committee.  The Committee seeks to retain Province effective as of May 7, 2024, the date

that Province began providing services to the Committee.

## BASIS FOR RELIEF REQUESTED

7.     Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, a committee

appointed under section 1102 may employ one or more professional to assist it in carrying out its

duties under the Bankruptcy Code, provided that such professionals are disinterested persons and

do not hold or represent an interest adverse to the estate.  *See* 11 U.S.C. §§ 328(a), 1103.  Consistent

with these provisions, the Committee respectfully requests that the Court approve its retention of

Province as financial advisor to provide the services described in this Application.

8.     The Committee seeks to retain Province as its financial advisor because of

Province's extensive experience and knowledge in the field of financial advising related to

business reorganizations under chapter 11 of the Bankruptcy Code.  The Committee believes that

---

[2]  Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment with respect to this Application consistent with Article III of the United States Constitution.

Province's expertise and experience will enable Province to work in an efficient and cost-effective manner on behalf of the Committee's interests.

9.     The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).  The Committee believes that such retention is appropriate in these chapter 11 cases because the Committee required Province's assistance prior to such time as a retention application could be submitted to the Court due to the exigencies of these cases.  Upon information and belief, no party in-interest will be prejudiced by the granting of the relief requested herein, effective as of May 7, 2024.

## SCOPE OF EMPLOYMENT

10.     Subject to further order of this Court, the services Province has rendered and may be required to render for the Committee, include without limitation, the following:

    a.    becoming familiar with and analyzing the Debtors' DIP budget, assets and liabilities, and overall financial condition;

    b.    reviewing financial and operational information furnished by the Debtors;

    c.    monitoring the sale process, interfacing with the Debtors' professionals, and advising the Committee regarding the process;

    d.    scrutinizing the economic terms of various agreements, including, but not limited to, various professional retentions;

    e.    analyzing the Debtors' proposed business plans and developing alternative scenarios, if necessary;

    f.    assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therein;

    g.    preparing, or reviewing as applicable, avoidance action and claim analyses;

    h.    assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, DIP budgets, and monthly operating reports;

    i.    advising the Committee on the current state of these chapter 11 cases;

    j.    advising the Committee in negotiations with the Debtors and third parties as necessary;

    k.    if necessary, participating as a witness in hearings before the Court with respect to matters upon which Province has provided advice; and

l. other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province.

## **NO ADVERSE INTEREST OF PROFESSIONALS**

11. To the best of the Committee's knowledge and based upon the Robinson Declaration attached hereto, neither Province nor any of its employees have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Robinson Declaration.

12. To the best of the Committee's knowledge, except as provided in the Robinson Declaration, neither Province, nor any of its employees represent any interest adverse to that of the Committee in the matters on which they are to be retained.

13. While Province has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified.  Should Province, through its continuing efforts, learn of any new connections of the nature described above, Province will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

14. Province represents many debtors, trustees, and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtors.  However, Province will not represent those debtors, committees, or estates with respect to any claims that they may collectively or individually have against the Debtors.

## **PROFESSIONAL COMPENSATION**

15. The Committee desires to employ Province and to have Province compensated with reasonable fees subject to the approval of this Court.  No compensation will be paid to Province except upon compliance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.  Province has received no retainer in these cases to

6

represent the Committee.  Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by Province in its representation of the Committee.  Province's standard hourly rates are:

| Professional Level | Per Hour (USD) |
|---|---|
| Managing Directors and Principals | $870-$1,450 |
| Vice Presidents, Directors, and Senior Directors | $690-$950 |
| Analysts, Associates, and Senior Associates | $370-$700 |
| Other / Para-Professional | $270-$410 |

16.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Province intends to provide notice to the Debtors, the Committee, and the U.S. Trustee before implementing any increases in Province's rates for professionals working on these chapter 11 cases.

17.     In addition, Province will bill for all out-of-pocket expenses reasonably and actually incurred by Province in connection with the matters contemplated by this Application. Province will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

## NOTICE

18.     Notice of the Application will be given to (a) the Debtors; (b) the U.S. Trustee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Express.  In light of the nature of the relief requested, the Committee respectfully submits that no further notice of the Application is required.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee requests that the Court enter the order (the "Order") annexed hereto as **Exhibit A**, (i) approving the retention and employment of Province as its financial advisor, effective as May 7, 2024, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and (ii) grant the Committee such other and further relief as the Court deems just and proper.

Dated: June 5, 2024                                 Respectfully submitted,

Official Committee of Unsecured Creditors
of Express, Inc., *et al*.

By: */s/ Michael Durbin*
Michael Durbin on behalf of Manchu Times
Fashion Limited in its capacity as Co-Chair
of the Official Committee of Unsecured
Creditors of Express, Inc., *et al*