# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
|  | ) Hearing Date: July, 16, 2024 at 10:30 a.m. (ET) |
|  | ) Objection Deadline: June 19, 2024 at 4:00 p.m. (ET) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF SAUL EWING LLP AS CO-COUNSEL, EFFECTIVE AS OF MAY 7, 2024

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Express, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the retention and employment of Saul Ewing LLP ("Saul Ewing") as co-counsel to the Committee, effective as of May 7, 2024. In support of the Application, the Committee relies on the Declaration of Lucian B. Murley (the "Murley Declaration"), a copy of which is attached hereto as **Exhibit B**, and the Declaration of Michael Durbin (the "Durbin Declaration"), a copy of which is attached hereto as **Exhibit C**, and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

4. On April 22, 2024, (the "Petition Date"), each Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases"). The Debtors' cases are being jointly administered, as provided in Bankruptcy Rule 1015(b).

5. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to manage and operate their businesses as debtors-in-possession.

6. On May 3, 2024 the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 154]. The Committee is comprised of seven members: (i) Li & Fung (Trading) Limited;

(ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company. On May 6, 2024, the Committee selected Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") to serve as its lead counsel, and on May 7, 2024, the Committee selected Saul Ewing to serve as co-counsel.

## RELIEF REQUESTED

7. By this Application, the Committee seeks authority to employ and retain Saul Ewing as its co-counsel to represent the Committee's interests regarding all matters related to these Chapter 11 Cases, effective as of May 7, 2024.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, a committee appointed under section 1102 may employ one or more attorneys to represent it in carrying out its duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate. *See* 11 U.S.C. §§ 328(a), 1103. Consistent with these provisions, the Committee respectfully requests that the Court approve its retention of Saul Ewing to perform certain legal services that will be necessary during the Chapter 11 Cases in accordance with Saul Ewing's standard hourly rates and disbursement policies.

9. The Committee seeks to retain Saul Ewing as its co-counsel because of Saul Ewing's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Committee believes that Saul Ewing's expertise and experience in practicing before the Court will enable the firm to work in an efficient and cost-effective manner on behalf of the Committee's interests.

**SERVICES TO BE PERFORMED**

10. The professional services that Saul Ewing will render as co-counsel to the Committee in these Chapter 11 Cases will include, but shall not be limited to:

(a) providing legal advice to the Committee with respect to its rights, duties, and powers in these Chapter 11 Cases, bearing in mind that the Court relies on Delaware counsel to be involved in all aspects of the bankruptcy proceeding;

(b) assisting the Committee in its analysis of, and negotiations with, the Debtors or any third-party concerning matters related to these Chapter 11 Cases;

(c) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety;

(d) assisting the Committee in preparing pleadings and applications, pursuant to local rules, practices, and procedures, as may be necessary in furtherance of the Committee's interests and objectives;

(e) appearing as necessary in Court and at any meetings of creditors as co-counsel on behalf of the Committee; and

(f) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

11. The services of Saul Ewing are necessary to enable the Committee to protect its interests in these Chapter 11 Cases, and Saul Ewing is prepared to work closely with Kramer Levin to ensure that there is no unnecessary duplication of effort or cost. Saul Ewing is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

12. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Saul Ewing in these Chapter 11 Cases be paid as administrative expenses of the estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to the Court's approval, Saul Ewing will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in

effect on the date such services are rendered, subject to sections 328(a) and 330 of the Bankruptcy Code as well as Orders of the Court entered in these Chapter 11 Cases.

13. The present hourly rates for Saul Ewing's attorneys and paralegals are set forth in the Murley Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law. Saul Ewing will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level designed to fairly compensate Saul Ewing for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

14. Saul Ewing will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges, special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page for black and white copies and $0.80 for color copies), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall not include secretarial or other overtime), and other out-of-pocket expenses incurred in providing professional services to the Committee. Saul Ewing will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

15. As noted above, Saul Ewing will file fee applications with the Court and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court including the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223]. Saul Ewing will comply with the U.S. Trustee's requests for information

and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), effective as of November 1, 2013, both in connection with this Application and the interim and final fee applications to be filed by Saul Ewing in these Chapter 11 Cases.

16. Based upon the Murley Declaration, the Committee is satisfied that (i) Saul Ewing does not represent any entity having an adverse interest in connection with these Chapter 11 Cases and that its employment is in the best interest of the Debtors' creditors, (ii) Saul Ewing has no connection with any attorney employed in the office of the U.S. Trustee, and (iii) Saul Ewing has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Saul Ewing has no connection with creditors or any other party in interest except as otherwise noted in the Murley Declaration, and Saul Ewing is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17. Because of the extensive legal services that may be necessary in these Chapter 11 Cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Saul Ewing as co-counsel to provide the services described above is appropriate and in the best interests of the Debtors' unsecured creditors.

## RETROACTIVE APPROVAL

18. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Due to the status of pending matters already underway in the Debtors' Chapter 11 Cases, it was necessary for Saul Ewing to immediately begin providing services to the Committee.

Upon information and belief, no party-in-interest will be prejudiced by the granting of the relief requested herein on a retroactive basis, effective as of May 7, 2024.

### NOTICE

19. Notice of this Application has been provided to (a) the Debtors; (b) the U.S. Trustee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Express. In light of the nature of the relief requested, the Committee respectfully submits that no further notice of the Application is required.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order, (i) authorizing the Committee to retain and employ Saul Ewing as co-counsel to the Committee effective as of May 7, 2024, on the terms and conditions set forth in this Application, and (ii) granting the Committee such other and further relief as is just or proper.

Respectfully submitted,

**The Official Committee of Unsecured Creditors of Express, Inc.,** *et al.*

Dated: June 5, 2024

By */s/ Michael Durbin*
Michael Durbin on behalf of Manchu Times Fashion Limited in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Express, Inc., et al..