# EXHIBIT C

**Declaration of Michael Durbin**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|   | ) |   |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|   | ) |   |
| Debtors. | ) | (Jointly Administered) |
|   | ) |   |

**DECLARATION OF MICHAEL DURBIN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF SAUL EWING LLP AS CO-COUNSEL EFFECTIVE AS OF MAY 7, 2024.**

I, Michael Durbin, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I serve as co-chairperson of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Express, Inc., and its affiliated debtors and debtors in possession (the "Debtors").

2. I am in all respects competent to make this declaration (the "Declaration") pursuant to section 1103(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support of the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel effective as of May 7, 2024* (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

3. This Declaration is provided pursuant to Paragraph D.2 of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines") promulgated by the Office of the United States Trustee. I am informed by Saul Ewing that the UST Guidelines require that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

(a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the client or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differs from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

4. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

**IDENTITY OF DECLARANT**

5. On May 3, 2024 the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy

Code [D.I. 154]. The Committee is comprised of seven members: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

6. The Committee's professionals were selected after thorough discussion and consideration of the various alternatives. On May 6, 2024, the Committee selected Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") to serve as its lead counsel. On May 7, 2024, the Committee selected Saul Ewing to serve as its co-counsel.

7. As a member and co-chairperson of the Committee on behalf of The Macerich Company, I was directly involved in the Committee's decision to retain Saul Ewing as its co-counsel in these Chapter 11 Cases, and I actively participated in reviewing the terms of Saul Ewing's employment together with the other members of the Committee.

**STEPS TAKEN TO ENSURE COMPARABILITY OF ENGAGEMENT TERMS**

8. I have confirmed with Saul Ewing that, while its billing rates vary from attorney to attorney based on such factors as the attorney's seniority, position with the firm (e.g., partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

9. The Committee has been informed that Saul Ewing endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which they compete. The Committee confirmed that the material terms for the engagement are comparable to terms of other comparably skilled professionals. It is the Committee's

3

understanding that the hourly billing rates of Saul Ewing are appropriate in light of the breadth of its experience and areas of expertise.

## NUMBER OF FIRMS INTERVIEWED AND SELECTION OF SAUL EWING AS CO-COUNSEL

10. On the day the Committee was formed, the Committee interviewed four law firms for lead counsel and selected Kramer Levin. After careful consideration of the various alternatives, the Committee selected Saul Ewing to serve as co-counsel to the Committee.

## OTHER CIRCUMSTANCES WARRANTING THE RETENTION OF SAUL EWING

11. The Committee selected Saul Ewing as its co-counsel because of the firm's extensive experience and knowledge in the fields of creditors' rights, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, and experience in representing committees in this Court.

## PROCEDURES ESTABLISHED TO SUPERVISE FEES AND EXPENSES TO MANAGE COSTS

12. Throughout this case, the Committee will supervise the fees and expenses incurred by Saul Ewing to manage costs. In particular, the co-chairpersons will review Saul Ewing's invoices and monthly applications for payment of fees and reimbursement of expenses. The Committee understands that Saul Ewing historically increases its hourly billing rates for its professionals and para-professionals on a yearly basis. The Committee has consented to such ordinary course rate increases with the proper notice of such an increase.

13. I understand Saul Ewing is developing and will provide the Committee with a budget and staffing plan for approval. Saul Ewing has informed the Committee that, if the Committee objects to the fees and expenses requested by Saul Ewing in any monthly fee statement, and the objection cannot be resolved informally, Saul Ewing will file a Notice of Objection to Fee

Statement on the Committee's behalf. I understand that, in doing so, Saul Ewing reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such fee objection if it cannot be resolved informally by the parties.

14. Based on the foregoing, the Committee is of the opinion that it is necessary to employ Saul Ewing and that such employment is in the best interest of the Debtors' estates.

15. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 5, 2024            */s/ Michael Durbin*
                               Michael Durbin on behalf of Manchu Times Fashion Limited in its capacity as Co-Chair of the Official Committee of Unsecured Creditors of Express, Inc., *et al*.