## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 9** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH
DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
THIRTY LARGEST UNSECURED CREDITORS, (C) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, AND (D) REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS;
(II) APPROVING THE FORM AND MANNER OF SERVICE OF THE NOTICE
OF COMMENCEMENT; (III) WAIVING THE REQUIREMENT TO FILE A LIST
OF EQUITY SECURITY HOLDERS; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing the

Debtors to (a) file a consolidated list of creditors in lieu of submitting a separate mailing matrix

for each Debtor, (b) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu

of filing lists for each Debtor, (c) serve certain parties in interest by email, and (d) redact certain

personally identifiable information of natural persons; (ii) approving the form and manner of

service of the notice of commencement of these chapter 11 cases; (iii) waiving the requirement to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

file a list of, and to provide notice directly to, the equity security holders of Debtor Express, Inc.; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

1.     As soon as practicable after entry of an order authorizing the engagement of Stretto, as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Stretto a consolidated Creditor Matrix.

2.     The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own separate mailing matrix and provide same to the Clerk's office within fourteen days of any such conversion.

3.     The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors.

4.     The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court by the Debtors, the home and email addresses of natural persons, including individual creditors and individual equity holders and all personally identifiable information of minors.  The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) the Claims and Noticing Agent, and (e) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request unless otherwise required to

3

be disclosed by law or court order.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.      The Debtors shall file a redacted version of the Creditor Matrix, Schedules and Statements, or other document filed with the Court, as well as post it on Stretto's website.

7.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

8.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the claims and noticing agent, to effectuate the service on such party's behalf.

10.     All pleadings required to be served on employees will be served at their residential address.

11.     Any requirement that Debtor Express, Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the

notices required under Bankruptcy Rule 2002(d) on the registered and nominee holders of Debtor

Express Inc.'s equity securities with instructions to serve such notices down to the beneficial

holders of equity securities.

12.     The service requirements of Bankruptcy Rule 2002(g) hereby are modified to

permit email service to creditors with valid email addresses on file that (i) have not designated a

mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served

hard copies by mail.  This Final Order does not authorize service by email of any complaint or

other pleading filed in an adversary pleading.

13.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all

pleadings and papers on all parties listed on the Creditor Matrix (including via email if available).

14.     Debtor Express, Inc. shall file with the Court a list of equity security holders

directly registered with the transfer agent for Debtor Express, Inc.'s common equity in satisfaction

of Bankruptcy Rule 1007(a)(3).

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of the Local Rules are satisfied by such notice.

16.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of

this Final Order are immediately effective and enforceable upon entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Final Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: June 6th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**