## <u>Exhibit 1</u>

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS
OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com); Emily E. Geier, P.C. (emily.geier@kirkland.com); Nicholas M. Adzima (nicholas.adzima@kirkland.com); and Kirkland & Ellis, LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn: Charles B. Sterrett (charles.sterrett@kirkland.com); (iii) proposed co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti (dpacitti@klehr.com); Michael W. Yurkewicz (myurkewicz@klehr.com); Alyssa M. Radovanovich (aradvanovich@klehr.com), and (iv) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg (mbranzburg@klehr.com); (v) proposed counsel to the Official Committee of Unsecured Creditors, (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com) and (b) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com); (vi) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: John Schanne (john.schanne@usdoj.gov) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached hereto as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Final Order, or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.   Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

advance written declaration of the intended transfer of Common Stock, substantially in the form attached hereto as **<u>Exhibit 1B</u>** (each, a "<u>Declaration of Intent to Accumulate Common Stock</u>").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached hereto as **<u>Exhibit 1C</u>** (each, a "<u>Declaration of Intent to Transfer Common Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock, each, a "<u>Declaration of Proposed Transfer</u>").

d.    The Debtors and the other Notice Parties shall have twenty (20) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock, described in the Declaration of Proposed Transfer on the grounds that such transfer is reasonably expected to adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty (20)-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the Notice Parties.

e.    For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "<u>Substantial Shareholder</u>" is any entity or individual person that has Beneficial Ownership of at least 168,596 shares of Common Stock; (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate

share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock:

a.   Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached hereto as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

a.   Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached hereto as **Exhibit 1E**.

i.   The Debtors and the other Notice Parties shall have twenty (20) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

ii.   If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be

---

[2]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50% or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

iii. If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty (20)-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the Notice Parties.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a. No later than five (5) business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail and email, if available, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on: (i) the U.S. Trustee; (ii) the entities listed on the consolidated list of creditors holding the thirty (30) largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the state attorneys general for states in which the Debtors conduct business; (vii) the registered and nominee holders of the Common Stock; and (viii) the Notice Parties. Additionally, no later than five (5) business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b. All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c. Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.      To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed with the Court in redacted form; *provided*, *however*, that any such declarations served on the Notice Parties **shall not** be in redacted form.  The Notice Parties shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *further*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## __Exhibit 1A__

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831(KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

The undersigned party is/has become a Substantial Shareholder with respect to the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Express, Inc. Express, Inc. is a debtor and debtor in possession in Case No. 24-10831 (KBO) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 168,596 of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

As of _____ __, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and,

to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true,

correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __,

_____, _____

      (City)      (State)

## <u>Exhibit 1B</u>

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO
## ACCUMULATE COMMON STOCK[2]

The undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Express, Inc. Express, Inc. is a debtor and debtor in possession in Case No. 24-10831 (KBO) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 168,596 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, __, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "<u>Final Order</u>"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, ____
_____, _____
      (City)      (State)

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF INTENT TO
## TRANSFER COMMON STOCK[2]

The undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Express, Inc.  Express, Inc. is a debtor and debtor in possession in Case No. 24-10831 (KBO) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 168,596 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock after such transfer becomes effective.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, ___
_____, _____
     (City)      (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

The undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Express, Inc.  Express, Inc. is a debtor and debtor in possession in Case No. 24-10831 (KBO) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:
_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 2024
_____, _____

          (City)            (State)

**<u>Exhibit 1E</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Express, Inc. Express, Inc. is a debtor and debtor in possession in Case No. 24-10831 (KBO) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty (20) calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice Parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, then after

expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:    _____
Address:    _____
_____
Telephone:    _____
Facsimile:    _____

Dated: _____ __, 2024
_____, _____
        (City)            (State)

**<u>Exhibit 1F</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FINAL ORDER APPROVING
NOTIFICATION AND HEARING PROCEDURES FOR
CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
OF COMMON STOCK (THE "COMMON STOCK") OF EXPRESS, INC.:**

**PLEASE TAKE NOTICE** that on April 22, 2024, (the "Petition Date"), the
above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions
with the United States Bankruptcy Court for the District of Delaware (the "Court") under
chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain
exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession
of property of or from the Debtors' estates or to exercise control over property of or from the
Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the
*Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification
numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance
Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC
(0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC
(3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of
Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express
Drive, Columbus, Ohio 43230.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. 8] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], ___, the Court entered the *Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. [●]] (the "Final Order") approving procedures for certain transfers of Common Stock, set forth in Exhibit 1 attached to the Final Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock, or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock, or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any person or entity, the proposed notice, claims, and solicitation agent for the Debtors, Stretto, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://www.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at: https://cases.stretto.com/Express.

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Final Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts trading in Common Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of Common Stock, Beneficial Ownership thereof, or option with respect thereto in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:
Wilmington, Delaware

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |

Domenic E. Pacitti (DE Bar No. 3989)        Joshua A. Sussberg, P.C. (*pro hac vice* pending)

Michael W. Yurkewicz (DE Bar No. 4165)        Emily E. Geier, P.C. (*pro hac vice* pending)

Alyssa M. Radovanovich (DE Bar No. 7101)      Nicholas M. Adzima (*pro hac vice* pending)

919 North Market Street, Suite 1000             601 Lexington Avenue

Wilmington, Delaware 19801                 New York, New York 10022

| | | | |
|---|---|---|---|
| Telephone: | (302) 426-1189 | Telephone: | (212) 446-4800 |
| Facsimile: | (302) 426-9193 | Facsimile: | (212) 446-4900 |
| Email: | dpacitti@klehr.com | Email: | joshua.sussberg@kirkland.com |
| | myurkewicz@klehr.com | | emily.geier@kirkland.com |
| | aradvanovich@klehr.com | | nicholas.adzima@kirkland.com |

-and-                                               -and-

Morton R. Branzburg (*pro hac vice* pending)      Charles B. Sterrett (*pro hac vice* pending)

1835 Market Street, Suite 1400                  333 West Wolf Point Plaza

Philadelphia, Pennsylvania 19103             Chicago, Illinois 60654

| | | | |
|---|---|---|---|
| Telephone: | (215) 569-3007 | Telephone: | (312) 862-2000 |
| Facsimile: | (215) 568-6603 | Facsimile: | (312) 862-2200 |
| Email: | mbranzburg@klehr.com | Email: | charles.sterrett@kirkland.com |

*Proposed Co-Counsel for the Debtors and Debtors in Possession*          *Proposed Co-Counsel for the Debtors and Debtors in Possession*