## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Objection Deadline: June 24, 2024 at 4:00 p.m.** |
|  | ) | **Related to Docket No. 355** |

## NOTICE OF ADDITIONAL ENGAGEMENT LETTER
## RELATING TO RETENTION OF KPMG LLP

**PLEASE TAKE NOTICE** that on June 3, 2024 that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ KPMG LLP to Provide Tax Compliance and Tax Consulting Services Effective as of April 22, 2024, and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* [Docket No. 355] (the "Application") with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that paragraph seven of the proposed order submitted with the Application provides as follows:

> 7.  To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Court and serve such engagement letter(s) upon the U.S. Trustee, the Committee, and other parties required to be served under the applicable rules. To the extent any of such parties object, within ten (10) days of such new engagement letter(s) being filed and served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and KPMG have entered into an additional engagement letter (the "Additional Engagement Letter") a copy of which is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the inclusion of the inclusion of the services set forth in the Additional Engagement Letter in the relief requested in the Application must be filed on or before **June 24, 2024 at 4:00 p.m. (ET)** (the "Objection Deadline") with the Court. At the same time, you must serve a copy of the objection or response upon the undersigned counsel to the Debtors so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS OR RESPONSES TO THE INCLUSION OF THE ADDITIONAL ENGAGEMENT LETTER ARE TIMELY FILED, SERVED, AND RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE SERVICES INCLUDED IN THE ADDITIONAL ENGAGEMENT LETTER WILL BE DEEMED INCLUDED IN THE APPLICATION.

Dated:  June 14, 2024
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael W. Yurkewicz (DE Bar No. 4165) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Nicholas M. Adzima (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | 601 Lexington Avenue |
| Wilmington, Delaware 19801 | New York, New York 10022 |
| Telephone:  (302) 426-1189 | Telephone:  (212) 446-4800 |
| Facsimile:  (302) 426-9193 | Facsimile:  (212) 446-4900 |
| Email:      dpacitti@klehr.com | Email:      joshua.sussberg@kirkland.com |
|               myurkewicz@klehr.com |               emily.geier@kirkland.com |
|               aradvanovich@klehr.com |               nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone:  (215) 569-3007 | Telephone:  (312) 862-2000 |
| Facsimile:  (215) 568-6603 | Facsimile:  (312) 862-2200 |
| Email:      mbranzburg@klehr.com | Email:      charles.sterrett@kirkland.com |
| *Co-Counsel for the Debtors and Debtors in Possession* | *Co-Counsel for the Debtors and Debtors in Possession* |

11012017.v1

## Exhibit A



## STATEMENT OF WORK

This Statement of Work, dated as of May, 28, 2024 (the "Effective Date"), including any exhibits, attachments, addenda or appendices and/or other terms attached hereto (collectively, the "Statement of Work"), is entered into by and between Express LLC ("Client") and KPMG LLP ("KPMG") pursuant to and in accordance with the terms of the Master Services Agreement ("Agreement"), dated as of April 30, 2014, by and between Client and KPMG. Capitalized terms used herein without definition shall have the meaning ascribed to them in the Agreement.

### 1.  Scope of Services

    *1.1.   Tax Controversy Services*

KPMG shall:

- Represent Client in its current non-income tax examinations in Ohio, New York state, New York city, and Bellevue, Washington.

- Work with Client to develop an appropriate approach for handling the examination.

- Assist Client in preparing submissions in response to state and local taxing authority inquiries.

- Assist Client in its dealings with the state and local taxing authority examination teams.

- Meet with the state and local taxing authority examination teams as appropriate and necessary.

- Represent Client before the state and local taxing authority appeals (or an equivalent reviewing body), or participate in an alternative dispute resolution program if the case is not resolved at the examination level.

- Evaluate the impact of any resolution on open years and/or jurisdictions to which adjustments are required to be reported.

    *1.2.   Term of the Statement of Work*

The term hereof shall begin on the Effective Date and, unless terminated as contemplated herein, shall continue until the Services are complete.

### 2.  Fees

    *2.1.   Tax Controversy Services*

The fee for services will be based on the actual time incurred to complete the work at 50 percent of our standard hourly rates for the individuals involved in providing the services.

    *2.2.   Other Fees & Expenses*

These fees and expenses are in addition to the fees for the Services.

Client shall pay a technology fee equal to 3% of total engagement fees.

Solely with respect to this engagement, KPMG agrees to waive the technology fee due to Client's bankruptcy.



Page 2 of 4

### 3. Payment Schedule

Fees will be billed as work is performed.

### 4. Other Matters

*4.1.*

KPMG understands that the Bankruptcy Court must approve its engagement and its fees in order to be compensated. In that regard, KPMG intends to file applications with the Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any order of the Bankruptcy Court establishing procedures for monthly compensation and reimbursement of expenses for professionals. Client acknowledges that professional time required to prepare detailed applications in accordance with the Bankruptcy Code, applicable rules and guidelines differ from KPMG's normal engagement and billing procedures and, as a result, will require significant effort by KPMG to comply therewith. Client agrees that, subject to Bankruptcy Court approval, KPMG shall be reimbursed for such professional time incurred.

*4.2.    Applicable Standards*

When providing tax services, KPMG applies standards that may be higher than those required by law, regulation, or other professional requirements. KPMG will promptly inform Client if, during this engagement, KPMG concludes that a tax return position cannot meet these higher standards.

*4.3.    Consents to Disclose and Use Tax Return Information*

In connection with the Services, KPMG may be subject to certain federal and state laws that prohibit KPMG from disclosing Client's tax return information to third parties, or KPMG's use of that information for purposes other than the provision of tax services to Client, unless such disclosure or use is otherwise authorized by law or Client consents to such disclosure or use. Likewise, federal law generally precludes KPMG from disclosing Client's tax return information to service providers outside the United States without Client's consent. Accordingly, KPMG requests Client's consent for the disclosures and uses described with more specificity below.

#### 4.3.1.    Consent for Disclosure of Tax Return Information to Third Parties Within and Outside the United States

To complete the Services, which may include tax return preparation services, as well as preliminary engagement preparation and tax return preparation activities for the immediately succeeding tax year, KPMG may disclose some or all of Client's tax return information from prior tax years, the current tax year and the immediately succeeding tax year to certain third-party contractors, other entities or service providers within or outside the United States. The entities that may receive such disclosures include: KPMG Global Services Private Limited ("KGS"), an entity that is located in India and controlled by KPMG and certain other members of the KPMG network; any successor entity to KGS; and certain other members of the KPMG network and other third-party subcontractors that may otherwise assist in the completion of the Services.

To complete the Services, KPMG may also disclose some or all of Client's tax return information to certain third-party contractors located within the United States who are under KPMG's oversight and assist in the delivery of the Services.

Client hereby consents to the disclosure of Client's tax return information to the third parties who are located within and outside the United States, as described above.



Page 3 of 4

### 4.3.2. Consent to Use and Disclose Client's Tax Return Information Within or Outside the United States to Develop Analytics that May Enhance the Services KPMG Offers to Client and other clients and to Develop New Services and Technologies

Supplementary to the terms of the Statement of Work, KPMG requests Client's specific consent to use Client's tax return information for other purposes, such as improving the delivery or quality of services or technology to Client and other clients, thought leadership projects and to allow Client and other clients to evaluate various business transactions and opportunities. More particularly, KPMG requests Client's consent to allow KPMG to produce anonymized statistical compilations, to analyze tax return information, to develop benchmarks as well as new services and technology, and to allow KPMG to evaluate KPMG's performance on Client's behalf and on behalf of KPMG's other clients ("Data Analytics Services"). KPMG also requests Client's specific consent to disclose Client's tax return information to members of the KPMG network and other onshore and/or offshore third party service providers such as KGS and the other parties described above to assist KPMG in performing the type of Data Analytics Services described above.

In addition, Client hereby acknowledges that KPMG and such third-party service providers may also prepare reports, studies and presentation decks reflecting statistics and reasoned conclusions regarding tax metrics, economic benchmarks, and tax and general business compliance risks and opportunities (the "Output"); and Client consents to KPMG's disclosure of the Output to other clients since these materials will be intended to help Client and KPMG's other KPMG network clients understand where each of KPMG's clients stands relative to peers, to identify transactions that may be beneficial for Client's businesses, and to suggest areas in which KPMG or other members of the KPMG network might work with Client or our other clients to achieve Client's or such clients' objectives, both with respect to accurate and compliant tax reporting and tax efficient planning. Any such disclosures of the Output will be anonymous as to taxpayer identity as required by law.

Client hereby consents to: (i) the use by KPMG and the third parties identified herein of any and all tax return information including any such information contained in Client's federal, state and foreign income tax returns set forth in this engagement contract and supporting schedules for the development and provision of the Data Analytics Services; (ii) the disclosure of such information to the members of the KPMG network and other third-party service providers assisting KPMG with the development and delivery of Data Analytics Services; and (iii) the disclosure to KPMG's and other KPMG network members' clients and potential clients of the Output from the Data Analytics Services.

### 4.3.3. Representation Regarding Protection of Tax Return Information from Unauthorized Disclosure or Use

Consistent with the terms of the Statement of Work, KPMG represents that with respect to each member of the KPMG network and third party referred to in the consents set forth above, KPMG and the third parties each have technical, legal and/or other safeguards, measures and controls in place to protect Client's tax return information from unauthorized disclosure or use.

### 4.3.4. Duration of the Consent

If Client agrees to the disclosure and use of Client's tax return information for the purposes set forth above and in the terms of the Statement of Work, Client's consent is valid for ten (10) years in order for KPMG to complete the Services, including, but not limited to administrative support activities such as data storage, or for such longer periods as required in order for KPMG to assist Client with future tax-related needs and/or to comply with legal, regulatory, and professional standards.

### 4.3.5. Right to Refuse to Provide Consent

Client has the right to decline to provide any or all of the consents requested herein or to request a more limited disclosure of Client's tax return information than that provided in any such consent. However, KPMG reserves the right to decline to provide any tax return preparation services described in the Statement of Work to which



Page 4 of 4

this consent relates in the absence of consent or if KPMG concludes that the more limited disclosure Client authorizes will interfere with the efficient and effective performance of such tax return preparation services.

\* \* \* \* \* \* \*

**IN WITNESS HEREOF,** the parties hereto have caused this Statement of Work to be executed by their duly authorized representatives as of the Effective Date.

Express LLC                                                KPMG LLP

~~Michael Gillespie~~   Mark Still                     Gregory Ruud
~~Tax Director~~  Chief Financial Officer          Managing Director

6-13-24                                                  May 28, 2024
Date                                                       Date