UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Express, Inc., *et al.*[1] | ) | Case No. 24-10831 (KBO) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Dkt. No.: 446 |

### RESERVATION OF RIGHTS AND LIMITED OBJECTION OF CBL & ASSOCIATES MANAGEMENT, INC. TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

CBL & Associates Management, Inc. ("CBL"), by and through counsel, hereby files this Reservation of Rights and Limited Objection (the "Objection") to Debtors' *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 446] (the "Cure Notice")[2], and respectfully represents as follows:

1. On April 22, 2024 (the "Petition Date"), Express, Inc. and certain of its affiliates (the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware.

2. Upon information and belief, Debtors are operating and managing their businesses as a debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. By various lease agreements (the "Leases"), the landlords for the locations

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Terms not otherwise defined here shall have the meanings ascribed to them in the Cure Notice and accompanying documents.

1

attached on **Exhibit A**, by CBL & Associates Management, Inc. ("CBL"), their managing agent, leased unto Debtors as tenant certain real property premises.

4. The Leases have not been rejected nor assumed by Debtor as of the date of this Objection.

5. On May 17, 2024, this Court entered an order on the motion (the "Motion") of Debtors approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 269] (the "Procedures Order").

6. On June 6, 2024, this Court issued its *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of Assets; and (VII) Granting Related Relief* [Docket No. 427].

7. On June 13, 2024, Debtors filed their *Revised Notice of Selection of Stalking Horse Bidder* [Docket No. 414].

8. On June 12, 2024, the Debtors filed the Cure Notice.

9. Debtors list only "CBL" and various internal store numbers on the Cure Notice. It is unclear what Leases the Debtors are referring to in the Cure Notice.

10. On June 12, 2024, Debtors announced Phoenix Retail, LLC (the "Buyer") as the winning bidder and proposed buyer of certain of Debtors assets [Dkt. No. 445].

## CURE CLAIM OBJECTION

11. Section 365(b) of the Bankruptcy Code provides in pertinent part as follows:

>(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>>(A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>>(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. The Leases are ones "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

13. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The Leases provide for recovery of attorneys' fees and expenses.

14. CBL has agreed to deal terms with Buyer pursuant to which the Leases (with modified terms) will be assumed and assigned (collectively, the "Revised Lease Agreement"). The Revised Lease Agreement also establishes the cure amount for the Leases. However, the Revised Lease Agreement is contingent on various future events, including, but not limited to, final consummation of the Revised Lease Agreement, the Buyer closing on the going concern sale transaction, Debtors remaining current on their post-petition obligations under the Leases (which may be modified by the Revised Lease Agreement), and the assumption and assignment of the Leases pursuant to a final order of this Court.

15. As of the date of this Objection, the cure amounts proposed for the Leases included in Debtors' Cure Notice (the "Proposed Cure Amount") are understated. To the extent the Revised Lease Agreement is consummated, this Objection is likely resolved.

16.     However, CBL hereby files this Objection to reserve all rights in the event the contingencies in the Revised Lease Agreement are not met.

## RESERVATION OF RIGHTS

17.     CBL hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365 of the Bankruptcy Code.

## CONCLUSION

18.     For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; and (ii) grant CBL such further relief as it deems proper.

Date: June 17, 2024

**HOGAN♦McDANIEL**

*/s/Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

***Attorney for CBL & Associates Management, Inc.***