**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Express, Inc., *et al.*, | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**LIMITED OBJECTION TO NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Blue Yonder, Inc. ("**Blue Yonder**"), hereby files this limited objection (the "**Objection**") to the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 451] and the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 474] (collectively, the "**Assumption Notice**") filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**").

1. In the Assumption Notice the Debtors identify Blue Yonder as a vendor whose contract is being assumed and assigned. The Debtors do not identify a specific contract being assumed and list a cure amount of $0.00.

2. Debtor Express, LLC ("**Express**") and Blue Yonder are currently parties to the following agreements: (a) Schedule 1-A: Initial Software and Maintenance Schedule, dated as of June 26, 2009; (b) Schedule 2-A: Additional Software and Maintenance Schedule, dated as of November 28, 2011; (c) Schedule 2-B: Standard Software, Documentation and Additional Terms Schedule; (d) Schedule 3-A: Additional Software and Maintenance Schedule, dated as of March 27, 2015; (e) Schedule 3-B: Standard Software, Documentation and Additional Terms Schedule; (f) Schedule 4-A: Additional Software and Maintenance Schedule, dated as of December 5, 2018; and (g) Amendment to Master Agreement: Maintenance, dated as of March 15, 2023 (collectively, the "**Contract**").

3. A debtor in possession cannot assume parts of an executory contract, but instead must assume the entire contract. See In re MF Glob. Holdings Ltd., 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) (noting that an executory contract may not be assumed in part and rejected in part, and that the debtor must either "assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits"). In this case, the Debtors do not identify any particular agreement being assumed. The Debtors must assume the entire Contract, and any order approving assumption should reflect that the entire Contract is being assumed.[1]

4. Additionally, the cure amount must reflect **all** amounts owing as of the assumption date. Pursuant to section 365(b)(1)(a) of the Bankruptcy Code, a debtor in possession is prohibited from assuming an executory contract or unexpired lease unless it cures all monetary defaults in full – including all monetary defaults that arise both pre- and post-petition. In this case, Express presently owes the total amount of **$230,732.74** under the following invoices issued under the Contract: (a) Invoice No. 230213666, dated as of November 1, 2023; and (b) Invoice No. 240203050, dated as of March 4, 2024. Copies of these invoices (which are partially redacted) are attached hereto as **Exhibit A**.

5. Additionally, to the extent that Blue Yonder has invoiced, or will invoice, Express for additional services provided under the terms of the Contract, and such invoices are not paid in the ordinary course of business and prior to the proposed assumption, or assumption and assignment, of the Contract, then such invoiced amounts should be included in the cure amount. See 3 COLLIER ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008) ("The other party to the contract or lease that the trustee proposes to assume is

---

[1] Blue Yonder believes that the Debtors are in possession of the Contract, and therefore the Contract is not attached to this Objection. Blue Yonder will provide a copy of Contract to the Debtors or other appropriate parties in interest upon request (Blue Yonder reserves the right to redact said documents to the extent necessary to protect confidential, proprietary and/or otherwise protected information).

entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available."); *see also Stoltz v. Brattleboro Housing Authority*, 315 F.3d 80, 94 (2nd Cir. 2002) (noting that the requirement to cure all defaults "protect[s] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor").

**WHEREFORE**, for the reasons set forth above, Blue Yonder respectfully requests that the Court deny the Debtors' request for authority to assume the Contract absent satisfaction of the requirements for assumption as identified above.

Dated: June 18, 2024

CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (No. 2795)
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Email: jwisler@connollygallagher.com

-and-

Mark A. Salzberg
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Email:  mark.salzberg@squirepb.com

*Attorneys for Blue Yonder, Inc.*

#05814087