# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-10831 (KBO)<br>(Jointly Administered)<br><br>**Re: Docket No. 452** |

## STORED VALUE SOLUTIONS' OBJECTION TO NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Stored Value Solutions ("SVS")[2], by and through undersigned counsel, for its Objection to *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 452] (the "Cure Notice") states as follows:

1. SVS is a payment processor and issuer of gift cards. Essentially, SVS provides the card hardware, management, tech support and customer service support for its retail business clients, including, in this instance, the Debtors.

2. SVS and Debtor Express GC, LLC are parties to a certain Services Agreement dated as of January 1, 2018. A copy of the Services Agreement is attached hereto as Exhibit A.

3. The cure cost identified by Debtors regarding assumption of the Services Agreement is understated. In the Cure Notice, the Debtors identify a cure amount of $0.00, while the correct cure amount is $87,623.85.[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] The SVS is a division of Comdata, Inc.

4.      Regarding adequate assurance of future performance, SVS has not yet received an adequate assurance package from the potential purchaser of the Debtors' assets.  SVS therefore reserves the right to file an adequate assurance objection, if necessary.

**OBJECTION**

5.      Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and to provide adequate assurance of future performance under the contract. *See* 11 U.S.C. §365(b)(1); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) ("Pursuant to 11 U.S.C. § 365(b)(1), if there has been a default under an unexpired lease of a debtor and the debtor wants to assume and assign the lease, the debtor must: (A) cure the default, or provide adequate assurance that it will promptly cure the default; (B) compensate, or provide adequate assurance the it will promptly compensate, the non-debtor party to the lease for any actual pecuniary loss resulting from the debtor's default; and (C) provide adequate assurance of future performance under the lease. The purpose of § 365(b)(1) is 'to restore the 'debtor-creditor relationship . . . to pre-default conditions,' bringing the [loan] back into compliance with its terms.") (citations omitted).  Cure includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

6.      As discussed above, the cure amount regarding the Services Agreement is understated.  The cure amount should be $87,623.85.  If the Debtors intend to assume or assume and assign the Services Agreement, they must pay SVS an amount no less than $87,623.85 to cure any and all defaults under the Services Agreement.

---

[3] SVS has already provided to the Debtors the relevant invoices to corroborate the amount due under the Services Agreement.  To the extent that any party in interest requires copies of such invoices, SVS shall provide them upon request.

3

7. SVS reserves the right to amend, supplement, or otherwise modify this Objection, to file and prosecute an adequate assurance objection, and to raise further objections to the assumption and assignment or cure amounts with respect to any contract between Debtors and SVS.

WHEREFORE, SVS requests that the Court sustain this Objection and grant SVS such additional relief that is just and equitable.

Dated: June 20, 2024
Wilmington, Delaware

CROSS & SIMON, LLC

By: */s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

*Counsel to Stored Value Solutions*