# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 451** |

### OBJECTION OF AKAMAI TECHNOLOGIES, INC. TO NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Akamai Technologies, Inc. ("Akamai"), by its undersigned attorneys, respectfully submits this objection with respect to the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 451] (the "Cure Notice") filed by the above-captioned debtors (the "Debtors"), and states as follows:

1.  On April 22, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Delaware (the "Court").

2.  On June 14, 2024, the Court entered an order [Docket No. 471] (the "Sale Order") which authorized the sale (the "Sale") of substantially all of the Debtors' assets.

3.  In connection with the Sale, on June 13, 2024, the Debtors filed the Cure Notice, which included the following contract for which Akamai is listed as a counterparty, and also the cure amount listed below:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

1

| Contract Description | Cure Amount |
|---|---|
| Software – Akamai Enterprise Solution | $335,970.00 |

4.  Akamai and Express, LLC are parties to an Akamai Service Order Form (Order ID 349488) dated April 1, 2024, an Akamai Service Order Form (Order ID 319616) dated October 5, 2022, an Akamai Service Order Form (Order ID 306647) dated April 1, 2022, and also Akamai Terms & Conditions dated August 8, 2011 (collectively, the "Akamai Contract").

5.  Pursuant to the Akamai Contract, Akamai invoices Express, LLC monthly for services rendered. As of the Petition Date, Akamai had three outstanding invoices owed by Express, LLC which are summarized below:

| Invoice Number | Invoice Date | Due Date | Outstanding Amount | comments |
|---|---|---|---|---|
| 24110003446 | 02/02/24 | 03/18/24 | 168,000 | Feb-24 |
| 24110005794 | 03/04/24 | 04/18/24 | 168,033 | Mar-24 |
| 24110008749 | 04/05/24 | 05/20/24 | 63,033 | Prorated from April 1st - April 21st |

6.  Accordingly, as of the Petition Date, Express, LLC owed Akamai the total amount of $399,033 under the Akamai Contract (the "Cure Amount").

7.  Pursuant to Bankruptcy Code § 365(a), the Debtors, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." However, Bankruptcy Code § 365(b)(1) provides:

> If there has been a default in an executory contract or expired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
>
> (A) cures or provides adequate assurance that the trustee will promptly cure, such default;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

8. Akamai's records reflect that Express, LLC owed Akamai the total sum of $399,033 under the Akamai Contract as of the date of the filing of this objection.

9. Akamai can only provide the information presently available regarding amounts owed under the Akamai Contract, while reserving the right to amend this objection as necessary to include any additional charges that arise.

10. Akamai does not oppose the Debtors' proposed assumption of the Akamai Contract. However, in order for the Debtors to assume the Akamai Contract, they must cure all unpaid amounts owing under Akamai Contract.

**WHEREFORE**, Akamai respectfully requests that this Court enter an Order conditioning the assumption of the Akamai Contract upon the payment of the full cure amount described above, and for such other and further relief as may be appropriate.

Date:  June 20, 2024
       Wilmington, Delaware

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel, Esq. (#4167)
**HOGAN MCDANIEL**
1311 Delaware Avenue
Wilmington, DE 19806
Telephone (302) 656-7540
Facsimile (302) 656-7599
gfmcdaniel@dkhogan.com

and

**COHNE KINGHORN, P.C.**
George Hofmann
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone (801) 363-4300
Facsimile (801) 363-4378
*Attorneys for Akamai Technologies, Inc.*

3