## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 450** |

### LIMITED OBJECTION BY DOMAIN NORTHSIDE
### RETAIL PROPERTY OWNER LP TO NOTICE OF ASSUMPTION [D.I. 450]

Domain Northside Retail Property Owner LP ("Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [D.I. 450] (the "Notice"). In support of this Objection, Landlord respectfully states as follows:

### I.    BACKGROUND AND LIMITED OBJECTION

1.    On April 22, 2024, the above-captioned debtors and debtors in possession (together with Debtor BNBS (defined below), collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2.    Landlord is the lessor successor-in-interest with regard to that certain *Lease Agreement*, dated on or about June 27, 2016, between Landlord and lessee successor-in-interest and debtor Express BNBS Fashion, LLC (the "Debtor BNBS"), for certain space in the shopping center known as Domain NORTHSIDE in Austin, Texas (as amended and supplemented from time to time, the "Lease").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

3.      On June 13, 2024, the Debtors filed the Notice, identifying "NORTHWOOD RETAIL" as an applicable landlord and presumably the Lease subject to assumption, effective June 21, 2024.  The Debtors list the proposed cure amount as zero (the "Cure Costs").

4.      On May 2, 2024, Landlord filed proof of claim no. 69, which claim is incorporated herein by reference.  There, though the claim amount is zero, Landlord notes in the claim's Exhibit 1:

> In addition to the current outstanding amounts, there are accruing charges under the Lease that are subject to adjustment and reconciliation that have not yet been billed under the Lease.  The Debtor continues to be responsible for all such accrued and accruing charges under the Lease.  The Lease further provides that the Debtor must indemnify and hold Domain harmless under certain circumstances. *See*, *e.g.*, Lease, § 13.1.  To the extent these and any additional obligations under the Lease are prepetition, Domain asserts them herein.

5.      Landlord objects to the Notice on a limited basis for a few reasons.  First, it is unclear to Landlord that the Lease is subject to assumption or assumption and assignment because the listed landlord name is incorrect.  The list should be updated with Landlord's actual name as opposed to a related entity.

6.      Second, the proposed Cure Costs do not take into account other components of Landlord's claim, which as noted therein, including, but are not limited to, accruing charges under the Lease that are subject to adjustment and reconciliation that have not yet been billed under the Lease, including costs and professional and para-professional fees and expenses, and indemnification obligations.  To the extent these and any additional obligations under the Lease are outstanding and/or subject to being cured, Landlord asserts them.  Likewise, the Cure Costs may increase prior to any actual date of assumption (and any assignment) of the Lease, particularly to the extent designation rights are implicated and because the assumption date may drift depending on when the sale closing occurs.  For the foregoing reasons, any assumption (and

any assignment) of the Lease must be pursuant to the terms of the Lease, including the continuation of all obligations such as those related to payment, indemnification, and costs and fees, regardless of when they arose and whether they have accrued but may not yet have been billed. *See* 11 U.S.C. §§ 365(b) and (f).

## II.    JOINDER

7.      Landlord joins in the objections to the Debtors' requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with the Objection.

## III.    RESERVATION OF RIGHTS

8.      Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the proposed assumption (and any assignment) of the Lease on any and all grounds, including in relation to adequate assurance of future performance; (ii) amend the cure amounts; (iii) assert additional non-monetary defaults under the Lease; (iv) assert any rights for indemnification or contribution against the Debtors arising under the Lease; and (v) assert any further objections as it deems necessary or appropriate.

WHEREFORE, Landlord respectfully requests that this Court enter an order: (i) sustaining this Objection; and (ii) granting it such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: June 20, 2024

**PASHMAN STEIN WALDER
HAYDEN, P.C.**

 */s/ Joseph C. Barsalona II*
Joseph C. Barsalona II, Esq. (No. 6102)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com

-and-

**LAW OFFICES OF KEVIN S. NEIMAN, PC**
Kevin Neiman
999 18th Street, Suite 1230 S
Denver, CO 80202
Telephone: (303) 996-8637
Email: kevin@ksnpc.com

*Counsel to Domain Northside Retail
Property Owner LP*