**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC. *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Dkt. No. 447 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF 31-01 STEINWAY LLC
TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND/OR UNEXPIRED LEASES**

31-01 Steinway LLC ("Landlord" or "Steinway"), by and through its undersigned counsel,

hereby submits this limited objection and reservation of rights (the "Limited Objection") to the

above-referenced Debtors' *Notice of Assumption of Certain Executory Contracts and/or*

*Unexpired Leases* [Dkt. No. 447] (the "Assumption Notice"). In support of its Limited Objection,

Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1.        In connection with the potential assumption and assignment of the Lease (as

defined below), the Debtors must comply with section 365 of the Bankruptcy Code, including

paying Landlord the Corrected Cure Amount (as such term is defined below), along with any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

amounts that have not been billed or have yet to become due under the Lease, and complying with all contractual obligations under the Lease, including its indemnity provisions.

## BACKGROUND

2.      On April 22, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). These cases are being jointly administered (the "Chapter 11 Cases") [Dkt. No. 67].

3.      Landlord, as successor-in-interest to 31st Steinway Partners LLC, and Debtor Express Fashion Operations, LLC, as successor-in-interest to Express LLC ("Debtor" or "Tenant"), are parties to that certain Lease Agreement, dated June 5, 2001 (as amended and supplemented, the "Lease"), by and between Debtor and Landlord, for the premises (the "Premises") commonly known and located at 31-01 – 31-05 Steinway Street, Astoria, New York.[2]

4.      On June 13, 2024, the Debtors filed the Assumption Notice, which lists the Lease as an unexpired lease to be assumed and assigned to Phoenix Retail, LLC on June 21, 2024, with a cure amount of $0 (the "Debtors' Cure Amount"). The description of the lease to be assumed is simply the "Store Lease" and Sutton is improperly listed as the name of the Landlord (Store ID 969). Counsel to the Debtors advised that Store ID 969 is the Lease for the Premises.

5.      The Debtors' Cure Amount is also incorrect. As of the date hereof, Landlord is owed rent and maintenance expenses under the Lease in the amount of $78,414.64 (comprised of rent in the amount of $41,666.67 for the month of June, 2024; $29,187.69 for rent covering the period from April 1, 2024 through and including April 21, 2024; and unpaid maintenance expenses

---

[2] A copy of the Lease is not attached to the Limited Objection filed on the Bankruptcy Court docket because it contains proprietary and/or confidential information and may be made available to the Debtors and other appropriate parties-in-interest consistent with the terms of the Lease.

in the amount of $7,560.28), plus interest, fees, costs, attorneys' fees and costs, late charges, and other amounts due or which may become due under the Lease through the effective date of assumption (the "Corrected Cure Amount").

## OBJECTION

6.     While the Landlord does not object generally to the Debtors' proposed assumption and assignment of the Lease, Landlord does object to the extent that any proposed assumption and assignment that does not comply with section 365 of the Bankruptcy Code and applicable law.

7.     Section 365(b) of the Bankruptcy Code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8.     First, consistent with section 365 of the Bankruptcy Code, the Debtors must cure all defaults as of the date of assumption and provide adequate assurances of future performance under the Lease. 11 U.S.C. § 365(b)(1). While Debtors' Cure Amount is $0 with respect to the Lease, the Debtor owes Landlord the Corrected Cure Amount, which must be paid prior to the contemplated assumption and assignment of the Lease. Landlord reserves the right to amend the Corrected Cure Amount to include any additional amounts or other obligations due under the Lease or that may arise and/or become known to the Landlord prior to assumption and assignment of the Lease.

9. Pursuant to the Lease, the Debtor is obligated to pay installments of monthly rent, as well as maintenance, real estate taxes and insurance, among other obligations, which must be paid prior to assumption as required by section 365(b)(1) of the Bankruptcy Code. Prior to assumption of the Lease, the Debtor is also required by section 365(b)(1) of the Bankruptcy Code to compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees and costs, which are compensable under the Lease. *See* 11 U.S.C. § 365(b)(1)(B); *LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, the Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

10. Second, the Debtors bear the burden of demonstrating adequate assurance of future performance of the Lease in connection with the potential assumption and assignment. *See In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981). The Landlord recently received the proposed adequate assurance information following its request to Debtors' counsel. While the Landlord continues to review the information received from Debtors' counsel, it respectfully reserves all rights to request additional information or raise and/or join in any objections relating thereto.

11. Third, bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A) as "an all-or-nothing proposition – either the

whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003). The Debtors or their assignee must be required to comply with all contractual obligations under the Lease, including the contractual obligation of tenant to indemnify and hold the Landlord harmless regarding events that occurred before assumption and assignment. To cure possible pre-assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, either (a) the Debtors or the potential assignee must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment.

12.     Finally, the Assumption Notice improperly lists "Sutton" as the Landlord of a "Store Lease" to be assumed and assigned to Phoenix Retail, LLC. Any Order approving assumption should properly identify the Landlord, the location of the Premises, and that the Lease is to be assumed in its entirety.

## **RESERVATION OF RIGHTS**

13.     Landlord expressly reserves the right to amend, modify, or supplement this Limited Objection. This Limited Objection, or any later appearance, pleading, or claim, does not waive any other rights, claims, actions, defenses, set-offs, or recoupments to which Landlord has or may be entitled under the Lease or other contracts, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved.

## **JOINDER IN OTHER OBJECTIONS**

14.     Landlord hereby joins in the objections filed by other landlords and creditors of the Debtors to the extent that such objections are consistent with the objections hereof.

WHEREFORE, Landlord respectfully requests that the Court enter an Order consistent with this Limited Objection; and for such other and further relief as may be just and proper under the circumstances.

Dated:  June 21, 2024
        Wilmington, Delaware

/s/ Jami B. Nimeroff
Jami B. Nimeroff, Esquire (DE Id. 4049)
**BROWN MCGARRY NIMEROFF LLC**
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
T: (302) 428-8142
Email: jnimeroff@bmnlawyers.com

- and –

**ICE MILLER LLP**
Louis. T. DeLucia, Esquire (*pro hac* to be filed).
Alyson M. Fiedler, Esquire (*pro hac* to be filed)
Ryan Hibbard, Esquire (*pro hac* to be filed)
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6315
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com
ryan.hibbard@icemiller.com

*Counsel to 31-01 Steinway LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I, Alyson M. Fiedler hereby certify that on this 21st day of June 2024, I caused a true and correct copy of the Limited Objection to be served electronically upon all parties that have opted in to receive notice via CM/ECF and those parties listed on the attached Service List by first class mail and/or electronic mail.

Dated: June 21, 2024
New York, New York

/s/ Alyson M. Fiedler
Alyson M. Fiedler
**ICE MILLER LLP**

**SERVICE LIST**

| **Via First Class Mail** | **Via First Class Mail and Electronic Mail** |
|---|---|
| EXPRESS, INC.<br>One Express Drive<br>Columbus, Ohio 43230<br>Attn.: Laurel Krueger<br><br>*Debtors* | The Office of the United States Trustee<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn.: John Schanne<br>(john.schanne@usdoj.gov)<br>*United States Trustee* |
| **Via First Class Mail and Electronic Mail**<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.: Joshua A. Sussberg, P.C.<br>(josh.sussberg@kirkland.com)<br>    Emily E. Geier, P.C.<br>(Emily.geier@kirkland.com)<br>    Nicholas M. Adzima<br>(Nicholas.adzima@kirkland.com)<br><br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attn.: Charles B. Sterrett<br>(Charles.sterrett@kirkland.com)<br><br>KLEHR HARRISON HARVEY<br>BRANZBURG LLP<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Attn.: Domenic E. Pacitti<br>(dpacitti@klehr.com)<br>    Michael W. Yurkewicz<br>(myukewicz@klehr.com)<br>    Alyssa M. Radovanovich<br>(aradvanovich@klehr.com)<br><br>KLEHR HARRISON HARVEY<br>BRANZBURG LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Attn.: Morton R. Branzburg<br>(mbranzburg@klehr.com)<br>*Counsel to the Debtors* | **Via First Class Mail and Electronic Mail**<br>KRAMER LEVIN NAFTALIS & FRANKEL<br>LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Attn: Adam Rogoff<br>(arogoff@kramerlevin.com)<br>    Robert Schmidt<br>(rschmidt@kramerlevin.com)<br>    Nathaniel Allard<br>(nallard@kramerlevin.com)<br><br>SAUL EWING LLP<br>1201 North Market Street, Suite 2300<br>Wilmington, DE 19801<br>Attn: Luke Murley<br>(luke.murley@saul.com)<br><br>*Proposed Counsel to the Committee* |

| **Via First Class Mail and Electronic Mail** | |
|---|---|
| PHOENIX RETAIL, LLC<br>c/o WHP Global 530<br>Fifth Avenue, 12th Floor<br>New York, NY 10036<br>Attention: Gregg Donnenfeld<br>(gdonnenfeld@whp-global.com)<br><br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd St<br>New York, NY 10019<br>Attention: Joshua A Feltman<br>(jafeltman@wlrk.com)<br>Benjamin S. Arfa<br>(bsarfa@wlrk.com)<br><br>*Proposed Assumption Counterparty* | |