UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EXPRESS, INC., *et al.*, | ) | Case No. 24-10831 (KBO) |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | **Related to Docket Nos. 447 and 450** |
| | | **Objection Deadline:  June 23, 2024** |
| | | **Hearing Date:  TBD** |

### LIMITED OBJECTION OF CERTAIN LANDLORDS TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES

BP Prucenter Acquisition LLC ("BXP") and W-LD Legends Owner VII, L.L.C. ("Legends" and, collectively with BXP, the "Landlords" and each a "Landlord") hereby file this limited objection (this "Objection") to the assumption and assignment its respective lease, as proposed by the above-captioned debtors (the "Debtors") in the applicable *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket Nos. 447 (Legends) and 450 (BXP)] (collectively, the "Assumption Notice"), filed on June 13, 2024, pursuant to the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of Assets; and (VII) Granting Related Relief* [Docket No. 427].  In further support of this Objection, the Landlords state as follows:

## THE LEASES

1. BXP, as landlord, and Express BNBS Fashion, LLC, as tenant, are parties to that certain lease, dated June 28, 2017, for certain premises located at the shopping center commonly known as The Prudential Center in Boston, Massachusetts (the "BXP Lease").

2. Legends, as landlord, and Express Fashion Operations, LLC, as tenant, are parties to that certain lease, dated December 5, 2014, as amended by that certain First Amendment to Lease Agreement dated as of April 1, 2020, for certain premises located at the shopping center commonly known as Legends Outlets in Kansas City, Kansas (as amended, the "Legends Lease" and, collectively with the BXP Lease, the "Leases" and each a "Lease").

3. Each Lease is a lease "of real property in a shopping center" within the meaning of section 365(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

## CURE OBJECTION

4. In the applicable Assumption Notice [Docket No. 450], the Debtors assert that the amount required to cure defaults under the BXP Lease is $0.00. The actual amount of the arrearages owed under the Lease, as of June 14, 2024, is at least equal to **$19,264.04**. See Exhibit A attached hereto.

5. In the applicable Assumption Notice [Docket No. 447], the Debtors assert that the amount required to cure defaults under the Legends Lease is $0.00. The actual amount of the arrearages owed under the Legends Lease, as of June 19, 2024, is at least equal to **$62,334.20**. See Exhibit B attached hereto.

6. Each Landlord objects to the Debtors' proposed cure amount with respect to its respective Lease insofar as such amount does not represent the accurate amount of existing arrearages under such Lease. Section 365 of the Bankruptcy Code provides that, as a condition to a debtor assumption of an unexpired lease, the debtor must cure, or provide adequate assurance that the debtor shall promptly cure, all defaults upon assumption. 11 U.S.C. § 365(b)(1)(A); *see also In re Shangra-La, Inc.,* 167 F.3d 843, 849 (4th Cir. 1999) ("Because the Bankruptcy Code also recognizes the interest of the landlord in realizing the benefit of the bargain struck with the tenant, albeit under brighter financial circumstances, in order to assume the lease, the trustee must cure any remaining defaults under the contract or lease."). The Debtors have determined that each Lease is beneficial to the estate and, therefore, must pay what is owed thereunder.

7. Each Landlord further objects to the proposed cure amount under its Lease because such amount fails to take into account the actual pecuniary losses suffered by such Landlord resulting from the Debtors' defaults under such Lease. Each Landlord is entitled to be reimbursed under the terms of its Lease, and pursuant to section 365(b)(1)(B) of the Bankruptcy Code, for its actual pecuniary losses, including, but not limited to, attorneys' fees and costs incurred in response to and directly resulting from the Debtors' defaults, as well as to matters related to the Debtors' chapter 11 cases, including the potential assumption and assignment of the Lease as part of the Debtors' contemplated sale process.

    a. As of the date hereof, BXP has incurred attorneys' fees and costs in connection with the enforcement of its rights under and with respect to its Lease in the approximate amount of at least **$3,000.00**, which amount shall be added to and included in the cure claim for the BXP Lease.

  b. As of the date hereof, Legends has incurred attorneys' fees and costs in connection with the enforcement of its rights under and with respect to its Lease in the approximate amount of at least **$1,000.00**, which amount shall be added to and included in the cure claim for the Legends Lease.

 8. In addition, the amount of each Landlord's cure claim is subject to upward adjustment for any amounts that are billed or become due under its respective Lease after the date hereof including, without limitation, any year-end additional rent true-up amounts and other reconciliations that may later be billed by the applicable Landlord and shall be payable by the Debtors or Buyer (as hereinafter defined) (the "Lease Reconciliations"). Any order approving the sale of the Debtors' assets and the assumption of the Leases should require the Debtors or Buyer, as applicable, to pay any and all Lease Reconciliations as and when they become due and payable under each Lease, regardless of when such charges arise.

 9. The Debtors shall remain responsible for losses arising from events which may have occurred before the assumption of the Lease, but which are not asserted or made known to Landlord (and possibly the Debtors) until after the Lease is assumed, including, without limitation, the applicable Debtor's obligation to indemnify the applicable Landlord under each respective Lease. Accordingly, any order approving the sale of the Debtors' assets and approving the assumption and assignment to Buyer of the Leases should require that the Debtors or Buyer, as applicable, shall remain liable to pay any and all indemnification obligations as, and when, they become due and payable under each Lease, regardless of when they arose.

## REPLACEMENT SECURITY (BXP LEASE)

10. PHOENIX Retail, LLC ("Buyer") has been determined to be the successful bidder at auction for substantially all of the Debtors' assets.

11. BXP, pursuant to the terms of Sections 1.1 and 20.27 of the BXP Lease, is holding a letter of credit in an amount equal to $40,791.21 (the "Letter of Credit"). Section 365(l) of the Bankruptcy Code entitles BXP to replacement security consistent with what would have been (and actually was) required when the parties entered into the BXP Lease. 11 U.S.C. § 365(l). BXP required and received the Letter of Credit from the Debtors in connection with the initial leasing of the premises demised under the BXP Lease. The order approving the assumption and assignment of the BXP Lease should expressly require that a replacement security deposit (either cash or in the form of a letter of credit required by the terms of Section 20.27 of the BXP Lease), in an amount equal to $40,791.21, be provided by Buyer to BXP.

## RESERVATION OF RIGHTS

12. Each Landlord reserves its right to supplement this Objection with additional charges, obligations and costs (including without limitation additional attorney's fees and expenses and unpaid post-petition rent and charges) that may arise under its respective Lease prior to the effective date of any assumption of such Lease. Nothing herein shall be interpreted as consent by either Landlord to the assumption of its Lease and all objections and defenses to any request by Debtors to assume or assume and assign the Leases are expressly preserved.

## **JOINDER**

13.    In addition to the foregoing, each Landlord further joins in the objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) allowing the cure claim of BXP in an amount at least equal to the sum of (x) **$19,264.04**, plus (y) at least **$3,000.00** in attorneys' fees; (ii) allowing the cure claim of Legends in an amount at least equal to the sum of (x) **$62,334.20**, plus (y) at least **$1,000.00** in attorneys' fees; (iii) requiring that all Lease Reconciliations shall be paid as and when they become due and payable under the Leases, regardless of when they arose, (iii) requiring that all indemnification claims of each Landlord shall be paid as and when they become due and payable under its Lease, regardless of when they arose, and (iv) granting to Landlords such other and further relief as the Court deems just and proper.

Dated:  June 21, 2024

          Respectfully Submitted,

          */s/ Karen C. Bifferato*
          Karen C. Bifferato (No. 3279)
          CONNOLLY GALLAGHER LLP
          1201 N. Market Street, 20th Floor
          Wilmington, DE 19801
          (302) 757-7300
          kbifferato@connollygallagher.com

          *Local Counsel to the Landlords*

          and

          Vanessa P. Moody, Esq.
          Goulston & Storrs PC
          One Post Office Square, 25th Floor
          Boston, MA 02109
          (617) 574-1776
          vmoody@goulstonstorrs.com

          *Lead Counsel to the Landlords*