IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br>(Jointly Administered)<br><br>**Re: Docket No. 446** |

**OBJECTION OF LANDLORDS PLAZA LAS AMERICAS, INC. AND PLAZA DEL CARIBE, S.E. TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Plaza las Americas, Inc. and Plaza del Caribe, S.E. (collectively, the "Landlords"), by and through their undersigned counsel, hereby object (the "Objection") to the Debtors' *Notice of Assumption of Certain Executory Contracts and Unexpired Leases* [D.I. 446] (the "Cure Notice"). In support of this Objection, the Landlords respectfully state as follows:

1. Landlords are the owners of shopping centers commonly referred to as Plaza las Americas and Plaza del Caribe, located in Hato Rey and Ponce, Puerto Rico, in which the Debtor, Express Fashion Operations, LLC, leases and operates retail stores pursuant to unexpired nonresidential real property leases dated January 5, 2010 and September 4, 2013 (together with all amendments and modifications, the "Lease," and collectively, the "Leases").

2. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum Ltd*, 922 F.2d 1081 (3d. Cir. 1990).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital

3. On April 22, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On June 13, 2024, the Debtors filed the Cure Notice, which sets forth the Debtors' proposed cure amounts of $0.00 for the Leases identified as Store ID Nos. 2101 and 2103.[2] Attached Exhibit A lists the cure amounts proposed by the Debtors under the column heading "Debtor Cure Amount."

## OBJECTION

6. The Debtors' proposed cure amounts are not correct in that the cure amounts do not include all prepetition and post-petition arrearage owed to the Landlords. The correct amounts are set forth on Exhibit A in the column titled "Landlord Cure Amount" exclusive of attorneys' fees and costs, as supported by the attached account statements.

7. Pursuant to the Leases, the Debtors are obligated to pay regular monthly installments of fixed base rent, additional rent, and other charges due under the Leases.[3] Prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the

---

Services Costa Rica, S.R.L. (7382). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.
[2] The Cure Notice incorrectly references "Empresas Fonalledas" as the landlords of Store ID Nos. 2101 and 2103. The Landlords for Store ID Nos. 2101 and 2103 are Plaza las Americas, Inc. and Plaza del Caribe, S.E. It is unclear from the Cure Notice which of the Plaza landlords corresponds to which Store ID.
[3] Copies of the Leases are available upon request.

Landlords for any actual pecuniary loss, including the payment of related attorneys' fees due under the Leases. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Leases are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlords' pecuniary losses, the Landlords are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

8. To the extent that rent, additional rent, attorneys' fees, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve the right to amend the Landlords' Cure Amounts to reflect such additional amounts, including to account for year-end adjustments, including, without limitation, any amounts which have not yet been billed or have not yet become due under the terms of the Leases.

9. Landlords further object to the assumption of the Leases to the extent that the ultimate approved cure amounts do not include amounts that may come due under the Leases after the Leases are assumed, but which may relate to the pre-assumption period, including but not limited to real estate taxes and reconciliations. Any order establishing cure amounts in connection with the assumption of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the ultimate approved cure amounts.

10. Landlords further object in that the Leases provide that the Debtors must indemnify and hold Landlords harmless with respect to any existing claims that may not become known until after the assumption of the Leases, including but not limited to personal injury claims or damage to the Leased premises caused by the Debtors or their agents. Any order approving the assumption of the Leases must therefore provide that the assumption is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

11. Landlords further object to any proposed cure process that would withhold payment of undisputed cure amounts beyond the assumption date. In the event of a cure dispute that extends beyond the date of assumption of the Leases, the undisputed portion of the cure amount must be paid upon assumption, and a reserve must be established for the disputed portion of any cure amount.

12. Accordingly, any order that is entered establishing a cure amount with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Leases; and (ii) cure any additional defaults that may occur or accrue under the Leases between the date of this Objection and the effective date of any assumption by the Debtors. *See* 11 U.S.C. § 365(b)(1).

## **ARGUMENT**

13. Section 365 of the Bankruptcy Code obligates the Debtors to promptly cure all existing defaults before assuming any unexpired lease of non-residential real property. *See* 11 U.S.C. § 365(b)(1)(A) and (B); *Agri Star Meat & Poultry, LLC v. Nevel Props. Corp. (In re Nevel Props. Corp.)*, 765 F.3d 846, 849 (8th Cir. 2014) (stating that a

lease cannot be assumed unless a cure has been effected); *In re Alipat, Inc.*, 36 B.R. 274, 276 (Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance…"). The Debtors are therefore required to promptly cure all existing defaults by paying Landlords the actual cure amounts immediately due upon the assumption of the Leases.

14. Prior to the Leases actually being assumed, all other amounts that will become due and owing under the Leases, including attorneys' fees also need to be cured to the extent such amounts remain unpaid.

**RESERVATION OF RIGHTS AND JOINDER**

15. Landlords reserve the right to assert any and all other claims against the Debtors arising out of or related to the Leases, including without limitation, claims for (a) the costs of any repair that may be necessary after inspection of the interior of the Leased Premises; (b) post-petition rent and other charges accruing under the Leases hereafter that Landlords have yet to discover and not yet identified; (c) pecuniary losses suffered by Landlords as a result of any defaults by Debtors under the Leases, including, but not limited to, attorneys' fees and costs incurred as a direct result of any further defaults; and (d) non-monetary defaults of which Landlords do not have knowledge at this time. Landlords reserve all rights to object to any proposed assignee of the Leases on any basis, to the extent the Debtors seek to assign the Leases, as well as any other rights they now have or may have under applicable law with respect to this matter including but not limited to any rights under Section 365 of the Bankruptcy Code. To the extent not

inconsistent herewith, Landlords hereby join in the objections raised by the other Landlords in this bankruptcy.

WHEREFORE, Landlords, Plaza las Americas, Inc. and Plaza del Caribe, S.E., by and through undersigned counsel, respectfully request the Court sustain this Objection to the assumption and cure amounts proposed in the Cure Notice, and for such other relief as the Court deems proper and just.

Dated: June 21, 2024  
Wilmington, Delaware

Respectfully submitted,

/s/ *Laurel D. Roglen*
Leslie C. Heilman (DE No. 4716)  
Laurel D. Roglen (DE No. 5759)  
BALLARD SPAHR LLP  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
Email: heilmanl@ballardspahr.com  
       roglenl@ballardspahr.com

-*and*-

Joaquin J. Alemany, Esq.  
Florida Bar No. 662380  
HOLLAND & KNIGHT LLP  
701 Brickell Avenue, Suite 3300  
Miami, Florida 33131  
Telephone: (305) 789-7763  
Facsimile: (305) 789-7799  
Email: joaquin.alemany@hklaw.com

*Counsel to Plaza las Americas, Inc. and Plaza del Caribe, S.E.*