## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 269** |

## NOTICE OF ASSUMPTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on May 17, 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 269] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

(the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree; *provided* that such assumption or assumption and assignment shall not be effective unless and until the Debtors consummate the sales of all or substantially all of the Debtors' assets (the "Closing Date") pursuant to (a) the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of Assets; and (VII) Granting Related Relief* [Docket No. 427], (b) the *Revised Notice of Selection of Stalking Horse Bidder* [Docket No. 414], and (c) the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471].

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that

---

[3] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors filed and served this Notice and promptly serve such objection on the following parties: (a) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Mark Still; (b) counsel to the Debtors (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett, (iii) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, and (iv) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg; (c) the applicable Assumption Counterparty; (d) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne; and (e) proposed counsel to the Committee, (i) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com); and (ii) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn:

---

[4] The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

Luke Murley (luke.murley@saul.com).  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption of each Contract (other than to the rejection of an unexpired lease of non-residential real property) shall become effective on the applicable Assumption Date set forth in **<u>Schedule 2</u>** attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Contract agree; *provided* that the Assumption Date shall be no earlier than the Closing Date.[5]  If the Contract is an unexpired lease of non-residential real property, the Debtors shall file an Assumption Order under a certificate of no objection, which shall be assumed or assumed and assigned as of the Assumption Date set forth in **<u>Schedule 2</u>** or such other date as the Debtors and the counterparty or counterparties to such unexpired lease agree.

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **<u>Schedule 2</u>** attached hereto.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall schedule a hearing to consider the objection for the Contract or Contracts to which such objection relates.  For the avoidance of doubt, such Contract or Contracts will only be deemed assumed or assumed and assigned upon entry of an Assumption Order, unless otherwise agreed between the Debtors and

---

[5]  An objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

the applicable Assumption Counterparty.   If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed as of the date of the Assumption Order, or such other date to which the Debtors, the applicable objecting party or applicable assignee and/or Assumption Counterparty have agreed; or as otherwise ordered by the Court.

Dated: June 21, 2024
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:        dpacitti@klehr.com
              myurkewicz@klehr.com
              aradvanovich@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:        mbranzburg@klehr.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              emily.geier@kirkland.com
              nicholas.adzima@kirkland.com

-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        charles.sterrett@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

## <u>Schedule 1</u>

**Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 16** |

### ORDER (I) AUTHORIZING AND APPROVING
### PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Motion is GRANTED as set forth herein.

2.   The following Rejection Procedures are approved in connection with rejecting Contracts:

   a.   ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iv) the store number and address of the affected location, if applicable; (v) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (vi) if any such Contract is an unexpired lease of non-residential real property (a "Lease"), a description of any property to be abandoned at the leased premises, including any personal property, furniture, fixtures, and equipment (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; (vii) with respect to leased real property, any known third party having an interest in any Abandoned Property located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100, *provided, further,* if any such Contract is a lease, the Rejection Notice shall be accompanied by a proposed form of order (the "Rejection Order") approving the rejection of the Lease(s), which shall be substantially in the form of Schedule 3 to the Rejection Notice, and no Lease shall be deemed rejected absent entry of an applicable Rejection Order.

2

b.     ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of Delaware, Attn.: John Schanne (john.schanne@usdoj.gov); (B) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) the Committee and counsel thereto; (E) the United States Attorney's Office for the District of Delaware; (F) the Internal Revenue Service; (G) the U.S. Securities and Exchange Commission; (H) the attorneys general in the states where the Debtors conduct their business operations; and (I) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Master Notice Parties</u>").

c.     ***Objection Procedures***.  Parties objecting to a proposed rejection or to the abandonment of the Abandoned Property must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>") and promptly serve such objection on the following parties (collectively, the "<u>Objection Service Parties</u>"):   (i) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger (lakrueger@express.com); (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com); Emily E. Geier, P.C. (emily.geier@kirkland.com); Nicholas M. Adzima (nicholas.adzima@kirkland.com); and Kirkland & Ellis, LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Charles B. Sterrett (charles.sterrett@kirkland.com); (iii) proposed co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti (dpacitti@klehr.com), Michael W. Yurkewicz (myurkewicz@klehr.com), and Alyssa M. Radovanovich (aradvanovich@klehr.com), and Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg (mbranzburg@klehr.com); (iv) the applicable Rejection Counterparty to the extent an objection is filed by a party other than the Rejection Counterparty; (v) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne (john.schanne@usdoj.gov); (vi) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition

---

[3]     An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

lenders of the Debtors, Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn.: Randall Klein (Randall.Klein@goldbergkohn.com), Dimitri G. Karcazes (Dimitri.Karcazes@goldbergkohn.com), Keith G. Radner (Keith.Radner@goldbergkohn.com), and Eva D. Gadzheva (Eva.Gadzheva@goldbergkohn.com); and Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn.: John H. Knight (Knight@RLF.com), Paul N. Heath (heath@RLF.com), and Alexander R. Steiger (Steiger@RLF.com); (vii) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn.: Stephen L. Iacovo (steven.iacovo@ropesgray.com); and Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn.: Mark L. Desgrosseilliers (desgross@chipmanbrown.com); (viii) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com); and (ix) proposed co-counsel to the Committee, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com).

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed (other than to the rejection of a Lease), each Contract listed in the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, if the Contract is a Lease, the Debtors shall submit the Rejection Order to the Court under a certificate of no objection authorizing the rejection of each such Lease listed in the applicable Rejection Notice to be rejected as of the later of (i) the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty may agree; and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a Lease rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors file and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable

Rejection Counterparty and the other Objection Service Parties. For the avoidance of doubt, such Contract will only be deemed rejected upon the entry of a form of Rejection Order resolving the objection as between the Debtors and the applicable objecting party and/or Rejection Counterparty; unless the Debtors and the applicable Rejection Counterparty agree otherwise; or as otherwise ordered by the Court.

f.  ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties with notice of the removal of any Contract from the Rejection Notice within two (2) business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice following the Rejection Date listed on the Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turn over keys, key codes, and security codes, if any, to the affected landlord or (b) notify the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.  ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.  ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease. The Debtors shall generally describe the Abandoned Property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all Abandoned Property located on the Debtors' leased premises on the Rejection Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The rights, claims, and remedies, if any, of all persons other than the Debtors and their estates with respect to the Abandoned Property under applicable law are hereby preserved; *provided* that the landlords may, without further order of this Court, utilize and/or dispose of the Abandoned Property without notice or liability to the Debtors or consenting third parties other than the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders and, to the extent applicable, the automatic stay is modified to allow such use and/or disposition; *provided further*, that unless the DIP Agent, DIP Lenders, ABL Agent, ABL Lenders, or FILO Lenders file an objection to the release of their interests (if any) in, or liens on (if any), the Abandoned

Property no later than the Rejection Date, the DIP Lenders, ABL Lenders, and FILO Lenders, as applicable, consent to the release of their interests (if any) in, and liens on (if any), the Abandoned Property, and any such interests and liens are hereby released; *provided further*, that the Debtors shall provide the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders, and any other party reasonably known by the Debtors to have a material interest in any Abandoned Property, with three (3) days' advance written notice (or such other time as commercially practicable), which notice may be via e-mail to counsel of the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders, of filing a Rejection Notice that contains leases of non-residential real property and a general description of any Abandoned Property the Debtors expect to abandon in connection with such rejected leases.

i.   ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the applicable Rejection Date, and (B) the date of entry of any Rejection Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.   The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.   ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (vi) the effective date of the assumption for each such Contract (the "Assumption Date"); (vii) the proposed cure amount, if any for each such Contract; (viii) a description of any material amendments to the Contract made outside of the ordinary course of business as consented to in writing with the applicable Assumption Counterparty; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.  If any such Contract is a Lease, the Assumption Notice shall be accompanied by a proposed form of order (the "Assumption Order") approving the assumption or assumption and

assignment of the Lease(s), which shall be substantially in the form of Schedule 3 to the Assumption Notice, and no Lease shall be deemed assumed absent entry of an applicable Assumption Order.

b.  ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume or assume and assign a Lease, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Lease Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Lease (and upon the Lease Assumption Counterparties' counsel, if known, by electronic mail).

c.  ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.  ***No Objection***.  If no objection to the assumption of any Contract is timely filed, (other than to the assumption or assumption and assignment of a Lease), each Contract listed in the applicable Assumption Notice shall be deemed assumed or assumed and assigned, as applicable, as of the applicable Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty may agree; *provided, however*, if the Contract is a Lease, the Debtors shall submit the Assumption Order to the Court under a certificate of no objection authorizing the assumption of each Lease, which shall be assumed and assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties may agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* that the

---

[4]  The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]  An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Assumption Date for a Lease shall not occur earlier than the date the Debtors file and serve the applicable Assumption Notice.

e.  ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  For the avoidance of doubt, such Contract will only be deemed assumed or assumed and assigned upon the entry of an Assumption Order, unless otherwise agreed as between the Debtors and the applicable Assumption Counterparty.  If such objection is overruled or withdrawn, such Contract shall be assumed as of the date of the Assumption Order, or such other date to which the Debtors, the applicable objecting party or applicable assignee and/or Assumption Counterparty have agreed; or as otherwise ordered by the Court.

f.  ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.  The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

5.  The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

6.  Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

7.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365

8

of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

9.      To the extent that the Debtors propose to abandon any personal property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such personal property before such abandonment.

10.     The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any non-residential real property subject to a rejected Contract as, and to the extent they are, required to do so by applicable law.

11.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12.     Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

13.     Notice of the Motion as provided therein constitutes good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 17th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

10

## Schedule 2

**Assumed Contracts**

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 1. | FISH WINDOW CLEANING OF RICHARDSON | FISH WINDOW CLEANING OF RICHARDSON | | Stores | $135.3 | Phoenix Retail, LLC | 6/21/2024 |
| 2. | FISH WINDOW CLEANING OF WINE COUNTRY | FISH WINDOW CLEANING OF WINE COUNTRY | | Stores | $252 | Phoenix Retail, LLC | 6/21/2024 |
| 3. | Fish Window Cleaning Riverdale | Fish Window Cleaning Riverdale | | Stores | $49 | Phoenix Retail, LLC | 6/21/2024 |
| 4. | FISH WINDOW OF WOBURN MA | FISH WINDOW OF WOBURN MA | | Stores | $80 | Phoenix Retail, LLC | 6/21/2024 |
| 5. | Flexport, Inc. | Flexport, Inc. | | Supply Chain | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 6. | Ford Models Inc. | Ford Models Inc. | A one-day photography shoot with photographer Jack O'Connor | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 7. | Frere-Jones Type LLC | Frere-Jones Type LLC | Trial Font Software | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 8. | Gal Friday | Gal Friday | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |

---

[1] Contracts set forth herein shall include any material amendments or agreed modifications as between the Debtors and/or the Assignee and the Contract Counterparty.

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|-----|--------------------------|---------------------------|---------------|------------|----------------------|----------|-----------------|
| 9. | Gal Friday | Gal Friday | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 10. | Gal Friday | Gal Friday, LLC | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 11. | Gal Friday | Gal Friday, LLC | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 12. | Gemfury | Gemfury | gemfury Ruby library repo, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 13. | Getty Images, Inc. | Getty Images, Inc. | Commercial Terms | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 14. | Getty Images, Inc. | Getty Images, Inc. | Commercial Terms | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 15. | Gibbons Company Ltd. | Gibbons Company Ltd. | Purchase and Sale of Seller's product | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 16. | Gibbons Company Ltd. | Gibbons Company Ltd. | Wholesale | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 17. | Github | Github | Github Code repo, Think WMT rates instance in 2017 Q4 | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 18. | GoDaddy | GoDaddy | GoDaddy Domains, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 19. | GS1 | GS1 | GS1 *new from Ops - UPC code | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|-----|--------------------------|---------------------------|----------------|------------|----------------------|----------|-----------------|
| 20. | Gurus Solutions USA, Inc. | Gurus Solutions USA, Inc. | Providing cloud solutions | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 21. | GXS | GXS | GXS EDI Catalog, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 22. | Heroku | Heroku | List of services provided in the Form<br><br>For example- Desk.com Pro | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 23. | Hevo | Hevo | Hevo (replaces Equalum) - Database event and integration platform | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 24. | HINCKLEY SPRINGS | HINCKLEY SPRINGS | Water supplies | Stores | $96.23 | Phoenix Retail, LLC | 6/21/2024 |
| 25. | HL Group Partners, LLC | HL Group Partners, LLC | Consultant perform Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 26. | Host Analytics, Inc. | Host Analytics, Inc. | Providing services and deliverables | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 27. | HotJar | HotJar | Site heat mapping and user experience platform | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 28. | Hound Code | Hound Code | Hound Code quality, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 29. | I Want That Money Inc. | I Want That Money Inc. | Furnishing Services of Nick Kroll for Bonobos | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|-----|--------------------------|---------------------------|---------------|------------|----------------------|----------|-----------------|
| | | | Fall '22 advertising and marketing campaign | | | | |
| 30. | ICON DESIGN | ICON DESIGN | Guideshops fixture design | Stores | $1912 | Phoenix Retail, LLC | 6/21/2024 |
| 31. | InstaKey Security Systems LLC | InstaKey Security Systems LLC | Guideshops keys | Stores | $2771.65 | Phoenix Retail, LLC | 6/21/2024 |
| 32. | INTERTEK TESTING SERVICES HONG KONG LTD. | INTERTEK TESTING SERVICES HONG KONG LTD. | | Sourcing | $522.52 | Phoenix Retail, LLC | 6/21/2024 |
| 33. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 34. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 35. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 36. | JAMF | JAMF | JAMF Pro (IT tool used to remotely support & manage Macs & ipads) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|-----|--------------------------|---------------------------|---------------|------------|---------------------|----------|-----------------|
| 37. | Jeanne Yang | Jeanne Yang | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 38. | John Scott Gilbreath | John Scott Gilbreath | | Marketing | $350 | Phoenix Retail, LLC | 6/21/2024 |
| 39. | JOHNSON CONTROLS FIRE PROTECTION LP | JOHNSON CONTROLS FIRE PROTECTION LP | Guideshops fire protection services | Stores | $1224.01 | Phoenix Retail, LLC | 6/21/2024 |
| 40. | JOHNSON CONTROLS SECURITY SYSTEMS | JOHNSON CONTROLS SECURITY SYSTEMS | Guideshops | Stores | $884.84 | Phoenix Retail, LLC | 6/21/2024 |
| 41. | JorDean LLC | JorDean LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 42. | JS Reps Miami dba ART DEPARTMENT | JS Reps Miami dba ART DEPARTMENT | | Marketing | $2400 | Phoenix Retail, LLC | 6/21/2024 |
| 43. | Julia Rothman | Julia Rothman | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 44. | Kantar | Kantar | Tracking Program Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 45. | KCD Global Retail Solutions LLC | KCD Global Retail Solutions LLC | Consultant services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 46. | KETER ENVIRONME NTAL SERVICES, INC. | KETER ENVIRONMENTA L SERVICES, INC. | Waste mgmt Guideshops | Stores | $3259.42 | Phoenix Retail, LLC | 6/21/2024 |
| 47. | KOOJOO GLOBAL | KOOJOO GLOBAL | | Sourcing | $121.9 | Phoenix Retail, LLC | 6/21/2024 |
| 48. | KRAMER + KRAMER | KRAMER + KRAMER | | Marketing | $1000 | Phoenix Retail, LLC | 6/21/2024 |
| 49. | KWT Global, LLC | KWT Global, LLC | Amend to restate the Term and Payment Terms | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 50. | KWT Global, LLC | KWT Global, LLC HL Group Partners, LLC | Consent to Assignment | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 51. | LANIFICIO DI TOLLEGNO S.P.A | LANIFICIO DI TOLLEGNO S.P.A | | Sourcing | $4283.5 | Phoenix Retail, LLC | 6/21/2024 |
| 52. | LANIFICIO FRATELLI TALLIA DI DELFINO | LANIFICIO FRATELLI TALLIA DI DELFINO | | Sourcing | $1740.1 | Phoenix Retail, LLC | 6/21/2024 |
| 53. | Lanificio Roma S.R.L | Lanificio Roma S.R.L | | Sourcing | $410.01 | Phoenix Retail, LLC | 6/21/2024 |
| 54. | LANIFICIO SUBALPINO SRL | LANIFICIO SUBALPINO SRL | | Sourcing | $2049.12 | Phoenix Retail, LLC | 6/21/2024 |
| 55. | LANIFICIO TG DI FABIO SPA | LANIFICIO TG DI FABIO SPA | | Sourcing | $844.2 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 56. | LANIFICO NOVA FIDES | LANIFICO NOVA FIDES | | Sourcing | $528.63 | Phoenix Retail, LLC | 6/21/2024 |
| 57. | Laura Scott | Laura Scott | Services performed by influencer | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 58. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 59. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 60. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 61. | LES Editorial Inc. | LES Editorial Inc. | Services provided by Influencer | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 62. | Lightspeed NuOrder Inc | Lightspeed NuOrder Inc | Purchase of software services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 63. | Lightspeed NuOrder Inc | Lightspeed NuOrder Inc | Purchase of software services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 64. | Litmus Cross | Litmus Cross | Litmus Cross platform email testing, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 65. | Load Impact | Load Impact | Load Impact Load testing, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 66. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 67. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 68. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 69. | Loqate | Loqate | Loqate - Address validation | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 70. | LucidChart | LucidChart | LucidChart (Web based diagramming and flow chart software) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 71. | Mac Software | Mac Software | Mac Sofware (Runs Windows Applications) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 72. | Maestro | Maestro | Maestro - Quality Assurance , $12 / agent. 100 Agents *New from Customer Service | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 73. | MaestroQA, Inc | MaestroQA, Inc | QA for CX | Marketing | $3760.54 | Phoenix Retail, LLC | 6/21/2024 |
| 74. | MANIFATTURA EMMETEX SPA | MANIFATTURA EMMETEX SPA | | Sourcing | $1879.92 | Phoenix Retail, LLC | 6/21/2024 |
| 75. | MANTECO SPA | MANTECO SPA | | Sourcing | $359 | Phoenix Retail, LLC | 6/21/2024 |
| 76. | MARZOTTO LAB S.R.L | MARZOTTO LAB S.R.L | | Sourcing | $3879.82 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 77. | MARZOTTO WOOL MANUFACTU RING | MARZOTTO WOOL MANUFACTURIN G | | Sourcing | $5516.6 | Phoenix Retail, LLC | 6/21/2024 |
| 78. | Mason Growth Partners LLC | Mason Growth Partners LLC | Supplier agrees to sell and perform Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 79. | Meraki | Meraki | Meraki license renewals | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 80. | Micoli, LLC | Micoli, LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 81. | MICROSOFT ONLINE, INC. | MICROSOFT ONLINE, INC. | | IT | $28704.43 | Phoenix Retail, LLC | 6/21/2024 |
| 82. | MRB SERVICES LLC DBA FISH WINDOW CLEANING | MRB SERVICES LLC DBA FISH WINDOW CLEANING | | Stores | $384 | Phoenix Retail, LLC | 6/21/2024 |
| 83. | Mustafa Dawoodbhoy | Mustafa Dawoodbhoy | Wholesale account | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 84. | Myers-Holum, Inc. | Myers-Holum, Inc. | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 85. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 86. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 87. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 88. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 89. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementing, configuring, customizing and/or integrating applications into client's business environment | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 90. | Myers-Holum, Inc. | Myers-Holum, Inc. | Professional Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 91. | NameCheap | NameCheap | NameCheap Domain hosting, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 92. | National Jean Company, LLC | National Jean Company, LLC | Contractual agreement for services | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 93. | National Jean Company, LLC | National Jean Company, LLC | Contractual agreement for services | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 94. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 95. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 96. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 97. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 98. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 99. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 100. | NetSuite, Inc | NetSuite, Inc | Apparel Implementation | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

**Schedule 3**

**Proposed Contract Assumption Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING
## THE DEBTORS TO ASSUME CERTAIN UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Assumption Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Contract Procedures Order.

venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Contracts set forth in **Exhibit 1** attached hereto are assumed effective as of the Assumption Date and assigned to the Counterparty listed on **Exhibit 1**, as applicable; *provided* that such assumption or assumption and assignment shall not be effective unless and until the Debtors consummate the sales of all or substantially all of the Debtors' assets pursuant to (a) the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of Assets; and (VII) Granting Related Relief* [Docket No. 427], (b) the *Revised Notice of Selection of Stalking Horse Bidder* [Docket No. 414], Exhibit A, and (c) the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV)*

2

*Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471]. The assumption of the Contracts set forth in **Exhibit 1** are subject to the Debtors' paying the cure amounts, if any, set forth in **Exhibit 1**, to the Contract Counterparty in a manner consistent with the terms of the applicable agreement (a) if the cure amount is undisputed, promptly after the entry of this Order or (b) if the cure amount is disputed, the earlier of (i) the date on which the Debtors and Contract Counterparty agree to a cure amount or (ii) the date specified in a final and non-appealable order entered by this Court following a hearing determining such cure amount scheduled with notice to the objecting Contract Counterparty. Upon satisfaction of the cure amount, each Contract Counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other interests with respect to its Contract that arose, accrued, or came due on or before the Assumption Date.

1.      With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes, and (b) constitute a legal, valid, and

effective transfer of such Contracts and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts. For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

2.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract.

3.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

4.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

5.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments to any assumed Contracts, if applicable.

6.      Nothing contained in the Assumption Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other

4

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notice or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.      Notice of the Assumption Notice as provided therein shall be deemed good and sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Assumed Contracts**

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 1. | FISH WINDOW CLEANING OF RICHARDSON | FISH WINDOW CLEANING OF RICHARDSON | | Stores | $135.3 | Phoenix Retail, LLC | 6/21/2024 |
| 2. | FISH WINDOW CLEANING OF WINE COUNTRY | FISH WINDOW CLEANING OF WINE COUNTRY | | Stores | $252 | Phoenix Retail, LLC | 6/21/2024 |
| 3. | Fish Window Cleaning Riverdale | Fish Window Cleaning Riverdale | | Stores | $49 | Phoenix Retail, LLC | 6/21/2024 |
| 4. | FISH WINDOW OF WOBURN MA | FISH WINDOW OF WOBURN MA | | Stores | $80 | Phoenix Retail, LLC | 6/21/2024 |
| 5. | Flexport, Inc. | Flexport, Inc. | | Supply Chain | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 6. | Ford Models Inc. | Ford Models Inc. | A one-day photography shoot with photographer Jack O'Connor | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 7. | Frere-Jones Type LLC | Frere-Jones Type LLC | Trial Font Software | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 8. | Gal Friday | Gal Friday | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |

---

[1] Contracts set forth herein shall include any material amendments or agreed modifications as between the Debtors and/or the Assignee and the Contract Counterparty.

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 9. | Gal Friday | Gal Friday | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 10. | Gal Friday | Gal Friday, LLC | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 11. | Gal Friday | Gal Friday, LLC | Budget Management and Event Production | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 12. | Gemfury | Gemfury | gemfury Ruby library repo, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 13. | Getty Images, Inc. | Getty Images, Inc. | Commercial Terms | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 14. | Getty Images, Inc. | Getty Images, Inc. | Commercial Terms | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 15. | Gibbons Company Ltd. | Gibbons Company Ltd. | Purchase and Sale of Seller's product | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 16. | Gibbons Company Ltd. | Gibbons Company Ltd. | Wholesale | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 17. | Github | Github | Github Code repo, Think WMT rates instance in 2017 Q4 | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 18. | GoDaddy | GoDaddy | GoDaddy Domains, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 19. | GS1 | GS1 | GS1 *new from Ops - UPC code | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 20. | Gurus Solutions USA, Inc. | Gurus Solutions USA, Inc. | Providing cloud solutions | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 21. | GXS | GXS | GXS EDI Catalog, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 22. | Heroku | Heroku | List of services provided in the Form\n\nFor example- Desk.com Pro | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 23. | Hevo | Hevo | Hevo (replaces Equalum) - Database event and integration platform | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 24. | HINCKLEY SPRINGS | HINCKLEY SPRINGS | Water supplies | Stores | $96.23 | Phoenix Retail, LLC | 6/21/2024 |
| 25. | HL Group Partners, LLC | HL Group Partners, LLC | Consultant perform Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 26. | Host Analytics, Inc. | Host Analytics, Inc. | Providing services and deliverables | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 27. | HotJar | HotJar | Site heat mapping and user experience platform | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 28. | Hound Code | Hound Code | Hound Code quality, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 29. | I Want That Money Inc. | I Want That Money Inc. | Furnishing Services of Nick Kroll for Bonobos | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| | | | Fall '22 advertising and marketing campaign | | | | |
| 30. | ICON DESIGN | ICON DESIGN | Guideshops fixture design | Stores | $1912 | Phoenix Retail, LLC | 6/21/2024 |
| 31. | InstaKey Security Systems LLC | InstaKey Security Systems LLC | Guideshops keys | Stores | $2771.65 | Phoenix Retail, LLC | 6/21/2024 |
| 32. | INTERTEK TESTING SERVICES HONG KONG LTD. | INTERTEK TESTING SERVICES HONG KONG LTD. | | Sourcing | $522.52 | Phoenix Retail, LLC | 6/21/2024 |
| 33. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 34. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 35. | J.&K. Project Management Consultants | J.&K. Project Management Consultants, dba ACT Construction, LLC | Contractual services agreement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 36. | JAMF | JAMF | JAMF Pro (IT tool used to remotely support & manage Macs & ipads) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 37. | Jeanne Yang | Jeanne Yang | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 38. | John Scott Gilbreath | John Scott Gilbreath | | Marketing | $350 | Phoenix Retail, LLC | 6/21/2024 |
| 39. | JOHNSON CONTROLS FIRE PROTECTION LP | JOHNSON CONTROLS FIRE PROTECTION LP | Guideshops fire protection services | Stores | $1224.01 | Phoenix Retail, LLC | 6/21/2024 |
| 40. | JOHNSON CONTROLS SECURITY SYSTEMS | JOHNSON CONTROLS SECURITY SYSTEMS | Guideshops | Stores | $884.84 | Phoenix Retail, LLC | 6/21/2024 |
| 41. | JorDean LLC | JorDean LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 42. | JS Reps Miami dba ART DEPARTMENT | JS Reps Miami dba ART DEPARTMENT | | Marketing | $2400 | Phoenix Retail, LLC | 6/21/2024 |
| 43. | Julia Rothman | Julia Rothman | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 44. | Kantar | Kantar | Tracking Program Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 45. | KCD Global Retail Solutions LLC | KCD Global Retail Solutions LLC | Consultant services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 46. | KETER ENVIRONME NTAL SERVICES, INC. | KETER ENVIRONMENTA L SERVICES, INC. | Waste mgmt Guideshops | Stores | $3259.42 | Phoenix Retail, LLC | 6/21/2024 |
| 47. | KOOJOO GLOBAL | KOOJOO GLOBAL | | Sourcing | $121.9 | Phoenix Retail, LLC | 6/21/2024 |
| 48. | KRAMER + KRAMER | KRAMER + KRAMER | | Marketing | $1000 | Phoenix Retail, LLC | 6/21/2024 |
| 49. | KWT Global, LLC | KWT Global, LLC | Amend to restate the Term and Payment Terms | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 50. | KWT Global, LLC | KWT Global, LLC HL Group Partners, LLC | Consent to Assignment | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 51. | LANIFICIO DI TOLLEGNO S.P.A | LANIFICIO DI TOLLEGNO S.P.A | | Sourcing | $4283.5 | Phoenix Retail, LLC | 6/21/2024 |
| 52. | LANIFICIO FRATELLI TALLIA DI DELFINO | LANIFICIO FRATELLI TALLIA DI DELFINO | | Sourcing | $1740.1 | Phoenix Retail, LLC | 6/21/2024 |
| 53. | Lanificio Roma S.R.L | Lanificio Roma S.R.L | | Sourcing | $410.01 | Phoenix Retail, LLC | 6/21/2024 |
| 54. | LANIFICIO SUBALPINO SRL | LANIFICIO SUBALPINO SRL | | Sourcing | $2049.12 | Phoenix Retail, LLC | 6/21/2024 |
| 55. | LANIFICIO TG DI FABIO SPA | LANIFICIO TG DI FABIO SPA | | Sourcing | $844.2 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 56. | LANIFICO NOVA FIDES | LANIFICO NOVA FIDES | | Sourcing | $528.63 | Phoenix Retail, LLC | 6/21/2024 |
| 57. | Laura Scott | Laura Scott | Services performed by influencer | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 58. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 59. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 60. | Leadology LLC | Leadology LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 61. | LES Editorial Inc. | LES Editorial Inc. | Services provided by Influencer | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 62. | Lightspeed NuOrder Inc | Lightspeed NuOrder Inc | Purchase of software services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 63. | Lightspeed NuOrder Inc | Lightspeed NuOrder Inc | Purchase of software services | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 64. | Litmus Cross | Litmus Cross | Litmus Cross platform email testing, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 65. | Load Impact | Load Impact | Load Impact Load testing, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 66. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 67. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 68. | Looker Data Sciences, Inc. | Looker Data Sciences, Inc. | Marketing | Marketing | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 69. | Loqate | Loqate | Loqate - Address validation | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 70. | LucidChart | LucidChart | LucidChart (Web based diagramming and flow chart software) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 71. | Mac Software | Mac Software | Mac Sofware (Runs Windows Applications) | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 72. | Maestro | Maestro | Maestro - Quality Assurance , $12 / agent. 100 Agents *New from Customer Service | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 73. | MaestroQA, Inc | MaestroQA, Inc | QA for CX | Marketing | $3760.54 | Phoenix Retail, LLC | 6/21/2024 |
| 74. | MANIFATTURA EMMETEX SPA | MANIFATTURA EMMETEX SPA | | Sourcing | $1879.92 | Phoenix Retail, LLC | 6/21/2024 |
| 75. | MANTECO SPA | MANTECO SPA | | Sourcing | $359 | Phoenix Retail, LLC | 6/21/2024 |
| 76. | MARZOTTO LAB S.R.L | MARZOTTO LAB S.R.L | | Sourcing | $3879.82 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 77. | MARZOTTO WOOL MANUFACTU RING | MARZOTTO WOOL MANUFACTURIN G | | Sourcing | $5516.6 | Phoenix Retail, LLC | 6/21/2024 |
| 78. | Mason Growth Partners LLC | Mason Growth Partners LLC | Supplier agrees to sell and perform Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 79. | Meraki | Meraki | Meraki license renewals | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 80. | Micoli, LLC | Micoli, LLC | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 81. | MICROSOFT ONLINE, INC. | MICROSOFT ONLINE, INC. | | IT | $28704.43 | Phoenix Retail, LLC | 6/21/2024 |
| 82. | MRB SERVICES LLC DBA FISH WINDOW CLEANING | MRB SERVICES LLC DBA FISH WINDOW CLEANING | | Stores | $384 | Phoenix Retail, LLC | 6/21/2024 |
| 83. | Mustafa Dawoodbhoy | Mustafa Dawoodbhoy | Wholesale account | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 84. | Myers-Holum, Inc. | Myers-Holum, Inc. | Consulting services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 85. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 86. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 87. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 88. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementation services engagement | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 89. | Myers-Holum, Inc. | Myers-Holum, Inc. | Implementing, configuring, customizing and/or integrating applications into client's business environment | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 90. | Myers-Holum, Inc. | Myers-Holum, Inc. | Professional Services | TBD | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 91. | NameCheap | NameCheap | NameCheap Domain hosting, | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 92. | National Jean Company, LLC | National Jean Company, LLC | Contractual agreement for services | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 93. | National Jean Company, LLC | National Jean Company, LLC | Contractual agreement for services | Other | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 94. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 95. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |

| No. | Consolidated Vendor Name | Vendor / Agency / Company | Description[1] | Workstream | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|---|---|
| 96. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 97. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 98. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 99. | NetSuite, Inc | Netsuite Inc. | Software | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |
| 100. | NetSuite, Inc | NetSuite, Inc | Apparel Implementation | IT | $0 | Phoenix Retail, LLC | 6/21/2024 |