# EXHIBIT B

# BLACKLINE REVISED PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. ____** |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF SAUL EWING LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 7, 2024**

Upon consideration of the application (the "Application")[2] of the Committee appointed in these Chapter 11 Cases for entry of an order, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the employment and retention of Saul Ewing as co-counsel to the Committee, effective as of May 7, 2024, as more fully described in the Application; and upon consideration of the Murley Declaration and Durbin Declaration in support thereof; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

particular circumstances; and it appearing that no other or further notice need be provided; and, based upon the Murley Declaration and Durbin Declaration, this Court finding that Saul Ewing does not represent or hold any interest adverse to the Committee in connection with these Chapter 11 Cases and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code; and this Court having found that good and sufficient cause exists for the relief granted by this Order,

**IT IS HEREBY ORDERED**:

1. The Application is approved, as set forth herein.

2. In accordance with sections 328 and 1103(a) of the Bankruptcy Code, the Committee is authorized and empowered to retain and employ Saul Ewing, effective as of May 7, 2024 as its co-counsel to perform all of the services set forth in the Application.

3. Saul Ewing shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and such applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court including the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223]. Saul Ewing also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by Saul Ewing in the Chapter 11 Cases.

4. Notwithstanding anything in the Application to the contrary, Saul Ewing shall (i) to the extent that Saul Ewing uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors to the Debtors at the same rate that Saul Ewing pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Saul Ewing; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 and Local Rule 2014-1.

5. Notwithstanding anything to the contrary in the Application, any of its statements, or any engagement letter, Saul Ewing shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of Saul Ewing's monthly fee statements or fee applications in these Chapter 11 Cases.

6. Saul Ewing shall provide ten business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Saul Ewing shall use its reasonable best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

8. ~~7.~~ The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. ~~8.~~ This Court retains jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.