IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*, [1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket Nos. 407, 409 and 529** |

### ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon consideration of the application (the "**Application**"),[2] pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order authorizing and approving the retention and employment of Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") as co-counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in these Chapter 11 Cases, effective as of May 6, 2024; and upon consideration of the declarations of Adam C. Rogoff (the "**Rogoff Declaration**") and Michael Durbin on behalf of the Committee's Co-Chair (the "**Client Declaration**"), in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

52411219.1 06/24/2024

- 2 -

and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** to the extent set forth herein.

2. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to employ Kramer Levin as its co-counsel in these Chapter 11 Cases, effective as of May 6, 2024, and Kramer Levin is authorized to perform the services set forth in the Application and the Rogoff Declaration.

3. Kramer Levin may be compensated for professional services rendered and reimbursed for expenses incurred on and after May 6, 2024. Kramer Levin shall apply for compensation for professional services rendered and reimbursement of expenses incurred as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of this Court. Kramer Levin shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosure as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1,*

- 3 -

*2013*, both in connection with the Application and the interim and final fee applications to be filed by Kramer Levin in these Chapter 11 Cases.

4. The Committee and Kramer Levin are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Kramer Levin shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee in connection with any increase of its hourly rates occurring after the date of this Order. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in the Application, the Rogoff Declaration or the Client Declaration, Kramer Levin shall only be reimbursed for any legal fees and expenses incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

7. Kramer Levin shall not charge a markup with respect to fees billed by contract attorneys who are hired by Kramer Levin to provide services and shall seek reimbursement for actual costs only and ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. Kramer Levin shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

9. To the extent of any inconsistency between the Application, the Rogoff Declaration, or the Client Declaration and this Order, the terms of this Order shall govern.

52411219.1 06/24/2024

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 24th, 2024
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

- 4 -

52411219.1 06/24/2024