# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EXPRESS, INC., *et al.*,[1] ) | Case No. 24-10831 (KBO) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Dkt. 450** |

## LIMITED OBJECTION OF HARBOR EAST PARCEL B-RETAIL, LLC TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Harbor East Parcel B-Retail, LLC ("Landlord"), by and through its attorneys, respectfully submits this limited objection (the "Limited Objection") to the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Dkt. 450] (the "Cure Notice"). In support of the Limited Objection, Landlord respectfully represents as follows:

## BACKGROUND

1. On April 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court [Dkt. 1].

2. Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. Landlord and debtor Express BNBS Fashion, LLC ("Debtor"), as successor-in-interest to Bonobos, Inc., are parties to an unexpired lease of nonresidential real property (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

"Lease"), under which Debtor leases approximately 1,121 square feet of commercial space known as Space #655c within a shopping center located at 650 S. Exeter Street, Baltimore, Maryland 21202 (the "Shopping Center").[2]

4. The Shopping Center is a "shopping center" under Bankruptcy Code § 365(b)(3).

5. On May 17, 2024, the Court entered an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief [Dkt. 269], including the form of the Cure Notice.

6. In May and June 2024, Landlord and an agent for Debtor discussed possible terms of an amendment to the Lease. As of the date of this Limited Objection, the parties have not executed an amendment.

7. On June 14, 2024, PHOENIX Retail, LLC, the proposed Lease assignee, delivered the Cure Notice to Landlord as part of an "Adequate Assurance Package." The Cure Notice lists the proposed cure amount as zero.

## OBJECTIONS

*A. The Proposed Cure Amount is Incorrect.*

8. As a condition of any assumption and assignment of the Lease, Landlord is entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). Debtor is currently in default under the Lease for failure to pay rent and other charges currently due and owing to Landlord.

9. Schedule 2 to the Cure Notice sets forth $0 (the "Proposed Cure Amount") as the proposed amount to cure defaults under the Lease. Schedule 2 at 2 (referencing Landlord "5051"

---

[2] A copy of the Lease is available upon request.

and Store ID "Mason Retail Group").[3] The proposed cure amount does not accurately reflect the amount currently due and owing to Landlord.

10.  The correct cure amount, exclusive of (i) attorneys' fees and (ii) future accrued rent and related charges and indemnity obligations, is no less than $10,967.30 (the "Correct Cure Amount"), which amount, as of June 21, 2024, Debtor must pay to Landlord for the Lease to be assumed and assigned. The Correct Cure Amount consists of the following:

| *Date* | *Description* | *Amount* |
|---|---|---|
| 01-09-2024 | Electric 11/16-12/211667785020 | $1.00 |
| 01-09-2024 | HVAC 11/16-12/211667785023 | $46.12 |
| 01-09-2024 | HVAC 11/16-12/211667785022 | $52.73 |
| 01-09-2024 | Water 11/16-12/211667785021 | $23.13 |
| 02-12-2024 | Electric 12/21-1/23 1667785020 | $110.67 |
| 03-12-2024 | Property Tax Settlement 2023 | $-26.94 |
| 03-14-2024 | Bal Ck#71431 | $-1.02 |
| 03-14-2024 | Electric 1/23-2/26 1667785020 | $116.84 |
| 03-14-2024 | HVAC 1/23-2/26 1667785022 | $52.67 |
| 03-14-2024 | HVAC 1/23-2/26 1667785023 | $46.07 |
| 03-14-2024 | Water 1/23-2/26 1667785021 | $21.98 |
| 04-01-2024 | Property Tax Charge 001 | $413.81 |
| 04-01-2024 | Rent Charge 001 | $8,984.82 |
| 04-09-2024 | Electric 2/26-3/25 1667785020 | $96.90 |
| 04-09-2024 | HVAC 2/26-3/25 1667785022 | $52.67 |
| 04-09-2024 | HVAC 2/26-3/25 1667785023 | $46.07 |
| 04-09-2024 | Water 2/26-3/25 1667785021 | $18.61 |

---

[3] Based on discussions with the Debtor's agent regarding a possible Lease amendment, Landlord understands "5051" to be a reference to Landlord. To the extent that the reference is incorrect or the Cure Notice or Schedule 2 contains incorrect labels or categories for the landlords or Store ID, Landlord objects on those grounds as well.

| 04-15-2024 | Late Charge | $469.93 |
|---|---|---|
| 05-13-2024 | Electric 3/25-4/23 1667785020 | $103.25 |
| 05-13-2024 | HVAC 3/25-4/23 1667785022 | $53.01 |
| 05-13-2024 | HVAC 3/25-4/23 1667785023 | $46.36 |
| 05-13-2024 | Water 3/25-4/23 1667785021 | $18.78 |
| 6/12/2024 | Electric 4/23-5/20 1667785020 | $101.04 |
| 6/12/2024 | HVAC 4/23-5/20 1667785023 | $46.36 |
| 6/12/2024 | HVAC 4/23-5/20 1667785022 | $53.00 |
| 6/12/2024 | Water 4/23-5/20 1667785021 | $19.44 |
| | **Total** | **$10,967.30** |

B. *The Proposed Cure Amount Does Not Include Attorneys' Fees.*

11. The Lease expressly provides for payment of Landlord's attorneys' fees. *E.g.*, Lease §7.4. Landlord objects to the Proposed Cure Amount because it does not include attorneys' fees, to which the Landlord is entitled under the Lease. Pursuant to Bankruptcy Code §365(b)(1)(B), attorneys' fees of at least $3,500 must be included as part of Landlord's cure amount to compensate Landlord for the pecuniary losses it has suffered as a result of Debtor's defaults under the Lease. *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, No. 10-11108 BLS, 2011 WL 2533046, at *1–2 (Bankr. D. Del. June 24, 2011).

12. Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Lease, and Landlord reserves the right to supplement this Limited Objection on or before any assumption and assignment is approved by the Court with the then-current amount of accrued attorneys' fees.

C. *Any Assumption and Assignment Must Be Cum Onere, And Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

13. It is well-settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007). This requirement applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004).

14. Therefore, for Debtor to assume or assume and assign the Lease, Debtor must cure all outstanding defaults under the Lease, including the payment of the Correct Cure Amount, plus attorneys' fees that have accrued through the time of assumption and assignment.

15. Further, Debtor has a continuing obligation to pay additional rent and related charges, including, but not limited to, adjustments and reconciliations for Debtor's proportionate share of real property taxes, which have not been billed but have accrued, or will accrue, under the Lease through any assumption and assignment of the Lease.

16. Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify Landlord for events occurring prior to any assumption and assignment of the Lease. The Lease obligates Debtor to indemnify and hold Landlord harmless from and against various claims, liabilities, and expenses. Lease § 7.4. Any assignee must assume liability for such obligations. Nothing in any assumption or confirmation order should preclude Landlord from pursuing Debtors, their insurance, or any other party that may be liable under the Lease, and Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

17. Debtor's obligation to pay additional rent and related charges and to satisfy its indemnity obligations are essential to the Landlord's entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance, and are assumed by Debtor

(and/or assignee) *cum onere*. *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

18.     Therefore, all of these obligations should be assumed by any assignee as part of any assumption and assignment of the Lease in accordance with the requirement that Landlord receive adequate assurance of future performance under the Lease.

19.     Furthermore, Debtor must acknowledge, and any Order approving cure amounts and assumption must provide, that Debtor (and/or any proposed assignee who can demonstrate adequate assurance of future performance) (a) shall be liable for any and all unbilled rent and related charges whether those charges cover pre-petition or post-petition/pre-assumption periods of time and (b) shall pay any and all year-end adjustments and true-ups when due pursuant to the terms of the Lease.

20.     Section 365(b)(1)(A) of the Bankruptcy Code requires that Debtor promptly cure outstanding balances due under the Lease upon assumption. To the extent there is a dispute over the total cure obligation for assumption of the Lease, all undisputed cure amounts should be paid upon the effective date of the plan of reorganization, consistent with the payment of other administrative claims.

## JOINDER

21.     Except as to differing factual circumstances, Landlord joins the objections filed by the Debtors' other landlords to the extent that they supplement and are not otherwise inconsistent herewith.

## RESERVATION OF RIGHTS

22.     Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law.

Landlord reserves the right to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objecting to assumption and assignment of the Lease on any grounds.

23. Landlord reserves its right to demand strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and this Court's Orders.

24. Landlord reserves all of its rights regarding adequate assurance of future performance, including, without limitation, issues regarding financial condition, ability, and use restrictions within the Shopping Center.

## CONCLUSION

**WHEREFORE**, Landlords respectfully request that this Court enter an Order: (i) sustaining the Limited Objection, and (ii) granting Landlord such other and further relief as is just and proper.

Dated:  June 24, 2024                                             **SULLIVAN · HAZELTINE · ALLINSON LLC**


                                                                  */s/ E.E. Allinson III*
                                                                  Elihu E. Allinson, III (No. 3476)
                                                                  919 North Market Street, Suite 420
                                                                  Wilmington, DE 19801
                                                                  Tel: (302) 428-8191
                                                                  Fax: (302) 428-8195
                                                                  Email: zallinson@sha-llc.com

                                                                  and

**GALLAGHER EVELIUS & JONES LLP**

David G. Sommer, D. Md. Fed. Bar No. 27581
Jared S. Dvornicky, D. Md. Fed. Bar No. 19157
218 N. Charles Street, Suite 400
Baltimore, MD 21201
Telephone: 410-727-7702
Facsimile: 410-468-2786
dsommer@gejlaw.com
jared.dvornicky@gejlaw.com

*Counsel for Harbor East Parcel B-Retail, LLC*