IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 410, 411 and 531 |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>EFFECTIVE AS OF MAY 7, 2024</u>**

Upon consideration of the application of the *Application for Entry of an Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of May 7, 2024* (the "<u>Application</u>")[2] and the *Declaration of Michael Robinson* filed in support of the Application (the "<u>Robinson Declaration</u>") both filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession, pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") for an order authorizing and approving the retention and employment of Province, LLC ("<u>Province</u>") as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

financial advisor for the Committee in these chapter 11 cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved, it is, therefore, ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Province, effective as of May 7, 2024, as its financial advisor to perform all of the services set forth in the Application.

3. Province shall apply for compensation for professional services rendered and reimbursement of expenses reasonably and actually incurred in connection with the Debtors' cases as set forth in the Application and in compliance with Bankruptcy Code sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Robinson Declaration, Province shall not seek reimbursement of any fees or costs arising from the defense of any of Province's fee applications in these chapter 11 cases.

5. Province shall use its reasonable best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

6. Notwithstanding anything in the Application to the contrary, Province shall (i) to the extent that it uses the services of independent contractors or subcontractors (collectively, the

"Contractors") in these cases, pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Province; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 and Local Rule 2014-1.

7. Province shall provide ten business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. The Committee and Province are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 25th, 2024
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

52411543.4