UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-10831 (KBO)<br>(Jointly Administered)<br><br>Re: Dkt. No. 450 |

**LIMITED OBJECTION OF WS/CIP II TAMPA OWNER LLC, W/S/M HINGHAM PROPERTIES LLC AND SEAPORT B/C RETAIL OWNER LLC TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES, AND REQUEST FOR FINDING OF EXCUSABLE NEGLECT**

NOW COME WS/CIP II TAMPA OWNER LLC, W/S/M HINGHAM PROPERTIES LLC and SEAPORT B/C RETAIL OWNER LLC (collectively, the "Landlord") and hereby file this limited objection (the "Objection") to the above-captioned Debtors' (the "Debtors") proposed cure amounts as set forth in the Notice of Assumption of Certain Executory Contract and/or Unexpired Leases [Dkt. No. 450] (the "Cure Notice"). Additionally, the Landlord hereby requests a finding that its failure to timely file this Objection to the Cure Notice constitutes excusable neglect.

In support hereof, the Landlord states as follows:

**I.    Limited Objection.**

1.    The Debtors lease retail space from the Landlord pursuant to unexpired leases (individually, a "Lease," and collectively, the "Leases") of nonresidential real property at each of the three (3) locations set forth on **Schedule A** attached hereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

2. On May 17, 2024, the Court entered the Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief [Dkt. 269], including the form of the Cure Notice.

3. On June 13, 2024, the Debtors filed their Cure Notice setting forth the Debtors' proposed cure amounts for certain leases and executory contracts that are being assumed and assigned to PHOENIX Retail, LLC.

4. The Leases are listed on the Cure Notice, and the proposed cure amounts (the "Proposed Cure Amounts") for the Landlord are incorrectly stated as $0.00 for all three (3) of the Landlord's locations. The Proposed Cure Amounts do not accurately reflect the amounts owed to the Landlord, and the actual sums which must be paid to cure the Debtors' arrears under the Leases are set forth on **Schedule A** attached hereto (the "Actual Cure Amounts"). Furthermore, the Landlord may be owed additional amounts accruing under the Leases.

5. To assume and assign the Leases, the Debtors must comply with the requirements of Section 365 of the Bankruptcy Code. Section 365 provides, in relevant part, that the Landlord is entitled to have all defaults cured. See 11 U.S.C. § 365(b)(1)(A).

6. Despite the Debtors' knowledge of the outstanding defaults and their obligation to adopt both the benefits and burdens of the Leases, the Proposed Cure Amounts ignore a total balance of not less than $23,975.32 that is owed to the Landlord for rent and related charges. See In re Fleming Companies, Inc., 499 F.3d 300, 308 (3d Cir. 2007) ("Section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder. In re ANC Rental Corp., 277 B.R. 226, 238 (Bankr. D. Del. 2002). 'The [debtor] ... may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.' In re Italian Cook Oil Corp., 190 F.2d 994, 997 (3d Cir.

1951)).") Instead of satisfying their assumption and assignment obligations, the Debtors have placed the burden on the Landlord to object and pursue the Actual Cure Amounts.

7. The Landlord has no objection to the proposed assumption and assignment of the Leases provided that the Actual Cure Amounts are paid in full and the Debtors otherwise comply with the remaining requirements of Section 365 of the Bankruptcy Code.

8. This Objection should not be construed as an election of remedies. The Landlord reserves all rights with respect to its claims in these cases including, without limitation, any rights of setoff and against third parties.

**II.     Excusable Neglect.**

9. The Cure Notice provides that objections to cure amounts must be filed and served within ten (10) days after the date that the Debtors file and serve the Cure Notice (the "Deadline").

10. Although the Landlord has failed to timely file its Objection, such failure is the product of excusable neglect.

11. Pursuant to Fed. R. Bankr. P. 9006(b), a bankruptcy court "'for cause shown may at any time in its discretion' grant an enlargement of time to act 'where the failure to act was the result of excusable neglect.'" See In re Cable & Wireless USA, Inc., 338 B.R. 609, 613 (Bankr. D. Del. 2006).

12. In Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), "the United States Supreme Court enumerated four factors for evaluating when neglect is excusable: (1) danger of prejudice to the debtor; (2) the length of delay and the resulting potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the reasonable control of the movant; and (4) whether the movant acted in good faith." See id. (quoting factors).

13. Here, there is no danger of prejudice to the Debtors due to the Landlord's filing of its Objection just four (4) days after the Deadline. See id. ("In applying the Pioneer test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim. There is no prejudice when all the parties can be placed in the same situation that they would have been in if the error had not occurred.") (quoting In re Tannen Towers Acquisition Corp., 235 B.R. 748, 755 (D.N.J. 1999). It appears that the Debtors are still in the process of filing notices of additional executory contracts and/or unexpired leases to be assumed and assigned, and the Court has not scheduled hearings on the objections of several other landlords to the Cure Notice. As such, the Debtors still have ample time to review and respond accordingly to the Objection.

14. With respect to the second factor, the length of delay is minor and will not impact these proceedings as the Landlord has only missed the Deadline by four (4) days. See In re Cendant Corp. PRIDES Litigation, 235 F.3d 176, 183 (3d Cir. 2000) (holding that a claim filed five days after the deadline "could not have had any real impact on the judicial proceedings").

15. The reason for the delay, while within the reasonable control of the Landlord, was an inadvertent mistake with respect to the date of the Deadline. See In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 184 (3d Cir. 1999) (rejecting argument that excusable neglect applies only to those situations where the failure to comply is a result of circumstances beyond the movant's reasonable control).

16. Lastly, the Landlord has not acted in bad faith by failing to timely file its Objection. Prior to becoming aware that it had inadvertently missed the Deadline, the Landlord timely filed its proof of claim with respect to the Lease for the commercial space within the shopping center located at Hyde Park Village, 1612 W Snow Avenue, Tampa, Florida 33606 (the "Proof of Claim")

on June 25, 2024. The Proof of Claim asserts a claim against the Debtors in the same amount, $8,536.05, as the Actual Cure Cost proposed by the Landlord herein. Further, upon learning that it had neglected to file its objection in accordance with the deadline provided in the Cure Notice, the Landlord quickly acted to expeditiously draft and file this Objection. See In re Cendant Corp., 235 F.3d at 184 (finding evidence of good faith where creditor "acted with reasonable haste to investigate the problem and take available steps toward a remedy").

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that this Court enter an Order:

a. Finding that the Landlord's failure to file this Objection by the Deadline constitutes excusable neglect;

b. Sustaining the Objection and granting relief consistent with this Objection; and

c. Granting the Landlord such other and further relief as is just.

Dated: June 28, 2024
Wilmington, Delaware

Respectfully submitted,

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ E.E. Allinson III*
Elihu E. Allinson, III (No. 3476)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com

- And -

Joseph H. Baldiga
**Mirick, O'Connell, DeMallie, & Lougee, LLP**
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926
jbaldiga@mirickoconnell.com

**SCHEDULE A**

| LOCATION | DEBTORS' CURE | LANDLORD'S CURE |
|---|---|---|
| Hyde Park Village, 1612 W Snow Avenue, Tampa, Florida 33606 | $0.00 | $8,536.05 |
| Derby Street Shops, 92-98 Derby Street, Suite 209, Hingham, Massachusetts 02043 | $0.00 | $7,599.68 |
| Seaport Square, 54 Seaport Boulevard Boston, MA 02210 | $0.00 | $7,839.59 |

**CERTIFICATE OF SERVICE**

    I, Elihu E. Allinson, III, hereby certify that on June 28, 2024, a true and correct a copy of the foregoing was filed electronically through the Court's CM/ECF system and served electronically on all parties registered to receive service of electronic notice, and by electronic mail, unless otherwise indicated, on the parties listed on the attached service list.

Dated: June 28, 2024                                                    */s/ E.E. Allinson III*
                                                                                      Elihu E. Allinson, III

**SERVICE LIST**

**Express, Inc., *et al.*, Debtor**
**Chapter 11, Case No. 24-10831 (KBO) (Jointly Administered)**

|  |  |  |
|---|---|---|
|  |  | Goldberg Kohn LTD<br>55 E. Monroe St.,<br>Suite 3300<br>Chicago, Illinois 60603<br>Attn: Randall L. Klein<br>Dimitri G. Karcazes<br>Eva D. Gadzheva<br>randall.klein@goldbergkohn.com<br>dimitri.karcazes@goldbergkohn.com<br>eva.gadzheva@goldbergkohn.com |
| Express, Inc.,<br>One Express Drive,<br>Columbus, Ohio 43230,<br>Attn.: Laurel Krueger;<br>lakrueger@express.com<br>**VIA EMAIL** | Kirkland & Ellis LLP,<br>601 Lexington Avenue,<br>New York, New York 10022,<br>Attn.: Joshua A. Sussberg, P.C.,<br>Emily E. Geier, P.C.<br>Nicholas M. Adzima,<br>joshua.sussberg@kirkland.com<br>emily.geier@kirkland.com<br>nicholas.adzima@kirkland.com<br>**VIA EMAIL** | Kirkland & Ellis LLP,<br>333 West Wolf Point Plaza,<br>Chicago, Illinois, 60654,<br>Attn.: Charles B. Sterrett,<br>charles.sterrett@kirkland.com<br>**VIA EMAIL** |
| Kirkland & Ellis LLP,<br>333 West Wolf Point Plaza,<br>Chicago, Illinois, 60654,<br>Attn.: Charles B. Sterrett,<br>charles.sterrett@kirkland.com<br>**VIA EMAIL** | Klehr Harrison Harvey Branzburg LLP,<br>919 North Market Street,<br>Suite 1000,<br>Wilmington, DE 19801,<br>Attn.: Domenic E. Pacitti,<br>Michael W. Yurkewicz,<br>Alyssa M. Radovanovich,<br>dpacitti@klehr.com<br>myurkewicz@klehr.com<br>aradovanovich@klehr.com<br>**VIA EMAIL** | Klehr Harrison Harvey Branzburg LLP,<br>1835 Market Street,<br>Suite 1400<br>Philadelphia, PA 19103<br>Attn.: Morton R. Branzburg<br>mbranzburg@klehr.com<br>**VIA EMAIL** |

| | | |
|---|---|---|
| United States Trustee,<br>844 King Street, Suite 2207,<br>Lockbox 35,<br>Wilmington, DE 19801<br>Attn.: John Schanne<br>john.schanne@usdoj.gov<br>**VIA EMAIL** | Kramer Levin Naftalis &<br>Frankel LLP,<br>1177 Avenue of the Americas<br>New York, New York 10036,<br>Attn: Adam Rogoff<br>Robert Schmidt<br>Nathaniel Allard<br>arogoff@kramerlevin.com<br>rschmidt@kramerlevin.com<br>nallard@kramerlevin.com<br>**VIA EMAIL** | Saul Ewing LLP,<br>1201 North Market Street,<br>Suite 2300<br>Wilmington, DE 19801<br>Attn: Luke Murley<br>luke.murley@saul.com<br>**VIA EMAIL** |
| Chipman, Brown, Cicero &<br>Cole, LLP<br>1313 North Market Street,<br>Suite 5400,<br>Wilmington, Delaware 19801<br>Attn.: Mark L.<br>Desgrosseilliers<br>desgross@chipmanbrown.com<br>**VIA EMAIL** | Ropes & Gray, LLP<br>191 North Wacker Drive<br>32nd Floor<br>Chicago, Illinois 60606<br>Attn.: Stephen L. Iacovo<br>steven.iacovo@ropesgray.com<br>**VIA EMAIL** | Richards, Layton &<br>Finger, P.A.<br>920 N. King Street,<br>Wilmington, DE 19801<br>Attn: John H. Knight<br>Paul N. Heath<br>Alexander R. Steiger<br>knight@rlf.com<br>health@rlf.com<br>steiger@rlf.com<br>**VIA EMAIL** |
| Shannah L. Colbert<br>Mirick, O'Connell, DeMallie,<br>& Lougee, LLP<br>1800 West Park Drive<br>Suite 400<br>Westborough, MA 01581-3926<br>scolbert@mirickoconnell.com<br>**VIA EMAIL** | | |