**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Related to Docket No. 269, 486** |

**CERTIFICATION OF COUNSEL REGARDING
REJECTION NOTICE AT DOCKET NO. 486**

The undersigned co-counsel to the above captioned debtors and debtors in possession (collectively, the "Debtors") hereby certifies the following:

1. On April 22, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), with the Clerk of the United States Bankruptcy Court for the District of Delaware.

2. On May 17, 2024, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Procedures Order").

3. Pursuant to the Procedures Order, on June 19, 2024, the Debtors filed the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 486] (the "Rejection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

Notice"). Pursuant to the Procedures Order and the Rejection Notice, objections to the Rejection Notice were to be filed and served no later than June 29, 2024

4. The undersigned certifies that, except as set forth herein, as of the date hereof, he has received no answer, objection or otherwise responsive pleading to the Rejection Notice and has reviewed the Court's docket in these cases and no answer, objection, or responsive pleading appears thereon.

5. The Debtors have revised the proposed order submitted with the Rejection Notice (attached hereto as **Exhibit A**, the "Revised Proposed Order") to remove a reference in paragraph 4(e) that was inadvertently included in the original order contained in the Rejection Notice.

6. The schedule of leases and/or contracts included in the Revised Proposed Order is unchanged from the version submitted with the Rejection Notice.

7. Accordingly, the Revised Proposed Order attached hereto as **Exhibit A** includes only leases and/or contracts for which no response has been received.

8. A Copy of the Revised Proposed Order marked to show changes from the version filed with the Rejection Notice is attached hereto as **Exhibit B**.

9. Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order in the form attached hereto as **Exhibit A** at its earliest convenience.

Dated: July 1, 2024
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone: (302) 426-1189 | New York, New York 10022 |
| Facsimile: (302) 426-9193 | Telephone: (212) 446-4800 |
| Email: dpacitti@klehr.com | Facsimile: (212) 446-4900 |
|         myurkewicz@klehr.com | Email: joshua.sussberg@kirkland.com |
|         aradvanovich@klehr.com |         emily.geier@kirkland.com |
| |         nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone: (215) 569-3007 | Telephone: (312) 862-2000 |
| Facsimile: (215) 568-6603 | Facsimile: (312) 862-2200 |
| Email: mbranzburg@klehr.com | Email: charles.sterrett@kirkland.com |
| *Co-Counsel for the Debtors and Debtors in Possession* | *Co-Counsel for the Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING
THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 486] (the "Rejection Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Contract Procedures Order.

venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Contracts set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, if any such Contract is an unexpired lease of non-residential real property (a "Lease"), the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The applicable Contract counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors

2

or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.  If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (i) the Rejection Date, and (ii) the date of entry of this Order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.  Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.  All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Rejected Contracts**

| Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Contract Details | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| 235 NORTH FOURTH STREET LLC | c/o Capital Equities, Attn: J.R. Kern, 580 North Fourth Street, Suite 120, Columbus, OH 43215 | Express, LLC | Lease agreement for photo studio | Lease located at 235 N. Fourth Street, Columbus, OH 43215 | Fixtures, shelving, equipment, and personal property remaining on the premises | 6/30/2024 |
| CREEKSIDE 126, LLC | c/o Friedman Management Company, Attn: Property Manager, 34975 W. Twelve Mile Road, Farmington Hills, MI 48331 | Express, LLC | Office Lease agreement for UpWest | Lease located at 121 Mill Street, Bldg C Suite #210 | Fixtures, shelving, equipment, and personal property remaining on the premises | 6/30/2024 |

**EXHIBIT B**

**REDLINED Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING
THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]486] (the "Rejection Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Contract Procedures Order.

this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Contracts set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, if any such Contract is an unexpired lease of non-residential real property (a "**Lease**"), the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The applicable Contract counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without further notice or liability to the

Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3. If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (i) the Rejection Date, and (ii) the date of entry of this Order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4. Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) ~~a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f)~~ an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (~~g~~f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.


5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5

**Exhibit 1**

**Rejected Contracts**

| Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Contract Details | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| 235 NORTH FOURTH STREET LLC | c/o Capital Equities, Attn: J.R. Kern, 580 North Fourth Street, Suite 120, Columbus, OH 43215 | Express, LLC | Lease agreement for photo studio | Lease located at 235 N. Fourth Street, Columbus, OH 43215 | Fixtures, shelving, equipment, and personal property remaining on the premises | 6/30/2024 |
| CREEKSIDE 126, LLC | c/o Friedman Management Company, Attn: Property Manager, 34975 W. Twelve Mile Road, Farmington Hills, MI 48331 | Express, LLC | Office Lease agreement for UpWest | Lease located at 121 Mill Street, Bldg C Suite #210 | Fixtures, shelving, equipment, and personal property remaining on the premises | 6/30/2024 |