IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 156** |

**DECLARATION OF DISINTERESTEDNESS OF OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Hal A. Shillingstad, declare under penalty of perjury:

1. I am a shareholder at the law firm of Ogletree Deakins, Nash Smoak & Stewart, P.C. located at Capella Tower, 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (the "Firm").

2. Express, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

1

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship with any, such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The Debtors owe the Firm $192,310.64 for prepetition services, the payment of which is subject to the limitations contained in title 11 of theUnited States Code, 11 U.S.C. §§ 101-1532.

8. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Date:** June 5, 2024                                         s/Hal A. Shillingstad
                                                                           **DECLARANT**