**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 24, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE FIRST MONTHLY FEE
APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM MAY 7, 2024 THROUGH MAY 31, 2024**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Express, Inc., *et al.* |
| Date of Retention: | June 25, 2024, *nunc pro tunc* to May 7, 2024 |
| Period for which compensation and reimbursement is sought: | May 7, 2024 through May 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $124,251.50<br>(80% of which is $99,401.20) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

Prior Applications:  None

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 24, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**FIRST MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM MAY 7, 2024 THROUGH MAY 31, 2024**

Saul Ewing LLP ("**Saul Ewing**"), co-counsel to the Official Committee (the
"**Committee**") of Unsecured Creditors of Express, Inc., *et al.* (the "**Debtors**"), hereby applies to
the Court for interim allowance of compensation for the period May 7, 2024 through May 31, 2024
(the "**Application Period**") with respect to its retention as co-counsel to the Committee.  In support
of this Application, Saul Ewing represents as follows:

### Jurisdiction

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and
1334 and the *Amended Standing Order of Reference from the United States District Court for the
District of Delaware* dated February 29, 2012.

2.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is
proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

3.      The statutory bases for the relief requested herein are section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

### Background

4.      On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors continue in the management of its businesses and operations of its properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

6.      On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

7.      On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

2

**Retention of Saul Ewing**

8.      On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

**Professional Services Rendered**

9.      During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 243.90 hours of professional services to the Committee, for which Saul Ewing requests allowance of interim compensation in the amount of $124,251.50. The blended hourly rate for the hours included in this Application is equal to $509.44 per hour, calculated as to attorneys, paralegals and paraprofessionals. At all times, work was assigned to the attorney, paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

10.     Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

11.     Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Committee. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended

3

during the Application Period along with a detailed, chronological itemization covering all the services performed by Saul Ewing.  This detailed itemization complies with Local Rule 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Saul Ewing.

12.     Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Saul Ewing with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

13.     Attached hereto as **Exhibit D** is a Declaration of Saul Ewing with respect to the compensation requested.

<u>**Summary of Legal Services by Project Category**</u>

14.     The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 34.4 | $19,186.50 |
| Business Operations | 7.3 | $3,907.00 |
| Case Administration | 44.9 | $20,015.50 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 2.2 | $1,065.50 |
| Committee Matters | 28.1 | $15,861.50 |
| Creditor Inquiries | 1.2 | $774.00 |
| Employee Benefits and Pensions | 2.0 | $1,247.00 |
| Executory Contracts and Unexpired Leases | 1.2 | $774.00 |
| Fee/Employment Applications (Saul Ewing) | 17.4 | $6,070.50 |
| Fee/Employment Applications (Other Professionals) | 21.5 | $10,310.00 |
| Financing and Cash Collateral | 41.9 | $22,638.00 |
| Lien Review | 22.6 | $12,364.00 |
| Litigation: Contested Matters and Adversary Proceedings | 0.3 | $193.50 |
| Preparation for and Attendance at Hearings | 17.1 | $8,683.50 |

4

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Statements and Schedules | 0.1 | $64.50 |
| UST Reports, Meetings and Issues | 0.6 | $387.00 |
| Utilities | 1.1 | $709.50 |
| **TOTAL** | **243.9** | **$124,251.50** |

15.    These categories are generally described below, with a more detailed identification

of the actual services provided set forth in **Exhibit C** attached hereto.

(a)    <u>Asset Disposition</u>.  This category includes all matters relating to the disposition, and other post-petition uses of, property of the estates, including issues arising from sales of the Debtors' assets.  Time in this category includes reviewing a bid procedures motion, a declaration in support of store closing, proposed revisions to a bid procedures order, a sale process update, letters of intent, an asset purchase agreement  (the "**APA**") summary, purchase price calculations, a stalking horse agreement, objections to the bid procedures motion and a bid summary;  analyzing legal issues regarding a stalking horse APA; reviewing an APA, a revised APA and drafting summaries of same; preparing an analysis of the APA; communicating with Debtors regarding the APA and sale process; communicating with Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") and the Saul Ewing team regarding the sale process.  Saul Ewing spent 34.4 hours of attorney time on the foregoing services.  Said services have a value of $19,186.50, for which Saul Ewing is seeking compensation.

| Asset Disposition | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 10.1 | $6,514.50 |
| D. Sartorio | Partner | 17.5 | $9,800.00 |
| T. Falk | Associate | 6.4 | $2,752.00 |
| N. Smargiassi | Associate | 0.4 | $120.00 |
| **Total** | | **34.4** | **$19,186.50** |

(b)    <u>Business Operations</u>.  This category includes all matters relating to the operation of the Debtor's business. Time in this category includes reviewing various first day business-related motions, proposed revised orders and certifications regarding same, a revised vendor letter, a summary of the D&O policies; and communicating with Kramer Levin and the Saul Ewing team regarding final orders on the first day business-related motions and critical vendor issues.  Saul Ewing spent 7.3 hours of attorney time on the

5

foregoing services. Said services have a value of $3,907.00 for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 4.6 | $2,967.00 |
| T. Falk | Associate | 1.0 | $430.00 |
| N. Smargiassi | Associate | 1.7 | $510.00 |
| **Total** | | **7.3** | **$3,907.00** |

(c)     Case Administration. This category includes all matters related to work regarding the administration of the cases. Time in this category includes reviewing the first day motions and interim orders, and the docket for critical dates and deadlines; drafting and updating a case calendar; drafting, revising and filing a notice of appearance and pro hac vice motions; drafting and revising summaries of the first day motions; reviewing and revising the orders on the first day motions; communicating with the Debtors regarding case status, equity committee appointment and revisions to first day motions; and communicating with Kramer Levin and the Saul Ewing team regarding case status, workflow, and final orders on the first day motions. Saul Ewing spent 44.9 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $20,015.50 for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 14.4 | $9,288.00 |
| T. Falk | Associate | 12.4 | $5,332.00 |
| N. Smargiassi | Associate | 15.8 | $4,740.00 |
| R. Warren | Paraprofessional | 2.3 | $655.50 |
| **Total** | | **44.9** | **$20,015.50** |

(d)     Claims Analysis, Objections, Proofs of Claim and Bar Date. This category includes all time spent in connection with claim and bar date issues. Time in this category includes reviewing reclamation demands, and certifications of counsel regarding the de minimis claims and bar date motions; reviewing the bar date order and drafting a summary of same; conducting research concerning claims analysis; and communicating with Kramer Levin and the Saul Ewing team regarding the bar date order. Saul Ewing spent 2.2 hours

6

of our attorney time on the foregoing services.  Said services have a value of $1,065.50 for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim and Bar Date | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 1.1 | $709.50 |
| T. Falk | Associate | 0.2 | $86.00 |
| N. Smargiassi | Associate | 0.9 | $270.00 |
| **Total** | | **2.2** | **$1065.50** |

(e)    Committee Matters.  This category includes all time spent in connection with issues involving the Committee.  Time in this category includes reviewing Committee posts and bylaws; drafting and revising a Committee post summarizing the second-day motions; communicating with Committee members regarding the sale process and case status; communicating with Kramer Levin regarding a 2019 statement, 1102 motion, a nondisclosure agreement and bylaws; and preparing for and participating in Committee calls.  Saul Ewing spent 28.1 hours of attorney time on the foregoing services.  Said services have a value of $15,861.50 for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 15.7 | $10,126.50 |
| D. Sartorio | Partner | 5.6 | $3,136.00 |
| T. Falk | Associate | 4.3 | $1,849.00 |
| N. Smargiassi | Associate | 2.5 | $750.00 |
| **Total** | | **28.1** | **$15,861.50** |

(f)    Creditor Inquiries.   This category includes all matters related to communications with creditors.   Time in this category relates to communicating with creditors regarding the 341 meeting and case status; and communicating with Kramer Levin regarding creditor inquiries.  Saul Ewing spent 1.2 hours of attorney time on the foregoing services.  Said services have a value of $774.00 for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.2 | $774.00 |
| **Total** | | **1.2** | **$774.00** |

(g)     Employee Benefits and Pensions.  This category includes all time spent in connection with various employee issues.  Time in this category includes reviewing a proposed wage order and draft KEIP/KERP motion; and communicating with Kramer Levin regarding KEIP/KERP issues.  Saul Ewing spent 2.0 hours of attorney time on the foregoing services.  Said services have a value of $1,247.00 for which Saul Ewing is seeking compensation.

| Employee Benefits and Pension | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.8 | $1,161.00 |
| T. Falk | Associate | 0.2 | $86.00 |
| **Total** | | **2.0** | **$1,247.00** |

(h)     Executory Contracts and Unexpired Leases.  This category includes all time spent in connection with contract and lease analysis, the assumption, assignment or rejection of executory contracts and unexpired leases, and cure claims.  Time in this category includes reviewing notices of additional store closings and notices of rejection; and communicating with counsel to landlords regarding lease rejection procedures issues.  Saul Ewing spent 1.2 hours of attorney time on the foregoing services.  Said services have a value of $774.00 for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.2 | $774.00 |
| **Total** | | **1.2** | **$774.00** |

(i)     Fee/Employment Applications (Saul Ewing).  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing.  Time in this category includes preparing a potential parties in interest list; drafting and revising Saul Ewing's retention application; internal Saul Ewing communication regarding material relating to a declaration in support of Saul Ewing's application; and communicating

with the Saul Ewing team regarding the retention application. Saul Ewing spent 17.4 hours of attorney time on the foregoing services. Said services have a value of $6,070.50 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.9 | $1,225.50 |
| T. Falk | Associate | 1.5 | $645.00 |
| N. Smargiassi | Associate | 14.0 | $4,200.00 |
| **Total** | | **17.4** | **$6,070.50** |

(j)     Fee/Employment Applications (Other Professionals)  This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in these Chapter 11 Cases. Time in this category includes reviewing and revising an ordinary course professional motion, an interim compensation order, and Kramer Levin's and Province's retention applications; reviewing the Debtors' professionals' retention and monthly fee applications and drafting summaries of same; communicating with the Debtors regarding retention application issues; and communicating with Kramer Levin and the Saul Ewing team regarding retention issues. Saul Ewing spent 21.5 hours of attorney time on the foregoing services. Said services have a value of $10,310.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 8.4 | $5,418.00 |
| T. Falk | Associate | 7.4 | $3,182.00 |
| N. Smargiassi | Associate | 5.7 | $1,710.00 |
| **Total** | | **21.5** | **$10,310.00** |

(k)     Financing and Cash Collateral.  This category includes all matters relating to cash collateral issues. Time in this category includes reviewing loan and collateral documents, DIP issues lists, DIP comparables, the financing motion and an interim order, and replies to a DIP objection; reviewing, revising and filing a DIP objection; reviewing and revising a final DIP order; reviewing a transcript from DIP issues hearing before Judge Owens; communicating with the Debtors regarding financing issues; and communicating with Kramer Levin and the Saul Ewing team regarding a DIP objection and financing issues. Saul Ewing spent 41.9 hours of

9

attorney and paraprofessional time on the foregoing services. Said services have a value of $22,638.00 for which Saul Ewing is seeking compensation.

| Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 27.3 | $17,608.50 |
| T. Falk | Associate | 5.1 | $2,193.00 |
| N. Smargiassi | Associate | 8.6 | $2,580.00 |
| R. Warren | Paraprofessional | 0.9 | $256.50 |
| **Total** | | **41.9** | **$22,638.00** |

(l)     Lien Review.  This category includes all matters relating to the liens and security interests asserted against the Debtors' assets. Time in this category includes drafting and revising a document lien review outline; preparing lien-related documents for review; reviewing lien documents and drafting an analysis of same; and communicating with Kramer Levin and the Saul Ewing team regarding the lien review. Saul Ewing spent 22.6 hours of attorney time on the foregoing services. Said services have a value of $12,364.00 for which Saul Ewing is seeking compensation.

| Lien Review | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| C. Kline | Partner | 7.8 | $5,070.00 |
| L. Murley | Partner | 4.2 | $2,709.00 |
| A. Burdette | Counsel | 0.3 | $156.00 |
| T. Falk | Associate | 10.3 | $4,429.00 |
| **Total** | | **22.6** | **$12,364.00** |

(m)     Litigation; Contested Matters and Adversary Proceedings.  This category includes all matters related to litigation. Time in this category reviewing draft slides for a Committee call regarding the shareholder motion; and communicating with Kramer Levin regarding the shareholder motion. Saul Ewing spent 0.3 of an hour of attorney time on the foregoing services. Said services have a value of $193.50 for which Saul Ewing is seeking compensation.

10

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 0.3 | $193.50 |
| **Total** | | **0.3** | **$193.50** |

(n)     Preparation for and Attendance at Hearing.  This category includes time related to the preparation for and attendance at various court hearings.  Time in this category includes a reviewing hearing agendas; communicating with Kramer Levin and the Saul Ewing team regarding hearing issues; and preparing for and attending hearings.  Saul Ewing spent 17.1 hours of attorney time on the foregoing services.  Said services have a value of $8,683.50 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 10.3 | $6,643.50 |
| N. Smargiassi | Associate | 6.8 | $2,040.00 |
| **Total** | | **17.1** | **$8,683.50** |

(o)     Statements and Schedules.  This category includes time related to the Debtors' schedules and statements of financial affairs.  Time in this category includes reviewing a certification of no objection regarding a schedules extension motion.  Saul Ewing spent 0.1 of an hour of attorney time on the foregoing services.  Said services have a value of $64.50 for which Saul Ewing is seeking compensation.

| Statements and Schedules | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 0.1 | $64.50 |
| **Total** | | **0.1** | **$64.50** |

(p)     UST Reports, Meetings and Issues.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes reviewing a summary of the 341 meeting; and communicating with Kramer Levin regarding the 341 meeting. Saul Ewing spent 0.6 of an hour of attorney on the foregoing services.  Said services have a value of $387.00 for which Saul Ewing is seeking compensation.

11

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.6 | $387.00 |
| **Total** | | **0.6** | **$387.00** |

(q)     Utilities.  This category includes time related to utilities.  Time in this category includes reviewing a utility motion, interim order, and withdrawal of an adequate assurance objection; and reviewing and revising the final utilities order.  Saul Ewing spent 1.1 hours of attorney time on the foregoing services.  Said services have a value of $709.50 for which Saul Ewing is seeking compensation.

| Utilities | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.1 | $709.50 |
| **Total** | | **1.1** | **$709.50** |

## Compensation Should Be Allowed

16.     The foregoing services in the total amount of $124.251.50 provided by Saul Ewing on behalf of the Committee during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Cases.

17.     The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases.

18.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11

U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award

of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.    The services performed by Saul Ewing during the Application Period for which

compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates.

Saul Ewing submits that the compensation sought is reasonable.

20.    Saul Ewing submits that the services provided to the Committee by Saul Ewing

during these Chapter 11 Cases were necessary and appropriate given the complexity of these

Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of

comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the

Bankruptcy Code.    Accordingly, Saul Ewing respectfully submits that approval of the

compensation sought for the Application Period is appropriate and should be approved.

21.     Saul Ewing has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with the such requirements.

### Notice

22.     Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

23.     No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $124,251.50 (80% of which is $99,401.20) for legal services rendered on behalf of the Committee during the Application Period; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 3, 2024

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:     (302) 421-6898
Email:            luke.murley@saul.com

*Counsel for the Official Committee of Unsecured Creditors*