IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.,* | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Related to Docket No. 526** |
| | ) | |
| | ) | **Obj. Deadline: extended by agreement to** |
| | ) | **7/8/24 at 4:00 p.m.** |
| | ) | **Hearing Date: TBD** |

### OBJECTION OF TRUESOURCE LLC TO DEBTORS' NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

TrueSource LLC ("TrueSource"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* (Docket No. 526) (the "Assumption Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and in support thereof, respectfully represents as follows:

### BACKGROUND

1. On April 22, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, on or about October 25, 2023, TrueSource entered into a Master Service Agreement (the "MSA") with one of the Debtors, Express, LLC, pursuant to which TrueSource supplies certain repair and maintenance services that the Debtors request be completed at certain of the Debtors' retail locations. The MSA has been amended by the parties from time to time. As of the Petition Date, the MSA (including all amendments thereto) is an "executory

contract" as that term is used throughout the Bankruptcy Code, as both TrueSource and the Debtors have ongoing obligations to one another under the MSA.

3. On or about June 21, 2024, the Debtors filed the Assumption Notice, in which the Debtors are seeking to assume and assign the MSA to Phoenix Retail, LLC (the "Proposed Assignee") as of June 21, 2024 (the "Proposed Effective Date"), assuming that the Debtors are successful in consummating the sales of all of their assets. The Assumption Notice states that the cure amount to cure all defaults under the MSA as of June 21, 2024 is $9,229.39 (the "Proposed Cure Amount").

## OBJECTION AND BASIS THEREFOR

4. The Proposed Cure Amount is incorrect according to TrueSource's books and records. Although the Proposed Cure Amount may capture certain of the amounts due to TrueSource under the MSA, the Proposed Cure Amount does not appear to include all of the amounts that the Debtors owe to TrueSource pursuant to the outstanding invoices that are unpaid under the MSA, which as of June 26, 2024, total $78,792.82.

5. In addition, it is impossible to state with certainty now as to what the ultimate cure amount will be regarding the assumption and assignment of the MSA since the Debtors' proposed assumption and assignment of the MSA is conditioned upon the Debtors' ultimate consummation of the sales of all of their assets. Although the Assumption Notice states that the Proposed Effective Date of the assumption and assignment of the MSA will be June 21, 2024, it is impossible to tell at this point whether June 21, 2024 will be the actual effective assumption and assignment date of the MSA due to the Proposed Effective Date being conditioned on the Debtors closing the sales of all of their assets. In addition, under the MSA, TrueSource may be entitled to certain interest rates on unpaid amounts, as well as certain attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof, TrueSource cannot be certain as to when the

actual effective date for the assumption and assignment of the MSA will occur. The actual cure amount for the MSA should include the $78,792.82 identified above, as well as all of the interest and attorneys' fees and costs to which TrueSource is entitled under the MSA, through the actual effective date of assumption and assignment of the MSA (the "Actual Cure Amount").

6.  Finally, the MSA provides that the Debtors must indemnify and hold TrueSource harmless with respect to any damages that arise out of, result from, or are attributable to any negligent act, omission or willful misconduct of the Debtors. TrueSource's claims related to the Debtors' indemnification obligations may not become known until after the assumption and assignment of the MSA. Accordingly, any order approving the assumption and assignment of the MSA must provide that the assumption and assignment is pursuant to the terms of the MSA, and that the Proposed Assignee will be responsible for all of the Debtors' indemnification obligations under the MSA, regardless of when they arose.

WHEREFORE, for all of the foregoing reasons, TrueSource respectfully requests that any order entered by the Court regarding the assumption and assignment of the MSA set a cure amount in the Actual Cure Amount and be consistent with the relief requested herein, and that the Court grant TrueSource such other and further relief as is just and proper.

Dated: July 8, 2024

                               **CONNOLLY GALLAGHER LLP**

                               */s/ Karen C. Bifferato*
                               Karen C. Bifferato (#3279)
                               1201 N. Market Street, 20th Floor
                               Wilmington, DE  19801
                               Telephone: (302) 757-7300
                               Email: kbifferato@connollygallagher.com

                                  -and-

Jiwon Yhee, Esq.
**MASUDA, FUNAI, EIFERT**
**& MITCHELL, LTD.**
203 N. LaSalle Street, Suite 2500
Chicago, IL 60601-1262
Telephone: (312) 245-7500
Email:  JYhee@masudafunai.com

*Attorney for TrueSource LLC*

05816631