**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Related to Docket No. 269, 450** |

**CERTIFICATION OF COUNSEL REGARDING
ASSUMPTION NOTICE AT DOCKET NO. 450**

The undersigned co-counsel to the above captioned debtors and debtors in possession (collectively, the "Debtors") hereby certifies the following:

1.      On April 22, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), with the Clerk of the United States Bankruptcy Court for the District of Delaware.

2.      On May 17, 2024, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Procedures Order").

3.      Pursuant to the Procedures Order, on June 13, 2024, the Debtors filed the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 450] (the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

"Assumption Notice").  Pursuant to the Procedures Order and the Assumption Notice, objections to the Assumption Notice were to be filed and served no later than June 23, 2024

4.      The undersigned certifies that, except as set forth herein, as of the date hereof, he has received no answer, objection or otherwise responsive pleading to the Assumption Notice and has reviewed the Court's docket in these cases and no answer, objection, or responsive pleading appears thereon.

5.      The Debtors previously filed the *Certification of Counsel Regarding Assumption Notice at Docket No. 450* [Docket No. 550] (the "Previous COC"), which removed all leases and/or contracts included in the Assumption Notice for which the Debtors received a formal or informal response that was unresolved at the time of filing.

6.      The Debtors have come to agreements regarding formal or informal responses to certain leases and contracts included on the Assumption Notice but excluded from the Previous COC. Accordingly, a copy of the revised schedule is attached to the proposed order (attached hereto as **Exhibit A**, the ("Proposed Order")), which includes certain leases and/or contracts that had been removed from the Previous COC.  The revised schedule has been updated to reflect the agreements between the Debtors and the objecting parties.

7.      A Copy of the revised schedule attached to the Proposed Order marked to show changes from the version filed with the Assumption Notice is attached hereto as **Exhibit B**.

8.      Accordingly, the Debtors respectfully request that the Court enter the Proposed Order in the form attached hereto as **Exhibit A** at its earliest convenience.

Dated:  July 12, 2024 Wilmington,
Delaware

/s/ Michael W. Yurkewicz

| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael W. Yurkewicz (DE Bar No. 4165) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Nicholas M. Adzima (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | 601 Lexington Avenue |
| Wilmington, Delaware 19801 | New York, New York 10022 |
| Telephone:    (302) 426-1189 | Telephone:    (212) 446-4800 |
| Facsimile:    (302) 426-9193 | Facsimile:    (212) 446-4900 |
| Email:    dpacitti@klehr.com | Email:    joshua.sussberg@kirkland.com |
|         myurkewicz@klehr.com |         emily.geier@kirkland.com |
|         aradvanovich@klehr.com |         nicholas.adzima@kirkland.com |

-and-                                                              -and-

Morton R. Branzburg (admitted *pro hac vice*)        Charles B. Sterrett (admitted *pro hac vice*)
1835 Market Street, Suite 1400                        333 West Wolf Point Plaza
Philadelphia, Pennsylvania 19103                      Chicago, Illinois 60654
Telephone:    (215) 569-3007                          Telephone:    (312) 862-2000
Facsimile:    (215) 568-6603                          Facsimile:    (312) 862-2200
Email:    mbranzburg@klehr.com                        Email:    charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*        *Co-Counsel for the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related to Docket No. 450 |
| | ) | |

**ORDER AUTHORIZING**
**THE DEBTORS TO ASSUME CERTAIN UNEXPIRED LEASES**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 450] (the "Assumption Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Contract Procedures Order.

venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.      The Contracts set forth in **Exhibit 1** attached hereto are assumed effective as of the Assumption Date and assigned to the Counterparty listed on **Exhibit 1**, as applicable; *provided* that such assumption or assumption and assignment shall not be effective unless and until the Debtors consummate the sales of all or substantially all of the Debtors' assets pursuant to (a) the *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (V) Authorizing the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Sale of Assets; and (VII) Granting Related Relief* [Docket No. 427], (b) the *Revised Notice of Selection of Stalking Horse Bidder* [Docket No. 414], Exhibit A, and (c) the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV)*

2

*Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471].  The assumption of the Contracts set forth in **Exhibit 1** are subject to the Debtors' paying the cure amounts, if any, set forth in **Exhibit 1**, to the Contract Counterparty in a manner consistent with the terms of the applicable agreement (a) if the cure amount is undisputed, promptly after the entry of this Order or (b) if the cure amount is disputed, the earlier of (i) the date on which the Debtors and Contract Counterparty agree to a cure amount or (ii) the date specified in a final and non-appealable order entered by this Court following a hearing determining such cure amount scheduled with notice to the objecting Contract Counterparty.  Upon satisfaction of the cure amount, each Contract Counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other interests with respect to its Contract that arose, accrued, or came due on or before the Assumption Date.

1.      With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes, and (b) constitute a legal, valid, and

effective transfer of such Contracts and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts.  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

2.	Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract.

3.	The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

4.	The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

5.	The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments to any assumed Contracts, if applicable.

6.	Nothing contained in the Assumption Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other

4

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notice or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.      Notice of the Assumption Notice as provided therein shall be deemed good and sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Assumed Contracts**

| Count | Landlord | Store ID | Cure Amount | Assignee | Assumption Date | Description of Contract[1] |
|---|---|---|---|---|---|---|
| 1 | 5028 | WASHINGTON PRIME | $0 | PHOENIX BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 2 | 5012 | WESTFIELD | $0 | PHOENIX BNBS Fashion LLC | 6/30/2024 | Store Lease |
| 3 | 5064 | WS DEVELOPMENT | $7,707.81 | PHOENIX BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 4 | 5062 | WS Development | $8,535.12 | PHOENIX BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 5 | 5043 | WS Development | $7,669.97 | PHOENIX BNBS Fashion LLC | 6/21/2024 | Store Lease |

---

[1] Contracts set forth herein shall include any material amendments or agreed modifications as between the Debtors and/or the Assignee and the Contract Counterparty.

## EXHIBIT B

**REDLINED Revised Schedule of Assumed Contracts**

| Count | Landlord | Store ID | Cure Amount | Assignee | Assumption Date | Description of Contract[1] |
|---|---|---|---|---|---|---|
| ~~1~~ | ~~Simon~~ | ~~817~~ | ~~$234,374.00~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~2~~ | ~~Simon~~ | ~~656~~ | ~~$108,433.00~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~3~~ | ~~Simon~~ | ~~1798~~ | ~~$74,149.50~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~4~~ | ~~5040~~ | ~~173 Court Street Holdings, LLC~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~5~~ | ~~5007~~ | ~~35 Crosby Street~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~6~~ | ~~5036~~ | ~~53 GREENWICH AVE ASSOC~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~7~~ | ~~5041~~ | ~~Acadia~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~8~~ | ~~5009~~ | ~~ACADIA~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~9~~ | ~~5003~~ | ~~ACADIA~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~10~~ | ~~5008~~ | ~~Amli~~ | ~~$0~~ | ~~PHOENIX Retail, LLC~~ | ~~6/21/2024~~ | ~~Store Lease~~ |
| ~~11~~ | ~~5031~~ | ~~Bedrock~~ | ~~$0~~ | ~~PHOENIX~~ | ~~6/21/2024~~ | ~~Store Lease~~ |

---

[1]    Contracts set forth herein shall include any material amendments or agreed modifications as between the Debtors and/or the Assignee and the Contract Counterparty.

| | | | | Retail, LLC | | |
|---|---|---|---|---|---|---|
| 12 | 5048 | Blackbox | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 13 | 5044 | BOSTON PROPERTIES | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 14 | 5033 | CBRE | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 15 | 5006 | Eastbanc | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 16 | 5067 | Edens | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 17 | 5005 | FEDERAL REALTY | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 18 | 5013 | FEDERAL REALTY | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 19 | 5030 | H.G. Hill Realty Company | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 20 | 5073 | Highland Villlage LP | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 21 | 5053 | Ice House, LP | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 22 | 5015 | IRVINE | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 23 | 5011 | Jamestown Realty | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 24 | 5022 | JBG Companies | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 25 | 5052 | Kane Realty | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 26 | 5042 | Koplar Properties | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 27 | 5055 | Macerich | $1,000,000 across all | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |

2

| 28 | 5058 | MACERICH | Macerich stores, including Express Macerich stores | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
|---|---|---|---|---|---|---|
| 29 | 5061 | Macerich | | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 30 | 5051 | Mason Retail Group | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 31 | 5029 | MODERN COMMERCIAL | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 32 | 5018 | North American Properties | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 33 | 5027 | NORTHWOOD RETAIL | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 34 | 5037 | Prism | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 35 | 5026 | RFR HOLDING LLC | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 36 | 5035 | Shops at North Creek, LLC | $8,227.85 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 37 | 5004 | Thomas White Investments | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 38 | 5021 | U.S. EQUITIES | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 39 | 5019 | University Village | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 401 | 5028 | WASHINGTON PRIME | $0 | PHOENIX Retail, BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 41 | 5034 | WESTFIELD | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |

3

| 42 | 5012 | WESTFIELD | $0 | PHOENIX Retail,BNBS Fashion LLC | 6/2130/2024 | Store Lease |
|---|---|---|---|---|---|---|
| 43 | 5064 | WS DEVELOPMENT | $07,707.81 | PHOENIX Retail,BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 44 | 5062 | WS Development | $08,535.12 | PHOENIX Retail,BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 45 | 5043 | WS Development | $07,669.97 | PHOENIX Retail,BNBS Fashion LLC | 6/21/2024 | Store Lease |
| 46 | 5060 | Simon | $2,989.22 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 47 | 5070 | Simon | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 48 | 5059 | Simon | $3,316.50 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 49 | 5025 | Simon | $13,610.50 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 50 | 5063 | Simon | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 51 | 5046 | Brookfield | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 52 | 5016 | Brookfield | $0 | PHOENIX Retail, LLC | 6/21/2024 | Store Lease |
| 53 | — | Distribution Land Company, LLC | $10,000,000 | PHOENIX Retail, LLC | 6/22/2024 | Corporate HQ and Logistics Facilities |

4