**Exhibit "1"**

<u>Stipulation</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered) |

**STIPULATION GRANTING RELIEF FROM THE
AUTOMATIC STAY TO PERMIT THE CHUBB COMPANIES
TO AMEND/ENDORSE A CERTAIN INSURANCE POLICY AND
TAKE CERTAIN ACTIONS RELATED THERETO**

Express, Inc. and certain of its affiliates (collectively, the "Debtors"), on the one hand, and ACE American Insurance Company, ACE Property & Casualty Insurance Company, Indemnity Insurance Company of North America, Federal Insurance Company, Great Northern Insurance Company, and each of their respective U.S.-based affiliates, predecessors, and successors (collectively, and solely in their capacities as insurers and/or third party administrators of one or more of the above-captioned debtors, the "Chubb Companies" and, collectively with the Debtors, the "Parties"), hereby stipulate to relief from the automatic stay under Section 362 of the Bankruptcy Code (as defined herein) in order to permit the Chubb Companies to amend/endorse a certain insurance policy issued to the Debtors (this "Stipulation") and take certain actions related thereto.

**RECITALS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

147591107.2

I. **Background.**

A. On April 22, 2024 (the "Petition Date"), Express, Inc. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

B. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, the "Policies," and together with any agreements, exhibits or addenda related thereto, the "Chubb Insurance Program") to the Debtor as named insured.

C. Under the Chubb Insurance Program, Federal Insurance Company issued a certain marine cargo insurance policy for the period of August 1, 2023 to August 1, 2024, bearing Policy Number N10742249 (the "Marine Cargo Policy") to Express, Inc. as first named insured, subject to certain limits, deductibles, exclusions, terms and conditions, as more particularly described therein.

D. On June 14, 2024, the Court entered the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471] (the "Sale Order"), which approved the sale of substantially all of the Debtors' assets (the "Sale") to Phoenix Retail, LLC (the "Purchaser").

E. The Sale Order provided, in part (the "Chubb Sale Order Language"):

>  Notwithstanding anything to the contrary in the Motion, the Asset Purchase Agreement, any lists of executory contracts to be assumed and assigned and/or any Cure Notices or Supplemental Cure Notices, this Order, or any documents relating to any of the foregoing: nothing shall permit or otherwise effect a sale, an assignment or any other transfer of (a) any insurance policies that have been issued at any time by ACE American Insurance Company, ACE Property & Casualty Insurance Company, Indemnity Insurance Company of North America, Federal Insurance Company, Great Northern Insurance Company and/or any of their U.S.-based affiliates and successors (collectively, the "Chubb Companies") to or that provide coverage to any of the Debtors (or their predecessors) and all agreements, documents or instruments relating thereto (collectively the "Chubb Insurance Contracts"), and/or (b) any rights, proceeds, benefits, interests, claims, rights to payments and/or recoveries under such Chubb Insurance Contracts to the Purchaser; provided, however, that to the extent any claim with respect to the Acquired Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, solely to the extent contemplated by the Asset Purchase Agreement, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), provided, further, however, that the Chubb Companies shall not have any duty to effectuate a Proceed Turnover or liability related to a Proceed Turnover.

F.  On June 21, 2024, the Sale closed (the "Closing Date").

G.  The Debtors' insurable interest in the goods covered by the Marine Cargo Policy were transferred to the Purchaser, and the Debtors therefore would like the Chubb Companies to add the Purchaser as an assured under the Marine Cargo Policy, and also add the Purchaser's lender, Wells Fargo Bank, National Association ("Wells Fargo") as a loss payee under the Marine Cargo Policy.

H.  The Debtors have therefore requested that the Chubb Companies (i) add the Purchaser as an assured under the Marine Cargo Policy, and (ii) add Wells Fargo in its capacity as the Purchaser's lender as a loss payee under the Marine Cargo Policy (collectively, the "Policy Amendment") as of the Closing Date.

I. The Chubb Companies have agreed to process the Policy Amendment effective as of June 21, 2024 (the "Amendment Date").

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND HEREBY ORDERED THAT**:

1. The recitals set forth in Paragraphs A through I above are incorporated herein by this reference as though set forth at length.

2. The Debtors represent that they have the requisite power and authority on behalf of themselves, their estates, and any other insureds under the Marine Cargo Policy, to request that the Chubb Companies effectuate the Policy Amendment.

3. Subject to the terms of this Stipulation and the occurrence of the Order Effective Date (as defined below), the automatic stay under Section 362(a) of the Bankruptcy Code, if and to the extent applicable, shall be deemed modified and/or lifted, solely to permit the Chubb Companies to effectuate the Policy Amendment as of the Amendment Date without further order of this Court or notice to any party.

4. Except as expressly set forth herein, nothing herein is intended, nor shall be deemed, to (i) amend or otherwise alter the terms and conditions of the Chubb Insurance Program; (ii) be a waiver or release by the Chubb Companies of (a) the Debtors or their estates for any obligations under the Chubb Insurance Program or (b) any claims of the Chubb Companies against the Debtors or their estates or any other party under the Chubb Insurance Program; (iii) be a waiver or release by the Debtors of (a) the Chubb Companies of or for any of their obligations under the Chubb Insurance Program or (b) any claims of the Debtors or their estates against the Chubb Companies or any other party under the Chubb Insurance Program; or (iv) alter or amend any notices of non-renewal that may have been sent in connection with or on account of the Marine

Cargo Policy, and any such notices of non-renewal shall remain in full force and effect. For the avoidance of doubt, the Parties expressly reserve all rights and defenses in connection with any claims for the allowance of an administrative expense under Section 503 of the Bankruptcy Code.

5. This Stipulation is conditioned upon the Court's entry of an order (the "Approval Order") approving this Stipulation in a form reasonably acceptable to the Parties. The Parties shall use their commercially reasonable efforts to obtain entry of the Approval Order.

6. Notwithstanding any provision in the Approval Order to the contrary, the date upon which the Approval Order has been entered by the Court and has become a final, non-appealable order as to which no appeal is pending shall be referred to as the "Order Effective Date." This Stipulation shall be effective and binding upon the Parties on and after the Order Effective Date.

7. This Stipulation and the Approval Order contain the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and the Approval Order.

8. This Stipulation may only be changed, modified or otherwise altered in a writing executed by the Parties. Oral modifications are not permitted.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

10. This Stipulation shall be binding upon and inure to the benefit of the Parties and each of their successors, assigns, trustees, estates and predecessors in interest.

11. The undersigned are duly authorized and empowered to execute this Stipulation.

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Stipulation as of the day and year stated below.

Dated: July 11, 2024

/s/ Michael W. Yurkewicz
KLEHR HARRISON HARVEY BRANZBURG LLP

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:  dpacitti@klehr.com
myurkewicz@klehr.com
aradvanovich@klehr.com

-and-

Morton R. Branzburg (admitted pro hac vice)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:         mbranzburg@klehr.com

-and-

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Joshua A. Sussberg, P.C. (admitted pro hac vice)
Emily E. Geier, P.C. (admitted pro hac vice)
Nicholas M. Adzima (admitted pro hac vice)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         joshua.sussberg@kirkland.com
emily.geier@kirkland.com
nicholas.adzima@kirkland.com

**DUANE MORRIS LLP**

/s/ Drew S. McGehrin
Drew S. McGehrin (DE 6508)
DUANE MORRIS LLP
1201 North Market St, Suite 501
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901
Email: DSMcGehrin@duanemorris.com

-and-

Wendy M. Simkulak
Catherine B. Heitzenrater
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email: wmsimkulak@duanemorris.com
cheitzenrater@duanemorris.com

*Counsel for the Chubb Companies*

6

-and-

Charles B. Sterrett (admitted pro hac vice)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:           charles.sterrett@kirkland.com
*Counsel for the Debtors*