## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) ) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

Related to Docket Nos. 447, 448, 450

### ORDER AUTHORIZING
### THE DEBTORS TO ASSUME AND ASSIGN BROOKFIELD LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "**Contract Procedures Order**") and the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471], dated June 14, 2024  (the "**Sale Order**"), entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"); and upon the *Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases* [Docket Nos. 447, 448 and 450], dated June 13, 2024 (collectively, the "**Assumption Notices**"),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

filed and served in satisfaction of the requirements set forth in the Contract Procedures Order with respect to the assumption and assignment of the non-residential real property leases set forth in **Exhibit 1** attached hereto (each a "**Lease**" and collectively, the "**Leases**") for the Debtors' store locations set forth on **Exhibit 1** (collectively, the "**Leased Premises**"), owned or managed by landlords affiliated with Brookfield Retail Properties; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Assumption Notices in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the assumption and assignment of the Leases pursuant to the Assumption Notices is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notices and opportunity for a hearing on the Assumption Notices were appropriate and no other notice need be provided; and the Debtors having consummated the sales of all or substantially all of the Debtors' assets pursuant to the Sale Order on June 21, 2024 (the "**Closing Date**"); and the Debtors and the landlord counterparties to the Leases (each a "**Landlord**" and collectively, the "**Landlords**") having agreed to amend the terms of the Leases in a written agreement between the Landlords and the Debtors executed on June 24, 2024 (the "**Landlord Agreement**") and having agreed to the assumption and assignment of the Leases to Phoenix Retail, LLC (the "**Assignee**") pursuant to the terms of this Order; and this Court having determined that just cause exists for the relief granted herein; and upon all of the

proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**

1.      Effective as of the Closing Date, pursuant to sections 105(a), 363(b)(1) and (f), and 365(a) of the Bankruptcy Code, subject to the Debtors' paying the cure amounts, if any, set forth in **Exhibit 1** (each a "**Cure Amount**" and collectively, the "**Cure Amounts**") in full and complete satisfaction of the Debtors' obligation to cure defaults under the Leases pursuant to section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code), the Leases are assumed and assigned to Assignee and the Assignee shall be substituted for the Debtors as a party to the Leases and fully and irrevocably vested in all right, title and interest of the Debtors as tenant under the Leases.

2.      Upon satisfaction of the Cure Amounts, the Landlords are forever barred, estopped, and enjoined from asserting against the Debtors any additional cure costs or other interests with respect to the Leases that arose, accrued, or came due on or before the Closing Date *provided, however*, that nothing herein shall impair or prejudice the Landlords' right to recover from the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the Leased Premises on account of events that occurred prior to the Closing Date.

3.      The Lease are assumed and assigned to Assignee pursuant to sections 105(a), 363 and 365(b) and (f) of the Bankruptcy Code free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether

arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (a) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Leases as a result the assignment of the Leases pursuant (to this Order, and (b) constitute a legal, valid, and effective transfer of such Leases and vest the Assignee with all rights, titles, and interests to the Leases).  For the avoidance of doubt, all provisions of the Leases as amended, including any provision limiting assignment, shall be binding on the Assignee from and after the Closing Date.

4.      Upon entry of this Order and payment of the Cure Amounts, except as otherwise provided for in this Order and the Landlord Agreement, as between Assignee and Landlords, the Assignee shall be responsible for all liabilities under the Leases arising from and after June 1, 2024 (without waiver of rights among Debtors and Assignee with respect to the allocation of rent and other amounts that accrued prior to the Closing Date and the Debtors being authorized to pay such amounts to the Landlords when due), and the Debtors are authorized to execute and deliver to the Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Leases to Assignee.

5.      The Assignee shall only be responsible for payment of existing liabilities (including any defaults) relating to or arising under the assigned Leases accruing or relating to the period prior to June 1, 2024 as expressly set forth and enumerated in the Landlord Agreement.

6.      Except as expressly set forth herein, nothing contained in the Assumption Notices or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to

be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notices or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7. Notice of the Assumption Notices as provided therein shall be deemed good and sufficient notice of such Assumption Notices and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 15th, 2024**
**Wilmington, Delaware**

*Ka B. O*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**