## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered) |

### SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Sabrina G. Tu, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On July 24, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Grubig Int. Co., Ltd at 186-11, Junggok 3-dong, Gwangjin-gu, Seoul, Korea:

- **Notice of Telephonic Section 341 Meeting** (Docket No. 125)

- **Notice of Chapter 11 Bankruptcy Cases** (Docket No. 127)

- **Notice of Deadlines for the Filing of Proofs of Claim, Including Pursuant to Section 503(b)(9) of the Bankruptcy Code** (attached hereto as **Exhibit A**)

- **[Customized] Official Form 410 Proof of Claim Form and Instructions for Proof of Claim** (substantially in the form of Exhibit 1 of Docket No. 280)

- **Notice of Continued Telephonic Section 341 Meeting** (Docket No. 352)

In addition to the methods of service set forth herein, parties who have requested electronic notification of filings via the Bankruptcy Court's CM/ECF system were sent the above referenced documents via electronic service.

Dated: July 25, 2024

*Sabrina Tu*
                                 Sabrina G. Tu

State of Colorado     )
                      ) SS.
County of Denver     )

Subscribed and sworn before me this 25th day of July 2024 by Sabrina G. Tu.

*Danielle Harnden*

(Notary's official signature)

DANIELLE HARNDEN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224038481
MY COMMISSION EXPIRES 2026-10-04

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

# **Exhibit A**

Document Ref: BBSHF-GWTDS-A8EBU-RMVGT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 280** |

### NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM, INCLUDING PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Express, Inc. | 24-10831 |
| Express Topco LLC | 24-10832 |
| Express Holding, LLC | 24-10833 |
| Express Finance Corp. | 24-10834 |
| Express, LLC | 24-10835 |
| Express Fashion Investments, LLC | 24-10836 |
| Express Fashion Logistics, LLC | 24-10837 |
| Express Fashion Operations, LLC | 24-10838 |
| Express GC, LLC | 24-10839 |
| Express BNBS Fashion, LLC | 24-10840 |
| UW, LLC | 24-10841 |
| Express Fashion Digital Services Costa Rica, S.R.L. | 24-10842 |

**PLEASE TAKE NOTICE THAT:**

On April 22, 2024 (the "Petition Date"), Express, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

On May 20, 2024 the Court entered an order [Docket No. 280] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Bar Date Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.   THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

   a.   ***The General Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Stretto, Inc. ("Stretto") by the General Bar Date, (i.e., by *July 10, 2024 at 11:59 p.m.*, prevailing Eastern Time)**. The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

   b.   ***The Governmental Bar Date***. Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by *October 22, 2024 at 11:59 p.m.*, prevailing Eastern Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years

2

or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Stretto by the Governmental Bar Date.

c.     ***Amended Schedules Bar Date***.   If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.     ***Rejection Damages Bar Date***.   In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.   All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Stretto by the applicable Rejection Damages Bar Date.   For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to executory contracts and unexpired leases shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

## II.     WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date ***must*** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.     any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.     any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires

3

to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.   any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file proofs of claims:

a.   any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.   any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.   any entity whose claim has previously been allowed by order of the Court;

d.   any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.   any Debtor having a claim against another Debtor;

f.   any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.   any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[2]

h.   a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including

---

[2]   The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

Document Ref: BBSHF-GWTDS-A8EBU-RMVGT

(but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Liens and Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 85] and any final order authorizing the use of cash collateral (collectively, the "DIP Orders"); *provided* that, for the avoidance of doubt, the Prepetition Secured Parties shall not be required to file proofs of claim on account of any Prepetition Secured Obligations, DIP Obligations, or Adequate Protection Obligations (each as defined in the DIP Orders) *provided further* that if the Prepetition Secured Parties elect to file a proof of claim, the agent under each respective facility is authorized to file one master proof of claim with respect to all of the obligations under the applicable facility.

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.      Contents.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      Section 503(b)(9) Claim.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

c.      Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard     copy     or     through     the     Online     Portal     available     at

5

https://cases.stretto.com/Express) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Express, Inc.

e.    <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.    <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Stretto on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal at https://cases.stretto.com/Express by clicking on "File a Claim," or (ii) U.S. Mail, overnight mail, or other hand delivery system at the following address:

**By First Class Mail to:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If by Overnight Courier or Hand Delivery:**

**Express, Inc., et al., Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

6

h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

7

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Stretto's website at https://cases.stretto.com/Express.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, Inc., by calling the Debtors' restructuring hotline at:  (855) 337-3537 (Toll-Free) (U.S. & Canada) or (949) 617-1363 (International), or writing (i) via first class mail, to Express, Inc., et al., Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or (ii) via email to: ExpressInquiries@stretto.com with a reference to "Express" in the subject line.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

8