IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[6] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 598** |

**ORDER (I) AUTHORIZING AND APPROVING THE
SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS,
THE COMMITTEE, AND RESTORE; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[7] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the Debtors to enter into and perform any and all obligations under the Settlement Agreement by and between the Debtors, the Committee, and ReStore; and (b) granting related relief, all as more fully set forth in the Motion and the Still Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[7] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion may be authorized pursuant to Bankruptcy Rule 9019(a) and sections 105(a) and 363(b) of the Bankruptcy Code; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the Still Declaration; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors, the Committee, and ReStore are hereby authorized to enter into, perform under, and execute the Settlement Agreement.

3. The Debtors are authorized to enter into, perform, execute, and deliver all other documents, and take all other actions, necessary to immediately effectuate the settlement between the Debtors, the Committee, and ReStore, in accordance with the terms, conditions, and agreements related thereto, all of which are hereby approved, and to otherwise effectuate the relief granted in this Order in accordance with the Motion.

4. The Settlement Agreement satisfies all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rule 9019.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, or the relief granted in this Order and any actions taken pursuant to such relief,: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Parties are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Parties are authorized and empowered to, and may in their discretion and without further delay,

execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

8. The Challenge Period for the Committee is extended as to the Second Lien Secured Parties through the Settlement Effective Date subject to payment of the Settlement Amount (as defined in the Settlement Agreement).

9. The Additional Reserves are deemed released upon entry of this Order, and the Debtors are hereafter authorized to utilize any amounts held on account of the Additional Reserves without requiring the consent of any of the DIP Agents or the Prepetition Agents.

10. This Order shall be binding on the Debtors, their estates, all creditors and parties-in-interest, any successors and assigns of the Debtors, including any trustee appointed in these chapter 11 cases or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July 26th, 2024  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**