# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: August 19, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE SECOND MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2024 THROUGH JUNE 30, 2024**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Express, Inc., *et al.* |
| Date of Retention: | June 25, 2024, *nunc pro tunc* to May 7, 2024 |
| Period for which compensation and reimbursement is sought: | June 1, 2024 through June 30, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $127,961.50<br>(80% of which is $102,369.20) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,124.09 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 569 | 05/07/2024 through 05/31/2024 | $124,251.50 | $0.00 | $99,401.20 | $0.00 | $24,850.30 | 7/25/2024 D.I. 644 |
| | **TOTAL** | **$124,251.50** | **$0.00** | **$99,401.20** | **$99,401.20** | **$24,850.30** | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXPRESS, INC., *et al.,*[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: August 19, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**SECOND MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2024 THROUGH JUNE 30, 2024**

Saul Ewing LLP ("**Saul Ewing**"), co-counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of Express, Inc., *et al.* (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period June 1, 2024 through June 30, 2024 (the "**Application Period**") with respect to its retention as co-counsel to the Committee. In support of this Application, Saul Ewing represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

3. The statutory bases for the relief requested herein are section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Background

4. On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors continue in the management of its businesses and operations of its properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

6. On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

7. On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

**Retention of Saul Ewing**

8.      On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

**Professional Services Rendered**

9.      During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 253.50 hours of professional services to the Committee, for which Saul Ewing requests allowance of interim compensation in the amount of $127,961.50. The blended hourly rate for the hours included in this Application is equal to $504.78 per hour, calculated as to attorneys, paralegals, and paraprofessionals. At all times, work was assigned to the attorney, paralegal, or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility, and expertise needed to do the work efficiently.

10.     Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals, and paraprofessionals, and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

11.     Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Committee. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended

3

during the Application Period along with a detailed, chronological itemization covering all the services performed by Saul Ewing. This detailed itemization complies with Local Rule 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Saul Ewing.

12. Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Saul Ewing with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

13. Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period. These costs for which reimbursement is requested total $1,124.09. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

14. Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session*;* however, Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its

4

contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

15. Attached hereto as **Exhibit E** is a Declaration of Saul Ewing with respect to the compensation requested.

### Summary of Legal Services by Project Category

16. The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 33.5 | $18,374.50 |
| Business Operations | 0.9 | $473.00 |
| Case Administration | 13.0 | $8,183.00 |
| Claims Analysis, Objections, Proofs of Claim and Bar Date | 1.3 | $731.00 |
| Committee Matters | 26.9 | $15,851.00 |
| Creditor Inquiries | 3.0 | $1,569.50 |
| Executory Contracts and Unexpired Leases | 4.5 | $2,902.50 |
| Fee/Employment Applications (Saul Ewing) | 17.5 | $6,116.50 |
| Fee/Employment Applications (Other Professionals) | 28.1 | $11,056.00 |
| Financing and Cash Collateral | 4.6 | $2,687.00 |
| Lien Review | 70.5 | $35,654.50 |
| Litigation: Contested Matters and Adversary Proceedings | 10.8 | $5,345.50 |
| Plan and Disclosure Statement | 18.2 | $8,960.50 |
| Preparation for and Attendance at Hearings | 15.8 | $8,035.00 |
| Statements and Schedules | 1.1 | $709.50 |
| UST Reports, Meetings and Issues | 3.8 | $1,312.50 |
| **TOTAL** | **253.5** | **$127,961.50** |

17. These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

    (a)    Asset Disposition. This category includes all matters relating to the disposition, and other post-petition uses of, property of the estates, including issues arising from sales of the Debtors' assets. Time in this

category includes reviewing declarations in support of bid procedures, a schedule of assumed leases, a draft revised sale order, a B. Riley/Tiger bid, a sale transaction summary, an updated bid summary for the Phoenix bid, and a TSA term sheet; reviewing a revised asset purchase agreement (the "**APA**"), an updated APA, and drafting summaries of same; communicating with the Debtors regarding the APA, inventory, and sale process; communicating with Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") and the Saul Ewing team regarding the APA and sale process. Saul Ewing spent 33.5 hours of attorney time on the foregoing services. Said services have a value of $18,374.50, for which Saul Ewing is seeking compensation.

| Asset Disposition | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 12.9 | $8,320.50 |
| D. Sartorio | Partner | 9.9 | $5,544.00 |
| T. Falk | Associate | 10.0 | $4,300.00 |
| N. Smargiassi | Associate | 0.7 | $210.00 |
| **Total** | | **33.5** | **$18,374.50** |

(b) Business Operations. This category includes all matters relating to the operation of the Debtors' businesses. Time in this category includes reviewing a certification of counsel regarding the NOL order; communicating with the Debtors regarding vendor and landlord issues; and communicating with Kramer Levin and the Saul Ewing team regarding operational, vendor, and landlord issues. Saul Ewing spent 0.9 of an hour of attorney time on the foregoing services. Said services have a value of $473.00 for which Saul Ewing is seeking compensation.

| Business Operations | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.4 | $258.00 |
| T. Falk | Associate | 0.5 | $215.00 |
| **Total** | | **0.9** | **$473.00** |

(c) Case Administration. This category includes all matters related to work regarding the administration of the cases. Time in this category includes reviewing second-day orders and a protective order, and reviewing the docket for critical dates and deadlines; updating a case calendar; drafting

6

and revising a committee professional diligence list; communicating with the Debtors regarding case status; and communicating with Kramer Levin and the Saul Ewing team regarding case status, workflow, and a protective order. Saul Ewing spent 13.0 hours of attorney time on the foregoing services. Said services have a value of $8,183.00 for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 12.0 | $7,740.00 |
| D. Sartorio | Partner | 0.4 | $224.00 |
| T. Falk | Associate | 0.3 | $129.00 |
| N. Smargiassi | Associate | 0.3 | $90.00 |
| **Total** | | **13.0** | **$8,183.00** |

(d)  Claims Analysis, Objections, Proofs of Claim, and Bar Date. This category includes all time spent in connection with claim and bar date issues. Time in this category includes reviewing an initial claims pool analysis and a summary of intercompany claims; and communicating with Kramer Levin and the Saul Ewing team regarding intercompany claims. Saul Ewing spent 1.3 hours of attorney time on the foregoing services. Said services have a value of $731.00 for which Saul Ewing is seeking compensation.

| Claims Analysis, Objections, Proofs of Claim, and Bar Date | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.8 | $516.00 |
| T. Falk | Associate | 0.5 | $215.00 |
| **Total** | | **1.3** | **$731.00** |

(e)  Committee Matters. This category includes all time spent in connection with issues involving the Committee. Time in this category includes reviewing Committee posts and slides; communicating with Committee members regarding the sale process and case status; communicating with Kramer Levin regarding Committee calls and posts; and preparing for and participating in Committee calls. Saul Ewing spent 26.9 hours of attorney time on the foregoing services. Said services have a value of $15,851.00 for which Saul Ewing is seeking compensation.

7

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 14.0 | $9,030.00 |
| D. Sartorio | Partner | 10.0 | $5,600.00 |
| T. Falk | Associate | 2.7 | $1,161.00 |
| N. Smargiassi | Associate | 0.2 | $60.00 |
| **Total** | | **26.9** | **$15,851.00** |

(f)  Creditor Inquiries.  This category includes all matters related to communications with creditors.  Time in this category relates to communicating with creditors and shareholders regarding case status, vendor, landlord, and stockholder issues; and communicating with Kramer Levin regarding creditor inquiries.  Saul Ewing spent 3.0 hours of attorney time on the foregoing services.  Said services have a value of $1,569.50 for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.3 | $838.50 |
| T. Falk | Associate | 1.7 | $731.00 |
| **Total** | | **3.0** | **$1569.50** |

(g)  Executory Contracts and Unexpired Leases.  This category includes all time spent in connection with contract and lease analysis, the assumption, assignment, or rejection of executory contracts and unexpired leases, and cure claims.  Time in this category includes reviewing certifications regarding a rejection order and assumption orders, notices of assumption, notices of rejection, and cure objections.  Saul Ewing spent 4.5 hours of attorney time on the foregoing services.  Said services have a value of $2,902.50 for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 4.5 | $2,902.50 |
| **Total** | | **4.5** | **$2,902.50** |

8

(h) <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing.  Time in this category includes updating a potential parties in interest list; revising and filing Saul Ewing's retention application; internal Saul Ewing communication regarding a declaration in support of Saul Ewing's retention application; drafting and filing a notice of filing of corrected schedule to Saul Ewing's retention application and a certification of counsel regarding Saul Ewing's retention application; drafting Saul Ewing's first monthly fee application; and communicating with the Saul Ewing team regarding the retention application.  Saul Ewing spent 17.5 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $6,116.50 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 2.1 | $1,354.50 |
| T. Falk | Associate | 2.2 | $946.00 |
| N. Smargiassi | Associate | 3.6 | $1,080.00 |
| R. Warren | Paraprofessional | 9.6 | $2,736.00 |
| **Total** | | **17.5** | **$6,116.50** |

(i) <u>Fee/Employment Applications (Other Professionals)</u>  This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in these Chapter 11 Cases.  Time in this category includes reviewing certifications regarding the Debtors' professionals' retention applications, an ordinary course professional motion, the interim compensation order, and monthly fee applications for the Debtors' professionals; revising and filing Kramer Levin's and Province's retention applications, and drafting and filing certifications regarding same; communicating with the UST regarding issues with the Committee's professionals' retention applications and negotiating a resolution of same; and communicating with Kramer Levin, Province, and the Saul Ewing team regarding retention and fee application issues.  Saul Ewing spent 28.1 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $11,056.00 for which Saul Ewing is seeking compensation.

9

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 6.4 | $4,128.00 |
| T. Falk | Associate | 3.7 | $1,591.00 |
| N. Smargiassi | Associate | 13.8 | $4,140.00 |
| R. Warren | Paraprofessional | 4.2 | $1,197.00 |
| **Total** | | **28.1** | **$11,056.00** |

(j) <u>Financing and Cash Collateral</u>. This category includes all matters relating to cash collateral issues. Time in this category includes reviewing a revised DIP order, a revised DIP budget, and DIP lenders' fee invoices; preparing weekly fee estimates as required by the DIP order; communicating with the Debtors, Kramer Levin, and the Saul Ewing team regarding financing issues. Saul Ewing spent 4.6 hours of attorney time on the foregoing services. Said services have a value of $2,687.00 for which Saul Ewing is seeking compensation.

| Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 3.6 | $2,322.00 |
| T. Falk | Associate | 0.5 | $215.00 |
| N. Smargiassi | Associate | 0.5 | $150.00 |
| **Total** | | **4.6** | **$2,687.00** |

(k) <u>Lien Review</u>. This category includes all matters relating to the liens and security interests asserted against the Debtors' assets, and the Committee's investigation and challenge rights. Time in this category includes reviewing the DIP financing filings and a lien review memorandum; reviewing and revising due diligence requests and a supplemental list of informal document requests; preparing lien-related documents for review; reviewing document production and drafting an analysis of same; revising a lien review outline; communicating with the Debtors regarding discovery and settlement; communicating with Kramer Levin and the Saul Ewing team regarding the lien review, document production, the Committee's investigation, and settlement. Saul Ewing spent 70.5 hours of attorney and litigation support time on the foregoing services. Said services have a value of $35,654.50 for which Saul Ewing is seeking compensation.

10

| Lien Review | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| C. Kline | Partner | 3.4 | $2,210.00 |
| L. Murley | Partner | 19.3 | $12,448.50 |
| A. Burdette | Counsel | 10.8 | $5,616.00 |
| T. Falk | Associate | 32.9 | $14,147.00 |
| N. Smargiassi | Associate | 2.1 | $630.00 |
| eDiscovery Consultant – EDC | Litigation Support | 0.3 | $118.50 |
| eDiscovery Specialist – EDS | Litigation Support | 1.7 | $484.50 |
| **Total** | | **70.5** | **$35,654.50** |

(l) <u>Litigation; Contested Matters and Adversary Proceedings</u>. This category includes all matters related to litigation. Time in this category includes reviewing a shareholder motion for equity committee (the "**Shareholder Motion**") and sur-reply, Debtors' response to the Shareholder Motion and Restore Capital's joinder to the Debtors' response; drafting, revising, and filing a joinder to the Debtors' response to the Shareholder Motion; and communicating with the Debtors and Kramer Levin regarding the Shareholder Motion. Saul Ewing spent 10.8 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $5,345.50 for which Saul Ewing is seeking compensation.

| Litigation: Contested Matters and Adversary Proceedings | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 3.6 | $2,322.00 |
| T. Falk | Associate | 6.7 | $2,881.00 |
| R. Warren | Paraprofessional | 0.5 | $142.50 |
| **Total** | | **10.8** | **$5,345.50** |

(m) <u>Plan and Disclosure Statement</u>. This category includes time related to plan and disclosure issues. Time in this category includes reviewing an analysis of a claims waterfall; reviewing and commenting on a draft plan; communicating with the Debtors and Kramer Levin regarding plan issues. Saul Ewing spent 18.2 hours of attorney time on the foregoing services. Said services have a value of $8,960.50 for which Saul Ewing is seeking compensation.

11

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 8.3 | $5,353.50 |
| T. Falk | Associate | 4.9 | $2,107.00 |
| N. Smargiassi | Associate | 5.0 | $1,500.00 |
| **Total** | | **18.2** | **$8,960.50** |

(n) <u>Preparation for and Attendance at Hearing</u>.  This category includes time related to the preparation for and attendance at various court hearings.  Time in this category includes reviewing hearing agendas; communicating with Kramer Levin and the Saul Ewing team regarding hearing issues; preparing hearing binders; and preparing for and attending hearings.  Saul Ewing spent 15.8 hours of attorney time on the foregoing services.  Said services have a value of $8,035.00 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 8.5 | $5,482.50 |
| T. Falk | Associate | 3.1 | $1,333.00 |
| N. Smargiassi | Associate | 1.5 | $450.00 |
| R. Warren | Paraprofessional | 2.7 | $769.50 |
| **Total** | | **15.8** | **$8,035.00** |

(o) <u>Statements and Schedules</u>.  This category includes time related to the Debtors' schedules and statements of financial affairs.  Time in this category includes reviewing the schedules and statements of financial affairs.  Saul Ewing spent 1.1 hours of attorney time on the foregoing services.  Said services have a value of $709.50 for which Saul Ewing is seeking compensation.

| Statements and Schedules | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.1 | $709.50 |
| **Total** | | **1.1** | **$709.50** |

(p) <u>UST Reports, Meetings and Issues</u>. This category includes time related to the preparation of operating reports and other information required by the UST or the Court. Time in this category includes reviewing a notice of rescheduled 341 meeting and the UST Guidelines for Budget and Staffing Requirements; preparing for and attending the 341 meeting and drafting a summary of same; and communicating with Kramer Levin and the Saul Ewing team regarding the 341 meeting. Saul Ewing spent 3.8 hours of attorney on the foregoing services. Said services have a value of $1,312.50 for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.5 | $322.50 |
| N. Smargiassi | Associate | 3.3 | $990.00 |
| **Total** | | **3.8** | **$1312.50** |

(q) <u>Expenses</u>. **Exhibit D** lists expenses, such as copying costs at 10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research, and travel expenses. Saul Ewing seeks $1,124.09 in expenses.

| EXPENSES | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| E-discovery Processing /Usage | Epiq Relativity | $290.00 |
| Filing Fees | Delaware District Court (pro hac motions) | $200.00 |
| Legal Research | Westlaw | $149.04 |
| Transcript | Reliable Copy Service – DE | $485.05 |
| **Total** | | **$1124.09** |

### Compensation Should Be Allowed

18. The foregoing services in the total amount of $127,961.50 provided by Saul Ewing on behalf of the Committee during the Application Period were reasonable, necessary, and appropriate to the administration of the Chapter 11 Cases.

13

19. The attorneys who worked on these cases during the Application Period have various levels and areas of expertise. Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases.

20. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21. The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Saul Ewing submits that the compensation sought is reasonable.

22. Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

23. Saul Ewing has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with the such requirements.

## Notice

24. Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

25. No prior request for the relief sought by this Application has been made to this or any other court.

[remainder of page left intentionally blank]

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $127,961.50 (80% of which is $102,369.20) for legal services rendered on behalf of the Committee during the Application Period, together with reimbursement of disbursements in the amount of $1,124.09; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 29, 2024

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:    (302) 421-6898
Email:        luke.murley@saul.com

*Counsel for the Official Committee of Unsecured Creditors*