# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. 269** |

## NOTICE OF REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on May 17, 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. 269] (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

such other date as the Debtors and the counterparty or counterparties to any such Contract agree. If any such Contract is an unexpired lease of non-residential real property (a "Lease"), the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts or the abandonment of any personal property remaining in the premises of any unexpired lease of non-residential real property, must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:  (a) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger; (b) counsel to the Debtors (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (ii) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; (iii) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, and (iv) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg; (c) the applicable Rejection Counterparty to the extent an objection is filed by a party other than the Rejection Counterparty; (d) the United States Trustee, 844 King Street, Suite 2207,

Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne (John.Schanne@usdoj.gov); (e) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors (i) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn.: Randall Klein (Randall.Klein@goldbergkohn.com), Dimitri G. Karcazes (Dimitri.Karcazes@goldbergkohn.com), Keith G. Radner (Keith.Radner@goldbergkohn.com), and Eva D. Gadzheva (Eva.Gadzheva@goldbergkohn.com), and (ii) Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn.: John H. Knight (Knight@RLF.com), Paul N. Heath (heath@RLF.com), and Alexander R. Steiger (Steiger@RLF.com); (f) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors (i) Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn.: Stephen L. Iacovo (stephen.iacovo@ropesgray.com), and (ii) Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn.: Mark L. Desgrosseilliers (desgross@chipmanbrown.com); and (g) counsel to the Committee, (i) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com); and (ii) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com).  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract (other than to the rejection of a Lease) shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the

counterparty or counterparties to such Contract agree.[3]  If the Contract is a Lease, the Debtors shall

file a Rejection Order under a certificate of no objection.  The rejection of each Lease shall become

effective on the applicable Rejection Date set forth in **Schedule 2** or such other date to which the

Debtors and the counterparty or counterparties to such Lease agree.

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall schedule a hearing to

consider the objection for the Contract or Contracts to which such objection relates.  If such

objection is overruled or withdrawn, such Contract or Contracts will only be deemed rejected upon

the entry of a form of Rejection Order resolving the objection as between the Debtors and the

applicable objecting party and/or Rejection Counterparty, unless the Debtors and the applicable

Rejection Counterparty agree otherwise; or as otherwise ordered by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures

Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or

other arrangement, the Contract counterparty may not set off or recoup or otherwise use such

monies without further order of the Court, unless the Debtors and the counterparty or

counterparties to such Contracts otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal

property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed

abandoned as of the Rejection Date.  With respect to Leases, on the Rejection Date landlords may,

without further order of the Court, utilize and/or dispose of such property without notice or liability

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

to the Debtors or consenting third parties other than the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders and, to the extent applicable, the automatic stay will be modified to allow such use and/or disposition; *provided* that unless the DIP Agent, DIP Lenders, ABL Agent, ABL Lenders, or FILO Lenders file an objection to the release of their interests (if any) in, or liens on (if any), such property no later than the Rejection Date, the DIP Lenders, ABL Lenders, and FILO Lenders, as applicable, consent to the release of their interests (if any) in, and liens on (if any), such property, and any such interests and liens will be released.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) thirty (30) days after the later of (i) the Rejection Date, and (ii) the date of entry of the Rejection Order. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: July 31, 2024
Wilmington, Delaware

/s/ Michael W. Yurkewicz

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:     (302) 426-9193
Email:         dpacitti@klehr.com
               myurkewicz@klehr.com
               aradvanovich@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-3007
Facsimile:     (215) 568-6603
Email:         mbranzburg@klehr.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         joshua.sussberg@kirkland.com
               emily.geier@kirkland.com
               nicholas.adzima@kirkland.com

-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:         charles.sterrett@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 16** |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT OR ASSUME EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving the

Contract Procedures for rejecting or assuming executory contracts and unexpired leases, and

(b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    The following Rejection Procedures are approved in connection with rejecting Contracts:

    a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iv) the store number and address of the affected location, if applicable; (v) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (vi) if any such Contract is an unexpired lease of non-residential real property (a "Lease"), a description of any property to be abandoned at the leased premises, including any personal property, furniture, fixtures, and equipment (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; (vii) with respect to leased real property, any known third party having an interest in any Abandoned Property located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100, *provided, further*, if any such Contract is a lease, the Rejection Notice shall be accompanied by a proposed form of order (the "Rejection Order") approving the rejection of the Lease(s), which shall be substantially in the form of Schedule 3 to the Rejection Notice, and no Lease shall be deemed rejected absent entry of an applicable Rejection Order.

b. ***Service of the Rejection Notice***. The Debtors will cause each Rejection Notice to be served: (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of Delaware, Attn.: John Schanne (john.schanne@usdoj.gov); (B) the Debtors' 30 largest unsecured creditors (on a consolidated basis); (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) the Committee and counsel thereto; (E) the United States Attorney's Office for the District of Delaware; (F) the Internal Revenue Service; (G) the U.S. Securities and Exchange Commission; (H) the attorneys general in the states where the Debtors conduct their business operations; and (I) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c. ***Objection Procedures***. Parties objecting to a proposed rejection or to the abandonment of the Abandoned Property must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than ten (10) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"): (i) the Debtors, Express, Inc., One Express Drive, Columbus, Ohio 43230, Attn.: Laurel Krueger (lakrueger@express.com); (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (josh.sussberg@kirkland.com); Emily E. Geier, P.C. (emily.geier@kirkland.com); Nicholas M. Adzima (nicholas.adzima@kirkland.com); and Kirkland & Ellis, LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Charles B. Sterrett (charles.sterrett@kirkland.com); (iii) proposed co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti (dpacitti@klehr.com), Michael W. Yurkewicz (myurkewicz@klehr.com), and Alyssa M. Radovanovich (aradvanovich@klehr.com), and Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg (mbranzburg@klehr.com); (iv) the applicable Rejection Counterparty to the extent an objection is filed by a party other than the Rejection Counterparty; (v) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne (john.schanne@usdoj.gov); (vi) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition

---

[3] An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

lenders of the Debtors, Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn.: Randall Klein (Randall.Klein@goldbergkohn.com), Dimitri G. Karcazes (Dimitri.Karcazes@goldbergkohn.com), Keith G. Radner (Keith.Radner@goldbergkohn.com), and Eva D. Gadzheva (Eva.Gadzheva@goldbergkohn.com); and Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn.: John H. Knight (Knight@RLF.com), Paul N. Heath (heath@RLF.com), and Alexander R. Steiger (Steiger@RLF.com); (vii) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn.: Stephen L. Iacovo (steven.iacovo@ropesgray.com); and Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801, Attn.: Mark L. Desgrosseilliers (desgross@chipmanbrown.com); (viii) proposed counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com); and (ix) proposed co-counsel to the Committee, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com).

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed (other than to the rejection of a Lease), each Contract listed in the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided*, *however*, if the Contract is a Lease, the Debtors shall submit the Rejection Order to the Court under a certificate of no objection authorizing the rejection of each such Lease listed in the applicable Rejection Notice to be rejected as of the later of (i) the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty may agree; and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a Lease rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors file and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable

Rejection Counterparty and the other Objection Service Parties. For the avoidance of doubt, such Contract will only be deemed rejected upon the entry of a form of Rejection Order resolving the objection as between the Debtors and the applicable objecting party and/or Rejection Counterparty; unless the Debtors and the applicable Rejection Counterparty agree otherwise; or as otherwise ordered by the Court.

f.   ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties with notice of the removal of any Contract from the Rejection Notice within two (2) business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice following the Rejection Date listed on the Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turn over keys, key codes, and security codes, if any, to the affected landlord or (b) notify the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

g.   ***No Application of Security Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.   ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease. The Debtors shall generally describe the Abandoned Property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all Abandoned Property located on the Debtors' leased premises on the Rejection Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The rights, claims, and remedies, if any, of all persons other than the Debtors and their estates with respect to the Abandoned Property under applicable law are hereby preserved; *provided* that the landlords may, without further order of this Court, utilize and/or dispose of the Abandoned Property without notice or liability to the Debtors or consenting third parties other than the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders and, to the extent applicable, the automatic stay is modified to allow such use and/or disposition; *provided further*, that unless the DIP Agent, DIP Lenders, ABL Agent, ABL Lenders, or FILO Lenders file an objection to the release of their interests (if any) in, or liens on (if any), the Abandoned

Property no later than the Rejection Date, the DIP Lenders, ABL Lenders, and FILO Lenders, as applicable, consent to the release of their interests (if any) in, and liens on (if any), the Abandoned Property, and any such interests and liens are hereby released; *provided further*, that the Debtors shall provide the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders, and any other party reasonably known by the Debtors to have a material interest in any Abandoned Property, with three (3) days' advance written notice (or such other time as commercially practicable), which notice may be via e-mail to counsel of the DIP Agents, DIP Lenders, ABL Agent, ABL Lenders, and FILO Lenders, of filing a Rejection Notice that contains leases of non-residential real property and a general description of any Abandoned Property the Debtors expect to abandon in connection with such rejected leases.

i.      ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the applicable Rejection Date, and (B) the date of entry of any Rejection Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.      The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.      ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (vi) the effective date of the assumption for each such Contract (the "Assumption Date"); (vii) the proposed cure amount, if any for each such Contract; (viii) a description of any material amendments to the Contract made outside of the ordinary course of business as consented to in writing with the applicable Assumption Counterparty; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100.  If any such Contract is a Lease, the Assumption Notice shall be accompanied by a proposed form of order (the "Assumption Order") approving the assumption or assumption and

6

assignment of the Lease(s), which shall be substantially in the form of Schedule 3 to the Assumption Notice, and no Lease shall be deemed assumed absent entry of an applicable Assumption Order.

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume or assume and assign a Lease, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Lease Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Lease (and upon the Lease Assumption Counterparties' counsel, if known, by electronic mail).

c.   ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.   ***No Objection***.  If no objection to the assumption of any Contract is timely filed, (other than to the assumption or assumption and assignment of a Lease), each Contract listed in the applicable Assumption Notice shall be deemed assumed or assumed and assigned, as applicable, as of the applicable Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty may agree; *provided, however*, if the Contract is a Lease, the Debtors shall submit the Assumption Order to the Court under a certificate of no objection authorizing the assumption of each Lease, which shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties may agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* that the

---

[4]   The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Assumption Date for a Lease shall not occur earlier than the date the Debtors file and serve the applicable Assumption Notice.

e. ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  For the avoidance of doubt, such Contract will only be deemed assumed or assumed and assigned upon the entry of an Assumption Order, unless otherwise agreed as between the Debtors and the applicable Assumption Counterparty.  If such objection is overruled or withdrawn, such Contract shall be assumed as of the date of the Assumption Order, or such other date to which the Debtors, the applicable objecting party or applicable assignee and/or Assumption Counterparty have agreed; or as otherwise ordered by the Court.

f. ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

5.    The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

6.    Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

7.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365

8

of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

9.      To the extent that the Debtors propose to abandon any personal property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such personal property before such abandonment.

10.     The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any non-residential real property subject to a rejected Contract as, and to the extent they are, required to do so by applicable law.

11.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

9

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12.    Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

13.    Notice of the Motion as provided therein constitutes good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 17th, 2024**
**Wilmington, Delaware**

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

## Schedule 2

**Rejected Contracts**

**Leases to be Rejected**

| Store Number | Counterparty Name | Counterparty Address | Contract Description | Store Address | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| 140 | Country Club Place JV, L.L.C. | 200 East Long Lake Rd, Suite 300, Bloomfield Hills, Michigan 48304 | Lease Agreement for premises | 429 Nichols Rd., Kansas City, MO 64112 | Fixtures, shelving, equipment, and personal property remaining on the premises | 7/31/2024 |
| 105 | E3 Realty MA Advisors, LLC | 110 N. Pacific Coast Highway, Suite 1925, El Segundo, CA 90245 | Lease Agreement for premises | 580 Donald Lynch Blvd., Marlborough, MA 01752 | Fixtures, shelving, equipment, and personal property remaining on the premises | 7/31/2024 |

**Contract to be Rejected**

| Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Contract Details | Rejection Date |
|---|---|---|---|---|---|
| Netjets Aviation, Inc. Netjets Sales, Inc. NetJets Services, Inc. | 4111 Bridgeway Ave., Columbus, Ohio 43219 | Express, LLC | 9/28/21 Fractional Program Lease Agreement | Lease for aircraft #N786QS | 4/22/2024 |

## <u>Schedule 3</u>

**Proposed Contract Rejection Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING
## THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Contract Procedures Order.

2

venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.    The Contracts set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; provided, however, if any such Contract is an unexpired lease of non-residential real property (a "Lease"), the rejection effective date shall be the later of (a) the effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

2.    Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  The applicable Contract counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors

or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.     If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (i) the Rejection Date, and (ii) the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.     Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6.      Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Rejected Contracts**

**Leases to be Rejected**

| Store Number | Counterparty Name | Counterparty Address | Contract Description | Store Address | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| 140 | Country Club Place JV, L.L.C. | 200 East Long Lake Rd, Suite 300, Bloomfield Hills, Michigan 48304 | Lease Agreement for premises | 429 Nichols Rd., Kansas City, MO 64112 | Fixtures, shelving, equipment, and personal property remaining on the premises | 7/31/2024 |
| 105 | E3 Realty MA Advisors, LLC | 110 N. Pacific Coast Highway, Suite 1925, El Segundo, CA 90245 | Lease Agreement for premises | 580 Donald Lynch Blvd., Marlborough, MA 01752 | Fixtures, shelving, equipment, and personal property remaining on the premises | 7/31/2024 |

**Contract to be Rejected**

| Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Contract Details | Rejection Date |
|---|---|---|---|---|---|
| Netjets Aviation, Inc. Netjets Sales, Inc. NetJets Services, Inc. | 4111 Bridgeway Ave., Columbus, Ohio 43219 | Express, LLC | 9/28/21 Fractional Program Lease Agreement | Lease for aircraft #N786QS | 4/22/2024 |