**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF
AN ORDER (I) EXTENDING THE TIME WITHIN WHICH
THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion.[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") through and including November 18, 2024, and (b) granting related relief. The Debtors seek this relief without prejudice to their rights to seek further extensions of the time to assume or reject the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration, the Sale Order, or the Asset Purchase Agreement (each as defined herein).

Unexpired Leases as contemplated under section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-2.

## Background

5. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 23, 2024, the Court entered an order [Docket No. 67] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On May 3, 2024, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee").

6. On May 17, 2024, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 269] (the "Assumption and Rejection Procedures Order"). The Debtors have filed *Notice*[*s*] *of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket Nos. 271, 480, 486, 522, 674] (collectively, the "Lease Rejection Notices"), which contained schedules of certain of their Unexpired Leases to be rejected. The Court entered the *Order*[*s*] *Authorizing the Debtors to Reject Certain Unexpired Leases* [Docket Nos. 386, 564, 565], which approved the rejection of certain of the Unexpired Leases contemplated by the Lease Rejection Notices.

7. The Debtors have filed *Notice*[*s*] *of Assumption of Certain Executory Contracts and Unexpired Leases* [Docket Nos. 446–50, 526, 527] (collectively, the "Lease Assumption Notices"), which contained schedules of certain of their Unexpired Leases to be assumed or assumed and assigned. The Court has entered the *Order*[*s*] *Authorizing the Debtors to Assume Certain Unexpired Leases* [Docket Nos. 552–58, 589, 590, 593, 595, 596, 609, 611–14, 622, 631, 632, 669, 670], which approved the assumption or assumption and assignment of the Unexpired Leases contemplated by the Lease Assumption Notices.

8. On June 14, 2024, the court entered the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code;*

*(IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 471] (the "Sale Order"), which approved the going-concern sale of the Acquired Assets and Assumed Liabilities to the Purchasers pursuant to the Asset Purchase Agreement.³ The sale formally closed on June 21, 2024 [Docket No. 535], and the Debtors are working expeditiously with the Purchaser regarding post-closing mechanics and adjustments, including with respect to any Unexpired Lease that has not already otherwise been assumed or rejected. Pursuant to the Sale Order and the Asset Purchase Agreement, the Purchasers maintain certain rights to modify the list of assigned contracts after entry of the Sale Order up to the end of the applicable Designation Rights Period. See Sale Order, ¶ 28; *provided* that under Section 1.7(b) of the Purchase Agreement, any lease listed on the schedules to the Purchase Agreement as a lease to be assigned cannot subsequently be removed from such list of assigned leases.

9. On July 31, 2024, the Debtors filed the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as amended, modified, and supplemented from time to time, the "Plan") and the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690].

### The Unexpired Leases

10. As of the Petition Date the Debtors were party to approximately 584 Unexpired Leases related to premises that the Debtors lease for, among other things, retail store space, warehouses, distribution centers, and corporate office space. As set forth in the Sale Declarations,⁴

---

3   "Acquired Assets," "Assumed Liabilities," "Asset Purchase Agreement," "Purchasers," and "Designation Rights Period" have the meanings ascribed to them in the Sale Order.

4   "Sale Declarations" means the *Declaration of Mark Still in Support of Entry of an Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket No. 457], *Declaration of Adam Keil in Support of of* [sic] *the Order*

the Debtors are working with the Purchasers regarding the anticipated scope of go-forward operations, including the Debtors' real estate footprint. The Debtors' decision to assume or reject any particular Unexpired Lease—of which there are many—depends on a number of factors, including an assessment as to whether the Debtors' business generates a profit (or could generate a profit) at any location, whether the terms of such Unexpired Leases are commensurate with the local market, and the remaining obligations under each Unexpired Lease.

11. Section 365(d)(4)(A) of the Bankruptcy Code provides that a debtor is deemed to reject nonresidential real property leases to which it is a party unless the debtor assumes the lease by the earlier of 120 days from the petition date or the date on which the bankruptcy court confirms a plan of reorganization. 11 U.S.C. § 365(d)(4)(A). However, section 365(d)(4)(B)(i) of the Bankruptcy Code provides that "[t]he court may extend the [120-day] period . . . prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." *Id* at § 365(d)(4)(B)(i). Here, that 120-day period will expire on August 20, 2024 (the first business day that is 120 days after the Petition Date, as calculated in accordance with Bankruptcy Rule 9006(a)) (the "<u>365(d)(4) Deadline</u>").[5] While the Debtors, the Purchasers, and each of their

---

*(I)Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (II)* [sic] *Granting Related Relief* [Docket No. 458], and the *Declaration Of Kunal S. Kamlani in Support of the Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (II)* [sic] *Granting Related Relief* [Docket No. 459].

[5] The Debtors note that they have filed this motion prior to the expiration of the current section 365(d)(4) Deadline. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of the bridge order." Accordingly, Local Rule 9006-2 automatically extends the time within which the Debtors may assume or reject the Unexpired Leases pending the Court's hearing to consider the relief requested by this motion.

advisors have worked diligently to collect and organize the information necessary to evaluate the Unexpired Leases, the Debtors' pressing operational initiatives have demanded the attention of the Debtors' management team and office employee base.

12. Additionally, the Debtors commenced these cases with a dual-tracked going-concern sale / liquidation strategy, which implied a large number of potential strategies for their lease portfolio, with the optimal strategy being heavily influenced by the ultimate transactions to be consummated in these chapter 11 cases.  Following entry of the Sale Order and the sale closing, the Debtors have consummated the going-concern sale and continue to engage with lease counterparties in relation to the disposition of their respective leases, which is being done in conjunction with the Purchasers.  In the event that a particular Unexpired Lease has not been assumed prior to the effective date of the Plan, the Debtors anticipate that such Unexpired Lease will be rejected pursuant to the Plan.  As demonstrated by the Assumption and Rejection Procedures Order, the Lease Rejection Notices, and the Lease Assumption Notices, the Debtors have not simply sat idly by.  Rather, the Lease Rejection Notices and the Lease Assumption Notices contemplate disposition of the vast majority of the Debtors' approximately 584 Unexpired Leases as of the Petition Date.  The Debtors and the Purchasers simply need additional time to evaluate the remainder of their portfolio of Unexpired Leases.  Accordingly, the Debtors request an extension of the 365(d)(4) Deadline and will use the extension to continue to evaluate the Unexpired Leases on an individual basis, while diligently effectuating an expeditious emergence from these chapter 11 cases.

13. Accordingly, the Debtors seek an extension of the 365(d)(4) Deadline by an additional 90 days to November 18, 2024.

**Basis for Relief**

14. Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 120 days after the petition date or before plan confirmation, whichever is earlier. A bankruptcy court may extend the period for 90 days on the motion of the debtor or lessor for cause. *See* 11 U.S.C. § 365(d)(4)(B). "Cause," as used in section 365(d)(4), is not defined by the Bankruptcy Code. Among other things, courts consider the following non-exhaustive factors in evaluating whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:

    (a)    whether the lease is an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

    (b)    whether the case is complex and involves large numbers of leases;

    (c)    whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization; or

    (d)    the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987). *See also S. St. Seaport L.P. v. Burger Boys Inc. (In re Burger Boys Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtor's case, the number of leases the debtor must evaluate, and the need for judicial determination of whether a lease exists); *Channel Home Ctrs., Inc.*, 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.").

15. Courts in this district have recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code. *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*,

2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Ctrs.*, 1997 WL 538785 (D. Del. Aug. 13, 1997). As the Third Circuit has stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs., Inc.*, 989 F.2d at 689. *See also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n. 5 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

16. Here, the factors courts analyze in deciding whether "cause" exists under section 365(d)(4) of the Bankruptcy Code weigh in favor of granting the Debtors' request for a ninety-day extension. ***First***, each of the Unexpired Leases is an important asset of the Debtors' estates. The Debtors are negotiating the Plan and anticipate obtaining confirmation of the Plan shortly after the initial deadline set forth in section 365(d)(4). A key part of the sale is the ability for the Purchasers to right-size the Debtors' lease portfolio. The Debtors' Unexpired Leases represent key operational and administrative assets, and the decisions whether to assume or reject such Unexpired Leases are central to the Debtors' chapter 11 process. Therefore, the Unexpired Leases are important assets of the Debtors' business. The requested ninety-day extension will enable the Debtors and the Purchasers to make a fully informed decision regarding these vital elements of their business operations.

17. ***Second***, these chapter 11 cases are complex, and the Debtors are party to a number of Unexpired Leases that are a component of the Debtors' estates. Since the Petition Date, the Debtors also have been involved in numerous complicated matters critical to their sale efforts, including completing their marketing process, obtaining entry of the Sale Order, and working tirelessly to consummate the going-concern sale transaction with the Purchasers. Beyond the

complexities of operating their business, the Debtors continue to face the challenges that contributed to the commencement of these chapter 11 cases. Considering the numerous tasks the Debtors have undertaken thus far during these chapter 11 cases, and continue to undertake, and the Debtors' need to evaluate all strategic alternatives and potential alternatives, extending the 365(d)(4) Deadline by ninety days is appropriate.

18.     *Third*, the Debtors and Purchasers have not had sufficient time to assess all of their go-forward leases. The Sale closed approximately five weeks ago. Accordingly, the Debtors and the Purchasers have had insufficient time to assess their unexpired leases. Furthermore, the Debtors continue to make progress in their overall chapter 11 efforts and plan process. Notwithstanding these efforts, the analysis of which Unexpired Leases the Debtors will assume or reject remains ongoing and is subject to, among other things, confirmation and consummation of the Plan. To require the Debtors to complete that analysis by the 365(d)(4) Deadline on August 20, 2024, would create an unnecessary and inflexible time constraint on the Debtors, the Purchasers, and their other stakeholders, counter the Debtors' restructuring efforts.

19.     The ninety-day extension requested herein is also consistent with the extensions granted by courts in this district under similar circumstances. *See, e.g.*, *In re Mist Holdings, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. May 28, 2024) (granting the debtor an extension of time to accept or reject unexpired leases of nonresidential real property); *In re MVK FarmCo LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Feb. 6, 2024); *In re Yellow Corporation,* No. 23-11069 (CTG) (Bankr. D. Del. Nov. 13, 2023) (same); *In re PGX Holdings, Inc.* No. 23-10718 (CTG) (Bankr. D. Del. Sept. 13, 2023) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del.

June 4, 2020) (same); *In re Dura Auto. Sys., LLC*, No. 19-12378 (KBO) (Bankr. D. Del. Feb. 26, 2020) (same).[6] Similar relief is warranted in these chapter 11 cases.

### Reservation of Rights

20. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates;(g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) an extension of the Designation Rights Period under the Purchase Agreement and Sale Order.

---

[6] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

## Notice

21.    The Debtors will provide notice of this motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsel thereto; (i) the ABL Lenders and counsel thereto; (j) the FILO Agent and counsel thereto; (k) counterparties to Unexpired Leases; (l) all parties the Debtors reasonably believe constitute counterparties to Unexpired Leases; (m) the Committee and counsel thereto; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated:  August 2, 2024
Wilmington, Delaware

/s/  *Michael W. Yurkewicz*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone:   (302) 426-1189 | New York, New York 10022 |
| Facsimile:   (302) 426-9193 | Telephone:   (212) 446-4800 |
| Email:   dpacitti@klehr.com | Facsimile:   (212) 446-4900 |
|   myurkewicz@klehr.com | Email:   joshua.sussberg@kirkland.com |
|   aradvanovich@klehr.com |   emily.geier@kirkland.com |
| |   nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone:   (215) 569-3007 | Telephone:   (312) 862-2000 |
| Facsimile:   (215) 568-6603 | Facsimile:   (312) 862-2200 |
| Email:   mbranzburg@klehr.com | Email:   charles.sterrett@kirkland.com |
| *Co-Counsel for the Debtors and Debtors in Possession* | *Co-Counsel for the Debtors and Debtors in Possession* |