# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | Re:  Docket No. ―**649** |

**ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT
ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF
THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) extending the Debtors' Filing Exclusivity Period through and including November 18, 2024, and the Debtors' Solicitation Exclusivity Period through and including January 20, 2025, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and with the official committee of unsecured creditors (the "Committee") having filed its objection to the Motion (the "Objection") and cross-motion to terminate exclusivity (the "Cross-Motion"); and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion ~~and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing")~~; and this Court having determined that the legal and factual bases set forth in the Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein <ins>and is otherwise adjourned until a later date</ins>.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including ~~November 18, 2024.~~<ins>the earlier of (a) a hearing on the Motion; or (b) September 15, 2024; *provided* that any hearing regarding the Debtors' disclosure statement motion shall be heard no later than the earlier of (a) the date that is two weeks following the date of a hearing on the Motion or (b) September 16, 2024 unless agreed to between the Debtors and the Committee.</ins>

3. The Cross-Motion shall be heard at the same hearing as the Motion. The foregoing agreement between the Committee and the Debtors as to scheduling is without prejudice to the Committee's Objection or Cross-Motion.

4. ~~3.~~ Pursuant to section 1121(d) of the Bankruptcy Code, the Solicitation Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through ~~and including January 20, 2025~~ the date that is sixty (60) calendar days following the outer date of the Filing Exclusivity Period as established by paragraph 2 of this Order.

5. The Debtors and the Committee shall agree to engage in good faith on the terms of the information sharing and protocol with respect to the Debtors' disinterested director's investigation of any claims and causes of action.

6. ~~4.~~ Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code or any party's rights to oppose such request.

7. ~~5.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. ~~6.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.