# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |

**SECOND MONTHLY FEE APPLICATION OF KPMG LLP PROVIDING TAX COMPLIANCE AND TAX CONSULTING SERVICES TO THE DEBTORS REQUESTING ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2024 THROUGH JULY 31, 2024**

| | |
|---|---|
| Name of Applicant: | KPMG LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | April 22, 2024 *Effective as of* June 21, 2024 |
| Period for which compensation and reimbursement is sought: | July 1, 2024 through July 31, 2024 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $    8,936.40 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $    0.00 |

This is a: __X__ Monthly _____ Interim _____ Final Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

**Prior Fee Applications Filed:**

| | | | | Prior Monthly Fee Statements Filed | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Total | | Requested | | |
| Month | Period Covered | Date Filed | Docket Number | Fees (@100%) | Expenses (@100%) | Fees (@80%) | Expenses (@100%) | Total Holdback Fees Requested: (@20%) |
| 1 | 4/22/24 - 6/30/24 | 08/09/24 | 710 | $ 20,883.90 | $ - | $16,707.12 | $ - | $ 4,176.78 |
| | Total | | | $ 20,883.90 | $ - | $16,707.12 | $ - | $ 4,176.78 |

## COMPENSATION BY PROFESSIONAL

| Professional Person | Position & Department | Total Hours Billed | Hourly Billing Rate | Total Compensation |
|---|---|---|---|---|
| Aaron Vaughan | Managing Director, Washington National Tax | 0.6 | $ 951 | $ 570.60 |
| Annika Erickson | Associate, Tax | 7.8 | $ 318 | $ 2,480.40 |
| Celeste Campbell | Manager, Bankruptcy | 1.8 | $ 255 | $ 459.00 |
| Chloe Boustany | Senior Associate, Tax | 5.7 | $ 426 | $ 2,428.20 |
| Danny Lall | Senior Manager, Tax | 1.0 | $ 756 | $ 756.00 |
| Jessica Slean | Managing Director, Tax | 1.0 | $ 816 | $ 816.00 |
| Shane Vandenberg | Senior Manager, Washington National Tax | 0.7 | $ 801 | $ 560.70 |
| Teresa Williams | Associate, Bankruptcy | 3.7 | $ 180 | $ 666.00 |
| Wendy Shaffer | Associate Director, Bankruptcy | 0.7 | $ 285 | $ 199.50 |
| **Hours and Fees at Discounted Rates** | | **23.0** | | **$ 8,936.40** |
| **Total Discounted Fees** | | | | **$ 8,936.40** |
| Out of Pocket Expenses | | | | $ - |
| **Total Fees & Out of Pocket Expenses** | | | | **$ 8,936.40** |
| Less Holdback Adjustment (20%) | | | | $ (1,787.28) |
| **Net Requested Fees & Out of Pocket Expenses** | | | | **$ 7,149.12** |
| **Blended Rate** | | | **$ 388.54** | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours Billed | Total Fees Requested |
|---|---:|---:|
| Research Credit Services | 15.5 | $ 6,480.60 |
| Retention Services | 0.7 | $ 199.50 |
| Fee Application Preparation Services | 5.5 | $ 1,125.00 |
| Tax Examination Assistance Services | 1.3 | $ 1,131.30 |
| **Total** | **23.0** | **$ 8,936.40** |

## EXPENSE SUMMARY

| Service Description | Amount |
|---|---:|
| Airfare | $ - |
| Lodging | $ - |
| Meals | $ - |
| Ground Transportation | $ - |
| Miscellaneous | $ - |
| **Total** | **$ -** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |

**SECOND MONTHLY FEE APPLICATION OF KPMG LLP PROVIDING TAX AND TAX CONSULTING SERVICES TO THE DEBTORS REQUESTING ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF JULY 1, 2024 THROUGH JULY 31, 2024**

KPMG LLP[2], ("KPMG") as tax compliance and tax consulting service providers to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") files this Second Monthly Fee Application (the "Application")[3], pursuant to section 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules (the "Local Rules") of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Court") and this *Court's Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief, dated May 14, 2024 (the "Interim* Compensation Order") [Docket No. 223]. By this Application, KPMG seeks the allowance of compensation for professional services performed and actual and necessary expenses incurred by KPMG for the period from July 1, 2024 through

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[3]   Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

and including July 31, 2024 (the "Compensation Period"), in the amount of $8,936.40 (80% of which is $ $7,149.12 and respectfully represents:

### Background

1. On April 22, 2024 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code. On May 23, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 127]. No trustee or examiner has been appointed in this chapter 11 Case to date.

2. On June 3, 2024 the Debtors filed an *Application of the Debtors for an Entry of an Order (I), Authorizing the Debtors to Retain and Employ KPMG LLP to Provide Tax Compliance and Tax Consulting Services effective as of April 22, 2024, and (II) Waiving the Information Requirements of Local Rule 2016-2(d)* (the "Retention Application") [Docket No. 355] and in support of the Retention Application, the Debtors submitted the Declaration of Brian C. Campbell (the "Campbell Declaration").

3. By this Court's Order, dated June 21, 2024 [Docket No. 501] (the "Retention Order"), the Debtors were authorized to retain KPMG to provide Tax Compliance and Tax Consulting Services effective as of April 22, 2024. The Retention Order authorizes the Debtors to compensate KPMG in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were fixed by order of the Court.

4.  Pursuant to paragraph 10 of the Retention Application and paragraph 7 of the Retention Order, KPMG may enter into additional engagement letter(s) and may file such engagement letters with the Court. The Debtors have entered into Additional Agreements with KPMG, pursuant to the terms of the Retention Order, as filed on June 14, 2024 [D. I. 468].

### Jurisdiction

5.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### Summary of Application

6.  During the Compensation Period, KPMG performed the services for which it is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any committee, creditor, or other person. By this Application, KPMG requests allowance of monthly compensation of professional fees totaling $8,936.40, and payable in accordance with the Interim Compensation Order at eighty percent (80%) of fees or $7,149.12 and reimbursement of one hundred percent (100%) of necessary and actual out-of-pocket expenses in the amount of $0.00.

### Summary of Services Rendered During the Compensation Period

7.  This Application is KPMG's Second Monthly Fee Application for compensation and expense reimbursement filed in this chapter 11 case. During the Compensation Period, KPMG provided significant professional services to the Debtor in their efforts to navigate their business through the chapter 11 process.

8.  Set forth below is a summary of the significant professional services that KPMG rendered to the Debtor during the Compensation Period and annexed hereto as Exhibit A is a chart depicting KPMG professionals who rendered these services.

## Tax Consulting Services

### Research Credit Services

KPMG continued providing Research Credit Services with regard to the FY23 tax year ("Credit Year") including:

a. Identifying and documenting qualified research activities and related expenditures;
b. Calculating and documenting the base amount, including required adjustments for acquisitions, dispositions, and the consistency rule; and
c. Calculating the federal and state credits for the Credit Year.

### Retention Services

Services included assisting with the preparation of a supplemental declaration that was filed with the Court.

### Fee Application Preparation

The billing procedures required by the US Trustee Guidelines differ from KPMG's normal billing procedures and as such, the Local Rules and the Interim Compensation Order entered in this case have required significant effort to inform the timekeepers of their responsibilities, compile the detailed time and expenses entries, begin preparation of the detailed and summary schedules of fees and expenses incurred, and begin drafting the schedules included in the monthly fee applications.

### Tax Examination and Other Internal Revenue Assistance Services

KPMG continued to assist the Debtors in their dealings with the IRS examination team and meeting with Debtors' team members as appropriate and necessary.

At the Debtors request, KPMG continued to assist the Debtors in preparing submissions in response to IRS inquiries.

9. During the Compensation Period, KPMG billed the Debtors for time expended by professionals based on hourly rates ranging from $180 to $951 per hour. The rates reflected in this Application represent up to a 55% discount from KPMG's standard rates. Of the aggregate time expended, 1.6 hours were expended by managing directors, 2.4 hours were expended by senior managers and associate directors, 1.8 hours were expended by managers and

17.2 hours were expended by senior associates and associates. KPMG's blended hourly rate services provided during the Compensation Period is $388.54.

10. In addition to Attachment B, a summary of the hours and fees incurred by professional, and category is annexed hereto as Exhibit A and Exhibit B, respectively, and described in detail in the time records annexed hereto as Exhibits C1 – C4. KPMG maintains contemporaneous records of the time expended for the professional services and expenses related hereto performed in connection with this chapter 11 case and such records are maintained in the ordinary course of business.

11. KPMG charges its fees in this case in accordance with the terms set forth in the Retention Application and the corresponding Campbell Declaration. The fees applied for herein are based on the usual and customary fees KPMG charges to its clients and are commensurate with the usual and customary rates charged for services performed.

12. KPMG respectfully submits that the amounts applied for herein for professional services rendered on behalf of the Debtor in this case to date are fair and reasonable given: (a) the time expended; (b) the nature and extent of the services performed at the time at which such services were rendered; (c) the value of such services; and (d) the costs of comparable services other than in this chapter 11 case.

13. The time and labor expended by KPMG during the Compensation Period has been commensurate with the size and complexity of this case. In rendering these services, KPMG has made every effort to maximize the benefit to the Debtor's estate, to work efficiently with the other professionals employed in this case, and to leverage staff appropriately in order to minimize duplication of effort.

14. During the Compensation Period, KPMG provided a focused range of professional services as requested by the Debtor. KPMG respectfully submits that these services: (a) were necessary and beneficial to the successful and prompt administration of this case; and (b) have been provided in a cost-efficient manner.

15. Except as set forth in the Retention Order, no promises concerning compensation have been made to KPMG by any firm, person, or entity.

**Summary of Actual and Necessary Expenses During the Compensation Period**

16. As set forth on Exhibit D, KPMG is not seeking reimbursement of actual and necessary expenses incurred by KPMG during the Compensation Period.

**Reservation**

To the extent that time for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, KPMG reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application. Furthermore, KPMG reserves the right to seek final approval of the fees and expenses requested herein.

**Conclusion**

WHEREFORE, KPMG respectfully requests that, pursuant to the Interim Compensation Order, KPMG is (i) allowed monthly compensation of professional fees totaling $8,936.40, and payable in accordance with the Interim Compensation Order at eighty percent (80%) of requested fees or $7,149.12; (ii) allowed reimbursement of expenses billed during the Compensation Period of $0.00; (iii) authorized to be paid its allowed fees and expenses for the Compensation Period; and (iv) granted such other and further relief as the Court may deem proper.

Dated: September 6, 2024

Respectfully submitted,   /s/ Brian C. Campbell
Brian C. Campbell, Partner
KPMG LLP
191 West Nationwide Blvd.
Suite 500
Columbus, Ohio 43215
(614) 249-1879

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXPRESS, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION PURSUANT TO RULE 2016-2 OF THE
LOCAL RULES OF BANKRUPTCY PROCEDURE FOR THE
UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

I, Brian C. Campbell, being duly sworn, deposes and says:

1. I am a Certified Public Accountant and a Partner of KPMG LLP ("KPMG"), a professional services firm.

2. By Order dated June 21, 2024, KPMG was retained to perform Tax Compliance and Tax Consulting Services for the above captioned debtor and debtor in possession (the "Debtors"). I submit this Declaration in conjunction with KPMG's application, dated August 20, 2024 (the "Application") for KPMG's second monthly fee application for compensation and allowance of expenses for the period July 1, 2024 through July 31, 2024.

3. I am thoroughly familiar with the work performed on behalf of the Debtor by the professionals of KPMG.

4. I have reviewed the foregoing Application and the facts set forth therein are true.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Rule 2016-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Delaware and submit that the Application substantially complies with such Rule.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 6th day of September, 2024.

*/s/ Brian C. Campbell*
Brian C. Campbell
KPMG LLP
191 West Nationwide Blvd.
Suite 500
Columbus, OH 43215
(614) 249 1879