# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** October 15, 2024 at 4:00 p.m. (ET)<br>**Hearing Date:** October 29, 2024 at 9:30 a.m. (ET) |

**SUMMARY COVER SHEET TO THE FIRST INTERIM FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 7, 2024 THROUGH JULY 31, 2024**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al.* |
| Period for which compensation and reimbursement is sought | *Start:* May 7, 2024<br>*End:* July 31, 2024 |
| Total compensation sought this period | $326,675.50 |
| Total expenses sought this period | $3,996.59 |
| Petition date | April 22, 2024 |
| Date of retention | May 7, 2024 |
| Date of order approving employment | June 25, 2024 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

52911989.3 09/24/2024

| | |
|---|---|
| Total allowed compensation paid to date | $201,770.40 |
| Total allowed expenses paid to date | $1,124.09 |
| Blended rate in this application for all attorneys | $497.77 |
| Blended rate in this application for all timekeepers | $487.72 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $201,770.40 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,124.09 |
| Number of professionals included in this application | 9 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 2 |
| If applicable, difference between fees budgeted and compensation sought for this period | Under Budget: $57,324.50 |
| Number of professionals billing fewer than 15 hours to the case during this period | 4 |
| Are rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

This is an: ___ monthly    **X** interim    ___ final application.

2

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 569 | 05/07/2024 through 05/31/2024 | $124,251.50 | $0.00 | $99,401.20 | $0.00 | $24,850.30 | 7/25/2024 D.I. 644 |
| 07/29/2024 D.I. 662 | 06/01/2024 through 06/30/2024 | $127,961.50 | $1,124.09 | $102,369.20 | $1,124.09 | $25,592.30 | 08/20/2024 D.I. 731 |
| 08/27/2024 D.I. 745 | 07/01/2024 through 07/31/2024 | $74,462.50 | $2,872.50 | $59,570.00 | $2,872.50 | $14,892.50 | 09/18/2024 D.I. 827 |
| | **TOTAL** | **$326,675.50** | **$3,996.59** | **$261,340.40** | **$3,996.59** | **$65,335.10** | |

52911989.3 09/24/2024

**SUMMARY OF BILLING BY TIMEKEEPER**
**FOR FIRST INTERIM FEE APPLICATION**

**For the Period May 7, 2024 through July 31, 2024**

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position at Saul Ewing | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Candice L. Kline | 2008 | Partner (2020) | Bankruptcy | $650 | 11.2 | $7,280.00 |
| Lucian B. Murley | 2005 | Partner (2018) | Bankruptcy | $645 | 254.3 | $164,023.50 |
| David Y. Sartorio | 2010 | Partner (2022) | Corporate | $560 | 43.4 | $24,304.00 |
| Allison L. Burdette | 2013 | Counsel (2024) | Litigation | $520 | 11.1 | $5,772.00 |
| Turner N. Falk | 2014 | Associate (2022) | Bankruptcy | $430 | 160.0 | $68,800.00 |
| Nicholas Smargiassi | 2023 | Associate (2023) | Bankruptcy | $300 | 158.0 | $47,400.00 |
| eDiscovery Consultant - EDC | N/A | Litigation Support | Litigation | $395 | 0.3 | $118.50 |
| eDiscovery Specialist – EDS | N/A | Litigation Support | Litigation | $285 | 1.7 | $484.50 |
| Robyn E. Warren | N/A | Paraprofessional | Bankruptcy | $285 | 29.8 | $8,493.00 |
| **TOTAL** | | | | | **669.8** | **$326,675.50** |

Attorney Compensation: $317,579.50

Total Attorney Hours: 638.0

Blended Hourly Rate for Attorneys: $497.77

Blended Hourly Rate for All Professionals: $487.72

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: October 15, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: October 29, 2024 at 9:30 a.m. (ET)** |

**FIRST INTERIM FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 7, 2024 THROUGH JULY 31, 2024**

Saul Ewing LLP ("**Saul Ewing**"), co-counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of EXP OldCo Winddown, Inc., Inc., *et al.* (the "**Debtors**"), hereby submits its first interim fee application (the "**First Interim Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period May 7, 2024 through July 31, 2024 (the "**Application Period**").

## INTRODUCTION

1. On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

2. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

3. On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

4. On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases. Pursuant to the Interim Compensation Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in this case. In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee applications by professionals appointed in this case and payment by the Debtors of 80% of fees and 100% of expenses, in the absence of an objection made within twenty-one (21) days of service of the pertinent application.

## RETENTION OF SAUL EWING

5. On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

**PROFESSIONAL SERVICES RENDERED**

6.Pursuant to the Interim Compensation Order, Saul Ewing submits this First Interim Fee Application, seeking interim approval and allowance of compensation in the amount of $326,675.50, and actual and necessary expenses in the amount of $3,996.59 incurred during the interim period from May 7, 2024 through July 31, 2024.

**ADDITIONAL DISCLOSURES AND REPRESENTATIONS**

7.Saul Ewing's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Saul Ewing's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Saul Ewing's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Bankruptcy and Restructuring section, for the prior calendar year were as set forth on the attached **Exhibit A**.

8.Saul Ewing's summary of compensation requested by project category for the Application Period is set forth on the attached **Exhibit B**.

9.Saul Ewing's summary of expense reimbursement requested by category for the Application Period is set forth on the attached **Exhibit C**.

10.Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amount that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients.

In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

11. Saul Ewing's budgets and staffing plans for the Application Period are set forth on the attached **Exhibit D**.

12. To the best of Saul Ewing's knowledge, this First Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Del. Bankr. L.R. 2016-2, the Interim Compensation Order, and the UST's *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

13. During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

14. None of the professionals included in this First Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

15. This First Interim Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

16. This First Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

17. In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the

sharing of compensation received or to be received for services rendered in or in connection with this case.

18. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

19. Notice of this First Interim Fee Application has been provided in accordance with the Interim Compensation Order. Saul Ewing submits that no other or further notice need be provided.

20. Saul Ewing reserves all rights and claims. Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

*[remainder of page left intentionally blank]*

**WHEREFORE**, Saul Ewing respectfully requests that the Court enter an Order (i) granting the First Interim Fee Application and authorizing interim allowance of compensation in the amount of $326,675.50 for professional services rendered on behalf of the Committee and reimbursement for actual and necessary expenses in the amount of $3,996.59; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 24, 2024

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:   (302) 421-6898
Email:          luke.murley@saul.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

## CERTIFICATION OF LUCIAN B. MURLEY

I, Lucian B. Murley, declare under the penalties of perjury that:

1. I am a Partner in the firm of Saul Ewing LLP ("**Saul Ewing**"), which serves as co-counsel to the Official Committee of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al*. (the "**Committee**").

2. I am familiar with the work performed by Saul Ewing on behalf of the Committee.

3. I have read the foregoing First Interim Fee Application of Saul Ewing and the facts set forth therein are true and correct, to the best of my knowledge, information and belief.

4. I hereby certify that the Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Del. Bankr. L.R. 2016-2. I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Application, Saul Ewing made a reasonable effort to comply with the Revised UST Guidelines.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

5. Pursuant to the Appendix B in the Revised UST Guidelines, Saul Ewing responds to the following questions regarding the Application:

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | Saul Ewing prepared budgets and staffing plans for the period from May 7, 2024 through July 31, 2024 which has been provided to the Committee and is attached as Exhibit D to the Application. Additionally, Saul Ewing provided regular fee estimates to the Debtors and DIP Lenders under the DIP order. For the Compensation Period, Saul Ewing is not seeking fees that exceed the amounts budgeted for that period by 10% or more. | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |

2

52911989.3 09/24/2024

3

| | | |
|---|---|---|
| If the fee application includes any rate increases since retention:<br><br>i. Did your client review and approve those rate increases in advance?<br><br>ii. Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | No | |

                                                            */s/ Lucian B. Murley*
                                                           LUCIAN B. MURLEY

Dated:  September 24, 2024

52911989.3 09/24/2024