HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

Attorneys for Creditor DEBORAH YORHLING

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------------X

In re:                                                                          Case No. 24-10831

EXPRESS, INC.                                                          Chapter 11

                                Debtor                    Hon. Karen B. Owens

------------------------------------------------------------------X

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that DEBORAH YOHRLING, by and through her attorneys, Hach & Rose, LLP, will move before the Honorable Karen B. Owens, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 844 North King St Unit 18, Wilmington, DE 19801-3570, on September 27, 2024 at 9:30 a.m. or as soon thereafter as counsel can be heard, for an Order granting DEBORAH YOHRLING relief from the automatic stay.

PLEASE TAKE FURTHER NOTICE, that any responses or objections to the Motion must be made in writing, shall confirm to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served upon (1) Klehr Harrison Harvey Branzburg, LLP, 919 North Market Street, Ste. 1000, Wilmington, DE 19801; (2) Kirkland & Ellis, LLP, 601 Lexington Avenue, New York, NY 10022 (3) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, DE 19801; and (4) Vaughan Baio & Partners, 457 Haddonfield Road, Ste. 230, Cherry

Hill, NJ 08002.

Dated:  New York, New York
      September 10, 2024

                              Yours, etc.,

                              John A. Blyth
                              HACH & ROSE, LLP
                              Attorneys for Plaintiff
                              112 Madison Avenue, 10th Floor
                              New York, New York 10016
                              Tel. 212 779-0057

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-------------------------------------------------------------------X

In re:                                                        Case No. 24-10831

EXPRESS, INC.                                                 Chapter 11

                                    Debtor        Hon. Karen B. Owens

-------------------------------------------------------------------X

## MOTION BY DEBORAH YOHRLING FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) AND NOTICE OF MOTION AND HEARING

DEBORAH YOHRLING (hereinafter referred to as "Movant"), by counsel and pursuant to 11 U.S.C. §362(d)(1), and the Federal Rules of Bankruptcy Procedure §§4001(a)(1), 9013 and 9014, and the local Bankruptcy Rules of this Court, hereby moves this Honorable Court before Hon. Karen B. Owens on 27th day of September, 2024 at 9:30 o'clock in the forenoon or as soon thereafter as counsel can be heard for relief from the automatic stay imposed by 11 U.S.C. §362(a) to permit the continuation of a lawsuit for claims brought for personal injury in the Superior Court of the State of New Jersey, County of Essex, against the Debtor, Express, Inc. and its related entities (herein referred to as "Debtor"), and in support of this motion, states as follows:

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a), 11 U.S.C. §362(d) and 11 U.S.C. §§701, *et seq.*

2.      This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G).

3.      On April 22, 2024, a voluntary Petition seeking an Order for Relief under Chapter 11 of the Bankruptcy Code was filed on behalf of Express, Inc., by their original attorney Klehr Harrison Harvey Branzburg, LLP, before this Honorable Court.

4.      Prior to the filing of the Creditors' Bankruptcy Petition, on June 23, 2021, plaintiff was injured as a result of the Debtor's negligence when, while exiting the dressing room of Express

at the Short Hills Mall in New Jersey, she was caused to trip and fall on tape/markings that were affixed to the floor.

5.      On June 1, 2023, Movant commenced a civil action in the Superior Court of the State of New Jersey, Essex County, captioned <u>DEBORAH YOHRLING v. EXPRESS, INC.</u>, in connection with the accident. A copy of the pleading is annexed hereto as Exhibit "A".

6.      The Movant' State Court action seeks monetary damages for DEBORAH YOHRLING for injuries caused by the negligence of the owner of the premises.

7.      As shown by the annexed pleadings, the lawsuit commenced prior to the filing of the voluntary bankruptcy petition here. Any recovery would be limited to the available insurance coverage on the entities involved in the State Court litigation, including entities who have no relationship to Express, Inc. or are not involved in the particular bankruptcy proceeding. Plaintiff, in the state action, seeks no further recovery or remedy against the Debtor and will limit any recovery to the insurance coverage available at that time of the occurrence, and specifically related to the subject accident.

8.      Movant agrees to waive any right to recover directly from the Debtor's assets. Once the court lifts this stay the Movant will seek to proceed on the claims against the Debtor named in the State Superior Court action and who is the Debtor in the matter involving the voluntary bankruptcy petition under Chapter 11 involved herein.

9.      These bankruptcy proceedings will not be affected by permitting the Movant to proceed with the underlying cause of action and limit any recovery to the available insurance limits applicable at the time of the occurrence.

10.      In addition, the Movant has taken steps to avoid interfering with the Chapter 11 proceedings, or to affect any right of recovery against the assets of the defendant. In that regard, upon

receipt of a letter on behalf of the debtor, dated April 26, 2024 and annexed hereto as Exhibit "B", Movant observed the stay and refrained from proceeding with discovery in the Superior Court action.

11.    Based on the foregoing, it is respectfully requested that this Court lift the bankruptcy stay of the proceedings pending in the Superior Court, Essex County to allow the plaintiff in that action, the Movant herein, to proceed with the underlying personal injury action and to obtain any recovery from the insurance proceeds available to the defendant, Express, Inc. and any other party who may be involved in that litigation against whom no proceeding in bankruptcy is pending.

WHEREFORE, it is respectfully requested that this Honorable Court issue an Order lifting the bankruptcy stay of the state proceedings and permitting the Movant to proceed with those actions to allow a recovery against the responsible parties limited to any available insurance proceeds which may be obtained from the insurance company for defendant Express, Inc. or any of its related entities.

Dated:  New York, New York
      September 10, 2024

Yours, etc.,

John A. Blyth
HACH & ROSE, LLP
Attorneys for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel. 212 779-0057

# EXHIBIT A

**SUMMONS**

Attorney(s) Hach & Rose LLP

Office Address  112 Madison Avenue, 10th Floor

Town, State, Zip Code  New York, NY 10016

Telephone Number  212-779-0057

Attorney(s) for Plaintiff  DEBORAH YOHRLING

DEBORAH YOHRLING

_____ Plaintiff(s)

vs.

EXPRESS, INC.

_____ Defendant(s)

# Superior Court of New Jersey

Essex _____ County

Law _____ Division

Docket No: ESX-L-003506-23

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_John Blyth_
Clerk of the Superior Court

DATED:  06/01/2023

Name of Defendant to Be Served:  Express, Inc. c/o NJ Secretary of State Dept. of Treasury

Address of Defendant to Be Served:  33 West State Street, 5th Floor, Trenton, NJ 08608

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) __Hach & Rose LLP__

Office Address __112 Madison Avenue, 10th Floor__

Town, State, Zip Code __New York, NY 10016__

Telephone Number __212-779-0057__

Attorney(s) for Plaintiff __DEBORAH YOHRLING__

DEBORAH YOHRLING

_____ Plaintiff(s)

vs.

EXPRESS, INC.

_____ Defendant(s)

**Superior Court of New Jersey**

__Essex__ County

__Law__ Division

Docket No: __ESX-L-003506-23__

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

_John Blyth_
Clerk of the Superior Court

DATED: __06/01/2023__

Name of Defendant to Be Served: __Express, Inc.__

Address of Defendant to Be Served: __1 Express Drive, Columbus, OH 43230__

## SUMMONS

Attorney(s) <u>Hach & Rose LLP</u>

Office Address <u>112 Madison Avenue, 10th Floor</u>

Town, State, Zip Code <u>New York, NY 10016</u>

Telephone Number <u>212-779-0057</u>

Attorney(s) for Plaintiff <u>DEBORAH YOHRLING</u>

<u>DEBORAH YOHRLING</u>

_____

Plaintiff(s)

vs.

EXPRESS, INC.

_____

Defendant(s)

**Superior Court of
New Jersey**

<u>Essex</u> County

<u>Law</u> Division

Docket No: <u>ESX-L-003506-23</u>

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

*John Blyth*

Clerk of the Superior Court

DATED: <u>06/01/2023</u>

Name of Defendant to Be Served: <u>Express, Inc. c/o Short Hills Mall</u>

Address of Defendant to Be Served: <u>1200 Morris Tpke., Lower Level, Short Hills, NJ 07078</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

John A. Blyth, Esq.- Bar# 072162014
HACH & ROSE LLP
112 Madison Avenue, 10th Floor
New York, NY 10016

*Attorneys for Plaintiff Deborah Yohrling*

---

| | |
|---|---|
| DEBORAH YOHRLING, | SUPERIOR COURT OF STATE OF NEW JERSEY |
| Plaintiff, | LAW DIVISION -ESSEX COUNTY |
| - against- | Docket No.: ESX-L- |
| EXPRESS, INC., | |
| Defendant. | **COMPLAINT AND JURY DEMAND** |

---

Plaintiff, DEBORAH YOHRLING, residing at 418 Burgher Avenue, Staten Island, NY 10305, does hereby say:

## FIRST COUNT – NEGLIGENCE

1.     That at all times hereinafter mentioned, Plaintiff, DEBORAH YOHRLING, was and still is a resident of the County of Richmond, State of New York.

2.     That at all times mentioned herein, and on June 23, 2021, the defendant, EXPRESS, INC. (referred to hereinafter as "EXPRESS"), is and was a foreign business entity, duly authorized to do business in the State of New Jersey.

3.     That at all times hereinafter mentioned, Defendant, EXPRESS, is, was and has been a domestic corporation duly organized and existing under and by virtue of the laws of the County of Essex, State of New Jersey.

4.     That at all times mentioned herein the defendant, EXPRESS, is, was and has been

1

a domestic partnership and/or other domestic business entity doing business in the State of New Jersey;

5.     That at all times mentioned herein, the defendant, EXPRESS, transacted business within the State of New Jersey; regularly did or solicited business within the State of New Jersey or engaged in other persistent courses conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New Jersey and expected or should have reasonably expected its acts to have consequences within the State of New Jersey and/or derived substantial revenue from interstate or international commerce;

6.     That at all times mentioned herein, the defendant, EXPRESS, maintained a principal place of business within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078

7.     That at all times mentioned herein, and on or about June 23, 2021, the defendant, EXPRESS, was the owner of the land and structures located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

8.     That at all times mentioned herein, the defendant, EXPRESS, was the managing agent of the land and structures located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

9.     That at all times mentioned herein, the defendant, EXPRESS, was the lessee of the land and structures located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

10.     That at all times mentioned herein, the defendant, EXPRESS, was the lessor of the land and structures located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

11.     That at all times mentioned herein, the defendant, EXPRESS, operated the premises located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

2

12.     That at all times mentioned herein, the defendant, EXPRESS, controlled the premises located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

13.     That at all times mentioned herein, the defendant, EXPRESS, maintained the premises located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

14.     That at all times mentioned herein, the defendant, EXPRESS, possessed and/or occupied the premises located within 1200 Morris Turnpike, Short Hills, NJ 07078.

15.     That at all times mentioned herein, the defendant, EXPRESS, controlled, leased, managed, operated, maintained, possessed and/or occupied a retail clothing store known as Express in The Mall at Short Hills located at 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078.

16.     That on or about June 23, 2021, Plaintiff was lawfully present inside of Defendant's retail store located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078 when she was shopping in EXPRESS.

17.     That on or about June 23, 2021, while present inside of Defendant's retail store located within 1200 Morris Turnpike, Lower Level, Short Hills, NJ 07078, plaintiff was seriously injured when, while exiting the dressing room, she was caused to trip and fall on tape/markings that were affixed to the floor.

18.     That the above occurrence was caused solely by and through the negligence of the defendant, their agents, servants and/or employees, herein, without any negligence on the part of the plaintiff contributing thereto;

19.     That the defendant, had both actual and constructive notice of the dangerous and defective conditions and practices complained of herein;

3

20.     That the defendant created the defective and dangerous condition;

21.     That the defendant failed to remedy and allowed the defective and dangerous condition to exist for an unreasonable period of time.

22.     That the defendant, and/or their agents, servants, associates and/or employees were negligent, careless and reckless, in that they:

a.      Negligently, carelessly and recklessly, failed and omitted to properly, shore, equip, guard, arrange, operate and conduct their activities at the aforementioned premises, so as to provide reasonable and adequate protection and safety to the persons therein, and more particularly to the plaintiff herein;

b.      Failed and omitted to provide the plaintiff with a safe place to walk;

c.      Failed and omitted to ensure that the areas plaintiff was walking in at the aforementioned location was kept free of hazardous conditions;

d.      Failed and omitted to properly train & inspect their employees at the aforementioned premises;

e.      Failed and omitted to properly and adequately coordinate the activities of their employees with patrons and more particularly the plaintiff;

f.      Failed and omitted to construct and/or install barricades and/or other warnings so as to apprise patrons, and more particularly the plaintiff herein, of the dangerous conditions existing thereat;

g.      Failed and omitted to properly secure the public areas so that plaintiff could walk in safety;

h.      Failed to properly maintain and clean the aisles at the aforesaid location,

4

including the aisle where Defendants' patrons would work in the ordinary course of shopping.

i.      Negligently and improperly allowing the aisle of the aforesaid location to become and remain dangerous.

j.      Negligently permitted masking tape on the floor where plaintiff was walking in aforesaid location, thus creating a dangerous condition.

23.    That as a result of the negligence of the defendant, plaintiff, DEBORAH YOHRLING, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from her usual duties and will be so prevented for a long time to come;

24.    That by reason of the foregoing, the plaintiff, DEBORAH YOHRLING, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New Jersey;

25.    That Plaintiff has sustained injuries as defined under N.J.S. 39:6A-8a and the Tort Claims Act of the State of New Jersey of the laws of the laws of the State of New Jersey.

5

WHEREFORE, the plaintiff, DEBORAH YOHRLING, demands judgment against the defendant, EXPRESS, INC., in an amount exceeding the jurisdictional limits of all lower courts of the State of New Jersey, on the First Cause of Action, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of twelve.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R 4:5-1(c), notice is hereby given that John A. Blyth, Esq. is designated as trial counsel on behalf of Plaintiff in the above-referenced matter.

## DEMAND FOR UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1, demand is hereby made that the Defendants provide answers to Uniform Interrogatories appearing in Appendix II of the N.J. Court Rules.

Dated: New York, New York
June __, 2023

HACH & ROSE LLP

By: _____
John A. Blyth, Esq.

6

## CERTIFICATION

I hereby certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other proceeding or arbitration. There are no other persons interested in the above action who have not been made a party to said action.

Dated: New York, New York
       June ___, 2023

HACH & ROSE LLP

By: _____
    John A. Blyth, Esq.

7

.

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-003506-23

**Case Caption:** YOHRLING DEBORAH  VS EXPRESS, INC.

**Case Initiation Date:** 06/01/2023

**Attorney Name:** JOHN A BLYTH

**Firm Name:** HACH & ROSE, LLP

**Address:** 112 MADISON AVE 10TH FL

NEW YORK NY 10016

**Phone:** 2127790057

**Name of Party:** PLAINTIFF : YOHRLING, DEBORAH

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** DEBORAH YOHRLING? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/01/2023
Dated

/s/ JOHN A BLYTH
Signed



P9347246

DEBORAH YOHRLING     Plaintiff

vs.

EXPRESS, INC..     Defendant

Person to be served (Name & Address):
EXPRESS, INC.
1 EXPRESS DRIVE
COLUMBUS, OH 43230

Attorney:
HACH & ROSE, LLP

Superior Court of New Jersey
_____ Division
Essex County
Docket Number: ESX L 003506 23

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

ICI2023000196

---

Papers Served: SUMMONS AND COMPLAINT, JURY DEMAND, CIVIL CASE INFORMATION STATEMENT

Service Data:

Served Successfully __X__   Not Served _____   Date: 6/2/2023    Time: 1 20 pm    Attempts _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Mihret Mamo c/o CT Corporation System - Registered Agent

Intake Specialist

Description of Person Accepting Service:

Sex _F_   Age _25_   Height: _5-08_   Weight: _120_   Skin Color: _BLK_    Hair Color: _BLK/BRO_

Unserved:

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on. _____ Date _____ Time
                 _____ Date _____ Time

( ) Other: _____

Comments or Remarks:

MARK T. SHARNSKY
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
August 26 2023

Subscribed and Sworn to before me on the _5th_ day of
_June_, _2023_ by the affiant who is
personally known to me

_____
NOTARY PUBLIC

I. Tina L. Schroeder was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Tina L Schroeder    6/05/23
Signature of Process Server      Date

LEXITAS
1235 Broadway
2nd Floor
New York, NY 10001
(718) 672-1117
Our Job Serial Number. ICI-2023000196
Ref: 9315061

9347246

# EXHIBIT B

**VAUGHAN BAIO & PARTNERS**
Jeffrey L. Oster, Esquire
Attorney ID No. 002262007
Jacob F. Kratt, Esquire
Attorney ID No. 081622019
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
(215) 569-2400
joster@vaughanbaio.com
jkratt@vaughanbaio.com

*Attorneys for Defendant,*
*Express, Inc.*

| | | |
|---|---|---|
| DEBORAH YORHLING, | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **LAW DIVISION - ESSEX COUNTY** |
| Plaintiff, | : | |
| vs. | : | NO. ESX-L-003506-23 |
| | : | |
| EXPRESS, INC, | : | **NOTICE OF SUGGESTION OF** |
| | : | **BANKRUPTCY FOR EXPRESS, INC AND** |
| | : | **CERTAIN OF ITS AFFILIATES AND** |
| Defendant. | : | **AUTOMATIC STAY OF PROCEEDINGS** |
| | : | |

**NOTICE OF SUGGESTION OF**
**BANKRUPTCY FOR *EXPRESS, INC.* AND CERTAIN**
**OF ITS AFFILIATES AND AUTOMATIC STAY OF PROCEEDINGS**

**PLEASE TAKE NOTICE** that on April 22, 2024, Express, Inc., and certain of its

affiliates (collectively, the "Debtors")[1] filed voluntary petitions under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District

of Delaware (the "Court"). A copy of the voluntary petition of the lead Debtor, Express, Inc., is

attached hereto as **Exhibit A**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128); Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

PLEASE TAKE FURTHER NOTICE that the Debtors' chapter 11 cases are pending before the Honorable Judge Karen B. Owens and are being jointly administered under the lead case *In re Express, Inc.*, Case No. 24-10831 (KBO). A copy of the order entered on April 23, 2024 directing joint administration of these chapter 11 cases is attached hereto as **Exhibit B**.

PLEASE TAKE FURTHER NOTICE that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions "operates as a stay, applicable to all entities, of—"

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a)(1)–(3).[2] No order has been entered in the chapter 11 cases granting relief from the automatic stay.

PLEASE TAKE FURTHER NOTICE that any action taken against the Debtors without obtaining from the Court relief from the automatic stay may be void *ab initio* and result in a finding of contempt for violation of the automatic stay. Any party wishing to take action against the Debtors should contact the Debtors' counsel before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the automatic stay. The Debtors reserve and retain all rights to seek relief in the Court from any judgment, order, or ruling entered in violation of the automatic stay.

---

[2] Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case. The Debtors expressly reserve all rights to contest any claims that may be asserted against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the chapter 11 cases may be obtained free of charge by: (i) reviewing, free of charge, the docket of the Debtors' chapter 11 cases on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Express or by calling (855) 337-3537 (Toll-free from US / Canada) or (949) 617-1363 (International); (ii) visiting the Court's website at https://www.deb.uscourts.gov/claims-information (PACER login and password required) in accordance with the procedures and fees set forth therein; or (iii) contacting any of the following proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg P.C., Emily E. Geier, P.C., and Nicholas Adzima, and Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; and (b) proposed co-counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti; Michael W. Yurkewicz; Alyssa M. Radovanovich, and Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn.: Morton R. Branzburg.

*[Remainder of page intentionally left blank]*

Dated: April 26, 2024

**VAUGHAN BAIO & PARTNERS**

By: _/s/ Jeffrey L. Oster_
Jeffrey L. Oster, Esquire
Jacob F. Kratt, Esquire
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
*Attorneys for Defendant,*
*Express, Inc.*

Hach & Rose, LLP
112 Madison Avenue
10th Floor
New York, NY 10016

CERTIFIED MAIL



7022 3330 0001 9294 1532

United States Bankruptcy C
District of Delaware.
844 North Kings Street,
Wilmington, Delaware. 198

Attn: Hon. Karen Owe