## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |

**STIPULATION GRANTING RELIEF**
**FROM THE AUTOMATIC STAY TO PERMIT THE**
**CHUBB COMPANIES TO CANCEL A CERTAIN INSURANCE**
**POLICY AND TAKE CERTAIN ACTIONS RELATED THERETO**

EXP OldCo Winddown, Inc. (f/k/a Express, Inc.) ("Express") and certain of its affiliates (collectively, the "Debtors"), on the one hand, and ACE American Insurance Company, ACE Property & Casualty Insurance Company, Indemnity Insurance Company of North America, Federal Insurance Company, Great Northern Insurance Company, and each of their respective U.S.-based affiliates, predecessors, and successors (collectively, and solely in their capacities as insurers and/or third party administrators of one or more of the above-captioned debtors, the "Chubb Companies" and, collectively with the Debtors, the "Parties"), hereby stipulate to relief from the automatic stay under Section 362 of the Bankruptcy Code (as defined herein) in order to permit the Chubb Companies to cancel a certain insurance policy issued to the Debtors (this "Stipulation") and take certain actions related thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

<u>**RECITALS**</u>

I.     **<u>Background</u>.**

A.     On April 22, 2024 (the "<u>Petition Date</u>"), the Debtors filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

B.     Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, the "<u>Policies</u>," and together with any agreements, exhibits or addenda related thereto, the "<u>Chubb Insurance Program</u>") to the Debtor as named insured.

C.     Under the Chubb Insurance Program, Federal Insurance Company issued *inter* alia (1) a certain business travel accident insurance policy for the period of August 1, 2023 to August 1, 2026, bearing Policy Number 99070307 (the "<u>Business Travel Accident Policy Policy</u>") to Express as first named insured, subject to certain limits, deductibles, exclusions, terms and conditions, as more particularly described therein and (2) a certain marine cargo insurance policy for the period of August 1, 2023 to August 1, 2024, bearing Policy Number N10742249 (the "<u>Marine Cargo Policy</u>") to Express as first named insured, subject to certain limits, deductibles, exclusions, terms and conditions, as more particularly described therein.

D.     On June 14, 2024, the Court entered the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Docket

No. 471] (the "Sale Order"), which approved the sale of substantially all of the Debtors' assets

(the "Sale") to Phoenix Retail, LLC (the "Purchaser").

      E.      The Sale Order provided, in part (the "Chubb Sale Order Language"):

> Notwithstanding anything to the contrary in the Motion, the Asset Purchase Agreement, any lists of executory contracts to be assumed and assigned and/or any Cure Notices or Supplemental Cure Notices, this Order, or any documents relating to any of the foregoing: nothing shall permit or otherwise effect a sale, an assignment or any other transfer of (a) any insurance policies that have been issued at any time by ACE American Insurance Company, ACE Property & Casualty Insurance Company, Indemnity Insurance Company of North America, Federal Insurance Company, Great Northern Insurance Company and/or any of their U.S.-based affiliates and successors (collectively, the "Chubb Companies") to or that provide coverage to any of the Debtors (or their predecessors) and all agreements, documents or instruments relating thereto (collectively the "Chubb Insurance Contracts"), and/or (b) any rights, proceeds, benefits, interests, claims, rights to payments and/or recoveries under such Chubb Insurance Contracts to the Purchaser; provided, however, that to the extent any claim with respect to the Acquired Assets arises that is covered by the Chubb Insurance Contracts, the Debtors may pursue such claim in accordance with the terms of the Chubb Insurance Contracts, and, if applicable, solely to the extent contemplated by the Asset Purchase Agreement, turn over to the Purchaser any such insurance proceeds (each, a "Proceed Turnover"), provided, further, however, that the Chubb Companies shall not have any duty to effectuate a Proceed Turnover or liability related to a Proceed Turnover.

      F.      On June 21, 2024 (the "Closing Date"), the Sale closed.

      G.      As a result of the Sale, the Debtors have represented to the Chubb Companies that

the Debtors no longer require the coverage provided by the Business Travel Accident Policy, and

that the Debtors therefore would like the Chubb Companies to cancel the Business Travel Accident

Policy effective as of the Closing Date (the "Policy Cancellation").

      H.      The Chubb Companies have agreed to process the Policy Cancellation effective as

of the Closing Date, subject in all respects to applicable law and regulation.

I.       The Policy Cancellation is expected to result in return premium owed to the Debtors in the amount of $1,181 (the "Return Premium").[2]

J.       In accordance with the relief granted in the *Final Order (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations, (B) Continue to Pay Brokerage Fees, (C) Renew, Supplement, Modify, or Purchase Insurance Coverage, (D) Maintain, Renew, or Supplement the Customs Surety Bonds and (II) Granting Related Relief* [Doc. No. 232], the Debtors previously requested that the expiration date of the Marine Cargo Policy be extended from August 1, 2024 to October 1, 2024 (the "Marine Cargo Extension").   The premium owed for the additional coverage provided by the Chubb Companies by virtue of the Marine Cargo Extension was $16,813.00 (the "Extension Premium") which was paid to the Chubb Companies on October 11, 2024.

K.       The Parties desire to stipulation to the Policy Cancellation on the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES AND HEREBY ORDERED THAT**:

1.       The recitals set forth in Paragraphs A through K above are incorporated herein by this reference as though set forth at length.

2.       The Debtors represent that they have the requisite power and authority on behalf of themselves, their estates, and any other insureds under the Business Travel Accident Policy, to request that the Chubb Companies effectuate the Policy Cancellation.

---

[2]       The amount of the Return Premium as set forth herein is an estimate that is being provided for the convenience of the parties.  The actual amount of the Return Premium is subject to change once the Policy Cancellation is processed by the Chubb Companies.

3.      Subject in all respects to the terms of this Stipulation and the occurrence of the Order Effective Date (as defined below), the automatic stay under Section 362(a) of the Bankruptcy Code, if and to the extent applicable, shall be deemed modified and/or lifted, solely to permit the Chubb Companies to effectuate the Policy Cancellation as of the Closing Date without further order of this Court or notice to any party.

4.      On the later of ten (10) business days after the Order Effective Date or ten (10) business days after the Chubb Companies' receipt of the Extension Premium, the Chubb Companies shall remit the Return Premium to the Debtors or their insurance broker consistent with the past practices between the parties and as provided by the terms and conditions of the Business Travel Accident Policy.

5.      Except as expressly set forth herein, nothing herein is intended, nor shall be deemed, to (i) amend or otherwise alter the terms and conditions of the Chubb Insurance Program; (ii) be a waiver or release by the Chubb Companies of (a) the Debtors or their estates for any obligations under the Chubb Insurance Program or (b) any claims of the Chubb Companies against the Debtors or their estates or any other party under the Chubb Insurance Program; (iii) be a waiver or release by the Debtors of (a) the Chubb Companies of or for any of their obligations under the Chubb Insurance Program or (b) any claims of the Debtors or their estates against the Chubb Companies or any other party under the Chubb Insurance Program; or (iv) alter or amend any notices of non-renewal that may have been sent in connection with or on account of the Marine Cargo Policy, and any such notices of non-renewal shall remain in full force and effect.  For the avoidance of doubt, the Parties expressly reserve all rights and defenses in connection with any claims for the allowance of an administrative expense under Section 503 of the Bankruptcy Code.

6.      This Stipulation is conditioned upon the Court's entry of an order (the "Approval Order") approving this Stipulation in a form reasonably acceptable to the Parties.  The Parties shall use their commercially reasonable efforts to obtain entry of the Approval Order.

7.      Notwithstanding any provision in the Approval Order to the contrary, the date upon which the Approval Order has been entered by the Court and has become a final, non-appealable order as to which no appeal is pending shall be referred to as the "Order Effective Date."  This Stipulation shall be effective and binding upon the Parties on and after the Order Effective Date.

8.      This Stipulation and the Approval Order contain the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and the Approval Order.

9.      This Stipulation may only be changed, modified or otherwise altered in a writing executed by the Parties.  Oral modifications are not permitted.

10.     This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

11.     This Stipulation shall be binding upon and inure to the benefit of the Parties and each of their successors, assigns, trustees, estates and predecessors in interest.

12.     The undersigned are duly authorized and empowered to execute this Stipulation.

**IN WITNESS WHEREOF**, the undersigned have made and entered into this Stipulation as of the day and year stated below.

Dated: October 17, 2024

| | |
|---|---|
| */s/  Michael W. Yurkewicz* | */s/  Drew S. McGehrin* |
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **DUANE MORRIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | Drew S. McGehrin (DE 6508) |
| Michael W. Yurkewicz (DE Bar No. 4165) | 1201 North Market St, Suite 501 |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Wilmington, DE 19801 |
| 919 North Market Street, Suite 1000 | Telephone: (302) 657-4900 |
| Wilmington, Delaware 19801 | Facsimile: (302) 657-4901 |
| Telephone:    (302) 426-1189 | Email: DSMcGehrin@duanemorris.com |
| Facsimile:    (302) 426-9193 | |
| Email: dpacitti@klehr.com | -and- |
| myurkewicz@klehr.com | |
| aradvanovich@klehr.com | Wendy M. Simkulak |
| | Catherine B. Heitzenrater |
| -and- | 30 South 17th Street |
| | Philadelphia, PA 19103-4196 |
| Morton R. Branzburg (admitted pro hac vice) | Telephone: (215) 979-1000 |
| 1835 Market Street, Suite 1400 | Email: wmsimkulak@duanemorris.com |
| Philadelphia, Pennsylvania 19103 | cheitzenrater@duanemorris.com |
| Telephone:    (215) 569-3007 | |
| Facsimile:    (215) 568-6603 | *Counsel for the Chubb Companies* |
| Email:         mbranzburg@klehr.com | |
| | |
| -and- | |
| | |
| **KIRKLAND & ELLIS LLP** | |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | |
| Joshua A. Sussberg, P.C. (admitted pro hac vice) | |
| Emily E. Geier, P.C. (admitted pro hac vice) | |
| Nicholas M. Adzima (admitted pro hac vice) | |
| 601 Lexington Avenue | |
| New York, New York 10022 | |
| Telephone:    (212) 446-4800 | |
| Facsimile:    (212) 446-4900 | |
| Email:         joshua.sussberg@kirkland.com | |
| emily.geier@kirkland.com | |
| nicholas.adzima@kirkland.com | |

-and-

Charles B. Sterrett (admitted pro hac vice)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in*
*Possession*