# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 13, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**SUMMARY COVER SHEET TO THE FOURTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH AUGUST 31, 2024**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al*. |
| Date of Retention: | June 25, 2024, *nunc pro tunc* to May 7, 2024 |
| Period for which compensation and reimbursement is sought: | August 1, 2024 through August 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $88,613.50<br>(80% of which is $70,890.80) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,441.85 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

53063257.1 10/23/2024

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 569 | 05/07/2024 through 05/31/2024 | $124,251.50 | $0.00 | $99,401.20 | $0.00 | $24,850.30 | 7/25/2024 D.I. 644 |
| 07/29/2024 D.I. 662 | 06/01/2024 through 06/30/2024 | $127,961.50 | $1,124.09 | $102,369.20 | $1,124.09 | $25,592.30 | 08/20/2024 D.I. 731 |
| 08/27/2024 D.I. 745 | 07/01/2024 through 07/31/2024 | $74,462.50 | $2,872.50 | $59,570.00 | $2,872.50 | $14,892.50 | 09/18/2024 D.I. 827 |
| | **TOTAL** | **$326,675.50** | **$3,996.59** | **$261,340.40** | **$3,996.59** | **$65,335.10** | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: November 13, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

**FOURTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH AUGUST 31, 2024**

Saul Ewing LLP ("**Saul Ewing**"), co-counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al*. (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period August 1, 2024 through August 31, 2024 (the "**Application Period**") with respect to its retention as co-counsel to the Committee. In support of this Application, Saul Ewing represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## Background

4. On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

5. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

6. On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

7. On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), which sets forth the

procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

## Retention of Saul Ewing

8. On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

## Professional Services Rendered

9. During the Application Period, Saul Ewing partners, associates, and paraprofessionals rendered a total of 193.20 hours of professional services to the Committee, for which Saul Ewing requests allowance of interim compensation in the amount of $88,613.50. The blended hourly rate for the hours included in this Application is equal to $458.66 per hour, calculated as to attorneys, paralegals, and paraprofessionals. At all times, work was assigned to the attorney, paralegal, or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility, and expertise needed to do the work efficiently.

10. Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals, and paraprofessionals, and to cover fixed and routine expenses. The hourly rates and corresponding hourly rate's structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

11. Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Committee. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Saul Ewing. This detailed itemization complies with Local Rule 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Saul Ewing.

12. Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Saul Ewing with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

13. Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period. These costs for which reimbursement is requested total $1,441.85. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

14. Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session; however, Saul Ewing then applies a 50% discount to the amounts charged to its clients.

4

In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

15. Attached hereto as **Exhibit E** is a Declaration of Saul Ewing with respect to the compensation requested.

## Summary of Legal Services by Project Category

16. The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 2.5 | $943.50 |
| Committee Matters | 8.3 | $4,802.50 |
| Creditor Inquiries | 3.6 | $1,654.50 |
| Executory Contracts and Unexpired Leases | 0.8 | $516.00 |
| Fee/Employment Applications (Saul Ewing) | 5.3 | $1,762.50 |
| Fee/Employment Applications (Other Professionals) | 14.4 | $5,706.00 |
| Financing and Cash Collateral | 1.4 | $903.00 |
| Plan and Disclosure Statement | 144.7 | $66,940.50 |
| Preparation for and Attendance at Hearings | 11.9 | $5,191.50 |
| UST Reports, Meetings and Issues | 0.3 | $193.50 |
| **TOTAL** | **193.2** | **$88,613.50** |

17. These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

    (a) <u>Case Administration</u>. This category includes all matters related to work regarding the administration of the cases. Time in this category includes reviewing the docket for critical dates and deadlines; updating a case calendar; analyzing professional fee summary; and communicating with Kramer Levin and the Saul Ewing team regarding case timeline and workflow. Saul Ewing spent 2.5 hours of attorney and paraprofessional

time on the foregoing services. Said services have a value of $943.50 for which Saul Ewing is seeking compensation.

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.6 | $387.00 |
| N. Smargiassi | Associate | 1.0 | $300.00 |
| R. Warren | Paraprofessional | 0.9 | $256.50 |
| **Total** | | **2.5** | **$943.50** |

(b) <u>Committee Matters</u>. This category includes all time spent in connection with issues involving the Committee. Time in this category includes reviewing Committee posts and slides; communicating with Kramer Levin regarding Committee calls and posts; and preparing for and participating in Committee calls. Saul Ewing spent 8.3 hours of attorney time on the foregoing services. Said services have a value of $4,802.50 for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 6.1 | $3,934.50 |
| T. Falk | Associate | 1.6 | $688.00 |
| N. Smargiassi | Associate | 0.6 | $180.00 |
| **Total** | | **8.3** | **$4,802.50** |

(c) <u>Creditor Inquiries</u>. This category includes all matters related to communications with creditors. Time in this category relates to communicating with creditors regarding employment claims, exclusivity and case status; and communicating with Kramer Levin regarding creditor inquiries. Saul Ewing spent 3.6 hours of attorney time on the foregoing services. Said services have a value of $1,654.50 for which Saul Ewing is seeking compensation.

| Creditor Inquiries | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.1 | $709.50 |
| T. Falk | Associate | 1.5 | $645.00 |
| N. Smargiassi | Associate | 1.0 | $300.00 |
| **Total** | | **3.6** | **$1654.50** |

(d) <u>Executory Contracts and Unexpired Leases</u>. This category includes all time spent in connection with contract and lease analysis, the assumption, assignment, or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes reviewing a notice of assumption of contracts, a notice of rejection of leases, a motion to extend the lease rejection deadline and a certification regarding same. Saul Ewing spent 0.8 of an hour of attorney time on the foregoing services. Said services have a value of $516.00 for which Saul Ewing is seeking compensation.

| **Executory Contracts and Unexpired Leases** | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.8 | $516.00 |
| **Total** | | **0.8** | **$516.00** |

(e) <u>Fee/Employment Applications (Saul Ewing)</u>. This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing. Time in this category includes drafting, revising and filing Saul Ewing's third monthly fee application and a certification of no objection regarding Saul Ewing's second monthly fee application. Saul Ewing spent 5.3 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $1,762.50 for which Saul Ewing is seeking compensation.

| **Fee/Employment Applications (Saul Ewing)** | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.7 | $451.50 |
| R. Warren | Paraprofessional | 4.6 | $1,311.00 |
| **Total** | | **5.3** | **$1,762.50** |

(f) <u>Fee/Employment Applications (Other Professionals)</u>. This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in these Chapter 11 Cases. Time in this category includes reviewing declarations of disinterestedness; Debtors' professionals' monthly fee applications and certifications of no objection regarding same; drafting a summary of Debtors' professionals' monthly fee applications; reviewing, revising and filing Kramer Levin's and Province's third monthly fee applications; drafting, revising and filing certifications of no objection regarding Kramer Levin's and Province's second monthly fee applications; and communicating with Kramer Levin, Province and the Saul Ewing team regarding fee application issues. Saul Ewing spent 14.4 hours

7

of attorney and paraprofessional time on the foregoing services. Said services have a value of $5,706.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 4.1 | $2,644.50 |
| N. Smargiassi | Associate | 8.4 | $2,520.00 |
| R. Warren | Paraprofessional | 1.9 | $541.50 |
| **Total** | | **14.4** | **$5,706.00** |

(g)  <u>Financing and Cash Collateral</u>. This category includes all matters relating to cash collateral issues. Time in this category includes reviewing lender's fee summary, DIP lenders' fee invoices; and preparing weekly fee estimates as required by the DIP financing order and requested by the Debtors' professionals. Saul Ewing spent 1.4 hours of attorney time on the foregoing services. Said services have a value of $903.00 for which Saul Ewing is seeking compensation.

| Financing and Cash Collateral | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 1.4 | $903.00 |
| **Total** | | **1.4** | **$903.00** |

(h)  <u>Plan and Disclosure Statement</u>. This category includes time related to plan and disclosure issues. Time in this category includes analyzing causes of action preservation issues and case law regarding releases; reviewing a filed plan and disclosure statement; drafting and revising committee's proposed plan, an analysis of designation rights for plan, a discovery requests letter to Debtors, and discovery search terms; analyzing document production; reviewing and revising a proposed exclusivity bridge order, an exclusivity order and revised disclosure statement; conducting research concerning releases, consent issues, terminating exclusivity and independent director investigation; revising and filing an objection to exclusivity; communicating with the UST regarding exclusivity and plan issues; and communicating with the Debtors, Kramer Levin and the Saul Ewing team regarding exclusivity, discovery, independent director investigation and plan issues. Saul Ewing spent 144.7 hours of attorney, litigation support and paraprofessional time on the foregoing services. Said services have a value of $66,940.50 for which Saul Ewing is seeking compensation.

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 47.5 | $30,573.00 |
| A. Burdette | Counsel | 4.7 | $2,444.00 |
| T. Falk | Associate | 46.4 | $19,995.00 |
| N. Smargiassi | Associate | 38.5 | $11,550.00 |
| eDiscovery Consultant- EDC | Litigation Support | 0.5 | $197.50 |
| eDiscovery Project Manager – EDPM | Litigation Support | 3.7 | $1,332.00 |
| R. Warren | Paraprofessional | 1.9 | $541.50 |
| S. Kenny | Paraprofessional | 1.5 | $307.50 |
| **Total** | | **144.7** | **$66,940.50** |

(i) <u>Preparation for and Attendance at Hearing</u>.  This category includes time related to the preparation for and attendance at various court hearings.  Time in this category includes reviewing hearing agendas; communicating with the Debtors and Kramer Levin regarding hearing issues; and preparing for and attending hearings.  Saul Ewing spent 11.9 hours of attorney time on the foregoing services.  Said services have a value of $5,191.50 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 4.7 | $3,031.50 |
| N. Smargiassi | Associate | 7.2 | $2,160.00 |
| **Total** | | **11.9** | **$5,191.50** |

(j) <u>UST Reports, Meetings and Issues</u>.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes communicating with Kramer Levin and the UST regarding exclusivity and plan issues.  Saul Ewing spent 0.3 of an hour of attorney on the foregoing services.  Said services have a value of $193.50 for which Saul Ewing is seeking compensation.

9

| UST Reports, Meetings and Issues ||||
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.3 | $193.50 |
| **Total** | | **0.3** | **$193.50** |

(k)      Expenses.  **Exhibit D** lists expenses, such as copying costs at 10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research, and travel expenses. Saul Ewing seeks $2,872.50 in expenses.

| EXPENSES |||
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| E-discovery Processing /Usage | Epiq Relativity | $488.90 |
| Legal Research | Westlaw | $734.16 |
| Outside Reproduction | Reliable Copy Service – DE | $218.79 |
| **Total** | | **$1441.85** |

## Compensation Should Be Allowed

18.      The foregoing services in the total amount of $88,613.50 provided by Saul Ewing on behalf of the Committee during the Application Period were reasonable, necessary, and appropriate to the administration of the Chapter 11 Cases.

19.      The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases.

20.      Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."

11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21. The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Saul Ewing submits that the compensation sought is reasonable.

22. Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

23. Saul Ewing has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with such requirements.

## Notice

24. Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

25. No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $88,613.50 (80% of which is $70,890.80) for legal services rendered on behalf of the Committee during the Application Period, together with reimbursement of disbursements in the amount of $1,441.85, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2024

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email: luke.murley@saul.com

*Co-Counsel for the Official Committee of Unsecured Creditors*