**EXHIBIT A**

**REVISED PROPOSED ORDER (CLEAN)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPROVING THE**
**ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) APPROVING THE SOLICITATION PROCEDURES,**
**(III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN**
**CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES**
**WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 3001, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002, 3016-2, 3017-1, 3017-2, and 9006-1: (i) approving the adequacy of the Disclosure Statement; (ii) approving the Solicitation Procedures; (iii) approving the forms of ballots and notices in connection therewith; (iv) scheduling certain dates with respect thereto; and (v) granting related relief; all as more fully set forth in the Motion, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** as provided herein.

**I.      Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the release, exculpation, and injunction provisions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.    Approval of the Solicitation Procedures.

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures attached hereto as **Exhibit 2**, which are hereby approved in their entirety and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.   Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.      The following Confirmation Dates are hereby established (subject to modification with the Committee's consent not to be unreasonably withheld) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Voting Record Date | July 31, 2024 | The date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "Voting Record Date"). |
| Solicitation Mailing Deadline | As soon as practicable after entry of the Order, but in no event more than five (5) business days thereafter | The deadline by which the Debtors must distribute Notices of Non-Voting Status and Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Mailing Deadline"). |
| Publication Deadline | As soon as practicable after entry of the Order, but in no event more than five (5) business days thereafter | The date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice," and such date, the "Publication Deadline"). |
| Plan Supplement Filing Deadline | December 4, 2024 | The date by which the Debtors shall file the Plan Supplement (the "Plan Supplement Deadline"). |

| Voting Deadline | December 11, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and the Opt-In Forms must be properly executed, completed, and submitted so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Solicitation Agent"). |
|---|---|---|
| Confirmation Objection Deadline | December 11, 2024, at 4:00 p.m., prevailing Eastern Time | The deadline by which parties in interest may file objections to confirmation of the Plan (the "Confirmation Objection Deadline"). |
| Deadline to File Voting Report | Two (2) business days prior to the confirmation hearing, at 12:00 p.m., prevailing Eastern Time | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Confirmation Brief and Confirmation Objection Reply Deadline | Two (2) business days prior to the confirmation hearing, at 12:00 p.m., prevailing Eastern Time | Not later than the deadline to file the agenda for the hearing to consider confirmation of the Plan (unless otherwise extended by the Court), as the date by which the Debtors shall file their brief in support of confirmation of the Plan and reply to objections to confirmation of the Plan. |
| Confirmation Hearing Date | December 17, 2024, at 10:30 a.m., prevailing Eastern Time, subject to the Court's availability | The date of the hearing (the "Confirmation Hearing") at which the Court will consider confirmation of the Plan (the "Confirmation Hearing Date"). |

6. The Solicitation Mailing Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan. The Debtors may adjourn the Confirmation Hearing Date and any related dates and deadlines with the Committee's consent not to be unreasonably withheld from time to time, without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

**IV. Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.     The Solicitation Packages to be transmitted on or before the Solicitation Mailing

Deadline, or as soon as reasonably practicable thereafter, to those Holders of Claims entitled to

vote on the Plan as of the Voting Record Date, shall include the following, the form of each of

which is hereby approved:

(1)     a copy of the Solicitation Procedures, substantially in the form attached hereto as **<u>Exhibit 2</u>**;

(2)     the applicable form of Ballots, substantially in the form of the Ballot attached hereto as **<u>Exhibit 3</u>**, together with detailed voting instructions and instructions on how to submit the Ballots;

(3)     the Cover Letter, substantially in the form attached hereto as **<u>Exhibit 5</u>**, describing the contents of the Solicitation Package and urging the Holders of Claims in the Voting Class to vote to accept the Plan;

(4)     a letter from the Committee, substantially in the form attached hereto as **<u>Exhibit 8</u>**;

(5)     the Confirmation Hearing Notice substantially in the form attached hereto as **<u>Exhibit 6</u>**;

(6)     the Plan Supplement Notice substantially in the form attached hereto as **<u>Exhibit 7</u>**;

(7)     the Disclosure Statement, substantially in the from attached hereto as **<u>Exhibit 1</u>** (and exhibits thereto, including the Plan);

(8)     this Order (without exhibits, except for the Solicitation Procedures);

(9)     as applicable, a pre-addressed, postage pre-paid reply envelope; and

(10)    any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.[3]

8.     The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled

to vote on the Plan on or before the Solicitation Mailing Deadline, or as soon as reasonably

---

[3]     The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors.

practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10.      The Debtors are authorized to cause the Solicitation Packages to be delivered via first-class mail and/or distributed in electronic format via e-mail, hyperlink, and/or flash drive, as applicable, through the Solicitation Agent to Holders of Claims in the Voting Classes.  Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the materials previously received in electronic format (to be provided at the Debtors' expense).  To the extent an attorney filed a Proof of Claim on behalf of a Holder of a Class 3 General Unsecured Claim or the Debtors and/or the Solicitation Agent otherwise know that a Holder of a Class 3 General Unsecured Claim is represented by an attorney, the Debtors shall cause the Solicitation Package for such Holder to be delivered through the Solicitation Agent directly to such attorney.

11.      The Debtors and Solicitation Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided to the Solicitation Agent.  Any obligation for the Debtors or the Solicitation Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) is hereby waived.  Furthermore, notwithstanding anything herein to the contrary, neither the Debtors nor the Solicitation Agent shall be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity

from which the notice of the Motion or other mailed notice in this case was returned as undeliverable unless the Solicitation Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

12.    The form of letter (the "<u>Cover Letter</u>"), attached hereto as **<u>Exhibit 5</u>**, describing the contents of the Solicitation Packages, recommending that such parties vote in favor of the Plan and how a Ballot is approved.

13.    The Ballot, which provides an opportunity to opt-in to the Third-Party Release contained in Article X.D. of the Plan, substantially in the form attached hereto as **<u>Exhibits 3</u>** is hereby approved and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

14.    The Debtors are authorized to cause the Notices of Non-Voting Status and Opt-In Forms to be delivered via first-class mail and/or e-mail, as applicable, through the Solicitation Agent to Holders of Claims and Interests in the Non-Voting Classes.

15.    On or before the Solicitation Mailing Deadline, the Debtors (through the Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee (in paper format) and all parties on the Master Service List (in electronic form) as of the Voting Record Date.

16.    The Solicitation Agent is authorized to assist the Debtors in:  (a) distributing the Solicitation Packages and applicable Notices of Non-Voting Status; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) receiving, tabulating, and reporting on the Opt-In Forms received by Holders of Claims and Interests; (d) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the approved Disclosure Statement, the Plan, the Ballots, the Solicitation

Packages, the Notices of Non-Voting Status, the Opt-In Forms, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting into or out of the Third-Party Release, and for objecting to confirmation of the Plan; (e) soliciting votes on the Plan; and (f) if necessary, contacting creditors or interest Holders regarding the Plan and/or the Disclosure Statement.

17.     The Solicitation Agent is also authorized to accept Ballots and Opt-In Forms via electronic online transmission through an online balloting portal on the Debtors' case website (the "Balloting Portal") as set forth in the Solicitation Procedures.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot, Deemed to Accept Opt-In Form, or Deemed to Reject Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots and Opt-In Forms submitted via the Balloting Portal shall be deemed to contain an original signature.

18.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight delivery; (c) personal delivery; (d) the Balloting Portal, as applicable, or (e) electronic mail.

19.     The Solicitation Agent shall retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date.  The Solicitation Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related

correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

20.     The Solicitation Agent shall deliver the Notice of Non-Voting Status with appropriate Deemed to Accept Opt-In Form or Deemed to Reject Opt-In Form to Holders of record as of the Voting Record Date.  The Debtors are authorized to extend the Voting Deadline with the Committee's consent not to be unreasonably withheld and without further order of the Court.

21.     The Debtors and/or the Solicitation Agent, as applicable, are authorized to determine, in consultation with the Committee, all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, which determination will be final and binding absent a contrary ruling by the Court.

22.     The Debtors are authorized to permit Nominees, including agents thereof, to forward the Notice of Non-Voting Status and applicable Deemed to Accept Opt-In Form or Deemed to Reject Opt-In Form (or a summary thereof) to their Beneficial Holder clients by voter information form ("<u>VIF</u>"), e-mail, phone, or other customary means of communication, including an online electronic link to solicitation materials.  Similarly, the Debtors are authorized to permit Nominees to collect the applicable Opt-In Forms from their Beneficial Holder clients by VIF, e-mail, phone, or other customary means of communication, including an electronic link to an online voting platform.

## V.     Approval of the Form of Notices to Non-Voting Classes and Opt-In Forms.

23.     On or before the Solicitation Mailing Deadline, or as soon as reasonably practicable thereafter, the Solicitation Agent shall mail the applicable Notice of Non-Voting Status and Deemed to Accept Opt-In Form or Deemed to Reject Opt-In Form, the forms of which, attached hereto as **<u>Exhibits</u> <u>4A</u>, <u>4B</u>, <u>4C</u>, and <u>4D</u>**, respectively, are hereby approved and comply with the

requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, to those parties

outlined below, who are not entitled to vote on the Plan:

| Class | Status | Treatment |
|---|---|---|
| Class 1 and Class 2 | Unimpaired—Deemed to Accept | Holders of Claims that are deemed to accept the Plan are not entitled to vote. As such, Holders of such Claims, will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4A**, and Deemed to Accept Opt-In Form attached to the Order as **Exhibit 4C** in lieu of a Solicitation Package. |
| Class 6 and Class7 | Impaired—Deemed to Reject | Holders of Claims or Interests that are deemed to reject the Plan are not entitled to vote. As such, Holders of such Claims or Interests will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4B**, and Deemed to Reject Opt-In Form attached to the Order as **Exhibit 4D** in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, Holders of such Claims or Interests will receive a Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4A or 4B** and applicable Deemed to Accept Opt-In Form or Deemed to Reject Opt-In Form. |

24.     The Debtors are not required to distribute Solicitation Packages, other solicitation

materials, or a Notice of Non-Voting Status to: (a) Holders of Claims that have already been paid

in full during the chapter 11 cases or that are otherwise paid in full in the ordinary course of

business pursuant to an order previously entered by this Court; (b) any party to whom the notice

of the Motion was sent but was subsequently returned as undeliverable without a forwarding

address by the Voting Record Date; (c) the holders of Class 4 (Intercompany Claims) and Class 5

(Intercompany Interests); or (d) parties that received a Notice of Non-Voting Status, as applicable.

25.     The Notices of Non-Voting Status and Opt-In Forms shall include, among other

things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including

the Plan and the other exhibits attached thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice to recipients of their status as Holders or potential Holders of Claims or Interests in non-voting classes; (c) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article X of the Plan; and (d) the Opt-In Forms by which Holders could elect to opt-in to the Third-Party Release set forth in Article X.D of the Plan.

## VI.    Approval of the Confirmation Hearing Notice.

26.    The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 6**, which shall be filed by the Debtors and served upon parties in interest in these chapter 11 cases by no later than the Solicitation Mailing Deadline and published in a format modified for publication one time no later than the Publication Deadline, in the *New York Times* (national edition) and the *Financial Times* (global edition) constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VII.    Approval of Notice of Filing of the Plan Supplement.

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement to parties in interest, substantially in the form attached hereto as **Exhibit 7**, within the time periods specified in the Plan.  Notwithstanding the foregoing, the Debtors may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with the Plan.

## VIII.    Non-Substantive Modifications.

28.    The Debtors are authorized to make non-substantive changes, to the Plan, Disclosure Statement, Solicitation Procedures, Ballots, Solicitation Packages, Notices of Non-Voting Status, Opt-In Forms, Confirmation Hearing Notice, Cover Letter, Plan Supplement Notice, and any notice attached hereto, and any related documents without further order of the Bankruptcy Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Packages before distribution.  Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

## IX.    Approval of the Procedures for Filing Objections to the Plan.

29.    Objections to the confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to the confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve each objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties in the Confirmation Hearing Notice on or before **December 11, 2024 at 4:00 p.m.** (prevailing Eastern Time).

## X.    Miscellaneous.

30.    The Debtors' rights are reserved to modify the Plan without further order of the Bankruptcy Court in accordance with <u>Article XII</u> of the Plan, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

31.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

32.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

33.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

34.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

35.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

36.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

37.    For purposes of clarity, the page limit set forth in Local Rule 7007 2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

38.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

39.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

40.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Disclosure Statement**

## Exhibit 2

**Solicitation Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* (as amended, supplemented, or modified from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

    A.    The Voting Record Date.

The Court has approved **July 31, 2024**, as the record date for purposes of determining which Holders of Claims in Class 3 (General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

    B.    The Voting Deadline.

The Court has approved **December 11, 2024, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, with the Committee's consent not to be unreasonably withheld, without further order of the Court.  To be counted as votes to accept or reject the Plan, all ballots ("Ballots") must

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    Capitalized terms used but not defined herein have the meaning given to such terms in the Plan or Disclosure Statement, as applicable.

be properly executed, completed, and delivered by: (1) first class mail; (2) overnight courier; (3) personal delivery; or (4) through the Balloting Portal (as defined below), so that they are ***actually received***, in any case, no later than the Voting Deadline by the Solicitation Agent. All Ballots should be sent: (a) via paper Ballot to Express, Inc., et al. Ballot Processing, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; or (b) via the Balloting Portal to the Solicitation Agent's online portal, by visiting https://cases.stretto.com/express/ (the "Balloting Portal") and following the instructions therein. Holders of Claims or Interests who cast a Ballot using the Balloting Portal should *not* also submit a paper Ballot. In the event a Holder of Claims or Interests casts a Ballot using the Balloting Portal and a paper Ballot, the latter vote actually received by the Solicitation Agent shall be deemed the effective vote. Delivery of a Ballot to the Solicitation Agent by facsimile or electronic means (other than the Balloting Portal) shall not be valid.

C. Form, Content, and Manner of Notices.

(i) The Solicitation Package.

**(ii) The following materials shall constitute the solicitation package (the "Solicitation Package"):**

a. the applicable form of Ballot, substantially in the form annexed as Exhibit 3 to the Disclosure Statement Order, together with detailed voting instructions (as may be modified for particular Classes and with instructions attached thereto) and a pre-addressed, postage prepaid return envelope;

b. a cover letter, substantially in the form annexed as Exhibit 5 to the Disclosure Statement Order;

c. the Disclosure Statement, as approved by the Court (and exhibits attached thereto, including the Plan);

d. a letter from the Committee;

e. these Solicitation Procedures;

f. this Order, without exhibits;

g. the Confirmation Hearing Notice, substantially in the form annexed as Exhibit 6 to the Disclosure Statement Order;

h. the Plan Supplement Notice substantially in the form attached hereto as Exhibit 7;

i. as applicable, a pre-addressed, postage pre-paid envelope; and

j. any additional documents that the Court has ordered to be made available.

(iii)    <u>Distribution of the Solicitation Package</u>.

The Solicitation Package shall provide the Plan, the Disclosure Statement (and exhibits attached thereto, including the Plan and these Solicitation Procedures), and the Disclosure Statement Order (without exhibits) in electronic format, and all other contents of the Solicitation Package, including the Ballot, shall be provided in paper format.  Any party that receives the materials in electronic format but would prefer paper format may contact Stretto, Inc., the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "<u>Solicitation Agent</u>") by:  (a) calling the Debtors' restructuring hotline at (855) 337-3537 (toll free) and (949) 617-1363 (International);    (b) visiting    the    Debtors'    restructuring    website    at: https://cases.stretto.com/express/contact-us/; (c) writing to Express, Inc., et al. Ballot Processing, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; or (d) emailing ExpressBallotInquiries@stretto.com, and requesting paper copies of the corresponding materials.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (except for the Ballot) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date in accordance with the Disclosure Statement Order. In addition, the Debtors shall mail, or cause to be mailed, on or before **November 13, 2024**, Solicitation Packages to all Holders of Claims in classes that are entitled to vote (the "<u>Voting Classes</u>"), as described in section D below.

To avoid duplication and reduce expenses, the Debtors will make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

(iv)    <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event</u>.

      a.    Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

      b.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to the Voting Deadline:  (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status* substantially in the form annexed as <u>Exhibit 4A</u> to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.  A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

      c.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court less than seven days prior

to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes, without further action by the Debtors or the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.     A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline.

    i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    ii.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors (a) resolving the objection and allowing such Claim in an agreed upon amount or (b) agreeing upon an amount in which the Holder of such Claim may vote; or

    iv.    the pending objection is voluntarily withdrawn by the objecting party.

e.     No later than one business day following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot.

(v)    <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 4A</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballot). Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 4B</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballot).

D.    Voting and Tabulation Procedures.

**1.**    <u>Holders of Claims and Interests Entitled to Vote</u>.

Only the following Holders of Claims and Interests in the Voting Classes shall be entitled to vote with regard to such Claims and Interests:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.    Holders of Claims and Interests that are listed in the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>"); *provided* that Claims that are scheduled as contingent, unliquidated or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in section D.2(d) of these Solicitation Procedures;

c.    Holders whose Claims or Interests arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d.    Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.    the assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the claims register as of the Voting Record Date.

**2.**    <u>Establishing Claims or Interests Amounts for Voting Purposes</u>.

If a Proof of Claim is amended, the last filed Proof of Claim shall be subject to these Solicitation Procedures and will supersede any earlier filed Proof of Claim for voting purposes, and any earlier filed Proof of Claim will be disallowed for voting purposes.

**Class 3 Claims**.  The Claims amount of Class 3 General Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 3 Claim holder, as of the Voting Record Date, as evidenced by reference to the Debtors' applicable books and records

**Scheduled Claims**.  The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a. the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b. the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under section C.3(d) of these Solicitation Procedures;

c. the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law) and filed in good faith (in the reasonable discretion of the Debtors), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Solicitation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes; *provided, further,* that if the Debtors determine in their reasonable discretion that the Proof of Claim contains any amount that was not asserted in good faith  (a "Contested Claim"), the Claim amount listed in the Schedules shall be used for voting purposes only and the Debtors shall notify the Holder of the Contested Claim of such determination as soon as reasonably practicable and include the reason(s) for such determination in the Voting Report; *provided, further*, that to the extent the Holder of a Contested Claim disagrees with such determination, the Holder must file any objection with the Court refuting such determination or contact the Debtors to resolve such disagreement within three (3) calendar days

following the earlier of:  (a) the date on which such Holder received notice of a determination that its Claim is a Contested Claim, or (b) the date on which the Voting Report is filed; *provided, further*, that if the Holder of the Contested Claim does not file an objection with the Court specifically refuting the determination that its Claim is a Contested Claim and does not contact the Debtors to resolve such disagreement, such Holder shall be deemed to consent to the amendment of its Proof of Claim to the Claim amount listed in the Schedules for voting purposes only and no further action shall be required by the Debtors or Holder; *provided*, *further*, that if the Debtors determine that any Proof of Claim is a Contested Claim (in the Debtors' reasonable discretion), and the Claim is not listed in the Schedules, the Debtors shall contact the Holder of the Contested Claim to consensually agree upon a Claim amount for voting purposes only and such agreed amount will not require notice or consent of the Court; *provided, further*, that if no agreement is reached regarding the amount of the Contested Claim, the Debtors may file an objection to the Contested Claim and treat such Contested Claim as a Disputed Claim in accordance with Section 3 of these Solicitation Procedures;

d.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote; and

e.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

**3.      Voting and Ballot Tabulation Procedures.**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the Ballot, subject to the Debtors' right to waive any of the below specified requirements after consultation with the Committee, for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules or Local Rules:[3]

a.      except as otherwise provided in these Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors after consultation

---

[3]     The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballot in all respects.  In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the Ballot, the Ballot will control.

with the Committee), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.     the Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

c.     the Debtors will file a voting report (the "Voting Report") with the Court no less than two (2) business days prior to the Confirmation Hearing. The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (each, an "Irregular Ballot"). The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

d.     the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder and, except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

e.     an executed Ballot is required to be submitted by the Entity submitting such Ballot. The Solicitation Agent's Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be valid;

f.     no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g.     if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.     Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes for numerosity;

i.     a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a

fiduciary or representative capacity of a Holder of Claims or Interests must indicate such capacity when signing;

j.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.    neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o.    if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

p.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

q.    a Ballot shall not be counted in determining the acceptance or rejection of the Plan if, among other things: (i) it is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) it was transmitted by facsimile or other electronic means (other than the Balloting Portal); (iii) it was cast by an entity that is not entitled to vote on the Plan; (iv) it was cast for a Claim listed in the Debtors' schedules as contingent, unliquidated or disputed for which the applicable Claims Bar Date has passed and no proof of claim was timely filed; (v) it was cast for a Claim that is subject to an objection pending as of the Voting Record Date (unless temporarily allowed in accordance with the Disclosure Statement Order and these Solicitation Procedures); (vi) it was sent to the Debtors, the

Debtors' agents/representatives (other than the Solicitation Agent), an administrative agent (except as otherwise permitted by the Disclosure Statement Order), or the Debtors' financial or legal advisors instead of the Solicitation Agent; (vii) it is unsigned; or (viii) it is not clearly marked to either accept or reject the Plan or it is marked both to accept and reject the Plan;

r.      after the Voting Deadline, no Ballot may be withdrawn or modified without the Debtors' and Committee's consent;

s.      the Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes; and

t.      where any portion of a single Claim or Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Interest will be (i) treated as a single creditor or equity holder for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted.

E.      Amendments to the Plan and Solicitation Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Order, Plan, Ballot, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

## Exhibit 3

**Class 3 General Unsecured Claims Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                                         |     |                           |
| :-------------------------------------- | :-- | :------------------------ |
|                                         | )   |                           |
| In re:                                  | )   | Chapter 11                |
|                                         | )   |                           |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1]  | )   | Case No. 24-10831 (KBO)   |
|                                         | )   |                           |
| Debtors.                                | )   | (Jointly Administered)    |
|                                         | )   |                           |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE JOINT CHAPTER 11 PLAN OF EXPRESS, INC. AND ITS DEBTOR AFFILIATES**

**CLASS 3 BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
> **COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT**
> **MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE**
> ***ACTUALLY RECEIVED***
> **BY THE SOLICITATION AGENT BY DECEMBER 11, 2024, AT 4:00 P.M.,**
> **PREVAILING EASTERN TIME (THE "VOTING DEADLINE") IN ACCORDANCE**
> **WITH THE FOLLOWING:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3 ballot (this "Class 3 Ballot" or "Ballot") because you are a Holder of a General Unsecured Claim (your "General Unsecured Claim") as July 31, 2024 (the "Voting Record Date").  Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Class 3 Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials).  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.deb.uscourts.gov; or (b) at no charge from Stretto, Inc. (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/express/; (ii) writing to Express, Inc., et al. Claims Processing, c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602; (iii) emailing ExpressBallotInquiries@stretto.com; or (iv) calling the Solicitation Agent at:

U.S. Toll Free:  855-337-3537
International:  949-617-1363

This Class 3 Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Class 3 Ballot in error, or if you believe you have received the wrong Ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your General Unsecured Claim has been placed in Class 3 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot or Notice of Non-Voting Status, as applicable for each such Class.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via Paper Ballot.  Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

**Express, Inc., et al. Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**If you would like to coordinate hand delivery of your Ballot, please send an email to ExpressBallotInquiries@stretto.com and provide the anticipated date and time of your delivery.**

***OR***

**Via the Balloting Portal**.  **Submit your Ballot via the Solicitation Agent's online portal, by visiting https://cases.stretto.com/express/ (the "Balloting Portal").  Click on the "Balloting" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique Password:**_____

**The Solicitation Agent's Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Password is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each Password you receive, as applicable.**

**Holders of Claims who cast a Ballot using the Balloting Portal should NOT also submit a paper Ballot.  In the event you submit a Ballot using the Balloting Portal and a paper Ballot, the last properly executed Ballot timely received shall control.**

**Item 1**.        **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):



**Item 2**.        **Vote on Plan.**

The Holder of the General Unsecured Claims set forth in Item 1 votes to (please check only <u>one</u>)

> **Prior to voting on the Plan, please note the following:**
>
> **If you vote to accept the Plan, the Debtors will seek a finding from the Court that you shall be deemed to have consented to the releases, injunction, and exculpation provisions set forth in Articles X.B, C, E, and F of the Plan.**
>
> **Unless you affirmatively opt in to the Third-Party Release by checking the box in Item 3 below, you shall not be deemed to have consented to the Third-Party Release set forth in Article X.D of the Plan.**
>
> **Please also be advised that the Debtor Release contained in Article X.C of the Plan will be included in the Confirmation Order and that it is separate from and independent of the Third-Party Release.  If you object to the debtor release, you must file an objection with the bankruptcy court in accordance with the procedures described in the disclosure statement order.  Unless you object to the Debtor Release contained in Article X.C of the Plan, you shall be bound by the Debtor Release.**
>
> **The Disclosure Statement and the Plan must be referenced for a complete description of the release, injunction, and exculpation provisions in Articles X.B, C, D, E, and F of the Plan, respectively.**

| | |
|---|---|
| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |

**Item 3**.       **Important information regarding the Third-Party Release.**

**ARTICLE X.D. OF THE PLAN CONTAINS THE FOLLOWING PROVISION:**

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR**

HEREAFTER ARISING, WHETHER IN LAW, EQUITY, CONTRACT, TORT, OR ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF) OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, HOLDERS OF CLAIMS SHALL ONLY BE CONSIDERED RELEASING PARTIES WITH RESPECT TO THE THIRD-PARTY RELEASE TO THE EXTENT THAT SUCH HOLDERS OF CLAIMS OPT INTO GRANTING THE THIRD-PARTY RELEASE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.D, WHICH INCLUDE BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.D IS: (I) CONSENSUAL; (II) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (III) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CLAIMS AND CAUSES OF ACTION; (IV) IN THE BEST INTERESTS OF

**THE DEBTORS, THEIR ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (V) FAIR, EQUITABLE, AND REASONABLE; (VI) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VII) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VIII) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.D</u> SHALL RELEASE ANY RETAINED CAUSE OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE RELEASING PARTIES SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD-PARTY RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.**

\*　　\*　　\*

UNDER THE PLAN, "*RELEASING PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) EACH OF THE WIND-DOWN DEBTORS; (C) THE DIP LENDERS; (D) THE DIP AGENTS; (E) THE PREPETITION LENDERS; (F) THE PREPETITION AGENTS; (G) THE COMMITTEE AND EACH OF ITS MEMBERS; (H) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH CLAUSE (H); AND (L) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (A) THROUGH CLAUSE (K); *PROVIDED* THAT A RELATED PARTY OF A PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) IS A RELEASING PARTY SOLELY TO THE EXTENT THAT SUCH AFFILIATE OR RELATED PARTY WOULD BE OBLIGATED TO GRANT A RELEASE UNDER PRINCIPLES OF AGENCY IF IT WERE SO DIRECTED BY SUCH PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) TO WHOM THEY ARE RELATED; *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASING PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASING PARTY."

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) EACH DEBTOR RELATED PARTY; (C) EACH OF THE WIND-DOWN DEBTORS; (D) THE DIP LENDERS; (E) THE DIP

AGENTS; (F) THE PREPETITION LENDERS; (G) THE PREPETITION AGENTS; (H) THE COMMITTEE AND EACH OF ITS MEMBERS; (I) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; *PROVIDED, HOWEVER,* THAT ANY PARTY THAT IS REQUIRED TO OPT IN TO THE RELEASES CONTAINED IN THE PLAN THAT DOES NOT DO SO SHALL NOT BE A "RELEASED PARTY"; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) AND CLAUSES (C) THROUGH (I), EXCEPT TO THE EXTENT THAT ANY SUCH AFFILIATE WOULD OTHERWISE CONSTITUTE A NON-RELEASED PARTY; *PROVIDED, THAT* WHP AND THE IP LICENSORS SHALL NOT BE "RELEASED PARTIES" SOLELY ON ACCOUNT OF THEIR STATUS AS "AFFILIATES" OF THE DEBTORS, ANY DEBTOR RELATED PARTY, OR THE WIND-DOWN DEBTORS; (K) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (D) THROUGH CLAUSE (J); *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASED PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASED PARTY".  FOR THE AVOIDANCE OF DOUBT, NO (X) RELATED PARTY OF A NON-RELEASED PARTY NOR (Y) ANY FORMER DIRECTOR OR OFFICER (WHO DID NOT SERVE AS A DIRECTOR OR OFFICER ON OR AFTER THE PETITION DATE) SHALL BE A "RELEASED PARTY" IN ANY OTHER CAPACITY (INCLUDING, WITHOUT LIMITATION, IF SUCH PERSON SERVED AS A CONSULTANT OR ADVISOR), AND ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST SUCH PERSONS (IDENTIFIED IN (X) AND (Y)) SHALL BE PRESERVED AND NOT RELEASED IN ACCORDANCE WITH THIS PLAN.

**Optional Third-Party Release Election**

If you voted to accept or reject the Plan in Item 2 above or elected not to vote to accept or reject the Plan in Item 2 above, check this box if you elect **to** grant the release contained in Article X.D of the Plan.  Election to withhold consent to the releases contained in Article X.D of the Plan is at your discretion.  If you submit your Ballot with this box checked, you will be deemed to consent to the releases contained in Article X.D of the Plan to the fullest extent permitted by applicable law.  If you voted to accept the Plan in Item 2 above, you will not be deemed to consent to the releases contained in Article X.D. of the Plan unless you check this box.  If you do not submit this Ballot, you will not be deemed to consent to the releases contained in Article X.D of the Plan.

   The undersigned elects **to** grant the releases contained in Article X.D of the Plan

**Item 4.**   **Certifications.**

By signing this Class 3 Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

  (a)   as of the Voting Record Date, either:  (i) the Entity is the Holder of the General Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the General Unsecured Claims being voted;

(b)     the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Entity has cast the same vote with respect to all General Unsecured Claims; and

(d)     no other Class 3 Ballots with respect to the amount of the General Unsecured Claims identified in Item 1 have been cast or, if any other Class 3 Ballots have been cast with respect to such General Unsecured Claims, then any such earlier Class 3 Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE DECEMBER 11, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

## INSTRUCTIONS FOR COMPLETING THIS CLASS 3 BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Class 3 Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 3 Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  To ensure that your Class 3 Ballot is counted, you *must either*:  (a) complete and submit this hard copy Class 3 Ballot or (b) vote through the Balloting Portal accessible through the Debtors' restructuring website at https://cases.stretto.com/express/.  **Ballots will not be accepted by facsimile or electronic means (other than the Balloting Portal).**

4.  **Use of Ballot.**  To ensure that your Class 3 Ballot is counted, you must:  (a) complete your Class 3 Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3 Ballot; and (c) clearly sign and submit your Class 3 Ballot as instructed herein.

5.  **Use of Online Ballot Portal**.  To ensure that your electronic Class 3 Ballot is counted, please follow the instructions on the Debtors' case administration website at https://cases.stretto.com/express/.  You will need to enter your unique password indicated above.  The Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  **Ballots will not be accepted by facsimile or electronic means (other than the Balloting Portal).**

6.  Your Class 3 Ballot *must* be returned to the Solicitation Agent so as to be *actually received* by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is <u>December 11, 2024, at 4:00 p.m.</u>, prevailing Eastern Time.**

7.  If a Class 3 Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, **the following Class 3 Ballots will *not* be counted**:

    (a)    any Class 3 Ballot that partially rejects and partially accepts the Plan;

    (b)    Class 3 Ballots sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), any agent, indenture trustee, or the Debtors' financial or legal advisors;

(c)       Class 3 Ballots sent by facsimile or any electronic means other than via the Balloting Portal;

(d)       any Class 3 Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

(e)       any Class 3 Ballot cast by an Entity that does not hold a Claim in Class 3;

(f)       any Class 3 Ballot submitted by a Holder not entitled to vote on the Plan;

(g)       any unsigned Class 3 Ballot (for the avoidance of doubt, Ballots validly submitted through the Balloting Portal will be deemed signed); and/or

(i)       any Class 3 Ballot not marked to accept or reject the Plan or any Class 3 Ballot marked both to accept and reject the Plan.

8.      The method of delivery of Class 3 Ballots to the Solicitation Agent is at the election and risk of each Holder of a General Unsecured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent ***actually receives*** the originally executed Class 3 Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.      If multiple Class 3 Ballots are received from the same Holder of General Unsecured Claims with respect to the same General Unsecured Claims prior to the Voting Deadline, the latest, timely received, and properly completed Class 3 Ballot will supersede and revoke any earlier received Class 3 Ballots. If you wish to change your vote on the Plan prior to the Voting Deadline, please contact the Solicitation Agent at ExpressBallotInquiries@stretto.com.

10.     You must vote all of your General Unsecured Claims within Class 3 either to accept or reject the Plan and may ***not*** split your vote. Further, if a Holder has multiple Class 3 General Unsecured Claims, the Debtors may aggregate the Class 3 General Unsecured Claims of any particular Holder with multiple Class 3 General Unsecured Claims for the purpose of counting votes.

11.     This Class 3 Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.     **<u>Please be sure to sign and date your Class 3 Ballot</u>**. If you are signing a Class 3 Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3 Ballot.

**PLEASE SUBMIT YOUR CLASS 3 BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S. TOLL FREE: 855-337-3537**
**INTERNATIONAL: 949-617-1363**

**OR EMAIL EXPRESSBALLOTINQUIRIES@STRETTO.COM.**

**IF THE SOLICITATION AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE DECEMBER 11, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED) YOUR VOTE TRANSMITTED BY THIS CLASS 3 BALLOT WILL NOT BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

## Exhibit 4A

**Form of Unimpaired Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY DEEMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Joint Chapter 11 Plan Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **December 17, 2024**, at **10:30 a.m.** prevailing Eastern Time, before the Honorable Karen B. Owens, in the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]     Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **December 11, 2024,** at **4:00 p.m.** prevailing Eastern Time (the "Confirmation Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve each objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties in the Confirmation Hearing Notice on or before December 11, 2024 at 4:00 p.m. (prevailing Eastern Time):

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents free of charge, contact Stretto, Inc., the voting and claims agent retained by the Debtors in the chapter 11 cases by: (a) calling the Debtors' restructuring hotline at (855) 337-3537 (toll free) or (949) 617-1363 (international); (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/express/ and clicking on the link for the Plan and Disclosure Statement; (c) writing to Express, Inc. *et. al.*, c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602; and/or (d) emailing ExpressBallotInquiries@stretto.com. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP** <br> Attn: Joshua A. Sussberg, P.C. <br> Attn: Emily E. Geier, P.C. <br> Attn: Nicholas M. Adzima <br> 601 Lexington Avenue <br> New York, New York 10022 <br> jsussberg@kirkland.com <br> emily.geier@kirkland.com <br> nicholas.adzima@kirkland.com <br><br> -and- <br><br> **KIRKLAND & ELLIS LLP** <br> Attn: Charles B. Sterrett <br> 333 West Wolf Point Plaza <br> Chicago, Illinois 60654 <br> charles.sterrett@kirkland.com | **KLEHR HARRISON HARVEY BRANZBURG LLP** <br> Attn: Domenic E. Pacitti (DE Bar No. 3989) <br> Attn: Michael W. Yurkewicz (DE Bar No. 4165) <br> Attn: Alyssa M. Radovanovich (DE Bar No. 7101) <br> 919 North Market Street, Suite 1000 <br> Wilmington, Delaware 19801 <br> dpacitti@klehr.com <br> myurkewicz@klehr.com <br> aradovanovich@klehr.com |

| *U.S. Trustee* |
| --- |
| **THE OFFICE OF THE UNITED STATES**<br>**TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  John Schanne<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>John.Schanne@usdoj.gov |
| *Counsel to the Committee* |
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Adam Rogoff<br>Attn:  Robert Schmidt<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036<br>arogoff@kramerlevin.com<br>rschmidt@kramerlevin.com<br>nallard@kramerlevin.com<br><br>-and-<br><br>**SAUL EWING LLP**<br>Attn:  Luke Murley<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>luke.murley@saul.com |

ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE X.D. CONTAINS A THIRD-PARTY RELEASE**. PURSUANT TO THE PLAN YOU ARE DEEMED TO ACCEPT THE PLAN BUT ARE NOT DEEMED TO HAVE CONSENTED TO THE RELEASE SET FORTH IN ARTICLE X.D, UNLESS YOU FILE A TIMELY DEEMED TO ACCEPT OPT-IN FORM.  YOU MAY OPT-IN TO THE RELEASE BY COMPLETING AND RETURNING THE DEEMED TO ACCEPT OPT-IN FORM BY THE VOTING DEADLINE.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**PLEASE ALSO BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE X.C OF THE PLAN WILL BE INCLUDED IN THE CONFIRMATION ORDER AND THAT IT IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN, YOU MAY WISH TO CONTACT A LAWYER.  IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION REGARDING THE PLAN OR ANYTHING STATED HEREIN, CONTACT THE SOLICITATION AGENT.  PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

Dated:  [●], 2024
Wilmington, Delaware

/s/
_____

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:         dpacitti@klehr.com
                    myurkewicz@klehr.com
                    aradovanovich@klehr.com


-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:         mbranzburg@klehr.com


*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         joshua.sussberg@kirkland.com
                    emily.geier@kirkland.com
                    nicholas.adzima@kirkland.com


-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         charles.sterrett@kirkland.com


*Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 4B**

**Form of Impaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"):  (a) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690] (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Disclosure Statement</u>"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, *you are not entitled to vote on the Plan*.  Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") will commence on **December 17, 2024**, at **10:30 a.m.** prevailing Eastern Time, before the Honorable Karen B.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

Owens, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **December 11, 2024**, at **4:00 p.m.** prevailing Eastern Time (the "Confirmation and Final Disclosure Statement Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve each objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties in the Confirmation Hearing Notice on or before December 11, 2024 at 4:00 p.m. (prevailing Eastern Time):

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, P.C.<br>Attn:  Emily E. Geier, P.C.<br>Attn:  Nicholas M. Adzima<br>601 Lexington Avenue<br>New York, New York 10022<br>jsussberg@kirkland.com<br>emily.geier@kirkland.com<br>nicholas.adzima@kirkland.com<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn:  Charles B. Sterrett<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>charles.sterrett@kirkland.com | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn:  Domenic E. Pacitti (DE Bar No. 3989)<br>Attn:  Michael W. Yurkewicz (DE Bar No. 4165)<br>Attn:  Alyssa M. Radovanovich (DE Bar No. 7101)<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>dpacitti@klehr.com<br>myurkewicz@klehr.com<br>aradovanovich@klehr.com |
| *U.S. Trustee* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  John Schanne<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>John.Schanne@usdoj.gov | |

| *Counsel to the Committee* |
|:---:|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Adam Rogoff<br>Attn:  Robert Schmidt<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036<br>arogoff@kramerlevin.com<br>rschmidt@kramerlevin.com<br>nallard@kramerlevin.com<br><br>-and-<br><br>**SAUL EWING LLP**<br>Attn:  Luke Murley<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>luke.murley@saul.com |

   **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents free of charge, contact Stretto, Inc., the voting and claims agent retained by the Debtors in the chapter 11 cases by:  (a) calling the Debtors' restructuring hotline at (855) 337-3537 (toll free) or (949) 617-1363 (international); (b) visiting the Debtors' restructuring website at: https://cases.stretto.com/express/ and clicking on the link for the Plan and Disclosure Statement; (c) writing to Express, Inc. *et. al.*, c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602; and/or (d) emailing ExpressBallotInquiries@stretto.com.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE X.D CONTAINS A THIRD-PARTY RELEASE**. PURSUANT TO THE PLAN YOU ARE DEEMED TO REJECT THE PLAN AND THEREFORE ARE DEEMED TO HAVE REJECTED THE RELEASE SET FORTH IN ARTICLE X.D.  YOU MAY OPT-IN TO THE RELEASE BY COMPLETING AND RETURNING THE DEEMED TO REJECT OPT-IN FORM BY THE VOTING DEADLINE. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**PLEASE ALSO BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE X.C OF THE PLAN WILL BE INCLUDED IN THE CONFIRMATION ORDER AND THAT IT IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN, YOU MAY WISH TO CONTACT A LAWYER.  IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION REGARDING THE PLAN OR ANYTHING STATED HEREIN, CONTACT THE SOLICITATION AGENT. PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

[*Remainder of page intentionally left blank*]

Dated: [●], 2024
Wilmington, Delaware

/s/
_____

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:        dpacitti@klehr.com
              myurkewicz@klehr.com
              aradovanovich@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:        mbranzburg@klehr.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              emily.geier@kirkland.com
              nicholas.adzima@kirkland.com

-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit 4C**

**Optional Deemed to Accept Opt-In Form**

## <u>OPTIONAL:  DEEMED TO ACCEPT OPT-IN RELEASE FORM</u>

**What is this form?  This optional form (the "<u>Opt-In Form</u>") gives you the opportunity to opt-in to granting the Third-Party Release described below.**

**Who should fill out this form?  You should only consider filling out this form if you have a Claim against, or Interest in, the Debtors, and are deemed to accept the Plan.  If you are unsure whether you hold such a Claim or Interest, you should consult your own attorney.**

**What is the Third-Party Release?  If you have a claim against, or Interest in, the Debtors, and are not in Class 3 you are not by default deemed to grant the Third-Party Release.  If you want to opt-in to the Third-Party Release, you must fill out and return this form.  That means you will release, that is, waive or give up, certain legal claims you might have against the parties identified as the "Released Parties" on this form.  If you are unsure whether you have any such claims against the Released Parties, you should consult your own attorney.**

**How do I opt-in to the Third-Party Release?  Complete this form and return it as instructed below.  If you are unsure how to complete the form, you should consult your own attorney.**

**Will this affect my treatment under the Plan?  No.  Whether you choose to opt-in to the Third-Party Release or not will have no effect on your treatment under the Plan.  If you have received this Opt-In Form, your claim is unimpaired under the Plan and you are deemed to accept the Plan.**

**What am I being asked to do?  You have the option of opting in to granting the Third-Party Release.  If you do not wish to opt-in, you do not need to do anything, and you will be deemed to reject the Third-Party Release.  If you are uncertain as to whether you should opt-in, you should consult your own attorney.**

**When is the deadline to submit this form?  If you wish to opt-in, this form must be actually received by the Solicitation Agent by December 11, 2024, at 4:00 p.m. Prevailing Eastern Time, as set forth on the following page.**

> **You should read the rest of this form thoroughly.  This summary is qualified in all respects by the information set forth below.  If you have any questions regarding what this form does, you should consult your own attorney.**

You are receiving this Opt-In Form because the Debtors' books and records indicate you are or may be a Holder of a Claim or Interest that is deemed to accept the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan").  Holders of such Claims and Interests are deemed to reject the Third-Party Release set forth below unless a Holder affirmatively opts in on or before the Voting Deadline.

**If you believe you are a Holder of a Claim or Interest with respect to Express, Inc. or any of its Debtor affiliates and choose to opt-in to the Third-Party Release set forth in Article X.D of the Plan, please complete, sign, and date this Opt-In Form and return it promptly** via first class mail (in the enclosed reply envelope provided), overnight courier, or hand delivery to Stretto, Inc. (the "Solicitation Agent") at the address set forth below, or via the Solicitation Agent's Balloting Portal:

---

**Express, Inc., et al. Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

---

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY DECEMBER 11, 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME).  IF THE OPT-IN FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED OR EFFECTIVE.**

**Item 1. Amount of Claim or Interest.**

The undersigned hereby certifies that, as of July 31, 2024 (the "**Voting Record Date**"), the undersigned was the Holder of a Claim or Interest in one or more of the following classes: (a) Class 1 Other Secured Claims, o r (b) Class 2 Other Priority Claims.  For the avoidance of doubt, each entity should only submit one Opt-In Form for all Claims and/or Interests it holds.

---

Class 1 Other Secured Claims Amount $_____

OR

Class 2 Other Priority Claims Amount $_____

---

**Item 2**.       **Important information regarding the Third-Party Release.**

**ARTICLE X OF THE PLAN CONTAINS THE FOLLOWING RELEASE, INJUNCTION AND RELATED PROVISIONS:**

**C.**       *Debtor Releases.*

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE DEBTORS AND THEIR ESTATES AND, IF APPLICABLE, THE WIND-DOWN DEBTORS, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, OR THROUGH, FOR, OR BECAUSE OF, THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING ANY AVOIDANCE ACTIONS AND ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR UNDER FEDERAL OR STATE STATUTORY OF COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN, OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES AND RELATED ADVERSARY PROCEEDINGS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE

3

FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, IN ALL CASES UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.C BY THE DEBTORS, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.C IS:  (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND-DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN, INCLUDING COOPERATION WITH THE INVESTIGATION, COMMENCEMENT AND PURSUIT OF THE RETAINED CAUSES OF ACTION; (II) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (III) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE, AND REASONABLE; (V) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VI) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VII) A BAR TO ANY OF THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS OR THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS ARTICLE X.C SHALL RELEASE ANY RETAINED CAUSES OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FURTHER, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE DEBTORS SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.  NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE DEBTOR RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.

**D.**          *Third Party Release.*

EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREAFTER ARISING, WHETHER IN LAW, EQUITY, CONTRACT, TORT, OR ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF) OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE

CHAPTER 11 CASES, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, HOLDERS OF CLAIMS SHALL ONLY BE CONSIDERED RELEASING PARTIES WITH RESPECT TO THE THIRD-PARTY RELEASE TO THE EXTENT THAT SUCH HOLDERS OF CLAIMS OPT INTO GRANTING THE THIRD-PARTY RELEASE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.D, WHICH INCLUDE BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.D IS:  (I) CONSENSUAL; (II) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (III) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CLAIMS AND CAUSES OF ACTION; (IV) IN THE BEST INTERESTS OF THE DEBTORS, THEIR ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (V) FAIR, EQUITABLE, AND REASONABLE; (VI) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VII) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VIII) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS ARTICLE X.D SHALL RELEASE ANY RETAINED CAUSE OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE RELEASING PARTIES SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD-PARTY RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.

E.        *Exculpations.*

EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR

**LIMITING EITHER THE DEBTOR RELEASE OR THE THIRD-PARTY RELEASE, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CLAIM OR CAUSE OF ACTION FOR ANY ACT OR OMISSION ARISING ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE ADMINISTRATION OF THE CHAPTER 11 CASES, COMMENCEMENT OF THE CHAPTER 11 CASES, PURSUIT OF CONFIRMATION AND CONSUMMATION OF THIS PLAN, THE MAKING OF DISTRIBUTIONS, THE DISCLOSURE STATEMENT, THE SALE PROCESS, THE SALE ORDER, OR THE SOLICITATION OF VOTES FOR, OR CONFIRMATION OF, THIS PLAN, THE OCCURRENCE OF THE EFFECTIVE DATE, THE ADMINISTRATION OF THIS PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN, THE ISSUANCE OF SECURITIES UNDER OR IN CONNECTION WITH THIS PLAN, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY ASSET OR SECURITY OF THE DEBTORS, OR THE TRANSACTIONS OR DOCUMENTATION IN FURTHERANCE OF ANY OF THE FOREGOING, INCLUDING ANY POSTPETITION, PRE-EFFECTIVE DATE ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF ANY SALE, RESTRUCTURING, OR LIQUIDATION OF THE DEBTORS, THE APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OR CONSUMMATION OF THIS PLAN, *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL NOT OPERATE TO WAIVE OR RELEASE: (I) ANY CAUSES OF ACTION ARISING FROM WILLFUL MISCONDUCT, ACTUAL FRAUD, OR GROSS NEGLIGENCE OF SUCH APPLICABLE EXCULPATED PARTY AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (II) THE RIGHTS OF ANY PERSON OR ENTITY TO ENFORCE THIS PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS AND DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THIS PLAN OR ASSUMED PURSUANT TO THIS PLAN OR FINAL ORDER OF THE BANKRUPTCY COURT; *PROVIDED, FURTHER*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING ITS RESPECTIVE DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE ABOVE REFERENCED DOCUMENTS, ACTIONS OR INACTIONS.  THE FOREGOING EXCULPATION SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON. NOTWITHSTANDING THE FOREGOING, NOTHING IN THIS <u>ARTICLE X.E</u> SHALL OR SHALL BE DEEMED TO PROHIBIT THE DEBTORS FROM ASSERTING AND ENFORCING ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION OR LIABILITIES THEY MAY HAVE AGAINST ANY PERSON THAT IS BASED UPON AN ALLEGED BREACH OF A CONFIDENTIALITY OR NON-COMPETE OBLIGATION OWED TO THE DEBTORS, IN EACH CASE UNLESS OTHERWISE EXPRESSLY PROVIDED FOR IN THIS PLAN. THE EXCULPATION WILL BE IN ADDITION TO, AND NOT IN LIMITATION OF,**

**ALL OTHER RELEASES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS ARTICLE X.E SHALL RELEASE OR EXCULPATE ANY RETAINED CAUSE OF ACTION OR NON-RELEASED PARTY. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION SHALL NOT AFFECT, LIMIT, EXCULPATE OR RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.**

F.      *Injunction.*

**EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EXCEPT AS PROVIDED IN ARTICLE X.L OF THE PLAN, AND EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS ISSUED OR REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO THIS ARTICLE X OF THE PLAN, WHETHER RELEASED PURSUANT TO THE DEBTOR RELEASE, RELEASED PURSUANT TO THE THIRD-PARTY RELEASE, OR RELEASED PURSUANT TO ANOTHER PROVISION OF THE PLAN (INCLUDING THE RELEASE OF LIENS PURSUANT TO ARTICLE X.B OF THE PLAN), OR ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE X.E OF THE PLAN, ARE ENJOINED ((A) IN THE CASE OF THE DEBTORS AND THE WIND-DOWN DEBTORS, FROM AND AFTER THE EFFECTIVE DATE, THROUGH AND UNTIL THE DATE UPON WHICH ALL REMAINING PROPERTY OF THE DEBTORS' ESTATES VESTS INTO THE WIND-DOWN DEBTORS, AND HAS BEEN LIQUIDATED AND DISTRIBUTED IN ACCORDANCE WITH THE TERMS OF THE PLAN, AND (B) IN THE CASE OF THE RELEASED PARTIES, THE EXCULPATED PARTIES, AND ALL OTHER PERSONS AND ENTITIES OTHER THAN THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE, PERMANENTLY) FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, IN EACH CASE TO THE EXTENT PROVIDED BY THE RELEVANT RELEASE, EXCULPATION, OR OTHER PLAN PROVISION:  (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH**

8

OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND, AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED OR SETTLED PURSUANT TO THE PLAN.

OTHER THAN THE WIND-DOWN DEBTORS, THE PLAN ADMINISTRATOR, OR THE LIQUIDATING TRUST OR LIQUIDATING TRUSTEE, AS APPLICABLE, NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, AS APPLICABLE, THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION SUBJECT TO ARTICLE X.B, ARTICLE X.C, ARTICLE X.D, OR ARTICLE X.E HEREOF, WITHOUT THE BANKRUPTCY COURT (I) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, AND (II) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, WIND-DOWN DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY.

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER OR REINSTATEMENT OF SUCH CLAIM OR INTEREST, AS APPLICABLE, PURSUANT TO THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH IN THIS ARTICLE X.F OF THE PLAN.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, AS OF THE EFFECTIVE DATE, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN AND SALE ORDER, ALL PERSONS OR ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR

**INTERESTS THAT ARE TREATED UNDER THE PLAN SHALL BE PRECLUDED AND PERMANENTLY ENJOINED ON AND AFTER THE EFFECTIVE DATE FROM ENFORCING, PURSUING, OR SEEKING ANY SETOFF OR RELIEF WITH RESPECT TO SUCH CLAIM OR INTEREST FROM THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS, EXCEPT FOR THE RECEIPT OF THE PAYMENTS OR DISTRIBUTIONS, IF ANY, THAT ARE CONTEMPLATED BY THE PLAN FROM THE WIND-DOWN DEBTORS, OR OTHERWISE CONTEMPLATED UNDER THE SALE ORDER.  SUCH INJUNCTION WILL NOT ENJOIN PERSONS OR ENTITIES THAT DO NOT CONSENT TO THE THIRD-PARTY RELEASE FROM PURSUING ANY DIRECT (BUT NOT DERIVATIVE) CLAIMS OR CAUSE OF ACTION SUCH PERSONS OR ENTITIES MAY HAVE AGAINST RELEASED PARTIES OTHER THAN THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THIS ARTICLE X.F SHALL NOT ENJOIN THE WIND-DOWN DEBTORS' OR LIQUIDATING TRUST'S PURSUIT OF ANY RETAINED CAUSES OF ACTION OR CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY.**

\*      \*      \*

UNDER THE PLAN, "*RELEASING PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) EACH OF THE WIND-DOWN DEBTORS; (C) THE DIP LENDERS; (D) THE DIP AGENTS; (E) THE PREPETITION LENDERS; (F) THE PREPETITION AGENTS; (G) THE COMMITTEE AND EACH OF ITS MEMBERS; (H) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH CLAUSE (H); AND (L) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (A) THROUGH CLAUSE (K); *PROVIDED* THAT A RELATED PARTY OF A PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) IS A RELEASING PARTY SOLELY TO THE EXTENT THAT SUCH AFFILIATE OR RELATED PARTY WOULD BE OBLIGATED TO GRANT A RELEASE UNDER PRINCIPLES OF AGENCY IF IT WERE SO DIRECTED BY SUCH PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) TO WHOM THEY ARE RELATED; *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASING PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASING PARTY."

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) EACH DEBTOR RELATED PARTY; (C) EACH OF THE WIND-DOWN DEBTORS; (D) THE DIP LENDERS; (E) THE DIP AGENTS; (F) THE PREPETITION LENDERS; (G) THE PREPETITION AGENTS; (H) THE COMMITTEE AND EACH OF ITS MEMBERS; (I) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; *PROVIDED, HOWEVER,* THAT ANY PARTY THAT IS REQUIRED TO OPT IN TO THE RELEASES CONTAINED IN THE PLAN THAT DOES NOT DO SO SHALL NOT BE A "RELEASED

PARTY"; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) AND CLAUSES (C) THROUGH (I), EXCEPT TO THE EXTENT THAT ANY SUCH AFFILIATE WOULD OTHERWISE CONSTITUTE A NON-RELEASED PARTY; *PROVIDED, THAT* WHP AND THE IP LICENSORS SHALL NOT BE "RELEASED PARTIES" SOLELY ON ACCOUNT OF THEIR STATUS AS "AFFILIATES" OF THE DEBTORS, ANY DEBTOR RELATED PARTY, OR THE WIND-DOWN DEBTORS; (K) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (D) THROUGH CLAUSE (J); *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASED PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASED PARTY". FOR THE AVOIDANCE OF DOUBT, NO (X) RELATED PARTY OF A NON-RELEASED PARTY NOR (Y) ANY FORMER DIRECTOR OR OFFICER (WHO DID NOT SERVE AS A DIRECTOR OR OFFICER ON OR AFTER THE PETITION DATE) SHALL BE A "RELEASED PARTY" IN ANY OTHER CAPACITY (INCLUDING, WITHOUT LIMITATION, IF SUCH PERSON SERVED AS A CONSULTANT OR ADVISOR), AND ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST SUCH PERSONS (IDENTIFIED IN (X) AND (Y)) SHALL BE PRESERVED AND NOT RELEASED IN ACCORDANCE WITH THIS PLAN.

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASES CONTAINED IN ARTICLE X.D OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> YOU CHECK THE BOX BELOW AND SUBMIT THE DEEMED TO ACCEPT OPT-IN FORM BY THE VOTING DEADLINE.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION. PLEASE BE ADVISED THAT IF YOU WOULD OTHERWISE FALL WITHIN THE DEFINITION OF A "RELEASED PARTY" AND DO NOT ELECT TO OPT-IN TO THE THIRD-PARTY RELEASE, YOU WILL NO LONGER BE A "RELEASED PARTY."

☐    By checking this box, you elect to opt-in to the Third-Party Release.

PLEASE BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE X.C OF THE PLAN WILL BE INCLUDED IN THE CONFIRMATION ORDER AND THAT IT IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.

**<u>Item 3</u>.  Certifications.**

By signing this Opt-In Form, the undersigned certifies that:

(a)    as of the Voting Record Date, either: (i) the Holder is the Holder of the Claims or Interests set forth in Item 1; or (ii) the Holder is an authorized signatory for an entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)    the Holder has received a copy of the *Notice of Non-Voting Status* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)      for a Holder of Claims or Interests, the Holder has submitted the same respective election concerning the releases with respect to all Claims or Interests set forth in Item 1; and

(d)      no other Opt-In Form with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF YOU WISH TO OPT-IN, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT TO THE SOLICITATION AGENT (I) VIA STRETTO'S BALLOTING PORTAL OR (II) BY MAIL, OVERNIGHT OR HAND DELIVERY TO:**

**Express, Inc., et al. Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**THE VOTING DEADLINE IS DECEMBER 11, 2024 AT 4:00 P.M.**

| (PREVAILING EASTERN TIME). |
|---|

**Via the Balloting Portal.**  Submit your Opt-In Form via the Solicitation Agent's online portal, by visiting https://cases.stretto.com/express/ (the "**Balloting Portal**").   Click on the "Balloting" section of the website and follow the instructions to submit your Opt-In Form.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Opt-In Form:**

**Unique Password:_____**

**The Solicitation Agent's Balloting Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission.  Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each password is to be used solely for voting only those Claims described in Item 1 of your electronic Opt-In Form.  Please complete and submit an electronic Opt-In Form for each password you receive, as applicable.**

**Holders of Claims who cast an Opt-In Form using the Balloting Portal should NOT also submit a paper Opt-In Form.  In the event you submit an Opt-In Form using the Balloting Portal and a paper Opt-In Form, the last properly executed Opt-In Form timely received shall control.**

**Exhibit 4(D)**

**Optional Deemed to Reject Opt-In Form**

## <u>OPTIONAL:  DEEMED TO REJECT OPT-IN RELEASE FORM</u>

**What is this form?  This optional form (the "<u>Opt-In Form</u>") gives you the opportunity to opt-in to granting the Third-Party Release described below.**

**Who should fill out this form?  You should only consider filling out this form if you have a Claim against, or Interest in, the Debtors, and are deemed to reject the Plan.  If you are unsure whether you hold such a Claim or Interest, you should consult your own attorney.**

**What is the Third-Party Release?  Because you are deemed to reject the Plan, you are by default deemed to be excluded from the Third-Party Release.  By being excluded from the Third-Party Release, you preserve certain legal claims you might have against the Released Parties.  If you are unsure whether you have any such claims against the Released Parties, you should consult your own attorney.**

**How do I opt-in to the Third-Party Release?  Complete this form and return it as instructed below.  If you are unsure how to complete the form, you should consult your own attorney.**

**Will this affect my treatment under the Plan?  No.  Whether you choose to opt-in to the Third-Party Release or not will have no effect on your treatment under the Plan.  If you have received this Opt-In Form, you are not entitled to any distribution under the Plan.**

**What am I being asked to do?  You have the option of opting in to granting the Third-Party Release.  If you do not wish to opt-in, you do not need to do anything, and you will be deemed to reject the Third-Party Release.  If you are uncertain as to whether you should opt-in, you should consult your own attorney.**

**When is the deadline to submit this form?  If you wish to opt-in, this form must be actually received by the Solicitation Agent by December 11, at 4:00 p.m. Prevailing Eastern Time, as set forth on the following page.**

> **You should read the rest of this form thoroughly. This summary is qualified in all respects by the information set forth below.  If you have any questions regarding what this form does, you should consult your own attorney.**

You are receiving this Opt-In Form because the Debtors' books and records indicate you are or may be a Holder of a Claim or Interest that is deemed to reject the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan").  Holders of such Claims and Interests are deemed to reject the Third-Party Release set forth below unless a Holder affirmatively opts in on or before the Voting Deadline.

**If you believe you are a Holder of a Claim or Interest with respect to Express, Inc. or any of its Debtor affiliates and choose to opt-in to the Third-Party Release set forth in Article X.D of the Plan, please complete, sign, and date this Opt-In Form and return it promptly** via first class mail (in the enclosed reply envelope provided), overnight courier, or hand delivery to Stretto, Inc. (the "Solicitation Agent") at the address set forth below, or via the Solicitation Agent's Balloting Portal:

---

**Express, Inc., et al. Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

---

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY DECEMBER 11, 2024, AT 4:00 P.M. (PREVAILING EASTERN TIME).  IF THE OPT-IN FORM IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED OR EFFECTIVE.**

**Item 1**. Amount of Claim or Interest.

The undersigned hereby certifies that, as of July 31, 2024 (the "**Voting Record Date**"), the undersigned was the Holder of a Claim or Interest in one or more of the following classes: (a) Class 4 Intercompany Claims, (b) Class 5 Intercompany Interests, (c) Class 6 Existing Equity Interests in Express, and (d) Class 7 Section 501(b) Claims  For the avoidance of doubt, each entity should only submit one Opt-In Form for all Claims and/or Interests it holds.

Class 4 Intercompany Claims Amount $_____

OR

Class 5 Intercompany Interests Amount $_____

OR

Class 6 Existing Equity Interests In Express Amount
$_____

OR

Class 7 Section 510(b) Claims Amount $_____

**Item 2.**        **Important information regarding the Third-Party Release.**

**ARTICLE X OF THE PLAN CONTAINS THE FOLLOWING RELEASE, INJUNCTION AND RELATED PROVISIONS:**

C.        *Debtor Releases.*

**NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE DEBTORS AND THEIR ESTATES AND, IF APPLICABLE, THE WIND-DOWN DEBTORS, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, OR THROUGH, FOR, OR BECAUSE OF, THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING ANY AVOIDANCE ACTIONS AND ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR UNDER FEDERAL OR STATE STATUTORY OF COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN, OR DOMESTIC**

3

LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES AND RELATED ADVERSARY PROCEEDINGS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, IN ALL CASES UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.C BY THE DEBTORS, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.C IS: (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND-DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN, INCLUDING COOPERATION WITH THE INVESTIGATION, COMMENCEMENT AND PURSUIT OF THE RETAINED CAUSES OF ACTION; (II) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (III) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE, AND REASONABLE; (V) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VI) A SOUND EXERCISE OF THE DEBTORS'

**BUSINESS JUDGMENT; AND (VII) A BAR TO ANY OF THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS OR THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.C</u> SHALL RELEASE ANY RETAINED CAUSES OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FURTHER, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE DEBTORS SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE DEBTOR RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.**

D.        *Third Party Release.*

**EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREAFTER ARISING, WHETHER IN LAW, EQUITY, CONTRACT, TORT, OR ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM, INCLUDING**

**ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF) OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, HOLDERS OF CLAIMS SHALL ONLY BE CONSIDERED RELEASING PARTIES WITH RESPECT TO THE THIRD-PARTY RELEASE TO THE EXTENT THAT SUCH HOLDERS OF CLAIMS OPT INTO GRANTING THE THIRD-PARTY RELEASE.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.D, WHICH INCLUDE BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS <u>ARTICLE X.D</u> IS:  (I) CONSENSUAL; (II) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (III) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CLAIMS AND CAUSES OF ACTION; (IV) IN THE BEST INTERESTS OF THE DEBTORS, THEIR ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (V) FAIR, EQUITABLE, AND REASONABLE; (VI) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VII) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VIII) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.D</u> SHALL RELEASE ANY RETAINED CAUSE OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE RELEASING PARTIES SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD-PARTY RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.**

E.      *Exculpations.*

**EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE DEBTOR RELEASE OR THE THIRD-PARTY RELEASE, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CLAIM OR CAUSE OF ACTION FOR ANY ACT OR OMISSION ARISING ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE ADMINISTRATION OF THE CHAPTER 11 CASES, COMMENCEMENT OF THE CHAPTER 11 CASES, PURSUIT OF CONFIRMATION AND CONSUMMATION OF THIS PLAN, THE MAKING OF DISTRIBUTIONS, THE DISCLOSURE STATEMENT, THE SALE PROCESS, THE SALE ORDER, OR THE SOLICITATION OF VOTES FOR, OR CONFIRMATION OF, THIS PLAN, THE OCCURRENCE OF THE EFFECTIVE DATE, THE ADMINISTRATION OF THIS PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN, THE ISSUANCE OF SECURITIES UNDER OR IN CONNECTION WITH THIS PLAN, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY ASSET OR SECURITY OF THE DEBTORS, OR THE TRANSACTIONS OR DOCUMENTATION IN FURTHERANCE OF ANY OF THE FOREGOING, INCLUDING ANY POSTPETITION, PRE-EFFECTIVE DATE ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF ANY SALE, RESTRUCTURING, OR LIQUIDATION OF THE DEBTORS, THE APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OR CONSUMMATION OF THIS PLAN, *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL NOT OPERATE TO WAIVE OR RELEASE: (I) ANY CAUSES OF ACTION ARISING FROM WILLFUL MISCONDUCT, ACTUAL FRAUD, OR GROSS NEGLIGENCE OF SUCH APPLICABLE EXCULPATED PARTY AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (II) THE RIGHTS OF ANY PERSON OR ENTITY TO ENFORCE THIS PLAN AND THE CONTRACTS,**

**INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS AND DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THIS PLAN OR ASSUMED PURSUANT TO THIS PLAN OR FINAL ORDER OF THE BANKRUPTCY COURT; *PROVIDED, FURTHER*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING ITS RESPECTIVE DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE ABOVE REFERENCED DOCUMENTS, ACTIONS OR INACTIONS.   THE FOREGOING EXCULPATION SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON. NOTWITHSTANDING THE FOREGOING, NOTHING IN THIS <u>ARTICLE X.E</u> SHALL OR SHALL BE DEEMED TO PROHIBIT THE DEBTORS FROM ASSERTING AND ENFORCING ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION OR LIABILITIES THEY MAY HAVE AGAINST ANY  PERSON THAT IS BASED UPON  AN ALLEGED BREACH OF A CONFIDENTIALITY OR  NON-COMPETE OBLIGATION OWED TO THE DEBTORS, IN EACH CASE UNLESS OTHERWISE EXPRESSLY PROVIDED FOR IN THIS PLAN. THE EXCULPATION WILL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.E</u> SHALL RELEASE OR EXCULPATE ANY RETAINED CAUSE OF ACTION OR NON-RELEASED PARTY. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION SHALL NOT AFFECT, LIMIT, EXCULPATE OR RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.**

**F.**      *Injunction.*

**EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EXCEPT AS PROVIDED IN <u>ARTICLE X.L</u> OF THE PLAN, AND EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS ISSUED OR REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO THIS <u>ARTICLE X</u> OF THE PLAN, WHETHER RELEASED PURSUANT TO THE DEBTOR RELEASE, RELEASED PURSUANT TO THE THIRD-PARTY RELEASE, OR RELEASED PURSUANT TO ANOTHER PROVISION OF THE PLAN (INCLUDING THE RELEASE OF LIENS PURSUANT TO <u>ARTICLE X.B</u> OF THE PLAN), OR ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE X.E</u> OF THE PLAN, ARE ENJOINED ((A) IN THE CASE OF THE DEBTORS AND THE WIND-DOWN DEBTORS, FROM AND AFTER THE EFFECTIVE DATE, THROUGH AND UNTIL THE DATE**

UPON WHICH ALL REMAINING PROPERTY OF THE DEBTORS' ESTATES VESTS INTO THE WIND-DOWN DEBTORS, AND HAS BEEN LIQUIDATED AND DISTRIBUTED IN ACCORDANCE WITH THE TERMS OF THE PLAN, AND (B) IN THE CASE OF THE RELEASED PARTIES, THE EXCULPATED PARTIES, AND ALL OTHER PERSONS AND ENTITIES OTHER THAN THE DEBTORS AND THE WIND-DOWN DEBTORS, AS APPLICABLE, PERMANENTLY) FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, IN EACH CASE TO THE EXTENT PROVIDED BY THE RELEVANT RELEASE, EXCULPATION, OR OTHER PLAN PROVISION: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND, AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED OR SETTLED PURSUANT TO THE PLAN.

OTHER THAN THE WIND-DOWN DEBTORS, THE PLAN ADMINISTRATOR, OR THE LIQUIDATING TRUST OR LIQUIDATING TRUSTEE, AS APPLICABLE, NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, AS APPLICABLE, THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION SUBJECT TO ARTICLE X.B, ARTICLE X.C, ARTICLE X.D, OR ARTICLE X.E HEREOF, WITHOUT THE BANKRUPTCY COURT (I) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, AND (II) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH

CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, WIND-DOWN DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY.

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER OR REINSTATEMENT OF SUCH CLAIM OR INTEREST, AS APPLICABLE, PURSUANT TO THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH IN THIS <u>ARTICLE X.F</u> OF THE PLAN.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, AS OF THE EFFECTIVE DATE, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN AND SALE ORDER, ALL PERSONS OR ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT ARE TREATED UNDER THE PLAN SHALL BE PRECLUDED AND PERMANENTLY ENJOINED ON AND AFTER THE EFFECTIVE DATE FROM ENFORCING, PURSUING, OR SEEKING ANY SETOFF OR RELIEF WITH RESPECT TO SUCH CLAIM OR INTEREST FROM THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS, EXCEPT FOR THE RECEIPT OF THE PAYMENTS OR DISTRIBUTIONS, IF ANY, THAT ARE CONTEMPLATED BY THE PLAN FROM THE WIND-DOWN DEBTORS, OR OTHERWISE CONTEMPLATED UNDER THE SALE ORDER. SUCH INJUNCTION WILL NOT ENJOIN PERSONS OR ENTITIES THAT DO NOT CONSENT TO THE THIRD-PARTY RELEASE FROM PURSUING ANY DIRECT (BUT NOT DERIVATIVE) CLAIMS OR CAUSE OF ACTION SUCH PERSONS OR ENTITIES MAY HAVE AGAINST RELEASED PARTIES OTHER THAN THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THIS ARTICLE X.F SHALL NOT ENJOIN THE WIND-DOWN DEBTORS' OR LIQUIDATING TRUST'S PURSUIT OF ANY RETAINED CAUSES OF ACTION OR CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY.

\*    \*    \*

UNDER THE PLAN, "*RELEASING PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) EACH OF THE WIND-DOWN DEBTORS; (C) THE DIP LENDERS; (D) THE DIP AGENTS; (E) THE PREPETITION LENDERS; (F) THE PREPETITION AGENTS; (G) THE COMMITTEE AND EACH OF ITS MEMBERS; (H) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (I) EACH CURRENT AND FORMER AFFILIATE

OF EACH ENTITY IN CLAUSES (A) THROUGH CLAUSE (H); AND (L) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (A) THROUGH CLAUSE (K); *PROVIDED* THAT A RELATED PARTY OF A PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) IS A RELEASING PARTY SOLELY TO THE EXTENT THAT SUCH AFFILIATE OR RELATED PARTY WOULD BE OBLIGATED TO GRANT A RELEASE UNDER PRINCIPLES OF AGENCY IF IT WERE SO DIRECTED BY SUCH PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) TO WHOM THEY ARE RELATED; *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASING PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASING PARTY."

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) EACH DEBTOR RELATED PARTY; (C) EACH OF THE WIND-DOWN DEBTORS; (D) THE DIP LENDERS; (E) THE DIP AGENTS; (F) THE PREPETITION LENDERS; (G) THE PREPETITION AGENTS; (H) THE COMMITTEE AND EACH OF ITS MEMBERS; (I) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; *PROVIDED, HOWEVER,* THAT ANY PARTY THAT IS REQUIRED TO OPT IN TO THE RELEASES CONTAINED IN THE PLAN THAT DOES NOT DO SO SHALL NOT BE A "RELEASED PARTY"; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) AND CLAUSES (C) THROUGH (I), EXCEPT TO THE EXTENT THAT ANY SUCH AFFILIATE WOULD OTHERWISE CONSTITUTE A NON-RELEASED PARTY; *PROVIDED, THAT* WHP AND THE IP LICENSORS SHALL NOT BE "RELEASED PARTIES" SOLELY ON ACCOUNT OF THEIR STATUS AS "AFFILIATES" OF THE DEBTORS, ANY DEBTOR RELATED PARTY, OR THE WIND-DOWN DEBTORS; (K) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (D) THROUGH CLAUSE (J); *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASED PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASED PARTY".  FOR THE AVOIDANCE OF DOUBT, NO (X) RELATED PARTY OF A NON-RELEASED PARTY NOR (Y) ANY FORMER DIRECTOR OR OFFICER (WHO DID NOT SERVE AS A DIRECTOR OR OFFICER ON OR AFTER THE PETITION DATE) SHALL BE A "RELEASED PARTY" IN ANY OTHER CAPACITY (INCLUDING, WITHOUT LIMITATION, IF SUCH PERSON SERVED AS A CONSULTANT OR ADVISOR), AND ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST SUCH PERSONS (IDENTIFIED IN (X) AND (Y)) SHALL BE PRESERVED AND NOT RELEASED IN ACCORDANCE WITH THIS PLAN.

## IMPORTANT INFORMATION REGARDING THE RELEASES:

YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASES CONTAINED IN ARTICLE X.D OF THE PLAN.   YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF YOU CHECK THE BOX BELOW AND SUBMIT THE DEEMED TO REJECT OPT-IN FORM BY THE VOTING DEADLINE. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION.  PLEASE BE ADVISED THAT IF YOU WOULD OTHERWISE FALL WITHIN THE DEFINITION OF A "RELEASED PARTY" AND DO NOT ELECT TO OPT-IN TO THE THIRD-PARTY RELEASE, YOU WILL NO LONGER BE A

"RELEASED PARTY."

☐    By checking this box, you elect to opt-in to the Third-Party Release.

PLEASE BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE X.C OF THE PLAN WILL BE INCLUDED IN THE CONFIRMATION ORDER AND THAT IT IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.   IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.

**<u>Item 3</u>. Certifications.**

By signing this Deemed to Reject Opt-In Form, the undersigned certifies that:

(e)    as of the Voting Record Date, either: (i) the Holder is the Holder of the Claims or Interests set forth in Item 1; or (ii) the Holder is an authorized signatory for an entity that is a Holder of the Claims or Interests set forth in Item 1;

(f)    the Holder has received a copy of the *Notice of Non-Voting Status* and that this Deemed to Reject Opt-In Form is made pursuant to the terms and conditions set forth therein;

(g)    for a Holder of Claims or Interests, the Holder has submitted the same respective election concerning the releases with respect to all Claims or Interests set forth in Item 1; and

(h)    no other Deemed to Reject Opt-In Form with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Deemed to Reject Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Deemed to Reject Opt-In Forms are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Holder) |
| Title: | _____ |
| Address: | _____ |
| | |
| | |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF YOU WISH TO OPT-IN, PLEASE COMPLETE, SIGN, AND DATE THIS DEEMED TO REJECT OPT-IN FORM AND RETURN IT TO THE SOLICITATION AGENT**
**(I) VIA STRETTO'S BALLOTING PORTAL OR (II) BY MAIL, OVERNIGHT OR HAND DELIVERY TO:**

**Express, Inc., et al. Ballot Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

**THE VOTING DEADLINE IS DECEMBER 11, 2024 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

<u>Via the Balloting Portal</u>. **Submit your Opt-In Form via the Solicitation Agent's online portal, by visiting https://cases.stretto.com/express/ (the "<u>Balloting Portal</u>"). Click on the "Balloting" section of the website and follow the instructions to submit your Opt-In Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Deemed to Reject Opt-In Form:**

**Unique Password:_____**

**The Solicitation Agent's Balloting Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each password is to be used solely for voting only those Claims described in Item 1 of your electronic Opt-In Form.  Please complete and submit an electronic Opt-In Form for each password you receive, as applicable.**

**Holders of Claims who cast an Opt-In Form using the Balloting Portal should NOT also submit a paper Opt-In Form.  In the event you submit an Opt-In Form using the Balloting Portal and a paper Opt-In Form, the last properly executed Opt-In Form timely received shall control.**

**Exhibit 5**

**Cover Letter**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:**

Express, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on April 22, 2024.

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as modified, amended, or supplemented from time to time, the "Plan").[2]  On [●], 2024, the Court entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the Plan; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

> YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims and Interests in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

a.   the applicable Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

b.   this letter;

c.   the Disclosure Statement (and exhibits attached thereto, including the Plan);

d.   a letter from the Committee;

e.   the Solicitation Procedures;

f.   the Disclosure Statement Order (excluding the exhibits thereto);

g.   the notice of the hearing to consider confirmation of the Plan;

h.   the notice of the filing of the Plan Supplement;

i.   a pre-addressed, postage pre-paid reply envelope; and

j.   such other materials as the Court may direct.

Express, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, Holders of Interests, and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays, reduced recoveries, and increased administrative expenses.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.  BALLOTS SHOULD BE SUBMITTED IN ACCORDANCE WITH THE INSTRUCTIONS INDICATED ON YOUR BALLOT OR TO THE TO THE FOLLOWING ADDRESS OR VIA THE DEBTORS' BALLOTING PORTAL, BY VISITING HTTPS://CASES.STRETTO.COM/EXPRESS/AND FOLLOWING THE INSTRUCTIONS THEREIN:**
>
> Express, Inc., et al. Ballot Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602
> **THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME ON DECEMBER 11, 2024.**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Stretto, Inc., the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent") by:  (a) calling the Debtors' restructuring hotline at (855) 337-3537 (toll free) or (949) 617-1363 (international); (b) visiting the Debtors' restructuring website at:  https://cases.stretto.com/express/; (c) writing to Express, Inc., *et. al.* Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; and/or (d) emailing ExpressBallotInquiries@stretto.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.deb.uscourts.gov.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**Exhibit 6**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF HEARING TO
## CONSIDER CONFIRMATION OF THE JOINT
## CHAPTER 11 PLAN FILED BY THE DEBTORS, THE DISCLOSURE
## STATEMENT AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 690] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* [Docket No. 689] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **December 17, 2024**, at **10:30 a.m.** prevailing Eastern Time, before the Honorable Karen B. Owens, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #3, Wilmington, Delaware 19801.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **July 31, 2024** (the "Voting Record Date"), which is the date for determining which certain Holders of Claims are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **December 11, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing and solicitation agent, Stretto, Inc., (the "Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

### CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Objection Deadline**.  The deadline for filing objections to the Plan is **December 11, 2024 at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  Any objection to the relief sought at the Confirmation Hearing **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve each objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties in the Confirmation Hearing Notice on or before December 11, 2024 at 4:00 p.m. (prevailing Eastern Time):

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Joshua A. Sussberg, P.C.<br>Attn: Emily E. Geier, P.C.<br>Attn: Nicholas M. Adzima<br>601 Lexington Avenue<br>New York, New York 10022<br>jsussberg@kirkland.com<br>emily.geier@kirkland.com<br>nicholas.adzima@kirkland.com<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn: Charles B. Sterrett<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>charles.sterrett@kirkland.com | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti (DE Bar No. 3989)<br>Attn: Michael W. Yurkewicz (DE Bar No. 4165)<br>Attn: Alyssa M. Radovanovich (DE Bar No. 7101)<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>dpacitti@klehr.com<br>myurkewicz@klehr.com<br>aradovanovich@klehr.com |

| *U.S. Trustee* |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: John Schanne<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>John.Schanne@usdoj.gov |

| *Counsel to the Committee* |
|---|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Adam Rogoff<br>Attn:  Robert Schmidt<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036<br>arogoff@kramerlevin.com<br>rschmidt@kramerlevin.com<br>nallard@kramerlevin.com<br><br>-and-<br><br>**SAUL EWING LLP**<br>Attn:  Luke Murley<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>luke.murley@saul.com |

**Opt-In Deadline**.  If you are a Holder of a Class 3 General Unsecured Claim and wish to Opt-In to the Third-Party Release granted under the Plan, you must check the appropriate box in Item 3 of the Ballot, indicating your election by **December 11, 2024, at 4:00 p.m., Prevailing Eastern Time** (the "Voting Deadline").  If you are a Holder of a Claim that is deemed to reject or deemed to accept the Plan, and you wish to Opt-In to the Third-Party Release granted under the Plan, you must affirmatively Opt-In by returning the appropriate Opt-In Form no later than the Voting Deadline, in accordance with the directions therein.

ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE X.D. CONTAINS A THIRD-PARTY RELEASE**.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN, YOU MAY WISH TO CONTACT A LAWYER.  IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION REGARDING THE PLAN OR ANYTHING STATED HEREIN, CONTACT THE SOLICITATION AGENT. PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

Please be advised that Article X of the Plan contains the following release, exculpation, and injunction provisions:[3]

C.      *Debtor Releases.*

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE DEBTORS AND THEIR ESTATES AND, IF APPLICABLE, THE WIND-DOWN DEBTORS, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION, DIRECTLY OR DERIVATIVELY, BY, OR THROUGH, FOR, OR BECAUSE OF, THE FOREGOING ENTITIES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, INCLUDING ANY AVOIDANCE ACTIONS AND ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR UNDER FEDERAL OR STATE STATUTORY OF COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL, FOREIGN, OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT THE DEBTORS, THEIR ESTATES, AND THE WIND-DOWN DEBTORS, AS APPLICABLE, OR THEIR AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION THEREOF), OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE CHAPTER 11 CASES AND RELATED ADVERSARY PROCEEDINGS, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, IN ALL CASES UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.C BY THE DEBTORS, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.C IS:  (I) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, INCLUDING, WITHOUT LIMITATION, THE RELEASED PARTIES' CONTRIBUTIONS TO FACILITATING THE WIND-DOWN TRANSACTIONS AND IMPLEMENTING THE PLAN, INCLUDING COOPERATION WITH THE INVESTIGATION, COMMENCEMENT AND PURSUIT OF THE RETAINED CAUSES OF ACTION; (II) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (III) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (IV) FAIR, EQUITABLE, AND REASONABLE; (V) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VI) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VII) A BAR TO ANY OF THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS OR THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.C</u> SHALL RELEASE ANY RETAINED CAUSES OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FURTHER, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS A RELEASE OF, AND THE DEBTORS SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT.  NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE DEBTOR RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.

D.      *Third Party Release.*

EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY IS HEREBY DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED BY EACH AND ALL OF THE RELEASING PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND REPRESENTATIVES, AND ANY AND ALL OTHER ENTITIES WHO MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING ENTITIES, IN EACH CASE SOLELY TO THE EXTENT OF THE RELEASING PARTIES' AUTHORITY TO BIND ANY OF THE FOREGOING, INCLUDING PURSUANT TO AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, ASSERTED OR UNASSERTED, ACCRUED OR UNACCRUED, EXISTING OR HEREAFTER ARISING, WHETHER IN LAW, EQUITY, CONTRACT, TORT, OR ARISING UNDER FEDERAL OR STATE STATUTORY OR COMMON LAW, OR ANY OTHER APPLICABLE INTERNATIONAL FOREIGN OR DOMESTIC LAW, RULE, STATUTE, REGULATION, TREATY, RIGHT, DUTY, REQUIREMENT, OR OTHERWISE, THAT SUCH HOLDERS OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR ASSERTABLE ON BEHALF OF ANY OF THE DEBTORS, WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN ITS OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS (INCLUDING THE MANAGEMENT, OWNERSHIP, OR OPERATION

THEREOF) OR THE ESTATES, THE CHAPTER 11 CASES, THE WIND-DOWN TRANSACTIONS, THEIR CAPITAL STRUCTURE, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE DEBTORS' OUT-OF-COURT RESTRUCTURING EFFORTS, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A DEBTOR AND ANOTHER DEBTOR, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, FILING, OR CONSUMMATION OF THE DEFINITIVE DOCUMENTS, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE DEFINITIVE DOCUMENTS, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE PURSUIT OF THE WIND-DOWN TRANSACTIONS, THE RESTRUCTURING OF ANY CLAIM OR INTEREST BEFORE OR DURING THE CHAPTER 11 CASES, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE RELATED TO THE DEBTORS TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. FOR THE AVOIDANCE OF DOUBT, HOLDERS OF CLAIMS SHALL ONLY BE CONSIDERED RELEASING PARTIES WITH RESPECT TO THE THIRD-PARTY RELEASE TO THE EXTENT THAT SUCH HOLDERS OF CLAIMS OPT INTO GRANTING THE THIRD-PARTY RELEASE.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE RELEASES DESCRIBED IN THIS ARTICLE X.D, WHICH INCLUDE BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THIS PLAN, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT EACH RELEASE DESCRIBED IN THIS ARTICLE X.D IS: (I) CONSENSUAL; (II) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (III) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF SUCH CLAIMS AND CAUSES OF ACTION; (IV) IN THE BEST INTERESTS OF THE DEBTORS, THEIR ESTATES, AND ALL HOLDERS OF CLAIMS AND INTERESTS; (V) FAIR, EQUITABLE, AND REASONABLE; (VI) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; (VII) A SOUND EXERCISE OF THE DEBTORS' BUSINESS JUDGMENT; AND (VIII) A BAR TO ANY OF THE RELEASING PARTIES OR THE DEBTORS OR THEIR RESPECTIVE ESTATES OR, IF APPLICABLE, THE WIND-DOWN DEBTORS, ASSERTING ANY CLAIM OR CAUSE OF ACTION RELATED THERETO, OF ANY KIND, AGAINST ANY OF THE RELEASED PARTIES OR THEIR PROPERTY.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS ARTICLE X.D SHALL RELEASE ANY RETAINED CAUSE OF ACTION OR ANY CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN OR THE CONFIRMATION ORDER SHALL OPERATE AS

A RELEASE OF, AND THE RELEASING PARTIES SHALL NOT RELEASE, ANY CLAIMS OR CAUSES OF ACTION ARISING OUT OF, OR RELATED TO, ANY ACT OR OMISSION OF A RELEASED PARTY THAT IS DETERMINED BY FINAL ORDER OF ANY COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED ACTUAL FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD-PARTY RELEASE DOES NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.

E.        *Exculpations.*

EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW AND WITHOUT AFFECTING OR LIMITING EITHER THE DEBTOR RELEASE OR THE THIRD-PARTY RELEASE, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS RELEASED AND EXCULPATED FROM ANY CLAIM OR CAUSE OF ACTION FOR ANY ACT OR OMISSION ARISING ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF, THE ADMINISTRATION OF THE CHAPTER 11 CASES, COMMENCEMENT OF THE CHAPTER 11 CASES, PURSUIT OF CONFIRMATION AND CONSUMMATION OF THIS PLAN, THE MAKING OF DISTRIBUTIONS, THE DISCLOSURE STATEMENT, THE SALE PROCESS, THE SALE ORDER, OR THE SOLICITATION OF VOTES FOR, OR CONFIRMATION OF, THIS PLAN, THE OCCURRENCE OF THE EFFECTIVE DATE, THE ADMINISTRATION OF THIS PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THIS PLAN, THE ISSUANCE OF SECURITIES UNDER OR IN CONNECTION WITH THIS PLAN, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY ASSET OR SECURITY OF THE DEBTORS, OR THE TRANSACTIONS OR DOCUMENTATION IN FURTHERANCE OF ANY OF THE FOREGOING, INCLUDING ANY POSTPETITION, PRE-EFFECTIVE DATE ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF ANY SALE, RESTRUCTURING, OR LIQUIDATION OF THE DEBTORS, THE APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OR CONSUMMATION OF THIS PLAN, *PROVIDED, HOWEVER*, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL NOT OPERATE TO WAIVE OR RELEASE: (I) ANY CAUSES OF ACTION ARISING FROM WILLFUL MISCONDUCT, ACTUAL FRAUD, OR GROSS NEGLIGENCE OF SUCH APPLICABLE EXCULPATED PARTY AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (II) THE RIGHTS OF ANY PERSON OR ENTITY TO ENFORCE THIS PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS AND DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THIS PLAN OR ASSUMED PURSUANT TO THIS PLAN OR FINAL ORDER OF THE BANKRUPTCY COURT; *PROVIDED, FURTHER*, THAT EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING ITS

RESPECTIVE DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE ABOVE REFERENCED DOCUMENTS, ACTIONS OR INACTIONS.   THE FOREGOING EXCULPATION SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON. NOTWITHSTANDING THE FOREGOING, NOTHING IN THIS <u>ARTICLE X.E</u> SHALL OR SHALL BE DEEMED TO PROHIBIT THE DEBTORS FROM ASSERTING AND ENFORCING ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION OR LIABILITIES THEY MAY HAVE AGAINST ANY  PERSON THAT IS BASED UPON  AN ALLEGED BREACH OF A CONFIDENTIALITY OR  NON-COMPETE OBLIGATION OWED TO THE DEBTORS, IN EACH CASE UNLESS OTHERWISE EXPRESSLY PROVIDED FOR IN THIS PLAN. THE EXCULPATION WILL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAW OR RULES PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.

FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NOTHING IN THIS <u>ARTICLE X.E</u> SHALL RELEASE OR EXCULPATE ANY RETAINED CAUSE OF ACTION OR NON-RELEASED PARTY. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE EXCULPATION SHALL NOT AFFECT, LIMIT, EXCULPATE OR RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THIS PLAN OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT EXECUTED TO IMPLEMENT THIS PLAN.

F.          *Injunction.*

EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, EXCEPT AS PROVIDED IN <u>ARTICLE X.L</u> OF THE PLAN, AND EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER OR FOR OBLIGATIONS ISSUED OR REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED PURSUANT TO THIS <u>ARTICLE X</u> OF THE PLAN, WHETHER RELEASED PURSUANT TO THE DEBTOR RELEASE, RELEASED PURSUANT TO THE THIRD-PARTY RELEASE, OR RELEASED PURSUANT TO ANOTHER PROVISION OF THE PLAN (INCLUDING THE RELEASE OF LIENS PURSUANT TO <u>ARTICLE X.B</u> OF THE PLAN), OR ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE X.E</u> OF THE PLAN, ARE ENJOINED ((A) IN THE CASE OF THE DEBTORS AND THE WIND-DOWN DEBTORS, FROM AND AFTER THE EFFECTIVE DATE, THROUGH AND UNTIL THE DATE UPON WHICH ALL REMAINING PROPERTY OF THE DEBTORS' ESTATES VESTS INTO THE WIND-DOWN DEBTORS, AND HAS BEEN LIQUIDATED AND DISTRIBUTED IN ACCORDANCE WITH THE TERMS OF THE PLAN, AND (B) IN THE CASE OF THE RELEASED PARTIES, THE EXCULPATED PARTIES, AND ALL OTHER PERSONS AND ENTITIES OTHER THAN THE DEBTORS AND THE

**WIND-DOWN DEBTORS, AS APPLICABLE, PERMANENTLY) FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, IN EACH CASE TO THE EXTENT PROVIDED BY THE RELEVANT RELEASE, EXCULPATION, OR OTHER PLAN PROVISION: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND, AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED OR SETTLED PURSUANT TO THE PLAN.**

**OTHER THAN THE WIND-DOWN DEBTORS, THE PLAN ADMINISTRATOR, OR THE LIQUIDATING TRUST OR LIQUIDATING TRUSTEE, AS APPLICABLE, NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE WIND-DOWN DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES, AS APPLICABLE, THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION SUBJECT TO ARTICLE X.B, ARTICLE X.C, ARTICLE X.D, OR ARTICLE X.E HEREOF, WITHOUT THE BANKRUPTCY COURT (I) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, AND (II) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, WIND-DOWN DEBTOR, EXCULPATED PARTY, OR RELEASED PARTY.**

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND THEIR RESPECTIVE CURRENT AND FORMER**

**EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AND DIRECT AND INDIRECT AFFILIATES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN. EXCEPT AS OTHERWISE SET FORTH IN THE CONFIRMATION ORDER, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST, AS APPLICABLE, BY ACCEPTING, OR BEING ELIGIBLE TO ACCEPT, DISTRIBUTIONS UNDER OR REINSTATEMENT OF SUCH CLAIM OR INTEREST, AS APPLICABLE, PURSUANT TO THE PLAN, SHALL BE DEEMED TO HAVE CONSENTED TO THE INJUNCTION PROVISIONS SET FORTH IN THIS <u>ARTICLE X.F</u> OF THE PLAN.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING SECTION 1141(D)(3) OF THE BANKRUPTCY CODE, AS OF THE EFFECTIVE DATE, EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN AND SALE ORDER, ALL PERSONS OR ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT ARE TREATED UNDER THE PLAN SHALL BE PRECLUDED AND PERMANENTLY ENJOINED ON AND AFTER THE EFFECTIVE DATE FROM ENFORCING, PURSUING, OR SEEKING ANY SETOFF OR RELIEF WITH RESPECT TO SUCH CLAIM OR INTEREST FROM THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS, EXCEPT FOR THE RECEIPT OF THE PAYMENTS OR DISTRIBUTIONS, IF ANY, THAT ARE CONTEMPLATED BY THE PLAN FROM THE WIND-DOWN DEBTORS, OR OTHERWISE CONTEMPLATED UNDER THE SALE ORDER. SUCH INJUNCTION WILL NOT ENJOIN PERSONS OR ENTITIES THAT DO NOT CONSENT TO THE THIRD-PARTY RELEASE FROM PURSUING ANY DIRECT (BUT NOT DERIVATIVE) CLAIMS OR CAUSE OF ACTION SUCH PERSONS OR ENTITIES MAY HAVE AGAINST RELEASED PARTIES OTHER THAN THE DEBTORS, THE ESTATES, THE PURCHASERS, OR THE WIND-DOWN DEBTORS.**

**FOR THE AVOIDANCE OF DOUBT AND NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THIS ARTICLE X.F SHALL NOT ENJOIN THE WIND-DOWN DEBTORS' OR LIQUIDATING TRUST'S PURSUIT OF ANY RETAINED CAUSES OF ACTION OR CLAIMS OR CAUSES OF ACTION AGAINST ANY NON-RELEASED PARTY.**

\*     \*     \*

UNDER THE PLAN, "*RELEASING PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) EACH OF THE WIND-DOWN DEBTORS; (C) THE DIP LENDERS; (D) THE DIP AGENTS; (E) THE PREPETITION LENDERS; (F) THE PREPETITION AGENTS; (G) THE COMMITTEE AND EACH OF ITS MEMBERS; (H) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSES (A) THROUGH CLAUSE (H); AND (L) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (A) THROUGH CLAUSE (K); *PROVIDED* THAT A RELATED PARTY OF A PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) IS A RELEASING PARTY SOLELY TO THE EXTENT THAT SUCH AFFILIATE OR RELATED PARTY WOULD BE OBLIGATED TO GRANT A

RELEASE UNDER PRINCIPLES OF AGENCY IF IT WERE SO DIRECTED BY SUCH PERSON OR ENTITY IN THE FOREGOING CLAUSES (A) THROUGH (I) TO WHOM THEY ARE RELATED; *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASING PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASING PARTY."

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) EACH DEBTOR RELATED PARTY; (C) EACH OF THE WIND-DOWN DEBTORS; (D) THE DIP LENDERS; (E) THE DIP AGENTS; (F) THE PREPETITION LENDERS; (G) THE PREPETITION AGENTS; (H) THE COMMITTEE AND EACH OF ITS MEMBERS; (I) ALL HOLDERS OF CLAIMS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; *PROVIDED, HOWEVER,* THAT ANY PARTY THAT IS REQUIRED TO OPT IN TO THE RELEASES CONTAINED IN THE PLAN THAT DOES NOT DO SO SHALL NOT BE A "RELEASED PARTY"; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) AND CLAUSES (C) THROUGH (I), EXCEPT TO THE EXTENT THAT ANY SUCH AFFILIATE WOULD OTHERWISE CONSTITUTE A NON-RELEASED PARTY; *PROVIDED, THAT* WHP AND THE IP LICENSORS SHALL NOT BE "RELEASED PARTIES" SOLELY ON ACCOUNT OF THEIR STATUS AS "AFFILIATES" OF THE DEBTORS, ANY DEBTOR RELATED PARTY, OR THE WIND-DOWN DEBTORS; (K) EACH RELATED PARTY OF EACH ENTITY IN THE FOREGOING CLAUSES (D) THROUGH CLAUSE (J); *PROVIDED, THAT* THE NON-RELEASED PARTIES SHALL NOT BE "RELEASED PARTIES" REGARDLESS OF WHETHER SUCH NON-RELEASED PARTY WOULD OTHERWISE CONSTITUTE A "RELEASED PARTY".  FOR THE AVOIDANCE OF DOUBT, NO (X) RELATED PARTY OF A NON-RELEASED PARTY NOR (Y) ANY FORMER DIRECTOR OR OFFICER (WHO DID NOT SERVE AS A DIRECTOR OR OFFICER ON OR AFTER THE PETITION DATE) SHALL BE A "RELEASED PARTY" IN ANY OTHER CAPACITY (INCLUDING, WITHOUT LIMITATION, IF SUCH PERSON SERVED AS A CONSULTANT OR ADVISOR), AND ANY AND ALL CLAIMS AND CAUSES OF ACTION AGAINST SUCH PERSONS (IDENTIFIED IN (X) AND (Y)) SHALL BE PRESERVED AND NOT RELEASED IN ACCORDANCE WITH THIS PLAN.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format), please feel free to contact the Debtors' Solicitation Agent, by:  (a) visiting the Debtors' restructuring website at:  https://cases.stretto.com/express/; (b) writing to the Solicitation Agent at Express, Inc., et al., c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602; (c) calling the Solicitation Agent at (855) 337-3537 (toll free) or (949) 617-1363 (international).; or (d) email ExpressBallotInquiries@stretto.com (with "In re Express, Inc. - Solicitation Inquiry" in the subject line).  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/express/, or the Bankruptcy Court's website at http://www.deb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about,

and provide additional copies of, solicitation materials, but may **<u>not</u>** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) **<u>no later than December 4, 2024</u>** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**<u>BINDING NATURE OF THE PLAN</u>**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Dated:  [●], 2024
Wilmington, Delaware

/s/
_____

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:        dpacitti@klehr.com
              myurkewicz@klehr.com
              aradovanovich@klehr.com


-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:        mbranzburg@klehr.com


*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              emily.geier@kirkland.com
              nicholas.adzima@kirkland.com


-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        charles.sterrett@kirkland.com


*Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit 7**

**Plan Supplement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

      **PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing Express, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Express, Inc. and Its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, noticing, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on December 4, 2024 [Docket No. [●]].  The Plan Supplement contains the following documents each as defined in the Plan: (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the Restructuring Transactions Memorandum; (d) the Plan Administrator Agreement and the identity of the Plan Administrator; and (e) any additional documents Filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider confirmation of the Plan will commence on **December 17, 2024, at 10:30 a.m., (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Chief Karen B. Owens, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #3, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **December 11, 2024, at 4:00 p.m. (prevailing Eastern Time)** (the "Confirmation Objection Deadline").  Any objection to the relief sought at the Confirmation Hearing **must**:  (a) be in writing; (b) confirm to the Bankruptcy Rules and the Local Rules; (c) state with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve each objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties in the Confirmation Hearing Notice on or before December 11, 2024 at 4:00 p.m. (prevailing Eastern Time):

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, P.C.<br>Attn:  Emily E. Geier, P.C.<br>Attn:  Nicholas M. Adzima<br>601 Lexington Avenue<br>New York, New York 10022<br>jsussberg@kirkland.com<br>emily.geier @kirkland.com<br>nicholas.adzima@kirkland.com<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn:  Charles B. Sterrett<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>charles.sterrett@kirkland.com | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn:  Domenic E. Pacitti (DE Bar No. 3989)<br>Attn:  Michael W. Yurkewicz (DE Bar No. 4165)<br>Attn:  Alyssa M. Radovanovich (DE Bar No. 7101)<br>919 North Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>dpacitti@klehr.com<br>myurkewicz@klehr.com<br>aradovanovich@klehr.com |
| *U.S. Trustee* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  John Schanne<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>John.Schanne@usdoj.gov | |

| *Counsel to the Committee* |
|:---:|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Adam Rogoff<br>Attn:  Robert Schmidt<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036<br>arogoff@kramerlevin.com<br>rschmidt@kramerlevin.com<br>nallard@kramerlevin.com<br><br>-and-<br><br>**SAUL EWING LLP**<br>Attn:  Luke Murley<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>luke.murley@saul.com |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost**, you should contact Stretto, Inc., the Debtors' claims, noticing and solicitation agent in the chapter 11 cases (the "Solicitation Agent") by: (a) visiting the Debtors' restructuring website https://cases.stretto.com/express/, (b) writing to the Solicitation Agent at Express, Inc., et al. Claims Processing, c/o Stretto, 410 Exchange, Suite 100 Irvine, CA 92602, (c) emailing the Solicitation Agent at ExpressBallotInquiries@stretto.com (with "In re Express, Inc. - Solicitation Inquiry" in the subject line), or (d) calling the Solicitation Agent at (855) 337-3537 (toll free) or (949) 617-1368 (international).  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free at the Debtors' restructuring website, https://cases.stretto.com/express/, or the Bankruptcy Court's website, https://www.deb.uscourts.gov/, in accordance with the procedures and fees set forth therein.

Dated:  [●], 2024
Wilmington, Delaware

/s/

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:      (302) 426-9193
Email:           dpacitti@klehr.com
                    myurkewicz@klehr.com
                    aradovanovich@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-3007
Facsimile:      (215) 568-6603
Email:           mbranzburg@klehr.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com
                    emily.geier@kirkland.com
                    nicholas.adzima@kirkland.com

-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit 8

**Committee Letter in Support of the Plan**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EXP OLDCO WINDDOWN, INC., ET AL.**

**Case No. 24-10831 (KBO)**

**Judge Karen B. Owens United States Bankruptcy Court for the District of Delaware**

November 5, 2024

**To:    Holders of Class 3 General Unsecured Claims**

On May 3, 2024, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the above chapter 11 cases of EXP OldCo Winddown, Inc., and its debtor affiliates (collectively the "Debtors") to represent the interests of all of the Debtors' unsecured creditors. The Committee retained (i) Kramer Levin Naftalis & Frankel LLP and Saul Ewing LLP as counsel and (ii) Province LLC as its financial advisor.

We write to recommend that general unsecured creditors **vote in favor** of the Second Amended Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates [D.I. 953] (the "Proposed Plan").

The Proposed Plan is described in the Amended Disclosure Statement for Second Amended Joint Chapter 11 Plan of EXP. OldCo Winddown, Inc. and its Affiliated Debtors [D.I. 955] (the "Disclosure Statement") included with the solicitation materials you are receiving.

After consummation of the successful Sale Transaction[1] (in which the Committee was actively involved in the marketing and Court approval process), the Debtors and the Committee transitioned to negotiating a consensual plan resulting in the Proposed Plan and Disclosure Statement. On July 31, 2024, the Debtors filed an initial Chapter 11 plan (the "Initial Plan") which did not have the Committee's support. The Committee disputed, among other things, the scope of proposed releases under the Initial Plan. In connection with an investigation by the Debtors' Disinterested Director of potential causes of action that might be preserved or released under the initial plan, the Committee, the Disinterested Director and the Debtors engaged in extensive negotiations over potential modifications to the Initial Plan. These modifications included limitations and exclusions of potential releases, including the preservation of Causes of Action against the Debtors' former directors and officers that were no longer serving as of the Petition Date. As such, the Proposed Plan only releases the Debtors' claims against their directors and officers that were serving with the Debtors on or after the Petition Date.

The Proposed Plan reflects a negotiated settlement with the Committee to preserve the Retained Causes of Action that can be further investigated and prosecuted by the Plan Administrator (on behalf of the Wind-Down Debtors) if warranted.

---

[1]    Capitalized terms used but not defined herein have the definitions ascribed to them in the Proposed Plan or Disclosure Statement.

The Proposed Plan contains additional changes requested by the Committee, including (i) the Committee's selection of the Plan Administrator (in consultation with the Debtors), who will oversee the Wind-Down Debtors, (ii) the formation of a Wind-Down Debtors Oversight Committee; and (iii) cooperation from the Debtors and the released directors and officers in the investigation and prosecution of the Retained Causes of Action.

***The Committee believes the Proposed Plan is fair and encourages unsecured creditors to vote in favor of the plan***.  The Committee supports this resolution because it preserves the Plan Administrator's ability to investigate and, if appropriate, pursue the Retained Causes of Action against any Non-Released Party, which could enhance future recoveries to holders of Allowed General Unsecured Claims.

The Proposed Plan also contains Third-Party Releases.  Through negotiations, the unsecured creditors will now have to **opt-in** to grant these third-party releases.  The Committee urges creditors to consider whether they may have any claims against any Released Party that they would be releasing by opting in to the Third-Party Releases.  Opting in to the Third-Party Release will have no impact upon your recovery under the Proposed Plan.

To the extent you have any questions about this letter, the Proposed Plan, the Disclosure Statement, or the solicitation procedures, the Committee's counsel would be happy to discuss them with you.  Please direct any questions to any of the following counsel to the Committee:

> Kramer Levin Naftalis & Frankel LLP
> 1177 Avenue of the Americas
> New York, NY 10036
> Attn:   Adam C. Rogoff (arogoff@kramerlevin.com)
>           Robert T. Schmidt (rschmidt@kramerlevin.com)
>           Nathaniel Allard (nallard@kramerlevin.com)
>
> Saul Ewing LLP
> 1201 North Market Street, Suite 2300
> P.O. Box 1266
> Wilmington, DE 19899
> Attn:   Lucian B. Murley (luke.murley@saul.com)
>           Nicholas Smargiassi (nicholas.smargiassi@saul.com)
>
> Saul Ewing LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102-2186
> Attn:   Turner N. Falk (turner.falk@saul.com)

> Very truly yours,
>
> The Official Committee of Unsecured Creditors of Exp OldCo Winddown Inc. et al.