**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: December 6, 2024 at 4:00 p.m. (ET) |
| | Hearing Date: Only if an objection is filed |

**SUMMARY COVER SHEET TO THE SIXTH MONTHLY FEE APPLICATION
OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, CO-COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH OCTOBER 31, 2024**

| | |
|---|---|
| Name of Applicant: | Kramer Levin Naftalis & Frankel LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | June 24, 2024, effective as of May 6, 2024 |
| Period for which compensation and reimbursement is sought: | October 1, 2024 through October 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $857,181.50[2] (80% of which is $685,745.20) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $4,087.27 |

This is a: **X** monthly      ___ interim      ___ final application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Kramer Levin voluntarily reduced its fees by $197,858.00 and expenses by $1,349.96 during the Compensation Period.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 568 | 05/06/2024 – 05/31/2024 | $764,241.50 | $2,354.71 | $764,241.50 | $2,354.71 | $0.00 | 07/25/2024 D.I. 643 |
| 07/29/2024 D.I. 661 | 06/01/2024 – 06/30/2024 | $483,269.50 | $503.47 | $483,269.50 | $503.47 | $0.00 | 08/20/2024 D.I. 730 |
| 8/27/2024 D.I. 744 | 07/01/2024 – 07/31/2024 | $326,121.50 | $458.50 | $326,121.50 | $458.50 | $0.00 | 09/18/2024 D.I. 826 |
| 10/23/2024 D.I. 918 | 08/01/2024 – 08/31/2024 | $258,561.00 | $542.10 | $206,848.80 | $542.10 | $51,712.20 | 11/14/2024 D.I. 996 |
| 11/12/2024 D.I. 982 | 09/01/2024 – 09/30/2024[3] | $441,759.50 | $1,618.85 | N/A | N/A | $443,378.35 | N/A[4] |
| **TOTAL** | | **$2,273,953.00** | **$5,477.63** | **$1,780,481.30** | **$3,858.78** | **$495,090.55** | |

---

[3] Kramer Levin's September monthly fee application contained a typo in the amount of fees requested. The actual fees should be $441,759.50 instead of $441,759.49.

[4] The objection deadline for the Kramer Levin's September monthly fee application is December 3, 2024.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>Objection Deadline: December 6, 2024 at 4:00 p.m. (ET)<br>Hearing Date: Only if an objection is filed |

**SIXTH MONTHLY FEE APPLICATION OF
KRAMER LEVIN NAFTALIS & FRANKEL LLP, CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH OCTOBER 31, 2024**

Kramer Levin Naftalis & Frankel LLP (the "**Applicant**" or "**Kramer Levin**"), co-counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of EXP OldCo Winddown, Inc. and its affiliated entities in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby applies, pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (iv) the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. No. 223] (the "**Interim Compensation Order**"),[2] for allowance of compensation for services rendered and reimbursement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

of expenses (the "**Application**") for the period from October 1, 2024 through October 31, 2024 (the "**Compensation Period**"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

4. On April 22, 2024 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5. The Debtors in these Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. On May 3, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of Title 11 of the Bankruptcy Code, appointed the Committee. The members of the Committee are: (i) Li & Fung (Trading) Limited, (ii) Manchu Times Fashion Limited, (iii) Jorge Chacon, (iv) Pacific Buying & Marketing Service, Ltd., (v) Radial, Inc., (vi) Motives International (Hong Kong) Limited and Motives International Limited, and (vii) The Macerich Company.

7. At a meeting held on May 6, 2024, the Committee, among other things, voted to retain Kramer Levin as its as counsel, and soon thereafter Saul Ewing LLP was selected to serve as co-counsel to the Committee.

8. On June 5, 2024, the Committee applied to the Court for an order authorizing it to retain and employ Kramer Levin [Dkt. Nos. 407 & 409]. On June 24, 2024, the Court entered an order authorizing such retention, effective as of May 6, 2024 [Dkt. No. 532].

9. The Interim Compensation Order set forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that a Professional may file no earlier than the fifth day of each month following the month for which compensation is sought and serve a monthly application for interim allowance of compensation for services rendered and reimbursement of expenses incurred (the "**Monthly Fee Application**") on the Application Recipients. Provided that there are no objections to the Monthly Fee Application filed within twenty-one (21) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized and directed to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application.

## RELIEF REQUESTED

10. Kramer Levin is seeking compensation in the amount of $685,745.20, which is equal to eighty percent (80%) of the $857,181.50 in fees for professional services rendered by Kramer Levin during the Compensation Period. This amount is derived solely from the applicable hourly billing rates of Kramer Levin's personnel who rendered such services to the Committee. In addition, Kramer Levin is seeking reimbursement of expenses incurred during the Compensation Period in the amount of $4,087.27.

11. Attached hereto as **<u>Exhibit A</u>** is a schedule providing certain information regarding the Kramer Levin attorneys and paraprofessionals whose work on these Chapter 11 Cases compensation is sought in this Application. Attorneys and paraprofessionals of Kramer Levin have expended a total of 604.20 hours in connection with these Chapter 11 Cases during the Compensation Period.

12. Attached hereto as **<u>Exhibit B</u>** is a detailed itemization, by project category, of all services performed by Kramer Levin with respect to the Chapter 11 Cases during the Compensation Period. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

13. Attached hereto as **<u>Exhibit C</u>** is a schedule of the expenses incurred by Kramer Levin in the performance of services rendered as counsel to the Committee, which are broken down into categories of charges. Kramer Levin incurred out-of-pocket expenses during the Compensation Period in the amount of $4,087.27.[3]

14. Pursuant to Kramer Levin policy (which Kramer Levin submits is consistent with that of other New York City law firms), Kramer Levin pays certain expenses of professionals who work past 8:00 p.m. and on weekends and holidays in the service of its clients. These expenses include meal charges and car fares. While the U.S. Trustee Guidelines permit late working professionals to use a car service, Kramer Levin has voluntarily limited its request for

---

[3] In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Kramer Levin does not charge more than $0.10 per page for black and white photocopies or $0.80 per page for color copies. Kramer Levin does not surcharge for computerized research. In accordance with Del. Bankr. L.R. 2016-2(d)(ix), Kramer Levin reduces its request for compensation of nonworking travel by 50% of the normal rate.

reimbursement to $75 per trip to the extent that any such car fare exceeded this limit. Consistent with the U.S. Trustee Guidelines, Kramer Levin also voluntarily reduces any requests for reimbursement for late-working professionals' meal charges to $20 per meal to the extent that such meal charges were in excess of this limit.

### CERTIFICATE OF COMPLIANCE AND WAIVER

15. The undersigned representative of Kramer Levin certifies that he has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, Kramer Levin believes that such deviations are not material and respectfully requests that any such requirements be waived. A true and correct copy of the Verification of Adam C. Rogoff is attached hereto as **Exhibit D**.

### NOTICE

16. Notice of this Application is being provided to the Application Recipients identified in the Interim Compensation Order.

17. No prior request for the relief sought by this Application has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, Kramer Levin respectfully requests that the Court enter an order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $685,745.20 (80% of $857,181.50) for professional services rendered and (b) reimbursement for actual and necessary costs in the amount of $4,087.27; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: November 15, 2024          **KRAMER LEVIN NAFTALIS & FRANKEL LLP**

/s/ *Adam C. Rogoff*
Adam C. Rogoff (admitted *pro hac vice*)
Robert T. Schmidt admitted (admitted *pro hac vice*)
Nathaniel Allard (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
arogoff@kramerlevin.com
rschmidt@kramerlevin.com
nallard@kramerlevin.com

*Counsel to the Official Committee of Unsecured Creditors of Express Inc., et al.*