## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 6, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

### SUMMARY COVER SHEET TO THE SIXTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH OCTOBER 31, 2024

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al.* |
| Date of Retention: | June 25, 2024, *nunc pro tunc* to May 7, 2024 |
| Period for which compensation and reimbursement is sought: | October 1, 2024 through October 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $120,734.00<br>(80% of which is $96,587.20) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $5,259.97 |

This is an: **X** monthly ___ interim ___ final application.

Saul Ewing LLP intends to seek compensation in connection with the preparation of this Application at a later date.

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 569 | 05/07/2024 through 05/31/2024 | $124,251.50 | $0.00 | $124,251.50 | $0.00 | $0.00 | 7/25/2024 D.I. 644 |
| 07/29/2024 D.I. 662 | 06/01/2024 through 06/30/2024 | $127,961.50 | $1,124.09 | $127,961.50 | $1,124.09 | $0.00 | 08/20/2024 D.I. 731 |
| 08/27/2024 D.I. 745 | 07/01/2024 through 07/31/2024 | $74,462.50 | $2,872.50 | $74,462.50 | $2,872.50 | $0.00 | 09/18/2024 D.I. 827 |
| 10/23/2024 D.I. 919 | 08/01/2024 through 08/31/2024 | $88,613.50 | $1,441.85 | $0.00 | $0.00 | $90,055.35 | 11/14/2024 D.I. 997 |
| 11/12/24 D.I. 983 | 09/01/2024 through 09/30/2024 | $101,521.50 | $3,757.85 | $0.00 | $0.00 | $105,279.35 | Pending[2] |
| | TOTAL | $516,810.50 | $9,196.29 | $326,675.50 | $3,996.59 | $195,334.70 | |

---

[2]     The objection deadline for this fee application is December 3, 2024.

53350223.2 11/15/2024

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 6, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed** |

### SIXTH MONTHLY FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH OCTOBER 31, 2024

Saul Ewing LLP ("**Saul Ewing**"), co-counsel to the Official Committee (the "**Committee**") of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al.* (the "**Debtors**"), hereby applies to the Court for interim allowance of compensation for the period October 1, 2024 through October 31, 2024 (the "**Application Period**") with respect to its retention as co-counsel to the Committee.  In support of this Application, Saul Ewing represents as follows:

### <u>Jurisdiction</u>

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

---

[1]      The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

### Background

4.      On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

5.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

6.      On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

7.      On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), which sets forth the

2

procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

## Retention of Saul Ewing

8.      On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

## Professional Services Rendered

9.      During the Application Period, Saul Ewing partners, associates, and paraprofessionals rendered a total of 294.2 hours of professional services to the Committee, for which Saul Ewing requests allowance of interim compensation in the amount of $120,734.00.  The blended hourly rate for the hours included in this Application is equal to $410.38 per hour, calculated as to attorneys, paralegals, and paraprofessionals.  At all times, work was assigned to the attorney, paralegal, or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility, and expertise needed to do the work efficiently.

10.      Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals, and paraprofessionals, and to cover fixed and routine expenses.  The hourly rates and corresponding hourly rate's structure utilized by Saul Ewing in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

11.     Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with these Chapter 11 Cases on behalf of the Committee.  Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Saul Ewing.  This detailed itemization complies with Local Rule 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Saul Ewing.

12.     Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Saul Ewing with respect to these matters during the Application Period. Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

13.     Attached hereto as **Exhibit D** is a description of the costs actually expended by the Applicant in the performance of services rendered as counsel to the Debtors during the Application Period.  These costs for which reimbursement is requested total $5,259.97.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($.25/page – outgoing transmission only), telephone charges, postage, messenger service, outside photocopying, teleconferencing and legal research.  By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

14.     Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session*;* however, Saul Ewing then applies a 50% discount to the amounts charged to its clients.

4

In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

15.     Attached hereto as **Exhibit E** is a Declaration of Saul Ewing with respect to the compensation requested.

### Summary of Legal Services by Project Category

16.     The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below.  The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 3.5 | $1,207.50 |
| Committee Matters | 14.8 | $8,200.00 |
| Executory Contracts and Unexpired Leases | 0.1 | $64.50 |
| Fee/Employment Applications (Saul Ewing) | 1.6 | $639.00 |
| Fee/Employment Applications (Other Professionals) | 8.6 | $3,603.00 |
| Financing and Cash Collateral | 1.5 | $967.50 |
| Plan and Disclosure Statement | 261.5 | $104,375.50 |
| Preparation for and Attendance at Hearings | 1.4 | $903.00 |
| UST Reports, Meetings and Issues | 1.2 | $774.00 |
| **TOTAL** | **294.2** | **$120,734.00** |

17.     These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

    (a)     <u>Case Administration</u>.  This category includes all matters related to work regarding the administration of the cases.  Time in this category includes reviewing the docket for critical dates and deadlines; updating a case calendar; communicating with Debtors' counsel regarding insurance issues and tax returns; and communicating with Kramer Levin and the Saul Ewing team regarding case timeline and workflow.  Saul Ewing spent 3.5 hours of attorney time on the foregoing services.  Said services have a value of $1,207.50 for which Saul Ewing is seeking compensation.

5

| Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.4 | $258.00 |
| N. Smargiassi | Associate | 1.8 | $540.00 |
| M. Hanamirian | Associate | 1.3 | $409.50 |
| **Total** | | **3.5** | **$1207.50** |

(b) <u>Committee Matters</u>. This category includes all time spent in connection with issues involving the Committee. Time in this category includes reviewing Committee posts and slides; communicating with Kramer Levin regarding Committee calls and posts; and preparing for and participating in Committee calls. Saul Ewing spent 14.8 hours of attorney time on the foregoing services. Said services have a value of $8,200.00 for which Saul Ewing is seeking compensation.

| Committee Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 9.9 | $6,385.50 |
| T. Falk | Associate | 2.5 | $1,075.00 |
| N. Smargiassi | Associate | 1.1 | $330.00 |
| M. Hanamirian | Associate | 1.3 | $409.50 |
| **Total** | | **14.8** | **$8,200.00** |

(c) <u>Executory Contracts and Unexpired Leases</u>. This category includes all time spent in connection with contract and lease analysis, the assumption, assignment, or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes reviewing a notice of assumption. Saul Ewing spent 0.1 of an hour of attorney time on the foregoing services. Said services have a value of $64.50 for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| L. Murley | Partner | 0.1 | $64.50 |
| **Total** | | **0.1** | **$64.50** |

(d)    <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing.  Time in this category includes revising and filing Saul Ewing's fourth monthly fee application; and drafting, revising and filing a certification of no objection for Saul Ewing's first interim fee application.  Saul Ewing spent 1.6 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $639.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 0.5 | $322.50 |
| N. Smargiassi | Associate | 0.2 | $60.00 |
| R. Warren | Paraprofessional | 0.9 | $256.50 |
| **Total** | | **1.6** | **$639.00** |

(e)    <u>Fee/Employment Applications (Other Professionals)</u>.  This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in these Chapter 11 Cases.  Time in this category includes reviewing Debtors' professionals' monthly and interim fee applications and certifications of no objection regarding same; drafting a summary of Debtors' professionals' monthly fee applications;; reviewing, revising and filing Kramer Levin's and Province's fourth monthly fee applications; drafting, revising and filing certifications of no objection regarding Kramer Levin's and Province's first interim fee applications; reviewing and revising first interim fee order; and communicating with Kramer Levin, Province and the Saul Ewing team regarding fee application issues.  Saul Ewing spent 8.6 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $3,603.00 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other Professionals) | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 3.1 | $1,999.50 |
| N. Smargiassi | Associate | 2.4 | $720.00 |
| R. Warren | Paraprofessional | 3.1 | $883.50 |
| **Total** | | **8.6** | **$3,603.00** |

7

(f)     Financing and Cash Collateral.  This category includes all matters relating to cash collateral issues.  Time in this category includes communicating with Kramer Levin regarding professional fee budgets; and preparing weekly fee estimates as required by the DIP financing order and requested by the Debtors' professionals.  Saul Ewing spent 1.5 hours of attorney time on the foregoing services.  Said services have a value of $967.50 for which Saul Ewing is seeking compensation.

| Financing and Cash Collateral | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 1.5 | $967.50 |
| **Total** | | **1.5** | **$967.50** |

(g)     Plan and Disclosure Statement.  This category includes time related to plan and disclosure issues.  Time in this category includes analyzing interview summaries; drafting and revising an insurance and coverage summary chart, a summary of the Committee's investigation, a reply in support of cross-motion on exclusivity and a committee support letter; reviewing and revising a disclosure statement, a plan, a discovery letter to Debtors regarding redaction and investigation issues, a disclosure statement objection, solicitation procedures and ballots; analyzing document production; reviewing the UST's plan objection, a revised disclosure statement and plan; conducting research concerning exclusivity issues, claims retention and drafting memoranda regarding same; communicating with the UST regarding exclusivity and plan issues; preparing for and participating in settlement meetings with the Debtors; and communicating with the Debtors, Kramer Levin and the Saul Ewing team regarding exclusivity, discovery, investigation and plan issues.  Saul Ewing spent 261.5 hours of attorney and litigation support time on the foregoing services.  Said services have a value of $104,375.50 for which Saul Ewing is seeking compensation.

| Plan and Disclosure Statement | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 48.6 | $31,347.00 |
| T. Falk | Associate | 58.3 | $25,069.00 |
| N. Smargiassi | Associate | 69.1 | $20,730.00 |
| M. Hanamirian | Associate | 78.9 | $24,853.50 |
| eDiscovery Project Manager – EDPM | Litigation Support | 6.6 | $2,376.00 |
| **Total** | | **261.5** | **$104,375.50** |

8

(h)     <u>Preparation for and Attendance at Hearing</u>.  This category includes time related to the preparation for and attendance at various court hearings.  Time in this category includes reviewing hearing agendas; and communicating with the Debtors and Kramer Levin regarding hearing issues.  Saul Ewing spent 1.4 hours of attorney time on the foregoing services.  Said services have a value of $903.00 for which Saul Ewing is seeking compensation.

| Preparation for and Attendance at Hearing | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 1.4 | $903.00 |
| **Total** | | **1.4** | **$903.00** |

(i)     <u>UST Reports, Meetings and Issues</u>.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes communicating with Kramer Levin and the UST regarding the case status and disclosure statement issues.  Saul Ewing spent 1.2 hours of attorney on the foregoing services.  Said services have a value of $774.00 for which Saul Ewing is seeking compensation.

| UST Reports, Meetings and Issues | | | |
|---|---|---|---|
| Professionals | Position | Hours | Compensation |
| L. Murley | Partner | 1.2 | $774.00 |
| **Total** | | **1.2** | **$774.00** |

(j)     <u>Expenses</u>.  **Exhibit D** lists expenses, such as copying costs at 10¢ per page, postage, filing fees, transcripts, charges for telephonic Court appearances, charges for legal research, and travel expenses.  Saul Ewing seeks $5,259.97 in expenses.

| EXPENSES | | |
|---|---|---|
| Expense Category | Service Provider (if applicable) | Total Expenses |
| E-discovery Processing /Usage | Epiq Relativity | $777.85 |
| Legal Research | Westlaw | $4,482.12 |
| **Total** | | **$5,259.97** |

9

## **Compensation Should Be Allowed**

18.     The foregoing services in the total amount of $120,734.00 provided by Saul Ewing on behalf of the Committee during the Application Period were reasonable, necessary, and appropriate to the administration of the Chapter 11 Cases.

19.     The attorneys who worked on these cases during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Cases.

20.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

Case 24-10831-KBO   Doc 1000   Filed 11/15/24   Page 13 of 14

(f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

21.     The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtors and the Debtors' estates. Saul Ewing submits that the compensation sought is reasonable.

22.     Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code.   Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

23.     Saul Ewing has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with such requirements.

**Notice**

24.     Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

25.     No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $120,734.00 (80% of which is $96,587.20) for legal services rendered on behalf of the Committee

11

53350223.2 11/15/2024

during the Application Period, together with reimbursement of disbursements in the amount of

$5,259.97, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November 15, 2024

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:     (302) 421-6898
Email:          luke.murley@saul.com

*Co-Counsel for the Official Committee of
Unsecured Creditors*

12