# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Objection Deadline: December 6, 2024 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: December 17, 2024 at 10:30 a.m. (ET)** |

**SUMMARY OF SECOND INTERIM APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD FROM AUGUST 1, 2024 THROUGH OCTOBER 31, 2024</u>**

| Name of Applicant | Kramer Levin Naftalis & Frankel LLP |
|---|---|
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention Order: | June 24, 2024, effective as of May 6, 2024 |
| Time Period Covered by this Application: | August 1, 2024 through and including October 31, 2024 |
| Total Compensation Sought this Period: | $1,557,502.00 |
| Total Expenses Sought this Period: | $6,248.22 |
| Total Amount Requested this Period: | $1,563,750.22 |
| Total Compensation Approved by Interim Order to Date: | $1,573,632.50 |
| Total Expenses Approved by Interim Order to Date: | $3,316.68 |
| Blended Rate in this Application for All Attorneys: | 1,478 |
| Blended Rate in this Application for All Timekeepers: | 1,453 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

| | |
|---|---:|
| Compensation sought in this application already paid pursuant to the Interim Compensation Order but not yet allowed: | $0.00 |
| Expenses sought in this application already paid pursuant to the Interim Compensation Order but not yet allowed: | $0.00 |
| Number of Professionals Included in this Application: | 12 |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 5 |
| If applicable, number of professionals in this application not included in staffing plans: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | $294,998 below budgeted amount |
| Any rate increases during this period? | No[2] |
| **This is a(n):**     _X_ interim application     ___ final application | |

---

[2] All hourly rates are adjusted by Kramer Levin on a periodic basis (the last such adjustment occurred in January 2024). The rates for certain associates working on this matter increased as of September 1, 2024, in connection with the associates' yearly step-up in seniority, but this annual step-up is not considered a "rate increase" as the billing rate among the applicable associate class does not change.

Previous Monthly Applications:

| Monthly Fee Application Filing Date & Docket No. | Period Covered | Total Fees Requested | Total Expenses Requested | CNO Filing Date & Docket No.[3] | Amount of Fees Authorized to be Paid | Amount of Expenses Authorized to be Paid |
|---|---|---|---|---|---|---|
| 7/3/2024 [D.I. 568] | May 6, 2024 – May 31, 2024 | $764,241.50 | $2,354.71 | 7/25/2024 [D.I. 643] | $764,241.50 | $2,354.71 |
| 7/29/2024 [D.I. 661] | June 1, 2024 – June 30, 2024 | $483,269.50 | $503.47 | 8/20/2024 [D.I.730] | $483,269.50 | $503.47 |
| 8/27/2024 [D.I. 744] | July 1, 2024 – July 31, 2024 | $326,121.50 | $458.50 | 9/18/2024 [D.I. 826] | $326,121.50 | $458.50 |
| 10/23/2024 [D.I. 918] | August 1, 2024 – August 31, 2024 | $258,561.00 | $542.10 | 11/14/2024 [D.I. 996] | $206,848.80 | $542.10 |
| 11/12]/2024 [D.I. 982] | September 1, 2024 – September 30, 2024[4] | $441,759.50 | $1,618.85 | N/A | N/A | N/A |
| 11/15/2024 [D.I. 999] | October 1, 2024 – October 31, 2024 | $857,181.50 | $4,087.27 | N/A | N/A | N/A |
| **TOTALS** | | **$3,131,134.50** | **$9,564.90** | | **$1,780,481.30** | **$3,858.78** |

---

[3] The objection deadlines for the Kramer Levin's September and October monthly fee applications are December 3, 2024 and December 6, 2024, respectively.

[4] Kramer Levin's September monthly fee application contained a typo in the amount of fees requested. The actual fees should be $441,759.50 instead of $441,759.49. A corrected September invoice is attached to the Application as **Exhibit F**.

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Objection Deadline: December 6, 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date: December 17, 2024 at 10:30 a.m. (ET)** |

## SECOND INTERIM APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH OCTOBER 31, 2024

Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Express, Inc. and its related and affiliated entities, hereby submits this second interim application (the "Application"), pursuant to (a) 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Del. Bankr. L.R. 2016-2, (b) the Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Dkt. No. 223] (the "Interim Compensation Order"), and (c) the *United States Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), for entry of an order allowing, on an interim basis, compensation in the amount of $1,557,502.00 and reimbursement of actual and necessary expenses in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

amount of $6,248.22 for the period from August 1, 2024 to October 31, 2024 (the "Compensation Period").[2] In support thereof, Kramer Levin respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On April 22, 2024, (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4. The Debtors have continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Case.

5. On May 3, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to sections 1102(a) and (b) of Title 11 of the Bankruptcy Code, appointed the Committee. The members of the Committee are: (i) Li & Fung (Trading) Limited, (ii) Manchu Times Fashion Limited, (iii) Jorge Chacon, (iv) Pacific Buying & Marketing Service, Ltd., (v) Radial, Inc., (vi) Motives International (Hong Kong) Limited and Motives International Limited, and (vii) The Macerich Company.

---

[2] Total compensation for the Compensation Period reflects a voluntary reduction of $229,218.00.

6. At a meeting held on May 6, 2024, the Committee, among other things, voted to retain Kramer Levin as its as counsel, and soon thereafter Saul Ewing LLP was selected to serve as co-counsel to the Committee.

7. On June 5, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014, for an Order Approving the Retention and Employment of Kramer Levin Naftalis & Frankel LLP as Co-Counsel to the Official Committee of Unsecured Creditors Effective as of May 6, 2024* [Dkt. Nos. 407 and 409] (the "Retention Application"). On June 24, 2024, the Court entered an order authorizing such retention, effective as of May 6, 2024 [Dkt. No. 532].

8. On May 14, 2024, the Court entered an Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these Chapter 11 Cases.

**PRELIMINARY STATEMENT**

9. Since its appointment, the Committee continues to play an active and important role in these Chapter 11 Cases, with its efforts during the Compensation Period primarily focused on, *inter alia*: (1) analyzing, objecting to, and negotiating a resolution regarding the Debtors' motion to extend its exclusivity period and the Committee's cross-motion to terminate exclusivity related thereto, (2) reviewing the Debtors' proposed chapter 11 plan and identifying key provisions therein that would adversely affect the Committee's potential recovery, (3) monitoring the Debtors' internal investigation of their current and former Board members to identify potential estate causes of action, (4) reviewing the Debtors' various prepetition transactions to identify potential estate causes of action related thereto, (5) negotiating a settlement on the contested provisions of the Debtors' chapter 11 plan, and (6) preserving value of the Debtors' estates and maximizing recovery for unsecured creditors. The proposed chapter 11

plan resulting from the settlement represents a substantial accomplishment in the Chapter 11 Cases that will provide for maximal recovery for unsecured creditors and maximal value for the Debtors' estates. During the Compensation Period, material efforts were undertaken by the Committee and its professionals, including Kramer Levin, in furtherance of this process and the resulting chapter 11 plan to be presented at the confirmation hearing.

10. Throughout the Compensation Period, Kramer Levin and the Committee professionals have been focused on maximizing the value of the estates. During this time, Kramer Levin, in its capacity as co-counsel to the Committee, undertook, the following:

- Filed an objection to the Debtors' motion to extend its exclusivity period and concurrently filed a cross-motion to terminate exclusivity;

- Negotiated with the Debtors to consensually resolve the issues raised in the Committee's objection and improve the terms of the Debtors' proposed chapter 11 plan for the benefit of unsecured creditors, resulting in a consensual settlement;

- Reviewed and negotiated with the Debtors on the final terms of the Debtors' disclosure statement and the consensual chapter 11 plan to be presented at the confirmation hearing;

- Monitored and provided certain guidance on the Debtors' internal investigation into potential estate causes of action that should be preserved for the benefit of unsecured creditors;

- Reviewed the Debtors' various prepetition transactions to identify potential estate causes of action related thereto, as well as certain parties against whom such claims should be preserved;

- Provided legal advice and assistance to the Committee in its consultation with the Debtors relative to the Debtors' administration of the Chapter 11 Cases;

- Researched and analyzed legal and factual issues in connection with the Debtors' proposed chapter 11 plan;

- Held weekly meetings with the Committee to provide detailed updates and guidance on the Debtors' chapter 11 cases, as well as providing frequent updates to the Committee via electronic mail; and

- Performed such other legal services to the Committee in connection with the prosecution of the chapter 11 cases as are necessary and appropriate.

11. The progress of these chapter 11 cases and the evolution of the Debtors' proposed chapter 11 plan throughout the Compensation Period required Kramer Levin to undertake a thorough analysis of, *inter alia*, the Debtors' chapter 11 plan, disclosure statement, and potential estate causes of action. Ultimately, the Committee's efforts during the Compensation Period resulted in either obtaining value-maximizing concessions from the Debtors on the applicable contested issues or, to the extent necessary, reaching consensus with the Debtors and thereby avoiding contested hearings on numerous issues. The substantial efforts of the Committee, occurring over the short period of time represented by the Compensation Period, required significant resources of Kramer Levin for the benefit of the estate. Kramer Levin conducted extensive negotiations with the Debtors on contested matters, researched relevant legal and factual issues involved, advised the Committee on options and solutions to these contested matters, and ultimately reached a settlement resolving all outstanding issues. In addition, Kramer Levin worked diligently to ensure that the Committee was appropriately informed of all case updates – either through weekly Committee calls or through frequent, detailed emails to the Committee.

12. Accordingly, Kramer Levin respectfully submits that its services during the Compensation Period warrant approval of its requested fees and expenses.

## MONTHLY APPLICATIONS

13. On October 23, 2024, Kramer Levin filed its fourth monthly application for compensation and reimbursement of expenses [Dkt. No. 918] (the "Fourth Monthly Application"). By the Fourth Monthly Application, Kramer Levin sought approval of compensation of $258,561.00 and reimbursement of expenses in the amount of $542.10 for the period of May 6, 2024 through May 31, 2024. On November 14, 2024 Kramer Levin filed a certificate of no objection regarding the Fourth Monthly Application [Dkt. No. 996].

14. On November 12, 2024, Kramer Levin filed its fifth monthly application for compensation and reimbursement of expenses [Dkt. No. 982] (the "Fifth Monthly Application"). By the Fifth Monthly Application, Kramer Levin sought approval of compensation of $441,759.50 and reimbursement of expenses in the amount of $1,618.85 for the period of September 1, 2024 through September 30, 2024.

15. On November 15, 2024, Kramer Levin filed its sixth monthly application for compensation and reimbursement of expenses [Dkt. No. 999] (the "Sixth Monthly Application"). By the Sixth Monthly Application, Kramer Levin sought approval of compensation of $857,181.50 and reimbursement of expenses in the amount of $4,087.27 for the period of October 1, 2024 through October 31, 2024.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

16. This Application has been prepared in accordance with the U.S. Trustee Guidelines and the Interim Compensation Order. Pursuant to the U.S. Trustee Guidelines, a certification of Adam C. Rogoff (the "Rogoff Certification") regarding compliance with the same is attached as **Exhibit A** hereto.

17. Kramer Levin seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $1,557,502.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $6,248.22. During the Compensation Period, Kramer Levin's attorneys and paraprofessionals expended a total of 1,087.50 hours in connection with the necessary services performed.

18. There is no agreement or understanding between Kramer Levin and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

19. The fees charged by Kramer Levin in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Retention Application.

20. During the Compensation Period, Kramer Levin exercised its billing discretion and voluntarily wrote off fees and expenses. Kramer Levin's write offs of fees and expenses resulted in savings to the Debtors' estates during the Compensation Period of $231,314.00.[3]

21. The total sum due to Kramer Levin for professional services rendered on behalf of the Committee during for the Compensation Period is $1,557,502.00. Charts summarizing Kramer Levin's services by timekeeper and project category during Compensation Period are attached as **Exhibit B**. Kramer Levin submits that the professional services it rendered on behalf of the Committee during this time were both reasonable and necessary.

22. Kramer Levin incurred $6,248.22 of expenses during the Compensation Period. A chart detailing the specific disbursements is attached hereto as **Exhibit C**.

23. Pursuant to Kramer Levin policy (which Kramer Levin submits is consistent with that of other New York City law firms), Kramer Levin pays certain expenses of professionals who work in the office past 8:00 p.m. and on weekends and holidays in the service of its clients. These expenses include meal charges and car fares. While the U.S. Trustee Guidelines permit late-working professionals to use a car service, Kramer Levin has voluntarily limited its request for reimbursement to $75 per trip to the extent that any such car fare exceeded this limit. Kramer Levin has also voluntarily reduced its request for reimbursement for late-working professionals' meal charges to $20 per meal to the extent that such meal charges were in excess of this limit.

24. These charges are intended to cover Kramer Levin's direct operating costs, which costs are not incorporated into Kramer Levin's hourly billing rates. Only clients who actually use services of the types set forth in **Exhibit C** are separately charged for such services.

---

[3] This amount does not include reductions for non-working travel, which is billed at 50%.

7

25. Kramer Levin does not derive a profit from legal research charges. Kramer Levin maintains a flat fee contract with Westlaw and Lexis. As a general matter, and in the present case, Kramer Levin charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amount that Westlaw or Lexis, as applicable, charges to regular users (i.e. users that do not maintain flat fee contracts), provided that if such charges in the aggregate exceed the flat fee amount paid by Kramer Levin, then Kramer Levin discounts such charges so that such charges in the aggregate equal the flat fee amount. Accordingly, in applying the charges to its clients, Kramer Levin passes the benefits of the flat fee arrangement to its clients while also maintaining a neutral arrangement under its contract(s) with Westlaw and Lexis.

26. Kramer Levin's rates in these Chapter 11 Cases are consistent with the rates charged by Kramer Levin to its non-bankruptcy clients. These rates are similar to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national legal market. Pursuant to the U.S. Trustee Guidelines, **Exhibit D** discloses the blended hourly rates for all non-bankruptcy timekeepers in Kramer Levin's U.S. offices and the blended hourly rates for timekeepers who billed to the Committee during the Compensation Period.

27. A budget and staffing plan for the Compensation Period is attached hereto as **Exhibit E** and includes a comparison to actual amounts. During the Compensation Period, Kramer Levin's fees were approximately $294,998 below the budgeted amount.

WHEREFORE, Kramer Levin hereby requests pursuant to the procedures allowed in the Interim Compensation Order: (i) approval of allowance and payment on an interim basis, of Kramer Levin's compensation necessary and valuable professional services rendered to the Committee in the sum of $1,557,502.00 and reimbursement of expenses in the sum of $6,248.22 for the period August 1, 2024 through and including October 31, 2024; (ii) payment of any 20% holdback that was withheld from

payment under the monthly fee application; and (iii) such other and further relief as is just and proper.

Dated: November 15, 2024

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

*/s/ Adam C. Rogoff*
Adam C. Rogoff (admitted *pro hac vice*)
Robert T. Schmidt admitted (admitted *pro hac vice*)

Nathaniel Allard (*admitted* pro hac vice)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
arogoff@kramerlevin.com
rschmidt@kramerlevin.com
nallard@kramerlevin.com

Counsel *to the Official Committee of Unsecured Creditors of Express Inc., et al.*