## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF SETTLEMENT

**PLEASE TAKE NOTICE** that on April 22, 2024, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

**PLEASE TAKE FURTHER NOTICE** that, on May 17, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of Notice of Settlement, and (III) Granting Related Relief* [Docket No. 270] (the "Settlement Procedures Order"), whereby the Court authorized the Debtors to settle certain prepetition or postpetition claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (collectively, the "De Minimis Claims").

**PLEASE TAKE FURTHER NOTICE** that the Debtors, in the reasonable exercise of their business judgment and in consideration of: (i) the reasonableness of the settlement as a whole; (ii) the probability of success if the claim is litigated or arbitrated; (iii) the difficulty in collecting any judgment; (iv) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (v) the fairness of the settlement to such Debtors' estate, creditors and shareholders, taking into account the nature of the claim in issue; and (vi) other factors the Debtors may, in the exercise of their business judgment, deem relevant to assessing the wisdom and utility of the settlement, have decided to enter into the settlement (the "Settlement"), the material terms of which are attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Procedures Order, any recipient of this notice may object to the proposed settlement within seven (7) calendar days

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

of service of this notice. Objections must: (1) **be in writing**; (2) **be received within seven (7) calendar days of service of this notice** (the "Objection Deadline"); and (3) be submitted by mail, email, or facsimile to: (i) the Debtors, One Express Drive, Columbus, Ohio 43230, Attn.: Mark Still; (ii) counsel to the Debtors (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C., Emily E. Geier, P.C. and Nicholas M. Adzima, (b) Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois, 60654, Attn.: Charles B. Sterrett; and (c) Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn.: Domenic E. Pacitti, Michael W. Yurkewicz, and Alyssa M. Radovanovich, (d) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn: Morton R. Branzburg; (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: John Schanne; (iv) counsel to Wells Fargo Bank, National Association, as administrative agent for certain prepetition and postpetition lenders of the Debtors, (a) Goldberg Kohn Ltd., 55 E. Monroe St., Suite 3300, Chicago, Illinois 60603, Attn: Randall Klein, Dimitri G. Karcazes, Keith G. Radner, and Eva D. Gadzheva and (b) Richards Layton & Finger, 920 N. King Street, Wilmington, Delaware 19801, Attn: John H. Knight, Paul N. Heath, and Alexander R. Steiger; (v) counsel to ReStore Capital, LLC, as administrative agent for certain prepetition and postpetition lenders of the Debtors (a) Ropes and Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, Illinois 60606, Attn: Stephen L. Iacovo and (b) Chipman, Brown, Cicero & Cole, LLP, 1313 North Market Street, Suite 5400, Wilmington, Delaware, 19801, Attn: Mark L. Desgrosseilliers; (vi) counsel to the Official Committee of Unsecured Creditors, (a) Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (arogoff@kramerlevin.com), Robert Schmidt (rschmidt@kramerlevin.com), and Nathaniel Allard (nallard@kramerlevin.com) and (b) co-counsel to the Official Committee of Unsecured Creditors, Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Luke Murley (luke.murley@saul.com) and Turner Falk (turner.falk@saul.com); and (vii) any other statutory committee appointed in these chapter 11 cases. **If you file a written objection with the Court by the Objection Deadline, the Debtors may only settle the De Minimis Claim(s) upon submission of a consensual form of order resolving the objection as between you and the Debtors, or upon further order of the Court approving the settlement of such De Minimis Claim(s)**.

*[Remainder of page intentionally left blank]*

Dated:  November 19, 2024
Wilmington, Delaware

/s/  Michael W. Yurkewicz
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:     (302) 426-1189
Facsimile:      (302) 426-9193
Email:            dpacitti@klehr.com
                      myurkewicz@klehr.com
                      aradovanovich@klehr.com


-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:     (215) 569-3007
Facsimile:      (215) 568-6603
Email:            mbranzburg@klehr.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                      emily.geier@kirkland.com
                      nicholas.adzima@kirkland.com


-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

**Material Terms of the Settlement**

| De Minimis Settlement Notice | |
|---|---|
| Identity of the Settling Parties | LightYear Media Inc. ("LYM") and Project Pine OldCo, LLC ("Debtor") |
| Summary of the Dispute | Debtor is the holder of a claim which reflects the amount due based on services provided under the Advertising Agreement dated February 12, 2024 (the "LYM Claim"). Debtor hereby agrees to accept a $800,000.00 payment from LYM in exchange for Debtor's release of the LYM Claim (the "Settlement Amount"). |
| Settlement Terms | Payment of the Settlement Amount will be made in one-lump sum by November 29, 2024. |
| Explanation of Why the Settlement of Such De Minimis Claim is Favorable to the Debtors, their Estates, and Their Stakeholders | The Settlement controlled against ongoing legal expenses.  The Debtors and LYM engaged in hard fought, good faith, arms' length negotiations regarding the resolution of the LYM Claim.  Accordingly, the Debtors believe the Settlement is fair, equitable, and in the best interest of all stakeholders. |