**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>Jointly Administered<br><br>Hearing Date: January 23, 2025 at 1:00 pm (ET)<br>Objection Date: December 18, 2024 at 4:00 pm (ET) |

**MOTION TO COMPEL DEBTORS TO CURE AND ASSUME OR REJECT CONTRACTS, AND/OR ALTERNATIVELY FOR APPROVAL OF AN ADMINISTRATIVE EXPENSE CLAIM**

Lumen Technologies, Inc., including its applicable parents, subsidiaries, and affiliates, including specifically CenturyLink Communications, LLC, (collectively, "Lumen"), hereby file their *Motion to Compel Debtors to Cure and Assume or Reject Contracts, and/or Alternatively for Approval of an Administrative Expense Claim* (the "Lumen Motion"), due to the Debtors' failure to compensate Lumen for cure amounts owed, valued at $403,134.02 in pre-petition cash to Lumen. Lumen has continued to provide telecommunications goods and services to the Debtors, including during periods of the Debtors failing to pay post-petition amounts accrued, all during the entirety of this case. Lumen's telecommunications goods and services allowed the Debtors to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Express Finance Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

CORE/0807628.0246/194276036.4

sell hundreds of turnkey store locations that rely upon the same to operate, bringing substantial value into the Debtors' estates. Lumen respectfully states as follows in support:

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER**

1. This Court has jurisdiction over this matter and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334 and this matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157. Lumen confirms its consent pursuant to rules 9013-1(f) and (h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**FACTUAL BACKGROUND REGARDING LUMEN**

2. Lumen generally provides the Debtors a variety of telecommunications goods and services including, but not limited to those detailed in the attached Amendment 10 (corrected as Amendment 12), Amendment 10 (corrected as Amendment 13), Amendment 11 (corrected as Amendment 14), Amendment 15, and Amendment 16 within Exhibit A, all to the CenturyLink Total Advantage Agreement – Option Z, incorporated herein by reference (collectively, "Total Advantage Agreements"). The Total Advantage Agreements and any and all other commercial agreements or manners in which telecom goods and services are provided by Lumen to the Debtors pursuant to a tariff or in another manner are collectively the Agreements (the "Agreements").

3. On April 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in

2

possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner or statutory committee has been appointed in these Chapter 11 cases.

4. Similar to the Debtors, Lumen is comprised of numerous entities, the Lumen entities providing telecommunications goods and services to many of the Debtors at hundreds of locations.

5. Lumen is asserting the cure amounts owed to Lumen against all applicable entities of the Debtors that received and receive Lumen's telecommunications goods and services under the Agreements, said entities of the Debtors expressly contracting with Lumen as detailed above.

6. The Debtors, in particular Express Fashion Operations, LLC, admitted as follows in their *Schedules of Assets and Liabilities for Express Fashion Operations, LLC*, Schedule E/F, Dkt. No 341, p. 67 of 289, that Lumen has an undisputed claim of at least $169,242.50:

| 3.117 | | |
|---|---|---|
| CENTURYLINK COMMUNICATIONS LLC, PO BOX 52124, PHOENIX, AZ, 85072-2124 | As of the petition filing date, the claim is:<br>Check all that apply.<br>☐ Contingent<br>☑ Unliquidated<br>☐ Disputed | $169,242.50 |
| Date or dates debt was incurred | Basis for the claim:<br>Misc Payable | |
| | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

7.      Further evidencing the Debtors' repeated and continual breaches of the Total Advantage Agreements by Debtors failing to timely and fully pay to Lumen the payments owed to Lumen for telecommunications goods and services, the Debtors owed and continue to owe the following pre-petition amounts, which Lumen asserted in each referenced proof of claim, incorporated herein by reference:

| Claim No. | Account Number(s) | Claim Amount |
|---|---|---|
| 413 | 80103657; 86782911; 89028289; 91609576 | $318,498.40 |
| 414 | 1-4EXMZP; 5-KLQM4SR3 | $29,749.39 |
| 415 | 5-KZWYLHLY | $54,886.23 |

8.      Lumen's Telecom Goods and Services Claim totals $403,134.02 in pre-petition amounts owed by the Debtors to Lumen.

9.      Lumen reserves any and all of its rights to maintain that the Agreements, Total Advantage Agreements, accounts thereunder, telecom goods and services thereunder, and amounts owed thereunder are non-severable, for which the Debtors must both cure and assume all contracts *cum onere*.

10.     In addition and following the Petition Date, the Debtors continued to utilize Lumen telecommunications goods and services, the Debtors incurring unpaid post-petition amounts during periods, when Lumen would continue to support the Debtors and work with the Debtors on payment.

11.     The Debtors now owe Lumen $247,569.42 of post-petition amounts, of which $41,259.79 is past due.

CORE/0807628.0246/194276036.4

## ARGUMENT

**I.      The Debtors Should Be Compelled To Cure And Assume Or Reject The Agreements.**

12.     Section 365(d)(2) provides that, at the request of any party to an executory agreement, the Court may order a debtor to assume or reject an agreement within a specified period of time. 11 U.S.C. § 365(d)(2); *Matter of Braniff Airways, Inc.*, 783 F.2d 1283, 1285 (5th Cir. 1986) ("The typical remedy for a party to an unexpired lease who is suffering economic losses . . . is to move for an order compelling the bankruptcy trustee to assume or reject the lease within a certain time period . . . .")

13.     Lumen does not oppose the assumption, or assumption and assignment, of the Agreements provided that it receives the proper cure required by 11 U.S.C. § 365.

14.     A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

15.     A debtor-in-possession must assume a contract *cum onere*, meaning subject to all its burdens. *In re Eastman Kodak Co.*, 495 B.R. 618, 624 (Bankr. S.D.N.Y. 2013); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) ("The [debtor] . . . may not blow hot and cold. If he accepts the contract he accepts it *cum onere.* If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.") (citations omitted). "Nevertheless, because a debtor must assume or reject an entire contract, and cannot cherry-pick the provisions it does not like, a court must consider the entire agreement." *In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 278 (Bankr. S.D.N.Y. 2013).

16. Further, the Debtors must fully cure all defaults *before* the Debtors are able to assume, and assume and assign, the Agreements, notwithstanding any term of any pleading, motion, plan, or contract filed or entered into by the Debtors. *See In re Wireless Data, Inc.*, 547 F.3d 484, 496 (2d Cir. 2008) ("Indeed, such payment was a statutory *precondition* to the bankruptcy court's approval of the Debtor's assumption and assignment of the AT&T contract as part of the assets sale." (*citing* 11 U.S.C. § 365(b)(1)) (emphasis added)). Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, a debtor may not assume an executory contract or unexpired lease unless, at the time of assumption, the debtor cures or provides adequate assurance that the debtor will promptly cure any existing default. *See* 11 U.S.C. § 365(b)(1)(A); *see also In re Liljeberg Enters., Inc.*, 304 F.3d 410, 444 (5th Cir. 2002) (holding that the debtor must provide adequate assurance that it will cure the default amount); *In re Rickel Home Ctrs.*, 209 F.3d 291, 298 (3d Cir. 2000) (finding that that the debtor must cure defaults or provide adequate assurance of prompt cure).

17. To date, the Debtors have failed to cure and assume or reject the Agreements and Lumen continues to suffer economic loss due to the Debtors' failure to cure. The Debtors' failure to timely and fully pay for the telecommunications goods and services that Lumen provides long preceded the Petition Dates, further supporting this request.

18. It is axiomatic, as the Supreme Court instructed, that "a debtor-in-possession has until a reorganization plan is confirmed to decide whether to accept or reject an executory contract." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 529 (1984) (*see also Florida Dep't Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 46 (2008) ("We agree with *Bildisco's* commonsense observation that the decision whether to reject a contract or lease must be made before confirmation.")) "In a chapter 11 case, the deadline to assume or reject an executory contract is

CORE/0807628.0246/194276036.4

any time prior to plan confirmation." *In re Calpine Corp.*, No. 05-60200 (BRL), 2009 WL 1578282, at *6 (Bankr. S.D.N.Y. May 7, 2009) (unreported; persuasive).

19. Lumen respectfully requests that the Court direct the Debtors to promptly cure and assume or reject the Agreements on or before the earliest date to be determined by the Court, and that if the Debtors due not cure all amounts owed and assume all Agreements, Lumen be afforded an administrative claim for any post-petition amounts owed and unpaid, including as stated above.

20. At this time, Lumen does not seek more than the amounts due cited above. Lumen reserves the right to amend the cure amount demanded, including to add any cure amount associated with any additional contracts and agreements and discovered to be included in the process of the Debtors assuming the same, and to assert any rights, claims, causes of action, remedies and/or defenses with respect to the cure and assumption of the additional contracts and agreements, and Lumen intends to work with the Debtors to reach an agreement as to the amounts necessary to fully cure the additional contracts and agreements. Furthermore, for any amounts owed to Lumen that continue to grow, Lumen reserves the right to amend its cure amount herein to include said amounts as they become past due. Lastly, while Lumen maintains that the Debtors alone owe the full cure amount cited herein, and that no contracts or agreements have been assumed or assumed and assigned until Lumen is provided its cure as directed by 11 U.S.C. § 365(b)(1)(A) and cited in the controlling case law above, Lumen reserves the right to seek its cure from any third parties.

**II.     Alternatively, Lumen Respectfully Requests the Court Grant Lumen an Administrative Claim for Post-Petition Amounts the Debtors Owe Lumen.**

21. Section 503(b)(1) is intended "to provide an incentive for creditors to continue doing business with a debtor and an incentive for others to engage in business transactions with the debtor." 4 *Collier on Bankruptcy,* 503.06[3][a] (16th ed. 2014). Lumen acted in accordance

with the policies behind the statute and provided critical support to the Debtors, that support keeping the stores that the Debtors sold operating and functioning, increasing the sale value and value to the Debtors' estates.

22. Alternatively, 11 U.S.C. § 365(d)(5) requires the Debtors to "timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . . until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title . . . ."

23. The Lumen provided telecommunications goods and services include private lines and ports – personal property – meriting an administrative claim under 11 U.S.C. § 365(d)(5), as evidenced in this excerpt from Proof of Claim No. 413, incorporated herein by reference:

| 150859779 EXPRESS 10G WAVE | | | | | | |
|---|---|---|---|---|---|---|
| Private Line Circuit ID: 10GLAN-17613603 LI19306371 | Data Service | | Loc A: 4111 MORSE RD, COLUMBUS, OH | | Loc Z: 21110 RIDGETOP CIR, STERLING, VA | |
| Wave-LH 10GBE LAN PHY | | RC | Jun 01, 2024 - Jun 30, 2024 | 1 | 3,150.00 | 1,975.71 | 5,125.71 |
| Private Line Circuit ID: 10GLAN-17613603 LL19306369 | Data Service | | Loc A: 4111 MORSE RD, COLUMBUS, OH | | | |
| 10GBE LAN PHY Lumen Loop | | RC | Jun 01, 2024 - Jun 30, 2024 | 1 | 3,675.00 | 2,367.52 | 6,042.52 |
| | | | Total 150859779 | | 6,825.00 | 4,343.23 | 11,168.23 |

24. These private lines service the hundreds of stores the Debtors sold turnkey, the sale bringing substantial value into the Debtors' estates.

25. Courts recognize that analyses entitling section 365(d)(3) claims to administrative claim treatment under section 503(b) are applicable to section 365(d)(5) claims as well. *In re Bella Logistics LLC*, 583 B.R. 674, 681, n.7 (Bankr. W.D. Tex. 2018) (persuasive).

26. A majority of courts interpret section 365(d)(3) claims as obligating a debtor to perform all post-petition obligations under a lease, notwithstanding section 503(b)(1), and automatically treat such claims as administrative expense claims. *In re BH S&B Holdings LLC*, 401 B.R. 96, 103–04 (Bankr. S.D.N.Y. 2009). "There is authority that lessors of non-consumer

8

personal property can resort to either §§ 365(d)(5) or 503(b)(1) of the Bankruptcy Code to assert administrative claims against a debtor for lease payments due after the filing of a bankruptcy case." *In re Stone Barn Manhattan LLC,* 405 B.R. 68, 76 (Bankr. S.D.N.Y. 2009).

27. "Benefit to the estate is not an issue under [section] 365(d)(5), and, in the absence of intervening action by the [d]ebtor, the obligation to perform under the lease remains." *In re Wyoming Sand & Stone Co.*, 393 B.R. 359, 361 (Bankr. M.D. Pa. 2008). In *In re Wyoming Sand & Stone Co.,* the court granted the equipment lessor an administrative claim per section 365(d)(5) for the rents owed 60 days after the petition date for a leased truck. *Id.*

28. Respectfully, Lumen requests the Court grant Lumen an administrative claim for all amounts owed to Lumen more than 60 days post-petition, currently $247,569.42 of post-petition amounts, of which $41,259.79 is past due, Lumen requesting the ability to amend the amount for additional post-petition amounts owed.

## RELIEF SOUGHT

WHEREFORE, Lumen respectfully requests an order:

(a) Granting Lumen's cure amount in the value of $403,134.02 in pre-petition cure to Lumen, including default interest and attorney's fees and costs where applicable;

(b) Directing Lumen's cure be paid timely and in advance of any assumption, or assumption and assignment;

(c) Allowing Lumen additional time to amend its cure amount as additional contracts and agreements, including growing unpaid post-petition amounts, are discovered to be included in the Debtors' assumption process;

(d) Directing the Agreements are not, until fully cured, assumed, or assumed and assigned, in their entirety, notwithstanding any motion, pleading, notice, order, stipulation, other transactional documents or filings of record, or releases or exculpations therein;

(e) Alternatively, directing that the Debtors have not assumed any Agreements absent the Debtors fully and completely curing any and all defaults;

(f) Alternatively also granting Lumen an administrative claim against the Debtors for all post-petition amounts the Debtors owe to Lumen; and

(g) Granting such other and further relief as is just, equitable, and proper.

(INTENTIONALLY BLANK)

Dated: December 4, 2024

Respectfully submitted,

**STINSON LLP**

/s/   *Jeffrey M. Schlerf*
Jeffrey M. Schlerf (DE No. 3047)
STINSON LLP
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

 - and-

Edwin H. Caldie (MN Bar No. 0388930)
(pending admission *pro hac vice*)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel. (612) 335-1500
ed.caldie@stinson.com

- and -

Lucas L. Schneider (CO Bar No. 48125)
(pending admission *pro hac vice*)
STINSON LLP
1144 15th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 376-8414
lucas.schneider@stinson.com

*Counsel for Lumen*

CORE/0807628.0246/194276036.4