# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>Jointly Administered |

**DECLARATION IN SUPPORT OF MOTION TO COMPEL DEBTORS TO CURE AND ASSUME OR REJECT CONTRACTS, AND/OR ALTERNATIVELY FOR APPROVAL OF AN ADMINISTRATIVE EXPENSE CLAIM**

STATE OF NORTH DAKOTA          )
                               ) Ss.
COUNTY OF BURLEIGH             )

Declarant, Jessie Schafer, having personal knowledge of the facts stated herein, declares:

1. I am over 18 years of age and have personal knowledge of the facts stated in this Declaration, which I am stating under penalty of perjury.

2. I am employed as a BMG Bankruptcy Analyst – Senior Customer Care Specialist, with CenturyLink Communications, LLC and Level 3 Communications, LLC, and their parents, subsidiaries, and affiliates, including but not limited to Qwest Corporation, Global Crossing Telecommunications, Inc., WilTel Communications, LLC, TelCove Operations, LLC, and Embarq

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Express Finance Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

CORE/0807628.0246/194277621.2

Corporation, including operating companies and affiliates including Lumen Technologies, Inc. (collectively, "Lumen"), in the above-captioned matter, and I have worked for Lumen since May 13, 2013, with roles in the credit and collections department at Lumen continuously since June of 2015. In my current role, I regularly, in the ordinary course of business, work with various constituents at Lumen, including sales, accounts receivable, finance, legal, and operations, regarding matters such as invoicing, reviewing credit issues, negotiating with customers, including wholesale customers, and dispute resolution with customers, among others.

3. Prior to the Petition Date and thereafter, Lumen and the Debtors were and are parties to various contracts and agreements for the delivery of telecommunications services and equipment, including the Agreements, as defined in the *Motion to Compel Debtors to Cure and Assume or Reject Contracts, and/or Alternatively for Approval of an Administrative Expense Claim* (the "Lumen Motion").

4. Lumen regularly sent and sends the Debtors invoices for the monthly services and equipment provided to the Debtors.

5. Based on the Agreements and the course and scope of my work at Lumen, I consulted with multiple constituents at Lumen and prepared the figures, calculating that as of the petition date, the Debtors owed Lumen $403,134.02 in pre-petition cash, and also now $247,569.42 in post-petition amounts, $41,259.79 of the $247,569.42 past due.

6. The proofs of claim referenced in the Lumen Motion (collectively the "Proofs of Claim"), all incorporated herein by reference and previously filed by Lumen, evidence the pre-petition amount stated above, owed by the Debtors to Lumen.

7. I am familiar with the methods by which Lumen keeps records in the ordinary course of business. It is the custom and practice of Lumen that, when information regarding a

transaction or event is entered into its systems or computers, such information is entered at or near the time of the transaction or event by an individual with personal knowledge or transmitted from an individual with personal knowledge. Regarding invoices and contracts, including those involved in this matter and generally referenced above and in the pleadings cited, Lumen regularly, usually on a monthly basis, generates and sends invoices to Lumen's customers. Regarding customer contracts, Lumen regularly electronically stores and retains such contracts contemporaneous to the general time that the contract is consummated, and Lumen employees then have access to such contracts for a variety of purposes.

8. Further, it is Lumen's custom and practice that these systems and computers, and the information they provide, including reports on outstanding balances, are kept in the regular course of Lumen's business activity, and it is the regular practice of Lumen to utilize these systems and computers and the information they provide on an ongoing basis.

9. The dollar figures owed to Lumen by the Debtors are derived from true and accurate business records described, created, retained, and used as cited above. I personally consulted with multiple constituents at Lumen in the preparation of the attachments to the Proofs of Claim. In my role at Lumen, I regularly review and assist in the preparation of summaries of this nature for purposes of advising and negotiating with customers on behalf of Lumen, and I rely upon such summaries in performing my role.

10. Further, the Proofs of Claim and attachments to the Proofs of Claim are true and accurate business record described, created, retained, and used as cited above. In my role at Lumen, I regularly review and assist in utilizing documents of this nature for purposes of advising and negotiating with customers on behalf of Lumen, and I rely upon such summaries in performing my role.

11. Also, the Agreements are true and accurate business record described, created, retained, and used as cited above. In my role at Lumen, I regularly review and assist in utilizing documents of this nature for purposes of advising and negotiating with customers on behalf of Lumen, and I rely upon such data and contracts in performing my role.

12. I submit this Declaration in support of the Lumen Motion. I am authorized to execute this Declaration on behalf of Lumen. I have personal knowledge of the following, in part through the review of the business records of Lumen, including as stated above.

(INTENTIONALLY BLANK)

CORE/0807628.0246/194277621.2

I verify under penalty of perjury that the facts set forth above are true and correct.

Further Declarant sayeth naught.

                                           *Jessie Schafer*
                                            Jessie Schafer
                             BMG Bankruptcy Analyst – Senior Customer Care Specialist
                             Lumen