## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., et al.,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:** |
|  | ) | **January 23, 2025, 1:00 PM (ET)** |
|  | ) | **Response Deadline:** |
|  | ) | **January 16, 2025, 4:00 PM (ET)** |
|  | ) |  |

### DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW SCHEDULES 1–5 TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

respectfully state as follows in support of this first omnibus objection to claims (this "Objection").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this Objection have the meanings ascribed to them later in this Objection or in the First Day Declaration, as applicable.

## **Relief Requested**

1.       The Debtors respectfully request entry of an order substantially in the form attached

hereto as **Exhibit A** (the "Order"):

     (a)    disallowing and expunging each proof of claim identified on Schedule 1 to the Order in the column titled "Claims to be Disallowed" because each proof of claim has been amended and superseded by a subsequently filed claim, as identified on Schedule 1 to the Order in the column titled "Remaining Claims" (the "Amended Claims");

     (b)    disallowing and expunging each proof of claim identified on Schedule 2 to the Order in the column titled "Claims to be Disallowed" because each proof of claim is an exact duplicate of another proof of claim filed by the same claimant in respect of the same liabilities, as identified on Schedule 2 to the Order in the column titled "Remaining Claim" (the "Duplicate Claims");

     (c)    disallowing and expunging each proof of claim identified on Schedule 3 to the Order in the column titled "Claims to be Disallowed" because each proof of claim was not received by the Debtors' Claims Agent (as defined below) by the applicable bar date as set forth in the Bar Date Order (as defined below) (the "Late Filed Claims");

     (d)    disallowing and expunging each proof of claim identified on Schedule 4 to the Order in the column titled "Claims to be Disallowed" because each proof of claim was filed by parties on account of asserted equity interests held by such parties (the "Equity Interest Claims"); and

     (e)    disallowing and expunging each proof of claim identified on Schedule 5 to the Order in the column titled "Claims to be Disallowed" because each proof of claim was filed without sufficient documentation to substantiate the claim asserted therein and, as to which, the Debtors' Books and Records (as defined herein) do not demonstrate any basis for the claim (the "Insufficient Documentation Claims," and together with the Amended Claims, the Duplicate Claims, the Late Filed Claims, and the Equity Interest Claims, the "Disputed Claims").

2.       In support of this Objection, the Debtors will submit the *Declaration of [●] in*

*Support of the Debtors' First Omnibus (Non-Substantive) Objection to Claims Pursuant to*

*Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Declaration"). This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Jurisdiction and Venue

3.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.       The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## Background

6.       On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On May 3, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee").

7.      On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these chapter 11 cases.  Among other things, the Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors, (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases (except for claims specifically exempt from complying with the applicable bar dates as set forth in the Bar Date Order) for: (i) secured claims, (ii) unsecured priority claims, (iii) unsecured non-priority claims, (iv) contingent claims, (v) unliquidated claims, (vi) disputed claims, and (vii) rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases;[3] and (b) October 22, 2024

---

[3]     Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of, (i) the Claims Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").  For the avoidance of doubt and notwithstanding anything to the contrary

(the "Governmental Bar Date") as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority, and including claims for unpaid taxes) against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases.[4]

8.      Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

9.      On May 30, 2024, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 320–331, 334–345].

10.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.  To date, approximately 1,716 Proofs of Claim have been filed.  The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim, working

---

herein, counterparties to unexpired leases of nonresidential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

[4]   Pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules (as defined herein) to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.

**Basis for Objection**

11.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*

## I.    Amended Claims.

12.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified eighty-six (86) Amended Claims listed on <u>Schedule 1</u> annexed to **<u>Exhibit A</u>**, in the aggregate claimed amount of approximately $40,969,867, as identified in the

6

column labeled "Claims to be Disallowed." The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim, as reflected in the column labeled "Remaining Claims" on Schedule 1 annexed to **Exhibit A** (each, an "Amended Remaining Claim"). The Amended Claims remain on the claims register only as a technicality and may be eliminated without affecting such claimants' underlying claims.

13.     Failure to disallow and expunge the Amended Claims could potentially result in these claimants receiving an unwarranted double recovery on both the Amended Claim and the Amended Remaining Claim, to the detriment of other creditors and parties in interest. Accordingly, the Debtors request entry of an order disallowing and expunging the Amended Claims in their entirety. Such relief will not prejudice these claimants because they will continue to hold their Amended Remaining Claim, subject to the Debtors' rights to object to each of the Amended Remaining Claims on any other grounds that the Debtors discover or elect to pursue.

**II.     Duplicate Claims.**

14.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified eighty-eight (88) Duplicate Claims listed on Schedule 2 annexed to **Exhibit A**, in the aggregate claimed amount of approximately $92,157,909, as identified in the column labeled "Claims to be Disallowed." The Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same alleged liabilities, as reflected in the column labeled "Remaining Claims" (each, a "Duplicate Remaining Claim," and with the Amended Remaining Claims, the "Remaining Claims"). Failure to disallow the Duplicate Claims will result in double recoveries to the claimants on the same alleged obligation or debt. Moreover, disallowance of these claims will enable the claims register to reflect more

accurately the Proofs of Claim asserted against the Debtors.  Accordingly, the Debtors seek an order disallowing and expunging each of the Duplicate Claims in their entirety.

15.     Any disallowance or expungement of the Duplicate Claims will not affect the Duplicate Remaining Claims which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to each of the Proofs of Claim on any other grounds that the Debtors discover or elect to pursue.

**III.    Late Filed Claims**

16.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified one hundred and forty-two (142) Late Filed Claims listed on Schedule 3 annexed to Exhibit A, in the aggregate claimed amount of approximately $4,362,800 as identified in the column labeled "Claims to be Disallowed." As more fully explained on Schedule 3 to Exhibit A, the Debtors object to the one hundred and forty-two (142) Late Filed Claims.  Based on the Debtor's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Debtors have determined that the Late Filed Claims were not timely filed.  Rather, the Late Filed Claims (a) arose before the Petition Date, (b) were subject to the Claims Bar Dates, and (c) were filed after the applicable Claims Bar Dates.  Moreover, the Debtors believe that each claimant asserting a Late Filed Claim was provided timely notice of the Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Claims Bar Date.  Accordingly, the Debtors request that the Court disallow and expunge the Late Filed Claims.

**IV.    Equity Interest Claims**

17.     Upon review of the Proofs of Claims filed against the Debtors in these chapter 11 cases, the Debtors have identified eight (8) Equity Interest Claims listed on Schedule 4 annexed to

Exhibit A, in the aggregate claims amount of approximately $142,310, as identified in the column labeled "Claims to be Disallowed." As more fully explained on Schedule 4 to Exhibit A, the Debtors object to the eight (8) Equity Interest Claims. Based on the Debtor's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Debtors have determined that the Equity Interest Claims were filed by parties on account of asserted equity interests held by such parties in Debtor Express, Inc., *i.e.*, based solely on ownership of common stock of Debtor EXP OldCo Winddown, Inc., and not on account of a claim, such as a claim for damages, against EXP OldCo Winddown, Inc. or any of the other Debtors.

18.     Holders of common stock of EXP OldCo Winddown, Inc. do not have "claims" against the Debtors or their estates. *See* 11 U.S.C. § 501(a) ("An equity security holder may file a proof of *interest*.") (emphasis added). Moreover, pursuant to paragraph eight of the Bar Date Order, "any entity holding an equity interest in any debtor" was not required to file a proof of claim. *See* Bar Date Order, ¶ 6. Notwithstanding the Bankruptcy Code and the Bar Date Order, certain holders of interests filed proofs of claim asserting claims on account of such interests. Pursuant to the Plan, all interests in Debtor EXP OldCo Winddown, Inc. will be cancelled. *See Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates*, Art. III.B.8. Failure to disallow the Equity Interest Claims could result in holders of interests in Debtor EXP OldCo Winddown, Inc. receiving recoveries to which these holders are not entitled. Disallowance of the Equity Interest Claims will enable the Debtors to maintain a more accurate claims register and will not prejudice parties holding interests in the Debtors.

## V.     Insufficient Documentation Claims

19.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified eleven (11) Insufficient Documentation Claims listed on

Schedule 5 annexed to Exhibit A, in the aggregate claimed amount of approximately $43,935,437 as identified in the column labeled "Claims to be Disallowed." As more fully explained on Schedule 5 to Exhibit A, the Debtors object to the eleven (11) Insufficient Documentation Claims. Based on the Debtor's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Debtors have determined that the Insufficient Documentation Claims reflect Proofs of Claim that were filed without sufficient documentation to substantiate the Proofs of Claim asserted therein as required by Bankruptcy Rule 3001.  In addition, the Debtors have reviewed their Books and Records and, after reasonable efforts, have been unable to locate any information or documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.  The Insufficient Documentation Claims therefore fail to provide *prima facie* evidence of the validity and amount of the claims they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).  Accordingly, the Debtors seek an order disallowing and expunging each of the Insufficient Documentation Claims in their entirety.

### **Separate Contested Matters**

20.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on Schedule 1, Schedule 2, Schedule 3, Schedule 4, or Schedule 5 annexed to **Exhibit A** and the Debtors are unable to resolve the response, the objection by the Debtor to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding a claim referenced in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

**Reservation of Rights**

21.     The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1, Schedule 2, Schedule 3, Schedule 4, or Schedule 5 annexed to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided, however*, that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

22.     Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Statement of Compliance with Local Rule 3007-1**

23.     Counsel for the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**Notice**

24.     The Debtors will provide notice of this Objection to:  (a) the United States Trustee; (b) the Official Committee of Unsecured Creditors; (c) the holders of the Disputed Claims and their counsel; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: December 4, 2024
Wilmington, Delaware

/s/Domenic E. Pacitti
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:   (302) 426-1189
Facsimile:   (302) 426-9193
Email:       dpacitti@klehr.com
             myurkewicz@klehr.com
             aradvanovich@klehr.com

-and-

Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:   (215) 569-3007
Facsimile:   (215) 568-6603
Email:       mbranzburg@klehr.com

*Co-Counsel for the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       joshua.sussberg@kirkland.com
             emily.geier@kirkland.com
             nicholas.adzima@kirkland.com

-and-

Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*