**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., et al.,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:** |
|  | ) | **January 23, 2025 1:00 PM (ET)** |
|  | ) | **Response Deadline:** |
|  | ) | **January 16, 2025, 4:00 PM (ET)** |
|  | ) |  |

**DEBTORS' SECOND OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE**
**SECTION 502(B), BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

**(No Liability Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW**
> **SCHEDULE 1 TO THE PROPOSED ORDER TO DETERMINE**
> **IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully state as follows in support of this second omnibus objection to claims (this "Objection"):[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Windown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this Objection have the meanings ascribed to them later in this Objection or in the First Day Declaration, as applicable.

53448543.2

**Relief Requested**

1.      The Debtors respectfully request entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), disallowing and expunging each proof of claim identified on Schedule 1 to **Exhibit A** because each proof of claim asserts a claim for which the Debtors believe they are not liable based on the supporting documentation attached thereto and a reasonable review of the Debtors' Books and Records (as defined therein) (the "No Liability Claims").

2.      The No Liability Claims include 8 proofs of claim asserted as general unsecured claims under section 503(b) of the Bankruptcy Code.

3.      In support of this Objection, the Debtors will submit the *Declaration of [●] in Support of the Debtors' Second Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1* (the "Declaration").  This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

**Background**

7.      On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On May 3, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee").

8.      On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these chapter 11 cases.  Among other things, the Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors, (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that

53448543.2

3

arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including

requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases

(except for claims specifically exempt from complying with the applicable bar dates as set forth in

the Bar Date Order) for: (i) secured claims, (ii) unsecured priority claims, (iii) unsecured non-

priority claims, (iv) contingent claims, (v) unliquidated claims, (vi) disputed claims, and

(vii) rejection damage claims for executory contracts and unexpired leases that have already been

rejected by order of the Court in these chapter 11 cases;[3] and (b) October 22, 2024

(the "Governmental Bar Date") as the final date and time for all governmental units (as defined in

section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or

unsecured non-priority, and including claims for unpaid taxes) against the Debtors that arose or

are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11

cases.[4]

      9.      Notice of the Claims Bar Date was provided by mail and publication in accordance

with the procedures outlined in the Bar Date Order.

      10.     On May 30, 2024, the Debtors filed their schedules of assets and liabilities

(the "Schedules") and statements of financial affairs (the "Statements" and, together with the

---

[3]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of, (i) the Claims Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of nonresidential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

[4]    Pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules (as defined herein) to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

Schedules, as amended, modified, or supplemented, the "Schedules and Statements")
[Docket Nos. 320–331, 334–345].

11. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date. To date, approximately 1,728 Proofs of Claim have been filed. The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.

**Basis for Objection**

12. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the

> proof of claim, the burden reverts to the claimant to prove the
> validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*

## I.        No Liability Claims.

13.        As more fully explained on Schedule 1 to **Exhibit A**, the Debtors object to the eight (8) No Liability Claims, in the aggregate claim amount of $25,919,058.  Based on the Debtors' review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Debtors have determined that they are not liable for the No Liability Claims.  Accordingly, to prevent an unwarranted recovery by the claimant to the detriment of other similarly situated creditors, the Debtors request that the Court disallow and expunge the No Liability Claims from the claims register.  Disallowance of the No Liability Claims will not prejudice parties holding No Liability Claims because such claimants are not owed anything on account of their No Liability Claims.  Further, the Debtors will be able to maintain a more accurate claims register, which promotes the efficient administration of these chapter 11 cases.

14.        Accordingly, the Debtors request that the Court enter an order disallowing the No Liability Claims identified on Schedule 1 to **Exhibit A** in their entirety.

### Separate Contested Matters

15.        To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on Schedule 1 annexed to **Exhibit A** and the Debtors are unable to resolve the response, the objection by the Debtor to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order

entered by the Court regarding a claim referenced in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## Reservation of Rights

16.     The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1 annexed to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided, however*, that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

17.     Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or

53448543.2

other rights of the Debtors or any other party in interest against any person or entity under the
Bankruptcy Code or any other applicable law.

### Statement of Compliance with Local Rule 3007-1

18.     Counsel for the Debtors has reviewed the requirements of Local Rule 3007-1 and
certifies that this Objection substantially complies with such Local Rule.  To the extent that the
Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors
believe such deviations are not material and respectfully request that any such requirement be
waived.

### Notice

19.     The Debtors will provide notice of this Objection to:  (a) the United States Trustee;
(b) the Official Committee of Unsecured Creditors; (c) the holders of the No Liability Claims and
their counsel; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the
"Notice Parties").  In light of the nature of the relief requested, no other or further notice need be
given.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached

hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as

the Court deems appropriate under the circumstances.

Dated:  December 4, 2024
Wilmington, Delaware

*/s/Domenic E. Pacitti*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone:    (302) 426-1189 | New York, New York 10022 |
| Facsimile:    (302) 426-9193 | Telephone:    (212) 446-4800 |
| Email:    dpacitti@klehr.com | Facsimile:    (212) 446-4900 |
|    myurkewicz@klehr.com | Email:    joshua.sussberg@kirkland.com |
|    aradvanovich@klehr.com |    emily.geier@kirkland.com |
| |    nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone:    (215) 569-3007 | Telephone:    (312) 862-2000 |
| Facsimile:    (215) 568-6603 | Facsimile:    (312) 862-2200 |
| Email:    mbranzburg@klehr.com | Email:    charles.sterrett@kirkland.com |
| *Co-Counsel for the Debtors and Debtors in Possession* | *Co-Counsel for the Debtors and Debtors in Possession* |

53448543.2