IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXP OLDCO WINDDOWN, INC., et al.,[1] | ) Case No. 24-10831 (KBO) |
| Debtors. | ) (Jointly Administered) |
| | ) **Hearing Date:** January 23, 2025, 1:00 PM (ET) |
| | ) **Response Deadline:** January 16, 2025, 4:00 PM (ET) |

## DEBTORS' LIMITED OMNIBUS OBJECTION SOLELY TO THE VOTING ASSOCIATED WITH CERTAIN CLAIMS

**PARTIES RECEIVING THIS LIMITED OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON SCHEDULE 1, ATTACHED AS EXHIBIT 1 TO THE PROPOSED ORDER (AS DEFINED BELOW)**

**IF YOU ARE A HOLDER OF A DISPUTED CLAIM SUBJECT TO THIS LIMITED OBJECTION, YOUR RIGHT TO VOTE ON THE JOINT CHAPTER 11 PLAN OF EXP OLDCO WINDDOWN, INC. AND ITS DEBTOR AFFILIATES [DOCKET NO. 953] (AS MAY BE AMENDED FROM TIME TO TIME, THE "PLAN")[2] WILL BE IMPACTED IF THE COURT GRANTS THE RELIEF REQUESTED IN THIS LIMITED OBJECTION**

**IF YOU ARE A HOLDER OF A DISPUTED CLAIM SUBJECT TO THIS LIMITED OBJECTION, YOU MUST FILE A MOTION SEEKING THE TEMPORARY ALLOWANCE OF YOUR CLAIM FOR VOTING PURPOSES UNDER BANKRUPTCY RULE 3018 BY DECEMBER 11, 2024 AT 4:00 P.M. PREVAILING EASTERN TIME.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Plan or the Disclosure Statement Order (as defined below).

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this limited omnibus objection (this "Limited Objection") with respect to each of the claims set forth on **Schedule 1**, attached as **Exhibit 1** to the Proposed Order (as defined below) (the "Disputed Claims," and the holders of such claims, the "Claimants"). In support of this Limited Objection, the Debtors submit the declaration of Kunal S. Kamlani, a Senior Managing Director at M3 Advisory Partners LP, attached hereto as **Exhibit A** (the "Kamlani Declaration"). In further support of this Limited Objection, the Debtors respectfully state as follows.

## Relief Requested

1. The Debtors respectfully request entry of an order, substantially in the form attached here to as **Exhibit B** (the "Proposed Order"), temporarily disallowing each of the Disputed Claims solely for the purpose of voting to accept or reject the Plan (and no other purpose), in accordance with the treatment of each Disputed Claim on **Schedule 1**, attached hereto as **Exhibit 1** to the Proposed Order. By this Limited Objection, each Claimant will retain their rights to vote at least one of their claims, as the Debtors are only seeking to ensure that the Claimants do not have an outsized vote by eliminating the voting rights of certain duplicate or amended and superseded claims. For the avoidance of doubt, the Debtors are not, at this time, requesting that the Court determine the validity or ultimate allowance of the Disputed Claims, and the Debtors reserve all rights to object to the classification or allowance of the Disputed Claims for distribution purposes at a later date.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this limited objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## Background

5. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On May 3, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee").

## The Debtors' Solicitation Procedures

6. On May 20, 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect*

3

*Thereto, and (V) Granting Related Relief* (the "Disclosure Statement Order") [Docket No. 969]. Pursuant to the Disclosure Statement Order, the Debtors are authorized to solicit acceptances of the Plan. In accordance with the Disclosure Statement Order, the Debtors distributed solicitation packages (including copies of the Plan and Ballots) to Holders of Claims entitled to vote to accept or reject the Plan. Holders of Claims entitled to vote on the Plan must return their Ballots by **December 11, 2024 at 4:00 p.m., prevailing Eastern Time** (the Voting Deadline").

7. The Debtors file this Limited Objection in accordance with the Disclosure Statement Order. Specifically, the Disclosure Statement Order approved certain solicitation and voting procedures, attached thereto as Schedule 2 (the "Solicitation and Voting Procedures").

8. Pursuant to the Solicitation and Voting Procedures, only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

   a. Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

   b. Holders of Claims that are listed in the Debtors' schedules of assets and liabilities (the "Schedules"); *provided* Claims that are scheduled as contingent unliquidated, or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in section D.2(d) of the Solicitation and Voting Procedures;

   c. Holders whose Claims arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document

      executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

    d.    Holders of any Disputed Claim that has been temporarily allowed solely for purposes of voting on the Plan pursuant to Bankruptcy Rule 3018; and

    e.    The assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

9.    If a Holder of a Claim is subject to a pending objection, the Solicitation and Voting Procedures provide that:

    a.    Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

    b.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the Notice of Non-Voting Status substantially in the form annexed as <u>Exhibit 4A</u> to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined in the Solicitation and Voting Procedures) occurs as provided herein.

    c.    If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes, without further action by the Debtors or the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

10. Pursuant to the Solicitation and Voting Procedures, the Holder of a Claim that is subject to a pending objection filed on or before December 4, 2024 cannot vote for or against the Plan unless one or more of the following events have taken place no later than two (2) business days before the Voting Deadline on **December 11, 2024** (each, a "Resolution Event"):

   i. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

   ii. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

   iii. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors (a) resolving the objection and allowing such Claim in an agreed upon amount or (b) agreeing upon an amount in which the Holder of such Claim may vote; or

   iv. the pending objection is voluntarily withdrawn by the objecting party.

11. In accordance with the Solicitation and Voting Procedures, upon the filing of this Limited Objection, the Debtors will provide the Claimants with a notice of non-voting status in the form attached to the Disclosure Statement Order as Exhibit 4A (and reattached here as **Exhibit C**).

**Limited Objection**

12. The Debtors and their advisors have reviewed the Proofs of Claim filed in these Chapter 11 cases and have identified six (6) contingent and unliquidated claims (the "Disputed Claims,") filed by six (6) Claimants, in the aggregate amount of $5,500,000, that are subject to this Limited Objection. The undertaking of the Proofs of Claim review process was intended to ensure that Holders of Claims entitled to vote to accept or reject the Plan are afforded a fair opportunity to do so. After reviewing the Disputed Claims, the Debtors simply cannot justify the Disputed Claims voting in the filed amounts because the Debtors do not believe that such amounts accurately

represent the potential liability, if any, of the Debtors and their Estates for the Disputed Claims asserted therein.

13.     By this Limited Objection, the Debtors seek to temporarily disallow each of the Disputed Claims identified on **Schedule 1**, solely for the purpose of voting to accept or reject the Plan (and no other purpose).

## Basis for Relief

14.     Section 1126(a) of the Bankruptcy Code provides that only holders of allowed claims or interests may vote to accept or reject a plan, and "[a] creditor whose claim is objected to is therefore disenfranchised from voting on the plan unless the objection is adjudicated prior to plan voting" or the Court allows the claimant to vote through some other mechanism. *In re Romacorp, Inc.*, No. 05-86818, 2006 WL 6544089, at *3 (Bankr. N.D. Tex. Feb. 24, 2006) (quoting *In re Stone Hedge Props.*, 191 B.R. 59, 63 (Bankr. M.D. Pa. 1995)).

15.     Bankruptcy Rule 3018(a) expressly permits estimation of claims for plan voting purposes, and provides that "[n]otwithstanding [an] objection to a claim or interest, the court after notice and hearing may temporarily allow a claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Courts recognize that Bankruptcy Rule 3018(a) also permits a party in interest to seek to disallow a claim for voting purposes. *In re Mangia Pizza Invs., L.P.* 480 B.R. 669, 679 (Bankr. W.D. Tex. 2012) ("[t]he court has broad authority to determine whether to allow or *disallow* a claim for purposes of voting" under Bankruptcy Rule 3018(a)) (emphasis added); *see In re Goldstein*, 114 B.R. 430, 433 (Bankr. E.D. Pa. 1990) (acknowledging the court's authority to disallow claims for purposes of voting); Collier on Bankr. ¶ 9-3018[5] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The

court, however, regardless of the circumstances, has the discretion to allow or *disallow* all or part of the claim for voting purposes." (emphasis added)).

16. While "neither the Bankruptcy Code nor the Bankruptcy Rules provide guidance" with respect to temporary allowance of claims for voting purposes, the touchstone of "any estimation should [be to] ensure that the voting power is commensurate with the creditor's economic interests in the case*." In re Pacific Sunwear of California, Inc.*, No. 16-10882 (LSS), 2016 WL 4250681, at *3 (Bankr. D. Del. Aug. 8, 2016) (quoting *In re Quigley Co.*, 346 B.R. 647, 653-54 (Bankr. S.D.N.Y. 2006)); *see also In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) ("The application of some estimation process is required when a B.Rule 3018(a) motion is presented to a bankruptcy court"). Courts enjoy wide discretion to estimate claims, and may use whatever method is best suited to the contingencies of the case, so long as the procedure is consistent with the fundamental policy that a reorganization "must be accomplished quickly and efficiently." *Bittner v. Borne Chemical Co., Inc.*, 691 F.2d 134, 137 (3d Cir. 1982); *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003). Estimation of a claim for plan voting purposes is not a binding legal determination as to the ultimate validity of the amount of a claim, nor a binding determination of a cause of action before a non-bankruptcy court. *See In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996) (noting the "fundamental" differences between the "adjudication of a claim and its temporary allowance for plan purposes."). In addition to Bankruptcy Rule 3018, section 105(a) of the Bankruptcy Code grants "bankruptcy courts, as courts of equity have broad authority to modify creditor-debtor relationships." *U.S. v. Energy Resources*, 495 U.S. 545, 549 (1990).

17. For the reasons set forth herein, the Debtors respectfully request that the Court exercise its discretion under the Bankruptcy Code and Bankruptcy Rules, in accordance with the

procedures approved in the Disclosure Statement Order, and enter the Proposed Order eliminating duplicate or amended and superseded and temporarily disallowing each of the Disputed Claims <u>solely</u> for the purpose of voting to accept or reject the Plan (and no other purpose), consistent with the treatment for each Disputed Claim on **Schedule 1**.

### **Temporary Allowance for Voting Purposes**

18. If a Claimant seeks to challenge the allowance of its Disputed Claim for voting purposes, such Claimant must file with the Court a motion seeking an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes on or before **December 11, 2024 at 4:00 p.m., prevailing Eastern Time**.

### **Reservation of Rights**

19. Nothing contained in this Limited Objection or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or shall be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds;(c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Limited Objection or any order granting the relief requested by this Limited Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Limited Objection are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. If the Court

grants the relief sought herein, any payment made pursuant to the Proposed Order is not intended and should not be construed as an admission to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's right to subsequently dispute such claim.

## Notice

20.     The Debtors will provide notice of this Limited Objection to:  (a) the United States Trustee; (b) Official Committee of Unsecured Creditors; (c) the DIP Agents and counsel thereto; (d) the ABL Lenders and counsel thereto; (e) the FILO Agent and counsel thereto; (f) the Claimants holding the Disputed Claims and their counsel;  and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  December 4, 2024
Wilmington, Delaware

*/s/Domenic E. Pacitti*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Michael W. Yurkewicz (DE Bar No. 4165) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Emily E. Geier, P.C. (admitted *pro hac vice*) |
| 919 North Market Street, Suite 1000 | Nicholas M. Adzima (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone: (302) 426-1189 | New York, New York 10022 |
| Facsimile: (302) 426-9193 | Telephone: (212) 446-4800 |
| Email: dpacitti@klehr.com | Facsimile: (212) 446-4900 |
|        myurkewicz@klehr.com | Email: joshua.sussberg@kirkland.com |
|        aradvanovich@klehr.com |        emily.geier@kirkland.com |
| |        nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (admitted *pro hac vice*) | Charles B. Sterrett (admitted *pro hac vice*) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone: (215) 569-3007 | Telephone: (312) 862-2000 |
| Facsimile: (215) 568-6603 | Facsimile: (312) 862-2200 |
| Email: mbranzburg@klehr.com | Email: charles.sterrett@kirkland.com |
| *Co-Counsel for the Debtors and Debtors in Possession* | *Co-Counsel for the Debtors and Debtors in Possession* |