IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) | (Jointly Administered) |

## LIMITED OBJECTION OF EKFH LLC TO JOINT CHAPTER 11 PLAN OF EXP OLDCO WINDDOWN, INC. AND ITS DEBTOR AFFILIATES

EKFH LLC ("EKFH"), a creditor and party in interest in these chapter 11 cases, by undersigned counsel, files this Limited Objection (the "Limited Objection") to the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and Its Debtor Affiliates* [Docket No. 953] (the "Plan"),[2] and in support thereof, states as follows:

### Preliminary Statement

1. As set forth herein, the Plan, as currently drafted, contains inconsistent language making it unclear as to whether third-parties, like EKFH, that do not Opt-In to the third-party release provision of the Plan are, in fact, nonetheless subject to a non-consensual third party release in contravention of the United States Supreme Court's holding in *Harrington v. Purdue Pharma L.P.*, 603 U.S. __;144 S. Ct. 2071 (2024).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not defined herein have the meanings ascribed thereto in the Plan.

6274606.2

**Background**

2.  EKFH is the landlord of the premises located at 95 Fifth Avenue, New York, NY (the "Property").  Prior to the commencement of these bankruptcy cases, a portion of the Property was leased to Bonobos, Inc. (now known as BNWHP, LLC) ("Bonobos") pursuant to a lease dated January 16, 2015 (the "Lease"). The Lease appears to have been assigned to one of the Debtors, and was subsequently rejected pursuant to this Court's Order [Docket No. 386].

3.  Notwithstanding any assignment of the Lease, the Lease provides, *inter alia,* that:

> Tenant covenants and agrees that, notwithstanding such assignment or any such subletting to any subtenant and/or acceptance of rent or additional rent by Owner from any subtenant, Tenant shall and will remain fully liable for the payment of the annual rental rate and additional rent due and to become due hereunder and for the performance of all the covenants, agreements, terms, provisions and conditions contained in this lease on the part of the Tenant to be performed.
>
> * * *
>
> (2) In no event shall Tenant be released from its obligations under this lease, and Tenant and the successor Tenant shall be jointly and severally liable for the Tenant's obligations under this lease.

Lease at Article 42 (D) and (G)(2).  A copy of the Lease is available for inspection upon request but is not attached due to the length of the document.

**Limited Objection**

4.  EKFH does not seek to litigate the liability of the Debtors, which is left for the claims administration process.  Nor does it seek to litigate the liability of Bonobos, which will be determined in a subsequent proceeding before another court. Rather, EKFH files this Limited Objection to ensure that confirmation of the Plan, as currently drafted, will not result in the release of EFKH's claims and causes of action against Bonobos, or that they otherwise be limited,

6274606.2

constrained or affected as a result of the inconsistent language in Articles X.C, X.D, X.E, and X.F of the Plan.

5. Because of the lack of clarity as to which entities could potentially be covered by these clauses, it is impossible for EKFH to be certain that, notwithstanding the Saving Clause at the end of Article X.D of the Plan, that these clauses will not in some way have the same effect as a third-party release.

6. In an effort to protect its interests and ability to pursue a claim against Bonobos, EKFH cast a ballot rejecting the Plan and did NOT opt-in to the third-party release. However, given the inconsistencies in the Plan and disclosure statement, it is unclear what effect this will have. Accordingly, for the avoidance of doubt, EKFH specifically opts-out and objects to any releases, exculpations, injunctions, and other provisions that could impair or otherwise affect EKFH's ability to pursue its claims against Bonobos. Absent clarifying language, and assuming the Saving Clause protects the rights of creditors under Article X.D of the Plan, the lack of parallel language under Article X.C, X.E and X.F of the Plan leaves EKFH open and exposed to arguments that its claims and causes of action against Bonobos are released upon confirmation. The current relief sought by the Debtors in the Plan could have the effect of impairing EKFH's ability to pursue a claim against Bonobos, which would be violative of the Supreme Court's holding in *Purdue*.

WHEREFORE, EKFH respectfully requests that this Court (A) require that the Debtors clarify the language in the Plan or to make clear in the Confirmation Order, that (i) any party that does not affirmatively Opt-In to the Third-Party Release, shall not be found to have granted any release of any party nor shall any such party be constrained, limited or otherwise affected by any injunction or exculpation in the Plan; and (ii) provided that EKFH does not Opt-In to the Third-Party Release, EKFH shall not be found to have granted any release to any party, nor shall EKFH

be constrained, limited or otherwise affected in any way by any injunction or exculpation or other language in the Plan that releases any claim against Bonobos; and (B) grant such other and further relief as is necessary.

Dated: December 11, 2024

Respectfully submitted,

TYDINGS & ROSENBERG LLP

/s/ Stephen B. Gerald
Stephen B. Gerald (Bar No. 5857)
200 Continental Drive, Suite 401
Newark, Delaware 19713
Telephone: (410) 752-9799
Email: sgerald@tydings.com

-and-

Jack J. Rose
Law Offices of Jack J. Rose PLLC
P.O. Box 366
Bronxville, New York 10708
Telephone: (212) 655-3066
Email: jrose@jrlpllc.com

*Attorneys for EKFH, LLC*

**CERTIFICATE OF SERVICE**

  I, Stephen B. Gerald, do hereby certify that on the 11th day of December, 2024, I caused a copy of the foregoing *Limited Objection of EKFH LLC to Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and Its Debtor Affiliates* to be served upon the parties using the Court's CM/ECF System which reflects that an electronic notification of filing was served on all registered users of the CM/ECF System that have requested such notification in this proceeding, and by Electronic Mail on the below parties:

Kirkland & Ellis LLP
Joshua A. Sussberg, P.C.
Emily E. Geier, P.C.
Nicholas M. Adzima
601 Lexington Avenue
New York, New York 10022
jsussberg@kirkland.com
emily.geier@kirkland.com
nicholas.adzima@kirkland.com

Kirkland & Ellis LLP
Charles B. Sterrett
333 West Wolf Point Plaza
Chicago, Illinois 60654
charles.sterrett@kirkland.com

Klehr Harrison Harvey Branzburg LLP
Attn: Domenic E. Pacitti
Attn: Michael W. Yurkewicz
Attn: Alyssa M. Radovanovich
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
dpacitti@klehr.com
myurkewicz@klehr.com
aradovanovich@klehr.com

Office of the United States Trustee
John Schanne
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
John.Schanne@usdoj.gov

Kramer Levin Naftalis & Frankel LLP
Adam Rogoff
Robert Schmidt
Nathaniel Allard
1177 Avenue of the Americas
New York, New York 10036
arogoff@kramerlevin.com
rschmidt@kramerlevin.com
nallard@kramerlevin.com

Saul Ewing LLP
Luke Murley
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
luke.murley@saul.com

/s/  Stephen B. Gerald
Stephen B. Gerald (DE No. 5857)

/s/  Stephen B. Gerald
Stephen B. Gerald (DE No. 5857)