## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*, | ) | Case No. 24-10831 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | **Re: D.I. 953, 1077** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF GOOGLE LLC TO NOTICE OF FILING OF PLAN SUPPLEMENT AND JOINT CHAPTER 11 PLAN OF EXP OLDCO WINDDOWN, INC. AND ITS DEBTOR AFFILIATES

Google LLC (**"Google"**), by and through its undersigned counsel, files the following limited objection and reservation of rights to the *Notice of Filing of Plan Supplement* [D.I. 1077] (as amended, supplemented, or otherwise modified from time to time, the **"Plan Supplement"**) and the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and Its Debtor Affiliates* [D.I. 953] (as modified, amended, or supplemented from time to time, the **"Plan"**);[2] filed by the above-captioned debtors and debtors-in-possession (collectively, **"Debtors"**) and states as follows:

### BACKGROUND

1. On April 22, 2024 (the **"Petition Date"**), each of the Debtors filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Plan.

2. Before and after the Petition Date, Google provided services to and for the benefit of Express, LLC (n/k/a Project Pine OldCo, LLC)(**"Express"**), Express BNBS Fashion, LLC (n/k/a Project Pine Tropic OldCo, LLC)(**"BNBS"**), UW, LLC (n/k/a Project Pine California OldCo, LLC)(**"UW"**), and possibly other Debtors pursuant to one or more Cloud Platform Agreements (collectively, the **"CPA"**), one or more Advertising Services Agreements (collectively, the **"ASA"**), and possibly one or more other contracts (collectively with the CPA, ASA, the **"Contracts"**).

3. Google's Cloud Platform is a suite of data management and other cloud computing services.

4. The Google Ads program, formerly known as AdWords, is an online advertising program that, among other things, allows advertisers to reach potential customers as they search the web or browse websites. The Google Ads program enables advertisers to set a budget for advertising and control their ad traffic and targeting decisions The ASA is a click-to-accept agreement that incorporates Google's Advertising Program Terms (the **"Terms and Conditions"**).

5. On July 10, 2024, Google filed the following proofs of claim in the Debtors' bankruptcy cases: a) Claim No. 1257 in the amount of $1,216,005.46 against Express; b) Claim No. 1188 in the amount of $2,122,640.25 against BNBS; and c) Claim No. 1241 in the amount of $181,122.19 against UW. Additional amounts may be owed to Google for services provided under the Contracts after the Petition Date and not paid in the ordinary course.

6. On November 6, 2024, the Bankruptcy Court approved the Disclosure Statement and authorizing Debtors to solicit acceptances of the Plan. *See* D.I. 969.

7. The Plan contemplated that a Schedule of Assumed Executory Contracts and Unexpired Leases would be included in the Plan Supplement. *See* Plan § I.A.139. However, the Schedule of Assumed Executory Contracts and Unexpired Leases included in Debtors' Plan Supplement filed on December 4, 2024 simply says "[To come]." *See* D.I. 1077, Ex. C. Nor is the Schedule of Assumed Executory Contracts and Unexpired Leases included in Debtors' Notice of First Amended Plan Supplement filed on December 10, 2024. *See* D.I. 1107. To date, the Contracts have not been assumed or rejected.

8. With respect to the assumption and rejection of executory contracts, the Plan states:

> ***On the date that is ninety (90) days after the Effective Date***, except as otherwise provided herein, each Executory Contract or Unexpired Lease not previously assumed, assumed and assigned, or rejected shall be deemed automatically rejected by the applicable Debtor, unless otherwise agreed by the applicable counterparty, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that: (1) are specifically described in the Plan as to be assumed in connection with Confirmation of the Plan, or are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (2) have been previously assumed or rejected by the Debtors pursuant to the Assumption/Rejection Procedures Order or any other Bankruptcy Court order; (3) are the subject of a Filed motion to assume, assume and assign, or reject such Executory Contract or Unexpired Lease (or of a Filed objection with respect thereto) that is pending on the Confirmation Date; (4) are to be assumed by the Debtors or assumed by the Debtors and assigned to another third party, as applicable, through or in connection with the Sale Order; or (5) are a contract, release, or other agreement or document entered into in connection with the Plan.

*See* Plan § V.A (emphasis added).

9. The Plan defines "Administrative Claim" as

> a Claim for costs and expenses of administration of the Estates under sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred on or after the Petition Date of preserving the Estates and operating the businesses of the Debtors; (b) Allowed Professional Fee Claims in the Chapter 11 Cases; and (c) all fees and charges assessed against the Estates under chapter 123 of title 28 of the United States Code, 28 U.S.C. §§ 1911-1930; provided, however, that any Administrative

-3-

> Claim that is an Assumed Liability under the Purchase Agreement shall be satisfied under the Purchase Agreement and shall not be an obligation of the Debtors or the Wind-Down Debtors to the extent so assumed.

Plan § I.A.3. In pertinent part, the Plan defines "Administrative Claim Bar Date" as:

> the deadline for filing requests for payment of Administrative Claims, which: (a) with respect to Administrative Claims other than Professional Fee Claims, shall be the later of (i) thirty (30) days after the Effective Date or *(ii) in the event an Executory Contract is rejected following the Effective Date, solely as to Administrative Claims related to such rejected Executory Contract, thirty (30) days after notice to the counterparty to such rejected Executory Contract*; and (b) with respect to Professional Fee Claims, shall be forty-five (45) days after the Effective Date

*See* Plan § I.A.5. (emphasis added).

## RESPONSE

10.   In a chapter 11 case, "[t]he court shall confirm a plan only if … [t]he plan complies with the applicable provisions of this title." *See* 11 U.S.C. § 1129(a)(1). An executory contract may be assumed only if the debtor, at the time of such assumption, cures or provides adequate assurance that outstanding defaults will be promptly cured. *See* 11 U.S.C. § 365(b)(1). Moreover:

> In a case under chapter … 11 … of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor *at any time before the confirmation of a plan* but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

*See* 11 U.S.C. § 365(d)(1)(emphasis added).

11.   Contrary to 11 U.S.C. § 365(d)(1), the Plan appears to extend the time for assumption or rejection of executory contracts well beyond Plan confirmation. Indeed, it appears that the Debtors will have *at least ninety (90) days after the Effective Date* to decide whether to assume or reject executory contracts. During this time, Debtors enjoy unfettered rights to "alter,

-5-

amend, modify, or supplement" the Schedule of Assumed Executory Contracts and Leases that was supposed to have been included in the Plan Supplement. Moreover, "such date may be extended with respect to any Designated Contract (as defined in the Purchase Agreement)" for two additional 180-day extension periods. Plan § V.A. During this extended "Designation Rights Period," contract counterparties will have to maintain a constant state of heightened vigilance because:

> Unless otherwise agreed in writing by the parties to the applicable Executory Contract or Unexpired Lease, any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or related Cure Cost must be Filed, served, and actually received by counsel to the Debtors no later than ten (10) days after the service of notice of assumption on affected counterparties. Any counterparty to an Executory Contract or Unexpired Lease that fails to timely object to the proposed assumption or assumption and assignment, as applicable, of any Executory Contract or Unexpired Lease will be deemed to have consented to such assumption or assumption and assignment and any untimely request for an additional or different Cure Cost shall be Disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any of the Debtors without the need for any objection by the applicable Wind-Down Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.

Plan § V.C. At least twenty-one (21) days would be reasonable given the extended period in question.

12. Even more problematically, it is unclear from the Plan who will be responsible to pay for post-Effective Date services pending assumption or rejection. The Plan contemplates that:

> subject to Article V.C of the Plan, at any time during such ninety (90)-day period after the Effective Date, ***the Wind-Down Debtors shall remain liable for any and all amounts incurred under any such Executory Contracts and Unexpired Leases on the Schedule of Assumed Executory Contracts and Unexpired Leases*** in the ordinary course of business …

*See* Plan § V.A. (emphasis added). But – as discussed above – the Schedule of Assumed Executory Contracts and Unexpired Leases is absent from the Plan Supplement and is subject to

change at any time. Could removal of a contract from the Schedule of Executory Contracts and Leases retroactively relieve the Wind-Down Debtors of the liability contemplated by Plan § V.A.? Moreover, while the Plan contemplates that Assumed Liabilities under the Purchase Agreement shall be satisfied under the Purchase Agreement and shall not be an obligation of the Debtors or the Wind-Down Debtors to the extent so assumed, it is unclear who is responsible to pay post-confirmation amounts incurred under Executory Contracts that are ultimately rejected. Counterparties to rejected contracts should not be caught in a dispute between the Debtors and the purchaser concerning who is responsible to pay for services during this period.

13.     It is similarly unclear whether amounts incurred post-confirmation would qualify as an "administrative claim" for purposes of 11 U.S.C. § 503 and/or Plan § I.A.3. Section 503 states that "[a]fter notice and a hearing, there shall be allowed administrative expenses … including … (1) actual, necessary costs and expenses of preserving ***the estate*** …." 11 U.S.C. § 503(b)(emphasis added). "While typically the estate ends when the plan is confirmed, the plan can extend the life of the estate to a later date such as the effective date." *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 234 (3d Cir. 2021). The Plan's definition of "Administrative Claim Bar Date" gives contract counterparties thirty (30) days to file Administrative Claims related to their rejected contracts, *see* Plan § I.A.5, but it is unclear from the Plan's definition of "Administrative Claim" whether this would include only amounts incurred between the Petition Date and the Effective Date, or also amounts incurred post-Effective Date but pre-rejection in connection with contracts that are ultimately rejected. In short, the time for assuming or rejecting executory contracts should not be extended beyond what is contemplated by 11 U.S.C. § 365(d)(1) unless contract counterparties will be paid in full for post-Petition Date amounts incurred up until their contracts are rejected.

**RESERVATION OF RIGHTS**

14. Google reserves its right to supplement and/or amend this limited objection and to introduce evidence at any hearing related to the Plan, the assumption of the Contracts, and/or this limited objection, and to join in any other objection to the Plan.

15. Google reserves its right to object to any Cure Cost proposed by the Debtors in the event the Contracts are included in a Schedule of Assumed Executory Contracts and Leases or other notice of proposed assumption.

**WHEREFORE**, Google respectfully requests that this Honorable Court deny confirmation of the Plan absent clarification that contract counterparties (a) will have at least twenty-one (21) days to object to proposed Cure Costs; (b) are entitled to Administrative Claims for any post-Petition Date, pre-rejection services to the extent not paid in the ordinary course, even if their contracts are ultimately rejected; and (c) such further relief as this court deems just and proper.

Dated: December 11, 2024
Wilmington, Delaware

**WHITE AND WILLIAMS LLP**

By: */s/ Michael A. Ingrassia*
Michael A. Ingrassia (No. 7068)
600 N. King Street, Suite 800
Wilmington, Delaware 19801
Tel: (302) 467-4503
Fax: (302) 467-4550
Email: ingrassiam@whiteandwilliams.com

-and-

Amy E. Vulpio (*pro hac vice* pending)
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103
Tel: (215) 864-7000
Fax: (215) 864-7123
Email: vulpioa@whiteandwilliams.com

*Attorneys for Google LLC*

32743239v.1