# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) ) ) | Case No. 24-10831 (KBO) |
| Debtors. | ) ) | (Jointly Administered) |

## DECLARATION OF
## MARK STILL IN SUPPORT OF
## CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF
## EXP OLDCO WINDDOWN INC, AND ITS DEBTOR AFFILIATES

I, Mark Still, make this Declaration pursuant to 28 U.S.C. § 1746:

**Background and Qualifications**

1. I am the Senior Vice President and Chief Financial Officer at EXP OldCo Winddown, Inc. (f/k/a Express, Inc.) ("Express"). I have provided financial and managerial services for the Debtors since I joined their team in June 2005. I was promoted to Vice President of Finance in January 2016. I have served as the Chief Financial Officer since April 21, 2024. I have more than 18 years of experience in providing financial modeling services in the retail industry with the Debtors. I graduated from the Ross School of Business at University of Michigan in 2005 with a Master of Business Administration degree in finance.

2. In my capacity as Chief Financial Officer, I am familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records, as well as the Debtors' sale

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

and wind-down efforts. Accordingly, I am familiar with the terms of the Plan as well as its negotiation and development.

3. I submit this declaration (this "Declaration") in support of confirmation of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and Its Debtor Affiliates* [Docket No. 953] (as may be amended, supplemented, or modified from time to time, the "Plan"). I believe that confirmation and consummation of the Plan is a sound and reasonable exercise of the Debtors' business judgment.[2]

4. The statements in this Declaration are, except where specifically noted, based on (a) my personal knowledge, (b) information regarding the Debtors' operations and finances that I obtained from the Debtors' advisors or employees, (c) the Debtors' books, records, and relevant documents, and/or (d) my opinions, experience, and knowledge as the Debtors' Senior Vice President and Chief Financial Officer. In that capacity, I have been directly involved in matters regarding the Debtors' chapter 11 filings, the Debtors' efforts to obtain postpetition financing, the Debtors' marketing and sale process, and the Debtors' postpetition operations. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

## General Background and Development of the Plan

5. The Debtors commenced these chapter 11 cases with the goal of effectuating a sale transaction (the "Sale Transaction") through a chapter 11 proceeding in order to fully resolve their liabilities in an ordered and value-maximizing way. The Debtors have successfully executed the

---

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the *Debtors' Memorandum of Law in Support of Confirmation of the Joint Chapter 11 Plan of Exp OldCo Winddown, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Confirmation Brief"), or the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief* [Docket No. 969] (the "Disclosure Statement Order"), as applicable.

Sale Transaction and have worked hard over the course of five months to diligently respond to the concerns of stakeholders and work in close consultation with the official committee of unsecured creditors (the "<u>Committee</u>") to reach a fully consensual Plan.

6. On July 31, 2024, the Debtors filed the initial versions of the Plan [Docket No. 689] and the Disclosure Statement [Docket No. 690]. After discussions and negotiations with the Committee and various stakeholders, on November 1, 2024, the Debtors filed revised versions of the Plan [Docket No. 953] and the Disclosure Statement [Docket No. 955]. As revised, the Plan reflects a value-maximizing settlement between the Committee and the Debtors. On December 13, 2024, the Debtors filed a further revised version of the Plan [Docket No. [●]] which reflected immaterial changes and other technical modifications developed in consultation with various stakeholders. On December 4, 2024, the Debtors filed the Plan Supplement [Docket No. 1077]. On December 10, 2024, the Debtors filed a further Plan Supplement [Docket No. 1107].

7. As discussed herein, it is my opinion that the Plan was negotiated in good faith and that confirmation and consummation of the Plan is within the sound business judgment of the Debtors and is in the best interests of the Debtors, their creditors, and all other parties in interest. Accordingly, I believe the Court should confirm the Plan.

### There is a Sound Business Purpose for Confirming the Plan

8. On June 21, 2024, the Debtors closed the sale of substantially all of their assets to Phoenix.[3] The Phoenix sale allowed the Debtors' businesses to continue as a going concern. Since closing the Phoenix sale, the Debtors have been providing transition services to Phoenix, and expect to complete those services on the Effective Date. I believe that the Plan represents the best

---

[3] "Phoenix" means Phoenix Retail, LLC, a consortium comprising PHXWHP, LLC, an affiliate of the WHP Global Purchaser and affiliates of certain of the Debtors' landlords, specifically, SPG Fashion Retail, LLC and BPR Acquisitions LLC. "WHP Global Purchaser" means EXPWHP, LLC.

and most value-maximizing path for the Debtors to efficiently wind-down their operations in an ordered manner and make the distributions contemplated under the Plan.

9. The Plan provides for an orderly liquidation of the Debtors' remaining assets, and brings finality to these chapter 11 cases.

10. As further described in the Kamlani Declaration, the Plan provides meaningful recoveries to a broad set of stakeholders that exceeds what those stakeholders would receive under a chapter 7 liquidation proceeding. In addition, the Plan, which incorporates the Committee Settlements, has generated the overwhelming support of the Debtors' only voting class—Class 3 (General Unsecured Claims). The Plan represents the culmination of significant efforts by multiple parties in interest to reach a fair and equitable resolution of various complex business and legal issues and enables the Debtors to effectively and efficiently wind down their remaining operations and make the distributions contemplated under the Plan.

11. The Plan maximizes stakeholder recoveries, is in the best interest of creditors and parties-in-interest, and should be confirmed.

12. Based on my involvement in these chapter 11 cases, I am confident that the facts support the Debtors' decision to pursue confirmation of the proposed Plan, and that confirmation and consummation of the Plan are a sound exercise of the Debtors' business judgment. Confirmation of the Plan is in the best interests of the Debtors and their stakeholders.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  December 13, 2024                                         By: */s/ Mark Still*
                                                                                        Name: Mark Still
                                                                                        Title: Senior Vice President and Chief Financial Officer
                                                                                        EXP OldCo Winddown, Inc.