**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SECOND SUPPLEMENTAL DECLARATION OF**
**JOSHUA A. SUSSBERG IN SUPPORT OF THE APPLICATION**
**OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF APRIL 22, 2024**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1.      I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland").[2]  I am one of the lead attorneys from Kirkland working on the above-captioned chapter 11 cases.  I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in the United States Courts of Appeals for the Second Circuit and Fifth Circuit and the United States District Courts for the Southern District of New York and the Northern District of Illinois.  There are no disciplinary proceedings pending against me.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Windown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application or the Original Declaration (as defined herein), as applicable.

2.      On April 22, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On May 16, 2024, the Debtors filed an application to employ and retain Kirkland as counsel for the Debtors [Docket No. 247] (the "Application")[3] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"). My declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

3.      On July 29, 2024, in connection with the Application, I submitted the *First Supplemental Declaration of Joshua A. Sussberg in Support of the Application of the Debtors for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of April 22, 2024* [Docket No. 666] (the "First Supplemental Declaration," and, together with the Original Declaration, the "Prior Declarations").

4.      I submit this supplemental declaration on behalf of Kirkland (the "Second Supplemental Declaration") in further support of the Application and to supplement the disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b) and as required under the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of April 22, 2024* [Docket No. 387] (the "Retention Order"). Unless otherwise stated in this Second Supplemental Declaration, I have personal knowledge of the facts set forth herein.

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

5.      In the Original Declaration, I disclosed Kirkland's billing rates in effect at that time for matters related to these chapter 11 cases.  I also disclosed that the billing rates are subject to periodic adjustments to reflect economic and other conditions.  Pursuant to the Retention Order, Kirkland must provide notice of changes to its billing rates during these chapter 11 cases.

6.      In accordance with ordinary practice, some billing rates for partners and associates will change effective as of January 1, 2025.  The rates will change due to rate increases or promotion, although Kirkland does not typically disclose changes to billing rates resulting from promotion.  Kirkland's billing rates that will take effect on January 1, 2025 for matters related to these chapter 11 cases range as follows: [4]

| Billing Category | Range |
| --- | --- |
| Partners | $1,295 - $2,675 |
| Of Counsel | $875 - $2,245 |
| Associates | $785 - $1,625 |
| Paraprofessionals | $355 - $705 |

7.      Moreover, as I stated in the Original Declaration, Kirkland has searched its electronic database of representations for connections to parties in interest in these chapter 11 cases.  Certain connections were disclosed in the Application.  Since the Petition Date, Kirkland has updated those conflicts searches and has searched additional parties as Kirkland has become aware of additional parties in interest in these chapter 11 cases.  To date, no connections have been found between Kirkland and additional parties in interest of which Kirkland has become aware after the First Supplemental Declaration.

---

[4]    For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars it is possible that certain rates may exceed the billing ranges listed in the chart herein.

8.     In addition, Kirkland re-ran searches in its electronic database for the entities that were previously reviewed in the Application.   Those entities that were re-run are listed on **Schedule 1**.[5] All current and prior representations of the parties identified on **Schedule 1** are in matters unrelated to the Debtors and these chapter 11 cases.

9.     Generally, it is Kirkland's policy to disclose entities in the capacity that they first appear in a conflicts search.  For example, if an entity already has been disclosed in a previous declaration in one capacity (*e.g.*, a customer), and the entity appears in a subsequent conflicts search in a different capacity (*e.g.*, a vendor), Kirkland does not disclose the same entity again in supplemental declarations unless the circumstances are such in the latter capacity that additional disclosure is required.

10.    As disclosed on **Schedule 1**, certain parties in interest in these chapter 11 cases are current or former Kirkland clients.  Kirkland has not represented, and will not represent, any of these parties or any of their affiliates in any matter related to these chapter 11 cases.  I do not believe these representations preclude Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

---

[5]    As referenced in **Schedule 1**, the term "current" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 12 months preceding the Petition Date.  As referenced in **Schedule 1**, the term "former" means any entity listed as a client in Kirkland's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date.  As referenced in **Schedule 1**, the term "closed" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed.  Whether an actual client relationship exists can only be determined by reference to the documents governing Kirkland's representation rather than its potential listing in Kirkland's conflicts search system.  The list generated from Kirkland's conflicts search system is over-inclusive.  As a general matter, Kirkland discloses connections with "former" or "closed" clients for whom time was posted in the last 36 months but does not disclose connections if time was billed more than 36 months before the Petition Date.

**Specific Disclosures**

11.     Laurel Krueger, a recent former officer of the Debtors, is a senior vice president, general counsel, and secretary of a Kirkland client, Champion Homes, Inc., which is not a party in interest in these chapter 11 cases.  I do not believe that Kirkland's current or prior representation of clients for which Laurel Krueger served or serves in management and/or director capacities precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

12.     Furthermore, prior to joining Kirkland, certain Kirkland attorneys represented clients adverse to the Debtors.  Certain of these attorneys (the "Screened Kirkland Attorneys") will not perform work in connection with Kirkland's representation of the Debtors and will not have access to confidential information related to the representation, including attorneys Sean Hickey and Jake Rosen, who each worked on a transactional matter adverse to Express LLC at a prior place of employment.  Kirkland's formal ethical screen provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Screened Kirkland Attorneys and protecting confidential information.

13.     Under Kirkland's screening procedures, Kirkland's conflicts department distributes a memorandum to all Kirkland attorneys and legal assistants directing them as follows:  (a) not to discuss any aspects of Kirkland's representation of the Debtors with the Screened Kirkland Attorneys; (b) to conduct meetings, phone conferences, and other communications regarding Kirkland's representation of the Debtors in a manner that avoids contact with the Screened Kirkland Attorneys; (c) to take all measures necessary or appropriate to prevent access by the Screened Kirkland Attorneys to the files or other information related to Kirkland's representation of the Debtors; and (d) to avoid contact between the screened Kirkland attorneys and all Kirkland personnel working on the representation of the Debtors unless there is a clear understanding that

there will be no discussion of any aspects of Kirkland's representation of the Debtors. Furthermore, Kirkland already has implemented procedures to block the Screened Kirkland Attorneys from accessing files and documents related to the Debtors that are stored in Kirkland's electronic document managing system.

**<u>Affirmative Statement of Disinterestedness</u>**

14.     Based on the conflicts searches conducted to date and described in the Application and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Application and herein.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 13, 2024                    Respectfully submitted,

                                             /s/  Joshua A. Sussberg
                                             Joshua A. Sussberg
                                             as President of Joshua A. Sussberg, P.C., as
                                             Partner of Kirkland & Ellis LLP; and as Partner
                                             of Kirkland & Ellis International LLP

## SCHEDULE 1

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Ann Arbor, City of (MI) | City of Ann Arbor | Current |
| First Eagle Alternative Credit LLC | Blackstone Credit & Insurance | Current |
| | Blackstone Securities Partners LP | Current |
| Connecticut Post LP, The | Hearst Communications Inc. | Current |
| | HearstLab ME Inc. | Current |
| Citadel Advisors LLC | Citadel Americas Services LLC | Current |
| Hilco Merchant Resources LLC ReStore Capital LLC | Hilco Global | Current |
| Shops at Summerlin North LP, The | Howard Research and Development Corp. | Current |
| TM Wellington Green Mall | Jonathan Pollack | Current |
| Verifone Inc. | Francisco Partners Management LLC | Current |
| | Francisco Partners VI LP | Current |
| [Confidential] | [Confidential] | [Confidential] |
| [Confidential] | [Confidential] | [Confidential] |
| [Confidential] | [Confidential] | [Confidential] |