**Exhibit A**
**Redline - Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>Jointly Administered<br><br>Related to Docket Nos. 1071 and 1078~~Related to _____~~ |

**ORDER GRANTING LUMEN'S MOTION TO COMPEL DEBTORS TO CURE AND ASSUME OR REJECT CONTRACTS, AND/OR ALTERNATIVELY FOR APPROVAL OF AN ADMINISTRATIVE EXPENSE CLAIM**

Upon the *Motion To Compel Debtors to Cure and Assume or Reject Contracts, and/or Alternatively For Approval of an Administrative Expense Claim* (the "Lumen Motion") found at [Docket No. 1071]~~–~~ and filed by Lumen Technologies, Inc., including its applicable parents, subsidiaries, and affiliates, including specifically CenturyLink Communications, LLC, (collectively, "Lumen"), seeking an order compensating Lumen for cure amounts owed by the Debtors, currently valued at $403,134.02 in pre-petition cash to Lumen, and/or, alternatively, seeking an order granting Lumen an administrative claim for post-petition amounts owed to Lumen by the Debtors, currently valued at $247,569.42, of which $41,259.79 is past due, all as more fully

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Express Finance Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

CORE/0807628.0246/194904581.1

set forth in the Lumen Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Lumen Motion and opportunity for a hearing on the Lumen Motion were appropriate and no other notice need be provided; and this Court having reviewed the Lumen Motion~~, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing")~~; and a Certificate of No Objection having been filed with respect to the Lumen Motion; and this Court having determined that the legal and factual bases set forth in the Lumen Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Lumen Motion is GRANTED as set forth herein.

2. The Debtors are directed to assume, assume and assign, or reject all executory contracts with Lumen (the "Agreements"), including its applicable parents, subsidiaries, and affiliates, including specifically CenturyLink Communications, LLC, within five (5) business days following the entry of this order~~, but in any event prior to the confirmation of any plan in these jointly administered chapter 11 cases.~~ .

3. Prior to any assumption, or any assignment and assumption, the Debtors are ordered to timely cure in full any outstanding pre- and post-petition amounts due under any

assumed Agreements, or assumed and assigned Agreements, including default interest and attorney's fees where applicable. No Agreements shall be deemed assumed, or assumed and assigned, until fully cured, assumed, or assumed and assigned, notwithstanding any motion, pleading, notice order, stipulation, other transactional documents or filings of record, or release or exculpation therein. Lumen's pre-petition cure amount is currently valued at $403,134.02, including default interest and attorneys' fees and costs, where applicable. Lumen may, as necessary, amend this amount as additional contracts and agreements, including growing unpaid post-petition amounts, are discovered in the Debtors' assumption process. For the avoidance of doubt, no Agreements shall be deemed assumed, or assumed and assigned, until the Debtors have fully and completely cured any and all pre- and post-petition defaults in an amount no less than $403,134.02 in pre-petition amounts plus post-petition amounts owed to Lumen by the Debtors, currently valued at $247,569.42, of which $41,259.79 is past due.

4. Additionally, Lumen, in accordance with 11 U.S.C. §§ 365 and 504, is hereby granted an administrative claim with respect to all post-petition amounts owed by the Debtors under any Agreements, presently valued at $247,569.42, of which $41,259.79 is past due. Lumen is permitted to amend this amount to reflect any additional post-petition amounts owed by the Debtors.

~~5.~~ This Court retains ~~ ~~ jurisdiction with respect to all matters arising from or related to ~~6.~~5. the implementation, interpretation, and enforcement of this order.

3