## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING THE JOINT**
**STIPULATION BY AND AMONG THE**
**DEBTORS AND EKFH LLC GRANTING LIMITED RELIEF**
**FROM THE AUTOMATIC STAY AND ARTICLE X.F OF THE PLAN**

Upon consideration of the filed *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and EKFH LLC Granting Limited Relief from the Automatic Stay and Article X.F of the Plan* (the "Certification of Counsel") and of the *Joint Stipulation By and Among the Debtors and EKFH LLC Granting Limited Relief from the Automatic Stay and Article X.F of the Plan* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and EKFH LLC ("EKFH," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]    The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is approved in its entirety.

2.      The Stipulation shall be effective immediately upon entry of this Order.

3.      The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely with respect to EKFH's potential claims regarding the lease, dated January 16, 2015, entered into by Bonobos, Inc. ("Bonobos"), as tenant, and EKFH, as landlord, for space in the building located at 95 5th Ave, New York, NY, as may have been amended (the "Lease"), which was assigned by Bonobos, to Express BNBS  Fashion, LLC ("Express BNBS").  On June 4, 2024, this Lease was rejected with an effective date of May 31, 2024, pursuant to the *Order Authorizing the Debtors to Reject Certain Unexpired Leases* [Docket No. 386].  The automatic stay and the injunction contained in Article X.F of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates (Technical Modification)* [Docket No. 1144] (the "Plan") is hereby lifted and modified to allow (but not require) the prosecution, defense, settlement, and administration of the Action, and the pursuit of the Claim, to proceed to final judgment or settlement (and recovery thereof, if any) on account of the Claim, solely with respect to any non-Debtor defendants and, with respect to any Debtor, their estate, or Wind-Down Debtor entity, to

be named in such Action as a party to the extent necessary to bring the Claim to final judgment and liquidate any final judgment or settlement.

4.      EKFH's recovery on account of the Claim as against any Debtor party shall be in all respects subject to the treatment set forth in the Plan.  The Debtors and the Wind-Down Debtors, as applicable, shall have no obligation to participate in any proceeding outside of the Bankruptcy Court, including any discovery processes in connection therewith, and any findings of fact or conclusions of law in such proceedings shall have no preclusive effect on the Debtors or the Wind-Down Debtors.  Any claim EKFH may have against the Debtors, not to be confused with any claim against any non-debtor third parties who may be liable for such claim, shall be subject exclusively to the claims reconciliation process notwithstanding any proceeding commenced following entry of this Order in which a Debtor is a party.

5.      Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6.      The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

7.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**JOINT STIPULATION BY AND AMONG  THE**
**DEBTORS AND EKFH LLC GRANTING LIMITED RELIEF**
**FROM THE AUTOMATIC STAY AND ARTICLE X.F OF THE PLAN**

This joint stipulation ("Stipulation") is made and entered into by and among (a) debtor Project Pine Tropic OldCo, LLC, fka Express BNBS Fashion, LLC (the "Express BNBS"), and the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] and (b) EKFH LLC ("EKFH," and together with the Debtors, the "Parties").  The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on April 22, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors'
chapter 11 cases are being jointly administered for procedural purposes.

**WHEREAS**, on December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1150] (the "Confirmation Order") confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates (Technical Modification)* [Docket No. 1144] (the "Plan).  The Debtors are currently continuing to manage their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, EKFH has potential claims (the "Claim") regarding the lease, dated January 16, 2015, entered into by Bonobos, Inc. ("Bonobos"), as tenant, and EKFH, as landlord, for space in the building located at 95 5th Ave, New York, NY, as may have been amended (the "Lease"), which was assigned by Bonobos, to Express BNBS;

**WHEREAS**, on June 4, 2024, the Lease was rejected with an effective date of May 31, 2024, pursuant to the *Order Authorizing the Debtors to Reject Certain Unexpired Leases* [Docket No. 386];

WHEREAS, on July 10, 2024, EKFH filed proof of claim no. 1286 against Express BNBS in the total amount of $1,368,139.08 ("Claim 1286"), of which $21,301.00 was asserted as an administrative claim pursuant to section 507(a)(2) of the Bankruptcy Code and the balance of which was asserted as a general unsecured claim.

**WHEREAS**, EKFH has requested that the automatic stay imposed by section 362 of the Bankruptcy Code be lifted and modified and that relief from the injunction provision of Article X.F of the Plan (the "Injunction") be granted to pursue the Claim with respect to any non-Debtor defendants and, with respect to any Debtor, their Estate, or Wind-Down Debtor entity, in any court

of competent jurisdiction (the "<u>Action</u>"), pursuant to the terms set forth herein, without further order of the Court; and

      **WHEREAS**, the proceeds of any judgment or settlement may be collected from the non-debtor defendants and ***not*** against any of the Debtors or their estates.

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS**:

      1.     The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

      2.     The automatic stay imposed by section 362 of the Bankruptcy Code and the Injunction are hereby lifted and modified to allow (but not require) the prosecution, defense, settlement, and administration of the Action, and the pursuit of the Claim, to proceed to final judgment or settlement (and recovery thereof, if any) on account of the Claim, solely with respect to any non-Debtor defendant and, with respect to any Debtor, their estate, or Wind-Down Debtor entity, to name such entity in the action as a party to the extent necessary to bring the Claim to final judgment and liquidate any final judgment or settlement against any non-Debtor Defendant.

      3.     EKFH acknowledges and agrees that:  (a) EKFH will not seek to recover any amounts by a final judgment, settlement, or award as to the Debtors or their estates, successors, or assigns (including any successor entity or entities of the Debtors pursuant to any chapter 11 plan confirmed in these chapter 11 cases) in excess of that to be paid under the confirmed Plan; (b) the Debtors have not made any warranties as to the likelihood or possibility of recovery against the non-Debtor defendants.

      4.     Further, EKFH's recovery on account of Claim 1286 as against any Debtor party is preserved and shall be in all respects subject to the treatment set forth in the Plan.  The Debtors

and the Wind-Down Debtors, as applicable, shall have no obligation to participate in any proceeding outside of the Bankruptcy Court, including any discovery processes in connection therewith, and any findings of fact or conclusions of law in such proceedings shall have no preclusive effect on the Debtors or the Wind-Down Debtors.  Any claim EKFH may have against the Debtors shall be subject exclusively to the claims reconciliation process notwithstanding any proceeding commenced following entry of this Order in which a Debtor is a party.

5.      Any judgment(s) or award(s) obtained by EKFH in pursuit of its Claim shall not be asserted as a claim in these chapter 11 cases.

6.      Except as otherwise expressly set forth herein, the automatic stay and the Injunction shall remain in full force and effect with respect to the Debtors and their estates.

7.      Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as limiting any rights, remedies, or recovery options against any non-Debtor.

8.      By entering into this Stipulation, the Parties are not waiving, and will not be deemed to have waived, any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Claim, except as otherwise expressly set forth herein.

9.      Nothing herein shall be construed to permit or consent to a discharge of EKFH's claims against the Debtors or any other party.

10.     Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

11.     Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12.     This Stipulation was the product of arms'-length, good-faith negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

13.     While the Parties may incur costs, fees (including attorneys' fees), expenses, or charges associated with entering into and performing under this Stipulation, the Parties and their respective counsel agree they shall not seek to recover any such fees and/or costs from the other Parties.

14.     Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and/or to enforce this Stipulation or (b) to prove that the automatic stay has been modified for the limited purpose described herein in accordance with the terms of this Stipulation.

15.     This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

16.     This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

17.     This Stipulation is subject to the approval of the Court and shall only be effective upon entry of a Court order approving this Stipulation (the "Order").  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

18.     The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 31ST DAY OF DECEMBER 2024:**

Dated:  December 31, 2024
Wilmington, Delaware


/s/ Michael W. Yurkewicz
_____

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Alyssa M. Radovanovich (DE Bar No. 7101)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:        dpacitti@klehr.com
              myurkewicz@klehr.com
              aradvanovich@klehr.com

-and-
Morton R. Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-3007
Facsimile:    (215) 568-6603
Email:        mbranzburg@klehr.com

*Co-Counsel for the Debtors and Debtors in Possession*

TYDINGS & ROSENBERG LLP


/s/ Stephen B. Gerald
_____

Stephen B. Gerald (Bar No. 5857)
200 Continental Drive, Suite 401
Newark, Delaware 19713
Telephone: (410) 752-9799
Email: sgerald@tydings.com
**-and-**

/s/ Jack Rose
_____
Jack Rose
**Law Offices of Jack J. Rose PLLC**
119 Pondfield Rd, #366
Bronxville, New York 10708
(212) 655-3066

*Counsel to EKFH LLC*


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier, P.C. (admitted *pro hac vice*)
Nicholas M. Adzima (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              emily.geier@kirkland.com
              nicholas.adzima@kirkland.com

-and-
Charles B. Sterrett (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        charles.sterrett@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*