IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING THE JOINT
STIPULATION BY AND AMONG THE
DEBTORS AND EKFH LLC GRANTING LIMITED RELIEF
FROM THE AUTOMATIC STAY AND ARTICLE X.F OF THE PLAN**

Upon consideration of the filed *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and EKFH LLC Granting Limited Relief from the Automatic Stay and Article X.F of the Plan* (the "Certification of Counsel") and of the *Joint Stipulation By and Among the Debtors and EKFH LLC Granting Limited Relief from the Automatic Stay and Article X.F of the Plan* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and EKFH LLC ("EKFH," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved in its entirety.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely with respect to EKFH's potential claims regarding the lease, dated January 16, 2015, entered into by Bonobos, Inc. ("Bonobos"), as tenant, and EKFH, as landlord, for space in the building located at 95 5th Ave, New York, NY, as may have been amended (the "Lease"), which was assigned by Bonobos, to Express BNBS Fashion, LLC ("Express BNBS"). On June 4, 2024, this Lease was rejected with an effective date of May 31, 2024, pursuant to the *Order Authorizing the Debtors to Reject Certain Unexpired Leases* [Docket No. 386]. The automatic stay and the injunction contained in Article X.F of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates (Technical Modification)* [Docket No. 1144] (the "Plan") is hereby lifted and modified to allow (but not require) the prosecution, defense, settlement, and administration of the Action, and the pursuit of the Claim, to proceed to final judgment or settlement (and recovery thereof, if any) on account of the Claim, solely with respect to any non-Debtor defendants and, with respect to any Debtor, their estate, or Wind-Down Debtor entity, to

be named in such Action as a party to the extent necessary to bring the Claim to final judgment and liquidate any final judgment or settlement.

4. EKFH's recovery on account of the Claim as against any Debtor party shall be in all respects subject to the treatment set forth in the Plan. The Debtors and the Wind-Down Debtors, as applicable, shall have no obligation to participate in any proceeding outside of the Bankruptcy Court, including any discovery processes in connection therewith, and any findings of fact or conclusions of law in such proceedings shall have no preclusive effect on the Debtors or the Wind-Down Debtors. Any claim EKFH may have against the Debtors, not to be confused with any claim against any non-debtor third parties who may be liable for such claim, shall be subject exclusively to the claims reconciliation process notwithstanding any proceeding commenced following entry of this Order in which a Debtor is a party.

5. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

Dated: January 2nd, 2025
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE