## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: February 12, 2025 at 4:00 p.m.**<br>**Hearing Date: March 27, 2025 at 9:30 a.m.** |

## MOTION OF ADOBE INC. FOR ALLOWANCE
## OF ADMINISTRATIVE EXPENSE CLAIM

Adobe Inc. ("Adobe") by its undersigned counsel files this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, allowing and directing immediate payment of the Administrative Expense Claim (defined herein) pursuant to sections 105, 503(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, Adobe respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105, 503, and 507 of the Bankruptcy Code.

### BACKGROUND

4. On April 22, 2024 (the "Petition Date"), Express, Inc. and its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this

101674026.1

Court.

5.      Prior to the Petition Date, Adobe provided on-demand services, Adobe Experience Manager (AEM) services, and other campaign services that provided the digital tools that the Debtors used to build and manage their websites, mobile apps, forms, and marketing campaigns (the "Software").[1] The Software and related services relevant to this Motion were provided pursuant to a sales order executed by Express on May 31, 2022. *See* Exhibit B (the "Sales Order").

6.      Following the Petition Date, Adobe continued to provide services to the Debtors in the ordinary course of business, and Debtors continued to use Adobe's software for the benefit of their business. As of the date of this Motion, Adobe remains unpaid on two postpetition invoices totaling $151,334.33 (the "Administrative Expense Claim"). Copies of the unpaid invoices are attached hereto as Exhibit C.[2] Furthermore, Adobe's contracts have neither been assumed or rejected by the Debtors and are therefore deemed rejected as of the Effective Date of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (the "Plan"). *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III)Related Bar Dates* [Docket No. 1190]. Accordingly, Adobe files this Motion seeking payment of the Administrative Expense Claim.

## BASIS FOR RELIEF

7.      The Bankruptcy Code provides an administrative expense priority for the "actual, necessary costs and expenses of preserving the estate." *See* 11 U.S.C. §§ 503(b)(1)(A)

---

[1] Adobe timely filed a proof of claim in the case asserting a prepetition claim for services in the amount of $1,255,459. *See* Claim 402.

[2] The Sales Order and Invoices are provided in redacted form to protect commercially sensitive information. Unredacted invoices may be made available upon request to counsel and subject to agreement to appropriate confidentiality protections.

101674026.1

and 507(a)(2).

8.    To be entitled to administrative expense priority, the claimant must establish that "the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." *See In re ID Liquidation One, LLC*, 503 B.R. 392, 399 (Bankr. D. Del. 2013).

9.    The Administrative Expense Claim clearly represents an administrative expense entitled to priority under the Bankruptcy Code. Adobe's postpetition provision of Software to the Debtors added value to the Debtors' estates because it enabled the Debtors to maintain their ongoing business operations and maximize the value of their businesses, which in turn directly and substantially benefited the Debtors' estates. Accordingly, this Court should allow and direct payment of the Administrative Expense Claim.

## RESERVATION OF RIGHTS

10.    Nothing in this Motion is intended to be, or should be construed as, a waiver by Adobe of any of its rights under any invoice or agreement with the Debtors, the Bankruptcy Code, or applicable law, including, but not limited to, its rights of setoff and/or recoupment and other affirmative defenses to payment. Adobe expressly reserves all such rights, including, without limitation, the right to supplement and/or amend this Motion to assert additional postpetition amounts due and owing under open purchase orders and invoices.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Adobe respectfully requests that this Court enter the Proposed Order granting the relief requested therein and such other further relief as this Court deems just and appropriate under the circumstances.

101674026.1

| | |
|---|---|
| Dated: January 29, 2025<br>Wilmington, Delaware | **POLSINELLI PC**<br>*/s/ Michael V. DiPietro*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Michael V. DiPietro (Del. Bar No. 6781)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>mdipietro@polsinelli.com<br><br>-and-<br><br>**PERKINS COIE LLP**<br>Amir Gamliel<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1721<br>Telephone: (310) 788-3276<br>Facsimile: (310) 843-1246<br>AGamliel@perkinscoie.com<br><br>*Counsel for Adobe Inc.* |