IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) Case No. 24-10831 (KBO) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Hearing Date: March 27, 2025 at 9:30 a.m. (ET)** |
|  | **Objection Deadline: February 12, 2025 at 4:00 p.m. (ET)** |

## KOREA TRADE INSURANCE CORPORATION'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Korea Trade Insurance Corporation ("Korea Trade"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 503(b)(1)(A), 503(b)(9), and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code") (i) allowing and directing payment to Korea Trade on its administrative expense claims in an amount not less than $2,189,806.29 (the "Administrative Claims") and (ii) granting such other relief as this Court deems to be just, fair and equitable under the circumstances. In support of this Motion, Korea Trade respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

*Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Korea Trade consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.  The statutory predicates for the relief requested herein are sections 105, 503(b)(1)(A), 503(b)(9), and 507(a)(2) of the Bankruptcy Code.

## FACTUAL BACKGROUND

5.  On April 22, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing these cases (the "Chapter 11 Cases").

6.  On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. 280]. The Bar Date Order provided that all claims against the Debtors arising before the Petition Date, including claims arising under section 503(b)(9), must be filed on or before July 10, 2024 (the "Bar Date").

7. Prior to the Petition Date, GG International Manufacturing Co., Ltd. ("GG International"), Ha Hae Corporation ("Ha Hae"), Hansoll Textile Ltd. ("Hansoll"), Molaxtrading Limited ("Molax"), and Sung Hwa Trading Co., Ltd. ("Sung Hwa") (collectively, the "Transferors," and each individually a "Transferor") provided goods to certain of the Debtors through certain export contracts. Each of the Transferors timely filed proofs of claim prior to the Bar Date. Following the Debtors' non-payment to the Transferors, Korea Trade paid out certain amounts in insurance proceeds to the Transferors and, in exchange, received assignments of certain of the Transferors' claims. The formal claims transfer process is detailed below.

8. Prior to Korea Trade's filing of the transfers of claims, but subsequent to the Transferors' assignment of claims to Korea Trade, Phoenix Retail, LLC ("Phoenix") purchased certain assets in these Chapter 11 Cases, including certain priority claims. Relevant here, Phoenix purchased the 503(b)(9) claims asserted on behalf of Ha Hae and Sung Hwa and the 503(b)(1)(A) claims asserted by Hansoll.

9. On May 15, 2024, Hansoll filed Proof of Claim No. 219. On July 11, 2024, Hansoll filed Proofs of Claim Nos. 1391 and 1392, each amending Proof of Claim No. 219.[2] On August 29, 2024, Hansoll assigned a portion of its claims to Korea Trade. Korea Trade filed a Partial Transfer of Claim on January 8, 2025, transferring a portion of Proof of Claim No. 1391 in the amount of $61,564.74 (the "Transferred Hansoll Claim"). *See* Docket No. 1209. Of the Transferred Hansoll Claim, $6,624.00 is entitled to administrative priority status under section 503(b)(9).

---

[2] On December 5, 2024, the Debtors filed the *Debtors' First Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(B) and 503(B), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 1091] (the "Omnibus Claims Objection"). The Omnibus Claims Objection objected to Proofs of Claim Nos. 219 and 1392, filed by Hansoll, on non-substantive grounds, leaving Proof of Claim No. 1391 as the surviving claim. Likewise, the Omnibus Claims Objection objected to Proofs of Claim Nos. 276 and 304 on non-substantive grounds, leaving Proof of Claim No. 342 as the surviving claim. The hearing on the Omnibus Claims Objection has been adjourned to March 27, 2025 at 9:30 a.m. (ET). *See* Docket No. 1223.

10. On May 20, 2024, Ha Hae filed Proof of Claim No. 276. On May 23, 2024, Ha Hae filed Proof of Claim No. 304. On May 24, 2024, Ha Hae filed Proof of Claim 342, amending Proof of Claim No. 304. On July 23, 2024, Ha Hae assigned a portion of its claims to Korea Trade. Korea Trade filed a Partial Transfer of Claim on January 8, 2025, transferring a portion of Proof of Claim No. 342 in the amount of $1,436,346.69 (the "Transferred Ha Hae Claim"). *See* Docket No. 1208.

11. On June 18, 2024, Sung Hwa filed Proof of Claim No. 613. On August 27, 2024, Sung Hwa assigned a portion of its claims to Korea Trade. Korea Trade filed a Partial Transfer of Claim on January 8, 2025, transferring a portion of Proof of Claim No. 613 in the amount of $193,480.63 (the "Transferred Sung Hwa Claim"). *See* Docket No. 1210.

12. On June 28, 2024, GG International filed Proof of Claim No. 841. On July 3, 2024, GG International filed Proof of Claim No. 990, amending Proof of Claim No. 841. On September 10, 2024, GG International filed Proof of Claim No. 1615, amending Proof of Claim No. 990. On September 12, 2024, GG International assigned a portion of its claims to Korea Trade. Korea Trade filed a Partial Transfer of Claim on January 8, 2025, transferring a portion of Proof of Claim No. 1615 in the amount of $2,208,948.16 (the "Transferred GG International Claim"). *See* Docket No. 1206. Of the Transferred GG International Claim, $484,984.24 is entitled to administrative priority pursuant to section 503(b)(9).

13. On July 8, 2024, Molax filed Proofs of Claim Nos. 1095, 1121, and 1117. Molax subsequently withdrew Claim No. 1095. On September 10, 2024, Molax assigned a portion of its claims to Korea Trade. Korea Trade filed a Partial Transfer of Claim on January 8, 2025, transferring a portion of Proof of Claim No. 1117 in the amount of $1,698,198.05 (the "Transferred Molax Claim," and with the Transferred Hansoll Claim, the Transferred Ha Hae Claim, the

4

Transferred Sung Hwa Claim, and the Transferred GG International Claim, the "Transferred Claims").[3] *See* Docket No. 1207. Of the Transferred Molax Claim, $598,752.67 is entitled to administrative priority under section 503(b)(9), and $1,099,445.38 is entitled to administrative priority under section 503(b)(1)(A).

14. For convenience of the Court and parties-in-interest, a chart containing the details of each of the Transferred Claims is attached hereto as **Exhibit B**.

15. On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Exp OldCo Winddown, Inc. and Its Debtor Affiliates* [Docket No. 1150]. Pursuant to the Plan, all administrative claims must be filed within thirty (30) days of the Plan's effective date. The Plan went effective on December 31, 2024 and established a deadline of January 30, 2025 as the deadline to file administrative claims. *See* Docket No. 1190.

## ADMINISTRATIVE EXPENSE CLAIMS

**A.    Korea Trade is Entitled to Allowance of Administrative Claims Based on the Transferred Claims.**

16. Korea Trade is entitled to the allowance of the Administrative Claims in the aggregate amount of not less than $2,189,806.29 pursuant to sections 503(b)(1)(A) and 503(b)(9) of the Bankruptcy Code.

17. Section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . the actual, necessary costs of preserving the estate." The touchstone of whether a claim is entitled to administrative expense status under section 503(b)(1)(A) is whether a benefit

---

[3] A Notice of Transfer of Claim for each of the Transferred Claims was served upon the respective Transferor. *See* Docket No. 1215.

was provided to the debtor's estate post-petition. *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 Bankr. LEXIS 1980, at *14 (Bankr. D. Del. July 27, 2021). Courts, including in this District, have found that goods shipped pre-petition but actually received post-petition provide an actual benefit to the bankruptcy estate and are entitled to administrative expense status under section 503(b)(1)(A). *Bluestem Brands*, 2021 LEXIS 1980, at *14, *16-17; *see also In re S. Montana Elec. Generation & Transmission Co-op, Inc.*, No. 11-62031-11, 2013 Bankr. LEXIS 62 (Bankr. D. Mont. Jan. 8, 2013).

18. Section 503(b)(9) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

19. The Debtors received $1,090,360.91 of goods included in the Transferred Claims from the Transferors during the twenty (20) days preceding the Petition Date. Likewise, the Debtors received $1,099,445.38 of goods included in the Transferred Claims from the Transferors after the Petition Date. Accordingly, Korea Trade is entitled to allowance of the Administrative Claims on account of the Transferred Claims in the total amount of $2,189,806.29.[4]

**B.    Korea Trade is Entitled to Immediate Payment of the Administrative Claims.**

20. Korea Trade is entitled to receive immediate payment of the amounts owed on account of the Administrative Claims. Under Article II.A of the Debtors' confirmed Plan, "each Holder of an Allowed Administrative Claim . . . will receive in full and final satisfaction of its

---

[4] A summary chart of the administrative claim amounts in each of the Transferred Claims is attached hereto as **Exhibit B**. The associated backup is attached to the Transferred Claims, unless noted separately.

Allowed Administrative Claim an amount of Cash equal to the amount of the unpaid portion of such Allowed Administrative Claim. Plan Art. II.A. The Plan further provides that Administrative Claims allowed prior to the Effective Date are to be paid on the Effective Date, while other Administrative Claims are to be paid within thirty (30) days of becoming Allowed Administrative Claims. Plan Art. II.A.

21. Accordingly, Korea Trade respectfully requests allowance and immediate payment of its Administrative Claims pursuant to Article II.A of the Debtors' confirmed Plan. *See* Docket No. 1150.

## NOTICE

22. Notice of this Motion has been given to: (i) counsel for the Plan Administrator; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Korea Trade submits that no other or further notice is necessary.

## RESERVATION OF RIGHTS

23. Korea Trade expressly reserves any and all other rights, objections, claims, and/or causes of action it may assert against Debtors, including, without limitation, the right to assert additional claims or administrative expenses against the Debtors and their estates, and to amend, modify, or supplement this request in advance of, or in connection with, any hearing on the Motion.

24. Korea Trade expressly reserves any and all rights to submit additional documents or evidence to support its administrative expense claims as required and appropriate.

**CONCLUSION**

25. In sum, Korea Trade is entitled to the Administrative Claims in the total amount of $2,189,806.29 pursuant to sections 503(b)(1)(A), 503(b)(9), and 507(a)(2) of the Bankruptcy Code.

WHEREFORE, Korea Trade respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, that allows Korea Trade the Administrative Claims in the amount of $2,189,806.29 and directs immediate payment of the same.

Dated: January 29, 2025  
       Wilmington, Delaware

Respectfully submitted,

*/s/ James R. Risener III*  
Aaron H. Stulman (No. 5807)  
James R. Risener III (No. 7334)  
Ethan H. Sulik (No. 7270)  
**POTTER ANDERSON & CORROON LLP**  
1313 N. Market Street, 6th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 984-6000  
Facsimile: (302) 658-1192  
Email:   astulman@potteranderson.com  
jrisener@potteranderson.com  
esulik@potteranderson.com

*Counsel for Korea Trade Insurance Corporation*