IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Express, Inc., *et al.*[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-10831-KBO<br><br>Jointly Administered<br><br>**Hearing Date: TBD**<br>**Objection Date: TBD** |

### ROTH BROS., INC., d/b/a SODEXO | ROTH'S REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Roth Bros., Inc., d/b/a Sodexo | Roth ("Sodexo") hereby files this Request for allowance and payment of an administrative expense claim in the amount of **$123,717.78**, or such other amount to be determined, and in support thereof, states as follows:

### BACKGROUND

1. Express, Inc. and related debtors (collectively, the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("Code" or "Bankruptcy Code") on April 22, 2024 (the "Petition Date").

2. On December 17, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [DI 1150] which confirmed the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [DI 1130] (the "Plan").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holdings, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

3. On December 31, 2024, the Debtors filed the *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [DI 1190], which set the deadline to file requests for allowance and payment of Administrative Claims for January 30, 2025 (the "<u>Administrative Claim Bar Date</u>").

4. Sodexo files this Request seeking allowance and payment of its claim as a claim with administrative expense priority under Section 503(b) of the Bankruptcy Code.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. Sodexo Roth and the Debtor were parties to that certain Master Services Agreement dated October 8, 2023 and related Award Letter for HVAC Preventative Maintenance and Break Fix pursuant to which Sodexo provided, among others, heating, ventilation and air conditioning ("<u>HVAC</u>") goods and services to the Debtors at various locations (collectively, the "<u>Agreement</u>").[2]

9. Pursuant to the terms of the Plan, the Agreement was rejected as of the Plan's Effective Date, December 31, 2024.

10. As of the filing of this Request, the Debtors are indebted to Sodexo for unpaid goods and services provided after the Petition Date up to the date of rejection of the Agreement in the total sum of **$123,717.78**. Attached hereto as **Exhibit "A"** is a spreadsheet setting forth

---

[2] Sodexo has not attached the Agreement and all related invoices because they are voluminous and contain confidential and proprietary information. Such supporting materials are available to the Court upon request and otherwise subject to appropriate confidentiality restrictions.

sums due and owing to Sodexo for post-petition goods and services, along with the dates and related invoice numbers.

## GROUNDS FOR RELIEF

11. Pursuant to 11 U.S.C. § 503(b)(1), Sodexo asserts a right to allowance and payment of an administrative expense claim of **$123,717.78**.

12. Section 503 provides two ways for a claim to qualify for "administrative expense" status, which are "either as a nonlisted 'actual, necessary' expense of preserving the estate under 503(b)(1)(A) or as a nonlisted administrative expense under 503(b) in general...." *In re Hackney*, 351 B.R. 179, 184–85 (Bankr. N.D. Ala. 2006) (noting that statutory language in Section 503(b) "including" certain types of administrative expenses is not an exhaustive list and an expense may still constitute an administrative claim even if it is not listed in Section 503(b)) (*citing*, among numerous other cases from various circuits, *In re Insilco Tech., Inc.,* 309 B.R. 111, 114 (Bankr. D. Del. 2004); *In re Valley Media, Inc.,* 279 B.R. 105, 141 (Bankr. D. Del. 2002); and *In re Mid-Am. Waste Sys., Inc.,* 228 B.R. 816, 821 (Bankr. D. Del. 1999)). Accordingly, an expense can constitute an administrative claim even if not specifically listed as one under Section 503(b).

13. "Section 503(b)(1) of the Code provides that 'actual, necessary costs and expenses of preserving the estate' shall constitute administrative expenses entitled to priority." *In re Newpage Corp.*, 555 B.R. 444, 451 (Bankr. D. Del. 2016) (*citing* 11 U.S.C. § 503(b)(1)(A)). "Courts in this Circuit have held that in order to be considered an administrative expense under section 503(b)(1), the claimant must demonstrate that the '(1) expense arose from a post-petition transaction between the debtor and (2) the transaction accorded the estate an actual benefit.'" *Id.* (*quoting In re Insilco Tech.,* 309 B.R. at 114). "Section 503(b) contemplates some quid-pro-quo wherein the estate accrues debt in exchange for some

consideration necessary to the operation of the estate.  Priority is granted to compensate the providers of necessary goods, services or labor." *In re Valley Media, Inc.*, 279 B.R. 105, 140 (Bankr. D. Del. 2002) (*citing Pennsylvania Dept. of Envtl. Resources v. Tri–State Clinical Lab., Inc.*, 178 F.3d 685, 689-90 (3d Cir.1999)).

14. This Court has held that an administrative claim can exist where the expense at issue arose post-petition. *In re Insilco Tech.*, 309 B.R. at 114 ("This requires the claimant to establish that its: (1) expense arose from a post-petition transaction with the debtor and (2) that the transaction accorded the estate an actual benefit."); *In re Mid-Am. Waste Sys., Inc.,* 228 B.R. 816, 821 (Bankr. D. Del. 1999) ("To establish administrative priority under § 503(b)(1)(A), the [claimants] must demonstrate that the claimed expenses (i) arose out of a postpetition transaction with the debtor-in-possession and (ii) directly and substantially benefitted the estate.").  "Such an interpretation would be consistent with longstanding law that only debts that arise postpetition can be treated as administrative expenses." *In re Philadelphia Newspapers, LLC*, 433 B.R. 164, 172 (Bankr. E.D. Pa. 2010) (*citing In re Ybarra,* 424 F.3d 1018, 1025-26 (9th Cir. 2005) and *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir. 1994)).

15. Here, Sodexo provided valuable goods and HVAC services to the Debtors as requested and transmitted all required documentation and invoicing to the Debtors for payment.  The Debtors have been paying Sodexo for such post-petition goods and services but there remain amounts due and owing as of the Administrative Claim Bar Date.  Thus, out of an abundance of caution, Sodexo submits this Request seeking allowance and payment.

WHEREFORE, Sodexo requests allowance and payment of an administrative expense in the amount of **$123,717.78**.

Dated: January 29, 2025
      Wilmington, Delaware

**BROWN McGARRY NIMEROFF LLC**

By: /s/*Jami B. Nimeroff*
    Jami B. Nimeroff (No. 4049)
919 N. Market Street, Suite 420
Wilmington, DE 19801
Telephone: (302) 428-8142
Facsimile: (302) 351-2744
jnimeroff@brownnimeroff.com

*Attorneys for Roth Bros., Inc., d/b/a Sodexo | Roth*