## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.., *et al.*, [1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:**<br>**June 29, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date:**<br>**To be determined.** |

## REQUEST FOR ALLOWANCE AND PAYMENT OF
## ADMINISTRATIVE EXPENSE CLAIM OF SALESFORCE, INC.

Salesforce, Inc. (f/k/a salesforce.com, inc.) ("Salesforce"), by and through the undersigned counsel, hereby requests (the "Administrative Expense Request") entry of an order substantially in the form attached hereto as **Exhibit A** (the "Administrative Expense Order") (a) allowing an administrative expense in an amount not less than **US $1,838,287.66,** (the "Administrative Expense Claim") incurred in connection with the provision of the Salesforce Services[2] (as hereinafter identified) provided by Salesforce to Express, LLC, Express BNBS Fashion, LLC and related entities (the "Debtors"), the acceptance and use of the Salesforce Services by the Debtor, from and after Petition Date through the Effective Date, pursuant to the Salesforce Contract, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] All capitalized terms shall have the meaning as set forth in this *Request for Allowance and Payment of Administrative Expenses* and, if not defined herein, as set forth in the Ramirez Declaration filed in support of this request.

the assumption and assignment of certain Salesforce Contracts , (b) directing the Administrative Expense Claim be paid in full as soon as practicable after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approving the *Reservation of Rights* asserted hereinafter, and (d) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2), and is based on the matters set forth herein, the *Declaration of Kevin Ramirez in Support of the Request for Allowance and Payment of Administrative Expense of Salesforce, Inc.* (the "Ramirez Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. Salesforce is a Delaware corporation, and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "Salesforce Services") to its business customers (individually, a "Salesforce Customer" and, collectively, "Salesforce Customers"). *See* Ramirez Declaration at ¶2.

## THE SALESFORCE CONTRACT

4.        Prior to April 22, 2024,  the Debtor entered into those certain Order Forms (the

"Order Forms"),[3] which are governed by an applicable *Master Subscription Agreement* (the

"MSA" and, together with the Order Forms, collectively the "Salesforce Contract").[4]   Pursuant to

the Salesforce Contract: (i) the Debtor ordered certain Salesforce Services and became obligated

to pay in full the aggregate amounts due pursuant to this contract with respect to such services;

(ii) Salesforce became obligated to provide the Salesforce Services to the Debtor; (iii) Salesforce

has provided such services to the Debtor; and (iv) the Debtor accepted and utilized, and continue

to accept and utilize, the Salesforce Services provided pursuant to the Salesforce Contract.   *See*

Ramirez Declaration at ¶¶ 7 and 8.

## BANKRUPTCY CASE

5.        On April 22, 2024 (the "Petition Date"): (A) Express, Inc. and the above captioned

Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States

Code in the United States Bankruptcy Court for the District of Delaware (the "Court") and,

thereby, commenced their individual cases under chapter 11 (collectively, the "Bankruptcy

Cases").  On April 24, 2024, the Court entered the Joint Administration Order[5] directing the joint

administration of the Debtors' cases

6.        On May 17, 2024, the Court entered an order (the "Contract Procedures Order")[6]

---

[3]  The Administrative Expense Claim Summary is attached to the Ramirez Declaration as Exhibit A and is incorporated by reference here in as if fully set forth.

[4]  Due to the confidentiality provisions of the MSA, a copy of the Salesforce Contract and related invoices (the "Invoices") are not attached to the Ramirez Declaration. However, subject to appropriate non-disclosure protections, a copy of the Salesforce Contract and the Invoices will be made available to the Debtor in connection with this Administrative Expense Request.

[5]  *See, Order (I) Directing Joint Administration of Chapter 11 Cases And (II) Granting Related Relief* [D.I. 67] (the "Joint Administration Order").

[6]  *See, Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [D.I. 269]. (the "Contract Procedures Order").

authorizing the procedures for the assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale of the Debtors' assets.

7.    On June 14, 2024, the Court entered an order (the "Sale Order")[7] authorizing the sale of certain of the Debtors' assets and the assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale of the Debtors' assets.

8.    On December 27, 2024, pursuant to the Sale Procedures Order and the Contract Procedures Order, the Court entered its *Order Authorizing the Debtors to Assume Certain Unexpired Leases* [D.I. 1179] (the "Assumption Order"). The Assumption Order identifies: (A) certain Contracts that it has designated for assumption and assignment including the following executory contracts to which Salesforce are counterparties (the "Salesforce Assumed Contracts"), and (B) the amount of any monetary default (the "Cure Amount") that must be cured as a condition of the assumption of these Cure Notice Contracts as follows:

| Consolidated Vendor Name | Vendor/Agency /Company | Description | Proposed Cure Amount | Assignee | Assumption Date |
|---|---|---|---|---|---|
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Salesforce Cloud Services (Core) Contract (Salesforce Contract No. 03782263/Order No. Q-08200361) | $729,972.60 | Phoenix Retail, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Service Cloud Contract No. 03783244 Order Form No. Q-0811659: Sales and Service Cloud CRM platform Services | $178,816.94 | Phoenix BNBS Fashion, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Marketing Cloud Contract No. 03667664, Order Form No. Q-07896973, Marketing Data & Analytics Platform | $483,428.39 | Phoenix BNBS Fashion, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Slack Services Contract No. 03852797 Order Form No. Q-08486702: Slack Business Plus Communication Platform Services | $100,781.26 | Phoenix Retail, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Slack Contract No. 3852797 Order Form No. Q-08486860: Slack Business Plus Communication Platform Services | $23,948.15 | Phoenix BNBS Fashion, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Tableau Contract 38445783 Order Form No. 08381158: Tableau Data Visualization Services | $9,820.14 | Phoenix Retail, LLC | 6/21/2024 |
| Salesforce, Inc. | Salesforce, Inc. | Contract name: Employee Services Contract (Contract No. 02811517/Order Nos. Q-05191860, Q-05044042, Q-05767672) | $31,500.00 | Phoenix Retail, LLC | 6/21/2024 |

---

[7]    *See, Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [D.I. 471]. (the "Sale Order").

9.      On December 17, 2024, the Court entered its Confirmation Order.[8] Pursuant to the Confirmation Order, all the Salesforce Contracts that are not Salesforce Assumed Contracts are rejected as of the date that the Plan[9] becomes effective (the **"**Salesforce Rejected Contract"**)**.

10.     On December 31, 2024, the Debtor filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1190] (the "Notice of Effective Date"), establishing December 31, 2024 as the date the Debtor's chapter 11 plan went effective (the "Effective Date") and setting the Administrative Claims Bar Date as January 30, 2025 (the "Administrative Claims Bar Date").

### The Administrative Expense Claim

11.     From and after the Petition Date, the Debtor knowingly accepted the Salesforce Services provided, and that provision of such services was in the ordinary course of business of the parties. *See* Ramirez Declaration at ¶16.

12.     From the commencement of the Salesforce Contract through the Effective Date, the Debtor has failed to pay all post-petition Fees due and owing pursuant to the Salesforce Rejected Contract and, more specifically, an amount of not less than $335,826.92. Furthermore, from the commencement date of the Salesforce Contract through the date of this Administrative Expense Request, the Debtor failed to pay the cure amount of the Salesforce Assumed Contracts and all post-petition Fees due and owing pursuant to the Salesforce Assumed Contracts, and, more specifically, an amount of not less than $1,502,460.74. Accordingly, the total amount of the fees due and owing administratively is  **US $1,838,287.66,** (the "Administrative Expense Claim").[10] The Administrative Expense Claim remains due and owing to Salesforce pursuant to the Salesforce Rejected Contract for services arising on or after the Petition Date and any time prior to the

---

[8] *See, Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Exp Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order").

[9] *See, Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliated (Technical Modifications)* [D.I. 1143] (the "Plan").

[10] See, the Administrative Expense Claim Summary which is attached hereto as Exhibit A and is incorporated by reference here in as if fully set forth.

Effective Date and for the Salesforce Assumed Contracts for the cure amount and post-petition services arising on or after the Petition Date and the date of this Administrative Expense Request. *See* Ramirez Declaration at ¶17.

## LEGAL AUTHORITY

### Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.

13.     The Bankruptcy Code provides administrative status to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions for services rendered after the commencement of the case.  *In re Goody's Fam. Clothing Inc.,* 610 F.3d 812, 817 (3d Cir. 2010), *cert. denied,* 562 U.S. 1064, 131 S. Ct. 662, 178 L.Ed. 2d 483 (2010); *accord, In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) *citing* 11 U.S.C. § 503(b).[11]  In the Third Circuit, the phrase "actual, necessary costs and expenses of preserving the estate . . . *should include costs ordinarily incident to operation of a business*, and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept. of Env't Res. v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 1999*)* (emphasis added) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)).  It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services."  *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

14.     "To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as administrative expenses (1) arose out of a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate.

---

[11] *Accord, In re Valley Media, Inc.*, 279 B.R. 105, 141 (Bankr. D.Del. 2002); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001); *In re Mid-Am. Waste*, 228 B.R. 816, 821 (Bankr. D. Del 1999).

*Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.),* 181 F.3d 527, 532-33 (3d Cir. 1999).    The principal purpose of 11 U.S.C. § 503 is to induce entities to do business with a debtor after bankruptcy by ensuring that those entities receive payment for services rendered.    Section 503(b) contemplates some *quid-pro-quo* wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate.  *Pennsylvania Dept. of Env't Res.*, 178 F.3d at 689-90.

15.    Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re Waste Sys. Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (*citing NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)).  Any other result would improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

16.    Salesforce submits that its right to allowance and payment of the Administrative Expense Claim is clear:  (A) Salesforce provided the Salesforce Services from and after the Petition Date through the Effective Date pursuant to the Salesforce Contract; (B) the Debtor (in its capacity as debtor-in-possession) knowingly and willingly accepted the Salesforce Services; (C) the Salesforce Services were supplied to and beneficial to the debtor in possession in the operation of its business; and, (D) regardless whether, ultimately, the estate is liquidated or its business operations are sold as a going concern, utilization of the Salesforce Services by the Debtor preserves the Debtor's estate.  Salesforce further submits that access to the account, and usage of the Salesforce Services, directly and substantially benefitted the Debtor's estate by permitting the Debtor's continued post-petition operations without interruption.

17.    Based on all these facts and circumstances, Salesforce submits that the provision of

the Salesforce Services, unquestionably, constitutes "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C. §507(a)(1).

## RESERVATION OF RIGHTS

18.     Notwithstanding the foregoing, Salesforce expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "Rights") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by Salesforce and/or any other claim or proof of claim that  may be filed in the future (collectively, the "Claims"), (B)  the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "Administrative Expenses"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "Reservation of Rights").

**WHEREFORE**, Salesforce respectfully requests the Court enter its Administrative Expense Order –

 (A) Allowing an administrative expense claim, in the amount not less than **US $1,838,287.66** pursuant to the Salesforce Contract for Salesforce Services provided from on or after the Petition Date through the Effective Date;

(B)  requiring the Debtor to pay the Administrative Expense Claim, in full, as soon as practicable after entry of the Administrative Expense Order, or at such time as the Court otherwise orders;

(C)  approving the Reservation of Rights; and granting such other and further relief as may be deemed just and proper under the circumstances of this case.


Dated: January 30, 2025
      Wilmington, Delaware

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Michael A. Ingrassia*
Michael A. Ingrassia, Esq. (No. 7068)
600 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302-467-4503
Fax:    302-467-4550
Email:  ingrassiam@whiteandwilliams.com

-and-

**BIALSON, BERGEN & SCHWAB,**
**A Professional Corporation**
Gaye Nell Heck, Esq.
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Gheck@bbslaw.com

*Attorneys for Creditor Salesforce, Inc.*