## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc.., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**June 29, 2025 at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**To be determined.** |

### REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF 3CINTERACTIVE, LLC DBA IMIMOBILE US

3CInteractive, LLC dba IMImobile US ("3CI"), by and through the undersigned counsel, hereby requests (the "Administrative Expense Request") entry of an order substantially in the form attached hereto as **Exhibit A** (the "Administrative Expense Order") (a) allowing an administrative expense in an amount not less than **US $29,093.18,** (the "Administrative Expense Claim") incurred in connection with the provision of the 3CI Services[2] (as hereinafter identified) provided by 3CI to Express, LLC and related entities (the "Debtors"), and the acceptance and use of the 3CI Services by the Debtor, from and after Petition Date through the Plan Effective Date, pursuant to the 3CI Contract, (b) directing the Administrative Expense Claim be paid in full as soon as

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]  All capitalized terms shall have the meaning as set forth in this *Request for Allowance and Payment of Administrative Expenses* and, if not defined herein, as set forth in the Murphy Declaration filed in support of this request.

practicable after entry of the Administrative Expense Order, or at such time as the Court otherwise orders, (c) approving the *Reservation of Rights* asserted hereinafter, and (d) granting such other and further relief as may be deemed just and proper under the circumstances of this case.

This Administrative Expense Request is brought pursuant to 11 U.S.C. §§503(b)(1)(A) and 507(a)(2), and is based on the matters set forth herein, the *Declaration of Steve Murphy in Support of the Request for Allowance and Payment of Administrative Expense of 3CInteractive, LLC dba IMImobile US* (the "Murphy Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

3CI requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      Cisco is a Delaware corporation, and, among other activities, it provides global communications software and services (collectively, the "Cisco Services") to Cisco's business customers (individually, a "Cisco Customer" and, collectively, "Cisco Customers"). *See* Murphy Declaration at ¶2.

4.      3CI is a Delaware corporation, and, among other activities, it provides global communications software and services (collectively, the "3CI Services") to Cisco's business customers (individually, a "3CI Customer" and, collectively, "3CI Customers").  3CI is a wholly

owned subsidiary of Cisco Systems, Inc. and the 3CI Services are being integrated into the Cisco Services.  *See* Murphy Declaration at ¶3.

### THE 3CI CONTRACT

5.        Prior to April 22, 2024, the Debtors entered into that certain *3Cinteractive Corp. Master Services Agreement* (the "3CI Contract"). Pursuant to the 3CI Contract, the Debtors ordered the 3CI services from 3CI, whereby (a) the Debtors ordered the 3CI Services and became obligated to pay the aggregate full contract amount for such services, and (b) 3CI became obligated to provide such services to the Debtors. A copy of the 3CI Contract is not attached hereto due to its confidentiality provisions.  However, subject to appropriate non-disclosure protections, a copy of the 3CI Contract will be made available to the Debtors in connection with this Administrative Expense Request.  *See* Murphy Declaration at ¶ 8.

### BANKRUPTCY CASE

6.        On April 22, 2024 (the "Petition Date"): (A) Express, Inc. and the above captioned Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual cases under chapter 11 (collectively, the "Bankruptcy Cases"). On April 24, 2024, the Court entered the Joint Administration Order[3] directing the joint administration of the Debtors' cases

7.        On December 17, 2024, the Court entered its Plan Confirmation Order[4]. Pursuant to the Confirmation Order, the 3CI Contract is rejected as of the date that the Plan[5] becomes effective.

---

[3] *See, Order (I) Directing Joint Administration of Chapter 11 Cases And (II) Granting Related Relief* [D.I. 67] (the "Joint Administration Order").

[4] *See, Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Exp Oldco Winndown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order").

[5] *See, Joint Chapter 11 Plan of EXP OldCo Winndown, Inc. and its Debtor Affiliated (Technical Modifications)* [D.I. 1143] (the "Plan").

8.      On December 31, 2024, the Debtor filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1190] (the "Notice of Effective Date"), establishing December 31, 2024 as the date the Debtor's chapter 11 plan went effective (the "Effective Date") and setting the Administrative Claims Bar Date as January 30, 2025 (the "Administrative Claims Bar Date").

**The Administrative Expense Claim**

9.      From and after the Petition Date, the Debtor knowingly accepted the 3CI Services provided and that provision of such services was in the ordinary course of business of the parties. *See* Murphy Declaration at ¶12.

10.     From the commencement of the 3CI Contract through the date of this Declaration, the Debtor has failed to pay all post-petition Fees due and owing pursuant to the 3CI Contract and, more specifically, an amount of not less than **US $29,093.18,** (the "Administrative Expense Claim")[6] remains due and owing to 3CI pursuant to the 3CI Contract for services arising on or after the Petition Date and any time prior to the Plan Effective Date. *See* Murphy Declaration at ¶13.

**LEGAL AUTHORITY**

**Administrative Expenses Are Allowed for Actual, Necessary Costs And Expenses of Preserving the Estate.**

11.     The Bankruptcy Code provides administrative status to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions for services rendered after the commencement of the case. *In re Goody's Fam. Clothing Inc.,* 610 F.3d 812, 817 (3d Cir. 2010), *cert. denied,* 562 U.S. 1064, 131 S. Ct. 662, 178 L.Ed. 2d 483 (2010); *accord, In re Pinnacle Brands, Inc.,* 259 B.R. 46, 50 (Bankr. D. Del. 2001) *citing* 11 U.S.C. § 503(b).[7]  In the Third Circuit, the phrase "actual, necessary costs and expenses of preserving the

---

[6] See, the Administrative Expense Claim Summary which is attached to the Murphy Declaration as Exhibit A and is incorporated by reference here in as if fully set forth.

[7] *Accord, In re Valley Media, Inc.,* 279 B.R. 105, 141 (Bankr. D.Del. 2002); *In re Unidigital, Inc.,* 262 B.R. 283, 288

estate . . . *should include costs ordinarily incident to operation of a business* and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept. of Env't Res. v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir. 1999) (emphasis added) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)).  It is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

12.    "To establish administrative expense priority the burden is on the claimant to demonstrate that the obligation claimed as administrative expenses (1) arose out of a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate. *Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.),* 181 F.3d 527, 532-33 (3d Cir. 1999).    The principal purpose of 11 U.S.C. § 503 is to induce entities to do business with a debtor after bankruptcy by ensuring that those entities receive payment for services rendered.  Section 503(b) contemplates some *quid-pro-quo* wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate. *Pennsylvania Dept. of Env't Res.*, 178 F.3d at 689-90.

13.    Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp*., 872 F.2d 36 (3d Cir. 1989); *In re Waste Sys. Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (*citing NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)).  Any other result would improperly confer a benefit

(Bankr. D. Del. 2001); *In re Mid-Am. Waste*, 228 B.R. 816, 821 (Bankr. D. Del 1999).

on the bankruptcy estate while permitting the estate to escape the contract's burdens.

14.      3CI submits that its right to allowance and payment of the Administrative Expense Claim is clear:  (A) 3CI provided the 3CI Services from and after the Petition Date through the Rejection Date pursuant to the 3CI Contract; (B) the Debtor (in its capacity as debtor-in-possession) knowingly and willingly accepted the 3CI Services; (C) the 3CI Services were supplied to and beneficial to the debtor in possession in the operation of its business; and, (D) regardless whether, ultimately, the estate is liquidated or its business operations are sold as a going concern, utilization of the 3CI Services by the Debtor preserves the Debtor's estate.  3CI further submits that access to the account, and usage of the 3CI Services, directly and substantially benefitted the Debtor's estate by permitting the Debtor's continued post-petition operations without interruption.

15.      Based on all these facts and circumstances, 3CI submits that the provision of the 3CI Services, unquestionably, constitutes "actual, necessary costs and expenses of preserving the estate" that should be allowed as administrative expenses, 11 U.S.C. §503(b)(1)(A), and should receive the highest priority in payment in this bankruptcy proceeding pursuant to 11 U.S.C. §507(a)(1).

## **RESERVATION OF RIGHTS**

16.      Notwithstanding the foregoing, 3CI expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "Rights") including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by 3CI and/or any other claim or proof of claim that  may be filed in the future (collectively, the "Claims"), (B)  the Administrative Expense Claim asserted hereby and/ or any further administrative expenses as may be asserted hereinafter (collectively, the "Administrative Expenses"), (C) a judicial determination of the amount(s) due

and owing with regard to the Claims and/or the Administrative Expenses, (D) this Administrative Expense Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Expense Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Expense Claim, any other Administrative Expenses or the Administrative Expense Requests as may be filed hereinafter (collectively, the "Reservation of Rights").

    **WHEREFORE**, 3CI respectfully requests the Court enter its Administrative Expense Order –

    (A)  Allowing an administrative expense claim, in the amount not less than **US $29,093.18** pursuant to the 3CI Contract for 3CI Services provided from on or after the Petition Date and any time prior to the Plan Effective Date;

    (B)  requiring the Debtor to pay the Administrative Expense Claim, in full, as soon as practicable after entry of the Administrative Expense Order, or at such time as the Court otherwise orders;

    (C)  approving the Reservation of Rights; and granting such other and further relief as may be deemed just and proper under the circumstances of this case.

*[Remainder of Page Intentionally Left Blank.]*

Dated: January 30, 2025
      Wilmington, Delaware

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Michael A. Ingrassia*
Michael A. Ingrassia, Esq. (No. 7068)
600 North King Street, Suite 800
Wilmington, DE 19801
Phone: 302-467-4503
Fax:    302-467-4550
Email:  ingrassiam@whiteandwilliams.com

-and-

**BIALSON, BERGEN & SCHWAB,**
**A Professional Corporation**
Gaye Nell Heck, Esq.
830 Menlo Avenue, Suite 201
Menlo Park, CA 94025
Telephone: (650) 857-9500
Fax: (650) 494-2738
E-mail: Gheck@bbslaw.com

*Attorneys for Creditor 3CInteractive, LLC*
*dba IMImobile US*