**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered) |

**DECLARATION OF STEVE MURPHY IN SUPPORT OF THE REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF 3CINTERACTIVE, LLC DBA IMIMOBILE US**

I, Steve Murphy, declare as follows:

1. I am the Senior Director, Customer Delivery for 3CInteractive, LLC f/k/a 3CInteractive Corp. and dba IMImobile US ("3CI"), and I am authorized to execute this Declaration on behalf of 3CI. If called to testify, I could and would competently testify to the facts set forth herein based on my personal knowledge of those facts, events and transactions.[2]

2. Cisco is a Delaware corporation, and, among other activities, it provides global communications software and services (collectively, the "Cisco Services") to Cisco's business customers (individually, a "Cisco Customer" and, collectively, "Cisco Customers").

3. 3CI is a Delaware corporation, and, among other activities, it provides global communications software and services (collectively, the "3CI Services") to Cisco's business

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Administrative Expense Request filed concurrently herewith unless indicated otherwise.

customers (individually, a "3CI Customer" and, collectively, "3CI Customers"). 3CI is a wholly owned subsidiary of Cisco Systems, Inc. and the 3CI Services are being integrated into the Cisco Services.

4.  This declaration is filed in support of the *Request for Allowance and Payment of Administrative Expense Claim of 3C Interactive, LLC.* (the "Administrative Expense Request") filed by 3CI with respect to certain amounts due and owing, but unpaid, with respect to the post-petition 3CI Services provided by 3CI to Express, LLC and related entities (the "Debtors").

## MAINTENANCE OF BUSINESS RECORDS

5.  In my official capacity, I have personal knowledge of the method by which 3CI maintains records of its transactions with its customers, including accounts receivable. As a regular part of its business, 3CI maintains permanent records of all its transactions in a computerized accounting system. All amounts due and owing to 3CI by a party (individually, a "Customer" and, collectively, "Customers") pursuant to these transactions including, but not limited to, payments related to services rendered or equipment subject to a lease or other agreement, taxes, interest, fees and other charges (individually, an "Obligation" and, collectively, the "Obligations"), are entered in this accounting system at, or near, the time such Obligations are incurred. All payments made by a Customer with respect to Obligations, and all other credits and debits related to such Obligations, are entered into the accounting system at, or near, the time they are received and/or incurred. Each such entry is made in the regular course of business by employees of 3CI who process these payments, receipts, credits and debits. If necessary, 3CI can print hard copies of all entries.

6.  I also have personal knowledge of the manner by which 3CI maintains records of its agreements, contracts, order forms, statements of work, schedules and any related documents,

and all amendments to any of the foregoing (individually, a "**3CI Agreement**" and, collectively, the "**3CI Agreements**") with its Customers. As a regular part of its business, 3CI maintains permanent records of the 3CI Agreements and these records are compiled at the time, or near the time, that a 3CI Agreement is received or processed.

### 3CI CONTRACT

7. I have personally reviewed 3CI's records relating to the Debtors, including the Transactions, the Obligations, the 3CI Agreements, and I am personally familiar with 3CI's account with the Debtors.

8. The Debtors entered into that certain *3Cinteractive Corp. Master Services Agreement* (the "**3CI Contract**"). Pursuant to the 3CI Contract, the Debtors ordered the 3CI services from 3CI, whereby (a) the Debtors ordered the 3CI Services and became obligated to pay the aggregate full contract amount for such services, and (b) 3CI became obligated to provide such services to the Debtors. A copy of the 3CI Contract is not attached hereto due to its confidentiality provisions. However, subject to appropriate non-disclosure protections, a copy of the 3CI Contract will be made available to the Debtors in connection with the Administrative Expense Request.

### BANKRUPTCY CASE

9. Based upon information and belief, I am informed that, on April 22, 2024 (the "Petition Date"): (A) Express, Inc. and the above captioned Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual cases under chapter 11 (collectively, the "Bankruptcy Cases"). On April 24, 2024, the Court entered the Joint Administration Order[3] directing the joint administration of the Debtors' cases.

---

[3] *See, Order (I) Directing Joint Administration of Chapter 11 Cases And (II) Granting Related Relief* [D.I. 67] (the "Joint Administration Order").

34359135v.2

10. Based on information and belief, I am informed that, on or about December 17, 2024, the Court entered its Plan Confirmation Order.[4] Pursuant to the Confirmation Order, the 3CI Contract is rejected as of the date that the Plan[5] becomes effective.

11. Based on information and belief, I am informed that on or about December 31, 2024, the Debtor filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1190] (the "Notice of Effective Date"), establishing December 31, 2024 as the date the Debtor's chapter 11 plan went effective (the "Effective Date") and setting the Administrative Claims Bar Date as January 30, 2025 (the "Administrative Claims Bar Date").

## THE ADMINISTRATIVE EXPENSE CLAIM

12. Based upon my review of 3CI's books and records pertinent to the Debtor's account, I declare and state that, from and after Petition Date, the Debtor knowingly accepted the 3CI Services provided and that provision of such services was in the ordinary course of business of the parties.

13. Based upon my review of 3CI's books and records pertinent to the Debtor's account, I declare and state that, from the commencement of the 3CI Contract through the date of this Declaration, the Debtor has failed to pay all post-petition Fees due and owing pursuant to the 3CI Contract and, more specifically, an amount of not less than **US $29,093.18,** (the "Administrative Expense Claim")[6] remains due and owing to 3CI pursuant to the 3CI Contract for

---

[4] *See, Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Exp Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order").

[5] *See, Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliated (Technical Modifications)* [D.I. 1143] (the "Plan").

[6] *See*, the Administrative Expense Claim Summary which is attached hereto as Exhibit A and is incorporated by reference here in as if fully set forth.

34359135v.2

-5-

services arising on or after the Petition Date and any time prior to the Effective Date.

I declare under penalty of perjury that the foregoing is true and correct. Executed this **28th** day of January 2025 at San Jose, California

*Steve Murphy*
A98A523F032D23A9877176177E2EA31F — contractworks
**Steve Murphy**

EXHIBIT A

ADMINISTRATIVE EXPENSE CLAIM SUMMARY

Petition Date: 4/22/24
Rejected per plan, effective 12/31/24

| Cisco entity | Counterparty | Agreement | Purchase Order No. | Date | Term | Services | Invoice No. | Date | Due Date | Service Dates | Invoice Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3CInteractive, LLC dba IMImobile US | Express | MSA 4/4/17 | 2nd Amended #18669 2920 13451 | 2/8/24 1/19/19 12/4/20 | 5/12/22 to 1/28/26 11/16/18 to 5/11/19 Perpetual | Switchblade Pro Switchbalbe Mobile US Random Short Code | INV3CI00006734 | 1/23/2025 | 3/9/2025 | Usages for Nov24 and hosting and rental charges for Dec 24 | $ 29,093.18 |
| | | | | | | | | | | | $ 29,093.18 |