**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |

**REQUEST FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE CLAIMS OF TOTE FASHION SOURCING LIMITED**

Tote Fashion Sourcing Limited ("**Tote Fashion**"), by and through its counsel, Ruskin Moscou Faltischek, P.C., respectfully submits this request (the "**Administrative Request**"), pursuant to sections 503 and 507 of title 11, United States Code (the "**Bankruptcy Code**"), for entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the allowance and payment of the administrative claims asserted against Express, LLC (n/k/a Project Pine OldCo, LLC) (the "**Debtor**") in chapter 11 Case No. 24-10835 (KBO), which is jointly administered with the chapter 11 case filed by Express, Inc. (n/k/a EXP OldCo Winddown, Inc.), Case No. 24-10831 (KBO). In support of this Administrative Request, Tote Fashion respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors in these chapter 11 cases (collectively, the "**Debtors**"), along with the last four digits of the Debtors' federal tax identification numbers, are: EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Express Finance Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

{00040665. }

## BACKGROUND

**The Bankruptcy Cases**

2. On April 22, 2024 (the "**Petition Date**"), Express, Inc. and certain of its affiliates, including the Debtor, filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

3. On May 20, 2024, the Court entered an Order (ECF Doc. No. 280) establishing, among other things, July 10, 2024 at 11:59 p.m. (ET) as the general bar date for the filing proofs of claim in the Debtor's case.

**The Proofs of Claim**

4. On June 26, 2024, Tote Fashion timely filed a proof of claim (Claim No. 777) (the "**Original Proof of Claim**") against the Debtor in the aggregate amount of $4,245,494.09 for goods delivered to the Debtor, consisting of: (a) in part, an administrative expense claim under Bankruptcy Code § 503(b)(1) in the amount of $287,595.16; (b) in part, an administrative expense claim under Bankruptcy Code § 503(b)(9) in the amount of $762,375.71; and (c) in part, an unsecured claim in the amount of $3,195,523.22. A true and correct copy of Tote Fashion's Original Proof of Claim is attached hereto as **Exhibit B**.

5. On August 14, 2024, Tote Fashion filed an amended proof of claim (Claim No. 1573) (the "**Amended Proof of Claim**") against the Debtor arising from the same facts and circumstances giving rise to the Original Proof of Claim. A true and correct copy of Tote Fashion's Amended Proof of Claim is attached hereto as **Exhibit C**.

6. The Amended Proof of Claim asserted an additional $78,012.45 in post-petition administrative claims for goods ordered and cancelled by the Debtor post-petition but which were specially manufactured for the Debtor and now cannot be resold or repurposed.

**Tote Fashion's Administrative Claims**

7. Tote Fashion manufactures certain textile goods (the "**Goods**") and delivers them to the Debtor for future resale.

8. Tote Fashion's business dealings with the Debtor in the ordinary course are governed by that certain Master Sourcing Agreement (the "**Agreement**") entered into by the parties in or about 2019.

9. During the twenty (20) day period prior to the Petition Date, Tote Fashion delivered Goods to the Debtor in the ordinary course of business valued at $762,375.71.

10. Since the Petition Date, Tote Fashion delivered additional Goods to the Debtor in the ordinary course of business valued at $287,595.16, inclusive of related fees associated therewith.

11. In addition, after the Petition Date, the Debtor placed certain purchase orders (the "**Special Purchase Orders**") with Tote Fashion for specially manufactured Goods bearing the Debtor's private "Express" label (the "**Special Order Goods**"). Pursuant to the Agreement, the Debtor's placement of the Special Purchase Orders established a binding post-petition contract between the Debtor and Tote Fashion for the manufacture and sale of the Special Order Goods.

12. After Tote Fashion completed its manufacture of the Special Order Goods under the Special Purchase Orders, and after Tote Fashion filed the Original Proof of Claim, the Debtor requested that Tote Fashion delay shipment of the Special Order Goods, and that Tote Fashion hold the Special Order Goods in Tote Fashion's factory warehouse.

13. On or about July 23 and July 24, 2024, after the Petition Date, the Debtor unilaterally and without cause attempted to cancel the Special Purchase Orders, issuing Tote Fashion a debit note in the amount of $78,012.45. Tote Fashion is unable to resell the Special

Order Goods manufactured under the Special Purchase Orders to a different customer or otherwise repurpose them.

14. Consistent with the Original Proof of Claim and the Amended Proof of Claim as well as the supporting documents filed in connection therewith, annexed hereto as **Exhibit B** and **Exhibit C**, respectively, Tote Fashion's administrative claims against the Debtor totals **$1,127,983.32**.

## RELIEF REQUESTED

15. By this Administrative Request, Tote Fashion seeks entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the allowance and payment of Tote Fashion's administrative claims against the Debtor in the total amount of **$1,127,983.32**, consisting of (a) $762,375.71 for Goods delivered to the Debtor within twenty (20) days of the Petition Date, (b) $287,595.16 for Goods delivered to the Debtor after the Petition Date during the chapter 11 cases, and (c) $78,012.45 for the Special Order Goods which Tote Fashion specially manufactured for the Debtor and cannot resell.

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Code § 503 provides that, after notice and a hearing, creditors are entitled to the allowance of administrative claims, including the value of any goods received by the debtor in the ordinary course within twenty (20) days before commencement of the debtor's bankruptcy case. 11 U.S.C. § 503(b)(9). For the purposes of such claims, "goods" means "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." *In re Goody's Family Clothing Inc.*, 401 B.R. 131, 134 (Bankr. D. Del. 2009)

(adopting the same definition of "goods" as that set forth in Article 2 of the Uniform Commercial Code). And in the Third Circuit, receipt occurs when the debtor takes physical possession of such goods. *In re World Imports, Ltd.*, 862 F.3d 338, 346 (3d Cir. 2017).

17. In addition, creditors are entitled to the allowance of administrative claims for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "[F]or a claim to be given priority as an administrative expense under this provision of the Code, it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations omitted); *see Reading Co. v. Brown*, 391 U.S. 471, 483 (1968) (observing that necessary costs are those "costs ordinarily incident to operation of a business" but are "not [ ] limited to costs without which rehabilitation would be impossible"). Accordingly, services that provide post-petition benefits to the debtor's estate are entitled to administrative expense status.

18. Here, Tote Fashion is entitled to allowance of its pre-petition and post-petition administrative claims under Bankruptcy Code § 503, as evidenced by the applicable purchase orders, invoices, proofs of delivery, and other supporting documents annexed to the Original Proof of Claim and the Amended Proof of Claim.

19. First, Tote Fashion delivered into the Debtor's physical possession Goods ordered by the Debtor in the normal course of the Debtor's business valued at $762,375.71 during the twenty (20) day period prior to the Petition Date.

20. Second, since the Petition Date, Tote Fashion delivered into the Debtor's physical possession Goods ordered by the Debtor in the ordinary course of the Debtor's business valued at $287,595.16, inclusive of related fees associated therewith pursuant to the Agreement governing

the parties' business dealings. These Goods provided post-petition benefits to the Debtor's estate by allowing the Debtor to operate post-petition and achieve a successful reorganization.

21. Third, after the Petition Date, the Debtor issued Tote Fashion a debit note in the amount of $78,012.45 for cancelling the Special Purchase Orders for the Special Order Goods, ordered by the Debtor in the ordinary course of the Debtor's business that cannot be resold or repurposed by Tote Fashion. But for the Debtor's premature and unilateral cancellation without cause, the Special Order Goods would have continued to provide post-petition benefits to the Debtor's estate. Tote Fashion incurred these costs necessarily incident to its business dealings with the Debtor in the ordinary course as previously established under the parties' Agreement.

## CONCLUSION

22. Tote Fashion respectfully submits that for the reasons set forth in this Administrative Request, Tote Fashion is entitled to allowance and payment of its administrative claims against the Debtor, in the total amount of **$1,127,983.32**, consisting of: (a) in part, an administrative expense claim under Bankruptcy Code § 503(b)(1) in the amount of $287,595.16; (b) in part, an administrative expense claim under Bankruptcy Code § 503(b)(9) in the amount of $762,375.71; and (c) in part, an administrative expense claim under Bankruptcy Code § 503(b)(1) in the amount of $78,012.45 for goods ordered and cancelled by the Debtor post-petition but which were specially manufactured for the Debtor and now cannot be resold or repurposed.

**WHEREFORE**, Tote Fashion respectfully requests this Court enter an order, substantially in the form annexed hereto as **Exhibit A**, allowing Tote Fashion's administrative expense claims against the Debtor in the total amount of not less than $1,127,983.32, together with such other and further relief as this Court deems just and proper.

Dated: January 30, 2025
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

By: /s/ *Frederick B. Rosner*
Frederick B. Rosner (DE 3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com

Sheryl P. Giugliano *(pro hac vice pending)*
**RUSKIN MOSCOU FALTISCHEK, P.C.**
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone: 516-663-6600
sgiugliano@rmfpc.com

*Counsel to Tote Fashion Sourcing Limited*