IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>EXP OLDCO WINDDOWN, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Main Case No. 24-10831 (KBO)<br><br>(Jointly Administered) |

### ADMINISTRATIVE CLAIM AND REQUEST FOR PAYMENT OF MOTIVES INTERNATIONAL LIMITED

Motives International Limited ("Motives" or "Claimant"), a creditor in the Chapter 11 case (the "Chapter 11 Case") of Project Pine OldCo, LLC (f/k/a Express, LLC) ("Debtor"), by and through its undersigned counsel pursuant to 11 U.S.C. §§503 and 507, hereby submits this Administrative Claim and Request for Payment to and against the Debtor.

### Jurisdiction and Venue

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. Motives is an apparel manufacturer that, prior to April 22, 2024 (the "Petition Date"), supplied apparel to the Debtor pursuant to a Master Sourcing Agreement ("MSA") and individual purchase orders.

3. **Amount of Section 503(b)(9) Claim Entitled to Administrative Priority**. As of the Petition Date, the Debtor was indebted to Motives in the amount of $512,785.45 on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

account of goods received by the Debtor in the twenty (20) days prior to the Petition Date (the "503(b)(9) Claim"). *See* Schedule "1". In accordance with the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280], the Claimant timely filed a proof of claim setting forth the amount of its 503(b)(9) Claim. [*See* Claim No. 1360, Case No. 24-10835.] In accordance with 11 U.S.C. 503(b)(9) and the Joint Chapter 11 Plan of Exp Oldco Winddown, Inc. and its Debtor Affiliates, the 503(b)(9) Claim is entitled to priority payment in full.

4. **Amount of Postpetition Administrative Claim**. Pursuant to the *Order (I) Authorizing Debtors to Pay Prepetition Claims of (A) Certain Critical Vendors, (B) Certain Foreign Vendors, (C) Certain Lien Claimants, (D) 503(b)(9) Claimants, and (E) PACA Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* (the "Critical Vendor Order"), all undisputed, pre-petition, and ordinary-course orders for goods delivered to the Debtor after the Petition Date were "granted administrative priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code without the need for filing any formal request for payment or proof of claim." [D.I. 221 at ¶ 7.] Motives delivered goods worth $4,162,251.58 to the Debtors' designees in accordance with the MSA and individual purchase orders after the Petition Date in the ordinary course of business. *See* Schedule "2".

5. Total Administrative Claim Amount Prior to Payments Received: $4,675,037.43.

6. **Payments received and remaining Administrative Claim amount**. As set forth in Schedules 1 and 2, after application of payments received, the following amounts remain outstanding:

    a.    503(b)(9) Claim.

| Claim | Amount |
|---|---|
| Total Claim | $ 512,785.45 |
| Payments Received | $ 410,228.36 |
| Net 503(b)(9) Claim | $ 102,557.09 |

    b.    Goods Delivered Postpetition.

| Claim | Amount |
|---|---|
| Total Claim | $4,162,251.98 |
| Payments Received | $3,329,801.58 |
| Net Administrative Claim | $ 832,450.40 |

7. Total Net Administrative Expense Claim: $935,007.49.

### Basis for Relief Requested

8. Creditors holding claims for "the actual, necessary costs and expenses of preserving the estate" may be afforded administrative expense status under the Bankruptcy Code. 11 U.S.C. § 503(b)(1)(A). In the Third Circuit, "actual, necessary costs of preserving the estate . . . should include costs ordinarily incident to operation of a business and not be limited to costs without which rehabilitation would be impossible." *Pa. Dep't of Envt'l Res. v. TriState Clinical Labs., Inc.*, 178 F.3d 685, 689–90 (3d Cir. 1999) (citations omitted). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999); *see also Matter of H.L.S. Energy Co.*, 151 F.3d 434, 437 (5th Cir. 1998).

9.  To establish a right to administrative expense priority, the claimant bears the burden of demonstrating that the claim (a) arose from a postpetition transaction with the debtor in possession; and (b) "directly and substantially benefitted the estate." *Calpine*, 181 F.3d at 532–33; *see also In re Mallinckrodt PLC*, No. 20-12522 (JTD), 2021 WL 4876908, at *6 (D. Del. Oct. 19, 2021).

10. Motives continued to provide goods to the Debtor postpetition under the MSA and the related purchase orders in the ordinary course of business. Pursuant to the Critical Vendor Order, goods delivered in the ordinary course were "granted administrative priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code without the need for filing any formal request for payment or proof of claim." [D.I. 221 at ¶ 7.] The applicable purchase orders, invoices, and proofs of delivery are voluminous and the Claimant believes that the Debtor has copies in its possession. Copies are available upon request to the undersigned. The post-petition goods provided by Motives to the Debtor were actual, necessary costs and expenses of preserving the Debtors' estates and ensuring that the Debtors were able to sell substantially all of their assets in a "going concern" transaction.

## RESERVATION OF RIGHTS/AMENDMENTS

11. Claimant has filed this Administrative Claim and Request for Payment only with respect to claims against the Debtor arising out of the transactions and matters described herein. Claimant may file additional claims against the Debtor, and/or one or more its affiliates, with respect to claims arising out of other transactions or matters. Claimant reserves the right to amend and/or supplement this Administrative Claim and Request for Payment at any time, including after any bar date, in any manner, including for purposes of fixing the amount of the claim described above together with interest, fees, and expenses due Claimant, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

12. The filing of this Administrative Claim and Request for Payment is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Administrative Claim and Request for Payment, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

## **Conclusion**

WHEREFORE, Claimant requests that the Court (i) allow it an administrative priority claim in an amount not less than $935,007.49, plus interest thereon, pursuant to 11 U.S.C. §§503 and 507, (ii) direct payment thereof in accordance with the Joint Chapter 11 Plan of Exp Oldco Winddown, Inc. and its Debtor Affiliates, and (iii) grant such other and further relief as may be just and appropriate under the circumstances.

Dated: Wilmington, Delaware
January 30, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare, Esq.*
Jody C. Barillare, Esq. (#5107)
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Tel: 302-574-3000
jody.barillare@morganlewis.com

- and -

Stephan E. Hornung*
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, New York 10178
Tel: 212-309-6000
stephan.hornung@morganlewis.com
*admitted *pro hac vice*

*Attorneys for Motives International Limited*

## Schedule "1"

[503(b)(9) Claim]

| 503(b)(9) Purchase Order No. | Amount |
|---|---|
| 704986 | $   22,180.00 |
| 704973 | $        51,500 |
| 706778 | $ 129,250.00 |
| 706781 | $   74,228.40 |
| 704972 | $   41,903.64 |
| 704976 | $   27,748.89 |
| 704975 | $   54,574.74 |
| 704981 | $   25,368.66 |
| 704974 | $   39,423.25 |
| 699343 | $   46,607.87 |
| **Total 503(b)(9) Claim** | **$ 512,785.45** |
| **LESS Payments** | **($410,228.36)** |
| **Net 503(b)(9) Claim** | **$ 102,557.09** |

**Schedule "2"**

[Postpetition Goods]

| Purchase Order No. | Amount |
|---|---|
| 708696 | $ 33,555.00 |
| 709997 | $ 33,742.48 |
| 708692 | $ 44,620.00 |
| 708694 | $ 45,530.00 |
| 708699 | $ 18,670.00 |
| 708698 | $ 22,480.00 |
| 708874 | $ 101,410.70 |
| 708873 | $ 244.30 |
| 708716 | $ 64,643.58 |
| 708714 | $ 94,846.82 |
| 709296 | $ 14,734.72 |
| 710010 | $ 15,878.72 |
| 709296 | $ 12,446.72 |
| 709292 | $ 22,071.92 |
| 710008 | $ 22,071.92 |
| 709292 | $ 17,603.92 |
| 708756 | $ 67,440.00 |
| 708758 | $ 24,040.00 |
| 708753 | $ 67,110.00 |
| 708754 | $ 136,590.00 |
| 708756 | $ 78,680.00 |
| 708752 | $ 44,620.00 |
| 708754 | $ 45,530.00 |
| 708030 | $ 62,820.00 |
| 700897 | $ 302,309.20 |
| 700896 | $ 406.92 |
| 704197 | $ 1,269.24 |
| 702590 | $ 52,232.02 |
| 702589 | $ 122.52 |
| 699764 | $ 185,937.95 |
| 699763 | $ 146.10 |
| 703093 | $ 66,868.89 |
| 703092 | $ 149.34 |
| 706492 | $ 44,892.61 |
| 706491 | $ 149.34 |
| 703095 | $ 89,645.14 |
| 703094 | $ 365.16 |

| Purchase Order No. | Amount |
|---|---|
| 706490 | $ 63,297.68 |
| 706489 | $ 365.16 |
| 702543 | $ 55,955.90 |
| 702542 | $ 384.78 |
| 704451 | $ 33,280.44 |
| 704450 | $ 113.88 |
| 704447 | $ 103,220.70 |
| 704446 | $ 330.60 |
| 704436 | $ 90,680.00 |
| 704535 | $ 13,370.16 |
| 704534 | $ 1,419.84 |
| 704440 | $ 66,780.00 |
| 704218 | $ 90,106.50 |
| 704217 | $ 146.76 |
| 706021 | $ 18,001.00 |
| 706022 | $ 160.50 |
| 703394 | $ 178,662.51 |
| 703393 | $ 114.98 |
| 699746 | $ 46,210.00 |
| 703396 | $ 112,252.19 |
| 703395 | $ 38.22 |
| 699745 | $ 44,500.00 |
| 702871 | $ 33,508.50 |
| 704439 | $ 44,720.00 |
| 706777 | $ 136,456.32 |
| 702872 | $ 46,210.00 |
| 706932 | $ 68,010.00 |
| 706782 | $ 136,410.88 |
| 706933 | $ 55,650.00 |
| 706776 | $ 178,880.00 |
| 707474 | $ 45,780.00 |
| 708691 | $ 45,780.00 |
| 708693 | $ 70,035.00 |
| 704982 | $ 46,640.00 |
| 707476 | $ 44,300.00 |
| 708695 | $ 33,225.00 |
| 708697 | $ 33,390.00 |
| 708697 | $ 22,304.52 |
| 704985 | $ 22,990.00 |
| 699346 | $ 69,400.92 |
| 706154 | $ 47,115.00 |

| Purchase Order No. | Amount |
|---|---|
| 699345 | $ 37,392.00 |
| 706151 | $ 36,975.00 |
| 704574 | $ 58,706.60 |
| 706575 | $ 47,115.00 |
| 706564 | $ 22,170.21 |
| 707471 | $ 23,820.00 |
| **Total Postpetition Claim** | **$ 4,162,251.98** |
| **LESS Payments** | **($3,329,801.58)** |
| **Net Postpetition Claim** | **$ 832,450.40** |