UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OLDCO WINDDOWN, INC., et al.,<br><br><br>Debtor. | Chapter 11<br><br>Case No. 24-110831 (KBO)<br><br>Hearing Date: March 27, 2025 at 9:30 a.m. (ET)<br>Objection Deadline: February 13, 2025 at 4:00 p.m. (ET) |

**REQUEST FOR PAYMENT
OF AN ADMINISTRATIVE EXPENSE**

ToolsGroup, Inc. (as successor in interest of Onera, Inc.) ("ToolsGroup"), a creditor in the above-styled bankruptcy proceeding, files this *Request For Allowance and Payment of Administrative Claim* ("Administrative Claim Request") and in connection therewith respectfully states as follows:

**I. STATEMENT OF CASE.**

1. On April 22, 2024, Express, L.L.C. (the "Debtor") and its debtor affiliates, as debtors and debtors in possession (collectively referred to as the "Debtors") filed bankruptcy under Chapter 11 of the United States Bankruptcy Code.

2. On December 17, 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") confirmed the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (the "Plan").

3. On December 21, 2024, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1190] (the "Notice of Effective Date").

{02086507;v1 }

4. Pursuant to the Notice of Effective Date, the Debtors provided notice that the deadline to file requests for payment of administrative expense claims, such as this Administrative Claim Request, is January 30, 2025.

## II. BACKGROUND

5. Onera, Inc. ("Onera") and the Debtor entered into a certain Customer Contract, effective as of May 12, 2017, which was last extended pursuant to a Sixth Amendment to Customer Agreement, dated as of February 1, 2023, (the "Contract"). A copy of the Contract is attached as **Exhibit A**. Onera issued certain invoices for services provided by Onera under the Contract for August 2024 to November 2024, which remain unpaid. A list of those unpaid invoices is attached as **Exhibit B**. The total amount that remains owed to Onera (and now ToolsGroup, as successor to Onera) is $135,000.00 plus accruing fees and costs, including attorneys' fees, to the extent provided for under the Contract.

## III. ARGUMENT

6. Section 503(b)(1) of the Bankruptcy Code provides in relevant part "there shall be allowed administrative expenses, … including – the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). This includes wages, salaries, or commissions for services rendered after the commencement of the case. *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. 2008), *aff'd*, 610 F.3d 812 (3d Cir. 2010); *accord*, *In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001).

7. In the Third Circuit, the phrase "actual, necessary costs and expenses of preserving the estate . . . should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible." *Pennsylvania Dept. of Environmental Resources v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689-90 (3d Cir.

1999) (emphasis added) (citing *Reading Co. v. Brown*, 391 U.S. 471, 483, 88 S. Ct. 1759, 20 L. Ed. 2d 751 (1968)).

8. Where a non-debtor counterparty to a prepetition agreement with a debtor continues to perform services or provide goods for such debtor under such agreement on a post-petition basis, an administrative expense claim arises in favor of the non-debtor party because the transactions are with the debtor-in-possession and provide a benefit to the debtor's estate. *See, e.g., In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) ("Courts in this District have consistently held that administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract."); *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 656 (D. Del. 2009) (same); *In re Waste Systems Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (same).

9. Further, it is well established that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

10. Thus, if a non-debtor party confers a benefit on a bankruptcy estate after the petition date pursuant to an executory contract, the non-debtor counterparty to that contract holds an administrative expense claim to the extent of the post-petition benefit conferred on the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re Waste Systems International, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) *citing NLRB v. Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). Any other result would

improperly confer a benefit on the bankruptcy estate while permitting the estate to escape the contract's burdens.

11. As set forth herein, ToolsGroup is entitled to the allowance of its Administrative Claim Request in the amount of $135,000.00 plus accruing fees and costs, including attorneys' fees, to the extent provided for under the Contract.

### IV.   RESERVATION OF RIGHTS

12. Notwithstanding the foregoing, ToolsGroup expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies including, without limitation, the right to amend, modify and/or supplement (A) any proof of claim already filed by ToolsGroup and/or any other claim or proof of claim that may be filed in the future (collectively, the "Claims"), (B) the Administrative Claim Request asserted hereby and/or any further administrative expenses as may be asserted hereinafter, (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Claim Request, (D) this Administrative Claim Request in response to any submission by any party-in-interest including, without limitation, any objection to this Administrative Claim Request or an amendment to it, and (E) the right to adopt any other pleadings filed by any other party related to the Claims, this Administrative Claim Request, any other Administrative Expenses or the Administrative Claim Request as may be filed hereinafter (collectively, the "Reservation of Rights").

### IV. PRAYER

WHEREFORE, ToolsGroup requests allowance and payment of its Administrative Claim Request and such other and further relief to which it is justly entitled.

| | |
|---|---|
| Dated: January 30, 2025<br>Wilmington, Delaware | **ASHBY & GEDDES, P.A.**<br><br>*/s/ Gregory A. Taylor*<br>Gregory A. Taylor (No. 4008)<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899<br>Phone: (302) 654-1888<br>Facsimile: (302) 654-2067<br>Email:  gtaylor@ashbygeddes.com<br><br>-and-<br><br>Alan L. Braunstein (BBO #546042)<br>Riemer & Braunstein LLP<br>100 Cambridge Street, 22nd Floor<br>Boston, Massachusetts 02114<br>(617) 880-3516<br>Email:  abraunstein@riemerlaw.com<br><br>*Counsel for ToolsGroup, Inc. (as successor in interest of Onera, Inc.)* |