IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re : Chapter 11
:
EXP OLDCO WINDDOWN, INC., *et al.*[1] : Case No. 24-10831 (KBO)
:
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------x

**REQUEST OF DANBURY MALL, LLC, FORBES TAUBMAN ORLANDO, L.L.C. AND FRIT SAN JOSE TOWN AND COUNTRY VILLAGE, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

Danbury Mall, LLC, Forbes Taubman Orlando, L.L.C. and FRIT San Jose Town and Country Village, LLC (collectively, the "Landlords"), by and through their undersigned counsel, pursuant to sections 503(b) and 365(d)(3) of title 11 of the United States Code, respectfully file this Request (the "Request") for an order granting the allowance and payment of Landlords' administrative expense claims in the amounts set forth herein. In support of this Request, Landlords state as follows:

**JURISDICTION AND VENUE**

1. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Request pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

**BACKGROUND FACTS**

3. On April 22, 2024, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2] No trustee or examiner has been appointed in the Chapter 11 Cases.

4. Landlords are the owners or the agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to unexpired written nonresidential real property leases (the "Leases," and each a "Lease"), as more fully set for in Schedule A attached hereto.

5. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On December 17, 2024, the Court confirmed the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [D.I. 1130] (the "Plan"), which was attached as Exhibit A to the *Findings of Fact, Conclusions of Law, and Order Confirmation the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order").

7. On December 20, 2024, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1190] (the "Notice of Effective Date") which established, among other things, **January 30, 2025** as the deadline for

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

filing all requests for the allowance and payment of the administrative claims (the "Administrative Bar Date").[3]

8. The Effective Date of the Plan occurred on December 31, 2024.

9. Under the terms of the Leases, the Debtors are required to make certain payments to the Landlords arising out of their use and occupancy of the Premises. These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Leases, including year-end adjustments and reconciliations for charges that the Debtors pay on an estimated basis. The Debtors have not paid all obligations that have arisen or accrued during the post-petition period under the Leases, and certain amounts remain due and owing for the period from and after the Petition Date through the applicable rejection date of each Lease (the "Rejection Date"). The Landlords are entitled to administrative expense claims for such obligations, as set forth in greater detail in Schedule A and Exhibits 1-3 attached hereto, plus any indemnity obligations, amounts subject to setoff and/or recoupment, and attorneys' fees.

## RELIEF REQUESTED

10. The Landlords respectfully request that the Court enter an order for allowance and payment of their administrative priority expense claims in the amounts set forth herein, for payment obligations arising or accruing under the Leases between the Petition Date and the applicable Rejection Date, pursuant to Bankruptcy Code sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

## BASIS FOR THE RELIEF REQUESTED

---

[3] Pursuant to the Confirmation Order and the Notice of Effective Date, the deadline for filing all requests for allowance and payment of Administrative Claims was set for thirty (30) days from the Effective Date.

11. Section 365(d)(3) provides that a debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). See also, e.g., In re Montgomery Ward Holding Corp., 268 F.3d 205, 209 (3d Cir. 2001) (holding that the Code imposes on a debtor in possession the obligation to perform when due all of its obligations under a lease of nonresidential real property until the lease is rejected).

12. The majority of courts that have considered the operation of Section 365(d)(3) have arrived at the same conclusion: costs and expenses incurred for post-petition, pre-assumption or rejection performance under an unexpired nonresidential real estate lease must be allowed as an administrative expense regardless of Section 503(b)(1)(A) limitations. Id. See also In re Liberty Outdoors, Inc., 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (lessor entitled to recover unpaid expenses pursuant to section 365(d)(3) of the Bankruptcy Code regardless of whether such "expenses benefited or preserved the estate"); In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991) (same); In re S. Lincoln Med. Grp., P.C., Case No. BK07-41636-TLS, 2008 WL 506086, at *2 (Bankr. D. Neb. Feb. 21, 2008) (citing In re Brewer, 233 B.R. 825, 829 (Bankr. E.D. Ark. 1999). Thus, the plain language of Section 365(d)(3) and the relevant case law clearly requires the Debtors' immediate payment of all rents and related charges that arise post-petition as administrative expenses of these estates.

13. In addition, Section 503(b)(1) provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate. See 11 U.S.C. § 503(b)(1). A Landlords' administrative claim under Section 503(b)(1) is equal to the lease contract rate. In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003) (contract rate is presumed to be the fair rental value.). Section 507(a) of the Bankruptcy Code provides that administrative expense claims

that are allowed under section 503(b) of the Bankruptcy Code have first priority. <u>See</u> 11 U.S.C. § 507(a)(2). The Debtors benefited from the post-petition use and occupancy of the Premises for the direct benefit of themselves and their lenders prior to the applicable Rejection Date.

14. On the basis of the foregoing, Landlords respectfully request that the Court enter an order allowing their administrative expense claims in the amounts outlined in Schedule A, as more fully set forth in Exhibits 1-3.

## **NO PRIOR REQUEST**

15. Landlords submits that no prior request for the relief requested herein has been made to this or any other Court.

## **NOTICE**

16. Service of this Request will be made in accordance with the Notice of Effective Date to: (i) Counsel and Co-Counsel to the Debtors and Debtors in Possession and (ii) the office of the United States Trustee for the District of Delaware. In light of the relief requested, Landlords submit that no further notice is required.

WHEREFORE, Landlords respectfully request that the Court enter an Order: (i) awarding the allowance and payment of the Landlords' administrative expense claims against the Debtors' estates under sections 365(d)(3) and 503(b) of the Bankruptcy Code in the amounts outlined in Exhibits 1 & 2 and (ii) providing such other relief the Court deems just and necessary.

| | |
|---|---|
| Dated: January 30, 2025<br>Wilmington, Delaware | */s/ Leslie C. Heilman*<br>Leslie C. Heilman (DE No. 4716)<br>Laurel D. Roglen (DE No. 5759)<br>Margaret A. Vesper (DE No. 6995)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: heilmanl@ballardspahr.com<br>         roglenl@ballardspahr.com<br>         vesperm@ballardspahr.com<br><br>and<br><br>Dustin P. Branch, Esquire<br>Nahal Zarnighian, Esquire<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, California 90067-2915<br>Telephone: (424) 204-4400<br>Facsimile: (424) 204-4350<br>E-mail: branchd@ballardspahr.com<br>         zarnighiann@ballardspahr.com<br><br>*Counsel to Danbury Mall, LLC, Forbes Taubman Orlando, L.L.C. and FRIT San Jose Town and Country Village, LLC* |

## SCHEDULE A

| DANBURY MALL, LLC | | | | |
|---|---|---|---|---|
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 159 | Danbury Fair Mall | Danbury, CT | $60,199.92 | 1 |
| **FORBES TAUBMAN ORLANDO, L.L.C.** | | | | |
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 958 | The Mall at Millenia | Orlando, FL | $3,826.84 | 2 |
| **FRIT SAN JOSE TOWN AND COUNTRY VILLAGE, LLC** | | | | |
| **Store No.** | **Shopping Center** | **City, State** | **Administrative Claim Amount** | **Exhibit No.** |
| 4016 | Santana Row | San Jose, CA | $762.69 | 3 |