IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OLDCO WINDDOWN, INC.., *et al.*, | Case No. 24-10831 (KBO) |
| | (Jointly Administered) |
| Debtors. | |

### MOTION OF WPG LEGACY, LLC FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

WPG Legacy, LLC, as the owner of, or the managing agent for the owners of, the properties identified herein ("WPG"), by its undersigned counsel, Frost Brown Todd LLP and the Law Office of Susan E. Kaufman, LLC, files this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto, allowing and directing immediate payment of the Administrative Claim (defined herein) pursuant to sections 105, 503(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, WPG respectfully states:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105, 503, and 507 of the Bankruptcy Code.

### BACKGROUND

4. On April 22, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this

Court.

5. WPG is the owner of, or the managing agent for the owner of, certain properties identified below where the Debtors leased retail space (the "Leased Premises") from WPG pursuant to written lease agreements (the "Leases").

| Lease/Center | City, State |
|---|---|
| Pearlridge Center | Aiea, HI |
| Gateway Mall | Lincoln, NE |

6. The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

7. On July 3, 2024, the Court entered its *Order Authorizing the Debtors to Reject Certain Unexpired Leases* (Docket No. 564) authorizing and approving the rejection of the Leases Agreement effective June 30, 2024.

8. As of the filing of this Motion, the Debtors have not paid certain postpetition charges totaling $22,212.38 under the Leases which came due prior to the rejection of the Leases effective June 30, 2024 (the "Administrative Claim" or "Postpetition Default"). An itemization of the Administrative Claim is attached hereto and incorporated herein as Exhibit A.

**RELIEF REQUESTED**

9. By this Motion, WPG seeks allowance and immediate payment of the Administrative Claim as an administrative expense of the Debtors' estates pursuant to sections 365(d), 503(b) and 507(a) of the Bankruptcy Code. *See* 11 U.S.C. §§ 365, 503(b) and 507(a).

**BASIS FOR RELIEF**

10. Under the terms of the Leases, the Debtors are required to make certain payments arising of out their use and occupancy of the Leased Premises, including, but not limited to, rent, utilities, real property taxes, insurance, and all other charges imposed by the Leases, including year-end adjustments and reconciliations.

11. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that "[t]he Trustee shall timely perform all the obligations of the debtor…, arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Thus, under section 365(d)(3) of the Bankruptcy Code, the Debtors have an affirmative obligation to stay current with their post-petition obligations under the Lease. *See In re Circuit City Stores, Inc.*, 447 B.R. 475, 506 (Bankr. E.D. Va. 2009) (Debtors in possession "must timely perform the obligations that arise from and after the order for relief under their Leases pursuant to § 365(d)(3), until any such Lease is assumed or rejected.").

12. Notwithstanding the Debtors' obligations under section 365(d)(3) of the Bankruptcy Code, the Debtors have failed to pay all post-petition amounts due and owing under the Leases, i.e., the Administrative Claim. Accordingly, the Postpetition Default should be allowed as an administrative expense claim and immediately paid by the Debtors pursuant to section 365(d)(3) of the Bankruptcy Code. *See Circuit City Stores*, 447 B.R. at 511 ("If a debtor fails to perform its obligations under § 365(d)(3), all a Lessor has is an administrative expense claim under § 365(d)(3) . . ."); *In re KDA Grp., Inc.*, No. 16-21821-GLT, 2017 WL 4216563, at *2 (Bankr. W.D. Pa. Sept. 20, 2017) (recognizing that post-petition lease obligations may be allowed as an administrative expense claim under § 365(d)(3)); *In re Burival*, 406 B.R. 548, 555 (B.A.P. 8th Cir.

2009), *aff'd*, 613 F.3d 810 (8th Cir. 2010) ("We agree with the majority of courts which conclude that Section 365(d)(3) provides administrative expense status to post-petition, pre-rejection claims under leases of non-residential real property.").

13. In addition, WPG is entitled to an allowed administrative expense priority claim for the Postpetition Default under sections 503(b) and 507(a) of the Bankruptcy Code. Section 503(b)(1) of the Bankruptcy Code provides that "after notice and a hearing, there shall be allowed administrative expenses . . . including . . . (1)(A) the actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A). While section 507(a)(2) of the Bankruptcy Code grants priority status to administrative expenses allowed under section 503(b). 11 U.S.C. § 507(a)(2). As acknowledged by the Third Circuit, "[w]orking in tandem, [sections 503 and 507 of the Bankruptcy Code] are designed to sustain the viability of estates in bankruptcy by giving highest priority to the payment of 'administrative expenses'—the 'actual, necessary costs and expenses of preserving the estate." *In re Zagata Fabricators, Inc.*, 893 F.2d 624, 627 (3d Cir. 1990).

14. Here, the charges that accrued under the Leases during the post-petition, pre-rejection period and remain unpaid are actual and necessary costs of doing business and preserving the Debtors' estate. *Zagata Fabricators*, 893 F.2d at 627 ("[R]ent is clearly an 'actual, necessary' cost of preserving the estate, since the debtor's survival depends on its ability to pay the landlord for the right to possess the space necessary to conduct its business."). It is undisputed that the Debtors derived a benefit from the Leases during the post-petition, pre-rejection period by continuing to operate their business at the Leased Premises. Accordingly, payment of the Post-Petition Default must be afforded administrative expense priority status under sections 503(b)(1) and 507 of the Bankruptcy Code. *See In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr.

D.N.J. 1994) ("[A] debtor's post-petition rental expense will constitute actual and reasonable expenses of the estate as required by section 503(b)(1)(A) so as to be accorded administrative expense priority pursuant to section 507(a)(1).").

15. Based upon the foregoing, allowance and payment of the Administrative Claim is appropriate under sections 365(d)(3), 503(b), and 507(a) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

16. Nothing in this Motion is intended to be, or should be construed as, a waiver by WPG of any of its rights under the Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to supplement and/or amend this Motion to assert additional post-petition amounts due and owing under Leases.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, WPG respectfully requests that this Court enter the Proposed Order granting the relief requested therein and such other further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

| | |
|---|---|
| Dated: January 31, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>LAW OFFICE OF SUSAN E. KAUFMAN, LLC<br><br>*/s/ Susan E. Kaufman*<br>Susan E. Kaufman (DSB# 3381)<br>919 N. Market Street, Suite 460<br>Wilmington, DE 19801<br>Tel: (302) 472-7420<br>Fax: (302) 792-7420<br>Email: skaufman@skaufmanlaw.com<br><br>-and-<br><br>Ronald E. Gold (OH Bar No. 0061351)<br>Erin P. Severini (OH Bar No. 0091487)<br>FROST BROWN TODD LLP<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Tel: (513) 651-6800<br>Fax: (513) 651-6981<br>Email: rgold@fbtlaw.com<br>           eseverini@fbtlaw.com<br><br>**Counsel for WPG Legacy, LLC** |

0028924.0784515   4916-0816-8469v2