**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 7, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: March 27, 2025 at 9:30 a.m. (ET)** |

**SUMMARY COVER SHEET TO THE COMBINED SEVENTH MONTHLY AND
FINAL FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
(I) MONTHLY PERIOD FROM NOVEMBER 1, 2024 THROUGH DECEMBER 17, 2024,
AND (II) FINAL PERIOD FROM MAY 7, 2024 THROUGH DECEMBER 17, 2024**

| | |
|---|---|
| Name of Applicant: | Saul Ewing LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al*. |
| Monthly Period for which compensation and reimbursement is sought: | *Start:* November 1, 2024<br>*End:* December 17, 2024 |
| Total compensation sought for the monthly period: | $88,553.75 |
| Total expenses sought for the monthly period: | $1,297.06 |
| Final Period for which compensation and reimbursement is sought: | *Start:* May 7, 2024<br>*End:* December 17, 2024 |
| Total compensation sought for the final period: | $726,098.25 |
| Total expenses sought for the final period: | $15,753.32 |
| Petition Date: | April 22, 2024 |

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

| | |
|---|---|
| Retention Date: | May 7, 2024 |
| Date of order approving employment: | June 25, 2024 |
| Total compensation approved by interim order to date: | $637,544.50 |
| Total expenses approved by interim order to date: | $14,456.26 |
| Total allowed compensation paid to date: | $637,544.50 |
| Total allowed expenses paid to date: | $14,456.26 |
| Blended rate in this application for all attorneys: | $463.45 |
| Blended rate in this application for all timekeepers: | $452.96 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.0 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Number of Professionals Included in this Application: | 14 |
| Number of professionals billing fewer than 15 hours to the case during this period: | 7 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | 4 |
| If applicable, difference between fees budgeted and compensation sought for this period: | $177,901.75 (under budget) |
| Are rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No |

55003386.2 02/14/2025

This is an: **X** monthly ___ interim **X** final application.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/03/2024 D.I. 569 | 05/07/2024 through 05/31/2024 | $124,251.50 | $0.00 | $124,251.50 | $0.00 | $0.00 | 7/25/2024 D.I. 644 |
| 07/29/2024 D.I. 662 | 06/01/2024 through 06/30/2024 | $127,961.50 | $1,124.09 | $127,961.50 | $1,124.09 | $0.00 | 08/20/2024 D.I. 731 |
| 08/27/2024 D.I. 745 | 07/01/2024 through 07/31/2024 | $74,462.50 | $2,872.50 | $74,462.50 | $2,872.50 | $0.00 | 09/18/2024 D.I. 827 |
| 10/23/2024 D.I. 919 | 08/01/2024 through 08/31/2024 | $88,613.50 | $1,441.85 | $88,613.50 | $1,441.85 | $0.00 | 11/14/2024 D.I. 997 |
| 11/12/2024 D.I. 983 | 09/01/2024 through 09/30/2024 | $101,521.50 | $3,757.85 | $101,521.50 | $3,757.85 | $0.00 | 12/04/2024 D.I. 1073 |
| 11/15/2024 D.I. 1000 | 10/01/2024 through 10/31/2024 | $120,734.00 | $5,259.97 | $120,734.00 | $5,259.97 | $0.00 | 12/09/2024 D.I. 1101 |
| | **TOTAL** | **$637,544.50** | **$14,456.26** | **$637,544.50** | **$14,456.26** | **$0.00** | |

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 7, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date: March 27, 2025 at 9:30 a.m. (ET)** |

**COMBINED SEVENTH MONTHLY AND FINAL FEE APPLICATION OF SAUL
EWING LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE (I) MONTHLY PERIOD FROM NOVEMBER 1,
2024 THROUGH DECEMBER 17, 2024, AND (II) FINAL PERIOD FROM MAY 7, 2024
<u>THROUGH DECEMBER 17, 2024</u>**

Saul Ewing LLP ("**Saul Ewing**"), hereby submits this combined seventh monthly and final

fee application (the "**Fee Application**") seeking payment of compensation for services rendered

and reimbursement of expenses incurred as co-counsel to the Official Committee (the

"**Committee**") of Unsecured Creditors of EXP OldCo Winddown, Inc., *et al.* (the "**Debtors**"),

under sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-2 of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "**Local Rules**"), the *Order (I) Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting*

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax
identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC
(8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine
OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC
(0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine
Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital
Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors'
service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230

*Related Relief* [D.I. 223] (the "**Interim Compensation Order**"), and the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Exp OldCo Winddown, Inc. and Its Debtor Affiliates* [D.I. 1150] (the "**Confirmation Order**").

By this Fee Application, Saul Ewing seeks: (i) a monthly allowance of compensation in the amount of $88,553.75, together with reimbursement of disbursements in the amount of $1,297.06, for the period from November 1, 2024 through December 17, 2024 (the "**Monthly Compensation Period**"), and (ii) final allowance of compensation in the amount of $726,098.25, together with reimbursement of expenses in the amount of $15,753.32, for a total of $741,851.57 for the period from May 7, 2024 through December 17, 2024 (the "**Final Compensation Period**"). In support of the Fee Application, Saul Ewing respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 1103(a) of title 11 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Local Rule 2014-1.

## Background

4.      On April 22, 2024, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

5.     The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, the *Order (I) Directing the Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [D.I. 67].

6.     On May 3, 2024, the Office of the United States Trustee for Region 3 (the "**UST**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* D.I. 154. The Committee is comprised of seven creditors: (i) Li & Fung (Trading) Limited; (ii) Manchu Times Fashion Limited; (iii) Jorge Chacon; (iv) Pacific Buying & Marketing Service, Ltd.; (v) Radial, Inc.; (vi) Motives International (Hong Kong) Limited and Motives International Limited; and (vii) The Macerich Company.

7.     On May 14, 2024, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Cases.

8.     The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. All fees and expenses paid are on an interim basis until final allowance by the Court.

9.     On June 25, 2024, this Court entered the *Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel to the Official Committee of Unsecured Creditors, Effective as of May 7, 2024* [D.I. 536].

10.     On December 17, 2024, the Court entered the Confirmation Order.  The Confirmation Order appoints Tracy L. Klestadt as the Plan Administration.  The effective date of the Plan occurred on December 31, 2024 [D.I. 1190].

## Saul Ewing's Fee Statement

11.     The fee statements for the Final Compensation Period, excluding the Monthly Compensation Period, were attached to the previously filed monthly fee applications [D.I. 569, 662, 745, 919, 983 and 1000] (collectively, the "**Monthly Fee Applications**").  The Monthly Fee Applications contain the daily time logs describing the time spent by each attorney and paraprofessional for these periods.  The fee statements for the Monthly Compensation Period are attached hereto as **Exhibit A**.  Also attached as **Exhibit A** is a summary of compensation requested by project category during the Final Compensation Period.

## Summary of Services Rendered

12.     A summary of the work that Saul Ewing performed for the Final Compensation Period is set forth below.

      (a)    **Asset Disposition**.  This category includes all matters relating to the disposition, and other post-petition uses of, property of the estates, including issues arising from sales of the Debtors' assets.  Time in this category includes reviewing a sale motion and related sale documents, letters of intent, purchase price calculations, objections to the bid procedures motion, proposed revised bid procedures and sale orders, a schedule of assumed leases, the bids and updated bids, a sale transaction summary, and a TSA term sheet; analyzing an asset purchase agreement (the "**APA**") and revised APA and drafting summaries of same, and legal issues regarding a stalking horse APA; preparing an analysis of the APA; and communicating with Debtors, Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") and the Saul Ewing team regarding the APA, inventory and sale issues.

      (b)    **Business Operations**.  This category includes all matters relating to the operation of the Debtor's business. Time in this category includes reviewing various first day business-related motions, proposed revised orders and certifications regarding same, a revised vendor letter, and tail insurance policies; communicating with the Debtors regarding vendor and landlord issues; and communicating with Kramer Levin and the Saul Ewing team regarding final orders on the first day business-related motions, Debtors' caption/name change and name registration, critical vendor, operational, vendor, insurance and landlord issues.

(c)    **Case Administration**.  This category includes all time spent in connection with matters related to work regarding administration of the case.  Time in this category includes reviewing the docket for critical dates and deadlines and updating the case calendar, reviewing a protective order, the first day motions, interim and final orders and second motions and orders; preparing hearing binders; analyzing professional fee summaries; drafting and filing a notice of appearance and pro hac vice motions; drafting and revising summaries of the first day motions; reviewing and revising the orders on the first day motions; communicating with the Debtors regarding case status, equity committee appointment, revisions to orders to first and second day motions, insurance issues and tax returns; and communicating with Kramer Levin and the Saul Ewing team regarding case status, workflow, and final orders on the first day motions.

(d)    **Claims Analysis, Objections, Proofs of Claim and Bar Date**.  This category includes all time spent in connection with claim and bar date issues.  Time in this category includes reviewing reclamation demands, an initial claims pool analysis, a claims summary, an analysis of unsecured claims breakdown, filed omnibus claim objections, and the bar date motion; reviewing and revised the omnibus claim objections; conducting research concerning claims analysis; and communicating with the Debtors, Kramer Levin and the Saul Ewing team regarding the bar date order, intercompany claims and omnibus claim objections.

(e)    **Committee Matters**.  This category includes all time spent in connection with issues involving the Committee.  Time in this category includes reviewing Committee posts and bylaws; drafting and revising a Committee post summarizing the second-day motions; communicating with Committee members regarding the sale process, exclusivity, the plan, selection of plan administrator, and case status; communicating with Kramer Levin regarding a 2019 statement, 1102 motion, a nondisclosure agreement, bylaws, Committee posts and calls; and preparing for and participating in Committee calls.

(f)    **Creditor Inquiries**.  This category includes all matters related to communicating with creditors and shareholders regarding the 341 meeting, employment claims case status, distributions, vendor, landlord, and stockholder issues; and communicating with Kramer Levin regarding creditor inquiries.

(g)    **Employee Benefits and Pensions**.  This category includes all time spent in connection with various employee issues.  Time in this category includes reviewing a proposed wage order and draft KEIP/KERP motion; and communicating with Kramer Levin regarding KEIP/KERP issues.

(h)    **Executory Contracts and Unexpired Leases**.  This category includes all time spent in connection with contract and lease analysis, the assumption,

5

assignment or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes reviewing notices of additional store closings, notices of rejection, notices of assumption; cure and assumption objections; a 365(d)(4) extension motion and a certification regarding same, and certifications regarding rejection and assumption orders; and communicating with counsel to landlords regarding lease rejection procedures issues.

(i) **Fee/Employment Applications (Saul Ewing)**. This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing. Time in this category includes preparing a potential party in interest list; internal Saul Ewing communication regarding material relating to a declaration in support of Saul Ewing's application; drafting monthly budgets and staffing reports; drafting, revising and filing Saul Ewing's retention application, a notice of filing of corrected schedule to Saul Ewing's retention application, monthly and interim fee applications and certifications regarding same; and communicating with the Saul Ewing team regarding retention and fee applications.

(j) **Fee/Employment Applications (Other Professionals)**. This category includes all matters related to the review and analysis and filing of retention and fee applications for other professionals in these Chapter 11 Cases. Time in this category includes reviewing and revising an ordinary course professional motion, a letter to Debtors' counsel regarding professional fees, and interim compensation order; reviewing declarations of disinterestedness and the Debtors' professionals' retention and monthly fee applications and drafting summaries of same; reviewing, revising and filing Kramer Levin's and Province's retention, monthly and interim fee applications and drafting and filing certifications regarding same; communicating with the UST regarding issues with the Committee's professionals' retention applications and negotiating a resolution of same; communicating with the Debtors regarding retention application issues; and communicating with Kramer Levin, Province and the Saul Ewing team regarding retention and fee application issues.

(k) **Financing and Cash Collateral**. This category includes all matters relating to cash collateral issues. Time in this category includes reviewing the financing (the "**DIP**") motion, interim and final DIP orders, loan and collateral documents, replies to the DIP motion, a revised DIP budget, and DIP lenders' fee invoices; reviewing, revising and filing a DIP objection; reviewing and revising a final DIP order; reviewing precedent from the Court regarding DIP issues; preparing weekly fee estimates as required by the DIP order; communicating with the Debtors regarding financing issues; and communicating with Kramer Levin and the Saul Ewing team regarding a DIP objection, professional fee budgets, weekly fee estimates and financing issues.

(l)     **<u>Lien Review</u>**.  This category includes all matters relating to the liens and security interests asserted against the Debtors' assets.  Time in this category includes reviewing the DIP financing filings, a lien review memorandum, a revised 9019 motion and the Debtors' and FILO lenders' proposed changes to same; drafting and revising a document lien review outline and a FILO settlement agreement; preparing lien-related documents for review; reviewing and revising due diligence requests and a supplemental list of informal document requests; reviewing document production and drafting an analysis of same; communicating with the Debtors and the FILO lenders regarding discovery and a settlement; and communicating with Kramer Levin and the Saul Ewing team regarding the FILO settlement and the lien review.

(m)    **<u>Litigation: Contested Matters and Adversary Proceedings</u>**.  This category includes all matters relating to litigation.  Time in this category includes reviewing a shareholder motion for equity committee (the "**Shareholder Motion**"), a sur-reply, Debtors' response to the Shareholder Motion, Restore Capital's joinder to the Debtors' response and draft slides for a Committee call regarding the shareholder motion; drafting, revising, and filing a joinder to the Debtors' response to the Shareholder Motion; and communicating with the Debtors and Kramer Levin regarding the Shareholder Motion.

(n)    **<u>Non-Working Travel</u>**.  This category includes all travel time not otherwise chargeable to the Debtors.  This time is charged at a 50% rate.  This category includes time related to traveling from Philadelphia, PA to Wilmington, DE and back for a confirmation hearing.

(o)    **<u>Plan and Disclosure Statement</u>**.  This category includes time related to plan and disclosure statement issues.  Time in this category includes reviewing an analysis of a claims waterfall; an exclusivity motion, a draft plan, disclosure statement; a filed solicitation motion, plan, and disclosure statement, plan objections, a liquidation analysis, plan voting report, and a plan supplement; reviewing and revising a plan and disclosure statement and solicitation materials, confirmation declaration, confirmation order, a proposed exclusivity bridge order, an exclusivity order and plan administrator agreement; analyzing causes of action preservation issues and case law regarding releases; drafting and revising an analysis of designation rights for plan, a disclosure statement objection and correspondence with Debtors regarding discovery requests, discovery deficiency and redaction,; analyzing document production; conducting research concerning third-party and debtor releases, consent issue, plan and exclusivity issues, conversation of chapter 11 case to chapter 7, chapter 7 trustee election and drafting memoranda regarding same; drafting, revising and filing an objection to exclusivity; communicating with the UST regarding exclusivity and plan issues; preparing for and participating in settlement meetings with

the Debtors; communicating with the Debtors and Kramer Levin regarding exclusivity, discovery, independent director investigation and plan issues.

(p)     **Preparation for and Attendance at Hearing**.  This category includes time related to the preparation for and attendance at various court hearings.  Time in this category includes reviewing hearing agendas; preparing hearing binders; drafting and revising hearing outlines; preparing for and attending hearings; and communicating with the Debtors, Kramer Levin and the Saul Ewing team regarding hearing issues.

(q)     **Relief From Stay and Adequate Protection**.  This category includes all matters relating to relief from the automatic stay.  Time in this category includes analyzing correspondence regarding transition service for plan administrator.

(r)     **Statements and Schedules**.  This category includes time related to the Debtors' schedules and statements of financial affairs.  Time in this category includes reviewing a certification of no objection regarding a schedules extension motion, the schedules and statements of financial affairs.

(s)     **UST Reports, Meetings, and Issues**.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes reviewing monthly operating reports, a summary of the 341 meeting; preparing for and attending the 341 meeting and drafting a summary of same; and communicating with the UST and Kramer Levin regarding the 341 meeting, exclusivity, disclosure statement and plan issues.

(t)     **Utilities**.  This category includes time related to utilities.  Time in this category includes reviewing a utility motion, interim order, and withdrawal of an adequate assurance objection; and reviewing and revising the final utilities order.

13.    A summary of the actual and necessary expenses and daily logs of expenses incurred by Saul Ewing during the Final Compensation Period were attached to the Monthly Fee Applications.  The expense statement for the Monthly Compensation Period is attached hereto as **Exhibit B**.  The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, facsimile charges ($1.00/page – outgoing transmission only), telephone charges, postage, overnight delivery, travel expenses, meals, messenger service, outside photocopying, teleconferencing and legal research, all of which Saul Ewing normally bills to its non-bankruptcy

8

clients at rates calculated to compensate Saul Ewing for only the actual cost of the expense.  Also attached as **Exhibit B** is a description of the costs actually expended by the Applicant during the Final Compensation Period.

14.     Saul Ewing maintains a flat fee contract with Westlaw. As a general matter, and in the present case, Saul Ewing charges all clients (bankruptcy and non-bankruptcy) on whose behalf legal research is undertaken the amounts that Westlaw charges to regular users (i.e. users that do not maintain flat fee contracts) on a basis that is tied to the actual length of usage for each research session*; however,* Saul Ewing then applies a 50% discount to the amounts charged to its clients. In applying such discounted charges to its clients, Saul Ewing passes the benefits of the flat fee arrangement on to its clients while also maintaining a revenue neutral arrangement under its contract with Westlaw; specifically, Saul Ewing does not derive a profit from such legal research charges.

### Compliance with Bankruptcy Code, Local Rules, Interim Compensation Order, Confirmation Order and Revised UST Guidelines

15.     To the best of Saul Ewing's knowledge, this Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Rule 2016-2 of the Local Rules, the Interim Compensation Order, and the Confirmation Order, and, to the extent applicable, complies with the *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

16.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Saul Ewing submits that the services provided to the Committee by Saul Ewing during these Chapter 11 Cases were necessary and appropriate given (a) the complexity of these Chapter 11 Cases; (b) the time expended; (c) the issues involved; (d) the nature and extent of services

provided, (e) the value of such services; and (f) the cost of comparable services outside of bankruptcy.

17.     Attached hereto as **Exhibit C** is Applicant's customary and comparable compensation disclosures.

18.     Attached hereto as **Exhibit D** is a summary of compensation for each professional of the Applicant that worked on the Chapter 11 Cases during the Monthly and Final Compensation Periods.

19.     Attached hereto as **Exhibit E** is Saul Ewing's budget and staffing plans for the Final Compensation Period.

20.     Saul Ewing's summary of cover sheet of the final fee application is attached hereto as **Exhibit F**.

21.     Attached hereto as **Exhibit G** is a declaration of Applicant with respect to the Fee Application.

<u>**Additional Disclosures and Representations**</u>

22.     During the Final Compensation Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

23.     None of the professionals included in this Final Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

24.     This Final Fee Application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

25.     This Final Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

10

26.     In accordance with section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

27.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

28.     Notice of this Final Fee Application has been provided in accordance with the Interim Compensation Order.  Saul Ewing submits that no other or further notice need be provided.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order providing: (i) that, for the period of May 7, 2024 through December 17, 2024, a final allowance be made to Saul Ewing in the amount of $726,098.25 as compensation for reasonable and necessary professional services rendered to the Committee, and in the amount of $15,753.32 for reimbursement of actual and necessary costs and expenses incurred, for a total of $741,851.57; (ii) that the Debtors and the Plan Administrator, as the case may be, are authorized and directed to pay to Saul Ewing the outstanding amount of all such sums; and (iii) such other and further relief as the Court deems just and proper.

Dated: February 14, 2025

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:     (302) 421-6898
Email:            luke.murley@saul.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

11