**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OldCo Winddown, Inc., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF RCS REAL ESTATE
ADVISORS, AS REAL ESTATE ADVISOR TO THE DEBTORS AND
DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION
FOR THE PERIOD OF APRIL 26, 2024 THROUGH JULY 17, 2024**

| | |
|---|---|
| Name of Applicant: | Retail Consulting Services, Inc. d/b/a RCS Real Estate Advisors |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective *nunc pro tunc* to April 26, 2024 by Order dated June 5, 2024 |
| Period for which Compensation and Reimbursement are Sought: | April 26, 2024 through July 17, 2024 |
| Amount of Compensation Sought: | $1,000,000.00[2] |
| Amount of Expense Reimbursement Sought: | $0.00 |
| Rates are higher than those Approved or Disclosed at Retention?<br><br>If Yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | No |

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] This amount complies with Fee Cap of $1,000,000.00 defined in the Application. The time expended for fee application preparation is not included in the fees requested by the Application.

| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $1,000,000.00 ($1,000,000.00 compensation paid in accordance with the order providing for retention of RCS) |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | N/A |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | N/A |
| This is a(n): | Final Application |

## PRIOR APPLICATIONS FILED

None

## RCS PROFESSIONALS

| Name | Title | Real Estate Advisory Experience with RCS |
|---|---|---|
| Edward Coury | Managing Director | Over 2 years[3] |
| Ivan L. Friedman | President & CEO | Over 40 years |
| Mitchel Friedman | Senior Vice President | Over 15 years |
| Ken Green | Vice President | Over 10 years |
| Warren Kiersh | Vice President | Over 18 years |
| Spence Mehl | Senior Vice President | Over 30 years |
| Eileen Mitchell | Executive Vice President | Over 35 years |
| Massiel Ortiz | Executive Assistant | Over 18 years |
| Moe Puri | Vice President | Over 14 years |

---

[3]   Prior Real Estate/ Real Estate Advisory Experience: 35 years

## **COMPENSATION BY CATEGORY**

Not Applicable

## **EXPENSE SUMMARY**

Not Applicable (no expense reimbursement sought)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXP OLDCO WINDDOWN, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: March 7, 2025 at 4:00 p.m.** |
| | ) | **Hearing Date: March 27, 2025 at 9:30 a.m.** |

**FIRST AND FINAL APPLICATION OF RCS REAL ESTATE ADVISORS,
AS REAL ESTATE ADVISOR TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR
THE PERIOD OF APRIL 26, 2024, THROUGH JULY 17, 2024**

Retail Consulting Services, Inc. d/b/a RCS Real Estate Advisors ("RCS")[2], as real estate advisor to the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by this final fee application (the "Application"), hereby applies to the Court for entry of an order (the "Proposed Order") authorizing the final allowance of compensation for the period of April 26, 2024 through July 17, 2024 (the "Application Period"), with respect to RCS's services as real estate advisor to the Debtors (the "Services").[3] In support of this Application, RCS represents as follows:

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Engagement Letter (as defined below).

[3] Although RCS incurred expenses in rendering the authorized and required services to the Debtors, it seeks no reimbursement for those expenses as a courtesy to the Debtors and their estates.

## I.    INTRODUCTION

RCS submits this Application in compliance with its obligations under the terms of the Retention Order (defined below). As is more fully set forth herein: (a) the Retention Order authorized, *inter alia,* RCS to be compensated pursuant to section 328 of the Bankruptcy Code and permitted such compensation to be paid in advance of, but subject to, the filing and allowance of a final fee application; (b) RCS rendered services under expedited circumstances which resulted in rent reduction and rent avoidance savings in excess of $98,000,000 as well as other benefits; and (c) although under ordinary circumstances the benefits provided by RCS's services would have resulted in a fee payable to RCS in excess of $3,900,000, RCS's fees were capped at $1,000,000 (the "Fee Cap") under the terms of the Retention Order. All compensation to which RCS is entitled under the Retention Order, being $1,000,000 (the "Fee"), has heretofore been paid to RCS. Accordingly, by this Application RCS seeks allowance of the Fee, defined herein, but no additional payment, on account of the services RCS provided to the Debtors. RCS is not seeking allowance of or reimbursement for any expenses it incurred in providing services to the Debtors.

## II.    JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are sections 105(a), 327(a) and 328(a) of title 11 of the United States Code (11 U.S.C. §§ 101-1532 as amended, (the

"Bankruptcy Code")), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and

Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4.       RCS has not shared or agreed to share any compensation subject to this Application

with any other person, other than principals of RCS, in accordance with Section 504 of the

Bankruptcy Code, as stated in the declaration on behalf of RCS annexed hereto as Exhibit A (the

"RCS Declaration").

5.       Applicant submits that the Application complies with the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "Guidelines"), as well as Rule 2016 of

the Bankruptcy Rules and Rule 2016-2 of the Local Rules, to the extent applicable to the terms of

Applicant's retention as modified by the *Order Authorizing the Employment and Retention of RCS*

*Real Estate Advisors as Real Estate Advisor to the Debtors and Debtors in Possession, Effective as*

*of April 26, 2024* [Doc. No. 399](the "Retention Order"). The Retention Order provides in relevant

part:

> Notwithstanding anything to the contrary in the Bankruptcy
> Code, the Bankruptcy Rules, the Local Rules, orders of this
> Court, or any guidelines regarding submission and approval of
> fee applications, in light of the services to be provided by RCS
> and the structure of RCS's compensation pursuant to the
> Engagement Letter, RCS and its professionals shall be excused
> from maintaining and filing time records in accordance with
> Bankruptcy Rule 2016(a), Local Rule 2016-2, the fee
> guidelines established by the Office of the United States
> Trustee for the District of Delaware (the "U.S. Trustee"), and
> any otherwise applicable orders or procedures of the Court in
> connection with the services to be rendered pursuant to the
> Engagement Letter.

> Retention Order, attached hereto as Exhibit B, p. 3, ¶ 7.

3

### III.    FACTUAL AND PROCEDURAL BACKGROUND

6.      On April 22, 2024 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these bankruptcy cases (the "Chapter 11 Cases").

7.      On May 14, 2024, the Court entered the *Order (I) Establishing Procedures for Interim compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Doc. No. 223] (the "Procedures Order"). The Procedures Order provided that those professionals required to file Final Fee Applications (as defined therein) would do so "by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court." Procedures Order, p. 5, par. 2 (i).

8.      On June 14, 2024, the Court entered the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [Doc. No. 471] (the "Sale Order"), which, among other things, authorized (i) the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances and (ii) the Debtors' assumption and assignment and sale certain executory contracts and unexpired leases. On June 13, 2024, June 15, 2024, and June 21, 2024, the Debtors filed notices of assumption of certain executory

contracts and/or unexpired leases [Docket Nos. 446–452, 474–475, 527–523]. The Closing Date of the sale transaction pursuant to the Sale Order occurred on June 21, 2024, and the Debtors filed the notice of such occurrence on June 24, 2024 [Doc. No. 535].

9. On December 17, 2024, the Court confirmed the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (the "Plan"), and entered the *Order Confirming the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1150] (the "Confirmation Order").

10. The Effective Date (as defined in the Plan) of the Plan occurred on December 31, 2024, as is set forth in the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1190 (the "Notice of Effective Date").

11. In accordance with the Procedures Order, the Plan, the Confirmation Order, and the Notice of Effective Date, February 14, 2025, is the deadline by which professionals' fee applications must be filed with the Court. This Application is therefore timely. Notice of this Application shall be provided in accordance with the notice requirements for Final Fee Applications set forth in the Procedures Order.

12. RCS's services to the Debtors have been completed and RCS submits this Application in accordance with the terms of the Retention Order, as described below, the Procedures Order, the Plan, the Confirmation Order, and the Notice of Effective Date.

## A. Retention of Applicant

13. On May 16, 2024, the Debtors filed the *Application of the Debtors for entry of an Order Authorizing the Employment and Retention of RCS Real Estate Advisors as Real Estate Advisor to the Debtors and Debtors in Possession, Effective as of April 26, 2024* [Doc. No. 261] (the "Retention Application"), seeking to retain RCS as real estate advisor to the Debtors pursuant to the terms of an engagement letter dated April 26, 2024 (the "Engagement Letter"). On June 5,

2024, the Court entered the Retention Order approving the Retention Application pursuant to the terms of the Engagement Letter, as modified by the Retention Order. The Retention Order is annexed hereto as Exhibit B and the Engagement Letter is Exhibit A to the Retention Order.

14.    As set forth more fully below, the Retention Order specifically provides that the Debtors retained RCS pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, with all of RCS's compensation to be subject to review under the standard set forth in section 328(a) of the Bankruptcy Code.[4]

## B. Description of Services Rendered and Fees Earned

15.    The following is a summary of the services RCS provided, and the processes RCS used in rendering those services to the Debtors and their estates during the Application Period. In its capacity as real estate advisor to the Debtors, and as explained in greater detail below, RCS advised and assisted the Debtors' management by performing the following services:[5]

- Creating a document containing information for each of the Debtors' leases (the "Lease Portfolio Book");

- Performing an in-depth analysis of the Debtors' real estate assets which included a review of each asset's occupancy costs relative to sales volume and store profit contribution;

- Assisting the Debtors in developing real estate goals and parameters to determine the most suitable course of action for each store, such as lease termination, disposition, term modification, relocation, rent reduction and/or lease extensions;

- Marketing certain of the Debtors' properties;

- Communicating and negotiating extensive lease modifications with landlords to achieve the determined goals; and

---

[4] See Retention Order. Paragraph 4. of the Retention Order provides that only the United States Trustee for the District of Delaware retains the right to object to RCS's fees and expenses on the reasonableness standard provided for under section 330 of the Bankruptcy Code. See Retention Order at p. 3, par. 4.

[5] The summary provided herein is for illustrative purposes only; the services provided were delineated fully in the Engagement Letter.

- Working with landlords and the Debtors to document all lease modification proposals and provide timely status reports.

16. Specifically, in creating the detailed Lease Portfolio Book for the Debtors, RCS analyzed and centralized a substantial amount of information, including, but not limited to, current and future lease terms, current and historical sales, current and historical profitability, occupancy costs (including various forms of rent and other charges), landlords, square footage, and locations. RCS assisted the Debtors in analyzing the information contained in the Lease Portfolio Book, and together RCS and the Debtors developed an action plan that separated the stores into various categories-which categories informed the strategy that RCS pursued in respect of each store.

17. After developing this strategy, RCS contacted the landlord for each lease in the Lease Portfolio Book to negotiate with them regarding rent relief and other lease modifications which would achieve the goals and parameters of the Debtors' action plan, and, once the parties had agreements in principle, to assist the Debtors in accurately documenting the agreed-upon terms. This stage required extensive efforts by numerous RCS professionals; it involved constant communication with landlords' principals and attorneys and multiple rounds of negotiation and drafting.

18. Pursuant to the Engagement Letter, for renegotiating a lease on behalf of the Debtors, RCS would earn a fee of "four percent (4%) of the Occupancy Cost Savings per lease during the Lease Term and 2% of the Occupancy Cost Savings per lease during the option term of such lease." Engagement Letter, p. 6, § IV, B, par. 1.

19. The Engagement Letter also provides that for negotiating non-financial lease modifications which the Debtors accepted, RCS shall receive two thousand, five hundred dollars ($2,500) per lease renegotiated. Engagement Letter, p. 6, § IV, B, par. 2.

20.     In compliance with the Retention Order, additional descriptive and other supporting information with respect to the services rendered, results achieved, and compensation paid, is annexed hereto as <u>Exhibit C</u>, and is incorporated herein by this reference thereto.

21.     As is more fully set forth in Exhibit C hereto, RCS's services during the Application Period garnered rent relief/reduction savings of $93,853,447 and rent avoided savings of $4,992,369 for a total benefit to the Debtors and their estates of over $98,845,816. RCS also negotiated non-monetary lease modifications which benefited the Debtors and their estates.

22.     RCS performed the services for a reasonable price. RCS billed the Debtors only $1,000,000 in accordance with the Fee Cap set forth in the Engagement Letter. However, were RCS to be paid the full amount of compensation earned in service to the Debtors, RCS would have generated total compensation in the amount of $3,961,333, calculated as follows: (a) $3,754,138 for the lease modifications providing for rent reductions aggregating $93,853,447 of savings (fee equal to 4% of the reduction/savings); (b) $199,695 for renegotiation of leases resulting in avoidance or elimination of lease term payments totaling $4,992,369 (fee equal to 4% of the amount avoided/saved); and (c) $7,500 for negotiating the (non-monetary) modification of three (3) leases ($2,500 for each lease modified). **Had there been no Fee Cap, RCS would have been entitled to more than three times (3X) the compensation allowance sought hereby.**

23.     The cost savings due to the modified and reduced lease obligations which RCS negotiated substantially enhanced the value of the Debtors' estates, both with respect to ongoing obligations during the Chapter 11 Cases, and the Debtors' sale of substantially all their assets for approximately $136,000,000 cash consideration, plus $38,000,000 of assumed liabilities, which included the Debtors' rights under many of the leases which RCS renegotiated. The services RCS

provided to the Debtors added concrete value to the Debtors' estates and thereby provided benefit to the Debtors, their estates, and their creditors.

### C.  Compensation Previously Paid

24.     The Engagement Letter and the Retention Order provide for the same process as to RCS's compensation. The Retention Order authorized the Debtors to pay RCS non-hourly, fee-based compensation within ten (10) business days of receipt of RCS's invoice, without the necessity of filing interim or monthly fee statements or applications. See Retention Order, p. 4, ¶ 7. Likewise, section IV of the Engagement Letter provides that the Debtors will pay to RCS the fees earned as RCS performs services in the Chapter 11 Cases and provides invoice(s) to the Debtors (the "Fee Structure"). See Engagement Letter, p. 7, § IV, ¶ C. Accordingly, after receipt of RCS's invoice of July 2, 2024, a copy of which is annexed hereto as Exhibit D, the Debtors paid to RCS the amount of $1,000,000 on account of non-hourly based compensation (the "Invoice Payment").

### IV.     RELIEF REQUESTED BY PRESENT APPLICATION

25.     RCS completed all the services for which it was retained and accordingly,  by this Application, RCS requests entry of the Proposed Order: (i) providing for the final allowance, in accordance with the standards set forth under section 328 of the Bankruptcy Code and  the  terms of  the  Engagement  Letter,  as  modified  by  the  Retention  Order,  of $1,000,000.00, as compensation  for  professional  services  rendered  to  the  Debtors  and  their  estates  during  the Application Period, all of which Fee the Debtors have heretofore paid to RCS; and (ii) granting such other and further relief as the Court deems just and proper.

## V.      BASIS FOR RELIEF REQUESTED – SECTION 328 RETENTION

26.      The Retention Order authorizes RCS to be reimbursed and compensated pursuant to section 328(a) of the Bankruptcy Code ("Section 328"), and waives any otherwise applicable requirement for RCS to maintain time records with respect to any services for which compensation is sought.[6] RCS rendered no service to the Debtors on an hourly basis or outside of those contemplated in the Engagement Letter or the Retention Order for which allowance is being sought by this Application.

### A.  Retention and Compensation of Professionals Pursuant to Section 328

27.      Section 328 provides that, with the court's approval, a debtor in possession may employ professional persons "on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

---

[6] The Retention Order provides, *inter alia*:

> 4. Notwithstanding anything herein to the contrary, RCS shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code, and all fees and out-of-pocket expense reimbursements to be paid to RCS shall be subject to review pursuant only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, however*, notwithstanding anything in this Order, or in the Engagement Letter, to the contrary, the U.S. Trustee, and solely the U.S. Trustee, shall retain all rights to object to RCS's fees based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

> * * * *

> 6. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by RCS and the structure of RCS's compensation pursuant to the Engagement Letter, RCS and its professionals shall be excused from maintaining and filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, the fee guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter.

See Retention Order, p. 3, ¶¶ 4, 6.

28.     The purpose of Section 328 is to allow pre-approval of compensation arrangements as a method of ensuring that the most competent professionals remain available and willing to provide services in bankruptcy cases. See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862-63 (5th Cir. 1997); In re Westbrooks, 202 B.R. 520, 521 (Bankr. N.D. Ala. 1996) ("Percentage fee arrangements comport with the Bankruptcy Code's goal of attracting highly qualified professionals to the bankruptcy forum.").

29.     Once the terms of a professional's retention have been approved under Section 328(a), the agreed-upon compensation terms cannot be altered unless those terms "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); In re Smart World Techs., 552 F.3d 228, 232 (2d Cir. 2009) ("Where the court pre-approves the terms and conditions of the retention under section 328(a), its power to amend those terms is severely constrained."); In re Northwestern Corp., 344 B.R 40, 43 (D. Del. 2006) (finding that the "Bankruptcy Court was constrained to apply only the legal standard of § 328(a)" because it initially approved the engagement letter terms as reasonable); see also In re Garces Rest. Grp., Inc., 2019 WL 182547, at *4 (Bankr. D.N.J. 2019) ("Section 328 permits a debtor to seek court approval to determine the reasonableness of a fee arrangement before services are rendered." (citing In re Nat'l Gypsum Co., 123 F.3d at 862-63)).

30.     RCS respectfully submits that no developments incapable of being anticipated at the time of fixing the terms of RCS's engagement occurred in these Chapter 11 Cases and therefore the Fee Structure is not "improvident" within the meaning of Section 328 and must be honored.

**B. Compensation of Professionals Pursuant to Section 330 of the Bankruptcy Code**

31.     The Retention Order provides that only the UST may respond or object to the Application on the basis of reasonableness under Section 330 of the Bankruptcy Code ("Section

330")". For purposes of the U.S. Trustee's review, as is more fully set forth below, RCS respectfully submits that the amount requested is reasonable in consideration of RCS's extensive efforts and services rendered, and in consideration of the results obtained thereby. Importantly, the Fee RCS requests is only a small fraction of the cost savings and increased value which RCS achieved on behalf of the Debtors. In view of the results obtained, the complexity of these Chapter 11 Cases, and the nature, extent, and value of the services RCS rendered, the requested Fee is appropriate and consistent with the terms of the Retention Order.

32.    Pursuant to Section 330(a)(3):

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount to time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). The Application addresses each of these factors below.

(A) Time Spent on Real Estate Advisory Services

33.    The size and complexity of the Chapter 11 Cases, including the substantial number of operating retail store locations open as of the Petition Date and the Debtors' international retail presence, and the expedited time frame within which RCS was required to achieve results,

demanded intense and comprehensive real estate services. RCS's professionals devoted substantial time and efforts to perform the requisite services.

(B) <u>Rates Charged</u>

34.    By the Retention Order, the Court approved RCS's Fee Structure as set forth in the Engagement Letter and modified by the Retention Order.

35.    Additionally, the RCS professionals who rendered services to the Debtors were the most qualified to do so, which supports the facts that (i) RCS expended and allocated significant effort and hours to realize the results achieved and (ii) the results achieved were the best results possible.

(C) <u>Services were Necessary and Beneficial</u>

36.    The services RCS performed represent the actual and necessary costs of the administration of the Debtors' estates. The services RCS provided, including the analyses of every lease and the renegotiation of certain leases, resulted in significant cost-savings to the Debtors, and increased value and improved marketability of the Debtors' estates, all of which benefit the Debtors' estates and creditors.

(D) <u>Services were Rendered within a Reasonable Time</u>

37.    RCS is a nationally recognized real estate advisory firm, and the Debtor selected it based on RCS's existing institutional knowledge of the Debtors, its excellent reputation in the retail and real estate industries, and its ability to provide critical retail and real estate advisory services on an expedited basis in these Chapter 11 Cases.

38.    RCS's services were performed in a reasonable amount of time given the nature of the issues, and that RCS's services were substantially completed by July 17, 2024.

(E) <u>Services were Performed by Skilled and Experienced Professionals</u>

39.    RCS has extensive experience in advising clients in the retail industry and in providing real estate advisory services in reorganization proceedings. As reflected on the chart preceding this Application, nine (9) skilled RCS professionals, with over two hundred (200) years of collective  real estate experience, provided services to the Debtors in this case. RCS is well known for skillfully performing the services it rendered in other chapter 11 cases, just as it has done on behalf of the Debtors in these Chapter 11 Cases.

(F) <u>The Fee is Reasonable and Commensurate with Other Cases and Professionals</u>

40.    RCS performed the services for a reasonable price, particularly as all of the services RCS provided the Debtors would have generated compensation in the amount of $3,961,333, had the Engagement Letter not limited RCS's compensation. RCS billed the Debtors only $1,000,000 in accordance with the Fee Cap. <u>See</u> Engagement Letter, p. 7, § IV, ¶ B.6.

41.    RCS charges the same or similar rates in similar cases, both inside and outside of bankruptcy. RCS's rates are commensurate with firms of comparable expertise.

## V.    <u>NO PRIOR REQUEST</u>

42.    No prior request for the relief sought by this Application has been made to this or any other court.

## VI.    <u>CONCLUSION</u>

43.    RCS submits that the services provided to the Debtors during the Application Period and the Fee sought therefor, are in accordance with the terms of its retention, and are necessary and appropriate given (1) the circumstances of these Chapter 11 Cases at the time RCS was retained and when RCS provided the services, (2) the issues involved, (3) the nature and extent of services provided, (4) the cost of comparable services outside of bankruptcy, and (5) its retention under

Section 328. Accordingly, RCS submits that approval of the compensation sought for the Application Period is appropriate and therefore the compensation should be approved. As all compensation to which RCS is entitled, $1,000,000, has heretofore been paid, RCS seeks allowance of the Fee, but no additional payment. RCS seeks neither the allowance nor payment of expenses it incurred in providing services to the Debtors.

WHEREFORE, RCS respectfully requests entry of the Proposed Order: (a) awarding it the sum of $1,000,000 as the final allowance of fees for professional services rendered to the Debtors during the Application Period, inclusive of the $1,000,000 Invoice Payment previously paid to RCS (and accordingly, no further payment is necessary); and (c) granting such other and further relief as the Court deems just and proper.

Dated: February 14, 2025

Retail Consulting Services, Inc.
d/b/a RCS Real Estate Advisors


*/s/ Ivan L. Friedman*
Ivan L. Friedman
President

# EXHIBIT A

## Declaration of Ivan L. Friedman

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXP OldCo Winddown, Inc., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF IVAN L. FRIEDMAN IN SUPPORT OF FIRST AND FINAL
APPLICATION OF RCS REAL ESTATE ADVISORS, AS REAL ESTATE ADVISOR
TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF
COMPENSATION FOR THE PERIOD OF APRIL 26, 2024 THROUGH JULY 17, 2024**

I, Ivan L. Friedman, hereby declare as follows:

1.      I am the President of Retail Consulting Services, Inc. d/b/a RCS Real Estate Advisors ("RCS").

2.      By Order dated June 5, 2024, RCS was retained to perform real estate advisory services for the above captioned debtors and debtors in possession (the "Debtors"). I submit this Declaration in conjunction with RCS's first and final application for compensation for the period of April 26, 2024 through July 17, 2024 (the "Application").

3.      I am thoroughly familiar with the work performed on behalf of the Debtors by the professionals of RCS.

---

[1]      The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Windown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

4.      I have read the foregoing Application and know the contents thereof. Those contents are true and correct to the best of my knowledge, information, and belief. I have reviewed Del. Bankr. LR 2016-2 and believe that the Application substantially complies with such Rule except to the extent modified by the RCS Retention Order (as defined in the Application) and as set forth in the Application.

5.      There is no agreement or understanding prohibited by the United States Bankruptcy Code between RCS and any other person for a division of compensation as Debtors' real estate advisor.

6.      No division of compensation prohibited by the United States Bankruptcy Code will be made by RCS.

7.      No agreement prohibited by Title 18, Section 155 of the United States Code has been made.


Dated: February 14, 2025                         Retail Consulting Services, Inc.
                                                 d/b/a RCS Real Estate Advisors


                                                 */s/ Ivan L. Friedman*
                                                 Ivan L. Friedman
                                                 President

# EXHIBIT B

# <u>Retention Order</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EXPRESS, INC., *et al.*,[1] | ) | Case No. 24-10831 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 261** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
## OF RCS REAL ESTATE ADVISORS AS REAL ESTATE ADVISOR TO
## THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF APRIL 26, 2024

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (a) authorizing the employment and retention of Retail Consulting Services, Inc. d/b/a RCS Real Estate Advisors ("RCS"), as real estate advisor to the Debtors, on the terms set forth in the Engagement Letter; (b) approving the terms of the Engagement Letter (as modified by this Order); (c) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h); and (d) granting related relief, all as more fully set forth in the Application; and the declaration of Ivan L. Friedman (the "Friedman Declaration") filed in support

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Application.

of the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is approved as set forth in this Order.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to retain and employ RCS in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, effective as of April 26, 2024.

3.      The Engagement Letter, together with all annexes and exhibits thereto and all compensation set forth therein, including, without limitation, fees connected with the Monetary Lease Modifications, the Non-Monetary Lease Modifications, the Early Termination Rights, the

Lease Sales, and the Landlord Consents (each as defined in the Application and described in the Engagement Letter), as modified by this Order,  is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

4.       Notwithstanding anything herein to the contrary, RCS shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code, and all fees and out-of-pocket expense reimbursements to be paid to RCS shall be subject to review pursuant only to the standard of review set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, however,* notwithstanding anything in this Order,  or in the Engagement Letter,  to the contrary, the U.S. Trustee, and solely the U.S Trustee,  shall retain all rights to object to RCS's fees based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.       The Debtors are authorized to pay RCS's fees and to reimburse RCS for its costs and expenses in accordance with, and at the times provided by, the Engagement Letter as modified by this Order, and none of the fees payable to RCS shall constitute a "bonus" or fee enhancement under applicable law.

6.       Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by RCS and the structure of RCS's compensation pursuant to the Engagement Letter, RCS and its professionals shall be excused from maintaining and filing time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-2, the fee guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter.

3

7.     Notwithstanding anything to the contrary set forth in the Engagement Letter, or in any other order entered by the Bankruptcy Court setting procedures for the allowance and payment of professional fees, the payment of all fees to RCS under Engagement Letter is as follows. The payment to RCS of fees on account of Lease Sales ("Lease Sales") shall be due and payable upon the closing of the applicable sale.  Except for payments on account of Lease Sales as provided for above, the Company shall pay all fees to RCS within ten (10) business days of the Company's receipt of an invoice.  In the event of any dispute of an invoice or any portion of an invoice, the parties shall work in good faith to resolve the dispute, and in the event the parties are not able to resolve such dispute, such dispute may be submitted to the Bankruptcy Court for resolution.  RCS may, but shall not be required to, file interim fee applications; *provided, however,* RCS shall file a final fee application with all payments made to RCS by the Debtors in these chapter 11 cases to remain subject to the filing of a final fee application and approval by the Court.  Such final fee application shall include a summary statement of all compensation and reimbursements for which payment or reimbursement is sought or was already paid by Debtors, including a list of the leases for which a fee was paid and the manner in which the fee was calculated.  RCS shall be reimbursed for only its actual and necessary expenses, and RCS's request for reimbursement of expenses in its final fee application shall include the detail required by Local Rule 2016-2(e).  To the extent any funds received by RCS are not approved by the Court, RCS shall promptly return such funds to the Debtors' estates.

8.     To the extent that this Order is inconsistent with the Engagement Letter, the Application, or the Friedman Declaration with respect to the terms and conditions of RCS's retention and employment by the Debtors in these chapter 11 cases, the terms of this Order shall govern.

9.      The indemnification provisions set forth in the Engagement Letter are approved,

and shall survive in effect notwithstanding the expiration or termination of the RCS engagement,

subject during the pendency of these cases to the following:

      a.      subject to the provisions of subparagraphs (b) and (c), *infra*, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Application) in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

      b.      notwithstanding subparagraph (a) above or any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify RCS or provide contribution or reimbursement to RCS (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from RCS's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of RCS's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which RCS should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

      c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these cases, RCS believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, as modified by this Order, RCS must file an application therefor in this Court, and the Debtors may not pay any such amounts to RCS before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request by RCS for compensation and expenses by RCS for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify.

10.      Notwithstanding anything to the contrary in the Application or the Engagement

Letter, during the course of these chapter 11 cases, RCS shall have the fiduciary duties (if any)

imposed upon it by applicable law.

6

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13.     Notwithstanding anything to the contrary in the Engagement Letter, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

14.     The Debtors are authorized to take all actions reasonably necessary to effectuate the relief granted pursuant to this Order.

15.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Dated: June 5th, 2024**
**Wilmington, Delaware**

*Ka B. Ow.*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

6

# EXHIBIT C

**Description of Services Rendered – Rent Savings Spreadsheet**



**EXPRESS**

# Express Store Database

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | **General Store Information** | | | | **RCS Fee** | | | |
| 1 | 1761 | 24.9% | $ 25,439.18 | $ 210,000 | Y | $ 95,270.16 | $ 454,915.01 | $ 18,196.60 | $ 25,439.18 | $ 1,017.57 | $ 19,214.17 |
| 2 | 3002 | 26.1% | $ 14,406.67 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 3 | 66 | 12.5% | $ 56,023.47 | $ 345,000 | Y | $ 295,730.52 | $ 450,989.04 | $ 18,039.56 | $ 56,023.47 | $ 2,240.94 | $ 20,280.50 |
| 4 | 1920 | 17.7% | $ 10,478.75 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 5 | 3001 | 17.3% | $ 24,043.23 | $ 208,000 | Y | $ 107,132.00 | $ 285,685.33 | $ 11,427.41 | $ 24,043.23 | $ 961.73 | $ 12,389.14 |
| 6 | 1938 | 13.9% | $ 267.95 | $ 36,000 | Y | $ - | $ - | $ - | $ 267.95 | $ 10.72 | $ 10.72 |
| 7 | 1859 | 26.5% | $ 290.99 | $ 52,000 | Y | $ 13,000.00 | $ 62,075.00 | $ 2,483.00 | $ 290.99 | $ 11.64 | $ 2,494.64 |
| 8 | 1950 | 16.2% | $ 484.96 | $ 44,000 | Y | $ 11,000.00 | $ 52,525.00 | $ 2,101.00 | $ 484.96 | $ 19.40 | $ 2,120.00 |
| 9 | 895 | 13.7% | $ 8,876.72 | $ 44,000 | Y | $ 66,000.08 | $ 315,150.38 | $ 12,606.02 | $ 8,876.72 | $ 355.07 | $ 12,961.08 |
| 10 | 724 | 21.5% | $ 6,666.67 | $ 32,000 | Y | $ 48,000.04 | $ 229,200.19 | $ 9,168.01 | $ 6,666.67 | $ 266.67 | $ 9,434.67 |
| 11 | 1873 | 15.4% | $ 24,467.50 | $ 80,000 | Y | $ 34,999.96 | $ 167,124.81 | $ 6,684.99 | $ 24,467.50 | $ 978.70 | $ 7,663.69 |
| 12 | 777 | 27.8% | $ 27,746.93 | $ 132,000 | Y | $ 178,000.00 | $ 849,950.00 | $ 33,998.00 | $ 27,746.93 | $ 1,109.88 | $ 35,107.88 |
| 13 | 1910 | 18.7% | | $ 210,000 | Y | $ 97,500.00 | $ 465,562.50 | $ 18,622.50 | | $ - | $ 18,622.50 |
| 14 | 362 | 20.4% | $ 19,701.39 | $ 140,000 | Y | $ 96,416.68 | $ 460,389.65 | $ 18,415.59 | $ 19,701.39 | $ 788.06 | $ 19,203.64 |
| 15 | 552 | 20.9% | | $ 180,000 | Y | $ 29,395.20 | $ 140,362.08 | $ 5,614.48 | | $ - | $ 5,614.48 |
| 16 | 929 | 24.4% | $ 37,632.32 | $ 168,000 | Y | $ 270,017.76 | $ 1,289,334.80 | $ 51,573.39 | $ 37,632.32 | $ 1,505.29 | $ 53,078.68 |
| 17 | 1872 | 25.8% | $ 26,751.85 | $ 308,000 | Y | $ 25,999.96 | $ 124,149.81 | $ 4,965.99 | $ 26,751.85 | $ 1,070.07 | $ 6,036.07 |
| 18 | 678 | 21.5% | | $ 160,000 | Y | $ 172,000.04 | $ 821,300.19 | $ 32,852.01 | | $ - | $ 32,852.01 |
| 19 | 323 | 27.6% | $ 57,824.01 | $ 378,000 | Y | $ 215,832.12 | $ 1,030,598.37 | $ 41,223.93 | $ 57,824.01 | $ 2,312.96 | $ 43,536.90 |
| 20 | 1856 | 18.7% | | $ 60,000 | Y | $ 177,329.76 | $ 846,749.60 | $ 33,869.98 | | $ - | $ 33,869.98 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | General Store Information | | | | | RCS Fee | | | |
| 21 | 401 | 14.7% | $ 12,061.46 | $ 72,000 | Y | $ 48,000.00 | $ 229,200.00 | $ 9,168.00 | $ 12,061.46 | $ 482.46 | $ 9,650.46 |
| 22 | 1878 | 30.1% | | $ 260,000 | Y | $ 46,500.00 | $ 222,037.50 | $ 8,881.50 | | $ - | $ 8,881.50 |
| 23 | 380 | 26.4% | | $ 210,000 | Y | $ 445,503.00 | $ 2,127,276.83 | $ 85,091.07 | | $ - | $ 85,091.07 |
| 24 | 225 | 24.5% | $ 8,333.33 | $ 104,000 | Y | $ 9,999.96 | $ 47,749.81 | $ 1,909.99 | $ 8,333.33 | $ 333.33 | $ 2,243.33 |
| 25 | 1925 | 12.7% | $ 9,413.14 | $ 66,000 | Y | $ 48,999.96 | $ 233,974.81 | $ 9,358.99 | $ 9,413.14 | $ 376.53 | $ 9,735.52 |
| 26 | 776 | 14.4% | $ 13,943.33 | | Y | $ - | $ - | $ - | $ 13,943.33 | $ 557.73 | $ 3,057.73 |
| 27 | 318 | 12.1% | $ 251,060.23 | $ 297,000 | Y | $ 681,237.12 | $ 2,003,972.53 | $ 80,158.90 | $ 251,060.23 | $ 10,042.41 | $ 90,201.31 |
| 28 | 106 | 19.2% | $ 22,987.93 | $ 100,000 | Y | $ 175,375.16 | $ 515,895.26 | $ 20,635.81 | $ 22,987.93 | $ 919.52 | $ 21,555.33 |
| 29 | 344 | 14.9% | $ 33,502.76 | $ 85,000 | Y | $ 251,169.44 | $ 738,856.77 | $ 29,554.27 | $ 33,502.76 | $ 1,340.11 | $ 30,894.38 |
| 30 | 1884 | 28.7% | $ 50,552.09 | $ 391,000 | Y | $ 184,000.04 | $ 541,266.78 | $ 21,650.67 | $ 50,552.09 | $ 2,022.08 | $ 23,672.75 |
| 31 | 184 | | $ 9,656.25 | $ 22,177 | Y | $ 42,893.04 | $ 126,177.04 | $ 5,047.08 | $ 9,656.25 | $ 386.25 | $ 5,433.33 |
| 32 | 2076 | | $ 1,704.98 | $ 20,568 | Y | $ - | $ - | $ - | $ 1,704.98 | $ 68.20 | $ 68.20 |
| 33 | 531 | | $ 20,745.21 | $ 29,538 | Y | $ 189,206.64 | $ 556,582.86 | $ 22,263.31 | $ 20,745.21 | $ 829.81 | $ 23,093.12 |
| 34 | 601 | | $ 24,360.91 | $ 28,582 | Y | $ 222,631.41 | $ 654,907.40 | $ 26,196.30 | $ 24,360.91 | $ 974.44 | $ 27,170.73 |
| 35 | 2010 | | $ 51,582.38 | $ 31,321 | Y | $ 167,359.79 | $ 492,316.72 | $ 19,692.67 | $ 51,582.38 | $ 2,063.30 | $ 21,755.96 |
| 36 | 902 | 14.8% | $ 18,366.68 | $ 144,000 | Y 1/2 | $ 75,155.88 | $ 283,713.45 | $ 11,348.54 | $ 9,183.34 | $ 367.33 | $ 11,715.87 |
| 37 | 258 | 17.6% | $ 56,517.17 | $ 270,000 | Y 1/2 | $ 400,261.41 | $ 1,110,725.41 | $ 44,429.02 | $ 28,258.59 | $ 1,130.34 | $ 45,559.36 |
| 38 | 1874 | 16.4% | $ 15,891.47 | | Y 1/2 | $ - | $ - | $ - | $ 7,945.74 | $ 317.83 | $ 317.83 |
| 39 | 1852 | 10.7% | $ 12,875.00 | $ 117,000 | Y 1/2 | $ 37,500.00 | $ 141,562.50 | $ 5,662.50 | $ 6,437.50 | $ 257.50 | $ 5,920.00 |
| 40 | 865 | 18.4% | $ 25,750.00 | $ 230,000 | Y 1/2 | $ 79,000.00 | $ 324,558.33 | $ 12,982.33 | $ 12,875.00 | $ 515.00 | $ 13,497.33 |
| 41 | 1889 | 13.1% | $ 22,626.67 | $ 150,000 | Y 1/2 | $ 96,037.68 | $ 266,504.56 | $ 10,660.18 | $ 11,313.34 | $ 452.53 | $ 11,112.72 |



**Copy of Express_Bonobos Rent Savings - Fee Application1-7-25v Sort by LL**

**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | General Store Information | | | | | RCS Fee | | | |
| 42 | 555 | 19.8% | $ 144,426.12 | $ 585,000 | N $108,319.59 | $ 253,740.00 | $ 704,128.50 | $ 28,165.14 | $ 36,106.53 | $ 1,444.26 | $ 29,609.40 |
| 43 | 564 | 15.6% | $ 36,906.66 | $ 170,000 | Y 1/2 | $ 229,999.96 | $ 638,249.89 | $ 25,530.00 | $ 18,453.33 | $ 738.13 | $ 26,268.13 |
| 44 | 1752 | 21.0% | $ 27,540.22 | $ 288,000 | Y | $ 42,482.64 | $ 202,854.61 | $ 8,114.18 | $ 27,540.22 | $ 1,101.61 | $ 9,215.79 |
| 45 | 1786 | 26.8% | $ 23,200.83 | $ 240,000 | Y | $ 38,409.96 | $ 183,407.56 | $ 7,336.30 | $ 23,200.83 | $ 928.03 | $ 8,264.34 |
| 46 | 1934 | 25.2% | | $ 71,960 | Y | $ - | $ - | $ - | | $ - | $ - |
| 47 | 2103 | 14.7% | $ 20,000.00 | | N | $ - | $ - | $ - | $ - | $ - | $ 2,500.00 |
| 48 | 2101 | 23.1% | $ 21,500.00 | | N | $ - | $ - | $ - | $ - | $ - | $ 2,500.00 |
| 49 | 2007 | 13.9% | $ 15,000.00 | $ 150,000 | Y | $ 30,000.00 | $ 58,250.00 | $ 2,330.00 | $ 15,000.00 | $ 600.00 | $ 2,930.00 |
| 50 | 698 | 28.3% | | $ 240,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 51 | 1748 | 27.3% | $ 28,561.38 | | | $ - | $ - | $ - | $ 28,561.38 | $ 1,142.46 | $ 1,142.46 |
| 52 | 768 | 21.8% | $ 62,751.26 | | Y | $ 371,244.00 | $ 1,030,202.10 | $ 41,208.08 | $ 62,751.26 | $ 2,510.05 | $ 43,718.13 |
| 53 | 274 | 14.0% | $ 43,797.38 | $ 255,000 | Y | $ 215,938.32 | $ 599,228.84 | $ 23,969.15 | $ 43,797.38 | $ 1,751.90 | $ 25,721.05 |
| 54 | 73 | 22.7% | $ 96,627.05 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 55 | 1860 | 14.2% | $ 67,309.67 | $ 585,000 | Y | $ 244,858.08 | $ 1,169,197.33 | $ 46,767.89 | $ 67,309.67 | $ 2,692.39 | $ 49,460.28 |
| 56 | 1760 | 21.9% | | $ 240,000 | Y | $ 45,000.00 | $ 214,875.00 | $ 8,595.00 | | $ - | $ 8,595.00 |
| 57 | 1808 | 26.3% | $ 53,270.42 | $ 300,000 | Y | $ 19,622.52 | $ 93,697.53 | $ 3,747.90 | $ 53,270.42 | $ 2,130.82 | $ 5,878.72 |
| 58 | 1817 | 29.3% | | $ 372,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 59 | 1763 | 15.3% | $ 20,833.33 | $ 192,000 | Y | $ 57,999.96 | $ 276,949.81 | $ 11,077.99 | $ 20,833.33 | $ 833.33 | $ 11,911.33 |
| 60 | 2075 | 22.3% | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 61 | 808 | 13.6% | $ 8,837.20 | $ 240,000 | Y | $ 473,845.32 | $ 2,262,611.40 | $ 90,504.46 | $ 8,837.20 | $ 353.49 | $ 90,857.94 |
| 62 | 784 | 27.9% | $ 53,987.34 | $ 252,000 | Y | $ 327,280.92 | $ 1,562,766.39 | $ 62,510.66 | $ 53,987.34 | $ 2,159.49 | $ 64,670.15 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | General Store Information | | | | | | RCS Fee | | | |
| 63 | 76 | 19.5% | $ 60,445.74 | $ 132,000 | Y | $ 120,499.54 | $ 575,385.30 | $ 23,015.41 | $ 60,445.74 | $ 2,417.83 | $ 25,433.24 |
| 64 | 58 | 23.0% | $ 46,644.16 | $ 276,000 | Y | $ 224,000.04 | $ 1,069,600.19 | $ 42,784.01 | $ 46,644.16 | $ 1,865.77 | $ 44,649.77 |
| 65 | 153 | 16.9% | $ 69,794.02 | $ 647,464 | Y | $ 152,567.00 | $ 473,805.29 | $ 18,952.21 | $ 69,794.02 | $ 2,791.76 | $ 21,743.97 |
| 66 | 988 | 17.1% | $ 13,750.00 | | N | $ 45,000.00 | $ 168,750.00 | $ 6,750.00 | $ - | $ - | $ 6,750.00 |
| 67 | 586 | 12.8% | $ 32,539.02 | $ 60,000 | | $ 70,000.08 | $ 334,250.38 | $ 13,370.02 | $ 32,539.02 | $ 1,301.56 | $ 14,671.58 |
| 68 | 1877 | 22.4% | | $ 90,000 | | $ 120,000.00 | $ 573,000.00 | $ 22,920.00 | | $ - | $ 22,920.00 |
| 69 | 1875 | 12.9% | $ 20,018.74 | $ 60,000 | | $ 165,000.00 | $ 787,875.00 | $ 31,515.00 | $ 20,018.74 | $ 800.75 | $ 32,315.75 |
| 70 | 2023 | 19.3% | $ 562.52 | $ 60,000 | Y | $ - | $ - | $ - | $ 562.52 | $ 22.50 | $ 22.50 |
| 71 | 3000 | 21.3% | $ 21,350.75 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 72 | 661 | 21.5% | | $ 60,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 73 | 800 | 16.8% | | $ 112,000 | Y | $ 56,000.00 | $ 267,400.00 | $ 10,696.00 | | $ - | $ 10,696.00 |
| 74 | 864 | 17.6% | | $ 315,000 | N | $ 357,226.56 | $ 991,303.70 | $ 39,652.15 | $ - | $ - | $ 39,652.15 |
| 75 | 1802 | 16.9% | $ 119,679.80 | $ 405,000 | N | $ 73,302.60 | $ 203,414.72 | $ 8,136.59 | $ - | $ - | $ 8,136.59 |
| 76 | 1737 | 13.7% | $ 38,289.92 | $ 168,000 | N | $ 178,500.00 | $ 495,337.50 | $ 19,813.50 | $ - | $ - | $ 19,813.50 |
| 77 | 499 | 18.9% | | $ 660,000 | N | $ 115,856.00 | $ 205,644.40 | $ 8,225.78 | $ - | $ - | $ 8,225.78 |
| 78 | 1851 | 12.4% | | $ 120,000 | N | $ 111,750.00 | $ 310,106.25 | $ 12,404.25 | $ - | $ - | $ 12,404.25 |
| 79 | 412 | 18.1% | $ 547,496.94 | $ 629,000 | N | $ 1,412,579.20 | $ 2,507,328.08 | $ 100,293.12 | $ - | $ - | $ 100,293.12 |
| 80 | 466 | 12.1% | $ 233,815.02 | $ 324,000 | N | $ 611,260.08 | $ 1,696,246.72 | $ 67,849.87 | $ - | $ - | $ 67,849.87 |
| 81 | 353 | 0.0% | $ 294,128.82 | $ 381,432 | N | $ 679,118.32 | $ 1,884,553.34 | $ 75,382.13 | $ - | $ - | $ 75,382.13 |
| 82 | 903 | 0.0% | $ 181,957.80 | $ 256,034 | N | $ 446,274.80 | $ 1,238,412.57 | $ 49,536.50 | $ - | $ - | $ 49,536.50 |
| 83 | 735 | 0.0% | $ 278,726.97 | $ 307,947 | N | $ 797,762.06 | $ 2,213,789.72 | $ 88,551.59 | $ - | $ - | $ 88,551.59 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | General Store Information | | | | | | RCS Fee | | | |
| 84 | 568 | | $ 244,897.92 | $ 286,161 | N | $ 624,230.58 | $ 1,108,009.28 | $ 44,320.37 | $ - | $ - | $ 44,320.37 |
| 85 | 1881 | 0.0% | $ 63,892.50 | $ 155,744 | N | $ 79,249.39 | $ 219,917.06 | $ 8,796.68 | $ - | $ - | $ 8,796.68 |
| 86 | 42 | 0.0% | $ 147,133.58 | $ 210,864 | N | $ 377,593.13 | $ 1,047,820.94 | $ 41,912.84 | $ - | $ - | $ 41,912.84 |
| 87 | 1863 | 13.3% | $ 2,378.70 | $ 50,000 | Y | $ 42,430.14 | $ 117,743.64 | $ 4,709.75 | $ 2,378.70 | $ 95.15 | $ 4,804.89 |
| 88 | 396 | 19.0% | | $ 680,000 | Y | $ 343,841.68 | $ 610,318.98 | $ 24,412.76 | | $ - | $ 24,412.76 |
| 89 | 972 | 21.6% | $ 16,666.67 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 90 | 1758 | 23.8% | $ 41,373.49 | $ 336,000 | ? | $ 136,839.96 | $ 516,570.85 | $ 20,662.83 | $ 41,373.49 | $ 1,654.94 | $ 22,317.77 |
| 91 | 1907 | 21.2% | $ 36,666.66 | | | $ - | $ - | $ - | $ - | $ - | $ - |
| 92 | 265 | 14.2% | | $ 120,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 93 | 745 | 27.5% | $ 12,173.12 | $ 55,000 | Y | $ - | $ - | $ - | $ 12,173.12 | $ 486.92 | $ 486.92 |
| 94 | 301 | 13.8% | | $ 74,750 | Y | $ 29,250.00 | $ 139,668.75 | $ 5,586.75 | | $ - | $ 5,586.75 |
| 95 | 1868 | 12.3% | $ 22,035.64 | $ 69,000 | Y | $ 120,999.96 | $ 577,774.81 | $ 23,110.99 | $ 22,035.64 | $ 881.43 | $ 23,992.42 |
| 96 | 1905 | 16.2% | $ 418.08 | $ 55,000 | Y | $ 25,000.00 | $ 119,375.00 | $ 4,775.00 | $ 418.08 | $ 16.72 | $ 4,791.72 |
| 97 | 102 | 22.7% | $ 75.00 | $ 133,000 | Y | $ 38,420.00 | $ 183,455.50 | $ 7,338.22 | $ 75.00 | $ 3.00 | $ 7,341.22 |
| 98 | 1886 | 29.0% | | $ 120,000 | Y | $ 45,000.00 | $ 214,875.00 | $ 8,595.00 | | $ - | $ 8,595.00 |
| 99 | 700 | 15.9% | | $ 828,000 | Y | $ 770,048.88 | $ 2,136,885.64 | $ 85,475.43 | | $ - | $ 85,475.43 |
| 100 | 1806 | 22.0% | $ 51,227.60 | $ 170,000 | Y | $ 137,365.60 | $ 518,555.14 | $ 20,742.21 | $ 51,227.60 | $ 2,049.10 | $ 22,791.31 |
| 101 | 505 | 8.7% | $ 68,978.19 | $ 192,000 | N $22,830.14 | $ - | $ - | $ - | $ 46,148.05 | $ 1,845.92 | $ 1,845.92 |
| 102 | 2027 | 10.9% | $ 19,990.34 | $ 96,000 | N $4,990.34 | $ - | $ - | $ - | $ 15,000.00 | $ 600.00 | $ 600.00 |
| 103 | 1781 | 19.9% | $ 27,840.79 | $ 140,000 | Y | $ 193,669.48 | $ 924,771.77 | $ 36,990.87 | $ 27,840.79 | $ 1,113.63 | $ 38,104.50 |
| 104 | 1795 | 22.2% | $ 18,333.33 | $ 204,000 | Y | $ 15,999.96 | $ 76,399.81 | $ 3,055.99 | $ 18,333.33 | $ 733.33 | $ 3,789.33 |



Copy of Express_Bonobos Rent Savings - Fee Application1-7-25v Sort by LL

**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | General Store Information | | | | RCS Fee | | | | | |
| 105 | 309 | 17.3% | | $ 660,000 | Y | $ 280,893.24 | $ 779,478.74 | $ 31,179.15 | | $ - | $ 31,179.15 |
| 106 | 1869 | 9.2% | $ 14,999.89 | $ 117,000 | Y | $ 57,999.96 | $ 160,949.89 | $ 6,438.00 | $ 14,999.89 | $ 600.00 | $ 7,037.99 |
| 107 | 507 | 27.7% | | $ 234,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 108 | 80 | 18.6% | $ 150,902.28 | $ 900,000 | Y | $ 867,492.72 | $ 4,142,277.74 | $ 165,691.11 | $ 150,902.28 | $ 6,036.09 | $ 171,727.20 |
| 109 | 195 | 22.5% | $ 42,017.73 | $ 208,000 | Y | $ 277,384.76 | $ 1,324,512.23 | $ 52,980.49 | $ 42,017.73 | $ 1,680.71 | $ 54,661.20 |
| 110 | 63 | 16.5% | $ 89,051.82 | $ 180,000 | Y | $ 110,000.04 | $ 525,250.19 | $ 21,010.01 | $ 89,051.82 | $ 3,562.07 | $ 24,572.08 |
| 111 | 662 | 16.3% | $ 42,822.57 | $ 168,000 | Y | $ 367,289.76 | $ 1,753,808.60 | $ 70,152.34 | $ 42,822.57 | $ 1,712.90 | $ 71,865.25 |
| 112 | 1941 | 14.1% | $ 26,220.93 | $ 120,000 | Y | $ 157,944.84 | $ 754,186.61 | $ 30,167.46 | $ 26,220.93 | $ 1,048.84 | $ 31,216.30 |
| 113 | 693 | 13.9% | $ 28,837.48 | $ 204,000 | Y | $ 107,539.20 | $ 513,499.68 | $ 20,539.99 | $ 28,837.48 | $ 1,153.50 | $ 21,693.49 |
| 114 | 215 | 19.8% | $ 37,500.00 | $ 276,000 | Y | $ 174,000.00 | $ 830,850.00 | $ 33,234.00 | $ 37,500.00 | $ 1,500.00 | $ 34,734.00 |
| 115 | 520 | 16.5% | $ 19,390.85 | $ 120,000 | Y | $ 85,431.72 | $ 407,936.46 | $ 16,317.46 | $ 19,390.85 | $ 775.63 | $ 17,093.09 |
| 116 | 138 | 19.7% | $ 54,860.46 | $ 204,000 | Y | $ 426,086.88 | $ 2,034,564.85 | $ 81,382.59 | $ 54,860.46 | $ 2,194.42 | $ 83,577.01 |
| 117 | 1797 | 17.2% | | $ 140,000 | Y | $ 46,534.48 | $ 222,202.14 | $ 8,888.09 | | $ - | $ 8,888.09 |
| 118 | 1744 | 21.1% | $ 35,002.39 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 119 | 665 | 29.9% | | $ 100,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 120 | 979 | 23.1% | $ 17,776.23 | $ 288,000 | Y | $ 999.96 | $ 4,774.81 | $ 190.99 | $ 17,776.23 | $ 711.05 | $ 902.04 |
| 121 | 655 | 18.7% | $ 25,000.00 | $ 240,000 | Y | $ 60,000.00 | $ 106,500.00 | $ 4,260.00 | $ 25,000.00 | $ 1,000.00 | $ 5,260.00 |
| 122 | 270 | 15.0% | $ 141,848.97 | $ 792,000 | Y | $ 837,104.52 | $ 2,322,965.04 | $ 92,918.60 | $ 141,848.97 | $ 5,673.96 | $ 98,592.56 |
| 123 | 384 | 21.0% | $ 15,839.35 | $ 170,000 | Y | $ 0.04 | $ 0.19 | $ 0.01 | $ 15,839.35 | $ 633.57 | $ 633.58 |
| 124 | 1921 | 16.7% | $ 3,412.61 | $ 66,000 | Y | $ - | $ - | $ - | $ 3,412.61 | $ 136.50 | $ 136.50 |
| 125 | 1895 | 21.6% | $ 21,513.36 | $ 120,000 | Y | $ 72,500.04 | $ 346,187.69 | $ 13,847.51 | $ 21,513.36 | $ 860.53 | $ 14,708.04 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales & FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **General Store Information** | | | | | **RCS Fee** | | | |
| 126 | 945 | 14.5% | | $ 88,000 | Y | $ 124,499.96 | $ 594,487.31 | $ 23,779.49 | | $ - | $ 23,779.49 |
| 127 | 787 | 33.5% | $ 24,749.62 | $ 190,000 | Y | $ - | $ - | $ - | $ 24,749.62 | $ 989.98 | $ 989.98 |
| 128 | 628 | 17.9% | $ 20,000.00 | $ 170,000 | Y | $ 70,000.00 | $ 334,250.00 | $ 13,370.00 | $ 20,000.00 | $ 800.00 | $ 14,170.00 |
| 129 | 2008 | 16.4% | $ 22,251.52 | $ 210,000 | Y | $ 16,599.96 | $ 79,264.81 | $ 3,170.59 | $ 22,251.52 | $ 890.06 | $ 4,060.65 |
| 130 | 147 | 22.0% | $ 43,779.95 | $ 216,000 | Y | $ 280,663.44 | $ 1,340,167.93 | $ 53,606.72 | $ 43,779.95 | $ 1,751.20 | $ 55,357.92 |
| 131 | 955 | 11.5% | $ 78,436.25 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 132 | 969 | 14.9% | $ (85,741.65) | $ 324,000 | Y | $ 176,000.04 | $ 840,400.19 | $ 33,616.01 | $ (85,741.65) | $ (3,429.67) | $ 30,186.34 |
| 133 | 1789 | 19.6% | $ 38,829.89 | $ 252,000 | Y | $ 191,770.20 | $ 915,702.71 | $ 36,628.11 | $ 38,829.89 | $ 1,553.20 | $ 38,181.30 |
| 134 | 2913 | 22.3% | $ 29,963.86 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 135 | 1832 | 20.1% | $ 62,746.86 | $ 159,800 | N $62,807 | $ 91,187.44 | $ 425,541.39 | $ 17,021.66 | $ - | $ - | $ 17,021.66 |
| 136 | 1753 | 19.3% | $ 34,305.36 | $ 141,700 | N $34,391 | $ - | $ - | $ - | $ - | $ - | $ - |
| 137 | 1762 | 26.5% | $ 73,175.68 | $ 258,300 | N $75,202 | $ 31,176.24 | $ 83,136.64 | $ 3,325.47 | $ - | $ - | $ 3,325.47 |
| 138 | 1746 | 23.4% | $ 109,174.93 | $ 417,600 | Y | $ 9,076.56 | $ 42,357.28 | $ 1,694.29 | $ 109,174.93 | $ 4,367.00 | $ 6,061.29 |
| 139 | 1787 | 22.3% | $ 84,725.66 | $ 221,000 | N $53,323 | $ 84,966.88 | $ 226,578.35 | $ 9,063.13 | $ - | $ - | $ 9,063.13 |
| 140 | 1722 | 25.4% | $ 126,517.14 | $ 520,800 | N $127,732 | $ - | $ - | $ - | $ - | $ - | $ - |
| 141 | 1769 | 18.7% | $ 52,806.10 | $ 84,500 | N $52,851 | $ 126,250.00 | $ 589,166.67 | $ 23,566.67 | $ - | $ - | $ 23,566.67 |
| 142 | 1773 | 24.3% | | $ 296,400 | Y | $ 47,972.52 | $ 127,926.72 | $ 5,117.07 | | $ - | $ 5,117.07 |
| 143 | 1721 | 17.2% | $ 53,232.75 | $ 109,200 | N $53,298 | $ 87,825.00 | $ 409,850.00 | $ 16,394.00 | $ - | $ - | $ 16,394.00 |
| 144 | 1733 | 25.6% | $ 80,877.82 | $ 248,900 | Y | $ 79,792.48 | $ 372,364.91 | $ 14,894.60 | $ 80,877.82 | $ 3,235.11 | $ 18,129.71 |
| 145 | 1745 | 22.9% | $ 83,629.02 | $ 208,800 | Y | $ 113,450.28 | $ 529,434.64 | $ 21,177.39 | $ 83,629.02 | $ 3,345.16 | $ 24,522.55 |
| 146 | 1794 | 24.2% | $ 73,005.28 | $ 221,400 | Y | $ 67,347.72 | $ 179,593.92 | $ 7,183.76 | $ 73,005.28 | $ 2,920.21 | $ 10,103.97 |


| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales & FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **General Store Information** | | | | | **RCS Fee** | | | |
| 147 | 1772 | 23.4% | | $ 231,800 | Y | $ 114,775.60 | $ 535,619.47 | $ 21,424.78 | | $ - | $ 21,424.78 |
| 148 | 1770 | 19.9% | $ 112,164.95 | $ 294,500 | N $110,861 | $ 142,383.28 | $ 379,688.75 | $ 15,187.55 | $ - | $ - | $ 15,187.55 |
| 149 | 1793 | 22.3% | | $ 239,400 | Y | $ 36,293.88 | $ 96,783.68 | $ 3,871.35 | | $ - | $ 3,871.35 |
| 150 | 1792 | 22.3% | $ 1,266.77 | $ 338,100 | Y | $ 49,749.72 | $ 132,665.92 | $ 5,306.64 | $ 1,266.77 | $ 50.67 | $ 5,357.31 |
| 151 | 1730 | 21.1% | $ 52,700.73 | $ 187,200 | N $52,775 | $ 27,006.60 | $ 45,011.00 | $ 1,800.44 | $ - | $ - | $ 1,800.44 |
| 152 | 1843 | 43.1% | $ 130,526.18 | | N $124,986 | $ - | $ - | $ - | $ - | $ - | $ - |
| 153 | 1704 | 20.1% | $ 115,735.07 | $ 422,800 | Y | $ 36,225.08 | $ 96,600.21 | $ 3,864.01 | $ 115,735.07 | $ 4,629.40 | $ 8,493.41 |
| 154 | 1718 | 24.5% | | $ 282,000 | Y | $ 18,000.00 | $ 48,000.00 | $ 1,920.00 | | $ - | $ 1,920.00 |
| 155 | 1701 | 27.7% | $ 119,950.17 | $ 417,600 | Y | $ 37,187.52 | $ 173,541.76 | $ 6,941.67 | $ 119,950.17 | $ 4,798.01 | $ 11,739.68 |
| 156 | 1729 | 19.9% | $ 102,495.30 | $ 300,000 | Y | $ 109,281.12 | $ 509,978.56 | $ 20,399.14 | $ 102,495.30 | $ 4,099.81 | $ 24,498.95 |
| 157 | 1717 | 24.1% | $ 64,112.33 | $ 239,400 | Y | $ 18,461.16 | $ 86,152.08 | $ 3,446.08 | $ 64,112.33 | $ 2,564.49 | $ 6,010.58 |
| 158 | 1713 | 17.1% | $ 117,794.74 | $ 422,400 | Y | $ 48,616.08 | $ 226,875.04 | $ 9,075.00 | $ 117,794.74 | $ 4,711.79 | $ 13,786.79 |
| 159 | 1716 | 28.6% | | $ 455,100 | Y | $ 4,223.40 | $ 19,709.20 | $ 788.37 | | $ - | $ 788.37 |
| 160 | 1835 | 16.3% | $ 88,516.81 | $ 270,200 | Y | $ 82,597.96 | $ 137,663.27 | $ 5,506.53 | $ 88,516.81 | $ 3,540.67 | $ 9,047.20 |
| 161 | 1749 | 21.2% | $ 60,715.53 | $ 183,000 | N $60,745 | $ 59,185.56 | $ 276,199.28 | $ 11,047.97 | $ - | $ - | $ 11,047.97 |
| 162 | 1725 | 21.7% | | $ 288,400 | Y | $ 39,357.08 | $ 65,595.13 | $ 2,623.81 | | $ - | $ 2,623.81 |
| 163 | 1801 | 17.9% | $ 27,356.41 | $ 180,000 | Y | $ 138,916.80 | $ 663,327.72 | $ 26,533.11 | $ 27,356.41 | $ 1,094.26 | $ 27,627.37 |
| 164 | 2066 | 8.1% | $ 3,569.83 | $ 364,000 | Y | $ - | $ - | $ - | $ 3,569.83 | $ 142.79 | $ 142.79 |
| 165 | 68 | 19.3% | $ 176,674.81 | $ 616,000 | Y | $ 478,652.09 | $ 2,285,563.73 | $ 91,422.55 | $ 176,674.81 | $ 7,066.99 | $ 98,489.54 |
| 166 | 1825 | 15.9% | $ 81,149.53 | | Y | $ 124,999.64 | $ 596,873.28 | $ 23,874.93 | $ 81,149.53 | $ 3,245.98 | $ 27,120.91 |
| 167 | 438 | 14.1% | $ (6,255.98) | $ 96,000 | Y | $ 3,999.96 | $ 19,099.81 | $ 763.99 | $ (6,255.98) | $ (250.24) | $ 513.75 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | General Store Information | | | | | RCS Fee | | | |
| 168 | 1870 | 21.2% | $ 21,873.28 | $ 112,000 | Y | $ 8,000.00 | $ 38,200.00 | $ 1,528.00 | $ 21,873.28 | $ 874.93 | $ 2,402.93 |
| 169 | 1784 | 19.5% | $ 18,311.42 | $ 170,000 | Y | $ 49,737.04 | $ 237,494.37 | $ 9,499.77 | $ 18,311.42 | $ 732.46 | $ 10,232.23 |
| 170 | 759 | 21.3% | $ 4,374.98 | $ 112,000 | Y | $ - | $ - | $ - | $ 4,374.98 | $ 175.00 | $ 175.00 |
| 171 | 1906 | 14.2% | | $ 104,000 | Y | $ - | $ - | $ - | | $ - | $ - |
| 172 | 1883 | 14.6% | | $ 88,000 | Y | $ 12,422.96 | $ 59,319.63 | $ 2,372.79 | | $ - | $ 2,372.79 |
| 173 | 1917 | 20.0% | $ 13,454.68 | $ 120,000 | Y | $ - | $ - | $ - | $ 13,454.68 | $ 538.19 | $ 538.19 |
| 174 | 1879 | 26.3% | $ 17,583.34 | $ 190,000 | Y | $ 10,000.04 | $ 47,750.19 | $ 1,910.01 | $ 17,583.34 | $ 703.33 | $ 2,613.34 |
| 175 | 2009 | 23.7% | $ 49,927.01 | | Y | $ 179,124.12 | $ 855,317.67 | $ 34,212.71 | $ 49,927.01 | $ 1,997.08 | $ 36,209.79 |
| 176 | 3004 | 28.5% | $ 28,801.74 | | Y | $ - | $ - | $ - | $ 28,801.74 | $ 1,152.07 | $ 1,152.07 |
| 177 | 490 | 17.3% | $ 8,849.13 | $ 204,000 | Y | $ 94,606.56 | $ 262,533.20 | $ 10,501.33 | $ 8,849.13 | $ 353.97 | $ 10,855.29 |
| 178 | 465 | 26.2% | $ 20,503.30 | $ 187,000 | Y | $ 68,158.76 | $ 325,458.08 | $ 13,018.32 | $ 20,503.30 | $ 820.13 | $ 13,838.46 |
| 179 | 986 | 17.6% | $ 13,134.02 | $ 130,000 | Y | $ 27,178.28 | $ 45,297.13 | $ 1,811.89 | $ 13,134.02 | $ 525.36 | $ 2,337.25 |
| 180 | 2017 | 17.5% | $ 29,627.80 | $ 330,000 | Y | $ - | $ - | $ - | $ 29,627.80 | $ 1,185.11 | $ 1,185.11 |
| 181 | 414 | 28.5% | $ 67,482.52 | $ 770,000 | Y | $ 39,310.24 | $ 104,827.31 | $ 4,193.09 | $ 67,482.52 | $ 2,699.30 | $ 6,892.39 |
| 182 | 801 | 19.7% | $ 29,469.72 | $ 270,000 | Y | $ 623,342.40 | $ 1,038,904.00 | $ 41,556.16 | $ 29,469.72 | $ 1,178.79 | $ 42,734.95 |
| 183 | 1632 | 33.4% | $ 271,806.55 | $ 680,000 | Y | $ 582,928.00 | $ 1,554,474.67 | $ 62,178.99 | $ 271,806.55 | $ 10,872.26 | $ 73,051.25 |
| 184 | 112 | 0.0% | $ 176,881.29 | $ 916,093 | Y | $ 1,138,681.34 | $ 3,036,483.58 | $ 121,459.34 | $ 176,881.29 | $ 7,075.25 | $ 128,534.59 |
| 185 | 489 | 0.0% | $ 57,581.81 | $ 185,343 | Y | $ 515,400.91 | $ 1,374,402.42 | $ 54,976.10 | $ 57,581.81 | $ 2,303.27 | $ 57,279.37 |
| 186 | 1864 | 15.6% | $ 10,000.00 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 187 | 1924 | 12.3% | $ 8,823.63 | $ 104,000 | Y | $ - | $ - | $ - | $ 8,823.63 | $ 352.95 | $ 352.95 |
| | 187 | - | $ 8,331,287 | $ 38,781,276 | | $ 26,648,096 | $ 90,863,683 | $ 3,634,547 | $ 4,702,194 | $ 188,088 | $ 3,830,135 |



**EXPRESS**

## Bonobos Store Database

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 188 | 5040 | | $ 25,879.94 | | Y | $ 83,059.28 | $ 256,099.45 | $ 10,243.98 | $ 25,879.94 | $ 1,035.20 | $ 11,279.18 |
| 189 | 5007 | | $ 23,008.00 | | Y | $ 36,156.00 | $ 136,488.90 | $ 5,459.56 | $ 23,008.00 | $ 920.32 | $ 6,379.88 |
| 190 | 5036 | | $ 10,972.32 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 191 | 5041 | | $ 15,584.62 | $ 90,000 | Y | $ 69,392.88 | $ 233,044.42 | $ 9,321.78 | $ 15,584.62 | $ 623.38 | $ 9,945.16 |
| 192 | 5009 | | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 193 | 5003 | | $ 8,108.89 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 194 | 5008 | | $ 500.32 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 195 | 5031 | | $ 6,718.04 | $ 40,000 | Y | $ 67,052.48 | $ 186,070.63 | $ 7,442.83 | $ 6,718.04 | $ 268.72 | $ 7,711.55 |
| 196 | 5048 | | $ 6,224.43 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 197 | 5044 | | $ 25,685.40 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 198 | 5033 | | $ 7,880.90 | | | | | | | | |
| 199 | 5006 | | $ 9,495.68 | $ 85,000 | Y | $ 28,948.16 | $ 51,382.98 | $ 2,055.32 | $ 9,495.68 | $ 379.83 | $ 2,435.15 |
| 200 | 5067 | | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 201 | 5005 | | $ 14,412.08 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 202 | 5013 | | $ 17,028.01 | $ 76,000 | Y | $ 126,474.92 | $ 224,492.98 | $ 8,979.72 | $ 17,028.01 | $ 681.12 | $ 9,660.84 |
| 203 | 5030 | | | $ 90,000 | Y | $ 24,513.60 | $ 68,025.24 | $ 2,721.01 | $ - | $ - | $ 2,721.01 |
| 204 | 5073 | | | | | | | | | | |
| 205 | 5053 | | $ 10,289.93 | $ 70,000 | Y | $ 32,244.56 | $ 89,478.65 | $ 3,579.15 | $ 10,289.93 | $ 411.60 | $ 3,990.74 |
| 206 | 5015 | | $ 21,146.82 | | N | $ - | $ - | $ - | $ - | $ - | $ - |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | General Store Information | | | | | RCS Fee | | | |
| 207 | 5011 | | $ 12,472.37 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 208 | 5022 | | $ 6,223.87 | | | | | | | | |
| 209 | 5052 | | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 210 | 5042 | | $ 7,021.72 | $ 85,000 | Y | $ - | $ - | $ - | $ 7,021.72 | $ 280.87 | $ 280.87 |
| 211 | 5055 | | $ 11,658.13 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 212 | 5058 | | $ 13,108.07 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 213 | 5061 | | $ 7,923.41 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 214 | 5051 | | $ 9,631.26 | $ 105,000 | Y | $ 7,934.77 | $ 37,888.51 | $ 1,515.54 | $ 9,631.26 | $ 385.25 | $ 1,900.79 |
| 215 | 5029 | | $ 5,057.64 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 216 | 5018 | | $ 5,244.36 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 217 | 5027 | | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 218 | 5037 | | | | | | | | | | |
| 219 | 5026 | | $ 85,646.67 | | Y | $ 477,760.04 | $ 1,313,840.11 | $ 52,553.60 | $ 85,646.67 | $ 3,425.87 | $ 55,979.47 |
| 220 | 5035 | | $ 11,867.46 | | N $8,227.85 | $ - | $ - | $ - | $ 3,639.61 | $ 145.58 | $ 145.58 |
| 221 | 5004 | | $ 14,180.81 | $ 180,000 | N $7,090.41 | $ 41,028.60 | $ 120,692.47 | $ 4,827.70 | $ 7,090.41 | $ 283.62 | $ 5,111.32 |
| 222 | 5021 | | $ 26,633.50 | $ 240,000 | Y | $ 57,017.64 | $ 272,259.23 | $ 10,890.37 | $ 26,633.50 | $ 1,065.34 | $ 11,955.71 |
| 223 | 5019 | | $ 9,081.18 | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 224 | 5028 | | | | N | $ - | $ - | $ - | $ - | $ - | $ - |
| 225 | 5034 | | $ 24,307.13 | | Y | $ - | $ - | $ - | $ 24,307.13 | $ 972.29 | $ 972.29 |
| 226 | 5012 | | $ 18,199.89 | | Y | $ - | $ - | $ - | $ 18,199.89 | $ 728.00 | $ 728.00 |



**EXPRESS**

| Count | Store ID | PF 4W EBITDA % of Sales | Pre-Petition Obligation | New Rent (FY PF Rent % of Sales x FY 2024E Sales) | Waive Pre-Petition (Y/N) | 1st Yr Savings | Total Savings | Rent Relief RCS Fee @ 4% | PrePetition Savings | PrePetition Savings RCS Fee @ 4% | Total Due RCS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | **General Store Information** | | | | | | **RCS Fee** | | | |
| 227 | 5064 | | $ 11,147.47 | | | $ - | $ - | $ - | $ - | $ - | $ - |
| 228 | 5062 | | $ 10,390.96 | | | $ - | $ - | $ - | $ - | $ - | $ - |
| 229 | 5043 | | $ 17,232.37 | | | $ - | $ - | $ - | $ - | $ - | $ - |
| | 42 | | $ 509,964 | $ 1,061,000 | | $ 1,051,583 | $ 2,989,764 | $ 119,591 | $ 290,174 | $ 11,607 | $ 131,198 |
| | 229 | | $ 8,841,250 | $ 39,842,276 | | $ 27,699,679 | $ 93,853,447 | $ 3,754,138 | $ 4,992,369 | $ 199,695 | $ 3,961,333 |

# EXHIBIT D

## Invoice



470 Seventh Avenue, 8th Floor
New York, NY 10018
(212) 239-1100
info@rcsrealestate.com

**Invoice#: 262003**

July 2, 2024

Stewart Glendinning
**Express, Inc.**

**RE: Express | Bonobos**

**For Professional Services Rendered:**

RCS Fee
Savings Achieved: $93,853,447 @ 4%  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  3,961,333

Maximum Fee  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  $  1,000,000

**Amount Due within 10 Days of Receipt**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **$  1,000,000**

**Wiring Instructions**

**JP Morgan Chase Bank**
2 Penn Plaza
New York, NY 10121
ABA #: 021000021

For the account of:
**R.C.S., Inc.**
470 Seventh Avenue, 8th Floor
New York, NY 10018
Account number:

PLEASE CALL US TO VERIFY IF YOU RECEIVE A CHANGE IN WIRING INSTRUCTIONS