# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. 1091**<br>**Hearing Date: April 22, 2025 at 9:30 a.m. (EST)**<br>**Objection Deadline: April 11, 2025 at 4:00 p.m. (EST)** |

**PLAN ADMINISTRATOR'S CORRECTED FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**(Amended Claims, Duplicate Claims, Late-Filed Claims, Equity Interest Claims, Insufficient Documentation Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW SCHEDULES 1–5 TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

By this corrected[2] first omnibus objection (the "Objection"), Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeks the entry of an order pursuant to sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure

---

[1]    The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2]    The Debtors filed their *First Omnibus (Non-Substantive) Objection* [D.I. 1091] prior to the Plan Administrator's appointment.  After he was appointed, the Plan Administrator discovered that the Debtors' claim objection was filed without the required declaration, and that the exhibits were incorrect.

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) disallowing certain amended claims identified on Schedule 1 attached to the Proposed Order (the "Amended Claims"); (b) disallowing certain duplicative claims identified on Schedule 2 attached to the Proposed Order (the "Duplicate Claims"); (c) disallowing the claims identified on Schedule 3 attached to the Proposed Order that were filed after the applicable bar date (the "Late-Filed Claims"); (d) disallowing the claims identified on Schedule 4 to the Proposed Order on the grounds that such claims were filed on account of asserted equity interests held by the claimant (the "Equity Interest Claims"); and (e) disallowing the claims identified on Schedule 5 to the Proposed Order on grounds that such claims were filed without sufficient documentation to support their prima facie validity and are not supported by the Debtors' Books and Records (as defined below) (the "Insufficient Documentation Claims" and together with the Amended Claims, the Duplicate Claims, the Late-Filed Claims, and the Equity Interest Claims, the "Disputed Claims"). In support of this Objection, the Plan Administrator relies on the declaration of Arthur Almeida (the "Almeida Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Plan Administrator respectfully states as follows:

## RELIEF REQUESTED

1.      The Plan Administrator respectfully requests entry of an order substantially in the form of the Proposed Order:

> (a)      disallowing and expunging each Amended Claim identified on Schedule 1 to the Proposed Order in the column titled "Claims to be Disallowed" because each these proofs of claims has been amended and superseded by a subsequently filed claim, as identified on Schedule 1 to the Proposed Order in the column titled "Remaining Claims";

> (b)      disallowing and expunging each Duplicate Claim identified on Schedule 2 to the Proposed Order in the column titled "Claims to be

2

Disallowed" because each of these proofs of claims are an exact duplicate of another proof of claim filed by the same claimant in respect of the same liabilities, as identified on <u>Schedule 2</u> to the Proposed Order in the column titled "Remaining Claims";

(c)     disallowing and expunging each Late-Filed Claim identified on <u>Schedule 3</u> to the Proposed Order in the column titled "Claims to be Disallowed" because each of these proofs of claims were not received by the Debtors' Claims Agent (as defined below) by the applicable bar date as set forth in the Bar Date Order (as defined below);

(d)     disallowing and expunging each Equity Interest Claim identified on <u>Schedule 4</u> to the Proposed Order in the column titled "Claims to be Disallowed" because each of these proofs of claims were filed by parties on account of asserted equity interests held by such parties; and

(e)     disallowing and expunging each Insufficient Documentation Claim identified on <u>Schedule 5</u> to the Proposed Order in the column titled "Claims to be Disallowed" because each of these proofs of claims were filed without sufficient documentation to substantiate the claim asserted therein and, as to which, the Debtors' Books and Records (as defined below) do not demonstrate any basis for the claim.

## <u>JURISDICTION AND VENUE</u>

2.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

3.      Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to entry of a final judgment or order with respect to this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## BACKGROUND

6.      On April 22, 2024 (the "Petition Date"), the Debtors each commenced a bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

8.      Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims and shall retain and enforce such Causes of Action (as defined in the Plan).  In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

9.      Article IV.K of the Plan provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors for distribution purposes.

## THE CLAIMS PROCESS

10.      On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs

of claim (collectively, the "<u>Proofs of Claim</u>") in these Chapter 11 Cases.  The Bar Date Order established: (a) July 10, 2024 (the "<u>Claims Bar Date</u>"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases; and (b) October 22, 2024 (the "<u>Governmental Bar Date</u>") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these Chapter 11 Cases.

11.     Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

12.     Proofs of Claim against the Debtors are recorded on the official claims register (the "<u>Claims Register</u>") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in these Chapter 11 Cases (the "<u>Claims Agent</u>").

13.     In the ordinary course of business, the Debtors maintained books and records (the "<u>Books and Records</u>") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

14.     To date, approximately 1,841 Proofs of Claim have been filed.  The Plan Administrator, together with his advisors, are in the process of reviewing the Proofs of Claim.

15.     On December 5, 2024, the Debtors filed their *First Omnibus (Non-Substantive) Objection*.  The Plan Administrator files the instant Objection to correct the Debtors' omnibus objection, and object to claims listed in that objection that have not otherwise been resolved.

## BASIS FOR OBJECTION

16.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that— (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process.  As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).  Once the prima facie validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it."  *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

**I.      Amended Claims**

17.      Upon review of the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, the Plan Administrator has identified eighty-six Amended Claims listed on <u>Schedule 1</u> annexed to the Proposed Order, in the aggregate claimed amount of approximately $41,836,233.30, as identified in the column labeled "Claims to be Disallowed."  The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim, as reflected in the column labeled "Remaining Claims" on <u>Schedule 1</u> annexed to Proposed Order (each, an "<u>Amended Remaining Claim</u>").

18.      The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, which by their nature have been superseded and remain on the Claims Register only as a technicality.  The Amended Claims may be eliminated without affecting such claimants' underlying claims.  Accordingly, the Plan Administrator seeks to disallow in full the Amended Claims and thereby: (a) prevent the claimants from obtaining double recovery on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

19.      Such relief will not prejudice these claimants because they will continue to hold their Amended Remaining Claim, subject to the Plan Administrator's rights to object to each of the Amended Remaining Claims on any other grounds.

**II.     Duplicate Claims**

20.      Upon review of the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, the Plan Administrator has identified eighty-five Duplicate Claims listed on <u>Schedule 2</u> annexed to the Proposed Order, in the aggregate claimed amount of approximately $91,779,897.42, as identified in the column labeled "Claims to be Disallowed."  The Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in

respect of the same alleged liabilities, as reflected in the column labeled "Remaining Claims" (each, a "Duplicate Remaining Claim," and with the Amended Remaining Claims, the "Remaining Claims").

21.     Failure to disallow the Duplicate Claims will potentially result in double recoveries to the claimants on the same alleged obligation or debt, contrary to the Plan.   Moreover, disallowance of these claims will enable the Claims Register to reflect more accurately the Proofs of Claim asserted against the Debtors.   Accordingly, the Plan Administrator seeks an order disallowing each of the Duplicate Claims in their entirety.

22.     Any disallowance or expungement of the Duplicate Claims will not affect the Duplicate Remaining Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object on other grounds.  *See, e.g.,* 11 U.S.C. § 502(a).  Additionally, pursuant to Article VI.B of the Plan, the Duplicate Claims "shall be deemed disallowed" and only one claim may remain potentially valid.  As such, the claimants will suffer no cognizable prejudice as a result of the relief sought in this Objection.

**III.     Late-Filed Claims**

23.     The timeliness of claims asserted against the Debtors in these Chapter 11 Cases is determined with reference to the bar dates fixed by the Court, in accordance with Bankruptcy Rule 3003(c)(3).  The Bar Date Notice, which was mailed to, among others, all known creditors listed on the schedules filed by the Debtors, established July 10, 2024 as the Claims Bar Date and October 22, 2024 as the Governmental Bar Date.

24.     Upon review of the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, the Plan Administrator has identified one hundred thirty-four Late-Filed Claims listed on

Schedule 3 annexed to the Proposed Order, in the aggregate claimed amount of approximately $2,768,245.08 as identified in the column labeled "Claims to be Disallowed." Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Late-Filed Claims were not timely filed. Rather, the Late-Filed Claims (a) arose before the Petition Date, (b) were subject to the Claims Bar Dates, and (c) were filed after the applicable Claims Bar Dates.

25.    The Plan Administrator believes that each claimant asserting a Late-Filed Claim was provided timely notice of the Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Claims Bar Date.

26.    Furthermore, the claimants identified in Schedule 3 have neither sought —much less obtained—relief from the Court pursuant to Bankruptcy Rule 9006 to file a late Proof of Claim or otherwise demonstrated excusable neglect.  Accordingly, the Late-Filed Claims listed in Schedule 3 are untimely under the Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code.  Any failure to disallow the Late-Filed Claims will result in the applicable claimants potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.

27.    Accordingly, the Plan Administrator requests that the Court disallow the Late-Filed Claims.

## IV.    Equity Interest Claims

28.    Upon review of the Proofs of Claims filed against the Debtors in these Chapter 11 Cases, the Plan Administrator has identified eight Equity Interest Claims listed on Schedule 4 of the Proposed Order, in the aggregate claims amount of approximately $40,950.25, as identified in the column labeled "Claims to be Disallowed."  As detailed on Schedule 4 to the Proposed Order,

the Plan Administrator objects to the eight Equity Interest Claims.  Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Equity Interest Claims were filed by parties on account of asserted equity interests held by such parties in Debtor Express, Inc., *i.e.*, based solely on ownership of common stock , and not on account of a claim, such as a claim for damages, against any of the Debtors.

29.     Holders of common stock of Debtor Express, Inc. (now known as EXP OldCo Winddown, Inc.) do not have "claims" against the Debtors or their estates. *See* 11 U.S.C. § 501(a) ("An equity security holder may file a proof of *interest*.") (emphasis added).  Moreover, pursuant to paragraph eight of the Bar Date Order, "any entity holding an equity interest in any debtor" was not required to file a proof of claim.  *See* Bar Date Order, ¶ 6.  Notwithstanding the Bankruptcy Code and the Bar Date Order, certain holders of interests filed proofs of claim asserting claims on account of such interests.

30.     Pursuant to the Article III.B.8 of the Plan, all interests in Debtor Express, Inc. (now knows as Debtor EXP OldCo Winddown, Inc.) were cancelled.

31.     Failure to disallow the Equity Interest Claims could result in holders of interests in receiving recoveries to which these holders are not entitled.  Disallowance of the Equity Interest Claims will enable the Plan Administrator to maintain a more accurate Claims Register and will not prejudice parties holding interests in the Debtors.

## V.    **Insufficient Documentation Claims**

32.     When asserting a claim against a debtor's estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *see also*, *e.g.*, *In re Minbatiwalla*, 424 B.R. 104, 119

(Bankr. S.D.N.Y. 2010) ("[C]laims can be disallowed for failure to support the claim with sufficient evidenced, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b). . . ."). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See Allegheny Int'l, Inc.*, 954 F.2d at 173. If the objecting party successfully negates one or more facts in the proof of claim, the burden reverts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174. The burden of persuasion always lies with the claimant. *Id.*

33.     Upon review of the Proofs of Claim filed against the Debtors in these Chapter 11 Cases, the Plan Administrator has identified two Insufficient Documentation Claims listed on Schedule 5 annexed to the Proposed Order, in the aggregate claimed amount of approximately $35,022,228.38 as identified in the column labeled "Claims to be Disallowed." As detailed on Schedule 5 to the Proposed Order, the Plan Administrator objects to the Insufficient Documentation Claims. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Insufficient Documentation Claims reflect Proofs of Claim that were filed without sufficient documentation to substantiate the Proofs of Claim asserted therein as required by Bankruptcy Rule 3001. In addition, the Plan Administrator has reviewed the Debtors' Books and Records and, after reasonable efforts, have been unable to locate any information or documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part. The Insufficient Documentation Claims therefore fail to provide prima facie evidence of the validity and amount of the claims they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

34.     The failure to disallow the Insufficient Documentation Claims will result in the relevant claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.  Accordingly, the Plan Administrator seeks an order disallowing each of the Insufficient Documentation Claims in their entirety.

## SEPARATE CONTESTED MATTERS

35.     To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such claim, and the Objection by the Plan Administrator to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

36.     The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases.  Nothing herein shall be construed as an acknowledgement of the validity or allowance of any claims disallowed in this Objection.  Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Plan Administrator reserves the right to object to the claims on any other grounds that law or equity permit.  Nothing contained herein shall be deemed to be or construed as a waiver of the Plan Administrator right to object to such claims.

37.     Notwithstanding anything contained in this Objection or in the exhibits attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Plan Administrator may have: (a) to bring avoidance actions under the applicable sections of the

Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise the Plan Administrator's rights of setoff against the holders of claims subject to this Objection.

## ADJOURNMENT OF HEARING

38.     The Plan Administrator reserves the right to adjourn the hearing on any Claim subject to this Objection.  In the event that the Plan Administrator so adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

39.     To the best of the Plan Administrator's knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

**WHEREFORE**, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, pursuant to sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1: (a) disallowing the Amended Claims set forth on Schedule 1 to the Proposed Order; (b) disallowing the Duplicate Claims set forth on Schedule 2 to the Proposed Order; (c) disallowing the Late-Filed Claims set forth on Schedule 3 to the Proposed Order; (d) disallowing the Equity Interest Claims identified in Schedule 4 to the Proposed Order; and (e) disallowing the Insufficient Documentation Claims identified in Schedule 5 to the Proposed Order; (f) authorizing the Claims Agent to amend the Claims Register to comport with entry of the Proposed Order; and (g) granting such other and further relief as the Court deems just and proper.

Dated: March 21, 2025

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*

    Lucian B. Murley (DE Bar No. 4892)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6898
    Email:    luke.murley@saul.com

      -and-

    Brendan M. Scott
    Christopher Reilly
    **KLESTADT WINTERS JURELLER**
    **SOUTHARD & STEVENS, LLP**
    200 West 41st Street, 17th Floor
    New York, NY 10036-7203
    Telephone: (212) 679-5359
    Facsimile: (212) 972-2245
    Email:    bscott@klestadt.com
            creilly@klestadt.com

    *Counsel for the Plan Administrator*[3]

---

[3]     As to the Objection relating to the claims of USA, Inc. and Amazon Web Services, Inc., the Plan Administrator will be solely represented by Klestadt Winters Jureller Southard & Stevens, LLP.