IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 1092<br>Hearing Date: April 22, 2025 at 9:30 a.m. (EST)<br>Objection Deadline: April 11, 2025 at 4:00 p.m. (EST) |

**PLAN ADMINISTRATOR'S CORRECTED SECOND OMNIBUS (SUBSTANTIVE)OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

**(No Liability Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW SCHEDULE 1 TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

By this corrected[2] second omnibus objection (the "Objection"), Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeks the entry of an order pursuant to sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] The Debtors filed their *Second Omnibus (Substantive) Objection* [D.I. 1092] prior to the Plan Administrator's appointment. After he was appointed, the Plan Administrator discovered that the Debtors' claim objection was filed without the required declaration, and that the exhibits were incorrect.

"Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A** (the "Proposed Order").  In support of this Objection, the Plan Administrator relies on the declaration of Arthur Almeida (the "Almeida Declaration") attached hereto as **Exhibit B**.  In further support of this Objection, the Plan Administrator respectfully states as follows:

### RELIEF REQUESTED

1. The Plan Administrator respectfully requests entry of an order substantially in the form of the Proposed Order, disallowing and expunging each proof of claim identified on Schedule 1 to the Proposed Order because each proof of claim asserts a claim for which the Plan Administrator believes the Debtors are not liable based on the supporting documentation attached thereto and a reasonable review of the Debtors' Books and Records (as defined below) (the "No Liability Claims").

2. The No Liability Claims include six proofs of claim asserted as general unsecured claims and/or claims entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

### JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

4. Pursuant to Local Rule 9013-1(f), the Plan Administrator consents to the entry of a final judgment or order with respect to this Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief sought herein are sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## BACKGROUND

7. On April 22, 2024 (the "Petition Date"), the Debtors each commenced a bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

9. Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims and shall retain and enforce such Causes of Action (as defined in the Plan). In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

10. Article IV.K of the Plan provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors for distribution purposes.

## THE CLAIMS PROCESS

11. On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 Cases. The Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases; and (b) October 22, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these Chapter 11 Cases.

12. Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

13. Proofs of Claim against the Debtors are recorded on the official claims register (the "Claims Register") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in these Chapter 11 Cases (the "Claims Agent").

14. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities

owed to their creditors as of the Petition Date. Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

15. To date, approximately 1,841 Proofs of Claim have been filed. The Plan Administrator, together with his advisors, are in the process of reviewing the Proofs of Claim.

16. On December 5, 2024, the Debtors filed the *Second Omnibus (Substantive) Objection*. The Plan Administrator files the instant Objection to correct the Debtors' omnibus objection, and object to claims listed in that objection that have not otherwise been resolved.

## BASIS FOR OBJECTION

17. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(2)(1). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient

5

> evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted). Once the *prima facie* validity of a claim is rebutted, "[i]t is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn,* 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

## NO LIABILITY CLAIMS

18. As more fully explained on Schedule 1 to the Proposed Order, the Plan Administrator objects to the six No Liability Claims, in the aggregate claim amount of $2,652,960.47. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Debtors are not liable for the No Liability Claims. Accordingly, to prevent an unwarranted recovery by the claimant to the detriment of other similarly situated creditors, the Plan Administrator requests that the Court disallow and expunge the No Liability Claims from the claims register. Disallowance of the No Liability Claims will not prejudice parties holding No Liability Claims because such claimants are not owed anything on account of their No Liability Claims. Further, the Plan Administrator will be able to maintain a more accurate Claims Register, which promotes the efficient administration of these Chapter 11 Cases.

19. Accordingly, the Plan Administrator requests that the Court enter an order disallowing the No Liability Claims identified on Schedule 1 to Proposed Order in their entirety.

## SEPARATE CONTESTED MATTERS

20. To the extent that a response is filed regarding any No Liability Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such claim, and the Objection by the Plan Administrator to each such claim asserted herein, shall constitute a separate

contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

21. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any claims (filed or not) in these cases. Nothing herein shall be construed as an acknowledgement of the validity or allowance of any claims disallowed in this Objection. Moreover, should one or more of the bases for objection stated in this Objection be overruled, or otherwise not sustained, the Plan Administrator reserves the right to object to the claims on any other grounds that law or equity permit. Nothing contained herein shall be deemed to be or construed as a waiver of the Plan Administrator's right to object to such claims.

22. Notwithstanding anything contained in this Objection or in the exhibits attached to the Proposed Order, nothing herein shall be construed as a waiver of any rights that the Plan Administrator may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise the Plan Administrator's rights of setoff against the holders of claims subject to this Objection.

## ADJOURNMENT OF HEARING

23. The Plan Administrator reserves the right to adjourn the hearing on any Claim subject to this Objection. In the event that the Plan Administrator so adjourns the hearing, the adjournment will be reflected on the agenda for the hearing on this Objection.

## COMPLIANCE WITH LOCAL RULE 3007-1

24. To the best of the Plan Administrator's knowledge and belief, this Objection and Schedule 1 annexed to the Proposed Order comply with Local Rule 3007-1. To the extent that this

55218569.7

Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

      **WHEREFORE**, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, pursuant to sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1: (a) disallowing the No Liability Claims set forth on <u>Schedule 1</u> to the Proposed Order; (b) authorizing the Claims Agent to amend the Claims Register to comport with entry of the Proposed Order; and (c) granting such other and further relief as the Court deems just and proper.

Dated: March 21, 2025

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email:    luke.murley@saul.com

-and-

Brendan M. Scott
Christopher Reilly
**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email:    bscott@klestadt.com
             creilly@klestadt.com

*Counsel for the Plan Administrator*

55218569.7