IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 1316 and 1342 |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S
CORRECTED SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B),
BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the *Plan Administrator's Corrected Second Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "<u>Objection</u>"),[2] by which the Plan Administrator requests the entry of an order pursuant to sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing the No Liability Claims set forth in **Schedule 1** attached hereto, and upon consideration of the Almeida Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 28 U.S.C. § 1334, and due adequate notice of the objection having been given under the circumstances; and sufficient cause appearing therefor,

**HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

2. The No Liability Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety.

3. The Plan Administrator's objection to the No Liability Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

4. The Claims Agent is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

5. To the extent that a response is filed regarding any No Liability Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such No Liability Claim, and the Objection by the Plan Administrator to each such No Liability Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

6. The Plan Administrator's right to object in the future to any of the Proofs of Claim listed in this Objection or on the exhibit attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including to object to amended or newly filed claims, is fully reserved.

7. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

55218569.8

8. The Court retains jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

Dated: April 15th, 2025
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

3

55218569.8