**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.,*[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered)<br>**Hearing Date: May 22, 2025 at 9:30 a.m. (EST)**<br>**Obj. Deadline: May 14, 2025 at 4:00 p.m. (EST)** |

**PLAN ADMINISTRATOR'S  MOTION TO**
**EXTEND THE DEADLINE TO OBJECT TO CLAIMS**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors, hereby moves (the "Motion") to extend the deadlines to object to (a) proofs of claims and general administrative claims, which deadline is currently June 30, 2025 (the "Claim Objection Deadline"), and (b) landlord administrative claims (the "Applicable Landlord Claims"), which deadline is currently April 30, 2025 (the "Applicable Landlord Deadline").  Through this Motion, the Plan Administrator seeks to extend the Claim Objection Deadline for 180 days,[2] allowing claim objections to be filed through and including December 29, 2025.  The Plan Administrator also hereby moves to extend the Applicable Landlord Deadline for 180 days, allowing claim objections to be filed through and including October 27, 2025.  In support of the Motion, the Plan Administrator respectfully represents as follows:

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] One-hundred eighty days after the current Claims Objection Deadline is December 27, 2025, a Saturday. However, because December 27, 2025 is not a business day, the Plan Administrator seeks an extension to the following Monday, which is December 29, 2025.

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The Plan Administrator hereby confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein is Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4.      On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the J*oint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

6.      Under the Plan, the deadline to object to proofs of claims and administrative claims is June 30, 2025, which deadline may be extended by the Court.  *See* Plan Article I, § 30 ("'Claims Objection Deadline' means the deadline for objecting to a Claim, which shall be on the date that

55392745.8

is the later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court at the request of the Wind-Down Debtors for objecting to Claims."); Plan Article I, § 5 ("'Administrative Claim Objection Bar Date' means the deadline for filing objections to requests for payment of Administrative Claims (other than requests for payment of Professional Fee Claims), which shall be the first Business Day that is 180 days following the Effective Date; *provided* that the Administrative Claim Objections Bar Date may be extended by the Bankruptcy Court at the request of the Wind-Down Debtors after notice and a hearing.").

7.      In addition to the claim objection deadlines outlined above, a separate deadline to object to administrative claims of landlords was imposed by the Confirmation Order. *See* Confirmation Order ¶ 118 ("Notwithstanding anything to the contrary in the Plan, (a) any objections to any Administrative Claim asserted by an Applicable Landlord [defined as 'any landlord counterparty to a lease of nonresidential real property'] shall be filed within one-hundred twenty (120) days after the Effective Date . . . .").  Accordingly, pursuant the Confirmation Order, the deadline to object to the Applicable Landlord Claims is April 30, 2025.

## RELIEF REQUESTED

8.      By this Motion, the Plan Administrator seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Claim Objection Deadline to and including December 29, 2025, pursuant to Article I, §30 of the Plan and Bankruptcy Rule 9006.  The Plan Administrator further seeks entry of an order, substantially in the form of the Proposed Order, extending the Applicable Landlord Deadline to and including

55392745.8

October 27, 2025, pursuant to the Plan, Bankruptcy Rule 9006, and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code").[3]

**BASIS FOR RELIEF**

9.      Pursuant to the Plan itself, the Court can grant this Motion and extend the applicable deadlines.  Additionally, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed."  The Plan Administrator respectfully submits that he has met his burden to grant the Motion.

10.      Specifically, since the Effective Date, the Plan Administrator has been diligently reviewing, reconciling, and resolving claims asserted against the Debtors and, where appropriate, objecting to claims.  For example, the Plan Administrator has filed three omnibus claim objections [Docket Nos. 1315, 1316, 1333] and has resolved multiple requests for payment of administrative claims.  Contemporaneous with this Motion, the Plan Administrator is filing an additional omnibus claim objection and a notice of satisfaction of certain claims.

11.      However, there has not been sufficient time to allow for a thorough review and resolution of all of the claims.  Without additional time to review the bases for all of the claims and litigate or otherwise resolve disputed claims, the Plan Administrator may be forced to allow claims that would otherwise be objectionable or, alternatively, file objections to claims before he has completed his review of the claims and, if appropriate, attempting to resolve certain claims.

---

[3]      Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, since this Motion was filed before the Applicable Landlord Deadline expired, the Applicable Landlord Deadline is "automatically extended until the Court acts on the [M]otion, without the necessity of a bridge order." Del. Bankr. L.R. 9006-2.

55392745.8

Accordingly, good and sufficient cause exists to extend the Claim Objection Deadline.  The Plan Administrator expects to continue his review of claims, file any necessary objections, and work to resolve all claims expeditiously.

12.     As to the Applicable Landlord Claims, the Plan Administrator believes that the extension request will not negatively affect any such claim, because, as to all or substantially all such claims, he has either (i) paid or will soon pay certain Applicable Landlord Claims, (ii) filed a notice of satisfaction or objection as to certain Applicable Landlord Claims, or (iii) is actively engaged with certain landlords and has reached an agreement to extend the current deadline. However, as a precaution, the Plan Administrator seeks an extension of this deadline, as permitted under the Plan and the Bankruptcy Code. See, e.g., 11 U.S.C. § 105(a) (providing that the "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

13.     For these reasons, the Plan Administrator requests that the Motion be granted. The Plan Administrator reserves the right to seek further extensions, as necessary.

## **NOTICE**

14.     Notice of this Motion has been provided to (i) the Office of the United States Trustee and (ii) all parties requesting notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice need be given.

55392745.8

WHEREFORE, the Plan Administrator requests that the Court enter the Proposed Order

extending the Claim Objection Deadline for 180 days, to and including December 29, 2025, and

the Applicable Landlord Deadline for 180 days, to and including October 27, 2025..


Dated: April 30, 2025                    **SAUL EWING LLP**

                                         By: */s/ Lucian B. Murley*
                                         Lucian B. Murley (DE Bar No. 4892)
                                         1201 N. Market Street, Suite 2300
                                         P.O. Box 1266
                                         Wilmington, DE 19899
                                         Telephone: (302) 421-6898
                                         Email:     luke.murley@saul.com


                                             -and-

                                         Brendan M. Scott
                                         Christopher Reilly
                                         **KLESTADT WINTERS JURELLER**
                                         **SOUTHARD & STEVENS, LLP**
                                         200 West 41st Street, 17th Floor
                                         New York, NY 10036-7203
                                         Telephone: (212) 679-5359
                                         Facsimile: (212) 972-2245
                                         Email:     bscott@klestadt.com
                                                    creilly@klestadt.com

                                         *Counsel for the Plan Administrator*

55392745.8