## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In Re:                                              Chapter 11

EXP OldCo Windown, Inc., *et al*                    Case No. 24-10831 (KBO)


                    Debtors.                        (Jointly Administered)

<u>RESPONSE</u>

JOHN HEIN, ("Claimant"), and Claim Number (1522), in the above-referenced Chapter 11 Case herein, files his Response to the FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), Bankruptcy Rules 3001, 3003, 3007, and LOCAL RULE 3007-1, filed on or about April 11, 2025, ("Objection") and would show the Court as follows:

1. Claimant denies the averment set forth in paragraph 1. (e) of the Objection. The Claimant has sufficient documentation to support his claim.

2. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 2. of the Objection.

3. Claimant admits the averments set forth in paragraph 3. of the Objection and that Jurisdiction is proper in the case.

4. Claimant admits the averments set forth in paragraph 4. of the Objection and that Venue is proper in the case.

5. Claimant admits the averments set forth in paragraph 5. of the Objection and that Statutory Laws are proper in this case.

6. Claimant admits the averments set forth in paragraph 6. of the Objection.

7. Claimant admits the averments set forth in paragraph 7. of the Objection

8. Claimant admits the averments set forth in paragraph 8. of the Objection.

9. Claimant admits the averments set forth in paragraph 9. of the Objection.

10. Claimant admits the averments set forth in paragraph 10. of the Objection.

11. Claimant admits the averments set forth in paragraph 11. of the Objection.

12. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 12. of the Objection.

13. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 13. of the Objection.

14. Claimant admits the averments set forth in paragraph 14. of the Objection.

15. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 15. of the Objection.

16. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 16. of the Objection.

17. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 17. of the Objection.

18. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 18. of the Objection.

19. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 19. of the Objection.

20. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 20. of the Objection.

21. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 21 of the Objection.

22. Claimant admits the averments set forth in paragraph 14. of the Objection.

23. Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in part of paragraph 23. of the Objection. As it relates to Claimant John Hein, Claimant denies the averment set for in paragraph 23. of the Objection.

24. Claimant admits the averments set forth in paragraph 24. of the Objection.
25. Claimant admits the averments set forth in paragraph 25. of the Objection.
26. Claimant admits the averments set forth in paragraph 26. of the Objection.

27.  Claimant lacks knowledge or information sufficient to form a belief about the truth of the averment set forth in paragraph 27 of the Objection.

28. Claimant admits the averments set forth in paragraph 28. of the Objection.
29.  Claimant has provided additional Supporting Documentation with this Response as Exhibit ("A") Supporting Documentation.

WHEREFORE, Claimant, and Claim Number 1522, pray that the FOURTH OMNIBUS

(NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE

SECTIONS 502(B) AND 503(B), Bankruptcy Rules 3001, 3003, 3007, and LOCAL RULE 3007-

1, as it relates to Claimant, and Claim Number 1522 in all respects be denied and he be granted all

other relied as is just.

Respectfully submitted,

/s/ Brad S. Kane
Brad S. Kane
Kane Law Firm
TNB #24120966
State Bar Number: 151547
1154 S. Crescent Heights Blvd
Los Angeles, California 90035
Telephone (323) 697-9840
Fax (323) 571-3579
Bkane@kanelaw.la

I Certify that the foregoing Response to FOURTH OMNIBUS (NON SUBSTANTIVE)
OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND
503(B), Bankruptcy Rules 3001, 3003, 3007, and LOCAL RULE 3007-1 has been served on the
Attorney's listed below on this 2nd day of May 2005.

/s/ Brad S. Kane
Brad S. Kane

SAUL EWING LLP
Lucian B. Murley
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email: luke.murley@saul.com
 -and Brendan M. Scott
Christopher Reilly

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email: bscott@klestadt.com
 creilly@klestadt.com
Counsel for the Plan Administrator