Electronically FILED by
Superior Court of California,
County of Los Angeles
6/18/2024 3:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**KANE LAW FIRM**
Brad S. Kane (SBN 151547)
bkane@kanelaw.la
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035
Tel: (323) 937-3291
Fax: (323) 571-3579

Attorney for Plaintiff
John Hein

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| JOHN HEIN, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>BONOBOS, INC., a Delaware Corporation ; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.: 24STCV15234<br><br>**UNLIMITED JURISDICTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) Waiting Time Penalties, Labor Code §§ 201, 201.6, 202, 203, 204; and**<br><br>**(2) Failure to Provide Employment Records, Labor Code §§ 226(b) and 1198.5.**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Plaintiff John Hein ("Hein" or "Plaintiff") alleges against defendants Bonobos, Inc. ("Bonobos"), and Does 1-10 (collectively, "Defendants"), inclusive, as follows:

## INTRODUCTION

1. This is a Complaint for (i) Waiting Time Penalties under Labor Code §§ 201, 201.6, 202, 203, 204; and (ii) Failure to Provide Employment Records in violation of Labor Code §§ 226(b), and 1198.5.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over all causes of action alleged in this Complaint pursuant to the California Constitution, Article VI, § 10, and CCP § 410.10, and is a Court of competent jurisdiction to grant the relief requested. Plaintiff's Labor Code claims arise under the laws of the State of California, are not preempted by federal law, do not challenge conduct within any federal agency's exclusive domain, and are not statutorily assigned to any other trial court.

3. Venue is proper in the Superior Court for the County of Los Angeles because the acts of Defendants that form the basis for the causes of action in this Complaint occurred in the County of Los Angeles. Further, Defendants have a storefront in Los Angeles located at 10250 Santa Monica Boulevard, Space #1820, Los Angeles, CA, 90067.

## THE PARTIES

4. At all relevant times Plaintiff was and is an individual residing in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes and thereon alleges that Bonobos is a Delaware Corporation with its primary place of business at 850 Cherry Avenue, San Bruno, CA 94066. Bonobos is a fashion brand that designs, sources, markets, and sells high-quality retail products in the men's apparel and accessories categories.

7. The true names and capacities, whether individual, corporate, or otherwise of Defendants named herein as Does 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to set forth the true names and capacities of Defendant Does once they have been ascertained. Plaintiff is informed

and believes and, on that basis, alleges that each Defendant Doe participated in, aided or abetted some or all of the acts alleged herein and is liable to Plaintiff on that basis.

8. Plaintiff is informed and believes that the Defendants are alter egos. The Defendants' unity of interest and ownership would promote injustice if the fiction of a corporate separate existence is recognized. Plaintiff is informed and believes that each Defendant is the alter ego of the other Defendants and the Doe Defendants are alter egos of Defendants and the other Doe Defendants based upon the following factors:

    A. the commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses;

    B. the treatment by individuals of the assets of the corporations as their own;

    C. the failure to obtain authority to issue stock or to subscribe to or issue the same;

    D. the holding out by an individual that he or she is personally liable for the debts of the corporation;

    E. the failure to maintain minutes or adequate corporate records, and the confusion of the records of the separate entities;

    F. the sole ownership of all of the stock in a corporation by members of one family;

    G. the use of the same office or business location;

    H. the employment of the same employees and/or attorney;

    I. the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization;

    J. the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation;

    K. misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities;

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

    L. the disregard of legal formalities and the failure to maintain arm's length relationships among related entities;

    M. the use of the corporate entity to procure labor, services or merchandise for another person or entity;

    N. the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another;

    O. the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions; and

    P. the formation and use of a corporation to transfer to it the existing liability of another person or entity.

9. Plaintiff is informed and believes that the Defendants are or were joint employers of the Plaintiff. At all material times, all Defendants have acted as the employer of Plaintiff and are or were "employing" him within the meaning of the law of California and under principles of common law.

10. Plaintiff is informed and believes that each Defendant acted as a joint employer. As joint employers, under common law and statutory definitions, Defendants are all jointly and severally liable for back pay, liquidated damages, statutory damages and other relief owed to Plaintiff.

11. Plaintiff's *employee* status is conclusively established by the 2019 Photoshoot Pay Easement Act. Labor Code § 201.6(a)(1), which expressly provides that print *models* are *employees* as a matter of law:

> "Print Shoot employee" means an individual hired for a period of limited duration to render services relating to or supporting a still image shoot, including film or digital photography, for use in print, digital, or internet media.

12. Further, "A print shoot employee is entitled to receive payment of the wages earned and unpaid at the time of termination by the next regular payday." Labor Code § 201.6(a); *see also Smith v. Superior Court ("L'Oreal")*, 39 Cal.4th 77, 85 (2006) (Hair care company owed hair model waiting time penalties for failure to pay at the end of a one-day assignment); *Zaremba v. Miller*, 113 Cal.App.3d Supp. 1, 5-6 (1980) (photographer owed waiting time penalties to model).

13. Alternatively, even if the 2019 Photoshoot Pay Easement Act did not apply, Plaintiff would come within Wage Order 4-2001 "Regulating Wages, Hours And Working Conditions In The Professional, Technical, Clerical, Mechanical And Similar Occupations." Section 2, entitled, "Definitions", states:

> (O) "Professional, Technical, Clerical, Mechanical, and Similar Occupations" includes . . . *models*[.]

14. Plaintiff is informed and believes that Defendants, and each of them, at all times material to this Complaint, have acted as "employers" and Plaintiff was an "employee"—as opposed to an "independent contractor"—under the California Supreme Court's "ABC" test as explained in *Dynamex Operations W. v. Superior Court* ("*Dynamex*"), 4 Cal.5th 903, 964 (2018). Specifically, under *Dynamex*, workers are presumed to be employees instead of independent contractors unless all three of the following:

> A. that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact;
>
> B. that the worker performs work that is outside the usual course of the hiring entity's business; and
>
> C. that the worker is customarily engaged in an independently established trade, occupation, or business. *Id.*

15. Labor Code § 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

until an action therefor is commenced; but the wages shall not continue for more than 30 days.

## FACTUAL ALLEGATIONS

16. Hein is a male model.

17. Clothing brands photograph Hein wearing their products then market those photographs to entice potential customers to purchase their wares.

18. Hein has a California Talent Agent, which procures employment for Hein via photography shoots.

19. On December 13, 2023, Defendants hire Hein for a still image shoot to model and the photos were intended for use in marketing its products. The daily wage for this still image shoot was $7,500.00.

20. Under Labor Code § 201.6 and § 204, Defendants' payment for Hein's December 13, 2023 still image shoot was legally due no later than December 26, 2023.

21. When Hein's Talent Agency provided Hein with his accounting statement, Hein noticed that his pay for his December 13, 2023 still image shoot had not been timely paid.

22. On March 1, 2024, Defendants paid Hein's Talent Agency for Hein's December 13, 2023 Bonobos still image shoot (even though the payment was legally due no later than December 26, 2023). Shortly after receiving the payment, Hein's Talent Agency took its commission for the still image shoot and paid Hein the remaining fee.

23. Defendants paid Hein sixty-six (66) days late.

24. On April 25, 2024, Hein's counsel sent a demand letter to John Hutchison, President of Bonobos, Inc., explaining the waiting time penalties Hein is entitled under California law and demanding his payroll records, any documents signed by Hein, and his personnel file ("Employment Records"). [**Ex. 1**]. The Employment Records would enable Hein to determine exactly when Defendants paid Hein and whether or not that payment was timely.

25. To date, Defendants have failed to respond to Hein's demand letter.

26. Defendants have also violated Wage Order 4-2001, which regulates "Wage, Hours And Working Conditions In Professional, Technical, Clerical, Mechanical And Similar

**KANE LAW FIRM**
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

Occupations" ("Wage Order 4"). The definition of "Professional, Technical, Clerical, Mechanical And Similar Occupations includes . . . models". Section 2(O).

27. Finally, Defendants have violated Wage Order 4: (i) Section 4, entitled, "Minimum Wages"[1] because they failed to pay Hein at least minimum wage on time; and (ii) Section 7, entitled, "Records,"[2] because they failed to provide a paystub at the time of payment.

## FIRST CAUSE OF ACTION

**(Waiting Time Penalties, Labor Code §§ 201, 201.6, 202, 203, 204)**

28. Plaintiff re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

29. Professional photography models provide their services as "employees" and are entitled to waiting time penalties. Labor Code 201.6; *see also Zaremba v. Miller*, 113 Cal.App.3d Supp. 1, 5-6 (1980) (photographer owed waiting time penalties to model); *Smith v. Superior Court ("L'Oreal")*, 39 Cal.4th 77, 85 (2006) (Hair care company owed hair model waiting time penalties for failure to pay at the end of a one (1) day assignment). As the *L'Oreal* court explains:

> Together, [Labor Code] sections 201 and 202 direct employers to promptly pay wages when employment is terminated by discharge, or by resignation if no requisite written contract exists, with section 203 providing for penalties when the employer willfully fails to do so.

39 Cal.4th at 85.

30. At all relevant times, Plaintiff was an employee of Defendants covered by Labor Code §§ 201-204.

---

[1] Wage Order 4, Section 4(B) provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

[2] Wage Order 4, Section 7(B) provides: "(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

KANE LAW FIRM
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035

31. Under Labor Code § 203, if an employer willfully fails to pay in accordance with § 201.6, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . ; but the wages shall not continue for more than 30 days." To relieve any perceived unfairness to employers, the 2019 Photoshoot Pay Easement Act created special rules that gave photoshoot employers additional time to pay models without incurring waiting time penalties — "[a] print shoot employee is entitled to receive payment of the wages earned and unpaid at the time of termination by the next regular payday." Labor Code §201.6.

32. Moreover, California employers must:

   i. establish a weekly, biweekly or semimonthly payroll period;

   ii. communicate it to employees in postings and Wage Theft Protection Act notices upon hire (for all non-exempt employees);

   iii. pay employees consistently within 7-10 days of the end of the pay period;

   iv. wages earned between the 1st and 15th day of the month must be paid by the 26th day of the month; and

   v. wages earned between the 16th and last day of the month must be paid by the 10th day of the following month.

Labor Code § 204.

33. As a result, Hein's wages for his December 13, 2023 still photo shoot were due on or before, December 26, 2023 and waiting time penalties of one (1) day's pay accrue for each day late (up to a maximum of thirty (30) days).

34. Lastly, Defendants have violated Wage Order 4, which specifically applies to "models." Section 2(O). Namely, Defendants have violated Wage Order 4's Section 4(B), entitled, "Minimum Wages," which reads:

> Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether

the remuneration is measured by time, piece, commission, or otherwise.

Defendants have violated Wage Order 4's Section 4(B) because Defendants failed to pay Hein on or before December 26, 2023, for his December 13, 2023 photo shoot.

35. Because Bonobos did not pay Hein's talent agency until March 1, 2024, Bonobos paid Hein more than thirty (30) days late. As such, Hein is owed waiting time penalties equal to thirty (30) days' pay.

36. On December 13, 2023, my client worked from 6:45 am to 5:00 pm (with 1 hour unpaid lunch for a total of 9.25 hours). On December 14, 2023, my client worked from 7:00 am to 5:00 pm (with 1 hour unpaid lunch for a total of 9 hours). On December 15, 2023, my client worked from 6:45 am to 5:00 pm (with 1 hour unpaid lunch for a total of 9.25 hours). When calculating waiting penalties, all compensation earned must be included, such as overtime and the usage fee. Division of Labor Standards Enforcement Manual ("DSLE") §§ 4.3.4.1, 49.1.2.3. A daily rate can only be based on the maximum number of legal hours worked. DLSE 49.1.4 ("Ordinarily, the hours to be used in computing the regular rate of pay may not exceed the legal maximum regular hours which, in most cases is 8 hours per day, 40 hour per week"); *Skyline Homes, Inc., etc. et al v. Department of Industrial Relations, et al.*, 165 Cal.App.3rd 239, 245-250 (1985), *disapproved on other grounds*, *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557 1996). Hein worked a total of three and a half (3.50) overtime hours. Hein's overtime rate is equal to $1,406.25, or one and a half times his regular rate of $937.50 (based on daily rate of $7,500.00 per day divided by eight (8) hours). Thus, Hein's total overtime pay is $4,921.88, and his average daily overtime is $1,640.63 based on total overtime divided by three (3) days worked. Hein's total daily rate is equal to his regular daily rate plus his average daily overtime, or $9,140.63. As such, Hein is owed waiting time penalties equal to thirty (30) days at his total daily rate of $9,140.63 per day, or $274,218.90.

## SECOND CAUSE OF ACTION

**(Failure to Provide Employment Records, Labor Code §§ 226(b), 432 and 1198.5)**

37. Plaintiff re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

38. Labor Code §§ 226(b), 432, and 1198.5 mandate the inspection and copying of Hein's payroll records, any documents signed by Hein, and his personnel file ("Employment Records").

39. Labor Code §226(c) requires employers to permit inspection and copying of all Hein's payroll records within twenty-one (21) days of the date of the written demand. Failure to comply results in $750.00 in statutory damages and a plaintiff's reasonable attorney's fees and costs of suit. Labor Code §226(f), (e)(1).

40. Labor Code §1198.5(a), (b)(1) requires employees to permit inspection and copying of all Hein's personnel that the employer maintains relating to the employee's performance or to any grievance concerning the employee within thirty (30) days of the date of the written demand. Failure to comply results in $750.00 in statutory damages and a plaintiff's reasonable attorney's fees and costs of suit. Labor Code §1198.5(k)(l).

41. On April 25, 2024, Hein first demanded his Employment Records pursuant to Labor Code §§ 226(b), 432 and 1198.5 from Bonobos. [**Ex. 1**].

42. To date, Defendants have not provided a response.

43. Because it has been more than 30 days since Hein's first request for Bonobos to provide Hein's Employment Records, including the date on which they paid Bonobos, Inc. for Hein's December 13, 2023 still image shoot, Hein is entitled to (i) his Employment Records; (ii) $1,500 in statutory damages; and (iii) reasonable attorney's fees and costs of suit.

44. Lastly, Defendants have violated Wage Order 4, which specifically applies to "models." Section 2(O). Namely, Defendants have violated Wage Order 4's Section 7(B), entitled, "Records," which reads:

> Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or

separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

Defendants have violated Wage Order 4's Section 7(B) because Defendants failed to provide Hein his Employment Records either at the time of payment or upon his multiple requests.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays judgment against Defendants as follows:**

1. For Count I, Waiting Time Penalties, Labor Code §§ 201, 201.6, 202, 203, 204:

    a. $274,218.90 in accrued waiting time penalties for paying Hein sixty-six (66) days late under Labor Code § 203;

    b. Attorney's fees, interest, and costs of suit under Labor Code § 218.5.

2. For Count II, Failure to Provide Employment Records, Labor Code §§ 226(b), 432, and 1198.5:

    a. $750.00 in statutory damages under Labor Code § 226(f).

    b. $750.00 in statutory damages under Labor Code § 1198.5(k)

    c. Reasonable attorney's fees and cost of suit. Labor Code §§ 226(e)(1), 1198.5(l).

3. Pre-judgment interest on all Counts.

4. Such other and further relief as this Court deems just and proper.

DATED:   June 18, 2024                                  **KANE LAW FIRM**

By: *Brad S. Kane*
Brad S. Kane
Attorney for Plaintiff
John Hein