# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 1333 and 1382 |

## ORDER SUSTAINING FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the *Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* [D.I. 1333] (the "Objection"),[2] by which the Plan Administrator requests the entry of an order pursuant to sections 502(b) and 503(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing the Amended Claims, Duplicate Claims, Late-Filed Claims, Equity Interest Claims, and Insufficient Documentation Claims set forth on Schedules 1, 2, 3, 4, and 5 attached hereto, and upon consideration of the Almeida Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

55106441.6

been given under the circumstances; and upon certification of counsel of the Plan Administrator submitting this form of order; and sufficient cause appearing therefor,

**HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. The Amended Claims set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety; *provided, however,* that this Order will not affect the Proofs of Claim identified on **Schedule 1** attached hereto in the column titled "Remaining Claim Number;" *provided further*, for the avoidance of doubt, that the entry of this Order and the disallowance of claim numbers 841 and 990 is without prejudice to claim number 1615, which according to the *Partial Transfer of Claim Other than for Security* [D.I. 1206] was partially transferred to Korean Trade Insurance Company.

3. The Duplicate Claims set forth on the attached **Schedule 2** are hereby disallowed and expunged in their entirety; *provided, however,* that this Order will not affect the Proofs of Claim identified on **Schedule 2** attached hereto in the column titled "Remaining Claim Number."

4. The Late-Filed Claims set forth on the attached **Schedule 3** are hereby disallowed and expunged in their entirety.

5. The Equity Interest Claims set forth on the attached **Schedule 4** are hereby disallowed and expunged in their entirety.

6. The Insufficient Documentation Claims set forth on the attached **Schedule 5** are hereby disallowed and expunged in their entirety.

7. The Claims Agent is authorized and directed to modify the Claims Register for these Chapter 11 Cases in accordance with terms of this Order.

8. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such Disputed Claim, and the Objection by the Plan Administrator to each such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

9. The Plan Administrator's right to object in the future to any of the Proofs of Claim listed in this Objection or on the exhibit attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including to object to amended or newly filed claims, is fully reserved.

10. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

11. The Court retains jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

**Dated: May 8th, 2025**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

55106441.6