IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
2025 MAY 28  PM 12: 44

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: May 22, 2025 at 9:30 a.m. (EST)<br>Objection Deadline: May 2, 2025 at 4:00 p.m. (EST) |

## BRIEF IN OPPOSITION TO DEBTOR'S OBJECTION TO LATE-FILED CALIM OF CHEO WATERS

Comes now, Cheo Waters ("Claimant"), and hereby submits this Brief in Opposition to Debtor's Objection to Late-Filed Claims, and in support thereof, respectfully states as follow:

### I.  INTRODUCTION

Claimant Cheo Waters opposes the Debtor's objection to his claim on the grounds that he was never provided with proper notice of the bankruptcy filing or the claims bar date as required by the Bankruptcy Code and Rules. Due process concerns and fundamental fairness principles mandate that Mr. Waters' claim should be allowed despite being filed after the bar date, as the delay in filing was not due to any neglect on his part by solely due to lack of notice from the Debtor.

### II.  FACTUAL BACKGROUND

1. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Court established July 10, 2024 as the deadline for filing proofs of claim (the "Bar Date").

3. Claimant Cheo Waters is included in the "Late-Filed Claims" matrix as identified by the Debtors in its objection.

4. Mr. Waters learned of the bankruptcy filing on April 28, 2024, but never received any formal notice of the Bar Date from the Debtor or the Court.

5. When Mr. Waters was initially contacted by a representative of the Debtor on April 28, 2024, he was informed by the representative that his claim against Debtor may be "placed on hold" pending approval of the bankruptcy. (*See Exhibit 1. Email from Debtor's Representative*).

6. Mr. Waters never received formal notice that the bankruptcy had been approved.

7. It wasn't until, after extensive, unguided searching, that Mr. Waters learned of Debtor's bankruptcy approval on February 12, 2025. (*See Exhibit 2. Email regarding filing of Claim*).

8. Immediately upon learning of the bankruptcy approval on February 12, 2025, Mr. Waters promptly filed his proof of claim.

### III. ARGUMENT

#### A. Lack of Notice Constitutes Excusable Neglect and Violates Due Process

The Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), established that "excusable neglect" is a flexible standard that considers all relevant circumstances, including: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

In this case, the reason for the delay in filing was entirely outside Mr. Waters' control, as he only learned of the bankruptcy filing on April 28, 2024, never received formal notice of the Bar Date, and was explicitly told by the Debtor's representative that his claim may be placed on hold pending approval of the bankruptcy. Courts have consistently held that lack of notice of bankruptcy proceedings constitutes excusable neglect. See In re Grand Union Co., 204 B.R. 864, 880 (Bankr. D. Del. 1997) (holding that lack of notice of the bar date is a factor that weighs heavily in favor of finding excusable neglect).

#### B. Due Process Requires Adequate Notice Before Rights Can Be Affected

The Bankruptcy Code and Rules require that all known creditors receive proper notice of both the bankruptcy filing and the claims bar date. Bankruptcy Rule 2002(a) requires that creditors receive at least 21 days' notice of the time fixed for filing proofs of claim.

The Supreme Court has made clear that a creditor's claim cannot be discharged if the creditor was not provided with notice of the bankruptcy proceeding. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

### C. Debtor's Misleading Communications Further Support Excusable Neglect

Beyond the lack of formal notice, the Debtor's representative actively misled Mr. Waters by informing him on April 28, 2024 that his claims may be placed on hold pending approval of the bankruptcy. This misleading statement reasonably caused Mr. Waters to believe that he could not and should not file a claim until receiving further notice that the bankruptcy had been "approved." Mr. Waters never received such notice. It wasn't until February 12, 2025 that it was discovered the approval of the bankruptcy, at which point he promptly filed his claim.

The Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 398 (1993), specifically recognized that "an inadvertent failure" can constitute excusable neglect, especially where the delay was caused by circumstances beyond the creditor's control. The Court emphasized that excusable neglect includes "situations where the failure to comply with a filing deadline is attributable to negligence," and that courts should take into account "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

The Debtor's affirmative misrepresentation about the claims process significantly strengthens Mr. Waters' position under the Pioneer factors, as it demonstrates that the delay was caused not only by

lack of formal notice but also by the Debtor's own misleading statements about the claims process.

### D. Debtor's Misleading Corporate Name Constitutes Additional Grounds for Excusable Neglect

The Debtor's misleading corporate name further contributed to Mr. Waters' inability to identify and timely respond to the bankruptcy proceedings. The Debtor's use of a corporate name that differs substantially from its commonly known trade name or public-facing identity made it exceedingly difficult for Mr. Waters to connect his claim with the entity that filed for bankruptcy protection. "EXP Oldco Winddown, Inc.", differs significantly from its public-facing identify, "EXPRESS, Inc.", to the point that when "EXPRESS, Inc." is searched through the PACER database, this bankruptcy proceeding does not appear. (*See Exhibit 3. PACER Case Search, Search Results.*)

The Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), established that courts must take into account "all relevant circumstances surrounding the party's omission" when determining whether neglect is excusable. The Court emphasized that a determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."

In applying the Pioneer factors, courts have recognized that the totality of circumstances must be considered. Here, the combination of (1) lack of formal notice of the Bar Date, (2) misleading statements by the Debtor's representative that claims were "on hold pending approval," and (3) confusion regarding the Debtor's corporate identity created a situation where Mr. Waters reasonably failed to file his claim before the Bar Date despite acting diligently once he received proper information.

### E. Allowing Mr. Waters' Claim Will Not Prejudice the Bankruptcy Estate

The admission of Mr. Waters' claim at this stage will not unduly prejudice the Debtor or the administration of the bankruptcy estate. The bankruptcy case is still ongoing, and distributions have not yet been made to creditors. Moreover, the Debtor was aware or should have been aware of Mr. Waters as a potential creditor and failed to provide proper notice.

## IV. CONCLUSION

For the foregoing reasons, Claimant Cheo Waters respectfully requests that this Court overrule the Debtor's objection to his late-filed claim and allow his claim in full. Due process and fundamental fairness dictate that Mr. Waters should not be penalized for the Debtor's failure to provide proper notice of the bankruptcy proceedings.

Respectfully submitted,


_[signature]_  Date: 5-2-25

**Cheo Waters**
8413 Stone Ferry Road
Indianapolis, Indiana 46278
Phone: (317) 790-9890
Email: cheowaters@signaturestaffs.com

Case 24-10831-KBO

Dated: 5/2/25

*Copy to:*

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email:   luke.murley@saul.com

-and-

Brendan M. Scott
Christopher Reilly
**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email:   bscott@klestadt.com
         creilly@klestadt.com

*Counsel for the Plan Administrator*


EXHIBIT 2

RE: Waters, Cheo: 1205-GL-24-0300091-001

**Bingaman, Angela** <Angela_Bingaman@CORVEL.com>
To: Bob Feagley

Mon 4/29/2024 9:54 AM

Reply | Reply All | Forward

ⓘ You replied to this message on 5/31/2024 1:41 PM.

Mr. Feagley,

Thank you. Please note Express filed for bankruptcy last week. I will keep you advised if I receive authority or if the claim is on hold at this time.

Angela Bingaman | Claims Specialist
CA License 2N07757
CorVel Corporation | Baltimore
P.O. Box 78059 Charlotte, NC 28271
T (410) 931-5951
Angela_Bingaman@CorVel.com | www.CorVel.com

CorVel Corporation is the authorized third party claims administrator for on behalf of their insured. intentionally providing false information in pursuit of insurance claims or claim payments is criminal. Please follow this link for your state specific information: https://www.corvel.com/state-legislation/claim-fraud-warnings/



EXHIBIT 2

**From:** Stretto Corporate Restructuring
**To:** Bob Feagley
**Subject:** Stretto Password to File Claim for EXP OldCo Winddown, Inc., et al.
**Date:** Wednesday, February 12, 2025 2:09:32 PM

You don't often get email from cr-noreply@mailer.stretto.com. Learn why this is important

**Case No. 24-10831**
**Case Name** EXP OldCo Winddown, Inc., et al.

A password to access the Electronic Claims Filing website for the above-referenced case was requested for this email address.

Your password is: **BaFbV67g**

Click "Continue to Log In" to be taken to the login screen and autofill your password.

Continue to Log In

Legal Policies

Stretto Corporate Restructuring
1.855.812.6112   ◻ inquiries@stretto.com
cases.stretto.com

**EXHIBIT 3**

## Case Search > Search Results

**Search Criteria:** Case Search: Case Title (Matches): [Express, Inc.]
**Result Count:** 17

| Case Title | Case Number | Court | Date Filed | Date Closed |
|---|---|---|---|---|
| Express Inc | 1:1987bk30177 | Georgia Northern Bankruptcy Court | 02/17/1987 | 07/21/1988 |
| Express, Inc v. United States | 1:2016cv00089 | c_citdc | 05/27/2016 | 01/18/2019 |
| Express Inc v. United States | 1:2016cv00187 | c_citdc | 06/08/2016 | 01/18/2019 |
| Express, Inc v. United States | 1:2002cv00783 | c_citdc | 12/06/2002 | 12/09/2005 |
| Express, Inc v. United States | 1:2003cv00311 | c_citdc | 05/30/2003 | 12/09/2005 |
| Express Inc v. United States | 1:2005cv00500 | c_citdc | 08/30/2005 | 11/29/2022 |
| Express, Inc v. United States | 1:2005cv00401 | c_citdc | 12/29/2005 | 11/29/2022 |
| Express, Inc v. United States | 1:2006cv00187 | c_citdc | 06/08/2006 | 06/17/2022 |
| Express, Inc v. United States | 1:2016cv00089 | U.S. Court Of International Trade | 05/27/2016 | 01/18/2019 |
| Express, Inc v. United States | 1:2016cv00187 | U.S. Court Of International Trade | 06/08/2016 | 01/18/2019 |
| Express, Inc v. United States | 1:2002cv00783 | U.S. Court Of International Trade | 12/06/2002 | 12/09/2005 |
| Express, Inc v. United States | 1:2003cv00311 | U.S. Court Of International Trade | 05/30/2003 | 12/09/2005 |
| Express, Inc v. United States | 1:2005cv00500 | U.S. Court Of International Trade | 08/30/2005 | 11/29/2022 |
| Express, Inc v. United States | 1:2005cv00401 | U.S. Court Of International Trade | 12/29/2005 | 11/29/2022 |
| Express, Inc v. United States | 1:2006cv00187 | U.S. Court Of International Trade | 06/08/2006 | 06/17/2022 |
| Express, Inc v. United States et al | 1:2020cv00155 | c_citdc | 09/18/2020 | |
| Express, Inc v. United States et al | 1:2020cv00155 | U.S. Court Of International Trade | 09/18/2020 | |

**PACER Service Center**  05/02/2025 10:20:09
- User: bfeagley
- Client Code:
- Description: All Court Types Case Search
- All Courts: Case Title Express, Inc.; Page:1
- Billable Pages: 1 ($0.10)

Print Receipt

**Icon Legend**
- Save search to Saved Searches
- Sort search results
- Choose columns to display
- Refine the current search
- Download search results
- Save case to Saved Cases
- Remove case from Saved Cases
- Show case parties
- Reduce font size
- Enlarge font size

RECEIVED

2025 MAY 28  PM 12: 43

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

May 2, 2025

Via Email: helpdeskde@deb.uscourts.gov
And Via Certified Mail/Return Receipt
Article #7021 0950 0001 5876 4647

Clerk,
U.S. Bankruptcy Court
District of Delaware
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

    RE:    In re: EXP OldCo Winddown, Inc., *et al.*,1 Debtors.
             Case No. 24-10831 (KBO)

Dear Clerk:

Enclosed please find the following documents regarding the above case:

1. Cheo Waters BRIEF IN OPPOSITION TO DEBTOR'S OBJECTION TO LATE-FILED CALIM OF CHEO WATERS
2. Exhibits 1-3

Please cause the same to be FILE MARKED AS OF RECEIPT TODAY, 5/2/25, @ 3:58pm

*See efile copy*

Respectfully,

CW

CHEO WATERS
8413 Stone Ferry Road
Indianapolis, Indiana 46278
(317) 790-9890
Email: cheowaters@signaturestaffs.com

CW:s
cc:    Counsel for Debtors
       luke.murley@saul.com

       bscott@klestadt.com
       creilly@klestadt.com

## Faye Godwin

| | |
|---|---|
| From: | Mail Delivery System <MAILER-DAEMON@otransport-26.outbound.emailsrv.net> |
| To: | helpdeskde@deb.uscourts.gov |
| Sent: | Friday, May 2, 2025 3:58 PM |
| Subject: | Relayed: Case #24-10831 (KBO) |

This is the mail system at host otransport-26.outbound.emailsrv.net.

Your message was successfully delivered to the destination(s) listed below. If the message was delivered to mailbox you will receive no further notifications. Otherwise you may still receive notifications of mail delivery errors from other systems.

        The mail system

<helpdeskde@deb.uscourts.gov>: delivery via
    mail3.uscourts.gov[63.241.40.240]:25: 250 ok:  Message 11844671 accepted

1

# Faye Godwin

**From:** Mail Delivery System <MAILER-DAEMON@otransport-18.outbound.emailsrv.net>
**To:** helpdeskde@deb.uscourts.gov
**Sent:** Friday, May 2, 2025 4:00 PM
**Subject:** Relayed: Case #24-10831 (KBO)


This is the mail system at host otransport-18.outbound.emailsrv.net.

Your message was successfully delivered to the destination(s)
listed below. If the message was delivered to mailbox you will
receive no further notifications. Otherwise you may still receive
notifications of mail delivery errors from other systems.

                The mail system

<helpdeskde@deb.uscourts.gov>: delivery via
    mail1.uscourts.gov[199.107.16.140]:25: 250 ok:  Message 10714042 accepted

1