**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1239 and ___ |

**ORDER APPROVING STIPULATION OF PARTIAL RESOLUTION OF REQUEST
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF
KOREA TRADE INSURANCE CORPORATION**

Upon consideration of the *Stipulation of Partial Resolution of Request for Payment of Administrative Expense Claim of Korea Trade Insurance Corporation* (the "Stipulation"),[2] a copy of which is attached to this order (the "Order") as **Exhibit 1**, as agreed to by and among Korea Trade Corporation ("Korea Trade") and Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator" and collectively with Korea Trade, the "Parties"), and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Stipulation is approved, and all terms and provisions of the Stipulation are incorporated fully herein.

2. Claim 1806 is hereby (i) deemed to be allowed in part as an administrative expense in the amount of $940,834.75 (the "Allowed Claim") (ii) which amount shall not be

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Stipulation.

55870310.2

subject to further objection by the Plan Administrator, and (iii) shall be promptly paid by the Plan Administrator.

3. The Parties hereby reserve all of their rights with respect to $666,114.61 of the Remaining Claim Amount, which amount is not being allowed pursuant to the Stipulation, and which amount represents the only portion of Claim 1806 that has not been resolved by the Parties.

4. The Claims Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the terms and provisions of the Stipulation.

6. This Court retains jurisdiction to hear and determine all matters arising from and related to the entry of this Order.

# EXHIBIT 1

## Stipulation

55870310.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXP OLDCO WINDDOWN, INC. et al.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered) |

**STIPULATION OF PARTIAL RESOLUTION OF REQUEST FOR PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM OF KOREA TRADE INSURANCE
CORPORATION**

Tracy L. Klestadt (the "Plan Administrator"), in his capacity as the court-appointed Plan Administrator for Post-Effective Date EXP OldCo Winddown, Inc., et al, the debtors in the above referenced jointly administered Chapter 11 cases, by and through his undersigned attorneys, and Korea Trade Insurance Corporation ("Claimant", and together with the Plan Administrator, the "Parties"), by and through their respective undersigned attorneys, enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS,** on April 22, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

**WHEREAS,** on December 17, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming The Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [ECF No. 1150] (the "Confirmation Order"), approving, among other things, the terms of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (as amended, modified, or supplemented from time to time, the "Plan"); and

**WHEREAS,** the Effective Date (as defined in the Plan) of the Plan occurred on December 31, 2024. *See Notice of (I) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [Docket No. 1190]; and

---

[1] The Debtors (the "Debtors") in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128); Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

**WHEREAS**, the Plan and Plan Supplement [Docket No. 1077], as amended, provided for the appointment of Tracy L. Klestadt as the Plan Administrator as of the Effective Date; and

**WHEREAS**, the Plan provides that the Plan Administrator shall have authority to review, reconcile, compromise, settle, object, or prosecute Claims or Interests of any kind without further approval of the Bankruptcy Court; and

**WHEREAS**, the official claim register (the "Claim Register") in the Debtors' bankruptcy case is maintained by Stretto, Inc., which has been retained by the Plan Administrator as his Claims Agent (the "Claims Agent"); and

**WHEREAS**, on January 29, 2025, the Claimant filed its *Motion for Allowance and Immediate Payment of Administrative Expense Claims* [Docket No. 1239] (the "Administrative Claim Motion"), which has been assigned Claim number 1806 by the Claims Agent ("Claim 1806"), alleging an administrative expense claim in the total amount of $2,189,806.29 and composed of an administrative expense claim in the amount of $1,698,198.05, which was assigned to Claimant by Molaxtrading Limited ("Molax")[2], an administrative expense claim in the amount of $6,624.00, which was assigned to Claimant by Hansoll Textile Ltd. ("Hansoll")[3] and an administrative expense claim in the amount of $484,984.24, which was assigned to by GG International Manufacturing Co., Ltd. ("GG International")[4]; and

**WHEREAS**, on January 31, 2025, the Claimant filed its *Supplement to the Motion for Allowance and Immediate Payment of Administrative Expense Claims* [Docket No. 1257] (the "Administrative Claim Supplement"), thereby reducing the amount of the claim that was assigned to Claimant by Molax to $1,600,325.36 and reducing the aggregate amount of Claim 1806 to $2,091,993.60 and

**WHEREAS**, Claimant has acknowledged that $484,984.24 portion of Claim 1806 has been paid, thereby leaving an outstanding balance in the amount of $1,606,949.36 (the "Remaining Claim Amount"); and

**WHEREAS**, the Plan Administrator believes that $666,114.61 of the Remaining Claim Amount has been satisfied by way of payment to a third party (the "Third Party Payment") and that the remaining unpaid balance of Claim 1806 is $940,834.75, but has not raised any objection with respect to the Remaining Claim Amount other than its satisfaction; and

**WHEREAS**, Claimant has not yet received any amounts in connection with the Third-Party Payment and has not acknowledged that any portion of the Remaining Claim Amount has been satisfied; and

---

[2] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by Molax to Claimant. *See* Docket No. 1207.
[3] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by Hansoll to. *See* Docket No. 1209.
[4] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by GG International to Claimant. *See* Docket No. 1206.

2

**WHEREAS**, in an effort to avoid unnecessary litigation costs, and continue ongoing settlement discussions the Plan Administrator and Claimant wish to resolve a portion of the dispute related to the Administrative Claim Request.

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, effective as of the date this Stipulation is fully executed, the Plan Administrator and Claimant stipulate as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. Claim 1806 is hereby (i) deemed to be allowed in part as an administrative expense in the amount of $940,834.75 (the "Allowed Claim") (ii) which amount shall not be subject to further objection by the Plan Administrator, and (iii) shall be promptly paid by the Plan Administrator after this Stipulation is fully executed.

3. The Parties hereby reserve all of their rights with respect to $666,114.61 of the Remaining Claim Amount, which amount is not being allowed pursuant to this Stipulation, and which amount represents the only portion of Claim 1806 that has not been resolved by the Parties.

4. The Administrative Claim Request is hereby adjourned to the omnibus hearing date set for August 14, 2025 at 9:30 a.m., and the Plan Administrator's deadline to object to the Administrative Claim Request is extended to August 7, 2025.

5. The Claims Register shall be deemed modified in accordance with the terms of this Stipulation and the Plan Administrator, through the Claims Agent, may take such actions as necessary to modify the Claims Registry accordingly without an order of the Bankruptcy Court.

6. This Stipulation shall be binding upon the parties and their respective successors and assigns.

7. Each of the parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall perform any and all acts reasonably necessary or appropriate in conjunction with the performance of their obligations under this Stipulation.

8. The parties represent and warrant that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation constitutes a valid, binding agreement in accordance with its terms.

9. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument. All executed copies are duplicate originals equally admissible in evidence in the event an action to interpret or enforce this Stipulation is hereafter brought. Facsimile or scanned signatures shall be acceptable as original signatures in executing this Stipulation.

10. This Stipulation constitutes the full agreement of the parties with respect to its subject matter and supersedes all prior agreements, conversations, negotiations, and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of each of the parties.

11. Nothing in this Stipulation shall be deemed an admission of any kind by any party nor shall this Stipulation be admissible for any purpose in any litigation or proceeding, except in a litigation or proceeding to enforce the terms of this Stipulation.

12. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

Dated: Wilmington, Delaware
       July 7, 2025

| **AGREED AND STIPULATED TO:** | **AGREED AND STIPULATED TO:** |
|---|---|
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS LLP** | **POTTER ANDERSON & CORROON LLP** |
| By: */s/ Christopher Reilly* | By */s/ James R. Risener III* |
| Christopher Reilly, Esq. | James R. Risener III |
| 200 West 41st Street, 17th Floor | 1313 N. Market Street, 6th Fl. |
| New York, New York 10036 | Wilmington, DE 19801 |
| Telephone: (212) 972-3000 | Telephone: (302) 298-6176 |
| | Email: jrisener@potteranderson.com |
| *Attorneys for Tracy L. Klestadt as Plan Administrator for the Post-Effective Date Debtors* | *Attorneys for Korea Trade Corporation* |