IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1239 and 1420 |

**ORDER APPROVING STIPULATION OF PARTIAL RESOLUTION OF REQUEST
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF
KOREA TRADE INSURANCE CORPORATION**

Upon consideration of the *Stipulation of Partial Resolution of Request for Payment of Administrative Expense Claim of Korea Trade Insurance Corporation* (the "Stipulation"),[2] a copy of which is attached to this order (the "Order") as **Exhibit 1**, as agreed to by and among Korea Trade Corporation ("Korea Trade") and Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator" and collectively with Korea Trade, the "Parties"), and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.  The Stipulation is approved, and all terms and provisions of the Stipulation are incorporated fully herein.

2.  Claim 1806 is hereby (i) deemed to be allowed in part as an administrative expense in the amount of $940,834.75 (the "Allowed Claim") (ii) which amount shall not be

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Stipulation.

2

subject to further objection by the Plan Administrator, and (iii) shall be promptly paid by the Plan Administrator.

3.  The Parties hereby reserve all of their rights with respect to $666,114.61 of the Remaining Claim Amount, which amount is not being allowed pursuant to the Stipulation, and which amount represents the only portion of Claim 1806 that has not been resolved by the Parties.

4.  The Claims Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

5.  The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the terms and provisions of the Stipulation.

6.  This Court retains jurisdiction to hear and determine all matters arising from and related to the entry of this Order.

Dated: July 15th, 2025  
Wilmington, Delaware

KAREN B. OWENS  
CHIEF JUDGE

55870310.2