IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 1239 and 1257** |

### PLAN ADMINISTRATOR'S OBJECTION TO MOTION OF KOREA TRADE INSURANCE CORPORATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

Tracy L. Klestadt, in his capacity as the plan administrator (the "Plan Administrator") for the estates of the above-captioned debtors (the "Debtors"), respectfully submits this objection (the "Objection") to the *Motion for Payment of Administrative Expenses* [D.I. 1239] and the *Supplement to the Motion for Payment of Administrative Expenses* [D.I. 1257] (collectively, the "Motion"), filed by Korea Trade Insurance Corporation ("Korea Trade"). In support of the Objection, the Plan Administrator relies on the Declaration of Arthur Almeida (the "Declaration"), attached hereto as **Exhibit A**.

### PRELIMINARY STATEMENT[2]

1. Korea Trade is a trade credit insurer. It filed an administrative claim of $2,091,993.60. $940,834.75 was not disputed by the Plan Administrator and was promptly paid to Korea Trade. Korea Trade's remaining administrative claim is $661,114.61.

---

[1] The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

[2] Capitalized terms not defined in the Preliminary Statement have the meaning ascribed to them throughout the remainder of the Objection.

56114871.9 08/28/2025

2. The remaining $661,114.61 relates to goods purchased by a single vendor, purchased through MGF Korea, a buying and sourcing agent. The Debtors paid MGF Korea for the underlying claim in the amount of $524,463.93, leaving only $141,650.68 unpaid. Even though the Plan Administrator has provided evidence that MGF Korea was paid for this underlying claim, Korea Trade continues to press forward with the full $661,114.61.

## BACKGROUND

A. **General Background**

3. On April 22, 2024 (the "Petition Date"), the Debtors each commenced a bankruptcy case by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On December 17, 2024, the Court confirmed the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and Its Debtor Affiliates* (the "Plan"). Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims. Article II.A of the Plan provides that administrative claims are to be paid in full to the extent they have not been satisfied during the chapter 11 cases.

B. **Claim Background**

5. Although not described in Korea Trade's Motion, upon information and belief, Korea Trade provides credit insurance.[3]

6. GG International Manufacturing Co., Ltd. ("GG International"), Hansoll Textile Ltd. ("Hansoll"), and Molaxtrading Limited ("Molax") (collectively, the "Underlying Claimants") each filed proofs of claim. After these proofs of claims were filed, Korea Trade allegedly paid the

---

[3] *See* https://www.ksure.or.kr/rh-en/cntnts/i-650/web.do.

Underlying Claimants and, in exchange, received assignments of portions of their alleged administrative claims.

7. The following table summarizes the underlying claims relevant to the Motion:[4]

| Proof of Claim No. | Original Claimant | Total Transferred Administrative Claim Amount | Notice of Transfer Filing Date |
|---|---|---|---|
| 1117 | Molax | $1,600,325.36 | 1/8/2025 D.I. 1207 |
| 1391 | Hansoll | $6,624.00 | 1/8/2025 D.I. 1209 |
| 1615 | GG International | $484,984.24 | 1/8/2025 D.I. 1206 |
|  | Total | **$2,091,993.60** |  |

8. On January 29, 2025, Korea Trade filed the Motion, and supplemented the Motion on January 31.

9. The Plan Administrator reviewed the claims asserted by Korea Trade, determined that he did not dispute some of the claims, and promptly agreed to pay the undisputed claims. Pursuant to a settlement agreement approved by the Court [D.I. 1423], the Plan Administrator agreed to allow and pay $940,834.75, which represented $934,210.75 in undisputed amounts relating to Molax, and all of the amounts relating to Hansoll. Under the settlement, Korea Trade agreed that the amounts relating to GG International had been previously satisfied. This left only a $661,114.61 claim relating to the goods provided by Molax.

**RELIEF REQUESTED**

10. The Plan Administrator objects to the allowance and payment of the asserted $661,114.61 remaining claim and respectfully submits that $524,463.93 of such amount has

---

[4] This chart only includes administrative claim amounts sought by Korea Trade pursuant to the Motion. The Plan Administrator reserves all rights in connection with any unsecured claim asserted by Korea Trade.

previously been satisfied by the Debtors. Accordingly, the Plan Administrator asserts that only $141,650.68 is properly allowable as an administrative expense claim. The Plan Administrator expressly reserves and preserves all rights, claims, objections, and defenses, whether at law or in equity, with respect to any general unsecured claims asserted or alleged by Korea Trade.

## **OBJECTION**

### Korea Trade Should Not Be Granted an Administrative Claim for the $534,463.93 in Underlying Claims That Were Previously Paid by the Debtors

11. A party moving for administrative expense priority treatment bears a heavy burden to establish entitlement to priority treatment. *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006) ("To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.") (citation omitted); *Calpine Corp. v. O'Brien Env't Energy, Inc.* (*In re O'Brien Env't. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999) ("A party seeking payment of costs and fess as an administrative expense must . . . carry the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.") (citation omitted); *In re Bernard Techs., Inc.*, 342 B.R. 174, 177 (Bankr. D. Del. 2006) ("In order to hold administrative expenses to a minimum and to maximize the value of the bankruptcy estate, section 503(b) is narrowly construed.") (citing *Burlington N. R.R. Co. v. Dant & Russell, Inc.* (*In re Dant & Russell, Inc.*), 853 F.2d 700, 706 (9th Cir. 1988)); *Woburn Assocs. v. Kahn* (*In re Hemingway Transp., Inc.*), 954 F.2d 1, 4–5 (1st Cir. 1992) ("The traditional presumption favoring ratable distribution among all holders of unsecured claims counsels strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses.") (citing *S. Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985)).

12. To meet its burden, a party moving for payment of an administrative priority claim generally must demonstrate that the claim (i) arises from a post-petition transaction between the party claiming the administrative priority and debtor in possession, and (ii) conferred benefit upon the bankruptcy estate. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (citing *In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005)). Here, Korea Trade cannot meet its burden because most of the remaining claim has already been paid.

13. Korea Trade's $661,114.61 claim was partially satisfied on or about the dates set forth below through wire transfers aggregating $524,463.93, which payments were made in full or partial satisfaction of the specific invoices identified and highlighted therein.

| Invoice No. | Amount | Corresponding Purchase Orders From Molax / Korea Trade Invoices | Date Paid |
|---|---|---|---|
| 10606820 | $936.00 | 708160 | 9/13/2024 |
| 10606821 | $98,794.80 | 708159 | 9/13/2024 |
| 10606822 | $36,091.48 | 706949 | 9/13/2024 |
| 10606823 | $16,117.70 | 707751 | 9/13/2024 |
| 10606824 | $1,673.40 | 707932 | 9/13/2024 |
| 10606825 | $144,993.37 | 707934 | 9/13/2024 |
| 10608307 | $60.96 | 709569 | 9/13/2024 |
| 10608308 | $34.32 | 709995 | 9/13/2024 |
| 10608476 | $10,132.14 | 709570 | 9/13/2024 |
| 10608478 | $22,921.00 | 709566 | 9/13/2024 |
| 10608480 | $17,320.00 | 709164 | 9/13/2024 |
| 10608481 | $30,030.00 | 708054 | 9/13/2024 |
| 10608482 | $30,713.76 | 708953 | 9/13/2024 |
| 10608483 | $42,555.00 | 708186 | 9/13/2024 |
| 10608484 | $11,250.00 | 706985 | 9/13/2024 |
| 10608485 | $25,200.00 | 706989 | 9/13/2024 |
| 10608486 | $28,350.00 | 706775 | 9/13/2024 |
| 10608487 | $7,290.00 | 706446 | 9/13/2024 |
| Total | $524,463.93 | | |

*See* Declaration ¶ 3.

56114871.9 08/28/2025

14. Each of the foregoing payments were made prior to January 8, 2025, the date on which Korea Trade filed its *Notice of Partial Transfer of Claim*, evidencing the transfer of a portion of Molax's claim. *See* D.I. 1207. The Debtors' books and records establish that such payments were remitted to MGF Korea, Molax's buying and sourcing agent, which was the entity consistently and customarily paid by the Debtors in the ordinary course of their prior business dealings with Molax. *See* Declaration ¶ 4. Accordingly, Korea Trade cannot seek amounts that have already been satisfied, well before the filing of the notice of transfer of claim.

## CONCLUSION

15. Korea Trade's asserted Administrative Claim should be reduced by $524,463.93, with only $141,650.68 allowable as an administrative expense claim.

Dated: August 28, 2025

**SAUL EWING LLP**

*Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email: luke.murley@saul.com

  -and-

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Brendan M. Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email: bscott@klestadt.com
       creilly@klestadt.com

*Counsel for the Plan Administrator*