## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc., *et al.*,[1] | Case No. 24-10831 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 1, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: September 24, 2025 at 4:00 p.m. (ET)** |

### PLAN ADMINISTRATOR'S MOTION FOR ISSUANCE OF FINAL DECREE AND ORDER CLOSING CERTAIN CHAPTER 11 CASES

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), closing all of the Debtors' chapter 11 cases (the "Closed Cases") other than the case of EXP OldCo Winddown, Inc. (the "Remaining Case").  In support of this Motion, the Plan Administrator respectfully states as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]    The Debtors in in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are EXP OldCo Winddown, Inc. (8128), Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382).

2.      The statutory predicates for the relief requested herein are sections 350(a) and 1101(2) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.      On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4.      On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

5.      Pursuant to Article IV.J of the Plan, the Wind-Down Debtors have authority to "file a motion for entry of an order closing some or all of the Chapter 11 Cases of the Debtors, as appropriate at any given time." Pursuant to Article VII.A.2(xxiv) of the Plan, the Plan Administrator has the power to undertake all "administrative functions" and duties of the Wind-Down Debtors under the Plan, including "overseeing the closing of the Chapter 11 Cases."

6.      The effective date of the Plan occurred on December 31, 2024 (the "Effective Date") [D.I. 1190].

7.      Since the Effective Date, the Plan Administrator has worked to fulfill his commitments and responsibilities under the Plan, which include administration of the estates,

objections to claims, reconciliation of claims, and resolution of claims disputes, and distributions on allowed administrative and priority claims.

8.      The Plan Administrator has filed several omnibus objections to claims [D.I. 1315, 1316, 1333, 1370, 1422], which resulted in the disallowance of over $350 million in claims filed against the Debtors.

9.      The Plan Administrator seeks to close the Closed Cases for administrative purposes only.  Such closures do not affect the Wind-Down Debtors' substantive rights with respect to these entities.  Similarly, the closing of the Closed Cases does not affect creditors of the Closed Cases, since the estates are substantively consolidated for distribution purposes.  See, e.g., Plan Art. V.K. ("This Plan provides for consolidation of the Debtors solely for purposes of voting, confirmation, and distribution, but not for any other purpose.").

## RELIEF REQUESTED

10.     By this Motion, pursuant to sections 350 and 1101 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, the Plan Administrator seeks entry of a final decree (a) closing the Debtors' chapter 11 cases except for the Remaining Case; (b) providing that, subsequent to entry of a final decree, any pending or future matters shall be addressed in the Remaining Case; (c) waiving certain reporting requirements; (d) amending the case caption; and (e) granting related relief.

11. The Plan Administrator proposes that the revised case caption read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | |

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) were closed as of October [•], 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

## **BASIS FOR RELIEF REQUESTED**

12. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."[2] 11 U.S.C. § 350. Rule 3022 of the Bankruptcy Rules further provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Similarly, Local Rule 3022-1 permits a party-in-interest to move for a final decree once a debtor's case has been "fully administered." See Local Rule 3022-1(a).

13. Neither the Bankruptcy Code nor the Bankruptcy Rules provide a precise definition of the term "fully administered." The Advisory Committee Note to Rule 3022 states that:

> [f]actors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the

[2] The status of a debtor-in-possession as a trustee normally is deemed terminated upon confirmation of the plan of reorganization. See In re Jay Bee Enter., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

> plan has become final; (2) whether deposits required by the plan have been
> distributed; (3) whether the property proposed by the plan to be transferred
> has been transferred; (4) whether the debtor or the successor of the debtor
> under the plan has assumed the business or management of the property
> under the plan; (5) whether payments under the plan have commenced; and
> (6) whether all motions, contested matters, and adversary proceedings have
> been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

14.     Bankruptcy courts, including in this district, tend to look to the above six factors to determine whether a case has been "fully administered." See e.g., In re SLI, Inc., No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); In re Ginko Assocs., L.P., No. 05-19436BF, 2009 WL 2916917, at *2 (Bankr. E.D. Pa. June 25, 2009). Notably, "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before a case is closed." Id.; see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); Walnut Assocs. v. Saidel, 164 B.R 487, 493 (E.D. Pa. 1994) (citing In re Mold Makers, Inc., 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

15.     In addition to the factors set forth above, courts have considered whether a debtor's chapter 11 plan has been substantially consummated in determining whether a case has been fully administered. See In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("In addition, several courts have concluded that a Chapter 11 case should be considered "fully administered" when it reaches the point of substantial consummation."). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as:

> (A) transfer of all or substantially all of the property proposed by the
> plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

16.     Based upon the factors outlined above, the Plan Administrator submits that the Closed Cases are fully administered.  Specifically, the Confirmation Order is final; the Effective Date of the Plan has occurred; all of the Debtors' property has been transferred or otherwise vested in the Wind-Down Debtors pursuant to the Plan; distributions under the Plan have commenced and no unresolved motions, contested matters, or adversary proceedings remain in the Closed Cases.  Additionally, the Debtors' businesses were sold, and the Plan Administrator is not operating any businesses.  See D.I. 471.

17.     The Plan Administrator seeks to close the Closed Cases only for administrative purposes and such closures would not affect the Wind-Down Debtors' or Plan Administrator's substantive rights with respect to these entities.  Closing the Closed Cases will have no impact on the resolution of any remaining claims or distributions, the Plan Administrator or any other party in interests' ability to bring claims, or the substantive rights of the Plan Administrator or any other party in interest. However, the Plan Administrator will save certain costs and administrative expenses by closing the Closed Cases, which will benefit all of their stakeholders.

18.     While the Plan Administrator acknowledges that the payment of certain claims is pending in accordance with the Plan, the Plan Administrator submits that such claims will be paid through the Remaining Case in accordance with the terms of the Plan.  Furthermore, the entry of final decrees closing the Closed Cases is without prejudice to creditors' rights to petition the Court to reopen any of the Closed Cases pursuant to section 350(b) of the Bankruptcy Code.

19.     The Proposed Order submitted herewith provides for this Court to retain jurisdiction for the following purposes: (a) to permit the Court to enforce any of its orders; (b) to enforce the terms and conditions of the Plan; and (c) to consider any proper requests to reopen any of the Closed Cases under section 350(b) of the Bankruptcy Code.  Thus, the closing of the Closed Cases under section 350(a) does not foreclose the possibility of completing additional administration of the Closed Cases should the need arise.  See In re Gates Community Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[T]he entry of a final decree in no way completely deprives the court of jurisdiction to reopen the case, enforce or interpret an Order or determine a pertinent issue.").

20.     In accordance with Local Rule 3022-1(a), the Plan Administrator requests permission to file a verified final report describing the fees and expenses awarded to the retained professionals that rendered services during the chapter 11 cases at a later date in connection with the motion to close the Remaining Case, which will permit the Debtors to more efficiently present such information and reduce unnecessary administrative expenses.

## **RESERVATION OF RIGHTS**

21.     The Plan Administrator reserves the right to reopen the Closed Cases as it may be appropriate and necessary.

## **NOTICE**

22.     As required by Local Rule 3022-1(a)(i), notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware, and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Plan Administrator respectfully requests entry of a final decree, substantially in the form attached hereto as **Exhibit A:** (i) closing the Closed Cases and (ii) granting the Plan Administrator such other and further relief as is just and proper.

Dated: September 10, 2025

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
    Lucian B. Murley (DE Bar No. 4892)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6898
    Email:    luke.murley@saul.com

    -and-

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Brendan M. Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email:    bscott@klestadt.com
            creilly@klestadt.com

*Counsel for the Plan Administrator*