## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Hearing Date: November 18, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: October 28, 2025 at 4:00 p.m. (ET)** |

### SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

**(Amended Claims, Duplicate Claims, Late-Filed Claims, Overstated Claims, Insufficient Documentation Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW SCHEDULES 1–5 TO THE PROPOSED ORDER TO DETERMINE IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") respectfully states as follows in support of this seventh omnibus objection to claims (this "Objection").

### Relief Requested

1. The Plan Administrator respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

---

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

(a)     disallowing and expunging each proof of claim identified on
Schedule 1 to the Proposed Order in the column titled "Amended
Claim to be Expunged" because each proof of claim has been
amended and superseded by a subsequently filed claim, as identified
on Schedule 1 to the Order in the column titled "Remaining Claim
Number" (the "Amended Claims");

(b)     disallowing and expunging each proof of claim identified on
Schedule 2 to the Proposed Order in the column titled "Duplicate
Claim to be Expunged" because each proof of claim is an exact
duplicate of another proof of claim filed by the same claimant in
respect of the same liabilities, as identified on Schedule 2 to the
Order in the column titled "Remaining Claim Number" (the
"Duplicate Claims");

(c)     disallowing and expunging each proof of claim identified on
Schedule 3 to the Proposed Order (the "Late-Filed Claims") because
each proof of claim was not received by the Debtors' Claims Agent
(as defined below) by the applicable bar date as set forth in the Bar
Date Order (as defined below);

(d)     disallowing and expunging in part each proof of claim identified
Schedule 4 to the Proposed Order (the "Overstated Claims")
because each proof of claim was filed without sufficient
documentation to substantiate the full amount of the claim asserted
therein, and, as to which the Debtors' Books and Records (as defined
herein) do not demonstrate any basis for a portion of the claim; and

(e)     disallowing and expunging each proof of claim identified on
Schedule 5 to the Proposed Order (the "Insufficient Documentation
Claims," and together with the Amended Claims, the Duplicate
Claims, the Late-Filed Claims, and the Overstated Claims, the
"Disputed Claims") because each proof of claim was filed without
sufficient documentation to substantiate the claim asserted therein
and, as to which, the Debtors' Books and Records (as defined herein)
do not demonstrate any basis for the claim.

2.      In support of this Objection, the Plan Administrator relies on the declaration of
Arthur Almeida (the "Almeida Declaration"), attached hereto as **Exhibit B**. This Objection
complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure
of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Plan Administrator confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

## Background

6.      On April 22, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Case was jointly administered with the cases of the other Debtors pursuant to Bankruptcy Rule 1015(b), until those cases were closed on September 29, 2025.

7.      Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims and shall retain and enforce such Causes of Action (as defined in the Plan). In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

8.      Article IV.K of the Plan provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors for distribution purposes.

9.      On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in the Chapter 11 Case. The Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Case; and (b) October 22, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in the Chapter 11 Case.

10.      Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

11.      Proofs of Claim against the Debtors are recorded on the official claims register (the "Claims Register") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in the Chapter 11 Case (the "Claims Agent").

56380462.6

12.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

13.     To date, approximately 1,861 Proofs of Claim have been filed. The Plan Administrator, together with his advisors, are in the process of reviewing the Proofs of Claim.

**Basis for Objection**

14.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of

his or her claim by a preponderance of the evidence. *Id.* at 173. The burden of persuasion is always on the claimant. *Id.*

## I.      Amended Claims

15.      The Plan Administrator has identified six Amended Claims listed on <u>Schedule 1</u> annexed to the Proposed Order, in the aggregate claimed amount of $867,886.35, as identified in the column labeled "Amended Claim to be Expunged." The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim, as reflected in the column labeled "Remaining Claim Number" on <u>Schedule 1</u> annexed to the Proposed Order (each, an "<u>Amended Remaining Claim</u>"). The Amended Claims remain on the Claims Register only as a technicality and may be eliminated without affecting such claimants' underlying claims.

16.      Failure to disallow and expunge the Amended Claims could potentially result in these claimants receiving an unwarranted double recovery on both the Amended Claim and the Amended Remaining Claim, to the detriment of other creditors and parties in interest. Accordingly, the Plan Administrator requests entry of an order disallowing and expunging the Amended Claims in their entirety. Such relief will not prejudice these claimants because they will continue to hold their Amended Remaining Claim, subject to the Plan Administrator's rights to object to each of the Amended Remaining Claims on any other grounds that the Plan Administrator discovers or elects to pursue.

## II.     Duplicate Claims

17.      The Plan Administrator has identified four Duplicate Claims listed on <u>Schedule 2</u> annexed to the Proposed Order, in the aggregate claimed amount of $2,380,400.53, as identified in the column labeled "Duplicate Claim to be Expunged." The Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the

same alleged liabilities, as reflected in the column labeled "Remaining Claim Number" (each, a "Duplicate Remaining Claim," and with the Amended Remaining Claims, the "Remaining Claims").

18.     Pursuant to Article VI.B of the Plan, the Duplicate Claims "shall be deemed disallowed" and only one claim may remain potentially valid.  Failure to disallow the Duplicate Claims will result in double recoveries to the claimants on the same alleged obligation or debt, contrary to the plan. Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors. Accordingly, the Plan Administrator seeks an order disallowing and expunging each of the Duplicate Claims in their entirety.

19.     Any disallowance or expungement of the Duplicate Claims will not affect the Duplicate Remaining Claims which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Plan Administrator's right to object to each of the Proofs of Claim on any other grounds that the Plan Administrator discovers or elects to pursue.

**III.    Late-Filed Claims**

20.     The Plan Administrator has identified five Late-Filed Claims listed on Schedule 3 annexed to the Proposed Order, in the aggregate claimed amount of $40,467.64. As more fully explained on Schedule 3 annexed to the Proposed Order, the Plan Administrator objects to the Late-Filed Claims. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Late-Filed Claims were not timely filed. Rather, the Late-Filed Claims (a) arose before the Petition Date, (b) were subject to the Claims Bar Date and the Governmental Bar Date, and (c) were filed

after the each of these applicable bar dates. Moreover, the Plan Administrator believes that each claimant asserting a Late-Filed Claim was provided timely notice of the Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Claims Bar Date and the Governmental Bar Date. Accordingly, the Plan Administrator requests that the Court disallow and expunge the Late-Filed Claims.

## IV.    Overstated Claims

21.    The Plan Administrator has identified two Overstated Claims listed on <u>Schedule 4</u> annexed to the Proposed Order. As more fully explained on <u>Schedule 4</u> annexed to the Proposed Order, the Plan Administrator objects to the Overstated Claims. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Overstated Claims reflect Proofs of Claim that were filed without sufficient documentation to substantiate the full amount sought in that Proof of Claim asserted therein as required by Bankruptcy Rule 3001. In addition, the Plan Administrator has reviewed the Debtors' Books and Records and, after reasonable efforts, has been unable to locate any information or documentation that would substantiate the full amount of the Overstated Claims.

22.    The Overstated Claims must be reduced in value to prevent an unwarranted recovery by the claimants to the detriment of other similarly situated creditors. The Plan Administrator requests that the Court disallow in part the Overstated Claims identified on <u>Schedule 4</u> annexed to the Proposed Order.

## V.    Insufficient Document Claims

23.    The Plan Administrator has identified seventy-six Insufficient Documentation Claims listed on <u>Schedule 5</u> annexed to the Proposed Order, in the aggregate claimed amount of

56380462.6

$4,414,514.76. As more fully explained on <u>Schedule 5</u> annexed to the Proposed Order, the Plan Administrator objects to the Insufficient Documentation Claims. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Insufficient Documentation Claims reflect Proofs of Claim that were filed without sufficient documentation to substantiate the Proofs of Claim asserted therein as required by Bankruptcy Rule 3001. In addition, the Plan Administrator has reviewed the Debtors' Books and Records and, after reasonable efforts, has been unable to locate any information or documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.

24.     Certain Proofs of Claim assert amounts for goods that were ordered by or shipped to a non-debtor. The holders of these claims did not assert a valid basis as to why the Debtors would be liable for goods ordered by or shipped to a non-debtor third party. As such, those Proofs of Claim were filed without sufficient documentation to substantiate the amounts asserted against the Debtors. The Insufficient Documentation Claims therefore fail to provide *prima facie* evidence of the validity and amount of the claims they assert, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f). Accordingly, the Plan Administrator seeks an order disallowing and expunging each of the Insufficient Documentation Claims in their entirety.

## <u>Separate Contested Matters</u>

25.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on <u>Schedule 1</u>, <u>Schedule 2</u>, <u>Schedule 3</u>, <u>Schedule 4</u>, or <u>Schedule 5</u> annexed to the Proposed Order and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court

56380462.6

regarding a claim referenced in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## Reservation of Rights

26.     The Plan Administrator hereby reserves his right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1, Schedule 2, Schedule 3, Schedule 4, or Schedule 5 annexed to the Proposed Order on any additional grounds, prior to the hearing before the Court on this Objection, if any; provided, however, that nothing in this Objection shall affect the Plan Administrator's right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

## Statement of Compliance with Local Rule 3007-1

27.     Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Plan Administrator pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as

56380462.6

to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Plan Administrator or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## Notice

28.     The Plan Administrator will provide notice of this Objection to: (a) the United States Trustee; (b) the holders of the Disputed Claims and their counsel; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

Dated: October 7, 2025

**SAUL EWING LLP**

By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email:     luke.murley@saul.com

-and-

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Brendan M. Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email:     bscott@klestadt.com
            creilly@klestadt.com

*Counsel for the Plan Administrator*

56380462.6