**Exhibit B**


**Almeida Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | |

**DECLARATION OF ARTHUR ALMEIDA IN SUPPORT OF
SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B)
AND 503(B), BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

I, Arthur Almeida, hereby submit this declaration (the "Declaration") under penalty of perjury:

1.      I am a Senior Associate at Province LLC ("Province"), which acts as financial adviser to Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor") and certain of its affiliates (collectively, the "Debtors") in the above-captioned chapter 11 case (the "Chapter 11 Case").

2.      I have reviewed and am familiar with the contents of the *Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "Objection").[2] I submit this Declaration in support of the Objection.

---

[1]     The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2]     Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, formed after a review of the Debtors' Books and Records and applicable Proofs of Claim filed against the Debtors' estates by myself or others at Province under my supervision. I am over eighteen (18) years of age, and I am authorized to submit the Declaration on behalf of the Plan Administrator and Province. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated above.

4.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Schedule 1 to the Proposed Order are claims that have been amended and superseded by subsequently filed Proofs of Claim against the Debtors by or on behalf of the same claimant in respect of the same liabilities.

5.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Schedule 2 to the Proposed Order are duplicates of another claim filed by or on behalf of the same claimant in  respect of the same liability.

6.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Schedule 3 to the Proposed Order are claims that were filed after the passage of the applicable bar date as set forth in the Bar Date Order.

7.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on Schedule 4 to the Proposed Order are not supported by sufficient documentation or information to support the full amount of the claim. In evaluating the Overstated Claims, I have (a) reviewed the claim and all supporting information and documentation provided therewith, if any; (b) made reasonable efforts to research the claim

on the Debtors' Books and Records; and (c) determined that the provided documentation does not provide *prima facie* evidence of the validity and amount of a portion of the claim.

8.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the claims identified on <u>Schedule 5</u> to the Proposed Order are not supported by sufficient documentation or information. In evaluating the Insufficient Documentation Claims, I have (a) reviewed the claims and all supporting information and documentation provided therewith, if any; (b) made reasonable efforts to research the claims on the Debtors' Books and Records; and (c) determined that the provided documentation does not provide *prima facie* evidence of the validity and amount of the claims.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct.

Executed on October 7, 2025

By: */s/ Arthur Almeida*
                Arthur Almeida
                Province LLC