## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Hearing Date: November 18, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: October 28, 2025 at 4:00 p.m. (ET)** |

**EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT
TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES
3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

**The substantive rights of those parties receiving this objection may be affected by the
objection and by any further objection that may be filed.**

**(Misclassified Claims, Overstated Claims, Overstated and Misclassified Claim,
and No Liability Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW
> SCHEDULES 1–4 TO THE PROPOSED ORDER TO DETERMINE
> IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for

the above-captioned debtor (the "Debtor") in the above-captioned chapter 11 case (the "Chapter

11 Case") respectfully states as follows in support of this eighth omnibus objection to claims (this

"Objection").

---

[1]     The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

**<u>Relief Requested</u>**

1.     The Plan Administrator respectfully requests entry of an order substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), modifying the priority status of each proof of claim identified on <u>Schedule 1</u> to the Proposed Order (the "<u>Misclassified Claims</u>"), disallowing in part each proof of claim identified on <u>Schedule 2</u> of the Proposed Order (the "<u>Overstated Claims</u>"), modifying the priority status and disallowing in part the proof of claim identified on <u>Schedule 3</u> of the Proposed Order (the "<u>Overstated and Misclassified Claim</u>"), and disallowing and expunging each proof of claim identified on <u>Schedule 4</u> of the Proposed Order because each proof of claim asserts a claim for which the Plan Administrator believes the Debtors are not liable based on the supporting documentation attached thereto and a reasonable review of the Debtors' Books and Records (as defined below) (the "<u>No Liability Claims</u>," and together with the Misclassified Claims, the Overstated Claims, and the Overstated and Misclassified Claim, the "<u>Disputed Claims</u>").

2.     In support of this Objection, the Plan Administrator relies on the declaration of Arthur Almeida (the "<u>Almeida Declaration</u>"), attached hereto as **Exhibit B**. This Objection complies in all respects with Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

**<u>Jurisdiction and Venue</u>**

3.     The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Plan Administrator confirms his consent, pursuant to Local Rule 9013-1(f), to the entry of

56382254.7

a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

### Background

6.      On April 22, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Case was jointly administered with the cases of the other Debtors pursuant to Bankruptcy Rule 1015(b), until those other cases were closed on September 29, 2025.

7.      On June 13, 2024 the Debtor and its affiliates filed the *Revised Notice of Selection of Stalking Horse Bidder* [D.I. 460], which contained an asset purchase agreement attached thereto as Exhibit A (the "APA") for the sale of certain assets to Phoenix Retail, LLC ("Phoenix") and EXPWHP, LLC (collectively with Phoenix, the "Purchaser"). On June 14, 2024 the Court entered the *Order (I) Approving Asset Purchase Agreement; (II) Authorizing and Approving Sale of Certain Assets of Debtors Pursuant to Section 363 of the Bankruptcy Code Free and Clear of All Liens, Claims, Interests, and Encumbrances; (III) Approving the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code; (IV) Authorizing the Debtors to Consummate Transactions Related to the Above; and (V) Granting Related Relief* [D.I. 471] (the "Sale Order") approving the APA.

8.     On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

9.     Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims and shall retain and enforce such Causes of Action (as defined in the Plan). In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

10.     On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in the Chapter 11 Case.  The Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Case; and (b) October 22, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in the Chapter 11 Case.

11.     Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

12.     Proofs of Claim against the Debtors are recorded on the official claims register (the "Claims Register") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in the Chapter 11 Case (the "Claims Agent").

13.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

14.     To date, approximately 1,861 Proofs of Claim have been filed. The Plan Administrator, together with his advisors, are in the process of reviewing the Proofs of Claim.

## **Basis for Objection**

15.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Pursuant to section 502(b) of the Bankruptcy Code:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

16.     The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 173. The burden of persuasion is always on the claimant. *Id*.

17.     Certain Proofs of Claim assert claims for goods, raw materials, goods in progress, and/or canceled orders that were not shipped to the Debtors. The holders of these claims did not assert a valid basis as to why the Debtors would be liable for such unshipped goods, and therefore such claims should not be allowed against the Debtors' estates. Pursuant to sections 2-503 and 2-511 of the Uniform Commercial Code (the "UCC"), a buyer is obligated to pay for goods that have been delivered by the seller. Section 2-711 of the UCC outlines that "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved, . . .  the buyer may cancel . . . ." Similarly, article 53 of the United Nations Convention on Contracts for the International Sale of Goods (the "CISG") requires

"[t]he buyer must pay the price for the goods and take delivery of them as required by the contract and this Convention." Article 49 the CISG advises, "(1) [t]he buyer may declare the contract avoided: . . . (b) in case of non-delivery, if the seller does not deliver the goods within the additional period of time fixed by the buyer in accordance (1) of article 47 or declares that he will no deliver within the period so fixed." Even assuming, for purposes of argument, the subject Proofs of Claim validly asserted a claim for unshipped goods, a seller is obligated to mitigate its damages for such goods. *See, e.g.,* UCC § 2-703; CISG art. 77. None of the Proofs of Claim describe any mitigation efforts.

## I.    Misclassified Claims

18.    Upon reviewing certain Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Plan Administrator has identified six Misclassified Claims listed on <u>Schedule 1</u> annexed to the Proposed Order. The Misclassified Claims are those that have been filed with an improper classification according to information included in the claims and/or the Debtors' Books and Records. Each of the Misclassified Claims has been filed as including either an "administrative" and/or "priority" claim. Certain of these claims assert a right to priority where none exists, either without identifying a basis for priority status or by erroneously asserting a basis for priority under Bankruptcy Code section 507.

19.    With respect to amounts asserted pursuant to section 507(a)(4), the Plan Administrator, upon review of each Misclassified Claim and all supporting information and documentation therewith, and in conjunction with the Debtors' Books and Records, has determined that several claims either (i) were not for services performed prepetition by an employee or (ii)

56382254.7

exceeded the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code. As such, these claims (or the relevant portions of such claims) are not entitled to priority under section 507(a)(4).

20.     Based on the Plan Administrator's review of the Misclassified Claims and the Debtors' Books and Records, the Plan Administrator has determined that the claims, or portions of the claims, should be reclassified as general unsecured claims. Failure to reclassify the Misclassified Claims would award certain claimants undue priority, to the detriment of other creditors and parties in interest in the Chapter 11 Case. Accordingly, the Plan Administrator respectfully requests that the Misclassified Claims listed on Schedule 1 annexed to the Proposed Order be reclassified as general unsecured claims or in the manner otherwise specified therein pursuant to section 502 of the Bankruptcy Code.

## II.     Overstated Claims

21.     Upon reviewing certain Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Plan Administrator has identified nineteen Overstated Claims listed on Schedule 2 annexed to the Proposed Order. The Overstated Claims are claims that the Plan Administrator, upon review of the Overstated Claims and all supporting information and documentation therewith, and in conjunction with the Debtors' Books and Records, has determined must be reduced in value because the values have been overstated. Accordingly, to prevent an unwarranted recovery by the claimant to the detriment of other similarly situated creditors, the Plan Administrator requests that the Court disallow in part the Overstated Claims identified on Schedule 2 annexed to the Proposed Order.

22.     Certain portions of certain Overstated Claims were assumed business liabilities by the Purchasers pursuant to section 1.4 of the APA. Accordingly, the Debtors have no liability for portions of the Overstated Claims that were assumed liabilities by the Purchasers.

56382254.7

### III.    Overstated and Misclassified Claim

23.    Upon reviewing certain Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Plan Administrator has identified an Overstated and Misclassified Claim listed on <u>Schedule 3</u> annexed to the Proposed Order. To avoid awarding undue priority and an unwarranted recovery, to the detriment of other creditors and parties in interest in the Chapter 11 Case, the Plan Administrator requests that the Overstated and Misclassified Claim identified on <u>Schedule 3</u> annexed to the Proposed Order be reclassified as a general unsecured claim or in the manner otherwise specified therein pursuant to section 502 of the Bankruptcy Code and it be disallowed in part.

### IV.    No Liability Claims

24.    Upon reviewing certain Proofs of Claim filed against the Debtors, supporting documentation attached thereto, and the Debtors' Books and Records, the Plan Administrator has identified eleven No Liability Claims listed on <u>Schedule 4</u> annexed to the Proposed Order, in the aggregate claim amount of $5,336,155.85. Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Debtors are not liable for the No Liability Claims.

25.    Accordingly, to prevent an unwarranted recovery by the claimants to the detriment of other similarly situated creditors, the Plan Administrator requests that the Court disallow and expunge the No Liability Claims from the Claims Register. Disallowance of the No Liability Claims will not prejudice parties holding No Liability Claims because such claimants are not owed anything on account of their No Liability Claims. Further, the Plan Administrator will be able to maintain a more accurate Claims Register, which promotes efficient administration of the Chapter 11 Case.

56382254.7

26.     Accordingly, the Plan Administrator requests that the Court enter an order disallowing the No Liability Claims identified on <u>Schedule 4</u> to the Proposed Order in their entirety.

## <u>Separate Contested Matters</u>

27.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on <u>Schedule 1</u>, <u>Schedule 2</u>, <u>Schedule 3</u>, and <u>Schedule 4</u> annexed to the Proposed Order and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding a claim referenced in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## <u>Reservation of Rights</u>

28.     Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Plan Administrator pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as

56382254.7

to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Plan Administrator or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**<u>Statement of Compliance with Local Rule 3007-1</u>**

29.     Counsel for the Plan Administrator has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

**<u>Notice</u>**

30.     The Plan Administrator will provide notice of this Objection to: (a) the United States Trustee; (b) the holders of the Disputed Claims and their counsel; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>"). In light of the nature of the relief requested, no other or further notice need be given.

Dated: October 7, 2025          **SAUL EWING LLP**

By: */s/ Lucian B. Murley*
    Lucian B. Murley (DE Bar No. 4892)
    1201 N. Market Street, Suite 2300
    P.O. Box 1266
    Wilmington, DE 19899
    Telephone: (302) 421-6898
    Email:    luke.murley@saul.com

      -and-

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Brendan M. Scott
Christopher Reilly
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email:    bscott@klestadt.com
         creilly@klestadt.com

*Counsel for the Plan Administrator*

56382254.7