RECEIVED
2025 OCT 15 AM 9:44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF
DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: Nov. 18, 2025 at 9:30 a.m. (EST)**<br>**Objection Deadline: Nov. 11, 2025 at 4:00 p.m. (EST)** |

## MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY

Comes now Claimant, CHEO WATERS, and moves the Court for partial relief from the Automatic Stay provision of 11 U.S.C. §362(a), and in support of this Motion alleges:

1.      That the Claimant, CHEO WATERS, sustained injuries as a result of an incident, which occurred on August 26, 2023 at approximately 3:44p.m. at an EXPRESS retail clothing store located in the Castleton Square Mall and located at or about 6020 E. 82nd Street, in Marion County, in the City of Indianapolis, State of Indiana.

2.      That following the August 26, 2023 incident, by October 23, 2023, CHEO WATERS through his counsel, LEE, COSSELL & FEAGLEY, LLP had been in contact with representatives of EXPRESS through their authorized third-party claims administrator, Corvel Corporation, and thereby EXPRESS had notice of CHEO WATERS's claim.

3. That on or about April 22, 2024, each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. That on or about April 28, 2024, the Corvel Corporation representative of EXPRESS advised that CHEO WATERS's claim against the Debtor may be "placed on hold" pending

approval of the bankruptcy.

5. That CHEO WATERS never received formal notice that the bankruptcy had been approved.

6. That CHEO WATERS learned of the bankruptcy approval on February 12, 2025.

7. That immediately upon learning of the bankruptcy approval on February 12, 2025, CHEO WATERS promptly filed his proof of claim.

8. That on or about April 11, 2025, the debtors filed their Fourth Omnibus (Non-substantive) objection to claims and identified CHEO WATERS's claim as a late-filed claim.

9. That on or about May 2, 2025, CHEO WATERS filed his brief in opposition to Debtor's objection to his late-filed claim.

10. That on or about May 14, 2025, the debtors filed their Notice of withdrawal of fourth Omnibus objection with respect to Claim No. 1842 of CHEO WATERS.

11. That the applicable statute of limitations in Indiana for tort claims such as the negligence claimed asserted against EXPRESS by CHEO WATERS is two years which time period would expire on or about August 23, 2025 and which date has passed.

12. That due to the rapidly approaching statute of limitations, on or about August 11, 2025, CHEO WATERS filed a complaint for damages against EXPRESS, INC. and/or EXP OldCo Winddown, Inc. and/or any unknown business or entity dba EXPRESSS in Marion County Superior Court No. 6 under cause no. 49D06-2508-CT-038074.

13.     That the claim in the Cause No. 49D06-2508-CT-038074 arises out of a negligence and premises liability claim. (**See Complaint for Damages Attached as Exhibit "A"**).

14.     That CHEO WATERS now seeks partial relief from the automatic stay, in order

to effectuate service on the Debtors and to toll the applicable statute of limitations.

15. That CHEO WATERS resides in Indianapolis, Indiana and thereby requests to be allowed to attend the hearing scheduled for November 18, 2025 at 9:30 a.m. remotely.

**WHEREFORE**, Claimant requests the Court to grant their Motion for Partial Relief from Automatic Stay provisions of the Bankruptcy Code, and permit him to effectuate service on the debtor of the claim pending in Marion County Superior Court under Cause No. 49D06-2508-CT-038074, that claimant be allowed to participate in the November 18, 2025 hearing remotely, and grant all other relief just and proper in the premises.

Respectfully submitted,

DocuSigned by:
*Cheo Waters*
822C119CD2B3468...
Cheo Waters

Cheo Waters
8413 Stone Ferry Road
Indianapolis, IN 46278
(317) 790-9890 telephone
cheowaters@signaturestaffs.com

49D06-2508-CT-038074

Marion Superior Court 6

Filed: 8/11/2025 2:16 PM
Clerk
Marion County, Indiana

# EXHIBIT A

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

CHEO WATERS,                                         )
                                                                    )
        Plaintiff,                                           )
                                                                    )
vs.                                                              )
                                                                    )
EXPRESS, INC., and/or EXP OldCo Winddown,  )
Inc., and/or any unknown business or entity dba  )
EXPRESS,                                                  )
                                                                    )
        Defendant.                                         )

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, CHEO WATERS, (hereinafter "WATERS"), by Counsel, and for a cause of action against the Defendant, EXPRESS, INC. and/or EXO OldCo Winddown, Inc. and/or any unknown business or entity dba EXPRESS, (hereinafter "EXPRESS"), and states:

1.  That WATERS, at all times relevant and material to this action, resided in Marion County, in the city of Indianapolis, State of Indiana.

2.  That EXPRESS, at all times relevant and material to this action, was a foreign for-profit corporation doing business in Marion County, in the city of Indianapolis, State of Indiana.

3.  That at all times relevant and material herein, EXPRESS operated a retail clothing store, located in the Castleton Square Mall and located at or about 6020 E. 82nd Street, in Marion County, in the city of Indianapolis, State of Indiana.

4.  That on August 26, 2023, at approximately 3:44 p.m., WATERS was a business guest and/or invitee of EXPRESS, whom was present in their retail clothing store located at or about 6020 E. 82nd Street, in Marion County, in the city of Indianapolis, State of Indiana, within

the Castleton Square Mall, for purposes related to their business of retail sales of clothing.

5. That as WATERS was shopping within the EXPRESS store as aforesaid, he reached up to take a jacket off of an elevated clothing rack, when suddenly and without warning, a metal end cap and/or sign fell off of the end of the clothing rack and fell striking WATERS in the face.

6. That upon information and belief, at the time the metal end cap and/or sign fell from the end of the clothing rack, the metal end-cap and/or sign had not been properly or fully inserted into the end cap so as to prevent the same from creating an inherent risk of injury to shoppers, customers and/or business guests such as WATERS.

7. That at said place and time, the metal end cap and/or sign which had not been fully or properly inserted or secured to the end of the clothing rack created an inherently dangerous condition to shoppers, customers and/or business guests such as WATERS, which condition would not have been known or readily ascertainable by shoppers, customers and/or business guests such as WATERS.

8. That at said place and time, EXPRESS breached the applicable duty of care and was careless and negligent and/or reckless in one or more of the following ways:

   a. They failed to maintain the premises of their retail store in a reasonably safe condition for use by their business guests including failing to ensure that the end-caps and/or signs were properly or fully secured to the clothing racks;

   b. They failed to properly train and/or supervise their employees with regard to proper insertion and/or securing of the end-caps and/or signs into the clothing racks;

   c. They failed to provide notice to shoppers, customers and/or business guests such as WATERS of the dangerous condition of the end-cap and/or sign not being fully inserted into the clothing rack;

   d. They failed to properly inspect the premises of their store for inherently

    dangerous conditions such as the the end-cap and/or sign not being fully inserted into the clothing rack;

  e. They were otherwise careless or negligent which caused the incident and resultant injury to the Plaintiff, WATER as a result of the end-cap and/or sign not being fully inserted into the clothing rack.

9. That as a result of the end-cap and/or sign falling and striking his person, WATERS sustained injuries and was required to engage in the medical care and treatment of doctors, hospitals, therapists and x-ray technicians, thereby incurring medical expenses.

10. That as a result of the injuries sustained causally related to the incident at issue, WATERS was unable to work for a period of time and thereby lost wages, income and/or time from his employment.

11. That due to the negligence and carelessness of EXPRESS, as aforesaid, WATERS, has been damaged.

12. That EXPRESS through respondeat superior is liable to WATERS for any negligence of it's employees, agents and/or representatives, which negligence occurred within the scope of their employment with EXPRESS and resulted in the injuries and damages to WATERS.

**WHEREFORE**, Plaintiff, CHEO WATERS, by Counsel, hereby respectfully requests that the Court enter an Order of judgment for the Plaintiff, award monetary damages in an amount commensurate with his damages, costs of this action, prejudgment interest, post-judgment interest and all other just and proper relief within the premises.

            Respectfully submitted,

            _/s/ Robert E. Feagley II_
            Robert E. Feagley II, #24872-49
            Attorney for Plaintiff

Nathaniel Lee
Robert E. Feagley II
LEE, COSSELL & FEAGLEY, LLP.
531 E. Market St.
Indianapolis, IN 46204
(317) 631-5151 phone
(317) 682-6477 facsimile
nlee@nleelaw.com
bfeagley@nleelaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF
DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: November 18, 2025 at 9:30 a.m. (EST)<br>Objection Deadline: November 11, 2025 at 4:00 p.m. (EST) |

## ORDER ON MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY TO SERVE DEBTORS

Comes now the Creditor, CHEO WATERS, having requested Partial Relief from Automatic Stay to serve the lawsuit filed against the debtor;

AND THE COURT, having examined said Motion and being duly advised in the premises, grants said Motion;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that creditor, CHEO WATERS is granted partial relief from the automatic stay to the limited extent of serving the lawsuit regarding the claims asserted against the Debtor in the civil action filed in Marion County Superior Court, Civil Division 6, in the State of Indiana under Cause No. 49D06-2508-CT-038074.

ALL SO ORDERED THIS THE _____ DAY OF _____, 20____.

_____
Judge, United States Bankruptcy Court
District of Delaware

RECEIVED

2025 OCT 15  AM 9: 43

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

October 6, 2025

Via Email: helpdeskde@deb.uscourts.gov
And Via Certified Mail/Return Receipt
Article #7021 0950 0001 5876 4753

Clerk,
U.S. Bankruptcy Court
District of Delaware
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

      RE:   In re: EXP OldCo Winddown, Inc., *et al.*,1 Debtors.
               Case No. 24-10831 (KBO)

Dear Clerk:

Enclosed please find the following documents regarding the above case:

1. Cheo Waters Motion for Partial Relief From Stay;
2. Exhibit A, Complaint
3. Proposed Order on Motion for Partial Relief From Stay; and
4. Return envelope for mailing copy if not able to email.

Please cause the same to be FILE MARKED AS OF RECEIPT TODAY, 10/6/25.

                                        Respectfully,
                                        *Cheo Waters*
                                        CHEO WATERS
                                        8413 Stone Ferry Road
                                        Indianapolis, Indiana 46278
                                        (317) 790-9890
                                   Email: cheowaters@signaturestaffs.com

CW:s
cc:    Counsel for Debtors
         luke.murley@saul.com

               oscott@klestadt.com
               creilly@klestadt.com