**EXHIBIT A**

**Proposed Order**

56619797.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Related to Docket Nos. 1506 and ___** |

## ORDER APPROVING STIPULATION RESOLVING
## CHEO WATERS' MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY

Upon consideration of the *Stipulation Resolving Motion for Partial Relief from Automatic Stay* (the "Stipulation"),[2] a copy of which is attached to this order (the "Order") as **Exhibit 1**, as agreed to by and among Cheo Waters and Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator" and collectively with Mr. Waters, the "Parties"), and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Stipulation is approved, and all terms and provisions of the Stipulation are incorporated fully herein.

2. Claim 1842 is hereby (i) deemed to be allowed as a general unsecured claim in the amount of $8,408.72 (the "Allowed Claim"), (ii) which amount shall not be subject to further objection by the Plan Administrator, and (iii) partially disallowed in the amount of $91,591.28.

---

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2] Capitalized terms used but not defined herein shall have the definitions ascribed to them in the Stipulation.

56619797.1

2

3. Within seven days of the entry of this Order, Mr. Waters shall dismiss the State Court Action with prejudice. To the extent that Mr. Waters fails to dismiss the State Court Action as required by this Order, the Plan Administrator's rights are fully reserved, including but not limited to the right to seek damages and sanctions for violation of the automatic stay.

4. The Claims Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

5. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the terms and provisions of the Stipulation.

6. This Court retains jurisdiction to hear and determine all matters arising from and related to the entry of this Order.

56619797.1

# EXHIBIT 1

## Stipulation

56619797.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10831 (KBO) |

## STIPULATION RESOLVING
## MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor") in the above-captioned chapter 11 case, by and through his undersigned attorneys, and Cheo Waters (the "Claimant," and collectively with the Plan Administrator, the "Parties"), by his counsel, enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS**, on the Petition Date of April 22, 2024, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, on December 17, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming The Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1150] (the "Confirmation Order"), approving, among other things, the terms of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (as amended, modified, or supplemented from time to time, the "Plan"); and

**WHEREAS**, the Effective Date of the Plan occurred on December 31, 2024, *see Notice of (I) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [Docket No. 1190]; and

---

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

56619797.1

**WHEREAS**, the Plan and Plan Supplement [Docket No. 1077], as amended, provided for the appointment of Tracy L. Klestadt as the Plan Administrator as of the Effective Date; and

**WHEREAS**, the Plan provides that the Plan Administrator shall have authority to review, reconcile, compromise, settle, object, or prosecute Claims or Interests of any kind without further approval of the Bankruptcy Court; and

**WHEREAS**, the official claim register (the "Claim Register") in the Debtors' bankruptcy case is maintained by Stretto, Inc., which has been retained by the Plan Administrator as his Claims Agent (the "Claims Agent"); and

**WHEREAS**, on February 24, 2025, Claimant filed claim no. 1842 against the Debtor, alleging that he holds a general unsecured claim in the amount of $100,000.00 ("Claim 1842"); and

**WHEREAS**, on August 11, 2025, Claimant filed a complaint in the Marion Superior Court for the State of Indiana styled *Cheo Waters v. Express, Inc. and/or EXP OldCo Winddown, Inc., and/or any unknown business or entity dba Express*, Case No. 49D06-2508-CT-038074 (the "State Court Action") on account of the claims asserted in Claim 1842; and

**WHEREAS**, on October 15, 2025, Claimant filed the *Motion for Partial Relief from Automatic Stay* [Docket No. 1506] (the "Motion") in the Bankruptcy Court, seeking relief from the automatic stay to serve the complaint and summons in the State Court Action; and

**WHEREAS**, the Plan Administrator disputes the amount and allowability of Claim 1842, maintains that the commencement of the State Court Action was void as a violation of the injunction imposed by the Plan and the automatic stay, and asserts that there is no cause to grant relief from the automatic stay; and

**WHEREAS**, in an effort to avoid litigation costs, the Plan Administrator and Claimant wish to resolve any and all disputes related to the Motion, State Court Action and Claim 1842; and

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, effective as of the date this Stipulation is fully executed (the "Effective Date"), the Plan Administrator and Claimant stipulate as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. The Motion is fully resolved on account of this Stipulation.

3. Within seven days of the entry of an order by the Bankruptcy Court approving this Stipulation, Claimant shall dismiss the State Court Action with prejudice.

4. Claim 1842 is hereby (i) deemed to be allowed as a general unsecured claim in the amount of $8,408.72 (the "Allowed Claim"), (ii) which amount shall not be subject to further objection by the Plan Administrator, and (iii) partially disallowed in the amount of $91,591.28.

5. Claimant shall hold no other claims against any of the Debtors other than Allowed Claim and any and all claims not specifically referenced in this Stipulation shall hereby be deemed to be disallowed and expunged in their entirety.

6. The Claims Register shall be deemed modified in accordance with the terms of this Stipulation and the Plan Administrator, through the Claims Agent, may take such actions as necessary to modify the Claims Register accordingly without an order of the Bankruptcy Court.

7. This Stipulation is binding upon the Parties and their respective successors and assigns from the date of its execution.

8. Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall perform any and all acts reasonably necessary or appropriate in conjunction with the performance of their obligations under this Stipulation.

9. The Parties represent and warrant that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation constitutes a valid, binding agreement in accordance with its terms.

10. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument. All executed copies are duplicate originals equally admissible in evidence in the event an action to interpret or enforce this Stipulation is hereafter brought. Facsimile or scanned signatures shall be acceptable as original signatures in executing this Stipulation.

11. This Stipulation constitutes the full agreement of the Parties with respect to its subject matter and supersedes all prior agreements, conversations, negotiations, and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of each of the Parties.

12. Nothing in this Stipulation shall be deemed an admission of any kind by any party nor shall this Stipulation be admissible for any purpose in any litigation or proceeding, except in a litigation or proceeding to enforce the terms of this Stipulation.

13. The Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

[SIGNATURE PAGE FOLLOWS]

56619797.1

Dated: October 28, 2025

| | |
|---|---|
| **AGREED AND STIPULATED TO:** | **AGREED AND STIPULATED TO:** |
| **SAUL EWING LLP** | **LEE, COSSELL & FEAGLEY, LLP** |
| By: */s/ Lucian Murley*<br>Lucian B. Murley (DE Bar No. 4892)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Telephone: (302) 421-6898<br>luke.murley@saul.com<br><br>*Attorneys for Tracy L. Klestadt as Plan Administrator* | By: */s/ Robert Feagley*<br>Robert E. Feagley II<br>531 E. Market St.<br>Indianapolis, IN 46204<br>bfeagley@nleelaw.com<br><br>*Counsel to Cheo Waters* |