**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Hearing Date: April 22, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: April 15, 2026 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S THIRD MOTION TO**
**EXTEND THE DEADLINE TO OBJECT TO CLAIMS**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor"), hereby moves (the "Motion") to further extend the deadline to object to (a) proofs of claims and general administrative claims, which deadline is currently June 29, 2026 (the "Claim Objection Deadline"), and (b) landlord administrative claims (the "Applicable Landlord Claims"), which deadline is currently April 27, 2026 (the "Applicable Landlord Deadline"). Through this Motion, the Plan Administrator seeks to extend the Claim Objection Deadline for 180 days,[2] which would permit claim objections to be filed through and including December 28, 2026. The Plan Administrator also seeks to extend the Applicable

---

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2] One-hundred eighty days after the current Claims Objection Deadline is December 26, 2026, a Saturday. However, because December 26, 2026 is not a business day, the Plan Administrator seeks an extension to the following Monday, which is December 28, 2026.

57401179.4

Landlord Deadline for 180 days,[3] which would permit claim objections to be filed through and including October 26, 2026.  In support of the Motion, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The Plan Administrator hereby confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2.      Venue is proper in this district pursuant 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-2.

## BACKGROUND

4.      On April 22, 2024 (the "Petition Date"), the Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy

---

[3]    One-hundred eighty days after the current Applicable Landlord Deadline is October 24, 2026, a Saturday. However, because October 24, 2026 is not a business day, the Plan Administrator seeks an extension to the following Monday, which is October 26, 2026.

57401179.4

Code.  The Chapter 11 Case was jointly administered with the cases of the other Debtors pursuant to Bankruptcy Rule 1015(b), until those other cases were closed on September 29, 2025.

5.      On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP Oldco Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan").

6.      Under the Plan, the deadline to object to proofs of claims and administrative claims was June 30, 2025, which deadline could be extended by the Court.  *See* Plan Article I, § 30 ("'Claims Objection Deadline' means the deadline for objecting to a Claim, which shall be on the date that is the later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court at the request of the Wind-Down Debtors for objecting to Claims."); *see also id.* at § 5 ("'Administrative Claim Objection Bar Date' means the deadline for filing objections to requests for payment of Administrative Claims (other than requests for payment of Professional Fee Claims), which shall be the first Business Day that is 180 days following the Effective Date; *provided* that the Administrative Claim Objections Bar Date may be extended by the Bankruptcy Court at the request of the Wind-Down Debtors after notice and a hearing.").

7.      In addition to the claim objection deadlines outlined above, a separate deadline to object to the administrative claims of landlords was imposed by the Confirmation Order. *See* Confirmation Order ¶ 118 ("Notwithstanding anything to the contrary in the Plan, (a) any objections to any Administrative Claim asserted by an Applicable Landlord [defined as 'any landlord counterparty to a lease of nonresidential real property'] shall be filed within one-hundred twenty (120) days after the Effective Date . . . .").

3

8.     On November 3, 2025, the Court entered the *Order Granting Plan Administrator's Second Motion to Extend the Deadline to Object to Claims* [D.I. 1554], extending the Claim Objection Deadline to June 29, 2026 and the Applicable Landlord Deadline to April 27, 2026.

9.     The Plan Administrator has been diligent in reconciling claims since the outset of his appointment.  In total, the Plan Administrator has thus far filed seven omnibus objections to claims [D.I. 1315, 1316, 1333, 1370, 1422, 1500, 1501] and two notices of satisfaction [D.I. 1371, 1441], with additional omnibus objections and notices in progress.  Pursuant to these pleadings and informal negotiations and agreements, the Plan Administrator has successfully reduced, in whole or in part, 866 claims, representing a reduction of approximately $398 million in the claims pool.  Of that approximate $398 million reduction in the claims pool, approximately $19.8 million was accomplished since the Court last extended the Claim Objection Deadline.  Moreover, the Plan Administrator believes that all pending Applicable Landlord Claims have been resolved to date.

10.     The Plan Administrator requires additional time to complete the claims reconciliation and objection process, and therefore files this Motion for an extension of the Claim Objection.  In addition, notwithstanding the Plan Administrator's belief that all Applicable Landlord Claims have been resolved and (if applicable) paid, the Plan Administrator seeks an extension of the Applicable Landlord Deadline in an abundance of caution.

## **RELIEF REQUESTED**

11.     By this Motion, the Plan Administrator seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) extending the Claim Objection Deadline to and including December 28, 2026, pursuant to Article I, § 30 of the Plan and Bankruptcy Rule 9006, and (ii) extending the Applicable Landlord Deadline to and including

57401179.4

October 26, 2026, pursuant to the Plan, Bankruptcy Rule 9006, and Bankruptcy Code section 105(a).[4]

**BASIS FOR RELIEF REQUESTED**

12.     Pursuant to the Plan itself, the Court can grant this Motion and extend the applicable deadlines requested herein.  Additionally, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed."  The Plan Administrator respectfully submits that he has met his burden to grant the Motion.

13.     As detailed above, since his appointment, the Plan Administrator has been diligently reviewing, reconciling, and resolving claims asserted against the Debtors and, where appropriate, objecting to claims, reducing the claims pool by approximately $398 million to date. The Plan Administrator has also made good use of the time granted by the prior extension of the deadline to object to claims, with approximately $19.8 million of the total $398 million in reductions being accomplished since the Court last extended the Claim Objection Deadline. Additionally, the Plan Administrator initiated an adversary proceeding on December 29, 2025, captioned *Tracy L. Klestadt, Plan Administrator v. Timothy Baxter, Matthew Moellering, and John Does 1-10,* Adversary Proceeding No. 25-52481, pursuant to which the Plan Administrator asserted breach of duty claims against the defendants and for which briefing is ongoing.

14.     Under these circumstances, the Plan Administrator requires additional time to conduct a thorough review and resolution of all the claims.  Without additional time to review the

---

[4]     Pursuant to Local Rule 9006-2, since this Motion was filed before the expiration of the Applicable Landlord Deadline, the Applicable Landlord Deadline is "automatically extended until the Court acts on the [M]otion, without the necessity of a bridge order." Del. Bankr. L.R. 9006-2.

bases for the remaining claims and litigate or otherwise resolve disputed claims, the Plan Administrator may be forced to allow claims that would otherwise be objectionable or, alternatively, to file claim objections prematurely.  Accordingly, good and sufficient cause exists to extend the Claim Objection Deadline.  The Plan Administrator expects to continue his review of claims, file any necessary objections, and work to resolve all claims expeditiously during this extended period.

15.     Moreover, and particularly with respect to the Applicable Landlord Claims, the Plan Administrator believes that the requested extension will not negatively affect any such claims, because, as to such claims, he has either (i) paid or will soon pay certain Applicable Landlord Claims, or (ii) filed a notice of satisfaction or objection as to certain Applicable Landlord Claims. Notwithstanding, as a precaution, the Plan Administrator seeks an extension of this deadline, as permitted under the Plan and the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 105(a) (providing that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

16.     For the foregoing reasons, the Plan Administrator respectfully requests that the Motion extend the Claim Objection Deadline and the Applicable Landlord Deadline in the manner set forth herein. The Plan Administrator further reserves the right to seek further extensions, as necessary.

## **<u>NOTICE</u>**

17.     Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) the Applicable Landlords, and (iii) all parties requesting notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice need be given.

57401179.4

WHEREFORE, the Plan Administrator requests that the Court enter the Proposed Order extending the Claim Objection Deadline for approximately 180 days, to and including December 28, 2026, and the Applicable Landlord Deadline for 180 days, to and including October 26, 2026.

Dated: April 2, 2026                                **SAUL EWING LLP**

                                          By: */s/ Monique B. DiSabatino*
                                               Monique B. DiSabatino (DE Bar No. 6027)
                                               1201 N. Market Street, Suite 2300
                                               P.O. Box 1266
                                               Wilmington, DE 19899
                                               Telephone: (302) 421-6806
                                               Email:     monique.disabatino@saul.com

                                               -and-

                                               Maxwell M. Hanamirian
                                               1735 Market Street, Suite 3400
                                               Philadelphia, PA 19103-7504
                                               Telephone: (215)-972-7756
                                               Email:     maxwell.hanamirian@saul.com

                                               -and-

                                               **KLESTADT WINTERS JURELLER
                                               SOUTHARD & STEVENS, LLP**
                                               Brendan M. Scott (Admitted *pro hac vice*)
                                               Christopher Reilly (Admitted *pro hac vice*)
                                               200 West 41st Street, 17th Floor
                                               New York, NY 10036-7203
                                               Telephone: (212) 679-5359
                                               Facsimile: (212) 972-2245
                                               Email:     bscott@klestadt.com
                                                          creilly@klestadt.com

                                               *Counsel for the Plan Administrator*

57401179.4