**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Re: Docket Nos. 1661 and 1674** |

**ORDER SUSTAINING NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the *Ninth Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1* (the "Objection"),[2] by which the Plan Administrator requests the entry of an order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, modifying the Misclassified Claims, disallowing in part the Overstated Claims, modifying and disallowing in part the Overstated and Misclassified Claims and Partially Unliquidated Claims, and disallowing the No Liability Claims and Fully Unliquidated Claims set forth on Schedules 1, 2, 3, 4, 5, and 6 attached hereto; and upon consideration of the Almeida Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

57303176.7

§§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is sustained as set forth herein.

2.      The Misclassified Claims set forth on the attached **Schedule 1** are hereby modified to reflect the correct priority status of the claims (or portions of the claims) as reflected under the heading "Reclassified Claim."

3.      The Overstated Claims set forth on the attached **Schedule 2** are hereby disallowed in part to reflect the correct value of the claims (or portions of the claims) as reflected under the heading "Modified Claim Amount."

4.      The Overstated and Modified Claims set forth on the attached **Schedule 3** are hereby modified to reflect the correct priority status of the claim (or portions of the claim) and disallowed in part to reflect the correct value of the claim (or portion of the claim) as reflected under the heading "Modified Claim Status."

5.      The No Liability Claims set forth on the attached **Schedule 4** are hereby disallowed and expunged in their entirety.

6.      The Fully Unliquidated Claims set forth on the attached **Schedule 5** are hereby disallowed in their entirety.

7.      The Partially Unliquidated Claims are hereby fixed and allowed to the extent set forth in the column entitled "Modified Claim Status" on the attached **Schedule 6**.

8.      The Claims Agent is authorized and directed to modify the Claims Register for the Chapter 11 Case in accordance with terms of this Order.

2

57303176.7

9. To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such Disputed Claim, and the Objection by the Plan Administrator to each such Disputed Claim, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

10. The Plan Administrator's right to object in the future to any of the Proofs of Claim listed in this Objection or on the exhibit attached hereto on any ground, and to amend, modify, and/or supplement this Objection, including to object to amended or newly filed claims, is fully reserved.

11. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

12. The Court retains jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

**Dated: May 11th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**

3

57303176.7