**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Hearing Date: September 15, 2026 at 2:00 p.m. (ET)** **Obj. Deadline: August 28, 2026 at 4:00 p.m. (ET)** |

**ELEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B),**
**BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1**

**(Amended Claims, Late-Filed Claims, Equity Interest Claim, and Insufficient**
**Documentation Claims)**

> **PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW**
> **EXHIBITS 1–4 TO THE PROPOSED ORDER TO DETERMINE**
> **IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully states as follows in support of this eleventh omnibus objection to claims (this "Objection").

**Relief Requested**

1.      By this Objection, the Plan Administrator respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

---

[1]   The Debtor in in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

58404843.2

(a)     disallowing and expunging each proof of claim identified on **Exhibit 1** to the Proposed Order in the column titled "Amended Claims to be Expunged" because each proof of claim has been amended and superseded by a subsequently filed claim, as identified on **Exhibit 1** to the Order in the column titled "Remaining Claim Number" (the "Amended Claims");

(b)     disallowing and expunging each proof of claim identified **on Exhibit 2** to the Proposed Order (the "Late-Filed Claims") because each proof of claim was not received by the Debtors' Claims Agent (as defined below) by the applicable bar date as set forth in the Bar Date Order (as defined below);

(c)     disallowing and expunging the proof of claim identified on **Exhibit 3** to the Proposed Order (the "Equity Interest Claim") because the proof of claim is based on equity interests asserted by the claimant; and

(d)     disallowing and expunging each proof of claim identified on **Exhibit 4** to the Proposed Order (the "Insufficient Documentation Claims," and together with the Amended Claim, the Late-Filed Claims, and the Equity Interest Claim, the "Disputed Claims") because each proof of claim was filed without sufficient documentation to substantiate the claim asserted therein and, as to which, the Debtors' Books and Records (as defined herein) do not demonstrate any basis for the claim.

2.     In support of this Objection, the Plan Administrator relies on the declaration of Arthur Almeida (the "Almeida Declaration"), attached hereto as **Exhibit B**.

3.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Plan Administrator confirms his consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

2

58404843.2

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

**Background**

6.      On April 22, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Case was jointly administered with the cases of the other Debtors pursuant to Bankruptcy Rule 1015(b), until those cases were closed on September 29, 2025.

7.      Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims and shall retain and enforce such Causes of Action (as defined in the Plan).  In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

8.      Article IV.K of the Plan provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors for distribution purposes.

9.      On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs

3

58404843.2

of claim (collectively, the "Proofs of Claim") in the Chapter 11 Case. The Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Case; and (b) October 22, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in the Chapter 11 Case.

10.     Notice of the Claims Bar Date and the Governmental Bar Date Notice was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

11.     Proofs of Claim against the Debtors are recorded on the official claims register (the "Claims Register") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in the Chapter 11 Case (the "Claims Agent").

12.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

13.     To date, approximately 1,861 Proofs of Claim have been filed. The Plan Administrator, together with his advisors, are in the process of reviewing the Proofs of Claim.

58404843.2

**Basis for Objection**

14.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

In re Allegheny Int'l Inc., 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the prima facie validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. Id. at 173. The burden of persuasion is always on the claimant. Id.

## I.     Amended Claims

15.     The Plan Administrator has identified the Amended Claims listed on **Exhibit 1** annexed to the Proposed Order in the column labeled "Amended Claim to be Expunged" as having been amended and superseded by a subsequently filed Proof of Claim, which is reflected in the column labeled "Remaining Claim Number" on **Exhibit 1** annexed to the Proposed Order (each,

5

a "Remaining Claim"). The Amended Claims remain on the Claims Register only as a technicality and may be eliminated without affecting such claimants' underlying claims.

16.     Failure to disallow and expunge the Amended Claims could potentially result in this claimants receiving an unwarranted double recovery on both the Amended Claims and the Remaining Claims, to the detriment of other creditors and parties in interest. Accordingly, the Plan Administrator respectfully requests entry of an order disallowing and expunging the Amended Claims in their entirety. Such relief will not prejudice these claimants because these claimants will continue to hold their Remaining Claims, subject to the Plan Administrator's rights to object to the Remaining Claims on any other grounds that the Plan Administrator discovers or elects to pursue.

## II.     Late-Filed Claims

17.     Based on the Plan Administrator's review of the relevant Proofs of Claim and the supporting documentation attached thereto, the Plan Administrator has determined that the Late-Filed Claims listed on **Exhibit 2** annexed to the Proposed Order were not timely filed.  Rather, the Late-Filed Claims (a) arose before the Petition Date, (b) were subject to the Claims Bar Date and/or the Governmental Bar Date, and (c) were filed after the applicable bar dates. Moreover, the Plan Administrator believes that each claimant asserting a Late-Filed Claim was provided timely notice of the Bar Date Order in accordance with the procedures outlined therein, and, therefore, had adequate notice of the Claims Bar Date and the Governmental Bar Date. Accordingly, the Plan Administrator requests that the Court disallow and expunge the Late-Filed Claims.

## III.    Equity Interest Claim

18.     The Plan Administrator objects to the Equity Interest Claim listed on **Exhibit 3** annexed to the Proposed Order because, based on the Plan Administrator's review of the claim and the supporting documentation attached thereto, the claim is based on equity interests asserted by

58404843.2

the claimant.  Pursuant to Article III.B.6 of the Plan, "[a]ll Existing Equity Interests in Express will be cancelled and extinguished, and Holders of Existing Equity Interests in Express shall receive no recovery on account of such Interests."  Accordingly, the Plan Administrator seeks an order disallowing and expunging the Equity Interest Claim in its entirety.

## IV.   Insufficient Document Claims

19.   The Plan Administrator objects to the Insufficient Documentation Claims listed on **Exhibit 4** annexed to the Proposed Order because, based on the Plan Administrator's review of such claims and the supporting documentation attached thereto, such claims lack sufficient information or documentation to establish *prima facie* valid claims, as contemplated by Bankruptcy Rule 3001(f) and Bankruptcy Code section 502.  Moreover, the Plan Administrator has reviewed the Debtors' Books and Records and, after reasonable efforts, has been unable to locate any information or documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.  Accordingly, the Plan Administrator seeks an order disallowing and expunging each of the Insufficient Documentation Claims in their entirety.

**Separate Contested Matters**

20.   To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on **Exhibits 1**, **2**, **3** or **4** annexed to the Proposed Order and the Plan Administrator is unable to resolve the response, the objection by the Plan Administrator to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding a claim referenced in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

7

58404843.2

**Reservation of Rights**

21.     The Plan Administrator hereby reserves his right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on **Exhibits 1**, **2**, **3** or **4** annexed to the Proposed Order on any additional grounds, prior to the hearing before the Court on this Objection, if any; provided, however, that nothing in this Objection shall affect the Plan Administrator's right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

22.     Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Plan Administrator pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Plan Administrator's or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Plan Administrator or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

58404843.2

**Statement of Compliance with Local Rule 3007-1**

23.     To the best of the Debtors' knowledge and belief, this Objection and the related exhibits annexed to the Proposed Order comply with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**Notice**

24.     The Plan Administrator will provide notice of this Objection to: (a) the United States Trustee; (b) the holders of the Disputed Claims and their counsel; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page left intentionally blank]*

9

58404843.2

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order: (a) disallowing the Amended Claims set forth on **Exhibit 1** to the Proposed Order; (b) disallowing the Late-Filed Claims set forth on **Exhibit 2** to the Proposed Order; (c) disallowing the Equity Interest Claim identified in **Exhibit 3** to the Proposed Order; (d) disallowing the Insufficient Documentation Claims identified in **Exhibit 4** to the Proposed Order; (e) authorizing the Claims Agent to amend the claims register to comport with entry of the Proposed Order; and (f) granting such other and further relief as the Court deems just and proper

Dated: August 7, 2026

**SAUL EWING LLP**

By: */s/ Monique B. DiSabatino*
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

-and-

Maxwell M. Hanamirian
1735 Market Street, 34th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7756
Email: maxwell.hanamirian@saul.com

-and-

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
Brendan M. Scott (admitted *pro hac vice*)
Christopher Reilly (admitted *pro hac vice*)
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email: bscott@klestadt.com
creilly@klestadt.com

*Counsel for the Plan Administrator*

10

58404843.2