**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 SEP -4 A 10: 27
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| EXP OLDCO WINDDOWN, INC. | ) |
| | ) Case No. 24-10831 (KBO) |
| Debtor | ) |
| | ) Hearing Date: September 15, 2026 at 2:00 pm |
| | ) Obj. Deadline: September 4, 2026 at 4:00 pm |

**ARLINGTON COUNTY TREASURER'S RESPONSE TO TWELFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS (DOC. 1733)**

The Arlington County Treasurer ("Treasurer") files this Response to Twelfth Omnibus (Substantive) Objection to Claims (Doc. 1733) ("Objection") and in support thereof states as follows:

1. The Treasurer is responsible for the receipt and collection of all taxes due to Arlington County, Virginia ("Arlington") and, accordingly, is a creditor and party in interest. Further, the Objections attempts to reduce and reclssify the Treasurer's Claim (1653) in Schedule 3.

2. Debtor Project Pine Tropic OldCo, LLC *fdba* Express BNBS Fashion, LLC ("Debtor') filed its bankruptcy petition on April 22, 2024 specifying a federal Employer Identification Number matching certain Arlington County tax accounts. Debtor operated a Bonobos store at 1100 S Hayes Street, Suite J02A in Arlington.

3. Debtor was responsible for paying 2024 business personal property taxes pursuant to Code of Virginia § 58.1-3500 *et seq.* and Arlington County Code 27-11. Debtor timely filed its 2024 business tangible personal property tax return with the Arlington County Commissioner of Revenue on May 1, 2024 resulting in a 2024 tax liability $1,703.50.

4. The Treasurer filed a claim for the 2024 business tangible taxes through the claims agent that was assigned claim number 1653 ("Claim"). The total amount was $1,703.50, consisting solely of the 2024 business tangible tax amount. The entire amount was correctly claimed as secured pursuant to § 506(a) of the Bankruptcy Code by the lien created on the specifically assessed business tangible personal property by Code of Virginia § 3942(C) as expressly noted on the Claim form.

5. The Objection seeks to reduce the Treasurer's claim to $804.43 and reclassify it as Priority Unsecured. The Objection to the Claim is based on the fact that the store lease was assumed and assigned and contends that "Debtors have no liability for post-assignment property taxes."

6. Under Virginia law, January 1 is "the effective date of assessment or the tax day." Code of Virginia § 58.1-3515. On January 1 of each year, "[t]he status of all persons, firms, corporations and other taxpayers liable for taxation on any of such property shall be fixed" and "the value of all such property shall be taken as of" that date for the entire calendar year. Code of Virginia § 58.1-3515. Therefore, under applicable non-bankruptcy law, business tangible personal property taxes are not pro-rated if the taxpayer ceases or transfers operations in the middle of the year, and the January 1 owner is liable for the full year of taxes.

7. As the Debtor owned the business tangible personal property on January 1, 2024, it is liable for the entire $1,703.50. The 2024 business tangible personal property taxes constitute pre-petition debts that are to be paid through the bankruptcy. To the extent that

Debtor or the estate were no longer in possession of the property, the Claim may be treated as Priority Unsecured. If the Treasurer's assumptions as to the Plan Administrator's calculations are correct, that would mean that $804.43 that the Objection seeks to reclassify as Priority instead would remain Secured and the $899.07 of the original $1,703.50 that the Objection seeks to avoid entirely would be Priority. Any potential contractual cost-shifting or -sharing provisions about taxes must be enforced against the assignee by the Plan Administrator on behalf of the Debtor.

8. Neither the Debtor nor other party has paid any portion of the 2024 business tangible personal property taxes, which remain fully unpaid as of September 3, 2026.

WHEREFORE, the Arlington County Treasurer requests that the Court deny the Objection with respect to its attempt to reduce and reclassify the Treasurer's Claim, as well as award any other relief to which it is entitled.

Dated: September 3, 2026

Arlington County Treasurer

BY: ______________________________

Christopher J. Sadowski
Deputy Treasurer for Litigation
Arlington County Treasurer
2100 Clarendon Blvd., Ste 201
Arlington, VA 22201
(703) 228-6870
csadowski@arlingtonva.us

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Arlington County Treasurer's Response to Twelfth Omnibus (Substantive) Objection to Claims (Doc. 1733) was sent this 3rd day of September 2026 to Counsel for the Debtors at the following addresses via FedEx Standard Overnight at the addresses below:

Monique B. DiSabatino
Saul Ewing LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899

Maxwell M. Hanamirian
Saul Ewing LLP
1735 Market Street, Suite 3400
Philadelphia, PA 19102-7504

Brendan M. Scott
Christopher Reilly
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036-7203

RECEIVED
2026 SEP -4 A 10: 27
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Christopher J. Sadowski