# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>**Related to Docket Nos. 1239, 1257, 1423, and 1468** |

**SECOND STIPULATION RESOLVING THE REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF KOREA TRADE INSURANCE CORPORATION**

Tracy L. Klestadt (the "Plan Administrator"), in his capacity as the court-appointed Plan Administrator for Post-Effective Date EXP OldCo Winddown, Inc., the debtor in the above-captioned case, Korea Trade Insurance Corporation ("Claimant"), and MGF Sourcing US, LLC or an affiliate thereof ("MGF", and together with the Plan Administrator and Claimant, the "Parties"), by and through their respective undersigned attorneys, enter into this stipulation (the "Stipulation") and agree as follows:

**WHEREAS,** on April 22, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

**WHEREAS**, on December 17, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming The Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1150] (the "Confirmation Order"), approving, among other things, the terms of the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [Docket No. 1130] (as amended, modified, or supplemented from time to time, the "Plan"); and

**WHEREAS**, the Effective Date (as defined in the Plan) of the Plan occurred on December 31, 2024. *See Notice of (I) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [Docket No. 1190]; and

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors"), were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

**WHEREAS**, the Plan and Plan Supplement [Docket No. 1077], as amended, provided for the appointment of Tracy L. Klestadt as the Plan Administrator as of the Effective Date; and

**WHEREAS**, the Plan provides that the Plan Administrator shall have authority to review, reconcile, compromise, settle, object, or prosecute Claims or Interests of any kind without further approval of the Bankruptcy Court; and

**WHEREAS**, the official claim register (the "Claim Register") in the Debtors' bankruptcy case is maintained by Stretto, Inc., which has been retained by the Plan Administrator as his Claims Agent (the "Claims Agent"); and

**WHEREAS**, on January 29, 2025, the Claimant filed its *Motion for Allowance and Immediate Payment of Administrative Expense Claims* [Docket No. 1239] (the "Administrative Claim Motion"), which has been assigned Claim number 1806 by the Claims Agent ("Claim 1806"), alleging an administrative expense claim in the total amount of $2,189,806.29 and composed of an administrative expense claim in the amount of $1,698,198.05, which was assigned to Claimant by Molaxtrading Limited ("Molax")[2], an administrative expense claim in the amount of $6,624.00, which was assigned to Claimant by Hansoll Textile Ltd. ("Hansoll")[3] and an administrative expense claim in the amount of $484,984.24, which was assigned to Claimant by GG International Manufacturing Co., Ltd. ("GG International")[4]; and

**WHEREAS**, on January 31, 2025, the Claimant filed its *Supplement to the Motion for Allowance and Immediate Payment of Administrative Expense Claims* [Docket No. 1257] (the "Administrative Claim Supplement"), thereby reducing the amount of the claim that was assigned to Claimant by Molax to $1,600,325.36 and reducing the aggregate amount of Claim 1806 to $2,091,993.60; and

**WHEREAS**, Claimant acknowledged that it has received certain payments on account of Claim 1806; and

**WHEREAS**, the Plan Administrator and Claimant further entered into a stipulation [Docket No. 1423] wherein the Plan Administrator agreed to pay Claimant certain undisputed amounts on account of Claim 1806 while reserving all parties' rights with respect to the balance of Claim 1806; and

**WHEREAS**, on August 28, 2025, the Plan Administrator filed his objection to the Administrative Claim Motion [Docket No. 1468] (the "Claim Objection"); and

---

[2] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by Molax to Claimant. *See* Docket No. 1207.

[3] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by Hansoll to. *See* Docket No. 1209.

[4] On January 8, 2025, Claimant filed a Partial Transfer of Claim, providing notice of the transfer of a claim by GG International to Claimant. *See* Docket No. 1206.

**WHEREAS**, through settlement discussions between the Parties, it was discovered that MGF or an affiliate thereof is holding $222,644.84 (the "MGF Funds") that was previously paid to it by the Debtors; and

**WHEREAS**, the Parties have engaged in good faith negotiations regarding the Administrative Claim Motion, Claim Objection, and MGF Funds, and have agreed to a full and final resolution of all issues related thereto as between the Parties, as set forth below.

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, effective as of the date this Stipulation is fully executed, the Plan Administrator, Claimant, and MGF, as applicable, stipulate as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation.

2. In full and final settlement, compromise, and resolution of the Administrative Claim Motion, Claimant shall receive: (a) payment from the Plan Administrator in the amount of $176,650.68 (the "Settlement Amount"); and (b) payment from MGF of the MGF Funds in the amount of $222,644.84.

3. The Plan Administrator shall pay the Settlement Amount to Claimant within ten (10) business days following entry of an order approving the Stipulation (the "Order").

4. The Plan Administrator hereby consents to the release of the MGF Funds to Claimant. MGF is directed to pay the MGF Funds to Claimant no later than thirty (30) days following entry of an Order approving this Stipulation. The Plan Administrator's sole obligation with respect to the MGF Funds is to consent to their release. Neither the Plan Administrator nor the estates of the Debtors (the "Estates") shall have any liability or responsibility for MGF's payment of the MGF Funds, and Claimant's sole recourse with respect to any failure by MGF to pay the MGF Funds shall be against MGF. Following payment of the MGF Funds to Claimant, MGF shall have no further obligations to any party with respect to the MGF Funds.

5. Upon payment by the Plan Administrator of the Settlement Amount, the administrative expense claims asserted by Claimant against the Plan Administrator and the Estates, including Claim 1806 and the Administrative Claim Motion, shall be fully and finally resolved, settled, and satisfied as against the Plan Administrator and the Estates, and Claimant shall have no further right to any payment, distribution, claim, or recovery from the Plan Administrator or the Estates on account thereof. Claimant's rights with respect to the MGF Funds shall be solely against MGF, and any failure by MGF to pay the MGF Funds shall not give rise to any claim or recourse against the Plan Administrator or the Estates. Upon payment of the MGF Funds, Claimant's claims against MGF with respect to the MGF Funds shall likewise be deemed fully resolved, settled, and satisfied. For the avoidance of doubt, nothing in this Stipulation or the Order shall affect, resolve, settle, release, waive, impair, or otherwise modify the Claimant's general unsecured claims or any rights associated therewith. In addition, nothing in this Stipulation or Order shall affect, resolve, settle, release, waive, impair, or otherwise modify any claim that MGF may have against the Plan Administrator or the Estates or any rights associated therewith.

6. This Stipulation shall be binding upon the Parties and their respective successors and assigns.

7. Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall perform any and all acts reasonably necessary or appropriate in conjunction with the performance of their obligations under this Stipulation.

8. The Parties represent and warrant that the signatories to this Stipulation are authorized to execute this Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation constitutes a valid, binding agreement in accordance with its terms.

9. This Stipulation may be executed by facsimile or electronically and in counterparts, all of which taken together shall constitute one and the same instrument. All executed copies are duplicate originals equally admissible in evidence in the event an action to interpret or enforce this Stipulation is hereafter brought. Facsimile or scanned signatures shall be acceptable as original signatures in executing this Stipulation.

10. This Stipulation constitutes the full agreement of the Parties with respect to its subject matter and supersedes all prior agreements, conversations, negotiations, and understandings with respect thereto. This Stipulation shall not be altered, amended, modified, or otherwise changed in any respect except by a writing duly executed by authorized representatives of each of the Parties.

11. Nothing in this Stipulation shall be deemed an admission of any kind by any party nor shall this Stipulation be admissible for any purpose in any litigation or proceeding, except in a litigation or proceeding to enforce the terms of this Stipulation.

12. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation.

Dated: September 29, 2026
Wilmington, Delaware

**AGREED AND STIPULATED TO:**
KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP

*/s/ Christopher Reilly*
Christopher Reilly, Esq.
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Email: creilly@klestadt.com

*Attorneys for Tracy L. Klestadt as Plan Administrator for the Post-Effective Date Debtors*

**AGREED AND STIPULATED TO:**
ICE MILLER LLP

*/s/ Maria Kotsiras*
Aaron H. Stulman, Esq.
Maria Kotsiras, Esq.
500 Delaware Avenue
Wilmington, Delaware 19801
Telephone: (302) 313-0600
Email: aaron.stulman@icemiller.com
Maria.kotsiras@icemiller.com

*Attorneys for Korea Trade Insurance Corporation*

**AGREED AND STIPULATED TO:**
LATHAM & WATKINS LLP

*/s/ Amy C. Quartarolo*
Amy C. Quartarolo, Esq.
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 891-8966
Email: amy.quartarolo@lw.com

*Attorneys for MGF Sourcing US, LLC*