**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EXP OldCo Winddown, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10831 (KBO)<br><br>**Related to Docket Nos. 1239, 1257, 1423, and 1468** |

**ORDER APPROVING SECOND STIPULATION RESOLVING THE REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM OF KOREA TRADE INSURANCE CORPORATION**

Upon consideration of the *Second Stipulation Resolving the Request for Payment of Administrative Expense Claim of Korea Trade Insurance Corporation* (the "Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**; and the Court having determined that the agreement set forth in the Stipulation is in the best interests of the Debtors, their estates, their creditors, and any parties in interest; and good and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Stipulation is hereby approved.

2. The Administrative Claim Motion, Administrative Claim Supplement, Claim Objection and the administrative expense claims asserted in Claim 1806 are fully and finally

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors"), were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2] Capitalized terms utilized but not otherwise defined herein retain the meanings given to them in the Stipulation.

compromised, settled, and resolved pursuant to the terms of the Stipulation. For the avoidance of doubt, nothing in the Stipulation or this Order shall affect, resolve, settle, release, waive, impair, or otherwise modify the Claimant's general unsecured claims or any rights associated therewith.

3. Within ten (10) business days following entry of this Order, the Plan Administrator shall pay to Claimant the Settlement Amount in accordance with the terms set forth in the Stipulation.

4. Within thirty (30) days following entry of this Order, MGF shall pay the MGF Funds to Claimant in accordance with the terms set forth in the Stipulation. Following payment of the MGF Funds to Claimant, MGF shall have no further obligations to any party with respect to the MGF Funds.

5. The Claims Agent is hereby authorized to reflect Claim 1806 on the docket and the claim register in accordance with the Stipulation.

6. The failure to specifically include or reference any particular term or provision of the Stipulation shall not diminish or impair the effectiveness of such term or provision in this Order.

7. The Parties to the Stipulation are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and provisions of the Stipulation shall be immediately effective and enforceable upon entry of this Order.

9. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**Dated: October 5th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**



88722811;2