**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Hearing Date: November 19, 2026 at 9:30 a.m. (ET)**<br>**Obj. Deadline: November 5, 2026 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S CORRECTED MOTION TO APPROVE (I) THE MAKING OF DISTRIBUTIONS FOR CERTAIN ALLOWED CLAIMS AND (II) THE FORGOING OF DISTRIBUTIONS TO PARTIES THAT FAILED TO PROVIDE TAX FORMS**

Tracy L. Klestadt, in his capacity as the Plan Administrator (the "Plan Administrator") for the above-captioned debtor (the "Debtor"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the forgoing of distributions on account of certain other claims against the Debtor as set forth on Exhibit 1 to the Proposed Order by parties that failed to provide the necessary tax identification form(s) (each a "Non-Responding Party," and collectively, the "Non-Responding Parties"). In support of the Motion, the Plan Administrator relies upon and incorporates by reference the declaration of Arthur A. Almeida (the "Almeida Declaration") attached hereto as **Exhibit B.** In further support of this Motion, the Plan Administrator respectfully represents as follows:

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) (collectively, with the Debtor, the "Debtors") were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Plan Administrator hereby confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Confirmation Order, the Plan, and the Plan Supplement (as defined below).

## BACKGROUND

4. On April 22, 2024 (the "Petition Date"), the Debtor and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Case was jointly administered with the cases of the other Debtors pursuant to Bankruptcy Rule 1015(b), until those other cases were closed on September 29, 2025.

5. On December 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* [D.I. 1150] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of EXP OldCo Winddown, Inc. and its Debtor Affiliates* (the "Plan"). The Plan went into effect on December 31, 2024 (the "Effective Date").

6. Pursuant to Article IV.I of the Plan, the Plan Administrator has authority to object to claims. In accordance with Article I.A.23 of the Plan, Causes of Action include existing actions and the right to object to claims.

7. Article IV.K of the Plan provides that the entry of the Confirmation Order constituted approval by the Court of the limited substantive consolidation of the Debtors for distribution purposes.

8. Article VI of the Plan provides that distributions under the Plan shall be made by the Disbursing Agent (as defined by the Plan, which includes the Plan Administrator).

9. On May 20, 2024, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 280] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in the Chapter 11 Case. The Bar Date Order established: (a) July 10, 2024 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the Chapter 11 Case; and (b) October 22, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in the Chapter 11 Case.

10. Notice of the Claims Bar Date and the Governmental Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

11. Proofs of Claim against the Debtors are recorded on the official claims register (the "Claims Register") maintained by Stretto Inc., the agent retained by the Debtors (and now retained by the Plan Administrator) to assist with claims processing in the Chapter 11 Case (the "Claims Agent").

12. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. Pursuant to Article X.I of the Plan, the Debtors provided the Plan Administrator and his professionals with full access to the Books and Records to maximize the value of the Retained Causes of Action (as defined in the Plan).

13. The plan supplement [D.I. 1077] (the "Plan Supplement") identifies Tracy L. Klestadt as the Plan Administrator in "Exhibit D" attached thereto. In accordance with the *Plan Administrator Agreement* (the "Plan Administrator Agreement") attached to the Plan Supplement as "Exhibit F," the Plan Administrator shall have "any and all powers and authority to implement the Plan and to make distributions thereunder." Plan Administrator Agreement, Article II.I.c.

14. The Plan Administrator Agreement further provides as follows with respect to tax information needed for Distributions:

> Any party entitled to receive any property or distribution under the Plan, shall, upon request, deliver to the Plan Administrator or such other Person designated by the Plan Administrator, Form W-9 or, if the payee is a foreign Person, an applicable Form W-8, unless such person is exempt under the internal revenue code and so notifies the Plan Administrator. If such request is made by the Plan Administrator or such other Person designated by the Plan Administrator and the Claim Holder fails to comply within ninety (90) days after the request, the amount of such distribution shall irrevocably revert to the Wind-Down Debtors and any Claim in

> respect of such distribution shall be expunged without need of further order of the Bankruptcy Court and the Holder thereof shall be forever barred from asserting such Claim against any Debtor and their respective assets and property. The Plan Administrator may, but is not required to, file a notice with the Bankruptcy Court indicating which Claims are to be expunged for failure to comply with such requests for tax information or on account of being unclaimed distributions.

Plan Administrator Agreement, Article VI.I.

15. On June 25, 2026, the Claims Agent, on behalf of the Plan Administrator, sent a first request, via first-class mail, to Holders of potentially Allowed Claims for the appropriate tax identification form(s) that are required for a Holder to be eligible for a Distribution (the "Tax ID Request"). The deadline to respond to the Tax ID Request was September 23, 2026. In Response to the Tax ID Request, the Plan Administrator received the necessary tax information from 637 claimants.

16. There remain approximately 110 Non-Responding Parties, with certain Non-Responding Parties having submitted multiple claims. Despite the deadline set forth in the Tax ID Request, the Plan Administrator continues to accept completed tax identification forms from Non-Responding Parties and will continue to accept such completed forms up until the objection deadline for this Motion.

17. Moreover, per the Plan, distributions to Holders of Allowed Claims of less than $100.00 shall not be made. Plan, Article VI.D.2.

## THE PROPOSED DISTRIBUTIONS

### A. The Class 3 Claims

18. The Plan Administrator requests authorization to make a first distribution on account of Allowed Class 3 Claims, which are General Unsecured Claims (collectively, as defined in the Plan). Holders of Claims in Class 3 are to receive the following treatment under the Plan:

> Except to the extent that a Holder of a General Unsecured Claim agrees to less favorable treatment, each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction and release of and in exchange for its Claim, its Pro Rata share of the Distributable Proceeds.

Plan, Art. III.B.3.

19. The Plan Administrator, in consultation with counsel, believes he has completed the reconciliation of Allowed Class 3 Claims filed against the Debtors and is now prepared to make distributions to 590 holders of Allowed Class 3 Claims who have timely returned the requested tax identification form(s).

## **CLAIMS NOT ENTITLED TO A DISTRIBUTION**

20. In addition to the forgoing, the Plan Administrator requests the authority to forgo certain distributions in accordance with the Plan, as outlined in Exhibit 1 to the Proposed Order. Specifically, per the Plan and Plan Administrator Agreement, the Non-Responding Parties that have failed to timely return the requested tax identification form(s) shall not receive payment on account of such claims.

## **BASIS FOR RELIEF REQUESTED**

21. The Confirmation Order, Plan, and the Plan Supplement authorize the Plan Administrator to make the distributions and forgo distributions on certain claims as described herein. Specifically, the Plan states "distributions under the Plan shall be made by the Disbursing Agent,[2] as applicable." Plan, Article VI.C. The Plan further explains that the Plan Administrator "shall be empowered to . . . make all distributions contemplated hereby." Plan, Article VI.C.1. The Plan Administrator Agreement provides that the "duties and powers of the Plan Administrator

[2] The Plan Administrator serves as the Disbursing Agent under the Plan. *See* Plan, Article I.A.67 ("'Disbursing Agent' means, as applicable, the Debtors, the Wind-Down Debtors, the Plan Administrator, or any Entity or Entities selected by the Debtors (with the consent of the Committee) or the Wind-Down Debtors, as applicable, to make or facilitate distributions contemplated under the Plan.")

shall include any and all powers and authority to implement the Plan and to make distributions thereunder." Plan Administrator Agreement, Article II., Section 21(c).

22. Furthermore, section 1142(b) of the Bankruptcy Code provides that a bankruptcy court may issue orders to ensure a confirmed plan is carried out. *See* 11 U.S.C. § 1142(b); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 166 (3d Cir. 2004). Additionally, section 105(a) provides a bankruptcy court with broad equitable power to "issue any order, process or judgment that is necessary and appropriate to carry out the provisions" of the Bankruptcy Code. *See* 11 U.S.C. § 105(a).

23. The Plan Administrator and his retained professionals have worked diligently and expeditiously to maximize the value and recovery for holders of claims against the Debtors. Following the Effective Date, the Plan Administrator began reviewing, analyzing, and reconciling the claims filed against the Debtors. To date, the Plan Administrator (i) filed eleven claim objections objecting to hundreds of claims, (ii) engaged in certain procedures outlined in the Plan to settle or otherwise resolve the disputed claims, (iii) resolved numerous claim disputes through stipulation or court order, and (iv) is pursuing Retained Causes of Action.

24. Throughout this complex and lengthy process, the Plan Administrator and his counsel addressed numerous claimant inquiries. Granting the relief requested herein is the next step in administering the Plan, making a meaningful distribution to Holders of Allowed Claims (as defined in the Plan) as set forth herein, and closing this Chapter 11 Case.

25. On June 25, 2026, the Plan Administrator sent out the Tax ID Requests, each via first-class mail, to Holders of potentially Allowed Claims. *See* D.I. 1705. The Tax ID Request clearly and prominently stated that the Holder had to respond with the necessary tax identification

form(s), otherwise such Holder would forever forfeit its right to a distribution under the Plan. Each of the Tax ID Requests included the following warning in bold font on the first page:

> **Please take notice that your failure to provide a completed Form W-9 (or, if applicable, a completed Form W-8) that includes your TIN <u>within 90 days of the date of this request</u> will result in loss of any right you may have to receive any current or future distribution under the Agreement.**

26. The Non-Responding Parties had 90 days, or until September 23, 2026 (the "<u>Response Deadline</u>"), to provide the Plan Administrator with the necessary tax identification form(s). Holders could provide the tax identification form(s) by first-class mail, hand delivery, overnight mail, or electronic mail. The Plan Administrator sent out a first reminder to Holders of potentially Allowed Claims on August 7, 2026 [D.I. 1765][3] and a second reminder on September 8, 2026 through September 11, 2026 [D.I. 1778]. Because it has been nearly one month since the Response Deadline, pursuant to the Plan Administrator Agreement, the Non-Responding Parties have forfeited their right to any distributions from the Debtor's estate. The Plan Administrator should be authorized to issue distributions in accordance with the Plan only to those parties that responded to the Tax ID Request.

27. Accordingly, the Plan Administrator respectfully requests approval from the Court to make the distributions described herein and forgo any distribution on certain claims that are not entitled to a distribution.

## <u>RESERVATION OF RIGHTS</u>

28. The Plan Administrator reserves the right to amend the exhibits appended to the Proposed Order at any time prior to entry of the Proposed Order.

[3] A supplemental first reminder was sent out on August 28, 2026 [D.I. 1765].

## NOTICE

29. Notice of this Motion has been provided to (i) the holders of the claims identified on **Exhibits 1** and **2** to the Proposed Order; (ii) the Office of the United States Trustee, and (iii) all parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no other or further notice need be given.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought herein and such other and further relief to the Plan Administrator, as the Court may deem proper.

Dated: October 15, 2026

**AKERMAN LLP**
By: */s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Ste. 1710
Wilmington, DE 19801
Telephone: (302) 596-9205
Email: luke.murley@akerman.com

-and-

Maxwell M. Hanamirian (Admitted *pro hac vice*)
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3832
Email: maxwell.hanamirian@akerman.com

-and-

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Brendan M. Scott (Admitted *pro hac vice*)
Christopher Reilly (Admitted *pro hac vice*)
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 679-5359
Facsimile: (212) 972-2245
Email: bscott@klestadt.com
creilly@klestadt.com

*Counsel for the Plan Administrator*