**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| EXP OldCo Winddown, Inc.,[1] | Case No. 24-10831 (KBO) |
| Debtor. | **Re: Docket Nos. 1793 and 1801** |

**ORDER GRANTING PLAN ADMINISTRATOR'S CORRECTED MOTION TO APPROVE (I) THE MAKING OF DISTRIBUTIONS FOR CERTAIN ALLOWED CLAIMS AND (II) THE FORGOING OF DISTRIBUTIONS TO PARTIES THAT FAILED TO PROVIDE TAX FORMS**

Upon the *Plan Administrator's Corrected Motion to Approve (I) the Making of Distributions for Certain Allowed Claims and (II) the Forgoing of Distributions to Parties that Failed to Provide Tax Forms* [D.I. 1793] (the "Motion") and the Almeida Declaration;[2] and upon consideration of the Confirmation Order, the Plan, and the Plan Administrator Agreement; and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is EXP OldCo Winddown, Inc. (8128). The chapter 11 cases of the Debtor's affiliates Project Pine TopCo Winddown, LLC (8079); Project Pine Holding OldCo, LLC (8454); Project Pine Finance OldCo Corp. (7713); Project Pine OldCo, LLC (0160); Project Pine Investments OldCo, LLC (7622); Project Pine Logistics OldCo, LLC (0481); Project Pine Operations OldCo, LLC (3400); Project Pine GC OldCo, LLC (6092); Project Pine Tropic OldCo, LLC (3861); Project Pine California OldCo, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382) were closed as of September 29, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof are administered in the remaining chapter 11 case of EXP OldCo Winddown, Inc.

[2] All capitalized terms not herein defined shall have the same meanings as ascribed to them in the Motion.

for the relief requested therein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby:

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Plan Administrator is authorized and directed to make the proposed distributions as set forth in the Motion, pursuant to the applicable terms of the Confirmation Order, the Plan, and the terms of the Plan Administrator Agreement.

3. Other than the claims described in the Motion, no other Claims against the Debtors under the Plan shall be entitled to a distribution from the Plan Administrator without further order of the Court or agreement by the Plan Administrator.

4. The Plan Administrator is hereby authorized, but not directed, to forgo any distribution on account of the claims set forth on **Exhibit 1** to this Order. The Non-Responding Party holding each Claim identified on **Exhibit 1** has forfeited their Claim(s) for a distribution and are forever barred and enjoined from asserting any such Claim for a distribution against the post-Effective Date Debtor, the Plan Administrator and his respective agents, attorneys, representatives, employees, or independent contractors, and/or any of his or their property. To the extent any claim is not identified in **Exhibit 1** but is otherwise not entitled to a distribution under the Plan, such claim shall not receive a distribution under the Plan.

5. The failure of any claim to appear on **Exhibit 1** shall not be construed as the Plan Administrator's waiver of the right to make or forgo any distribution on account of such claim in accordance with the Plan.

6. The Plan Administrator has complied with his fiduciary obligations and the terms of the Confirmation Order, the Plan, and the Plan Administrator Agreement in connection with

seeking approval for the relief described in the Motion.

7. The Claims Agent is authorized and directed to modify the Claims Register to comport with the relief granted by this Order.

8. This Court shall retain jurisdiction over all affected parties with respect to any matters, claims, or rights arising from or related to the implementation and interpretation of this Order.

**Dated: November 10th, 2026**
**Wilmington, Delaware**

**KAREN B. OWENS**
**CHIEF JUDGE**



88619433;6